Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Moving Defendants

M. Roy Goldberg (*Admitted pro hac vice*)
Email: roy.goldberg@stinson.com
STINSON LLP
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005

Attorneys for Defendants
*Alaska Airlines, Inc.,*
*American Airlines, Inc.,*
*Delta Airlines, Inc.,*
*Hawaiian Airlines, Inc.,*
*Southwest Airlines Co., and*
*United Airlines, Inc.*

Brian T. Maye (*pro hac vice application pending*)
Email: bmaye@amm-law.com
ADLER MURPHY & MCQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, IL 60603
Telephone: (312) 422-5713

Attorneys for Defendants
*Frontier Airlines, Inc.; and*
*Allegiant Air, LLC*

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, | Case No.: 2:22-cv-02383-SB-AS <br><br> **AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P RULE 12(b)(6)** <br><br> Hearing Date: July 29, 2022 <br> Judge: Hon. Stanley Blumenfeld Jr. <br> Ct. Room: 6C |

ALLEGIANT AIR, AMERICAN          )
AIRLINES, DELTA AIR LINES,       )
FRONTIER AIRLINES, HAWAIIAN      )
AIRLINES, SOUTHWEST AIRLINES,    )
UNITED AIRLINES, YETTO-BE-       )
NAMED EMPLOYEES OF THE 8         )
AIRLINES, STAT-MD, & MEDAIRE,    )
                                 )
            Defendants.          )
                                 )
                                 )

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE COMPLAINT
PURSUANT TO F.R.C.P RULE 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

ii

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................v-ix

INTRODUCTION ........................................................................ 1

STATEMENT OF FACTS ............................................................ 2

LEGAL STANDARD ................................................................... 5

ARGUMENT ............................................................................... 6

I.      THE COMPLAINT SHOULD BE DISMISSED AS AN
        IMPROPER "SHOTGUN" PLEADING ....................................... 6

II.     COUNTS 20 AND 21 FOR CIVIL CONSPIRACY SHOULD BE
        DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 42
        U.S.C. §§ 1985(3) AND 1986 ................................................... 7

III.    PLAINTIFFS LACK A PRIVATE RIGHT OF ACTION TO
        ALLEGE VIOLATIONS OF THE AIR CARRIER ACCESS ACT ... 9

IV.     THE AIRLINE DEFENDANTS ARE NOT SUBJECT TO
        PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT . 11

V.      THE CLAIMS FOR VIOLATION OF THE CALIFORNIA
        UNRUH CIVIL RIGHTS ACT SHOULD BE DISMISSED. ........... 14

        A.  The ACAA Preempts Plaintiffs' Unruh Act Claims .................... 14

        B.  The Federal Aviation Act Preempts Plaintiffs' Unruh Act
            Claims ..................................................................................... 15

        C.  Plaintiffs Not Residing in California Lack Standing under the
            Unruh Act ................................................................................ 16

VI.     PLAINTIFFS' CLAIMS FOR BREACH OF CONTRACT
        SHOULD BE DISMISSED ........................................................ 17

VII.    PLAINTIFFS' ALLEGATION OF RECKLESS
        ENDANGERMENT FAILS TO STATE A CLAIM FOR RELIEF .. 20

VIII.   THERE IS NO VIABLE CLAIM FOR PRACTICING MEDICINE
        WITHOUT A LICENSE .............................................................. 20

IX.     PLAINTIFFS FAILS TO STATE A CLAIM FOR INVASION OF
        PRIVACY ................................................................................. 21

X.      THE CLAIMS FOR DECEPTIVE AND MISLEADING TRADE
        PRACTICES AND FRAUDULENT MISREPRESENTATION
        ARE PREEMPTED BY THE AIRLINE DEREGULATION ACT
        OR BARRED BY THE LACK OF A PRIVATE RIGHT OF
        ACTION TO ENFORCE 49 U.S.C. § 41712. ............................... 23

XI.    THERE IS NO CONSTITUTIONAL RIGHT TO TRAVEL
         DOMESTICALLY BY AIRCRAFT ................................................... 25

CONCLUSION.......................................................................................... 25

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE COMPLAINT
PURSUANT TO F.R.C.P RULE 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

iv

1

# TABLE OF AUTHORITIES

2

3

**Cases**

4

*Abdullah v. Am. Airlines, Inc.,*
  181 F.3d 363 (3d Cir. 1999) ................................................................. 15

5

*Ahmadi v. United Cont'l Holdings, Inc.,*
  2015 WL 4730116 (E.D. Cal. Aug. 10, 2015) ................................................. 16

6

7

*Aldabe v. Aldabe,*
  616 F.2d 1089 (9th Cir. 1980) ................................................................. 9

8

*Alexander v. Sandoval,*
  532 U.S. 275, 286 (2001)................................................................. 9, 10

9

10

*American Airlines v. Wolens,*
  513 U.S. 219 (1995) ................................................................. 18, 24

11

*Angel v. Pan Am. World Airways,*
  519 F. Supp. 1173 (D.D.C. 1981) ................................................................. 13-14

12

13

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................. 5

14

*Azocar v. Delta Air Lines, Inc.,*
  562 F. Supp. 3d 788 (C.D. Cal. 2021) ................................................................. 14

15

*Banga v. Gundumolgula,d*
  2013 WL 3804046 (E.D. Cal. July 19, 2013) ................................................................. 24

16

17

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................. 5

18

*Boswell v. Skywest Airlines, Inc.,*
  61 F.3d 1263 (10th Cir. 2004) ................................................................. 10

19

20

*Burcham v. City of Los Angeles,*
  562 F. Supp. 3d 694 (C.D. Cal. 2022) ................................................................. 21, 22

21

*Casas v. Am. Airlines, Inc.,*
  304 F.3d 517 (5th Cir. 2002) ................................................................. 24

22

23

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,*
  710 F.3d 946 (9th Cir. 2013) ................................................................. 5

24

*City of Burbank v. Lockheed Air Terminal Inc.,*
  411 U.S. 624, 93 S. Ct. 1854, 36 L. Ed. 2d 547 (1973) ................................................................. 15

25

*Collins v. Giving Back Fund,*
  2019 WL 3564578 (S.D.N.Y. Aug. 6, 2019) ................................................................. 12

26

*Corbett v. TSA,*
  19 F.4th 478 (D.C. Cir. 2021) ................................................................. 1

27

28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

*Covino v. Spirit Airlines, Inc.*,
  2021 WL 4248079 (D. Nev. Sept. 17, 2021) .................................................. 20

*Edmonds-Radford v. Sw. Airlines Co.*,
  17 F.4th 975 (10th Cir. 2021) ........................................................................ 14

*Elnajjar v. Nw. Airlines, Inc.*,
  2005 U.S. Dist. LEXIS 36792 (S.D. Tex. Aug. 15, 2005) ............................ 23

*Gilmore v. Gonzalez*,
  435 F.3d 1125 (9th Cir. 2006) ....................................................................... 25

*Gilstrap v United Air Lines, Inc.*,
  709 F.3d 995 (9th Cir. 2013) ........................................................................... 2

*Greenstein v. Peters*,
  2009 WL 654044 (C.D. Cal. Mar. 10, 2009).................................................. 24

*Guilfoyle v. Beutner*,
  2021 WL 4594780 (C.D. Cal. Sept. 14, 2021) ............................................... 22

*Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.*,
  2021 WL 6063672 (D. Or. Dec. 22, 2021) ................................................. 20-21

*Haines v. Kerner*,
  404 U.S. 519 (1972) .......................................................................................... 5

*Health Freedom Def. Fund, Inc. v. Biden*,
  2022 WL 1134138 (M.D. Fla. April 18, 2022) ............................................ 1, 4

*Hill v. Nat'l Collegiate Athletic Ass'n*,
  7 Cal. 4th 1 (1994) .................................................................................... 21, 22

*Hingson v. Pacific Sw. Airlines*,
  743 F.2d 1408 (9th Cir. 1984) ....................................................................... 13

*Holgate v. Baldwin*,
  425 F.3d 671 (9th Cir. 2005) ........................................................................... 8

*Hughes v. Sw. Airlines Co.*,
  2019 WL 1375927 (N.D. Ill. Mar. 26, 2019) ................................................. 19

*In re Am. Airlines, Inc., Privacy Litig.*,
  370 F. Supp. 2d 552 (N.D. Tex. 2005) ........................................................... 23

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) ......................................................... 21

*In re Nat. Res. Def. Council, Inc.*,
  956 F.3d 1134 (9th Cir. 2020) ....................................................................... 11

*Jagannatharao v. Etihad Airways*,
  2016 WL 9086963 (N.D. Cal. Dec. 13, 2016) ............................................... 18

*Karim–Panahi v. Los Angeles Police Dep't*,
  839 F.2d 621 (9th Cir.1988) ............................................................................. 9

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE COMPLAINT
PURSUANT TO F.R.C.P RULE 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

vi

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ........................................................................ 5

*Kropp v. United Airlines, Inc.*,
  2021 WL 4048737 (C.D. Cal. Aug. 19, 2021) ............................................ 16

*Lagomarsino v. Delta Airlines, Inc.*,
  2020 WL 1955314 (C.D. Cal. Feb. 7, 2020) .............................................. 14

*Lockary v. Kayfetz*,
  587 F. Supp. 631 (N.D. Cal. 1984) ............................................................. 9

*Lopez v. Jet Blue Airways Corp.*,
  662 F.3d 593 (2d Cir. 2011) ...................................................................... 10

*Love v. Delta Air Lines*,
  310 F.3d 1347 (11th Cir. 2002) ................................................................. 10

*Loving v. Princess Cruise Lines, Ltd.*,
  2009 WL 7236419 (C.D. Cal. Mar. 5, 2009) ............................................. 17

*Low v. LinkedIn Corp.*,
  900 F. Supp. 2d 1010 (N.D. Cal. 2012) ..................................................... 21

*Lucius v. Fort Taco, LLC*,
  2022 WL 335491 (S.D. Fla. Jan. 5, 2022) ................................................. 12

*Madrid Hurtado*,
  819 F.2d 1511 (9th Cir. 1987) ..................................................................... 7

*McGarry v. Delta Air Lines, Inc.*,
  2019 WL 2558199 (C.D. Cal. June 18, 2019) ........................................... 19

*Miller v. Reed*,
  176 F.3d 1202 (9th Cir. 1999) ................................................................... 25

*Montalvo v. Spirit Airlines*,
  508 F.3d 464 (9th Cir. 2007) ..................................................................... 15

*Morales v. TWA*,
  504 U.S. 374 (1992) ............................................................... 17, 18, 23, 24

*Nat'l Fed'n of the Blind v. United Airlines Inc.*,
  813 F.3d 718 (9th Cir. 2016) ..................................................................... 14

*Nelson v. Home Depot, U.S.A., Inc.*,
  2008 WL 11336965 (C.D. Cal. Jan. 14, 2008) .......................................... 16

*Onoh v. Nw. Airlines, Inc.*,
  613 F.3d 596 (5th Cir. 2010) ..................................................................... 18

*Pica v. Delta Air Lines, Inc.*,
  812 F. App'x 591 (9th Cir. 2020) .............................................................. 23

*Pica v. Delta Air Lines, Inc.*,
  2018 WL 5861362 (C.D. Cal. Sept. 18, 2018) .......................................... 24

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Rojas v. Delta Airlines, Inc.*,
   425 F. Supp. 3d 524 (D. Md. 2019) .................................................. 24

*Schmitt v. SN Servicing Corp.*,
   2021 WL 5279822 (N.D. Cal. Nov. 12, 2021) ................................. 21

*Segalman v. Sw. Airlines Co.*,
   895 F.3d 1219 (9th Cir. 2018) ........................................................ 10

*Serris v. Chastaine*,
   2022 WL 715115 (E.D. Cal. Mar. 10, 2022) .................................... 8

*Sever v. Alaska Pulp Corp.*,
   978 F.2d 1529 (9th Cir. 1992) .......................................................... 7

*Shin v. Time Squared Glob., LLC*,
   2015 WL 13284952 (C.D. Cal. Aug. 26, 2015) ............................. 6-7

*Shotz v. Am. Airlines, Inc.*,
   420 F.3d 1332 (11th Cir. 2005) .................................................. 12-13

*Smith v. Comair, Inc.*,
   134 F.3d 254 (4th Cir. 1998) ........................................................... 18

*Sollberger v. Wachovia Sec., LLC*,
   2010 WL 2674456 (C.D. Cal. June 30, 2010) ................................... 6

*Steward v. United States*,
   Case No. CV 03-2715 AHM (AJWx), 2006 U.S. Dist. LEXIS 106107 (C.D.
   Cal. June 8, 2006) ........................................................................... 20

*Stokes v. Sw. Airlines Co.*,
   887 F.3d 199 (5th Cir. 2018) .......................................................... 10

*T.P. v. Walt Disney Parks and Resorts U.S., Inc.*,
   2021 WL 3598574 (C.D. Cal. Apr. 20, 2021) ................................. 17

*Telecommunications Rsch. & Action Ctr. v. Fs.C.C.*,
   750 F.2d 70–80 (D.C. Cir. 1984) .................................................... 11

*Griffin v. Breckenridge*,
   403 U.S. 88, 102-103 (1971) ............................................................ 7

*Ventress v. Japan Airlines*,
   747 F.3d 716 (9th Cir. 2014) ...................................................... 15-16

*Voigt v. Savell*,
   70 F.3d 1552 (9th Cir. 1995) ............................................................ 7

*Walck v. Am. Stock Ex., Inc.*,
   687 F.2d 778 (3d Cir. 1982) ........................................................... 11

*Wall v. CDC*,
   543 F. Supp. 3d 1290 (M.D. Fla. 2021) .......................................... 25

*Wall v. CDC*,
   2022 WL 1619516 (M.D. Fla. April 29, 2022) ............................ 1, 4

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE COMPLAINT
PURSUANT TO F.R.C.P RULE 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

viii

*Warner v. Tinder*,
   105 F. Supp. 3d 1083 (C.D. Cal. 2015) ......................................................... 17

*Weber v. U.S. Airways, Inc.*,
   11 F. App'x 56 (4th Cir. 2001) .................................................................. 24

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
   792 F.3d 1313 (11th Cir. 2015) .................................................................. 6

*Wright ex rel. D.W. v. Am. Airlines, Inc.*,
   249 F.R.D. 572 (E.D. Mo. 2008) .............................................................. 24

**Statutes**

29 U.S.C. § 504 ................................................................................ 11, 12, 13

29 U.S.C. § 794 ........................................................................................ 11

42 U.S.C. § 1985 ........................................................................................ 7

42 U.S.C. § 12101 ...................................................................................... 4

42 U.S.C. § 1985 ............................................................................... 3, 7, 8, 9

49 U.S.C. § 40101 ..................................................................................... 15

49 U.S.C. § 41705 ............................................................................... 1, 5, 8

49 U.S.C. § 41712 ......................................................................... 3, 23, 24, 25

49 U.S.C. § 41713 ................................................................................ 17, 23

49 U.S.C. § 46110 ............................................................................. 2, 10, 11

**Other**

86 Fed. Reg. 7205 (Jan. 26, 2021) .................................................................. 2

86 Fed. Reg. 8025 (Feb. 3, 2021) ................................................................. 2, 3

Code of Federal Regulations Rule 14 Part 382 ..................................... 1-2, 5, 8, 13

Federal Rule of Civil Procedure Rule 12 ...................................................... 1, 5

California Civil Code of Procedure § 51 ......................................................... 14

Victor Rane
9350 Wilshire Blvd. Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE COMPLAINT
PURSUANT TO F.R.C.P RULE 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

ix

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

**INTRODUCTION**

Defendants Alaska Airlines, Inc., American Airlines, Inc., Delta Air Lines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., United Airlines, Inc. and Frontier Airlines, Inc., and Allegiant Air, LLC (collectively, the "Airline Defendants"), respectfully seek dismissal of the Complaint, ECF No. 1, for failure to state a claim for which relief can be granted.  This litigation relates to the Federal Transportation Mask Mandate ("FTMM") which was imposed by the federal government to address the COVID-19 global pandemic which "pose[d] one of the greatest threats to the operational viability of the transportation system and the lives of those on it seen in decades." *Corbett v. TSA*, 19 F.4th 478, 480 (D.C. Cir. 2021).  Shortly after Plaintiffs filed this case, a federal district judge in Tampa, Florida issued a decision which resulted in the termination of the FTMM as to airlines.  *Health Freedom Def. Fund, Inc. v. Biden*, No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138 (M.D. Fla. April 18, 2022).  The judge ruled that the Centers for Disease Control and Prevention ("CDC") acted unlawfully in issuing the FTMM.  That decision has been appealed by the federal government, and another judge in the same district later ruled that the CDC order was lawful.  *Wall v. CDC*, Case No. 6:21-cv-00975-PGB-DCI, 2022 WL 1619516 (M.D. Fla. April 29, 2022) (also on appeal).

Although Plaintiffs currently are able to fly throughout the United States without a mask, they are pursuing this litigation, presumably to obtain a damages award against the Airline Defendants because of their implementation of the FTMM and, prior to February 2021, the airlines' own individual mask policies.  However, none of Plaintiff's legal theories is viable.  To the extent Plaintiffs claim that they have been unlawfully discriminated against by the Airline Defendants because they were required to wear a mask on  flights, their exclusive avenue of relief is to file a complaint under the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA") with the U.S. Department of Transportation ("DOT") pursuant to 14

C.F.R. Part 382.   "The ACAA is enforced" by a person filing "a complaint with [DOT] about an alleged regulatory violation."  *Gilstrap v United Air Lines, Inc.*, 709 F.3d 995, 1001 (9th Cir. 2013) (citing 49 U.S.C. § 46101(a)).  If Plaintiffs assert that the DOT has not properly responded to their administrative complaints, their sole option is to timely file a petition for review with the appropriate Circuit Court under 49 U.S.C. § 46110.  However, Plaintiffs may not pursue their claims in this forum.

## STATEMENT OF FACTS

### The Federal Transportation Mask Mandate

On January 21, 2021, President Biden issued an Executive Order explaining that public-health experts "have concluded that mask-wearing, physical distancing, appropriate ventilation, and timely testing can mitigate the risk of travelers spreading COVID-19."  Exec. Order No. 13998, *Promoting COVID-19 Safety in Domestic and Int'l Travel*, 86 Fed. Reg. 7205 (Jan. 26, 2021).  The Executive Order recognized the threats of the continuing COVID-19 pandemic and stated that mask-wearing "can mitigate the risk of travelers spreading COVID-19." *Id*. Accordingly, the Executive Order directed executive officials to require masks on various forms of transportation and while in transit hubs. *Id.*  Thereafter, the CDC issued the FTMM.  86 Fed. Reg. 8025 (Feb. 3, 2021) (ECF No. 1, at 3, n. 1). Generally, the FTMM requires persons to "wear masks over the mouth and nose when traveling on any conveyance (*e.g.*, airplanes, trains, subways, buses, taxis, ride-shares, ferries, ships, trolleys, and cable cars) into or within the United States" and "at any transportation hub."  *Id.* at 8026.

### The TSA Security Directives

On January 27, 2021, the Acting Secretary of Homeland Security exercised his emergency powers and issued a Determination of a National Emergency that directed the Transportation Security Administration ("TSA") to support "the CDC in the enforcement of any orders or other requirements necessary to . . . mitigate

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

the spread of COVID-19 through the transportation system." The TSA then issued directives – which airlines are required by law to follow – to implement and support enforcement of FTMM. ECF No. 1, ¶ 3.

### The DOT Enforcement Notice

In implementing the FTMM, the Airline Defendants are guided by a DOT document titled "Notice of Enforcement Policy: Accommodation By Carriers of Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on Commercial Aircraft" (Feb. 5, 2021) ("DOT Enforcement Notice"), Pl. Ex. 101, which provides specific instructions on how airlines may implement the FTMM in a manner that complies with DOT requirements.

### Plaintiffs Marcuses, Gordons and Cindy Russo

On April 8, 2022, Plaintiffs filed the Complaint in this case, seeking "to permanently enjoin enforcement of the Federal Transportation Mask Mandate ('FTMM') . . ." ECF No. 1, at 1-2 (¶ 1). Plaintiffs also allege that the Airline Defendants "since Summer 2020 have illegally discriminated against flyers with disabilities by refusing to grant mask exemptions and/or requiring such an onerous exemption process that makes it nearly impossible for those . . . medically unable to cover [their] faces to obtain a waiver." *Id.* ¶ 11.

### The Middle District of Florida Litigation

At least some of the Plaintiffs are part of an online coalition of persons opposed to the FTMM that has been trying since June 2021 to challenge the FTMM and the airlines' compliance with the FTMM. Plaintiffs Uri and Yvonne Marcus were until recently seeking to join as plaintiffs in litigation filed in June 2021 in the United States District Court for the Middle District of Florida. *Wall v. Southwest Airlines Co.*, *et al.,* Case No. 6:21-cv-01008-PGB-DCI (M.D. Fla.) (filed June 14, 2021). The plaintiff in that case, Lucas Wall, challenged the FTMM and implementation of the FTMM by seven airline defendants. In September 2021, Wall sought to add the Marcuses as additional plaintiffs. No.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

6:21-cv-01008-PGB-DCI, ECF No. 61.  However, as the Court refused to allow the Marcuses to proceed with Wall as their non-lawyer advocate, the Marcuses voluntarily withdrew their attempt to join the Wall litigation on April 3, 2022.  No. 6:21-cv-01008-PGB-DCI, ECF Nos. 86, 188, 196.   On May 3, 2022, Mr. Wall voluntarily dismissed his Florida case against the airline defendants.  No. 6:21-cv-01008-PGB-DCI, ECF No. 198.

Wall filed a companion case earlier in June against the federal government (and other governmental entities).  *Wall v. CDC*, Case No. 6:21-cv-00975-PGB-DCI (M.D. Fla.) (filed June 7, 2021).  On April 29, 2022, Judge Byron granted the motion for summary judgment filed by CDC and the Department of Health and Human Services ("HHS") and against Mr. Wall.  *Wall v. CDC*, No. 6:21-CV-975-PGB-DCI, 2022 WL 1619516 (M.D. Fla. Apr. 29, 2022).  Judge Byron's decision was entirely the opposite of a ruling by a different judge in the same district as Judge Byron – Judge Kathryn Mizelle – on April 18, 2022, in a case not involving any airlines but which vacated the FTMM on a nationwide basis.  *Health Freedom Def. Fund, Inc. v. Biden*, No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138 (M.D. Fla. April 18, 2022).  Following Judge Mizelle's vacatur of the CDC order (which the government has appealed), the TSA rescinded the security directives that required the airlines to comply with the FTMM.  As a result, the airlines on April 18, 2022, ceased requiring passengers – including Plaintiffs – to wear a mask on airplanes.

### **The Air Carrier Access Act of 1986**

Airlines are distinct from other industries in the United States in that they are not subject to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101.  Rather, access to aircraft by disabled persons is governed by the Air Carrier Access Act.  The ACAA states that, in "providing air transportation, an air carrier . . . may not discriminate against an otherwise qualified individual on the following grounds: (1) "the individual has a physical or mental impairment that substantially

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

limits one or more major life activities"; (2) "the individual has a record of such an impairment"; (3) and "the individual is regarded as having such an impairment." 49 U.S.C. § 41705(a).  The statute provides that the Secretary of Transportation "shall investigate each complaint of a violation of subsection (a)."  49 U.S.C. § 41705(c)(1).

To implement and enforce the ACAA, the DOT issued a robust set of regulations, in 14 C.F.R. Part 382, titled "Nondiscrimination on the Basis of Disability in Air Travel."  The regulations "prohibit[] both U.S. and foreign carriers from discriminating against passengers on the basis of disability; requires carriers to make aircraft, other facilities, and services accessible; and requires carriers to take steps to accommodate passengers with a disability."  14 C.F.R. § 382.1.  However, as stated below, there is no private right of action to pursue a claim for discrimination in violation of the ACAA.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim meets the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 556).   Dismissal under Rule 12(b)(6) may be based on (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,* 710 F.3d 946, 956 (9th Cir. 2013).  When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a district court should

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

dismiss a pro se complaint if it fails to state a claim upon which relief can be granted.

**ARGUMENT**

## I.   THE COMPLAINT SHOULD BE DISMISSED AS AN IMPROPER "SHOTGUN" PLEADING.

At the outset, the Complaint should be dismissed as an improper "shotgun pleading."  It is 156 pages long – with 19 separate Counts directed at the Airline Defendants – and replete with general assertions of factual allegations not directed at any specific airline.  "Shortgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to plaintiff's allegations. They are unacceptable." *See Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766-AG-ANx, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (discussing types of "shotgun" pleadings).  One example of an improper shotgun pleading is "where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *Id*. at *4.  Although some counts in the Complaint are specific as to individual or groups of Airline Defendants, others are not, merely asserting generally that the "Airline Defendants" have violated the law.  *See, e.g.,* Count 20 (¶ 893); Count 22 (¶ 914); Count 23 (¶¶ 931, 934); Count 31; Count 33 (¶ 1019); Count 34 (¶ 1025); Count 35 (¶ 1049); Count 36 (¶ 1055); Count 37 (¶ 1061).  The Complaint also "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).  Such "shotgun" pleading "overwhelm[s] defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *Shin v. Time Squared Glob., LLC*, No. SACV1500943AGGJSX, 2015 WL 13284952, at *2

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

(C.D. Cal. Aug. 26, 2015) (citing *Byrne v. Nezhal*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("Cases framed by shotgun pleadings consume an inordinate amount of a court's time"). "This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong," and "this defect alone warrants dismissal." *Sollberger*, at *5.

## II.   COUNTS 20 AND 21 FOR CIVIL CONSPIRACY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 42 U.S.C. §§ 1985(3) AND 1986.

Plaintiffs commence their portion of the Complaint against the airlines by purporting to allege claims for civil conspiracy under 42 U.S.C. §§ 1985(3) and 1986 (Counts 20 and 21).  However, these claims are legally deficient because these post-Civil War era statutes do not apply to alleged discrimination on the basis of disability, and Plaintiffs have failed to allege the existence of a conspiracy.

"To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege facts to support (1) the existence of a conspiracy, (2) to deprive him of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). Additionally, there must be some racial or other class-based, invidiously discriminatory animus behind the conspirators' action. *Id.* To make the requisite showing of class-based animus "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1987); *Voigt v. Savell*, 70 F.3d 1552, 1564 (9th Cir. 1995). That is, a plaintiff must allege that he is a member of a class of persons that the courts have designated as a suspect or quasi-suspect class "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1    "The original purpose of § 1985(3), which was passed as the Ku Klux Klan

2    Act of 1871, was to enforce the rights of African Americans and their supporters."

3    *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  It has no application to

4    claims for discrimination on the basis of handicap or mental or physical disability.

5    Stated simply, "[d]isabled individuals do not constitute a 'class' within the

6    meaning of section 1985(3)." *Serris v. Chastaine*, No. 2:22-cv-0434-JAM-CKD

7    PS, 2022 WL 715115, *3 (E.D. Cal. Mar. 10, 2022) (citing *D'Amato v. Wis. Gas

8    Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section

9    1985(3) does not suggest a concern for the handicapped"); *Wilhelm v. Cont'l Title

10   Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of

11   'handicapped persons' . . . was not included as a class in what is now § 1985(3)");

12   *see also Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (plaintiff had no

13   actionable section 1985 claim because statute does not cover claims based on

14   disability-based discrimination or animus); *City of Cleburne, Tex. v. Cleburne

15   Living Ctr.*, 473 U.S. 432, 440 (1985) (the mentally disabled are not a suspect or

16   quasi-suspect class for purposes of equal protection claims); *Chasse v. Humphreys*,

17   No. CV–07–189–HU, 2008 WL 4846208, *4 (D. Or. Nov. 3, 2008) ("nothing in

18   the statute or the findings and purposes suggests that the disabled as a group

19   generally, were to be viewed as a suspect or quasi-suspect class for equal

20   protection or section 1985(3) purposes").

21        Additionally, § 1985(3) does not apply to the conduct or omissions of

22   airlines or their employees because disability discrimination claims by disabled

23   airline passengers are exclusively governed by the ACAA, 49 U.S.C. § 41705, and

24   the DOT's implementing regulations, 14 C.F.R. Part 382.  The procedure set forth

25   in the ACAA and the regulations implementing it provide the exclusive remedy to

26   passengers seeking to pursue a disability discrimination claim.  "Allowing

27   [plaintiff] to pursue his claim through the mechanism of § 1985(3) would

28   impermissibly intrude on the statutory scheme of both" the ACAA and § 1985(3).

*D'Amato, supra*, 760 F.2d at 1487.  Because Plaintiffs lack a cause of action under section 1985(3), their claims under section 1986 also fail.  *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988) (holding that "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985").

Counts 20 and 21 also should be dismissed because Plaintiffs fail to allege facts to support their conclusory allegation of the existence of a conspiracy.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[b]ecause appellant failed to allege any facts showing . . . invidious" discrimination on the part of defendants, "the district court was . . . correct in dismissing the § 1985(3) claim"); *Lockary v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) (holding that "[a]llegations of conspiracies must be supported by material facts, not merely conclusory statements").  Plaintiffs' exhibits contain examples of where Airline Defendants granted mask exemption requests, subject to conditions such as a negative COVID-19 test.  *E.g,* Pl. Ex. 17 (American); Pl. Ex. 19 (Alaska); Pl. Ex. 20 (Southwest).  But in any event, there is no factual allegation to support the assertion that the Airline Defendants acted in concert, rather than individually, in responding to mask exemption requests.

For the above stated reasons, Counts 20 and 21 should be dismissed.

## III.   PLAINTIFFS LACK A PRIVATE RIGHT OF ACTION TO ALLEGE VIOLATIONS OF THE AIR CARRIER ACCESS ACT.

Plaintiffs' assertion that the Airline Defendants are liable for discriminating against them in violation of the ACAA (Counts 20-30) should be rejected because there is no private right of action to pursue a claim for violation of the ACAA.  "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)).  "The judicial

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Sandoval*, 532 U.S. at 286.

Congress did not create a private right of action to sue airlines for an alleged violation of the ACAA.   In *Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1225 (9th Cir. 2018), the Ninth Circuit stated: "Applying *Sandoval*, we conclude that **Congress did not intend to create an implied private cause of action to remedy violations of the ACAA**." (Emphasis added).  The Ninth Circuit's ruling in *Segalman* is consistent with other Circuit conclusions that the ACAA does not create a private right of action.  *See, e.g., Love v. Delta Air Lines*, 310 F.3d 1347, 1360 (11th Cir. 2002); *Boswell v. Skywest Airlines, Inc.*, 61 F.3d 1263, 1270 (10th Cir. 2004); *Stokes v. Sw. Airlines Co.*, 887 F.3d 199, 202 (5th Cir. 2018) (ACAA did not provide private cause of action against airline for mother of young passenger with autism); *Lopez v. Jet Blue Airways Corp.*, 662 F.3d 593, 598 (2d Cir. 2011) ("the text and structure of the ACAA manifests no congressional intent to create a private right of action in a federal district court").  A passenger alleging discrimination by an airline on the basis of disability in violation of the ACAA can file an administrative complaint with the DOT, and if that person disputes the DOT's final decision in its administrative proceeding – or claims that the DOT failed to timely act on an administrative complaint –  the passenger can file a petition for review of the DOT action in the U.S. Circuit Court of Appeals, pursuant to 49 U.S.C. § 46110.

Plaintiffs contend that they *should* have a private right of action to enforce the ACAA against the Airline Defendants because, in their view, the DOT has failed to enforce the ACAA.  ECF No. 1, at 85-93 (¶¶ 639-688), 128 (¶ 936).  Not only is this not true, but it is also irrelevant: a statute that lacks a private right of action – such as the ACAA – may not be granted one merely based on an allegation that the federal agency charged with implementing that statute does not

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  enforce the law in the manner, or to the extent, that a private litigant prefers.  *See,*

2  *e.g., Walck v. Am. Stock Ex., Inc.*, 687 F.2d 778, 786 (3d Cir. 1982) ("We cannot

3  infer . . . that Congress nonetheless authorized by implication authority in the

4  federal courts to intervene in the self-regulatory system" because of a stock

5  exchange's "failure to enforce its own rules").

6        Because there is no private right of action to enforce the ACAA in this

7  Court, Plaintiffs' allegations that the Airline Defendants have violated the ACAA

8  in connection with the requirement to wear masks on aircrafts should be dismissed.

9  Moreover, to the extent that Plaintiffs claim that DOT has failed to timely act on

10  any administrative complaints they filed with DOT under the ACAA, any such

11  legal challenge must be in the Circuit Court of Appeals under 49 U.S.C. § 46110.

12  *See In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138 (9th Cir. 2020) (where

13  Circuit Court has jurisdiction to review agency decision it also has power to issue

14  mandamus for agency to act); *Telecommunications Rsch. & Action Ctr. v. F.C.C.*,

15  750 F.2d 70, 79–80 (D.C. Cir. 1984) (factors to determine if agency delay should

16  be subject to mandamus order by Circuit Court).

## IV. THE AIRLINE DEFENDANTS ARE NOT SUBJECT TO PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT.

19        Counts 22, 23, 24, 25, 26, 27, 28, 29, and 30 purport to allege violations of

20  the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a), because, for example, Plaintiffs

21  claim that "the Airline Defendants have banned from their aircraft all passengers

22  with medical conditions that prohibit [them] from safely covering [their] faces."

23  ECF No. 1, at 124 (¶¶ 915).  Section 504 of the RA provides that no qualified

24  individual with a disability shall be subjected to discrimination under any

25  "program or activity" receiving federal financial assistance.  29 U.S.C. § 794(a).

26  However, section 504 of the RA is inapplicable to Plaintiffs' claims because the

27  U.S. government has not at any relevant time provided the Airline Defendants with

28  federal financial assistance as contemplated by the Act.  The only money the

Airline Defendants received from the U.S. Government at any relevant time was pursuant to the Payroll Support Program established under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  As the program's name indicates, this funding was provided "exclusively for the continuation of payment of Wages, Salaries, and Benefits" to airline employees.  As set forth in the document "CARES Act Payroll Support to Air Carriers and Contractors" (Cong. Res. Serv. Oct. 22, 2020), Ex. 142 to ECF No. 1-1 (page 242), "the amount received by each air carrier . . . was to be based on its payroll expenses for the six-month period from April through September 2019, and . . . **the payroll support funds must be used exclusively for continuing the payment of employee wages, salaries, and benefits**."  (Emphasis added).  Because the CARES Act funds were provided for the purpose of paying wages, salaries and benefits, rather than the air carriers' discretionary use, receipt of the funds does not constitute federal financial assistance within the meaning of the RA.  *See* S. Rep. No. 100-64, at 17–18 (1987) ("Federal financial assistance extended to a corporation or other entity 'as a whole' refers to situations where the corporation receives general assistance that is not designated for a particular purpose.").  Accordingly, Section 504 of the RA is inapplicable to the Airline Defendants. *See Lucius v. Fort Taco, LLC*, No. 21-22397, 2022 WL 335491, at *5-6 (S.D. Fla. Jan. 5, 2022) (the RA was inapplicable because Paycheck Protection Program loans the defendant received were not federal financial assistance within meaning of the RA); *Collins v. Giving Back Fund*, No. 18-cv-8812 (CM), 2019 WL 3564578, at *11 (S.D.N.Y. Aug. 6, 2019) ("federal funding to a private entity not primarily engaged in education, health care, housing or parks and recreation, when that funding is earmarked for a particular project or site within the entity's operation, is not 'as a whole' federal funding for purposes of the Rehabilitation Act").

Moreover, Plaintiffs cannot use the RA to circumvent the absence of a private right of action under the ACAA.  *See Shotz v. Am. Airlines, Inc.*, 420 F.3d

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1332, 1337 (11th Cir. 2005) (holding that the RA does not apply to airlines

because of their receipt of governmental assistance following the September 11

attacks).   In *Shotz*, the court stated:

> To accept plaintiffs' contention here, one would have to believe that
> Congress intended, in the wake of the September 11 terrorist acts, to
> undermine the ACAA by providing a separate and distinct method for
> addressing an airline carrier's discrimination on the basis of disability,
> one that allows for an individual to bring a private lawsuit in a district
> court—something not available under the ACAA. . . . We decline to
> accept plaintiffs' arguments. (*Id.*)

As with the September 11 relief, Congress could not have intended for

private parties to avoid all of the DOT regulations under the ACAA in 14 C.F.R.

Part 382 merely because an air carrier received emergency federal governmental

assistance under the CARES Act in connection with the COVID-19 pandemic.

The legislative history of the amendment to define "program or activity"

under the RA also demonstrates the intended limited scope of Section 504's

coverage as it relates to corporations or private entities, such as the airlines.  The

U.S. Senate Report provides the following explanation of "federal financial

assistance" within the meaning of Section 504: "Federal financial assistance

extended to a corporation or other entity "as a whole" refers to situations where the

corporation receives general assistance that is not designated for a particular

purpose." S. Rep. No. 100-64, at 17–18 (1987).

Even if the RA applied because of the Airlines Defendants' receipt of

CARES Act money (and it does not), that money is no longer being paid to the

Airline Defendants.  *See, e.g., Hingson v. Pacific Sw. Airlines*, 743 F.2d 1408 (9th

Cir. 1984) (airline not liable for discrimination under the Rehabilitation Act since

the record indicated that the airline was not receiving a federal subsidy for airmail

carriage at the time the alleged discrimination occurred); *Angel v. Pan Am. World

Airways*, 519 F. Supp. 1173 (D.D.C. 1981) (airline not potentially liable under the

RA where the airline received no direct federal subsidies during the time period in

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1   question).   Such funding cannot be tied to Plaintiffs' planned flights in 2022 and

2   the injunctive relief they seek on a prospective basis.   *See also Edmonds-Radford*

3   *v. Sw. Airlines Co.*, 17 F.4th 975 (10th Cir. 2021) (RA did not apply to airline

4   despite monetary benefit from federal funding for airport).

## V.   THE CLAIMS FOR VIOLATION OF THE CALIFORNIA UNRUH CIVIL RIGHTS ACT SHOULD BE DISMISSED.

7        Count 31 of the Complaint purports to allege a violation of the California

8   Unruh Civil Rights Act against the Airline Defendants.   However, these claims are

9   preempted by federal law; and Plaintiffs who reside outside of California – such as

10  the Gordons – lack standing to pursue a claim under the California Unruh Act.

### A.   The ACAA Preempts Plaintiffs' Unruh Act Claims.

12       The Unruh Act provides that "[a]ll persons within the jurisdiction of this

13  state are free and equal, and no matter what their . . . disability . . . are entitled to

14  the full and equal accommodations, advantages, facilities, privileges, or services in

15  all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).

16  Plaintiffs' Unruh Act claims are preempted by the ACAA, which exclusively

17  governs allegations of discriminatory or unfair treatment of passengers claiming a

18  disability.  For example, in *Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813

19  F.3d 718, 736-37, 740 (9th Cir. 2016), the court held that claims for discrimination

20  under the Unruh Act were "field preempted" by the ACAA.   Other courts in this

21  District have followed suit.  *Lagomarsino v. Delta Airlines, Inc.,* Case No.

22  CV193131DMGGJSX, 2020 WL 1955314, at *3 (C.D. Cal. Feb. 7, 2020)

23  ("Congress has indicated its intent to occupy this field to the exclusion of state

24  regulation. Thus, federal law preempts [the plaintiff's] claims under Unruh, CDPA,

25  and MERL."); *Azocar v. Delta Air Lines, Inc.,* 562 F. Supp. 3d 788, 794 (C.D. Cal.

26  2021) ("[T]he Court finds [the plaintiff's] Unruh and CDPA claims and the

27  associated remedies are impliedly field preempted by the ACAA, and therefore

28  must be dismissed.").

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 388-4849

**B.      The Federal Aviation Act Preempts Plaintiffs' Unruh Act Claims.**

Plaintiffs' Unruh Act claims are also preempted by the Federal Aviation Act ("FA Act"), 49 U.S.C. § 40101, *et seq.,* because they relate to air carrier decisions made for the purpose of enforcing Federal Aviation Administration ("FAA") requirements relating to aircraft passenger safety.  *See, e.g., Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007) (the "FA [Act] preempts the entire field of aviation safety through implied field preemption").

Congress enacted the FA Act to create "a single, uniform system for regulating aviation safety."  *Montalvo,* 508 F.3d at 471; *City of Burbank v. Lockheed Air Terminal Inc.,* 411 U.S. 624, 638-39, 93 S. Ct. 1854, 36 L. Ed. 2d 547 (1973) (The FA Act provides "a uniform and exclusive system of federal regulation.").  Congress gave the FAA "full responsibility and authority for the … promulgation and enforcement of safety regulations," and intended that the FAA serve as "the sole arbiter of air safety."  *Montalvo,* 508 F.3d at 472 (citations omitted); *Abdullah v. Am. Airlines, Inc.,* 181 F.3d 363, 368-69 (3d Cir. 1999) ("By enacting the FAA, Congress intended to rest sole responsibility for supervising the aviation industry with the federal government … aviation … operations are conducted almost wholly within federal jurisdiction, and are subject to little or no regulation by States or local authorities." (citations omitted)).  The need for exclusive and comprehensive federal regulations and oversight is vital to avoid a "patchwork of state laws" that "would create a crazy-quilt effect" in the field of aviation.  *Montalvo,* 508 F.3d at 473.

Courts dismiss state law claims against airlines when the plaintiff cannot allege or show a violation of any federal regulations that control the airline's conduct.  *See e.g., Montalvo*, 508 F.3d at 474 ("[B]ecause there is no federal requirement that airlines warn passengers about the risk of developing DVT, Plaintiffs' negligence claim fails as a matter of law."); *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n. 7 (9th Cir. 2014) (the plaintiff has failed to allege a violation

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

of any federal aviation regulations in an alleged pilot's wrongful termination lawsuit against an airline); *Nelson v. Home Depot, U.S.A., Inc.,* Case No. CV 06-02903 DDP (EX), 2008 WL 11336965, at *3 (C.D. Cal. Jan. 14, 2008) (state law claims against Delta Air Lines arising from a passenger's injury from a television monitor in the cabin were preempted and dismissed because the plaintiff could not show a violation of any federal aviation regulations); *Ahmadi v. United Cont'l Holdings, Inc.,* Case No. 1:14-CV-00264 LJO, 2015 WL 4730116, at *7 (E.D. Cal. Aug. 10, 2015) (failure to warn and failure to train claims were preempted and dismissed because the plaintiff was unable to show any violation of federal regulations); *Kropp v. United Airlines, Inc.,* Case No. CV 19-8344-GW-SSX, 2021 WL 4048737, at *3 (C.D. Cal. Aug. 19, 2021) (on appeal) (the plaintiff has failed to allege or prove that the airline violated any federal aviation regulations in connection with the alleged turbulence and hard landing).

Here, Plaintiffs cannot show a violation of the pertinent federal regulations because they claim the exact opposite, *i.e.,* that the Airline Defendants complied with the federal regulations.  Given that the FTMM and the related TSA security directives directly relate to aircraft safety and security, any attempt to use state law to interfere with this federally mandated safety requirement is preempted by the FA Act.

### C.    Plaintiffs Not Residing in California Lack Standing under the Unruh Act.

Although Plaintiff Cindy Russo claims to be a resident of California, ECF No. 1, ¶ 23, the Gordons do not assert that they live in California, ECF No. 1, ¶ 22. The Marcuses claim to have a California mailing address (ECF No. 1, ¶ 20), but do not contend that they own a home in California.  Rather, the Marcuses claim to reside in Israel.  *Id.*   Moreover, although the Complaint references multiple flights that involved California airports (ECF No. 1 ¶¶ 46-48, 50-55, 57-63, 81, 88, 92, 100, 102, 146, 149, 162, 195-196, 198, 201-04), it does not assert that the Airline

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Defendants undertook any challenged acts within the State of California.  To the contrary, the Complaint acknowledges that none of the Airline Defendants are based in California.  ECF No. 1, ¶¶ 28-35.  Thus, at most only Plaintiff Russo has standing to pursue a claim under the Unruh Act.  *See Warner v. Tinder*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015) (dismissing Unruh Act claim by a resident of Florida); *see T.P. v. Walt Disney Parks and Resorts U.S., Inc.*, No. CV 15-05346-CJC (EX), 2021 WL 3598574, at *2 (C.D. Cal. Apr. 20, 2021) (plaintiff's "Unruh Act claim fails because the Unruh Act is 'expressly limited to discrimination that takes place within California's borders"); *Loving v. Princess Cruise Lines, Ltd.*, No. CV 08-2898-JFW-AJWX, 2009 WL 7236419, at *8 (C.D. Cal. Mar. 5, 2009) ("the Unruh Act . . . [does] not apply to claims of nonresidents of California injured by conduct occurring beyond California's borders").  However, Ms. Russo's claim still must fail because, as stated above, the Unruh Act claims are preempted by the ACAA and the FA Act.

## VI.   PLAINTIFFS' CLAIMS FOR BREACH OF CONTRACT SHOULD BE DISMISSED.

Count 32 of the Complaint purports to allege a claim for breach of contract against the Airline Defendants.   However, Plaintiffs' breaches of contract claim fails to identify a specific contractual undertaking of any of the Airline Defendants which was breached.  This omission alone is fatal to Plaintiffs' breach of contract claim.  Plaintiffs cannot pursue a claim for breach of contract without identifying specific contractual language which Plaintiffs contend the Airline Defendants violated.

Congress enacted the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b) ("ADA"), to deregulate the operation of domestic airlines.  *Morales v. TWA*, 504 U.S. 374, 378 (1992).  Specifically, Congress' goal in enacting the ADA was to ensure that transportation rates, routes, and services reflect maximum reliance on competitive market forces, thereby stimulating efficiency, innovation,

and low prices, as well as variety, and quality. *Id.* To ensure that the States would not undo federal deregulation, the ADA includes an express preemption clause which, in relevant part, states: "[A] State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier …". *Id.* (citing 49 U.S.C. § 41713(b)(1)). The key phrase "relating to" expresses a broad preemptive purpose. *See Jagannatharao v. Etihad Airways,* Case No. 16-CV-00510-KAW, 2016 WL 9086963, at *6 (N.D. Cal. Dec. 13, 2016) (holding that ADA preemption applied when the plaintiff was denied check in for lack of a travel document to enter India); *Onoh v. Nw. Airlines, Inc.,* 613 F.3d 596, 600 (5th Cir. 2010) (applying *Morales* to find ADA preemption of passenger's state law IIED claim for repeated denials on separate days of right to board aircraft). Clearly, allowing a breach of contract claim based on the Airline Defendants' refusal to permit Plaintiff to board flights would improperly interfere with the federal regulation of air service. *See e.g., Smith v. Comair, Inc.*, 134 F.3d 254 (4th Cir. 1998) (rejecting a breach of contract claim arising from an alleged denied boarding of a passenger who had lacked identification because "it directly implicates the airline's discretion and/or duty under federal law." *Id.* at 258–59; *see also O'Carroll v. Am. Airlines, Inc.*, 863 F.2d 11, 12–13 (5th Cir. 1989) (ADA preempted claim arising out of airline refusal to board passenger).

    The narrow exception to ADA preemption for routine breach of contract claims is inapplicable here. The exception is solely for claims where the airline breached its own contract of carriage ("COC"). *See American Airlines v. Wolens*, 513 U.S. 219, 228, 232 (1995). But it does not apply where, as here, Plaintiffs have failed to identify the specific COC provisions that were allegedly breached. And this is despite the fact that Plaintiffs designated several of the Airline Defendants' Contracts of Carriage as exhibits to the Complaint (*see, e.g.,* Pl. Exhibit 453-57) – but without specifying in the Complaint specific Contract of

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1   Carriage language which purportedly has been breached.

2       In *Hughes v. Sw. Airlines Co.*, No. 18 C 5315, 2019 WL 1375927 (N.D. Ill.

3   Mar. 26, 2019), the plaintiff alleged that the airline breached its COC by failing to

4   have sufficient deicing fluid at the airport.  However, the plaintiff failed to point to

5   language in the COC that required the airline to have sufficient deicing fluid

6   available for a flight.   In dismissing the breach of contract claim, the court stated

7   that plaintiff's **failure to sufficiently identify the contractual obligation that**

8   **Southwest breached** not only fails to state a claim for breach of contract but also

9   precludes the Court from finding that [plaintiff] identified a self-imposed

10  undertaking that would bring this breach of contract claim within the *Wolens*

11  exception to ADA preemption." *Id.* at *4 (emphasis added); *see also McGarry v.*

12  *Delta Air Lines, Inc.*, No. CV 18-9827-MWF (EX), 2019 WL 2558199, at *5 (C.D.

13  Cal. June 18, 2019), *aff'd*, 812 F. App'x 625 (9th Cir. 2020) ("But the Contract of

14  Carriage itself contains no self-imposed promise from Delta as to how it will

15  handle customer data. Neither does it promise specific procedures of third-parties .

16  . . that have access to such data.").  Here too, Plaintiffs have not identified any

17  language in the Airline Defendants' respective COCs that were breached.

18      Earlier today, the U.S. District Court for the Northern District of Texas

19  dismissed with prejudice claims that challenged an air carrier's enforcement of the

20  FTMM, specifically stating that: "the court finds that the Airline Deregulation Act

21  (ADA) preempts Plaintiffs' claims, including their invasion of privacy and other

22  tort claims. Plaintiffs have failed to identify any self imposed undertaking by

23  Defendant in its contract for carriage that would allow a *Wolens* exception to the

24  preemption to apply in this instance." *Montgomery v. Delta Air Lines, Inc.*, Case

25  3:21-cv-02715-C, ECF No. 34 (N.D. Tex. June 13, 2022).[1]

26  / /

27  / /

28  _____

[1] A copy of this Order is attached hereto as Exhibit 1.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## VII.  PLAINTIFFS' ALLEGATION OF RECKLESS ENDANGERMENT FAILS TO STATE A CLAIM FOR RELIEF.

Count 33 of the Complaint purports to allege a claim for reckless endangerment because of the Airline Defendants enforcement of the FTMM. However, reckless endangerment is a criminal charge which has no application in this civil case.  *See* 6 Am. Jur. 2d Assault and Battery § 20 ("The crime of reckless endangerment is committed when a defendant commits an act that places another in imminent danger of death or serious bodily injury").  Nor can Plaintiffs proceed by alleging that their reckless endangerment claim sounds in tort.  *See Steward v. United States,* Case No. CV 03-2715 AHM (AJWx), 2006 U.S. Dist. LEXIS 106107, at *27 (C.D. Cal. June 8, 2006) ("California does not recognize a cause of action for the tort of reckless endangerment").  Even if this claim were valid, it is preempted by federal law, because it is intertwined with claims preempted under the FA Act, the ACAA, and/or the ADA.  *See e.g., Covino v. Spirit Airlines, Inc., No. 220CV01039GMNNJK,* 2021 WL 4248079, at *3 (D. Nev. Sept. 17, 2021) (dismissing a state law claim because "[it] is inextricably intertwined with the alleged ACAA violation").

## VIII.  THERE IS NO VIABLE CLAIM FOR PRACTICING MEDICINE WITHOUT A LICENSE.

In Count 34, Plaintiffs alleges that the Airline Defendants are liable for practicing medicine without a license.  This claim should be dismissed because the Airline Defendants are merely implementing the FTMM.  *See Wall v. Southwest Airlines Co., et al.*, No. 6:21-cv-1008-PGB-DCI (M.D. Fla. Dec. 8, 2021), ECF No. 153, at 6 ("the Court is unpersuaded that Alaska Airlines is illegally practicing medicine without a license by requiring passengers to wear a mask on the flight. The Alaska Airlines flight attendants were simply enforcing a federal mandate requiring all passengers to wear a mask while on the flight. As a matter of common sense, it is antithetical to reason that asking someone to wear a mask is in any way

analogous to practicing medicine"). Similarly, in *Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.,* Case No. 3:21-CV-1661-YY, 2021 WL 6063672, at *4 (D. Or. Dec. 22, 2021), the court held that requiring the correct placement of medical grade masks or face coverings in school did not amount to practicing medicine.

## IX.   PLAINTIFFS FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY.

Count 35 of the Complaint purports to allege a claim for invasion of privacy: Forcing a disabled passenger to disclose his/her medical conditions as a condition of transportation. This claim should be dismissed because Plaintiffs fail to allege the requisite elements for a claim for invasion of privacy, and as it is preempted.

Under California law, a plaintiff must show three elements to adequately state a claim for invasion of privacy: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a serious invasion of the privacy interest. *Schmitt v. SN Servicing Corp.*, No. 21-cv-03355-WHO, 2021 WL 5279822, *3 (N.D. Cal. Nov. 12, 2021). **There is a "high bar" for pleading an invasion of privacy claim.** *Low v. LinkedIn Corp.,* 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994). "Even negligent conduct that leads to theft of highly personal information . . . does not approach the standard of actionable conduct under the California Constitution and thus does not constitute a violation of plaintiffs' right to privacy." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (internal citation and quotation marks omitted).

The privacy protection afforded to California residents "is far from absolute, and must be balanced against 'other important interests.'" *Burcham v. City of Los Angeles*, 562 F. Supp. 3d 694, 705 (C.D. Cal. 2022) (citing *Hill, supra*, at 37).

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1    Thus, a defendant may defeat a state constitutional privacy claim by showing "that

2    the invasion of privacy is justified because it substantially furthers one or more

3    countervailing interests." *Burcham,* 562 F. Supp. 3d at 705(plaintiffs challenging

4    COVID-19 vaccine mandate failed to allege violation of privacy interest); *Hill,* 7

5    Cal. 4th at 40.

6         Plaintiffs' allegations that the Airline Defendants unlawfully invaded their

7    privacy interests by seeking information relating to their claimed medical disability

8    are meritless because it is evident that the Airline Defendants sought such

9    information solely to implement the FTMM.  As set forth in the DOT Guidance,

10   Pl. Ex. 101, the Airline Defendants were fully authorized to seek information from

11   passengers seeking to be exempt from the requirement to wear a mask on the

12   aircraft, and, therefore, any alleged privacy incursion was per se justified by the

13   Airlines' need to implement the FTMM.  *See e.g., Guilfoyle v. Beutner*, Case No.

14   221CV05009VAPMRWX, 2021 WL 4594780, at *21 (C.D. Cal. Sept. 14, 2021)

15   (holding that there is "a legitimate and important interest in implementing COVID-

16   19 mitigation measures, which justifies any invasion of Plaintiffs' privacy.").

17        Surely, Plaintiffs would complain if the Airline Defendants refused to

18   consider a mask exemption request and instead required all passengers to wear a

19   mask.  Instead, the Airline Defendants sought to apply the limited mask

20   exemptions where a passenger qualified based on the DOT Guidance, and to do

21   this the Airline Defendants needed information from the passengers requesting an

22   exemption in order to determine whether they qualified for it.  There is no

23   allegation in the Complaint that the Airline Defendants ever shared Plaintiffs'

24   medical information with anyone other than the airlines and their medical

25   consultants (*e.g.*, STAT-MD or Medaire), and that this was done solely to

26   determine if a mask exemption was warranted.

27        Moreover, Plaintiffs have voluntarily placed their medical information into

28   the public record of this case by filing exhibits not subject to any protective order.

---

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  If the medical information was really confidential, they could have omitted it from

2  their exhibits, or sought to file it under seal or sought a protective order.  Plaintiffs

3  chose not to take any such precautions to limit disclosure of their medical

4  information and therefore their assertion that the information was private is

5  contradicted by their own actions.

6  Furthermore, any state law claim for invasion of privacy is preempted by the

7  ADA because it relates to the airlines' services.  *See e.g., Pica v. Delta Air Lines,*

8  *Inc.,* 812 F. App'x 591, 593 (9th Cir. 2020) (affirming dismissal of state law claims

9  for alleged failure to protect personal information and timely notify of a data

10  breach because they were preempted under the ADA); *In re Am. Airlines, Inc.,*

11  *Privacy Litig.,* 370 F. Supp. 2d 552, 564 (N.D. Tex. 2005) (state law claims for

12  invasion of privacy in connection with ticket reservation preempted under the

13  ADA); *Elnajjar v. Nw. Airlines, Inc.,* Nos. H-04-680, H-04-681, 2005 U.S. Dist.

14  LEXIS 36792, at *17-18 (S.D. Tex. Aug. 15, 2005) (holding that the passenger's

15  invasion of privacy claims for purportedly improper  questioning by an agent

16  during check in were preempted under the ADA).

17  **X.  THE CLAIMS FOR DECEPTIVE AND MISLEADING TRADE**

18  **PRACTICES AND FRAUDULENT MISREPRESENTATION ARE**

19  **PREEMPTED BY THE AIRLINE DEREGULATION ACT OR**

20  **BARRED BY THE LACK OF A PRIVATE RIGHT OF ACTION TO**
   **ENFORCE 49 U.S.C. § 41712.**

21  Count 36 of the Complaint purports to allege a claim for Deceptive &

22  Misleading Trade Practices against the Airline Defendants and Count 37 seeks to

23  allege a claim for Fraudulent Misrepresentation against the Airline Defendants.

24  First, to the extent based on state law, both claims are preempted by the

25  Airline Deregulation Act, 49 U.S.C. § 41713(b).  The Supreme Court has twice

26  held that the ADA preempts state law claims rooted in fraud.  In *Morales, supra*,

27  504 U.S. at 389-391, the Court held that state guidelines which regulated

28  purportedly false advertising by airlines were preempted by the ADA.  This

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  outcome reflected that the ADA was designed to promote "maximum reliance on

2  competitive market forces." *Id.* at 378.  The Court emphasized that its decision did

3  "not give airlines carte blanche to lie and deceive consumers; the DOT retains the

4  power to prohibit" unfair and deceptive airline practices.  *Id.* at 390–91; *see*

5  *Wolens*, 513 U.S. at 228 (ADA preempted claims based on the Illinois's Consumer

6  Fraud and Deceptive Business Practices Act).  Courts have properly followed the

7  Supreme Court precedent and held that state law fraud claims are preempted by the

8  ADA.  *See, e.g., Pica v. Delta Air Lines, Inc.*, Case No. CV 18-2876-MWF (EX),

9  2018 WL 5861362, at *7 (C.D. Cal. Sept. 18, 2018) (holding that claims for

10  unlawful, unfair or fraudulent business or practice under California law preempted

11  by the ADA); *Banga v. Gundumolgula,* Case No. 2:13-CV-00667-MCE, 2013 WL

12  3804046, at *3 (E.D. Cal. July 19, 2013), *rep. and rec. adopted*, Case No.

13  213CV0667MCDCK DPS, 2013 WL 11332786 (E.D. Cal. Sept. 12, 2013)

14  ("Unfair business practice laws, such as the UCL, have consistently been found

15  preempted by the ADA."); *Weber v. U.S. Airways, Inc.*, 11 F. App'x 56, 57 (4th

16  Cir. 2001) (fraud claim relating to prices and services preempted by the ADA

17  because "it seeks to enforce a legal duty on the defendant that is independent of the

18  parties' contract") (citing cases across circuits); *Rojas v. Delta Airlines, Inc.*, 425

19  F. Supp. 3d 524, 545 (D. Md. 2019) ("Plaintiffs' claims of fraud and fraudulent

20  concealment . . . are based on state-imposed obligations, so they are preempted by

21  the ADA and must be dismissed with prejudice").  Also, Plaintiffs' fraud and

22  misrepresentation claims are preempted under the ACAA and should be dismissed.

23  *Wright ex rel. D.W. v. Am. Airlines, Inc.,* 249 F.R.D. 572, 573 (E.D. Mo. 2008)

24  (state law misrepresentation claims dismissed due to ACAA preemption).

25        Second, Plaintiffs lack a private right of action to enforce the federal law

26  against airlines' misleading and deceptive conduct in 49 U.S.C. § 41712.  *See, e.g.,*

27  *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 521-22 (5th Cir. 2002) (no private right

28  of action to enforce section 41712).  In *Greenstein v. Peters*, Case No. CV 08-

1  6104PSG(EX), 2009 WL 654044, at *2 (C.D. Cal. Mar. 10, 2009), the plaintiff

2  sued the Secretary of Transportation and the DOT under section 41712 of the ADA

3  for an alleged failure to investigate an airline's false and deceptive business

4  practices.  The court in that case held that there was no private right of action.  *Id.*

5  (citing *Nader v. Allegheny Airlines, Inc.,* 426 U.S. 290, 302 (1976)).

6
7  **XI.   THERE IS NO CONSTITUTIONAL RIGHT TO TRAVEL DOMESTICALLY BY AIRCRAFT.**

8       Count 38 of the Complaint purports to allege a claim for infringement on the

9  constitutional right to travel against the Airline Defendants American, Southwest

10  and United, as well as nonparty JetBlue Airways Corporation ("JetBlue").

11  However, there is no constitutional right to travel by aircraft in the United States.

12  *See Gilmore v. Gonzalez*, 435 F.3d 1125, 1136 (9th Cir. 2006) ("the Constitution

13  does not guarantee the right to travel by any particular form of transportation"); *id.*

14  *at* 1137 ("Gilmore does not possess a fundamental right to travel by airplane");

15  *Miller v. Reed*, 176 F.3d 1202, 1204 (9th Cir. 1999) ("by denying Miller a single

16  mode of transportation," the government "did not unconstitutionally impede

17  Miller's right to interstate travel"); *Wall v. CDC*, 543 F. Supp. 3d 1290 (M.D. Fla.

18  2021) (mask mandate did not infringe passenger's Constitutional right to travel).

19  *Id.* at 1293 ("flying may be Plaintiff's preferred mode of transportation, but it is by

20  no means the only reasonable mode of transportation available to him").

21                                    **CONCLUSION**

22       Due to the foregoing, Plaintiffs' claims against the Airline Defendants

23  should be dismissed with prejudice.

24  / /

25  / /

26  / /

27  / /

28  / /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 388-4849

Victor Rane
9350 Wilshire Blvd, Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Dated: June 13, 2022                Respectfully submitted,

By: _____
        Richard A. Lazenby
        Michael Cutler
        VICTOR RANE
        Attorneys for Moving Defendants

By: _M. Roy Goldberg_____
        M. Roy Goldberg
        (Admitted Pro Hac Vice)
        STINSON LLP

        Attorneys for Defendants
        *Alaska Airlines, Inc.,*
        *American Airlines, Inc.,*
        *Delta Airlines, Inc.,*
        *Hawaiian Airlines, Inc.,*
        *Southwest Airlines Co., and*
        *United Airlines, Inc.*

By: _Brian T. Maye_____
        Brian T. Maye
        (Pro Hac Vice Application Pending)
        ADLER MURPHY & MCQUILLEN LLP

        Attorneys for Defendants
        *Frontier Airlines, Inc.; and*
        *Allegiant Air, LLC*