1  Richard A. Lazenby (State Bar No. 202105)
   Email: rlazenby@victorrane.com
2  Michael Cutler (State Bar No. 298875)
   Email: mcutler@victorrane.com
3  VICTOR RANE
   9350 Wilshire Blvd., Suite 308
4  Beverly Hills, California 90212
   Telephone: (310) 388-4849
5  Facsimile: (310) 388-4869

6  -and-

7  Barry S. Alexander (*pro hac vice*)
   Email: balexander@schnader.com
8  SCHNADER HARRISON SEGAL & LEWIS LLP
   140 Broadway, Suite 3100
   New York, NY 10005
9  Telephone: (212) 973-8099

10 Attorneys for Defendant
   MEDAIRE, INC.
11

12                UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14 URI MARCUS, YVONNE MARCUS,          )  Case No.: 2:22-cv-02383-SB-AS
   AVROHOM GORDON, DEVORAH             )
15 GORDON & CINDY RUSSO,               )  **DEFENDANT MEDAIRE, INC.'S**
                                       )  **MEMORANDUM OF LAW IN**
16            Plaintiffs,              )  **SUPPORT OF MOTION TO**
                                       )  **DISMISS THE COMPLAINT**
17        vs.                          )  **PURSUANT TO F.R.C.P RULE**
                                       )  **12(b)(6) AND 12(b)(2)**
18 CENTERS FOR DISEASE CONTROL         )
   & PREVENTION, DEPARTMENT OF         )
19 HEALTH & HUMAN SERVICES,            )
   TRANSPORTATION SECURITY             )  Hearing Date: July 29, 2022
20 ADMINISTRATION, JULIE               )  Time: 8:30 a.m.
   CARRIGAN, ALASKA AIRLINES,          )  Courtroom: 6C
21 ALLEGIANT AIR, AMERICAN             )  Judge: The Hon. Stanley Blumfeld, Jr.
   AIRLINES, DELTA AIR LINES,          )
22 FRONTIER AIRLINES, HAWAIIAN         )  Complaint Filed: April 8, 2022
   AIRLINES, SOUTHWEST AIRLINES,       )  Trial Date: Not Scheduled
23 UNITED AIRLINES, YETTO-BE-          )
   NAMED EMPLOYEES OF THE 8            )
24 AIRLINES, STAT-MD, & MEDAIRE,       )
                                       )
25            Defendants.              )
                                       )
26 ―――――――――――――――――――――――――――――――)

27 / /

28 / /

_____

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................... ii-v

I.          INTRODUCTION ........................................................ - 1 -

II.        STATEMENT OF FACTS ........................................... - 2 -

III.      LEGAL STANDARD.................................................. - 5 -

     A.    Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)…… .......................................................... - 5 -

     B.    Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2)…… .......................................................... - 7 -

IV.     ARGUMENT ........................................................... - 7 -

     A.    Count XX against MedAire alleging conspiracy to violate civil rights under 42 U.S.C. §1985(3) fails to state a claim because the allegations of conspiracy are entirely conclusory, Plaintiffs are not part of a protected class, and MedAire did not have any involvement with Plaintiffs.................................... - 7 -

          i.     Elements of a cause of action under 42 U.S.C. §1985(3). .... - 8 -

          ii.    Plaintiffs fail to adequately allege the existence of a conspiracy…. .......................................................... - 9 -

          iii.   Plaintiffs are not part of a protected class. ........................ - 10 -

          iv.   Plaintiffs fail to allege any acts by MedAire in furtherance of the alleged conspiracy that caused the Plaintiffs' harm. .................................................... - 11 -

     B.    Count XXXIX for medical malpractice fails to state a claim because MedAire never interacted with Plaintiffs and the claim is in any event preempted by the Airline Deregulation Act. ......... - 12 -

          i.     Plaintiffs fail to state a claim for medical malpractice........ - 13 -

          ii.    The ADA preempts Plaintiffs' medical malpractice claim……… .......................................................... - 14 -

     C.    This Court may not exercise personal jurisdiction over MedAire because MedAire has no connection to the lawsuit and is not domiciled in California. .................................................. - 15 -

          i.     MedAire is not subject to general jurisdiction in California…. .......................................................... - 16 -

          ii.    MedAire is not subject to specific jurisdiction in California for Plaintiffs' claims. ......................................... - 17 -

     D.    Plaintiffs should not be given leave to amend, as doing so would be futile. .......................................................... - 18 -

V.      CONCLUSION ........................................................ - 19 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ............................................................... 7

*Aldabe v. Aldabe*,
616 F.2d 1089 (9th Cir. 1980) ............................................................. 12

*Alexander v. Scripps Meml. Hosp. La Jolla*,
232 Cal. Rptr. 3d 733 (Cal. App. 4th Dist. 2018) ......................... 17, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................... 6, 7

*Balistreri v. Pacifica Police Dep't*,
901 F. 2d 696 (9th Cir. 1988) ......................................................... 7, 18

*Bartell v. Lohiser*,
215 F.3d 550 (6th Cir. 2000) ............................................................. 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................... 6

*Borrayo v. Avery*,
2 Cal. App. 5th 304 (2016) ............................................................... 17

*Bretz v. Kelman*,
773 F.2d 1026 (9th Cir. 1985) ........................................................... 10

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
137 S. Ct. 1773 (2017) ...................................................................... 22

*BSNF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017) ...................................................................... 21

*Cervantes v. City of San Diego*,
5 F.3d 1273 (9th Cir. 1993) ................................................................. 6

*Chasse v. Humphreys*,
2008 WL 4846208 (D. Or. Nov. 3, 2008) ........................................... 13

*City of Cleburne v. Cleburne Living Center*,
    473 U.S. 432 (1985) ........................................................................... 14

*Compass Airlines, LLC v. Montana Dep't of Lab. and Indus.*,
    2013 WL 4401045 (D. Mont. Aug. 12, 2013)..................................... 19

*D'Amato v. Wis. Gas Co.*,
    760 F.2d 1474 (7th Cir. 1985)............................................................ 13

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................................... 21, 22

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) ............................................................. 7

*Gaspard v. DEA Task Force*,
    2016 WL 2586182 (C.D. Cal. Apr. 4, 2016) ..................................... 13

*Gerritsen v. de la Madrid Hurtado*,
    819 F.2d 1511 (9th Cir. 1987) ........................................................... 10

*Holgate v. Baldwin*,
    425 F.3d 671 (9th Cir. 2005) ....................................................... 11, 12

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .......................................................................... 21

*Jagannatharao v. Etihad Airways*,
    2016 WL 9086963 (N.D. Cal. Dec. 13, 2016) ................................... 19

*Karim-Panahi v. Los Angeles Police Dep't*,
    839 F.2d 621 (9th Cir. 1988) ............................................................. 11

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000)......................................................... 8, 24

*Manistee Town Center v. City of Glendale*,
    227 F.3d 1090 (9th Cir. 2000) ........................................................... 10

*Mero v. Sadoff*,
    37 Cal. Rptr. 2d 769 (Cal. App. 2d Dist. 1995) ............................... 17

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ................................................................... 18, 19

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

*Onoh v. Nw. Airlines, Inc.*,
   613 F.3d 596 (5th Cir. 2010) ................................................................. 19

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ............................................................... 20

*Ramirez v. Galaza*,
   334 F.3d 850 (9th Cir. 2003) ................................................................... 7

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ............................................................... 21

*Rasmussen v. City of Renondo Beach*,
   2008 WL 4450322 (C.D. Cal. Sept. 29, 2008) ..................................... 13

*Resnick v. Hayes*,
   213 F.3d 443 (9th Cir. 2000) ................................................................... 6

*Rio Props., Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ................................................................. 8

*Serris v. Chastaine*,
   2022 WL 715115 (E.D. Cal. Mar. 10, 2022) ....................................... 13

*Sever v. Alaska Pulp Corp.*,
   978 F.2d 1592 (9th Cir. 1992) ........................................... 10, 11, 14, 16

*Silva v. DiVittorio*,
   658 F.3d 1090 (9th Cir. 2011) ................................................................. 7

*United Bhd. Of Carpenters & Joiners of Am. Loc. 610, AFL-CIO v. Scott*,
   463 U.S. 825 (1983) .............................................................................. 11

*W. Mining Counsel v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ................................................................... 7

*Wilhelm v. Cont'l Title Co.*,
   720 F.2d 1173 (10th Cir. 1983) ....................................................... 13, 14

*Wilhelm v. Rotman*,
   680 F.3d 1113 (9th Cir. 2012) .............................................................. 7, 8

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) .............................................................................. 22

Victor Rane
9350 Wilshire Blvd. Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

**Statutes**

42 U.S.C. §1985(3) ...................................................... 1, 2, 9, 10, 11, 12, 13, 14, 16

49 U.S.C. §41713(b) ("Airline Deregulation Act") ......................... 2, 16, 18, 19, 20

Cal. Code Civ. P. §410.10 ............................................................ 20

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2) ....................................... 1, 8, 25

Federal Rule of Civil Procedure 12(b)(6) ....................................... 1, 6, 25

Federal Rule of Civil Procedure 15(a)(2) ........................................ 8, 23

# I.    INTRODUCTION

Defendant MedAire, Inc. ("MedAire"), files this motion to dismiss the claims asserted against it in Plaintiffs Uri Marcus, Yvonne Marcus, Avrohom Gordon, Devorah Gordon and Cindy Russo's (collectively "Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). Plaintiffs' Complaint alleges thirty-nine causes of action against various federal agencies, federal agents, airlines, and corporations based upon the Federal Transportation Mask Mandate and the airlines' compliance therewith.

Of the thirty-nine causes of action, only two are asserted against MedAire. Those two causes of action are for conspiracy to violate civil rights under 42 U.S.C. §1985(3) (Count XX) and medical malpractice (Count XXXIX). While these two counts purport to be on behalf of "All Plaintiffs," MedAire did not have any actual involvement with the transportation of <u>any plaintiff</u>. Indeed, the Complaint references only one booking by just two plaintiffs, Uri and Yvonne Marcus (the "Marcus Plaintiffs"), that even implicates MedAire as a contracting partner with Co-Defendant Hawaiian Airlines ("Hawaiian"). And even then, there is no allegation that the Marcus Plaintiffs ever purchased the tickets for transportation on Hawaiian, and the Complaint makes clear that MedAire was never called upon to do anything in relation to that contemplated trip. *See, e.g,* ECF No. 1 at ¶75 (Uri and Yvonne Marcus "purchased roundtrip tickets from United Airlines"); ¶81 ("purchased" a one-way ticket from American Airlines); ¶88 ("purchased" roundtrip tickets from Delta Air Lines); ¶92 ("purchased" a one-way ticket from Alaska Airlines); ¶100 ("purchased" two one-way tickets and one roundtrip ticket from Southwest Airlines); *compare* ¶102 ("booked" roundtrip tickets on Hawaiian).

As such, there is no allegation that the two Marcus Plaintiffs interacted with anyone from MedAire or underwent any day-of-travel screening with MedAire,

and there is no allegation that MedAire entertained, let alone denied, a request for a mask exemption from the two Marcus Plaintiffs nor any of the other Plaintiffs. Though not necessary here in light of MedAire's complete lack of involvement with any of the flights referenced in the Complaint, Plaintiffs would not be able to establish a cause of action for conspiracy to violate civil rights under 42 U.S.C. §1985(3) or medical malpractice even if MedAire's services were implicated in any of the flights referenced in the Complaint.

Plaintiffs' cause of action for medical malpractice separately should be dismissed as preempted by the Airline Deregulation Act.

Finally, the Complaint should be dismissed because this Court lacks personal jurisdiction over MedAire. MedAire is a Nevada corporation with its principal place of business in Arizona and, as such, there is no basis for general personal jurisdiction. Moreover, while the one itinerary that potentially <u>could have</u> required MedAire's involvement had an origin/destination in California, the Marcus Plaintiffs did not purchase the tickets for that flight and MedAire was never actually involved. As such, there is no basis for specific personal jurisdiction.

Accordingly, Plaintiffs' Complaint against MedAire should be dismissed in all respects.

## II.   STATEMENT OF FACTS

On April 8, 2022, the Plaintiffs *pro se* filed a Complaint seeking to "vacate and permanently enjoin enforcement of the Federal Transportation Mask Mandate ("FTMM") and the International Traveler Testing Requirement ("ITTR") put into place by the orders of the Centers for Disease Control & Prevention ("CDC") – under the purported authority of its parent agency, the Department of Health & Human Services ("HHS")." ECF No. 1 at ¶1. Plaintiffs Uri and Yvonne Marcus, Avrohom Gordon and Devorah Gordon, and Cindy Russo allege that they are all

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  travelers subject to the FTMM and the airlines' mask policies. *See* ECF No. 1 at

2  ¶¶20, 22-23.

3       The only allegations that implicate MedAire in any respect assert that the

4  Marcus Plaintiffs "booked" roundtrip tickets on Co-Defendant Hawaiian on

5  February 25, 2022 for round-trip tickets from Los Angeles (LAX) to Honolulu

6  (HNL) on July 7 through July 14, 2022. *See* ECF No. 1 at ¶102. Hawaiian's

7  booking policy states:

8  > Guests who are unable to wear a face mask due to a
   > medical condition or disability will be required to
9  > complete an assessment with a medical professional via
   > phone at the airport. We recommend arriving at the
10 > airport early with ample time to complete the assessment,
   > as the process may take more than one hour, and your
11 > flight will not be held. Please notify one of our Guest
   > Services Agents as soon as you are ready to complete the
12 > medical assessment. If you are unable to meet this
   > requirement, we recommend that you reconsider your
13 > travel. Please note that any face covering exemptions
   > apply only to travel on Hawaiian Airlines.
14

15 ECF No. 1, Ex. 21 at p. 15. After booking, the Marcus Plaintiffs reached out to

16 Hawaiian to request a mask exemption for their itinerary because they allegedly

17 "are medically disabled and are unable to wear masks." ECF No. 1, Ex. 21 at p. 17.

18 Hawaiian informed the Marcus Plaintiffs that guests who are unable to wear a face

19 covering due to a medical condition or disability would need to complete a medical

20 assessment via phone with MedLink (a service provided by MedAire) at the airport

21 on the day of their flight in order to be granted an exemption. *See* ECF No. 1 at

22 ¶104 and Ex. 21 at pp. 17, 21. The Marcus Plaintiffs responded that they wanted to

23 obtain an exemption or provisional exemption prior to their arrival at LAX. ECF

24 No. 1, Ex. 21 at p. 17.

25       The Marcus Plaintiffs were directed to the Hawaiian's "Safe Travel"

26 department where they submitted a request to Hawaiian stating they were

27 "requesting mask exemptions for an itinerary we would like to purchase. We do

28 not wish to purchase until we receive some kind of assurance or notice of a

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

provisional mask exemption." ECF No. 1, Ex. 21 at pp. 17, 19, 22. Hawaiian's Reservations responded to the request stating they were "unable to process [the] request via email" and advised again that any request for a mask exemption required a day-of-travel assessment with a medical professional via phone at the airport prior to the flight. ECF No. 1, Ex. 21 at p. 21.

Plaintiffs allege that "mask exemptions were denied via Hawaiian's illegal 'Fit to Fly' process, which involved a full medical assessment with MedAire, who determined that mask exemptions could not be approved in advance" and that "Hawaiian would make no exceptions to its rule." ECF. No. 1 at ¶105. However, a review of the entire 156-page Complaint reveals no allegation of involvement by MedAire, nor does it even include an allegation that the Marcus Plaintiffs purchased these tickets. To the contrary, the Marcus Plaintiffs allege only they "booked" these round trip tickets. ECF No. 1 at ¶102.[1]

Similarly, there is no allegation that the Marcus Plaintiffs presented to the gate on the day of travel or underwent any pre-flight telephone screen with MedAire. *See* ECF No. 1. There is not a single allegation that MedAire entertained, let alone denied, a request for a mask exemption from the Marcus Plaintiffs. *See* ECF No. 1. Indeed, there is not a single allegation that the Marcus Plaintiffs ever even interacted with anyone from MedAire, or that MedAire was ever contacted by Hawaiian in relation to the Marcus Plaintiffs' booking. *See* ECF No. 1.

Finally, MedAire is not implicated by any other allegation in the Complaint.

---

[1]     Unlike allegations against the other Co-Defendant airlines, there is no allegation that the Marcus Plaintiffs "purchased" or paid for these tickets on Hawaiian, traveled on these tickets, canceled these tickets, nor sought a refund on these tickets. *See* ECF No. 1; *see also* ECF No. 1 at ¶75 (Uri and Yvonne Marcus "purchased" roundtrip tickets from United Airlines); ¶81 ("purchased" a one-way ticket from American Airlines); ¶88 ("purchased" roundtrip tickets from Delta Air Lines); ¶92 ("purchased" a one-way ticket from Alaska Airlines); ¶100 ("purchased" two one-way tickets and one roundtrip ticket from Southwest Airlines); *compare* ¶102 ("booked" roundtrip tickets on Hawaiian). In fact, the Marcus Plaintiffs expressly advised Hawaiian that they would not be able to purchase the tickets to Hawaii if they were not provided a mask exemption in advance; which they of course were not. ECF No. 1, Ex. 21 at pp. 17, 19, 21-22.

1   The Marcus Plaintiffs implicate MedAire only in relation to the one Hawaiian

2   booking that was never purchased, and no other Plaintiff references MedAire in

3   relation to the itineraries out of which their claims arise. *See* ECF No. 1.

## III.   LEGAL STANDARD

### A.   Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

8   Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to

9   dismiss a complaint for failure to state a claim upon which relief can be granted.

10   Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint for failure to state a claim is

11   proper "if it is clear that no relief could be granted under any set of facts that could

12   be proved consistent with the allegations." *See Cervantes v. City of San Diego*, 5

13   F.3d 1273, 1274 (9th Cir. 1993). To survive a motion to dismiss, a complaint must

14   "contain sufficient factual matter, accepted as true, to state a claim to relief that is

15   plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell*

16   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court considering a Rule

17   12(b)(6) motion must "accept as true all allegations of material fact and must

18   construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*,

19   213 F.3d 443, 447 (9th Cir. 2000). "[I]n general, courts must construe *pro se*

20   pleadings liberally." *Id.* However, a pleading that merely offers "labels and

21   conclusions," a "formulaic recitation of the elements," or "naked assertions" will

22   not be sufficient to state a claim upon which relief can be granted. *Iqbal*, 556 U.S.

23   at 678. A court is not required to "assume the truth of legal conclusions merely

24   because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649

25   F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (citing *W. Mining Council v. Watt*,

26   643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and

27   unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v.*

28   *Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal.* 556 U.S. at 664. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1988).

Courts "construe *pro se* complaints liberally and may only dismiss a *pro se* complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva v. DiVittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *see also Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (noting that "courts must generally construe *pro se* pleadings liberally"). "*Iqbal* did not alter the rule that, where the petitioner is *pro se*, particularly in civil rights cases, courts should construe the pleadings liberally and … afford the petitioner the benefit of any doubt." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citations omitted).

Moreover, Rule 15 provides that a party "may amend its pleading" in certain circumstances including with leave of court and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The "rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant" because a "*pro se* litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (internal citations omitted). Nevertheless, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved." *Id.* at 1129. "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id.*

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

**B.     Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).**

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that [personal] jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

# IV.   ARGUMENT

**A.     Count XX against MedAire alleging conspiracy to violate civil rights under 42 U.S.C. §1985(3) fails to state a claim because the allegations of conspiracy are entirely conclusory, Plaintiffs are not part of a protected class, and MedAire did not have any involvement with Plaintiffs.**

Plaintiffs claim MedAire, along with Co-Defendants, Alaska Airlines, Allegiant Air, American Airlines, Delta Air Lines, Frontier Airlines, Hawaiian, Southwest Airlines, United Airlines, "yet-to-be-named Employees of the 8 Airlines" (collectively the "Airline Defendants"), and Stat-MD, are liable under 42 U.S.C. § 1985(3) because, according to Plaintiffs, the Airline Defendants "conspired to deprive disabled Americans" of their "civil rights by adopting policies in Summer 2020 that banned anyone medically unable to wear a face mask from using the nation's air transportation system." ECF No. 1 at ¶893. Moreover, while Co-Defendants Delta Air Lines and Hawaiian "declined to participate in the conspiracy to totally ban disabled flyers" they did partake "partially by forcing an illegal medical-consultation process at the airport during check-in." ECF No. 1 at ¶894. Further, MedAire, and Co-Defendant Stat-MD, "participated in the conspiracy by denying mask-exemption demands for their airline clients submitted by disabled passengers without speaking to the passenger or his/her doctor." ECF

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

No. 1 at ¶895. Not only are Plaintiffs' claims under 42 U.S.C. §1985(3) predicated on bare conclusions of conspiracy, <u>there is no allegation</u> that MedAire interacted with Plaintiffs, entertained a mask request, or, most importantly, <u>denied</u> any mask-exemption requests from Plaintiffs. *See* ECF No. 1. Therefore, given that there are no claims that tie MedAire to any alleged conspiracy in relation to Plaintiffs, Plaintiffs' claim against MedAire should be dismissed.

### i. Elements of a cause of action under 42 U.S.C. §1985(3).

To state a viable claim under 42 U.S.C. §1985(3), a plaintiff must allege facts to support "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) an act in furtherance of this conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1592, 1536 (9th Cir. 1992). To prove a violation of 42 U.S.C. §1985(3), a plaintiff must show that such conspiracy resulted from racial or class-based discriminatory animus. *See Manistee Town Center v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000); *see also Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (§1985(3) is limited to cases alleging some racial or class-based invidious discrimination).

To make the requisite showing of class-based animus "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1987). That is, a plaintiff must allege that they are a member of a class of persons that the courts have designated as a suspect or quasi-suspect class "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever*, 978 F.2d at 1536. "This rule operates against a background rule that 42 U.S.C. §1985(3) is not to be construed as a general federal

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

tort law." *Id.* Allegations of a conspiracy must be supported by specific factual allegations to establish a claim. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("mere allegation of conspiracy without factual specificity is insufficient" to state a §1985(3) conspiracy claim).

"The original purpose of §1985(3), which was passed as the Ku Klux Klan Act of 1871, was to enforce the rights of African Americans and their supporters." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005); *see also United Bhd. Of Carpenters & Joiners of Am. Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 836 (1983) ("The predominate purpose of §1985(3) was to combat the prevalent animus against" the freed slaves and their supporters). As outlined below, §1985(3) does not apply to claims for discrimination on the basis of handicap or mental or physical disability.

### ii. Plaintiffs fail to adequately allege the existence of a conspiracy.

Count XX fails to state a claim because Plaintiffs fail to specifically allege the existence of a conspiracy. Plaintiffs allege they "expect to further prove through discovery, that the Airline Defendants conspired – with each other, with other air carriers, within their own companies, and with Stat-MD and MedAire – to ban disabled flyers because of a discriminatory motive" due to "an unfounded, ridiculous fear that healthy, uninfected, disabled travelers who can't wear a face mask are somehow a grave danger." ECF No. 1 at ¶904. However, Plaintiffs fail to plead any factual assertions to support their conclusory allegation of the existence of a conspiracy. *See* ECF No. 1. Therefore, because Plaintiffs' Complaint is bereft of specific, factual allegations, Count XX should be dismissed. *See Holgate,* 425 F.3d at 676 (affirming dismissal of §1985(3) claim for failing to allege evidence of a conspiracy and any specific acts in furtherance of the conspiracy, "which are required elements of a §1985(3) claim"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[b]ecause appellant failed to allege any facts

1  showing . . . invidious" discrimination on the part of defendants, "the district court

2  was . . . correct in dismissing the § 1985(3) claim").

3           ### iii.    *Plaintiffs are not part of a protected class.*

4           Even if Plaintiffs have set forth factual allegations to support a conspiracy

5  claim, which they have not, that claim nonetheless fails because Plaintiffs are not

6  part of a protected class entitled to the protections of 42 U.S.C. §1985(3). Plaintiffs

7  allege they were discriminated against on the basis of their disability of medical

8  conditions that prevented them from wearing face masks while flying. *See* ECF

9  No. 1 at ¶893. However, §1985(3) is not extended to claims for discrimination

10 based on handicap, mental, or physical disability. *See Gaspard v. DEA Task Force,*

11 2016 WL 2586182, *9 (C.D. Cal. Apr. 4, 2016) ("The Court is unaware of any

12 cases holding that section 1985 protects against disability-based discrimination.")

13 (citing *Rasmussen v. City of Redondo Beach,* 2008 WL 4450322, *9 n.6 (C.D. Cal.

14 Sept. 29, 2008) (To the extent plaintiff alleged a conspiracy "resulting from

15 defendants' animus against people suffering from an injury or some type of

16 physical infirmity, the Court is aware of no case finding that such individuals

17 constitute a class of persons protected by §1985(3).")). Indeed, "[d]isabled

18 individuals do not constitute a 'class' within the meaning of section 1985(3)."

19 *Serris v. Chastaine*, 2022 WL 715115 (E.D. Cal. Mar. 10, 2022) (internal citations

20 omitted); *see also Chasse v. Humphreys*, 2008 WL 4846208, *4 (D. Or. Nov. 3,

21 2008) ("nothing in the statute or the findings and purposes suggests that the

22 disabled as a group generally, were to be viewed as a suspect or quasi-suspect class

23 for equal protection or section 1985(3) purposes"). This is in line with the holdings

24 in other circuits. *See Bartell v. Lohiser,* 215 F.3d 550, 559 (6th Cir. 2000) (plaintiff

25 had no actionable section 1985 claim because statute does not cover claims based

26 on disability-based discrimination or animus); *D'Amato v. Wis. Gas Co*., 760 F.2d

27 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not

28 suggest a concern for the handicapped"); *Wilhelm v. Cont'l Title Co.*, 720 F.2d

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' . . . was not included as a class in what is now §1985(3)."); *see also City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440 (1985) (the mentally disabled are not a suspect or quasi-suspect class for purposes of equal protection claims).

Given that Plaintiffs have failed to demonstrate that they are members of a protected class entitled to protection under 42 U.S.C. §1985(3), Count XX should be dismissed.

### iv. *Plaintiffs fail to allege any acts by MedAire in furtherance of the alleged conspiracy that caused the Plaintiffs' harm.*

Even if the Court finds Plaintiffs adequately pled the existence of a conspiracy and that Plaintiffs are members of a protected class, both of which do not exist, Plaintiffs' conspiracy claims would nonetheless still fail because Plaintiffs fail to allege that MedAire committed any acts in furtherance of the alleged conspiracy with respect to Plaintiffs. *See Sever*, 978 F.2d at 1536; *see also* ECF No. 1. The only allegation as to MedAire, which is conclusory in nature, is that MedAire "ha[s] participated in the conspiracy by denying mask-exemption demands for their airline clients submitted by disabled passengers <u>without</u> speaking to the passenger or his/her doctor." ECF No. 1 at ¶895 (emphasis added).

However, Plaintiffs directly contradict this conclusory allegation elsewhere in the Complaint by pleading that in order to fly on Hawaiian, Plaintiffs <u>would have to speak to MedAire</u> and undergo a medical screening at their gate on the day of travel. *See* ECF No. 1 at ¶104 (Hawaiian informed Plaintiffs that they "would need to undergo a medical screening with Defendant MedAire's MedLink service" prior to their flight). Indeed, Plaintiffs had multiple conversations with Hawaiian wherein Plaintiffs were informed on multiple occasions that in order to be granted a mask exemption, Plaintiffs <u>would need to speak with MedAire</u> and undergo a day of medical assessment via telephone at the gate. *See* ECF No. 1 Ex. 21 at p. 17

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

("upon checking guests who are unable to wear a face covering due to a medical condition or disability will be required to complete a medical assessment with MedLink at the airport in order to be granted an exemption."); *Id.* at p. 21 ("Please be advised that guests who are unable to wear a face covering due to a medical condition or disability will be required to complete an assessment with a medical professional via phone at the airport.").

Regardless, there is no allegation, factual or otherwise, in the Complaint that MedAire reviewed, let alone denied, any requests for mask-exemptions by Plaintiffs. *See* ECF No. 1. The only Plaintiffs that potentially could have interacted with MedAire, the Marcus Plaintiffs, did not present to the gate on the day-of-travel to undergo a medical screening, and MedAire thus did not have the chance to interact with the Marcus Plaintiffs let alone deny, or even grant, any potential mask-exemption demands. *See* ECF No. 1. Indeed, there is no allegation to indicate MedAire even knew Plaintiffs existed (prior to this lawsuit). *See* ECF No. 1.

Given that Plaintiffs are unable to demonstrate that MedAire took any actions with respect to them, Plaintiffs also are unable to demonstrate that any act by MedAire caused any injury or deprivation of rights. *See Sever*, 978 F.2d at 1536. As such, Count XX for civil conspiracy pursuant to 42 U.S.C. §1985(3) should be dismissed.

**B.  Count XXXIX for medical malpractice fails to state a claim because MedAire never interacted with Plaintiffs and the claim is in any event preempted by the Airline Deregulation Act.**

As there is no allegation that MedAire interacted with any Plaintiff, it is axiomatic that MedAire never treated any Plaintiff and that no Plaintiff could have sustained any injury as a result of any specific treatment rendered by MedAire. Thus, Plaintiffs cannot state a claim for medical malpractice. Similarly, Plaintiffs' medical malpractice claim is preempted by the Airline Deregulation Act ("ADA").

Plaintiffs allege, "all plaintiffs have been subjected to illegal medical

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

consultations with Stat-MD and/or MedAire." ECF No. 1 at ¶1083. Plaintiffs
further allege MedAire "with no legal authority, reviews mask-exemption demands
submitted by its airline clients without ever talking to the passenger" and makes
"arbitrary determinations denying mask exemptions without providing any
rationale for their decision-making" and therefore MedAire is "guilty of medical
malpractice." ECF No. 1 at ¶¶1084-1087. The Complaint does not have any
allegations, factual or otherwise, that MedAire ever reviewed any mask exemption
requests, <u>let alone provided treatment</u> to any of the individual Plaintiffs. *See* ECF
No. 1. Indeed, there is no allegation that MedAire even knew about Plaintiffs prior
to this lawsuit. *See* ECF No. 1.

### i.     *Plaintiffs fail to state a claim for medical malpractice.*

In order to assert a claim for medical malpractice under California law,[2] a
plaintiff must establish: "(1) The duty of the professional to use such skill,
prudence, and diligence as other members of his profession commonly possess and
exercise; (2) a breach of that duty; (3) a proximate causal connection between the
negligent conduct and the resulting injury; and (4) actual loss or damage resulting
from the professional's negligence." *Borrayo v. Avery*, 2 Cal. App. 5th 304, 310
(2016). Moreover, "it long has been held that an essential element of a cause of
action for medical malpractice is a physician-patient relationship giving rise to a
duty of care." *Mero v. Sadoff,* 37 Cal. Rptr. 2d 769, 772 (Cal. App. 2d Dist. 1995);
*see also Alexander v. Scripps Meml. Hosp. La Jolla*, 232 Cal. Rptr. 3d 733, 755
(Cal. App. 4th Dist. 2018) ("a physician's duty of care to a patient does not arise
until a physician-patient relationship is established.").

Here, there is no allegation that MedAire ever interacted with Plaintiffs or

---

[2]     While not specifically pled, MedAire assumes for the purpose of this motion
that Plaintiffs bring their medical malpractice claim under California law. MedAire
does not concede that California law ultimately would apply to these claims, but
nevertheless applies California law for purposes of this motion, confident that
Plaintiffs could not set forth a claim for medical malpractice based on the facts
pled under any state's law.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

reviewed any requests for their mask-exemptions. Thus, there is no allegation that MedAire ever <u>treated</u> any Plaintiff, or that any Plaintiff suffered an injury as a result of any specific treatment rendered by MedAire. *See* ECF No. 1. Plainly, without medical treatment provided by MedAire, MedAire cannot be liable for medical malpractice. *See Alexander*, 232 Cal. Rptr. 3d at 755 ("a physician's duty of care to a patient does not arise until a physician-patient relationship is established."). Moreover, consulting on masking exemptions is not medical treatment and cannot be the basis of medical malpractice.

Given the lack of an allegation of any specific relationship, treatment, causation, or damages to any Plaintiff caused by an act of MedAire, Count XXXIX for medical malpractice should be dismissed for the failure to state a claim. *See Balistreri*, 901 F.2d at 699 ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory.").

### ii.    *The ADA preempts Plaintiffs' medical malpractice claim.*

This Court should dismiss Plaintiffs' medical malpractice claim as preempted pursuant to the ADA. The ADA provides that "a State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier …" 49 U.S.C. §41713(b)(1). The Supreme Court has held that the ADA's preemption provision should be construed broadly. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) ("state enforcement actions having a connection with, or reference to, airline 'rate, routes, or services' are preempted"). "The key phrase 'relating to' expresses 'a broad pre-emptive purpose[,]' and deliberately so. Even general state laws that have only an indirect effect on rates, routes, and services are preempted by the ADA. Common-law tort and contract suits are preempted by the 'relating to' language of the preemption text." *Compass Airlines, LLC v. Montana Dep't of*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

*Lab. and Indus.*, 2013 WL 4401045, *14 (D. Mont. Aug. 12, 2013) (citing *Morales*, 504 U.S. at 383-84, 386). Consequently, state law claims by passengers "alleging wrongful denial of air transportation services (whether by outright denial of boarding or by creation of hostile environment)" are expressly preempted by the ADA, because they relate to airline "rates, routes, and services." *Id.* at *12; *see also Onoh v. Nw. Airlines, Inc.,* 613 F.3d 596, 600 (5th Cir. 2010) (applying *Morales* to find ADA preemption of passenger's state law IIED claim for repeated denials on separate days of right to board aircraft); *Jagannatharao v. Etihad Airways*, 2016 WL 9086963, at *6 (N.D. Cal. Dec. 13, 2016) (holding that ADA preemption applied when the plaintiff was denied check in for lack of a travel document to enter India).

Here, Plaintiffs allege MedAire "reviews mask mandate-exemption demands submitted by its airline clients," which includes Co-Defendant Hawaiian, and that MedAire is "guilty of medical malpractice" because MedAire has "subjected [Plaintiffs] to illegal medical consultations" as well as MedAire's "arbitrary determinations denying mask exemptions" for their air travel. ECF No. 1 at ¶¶1083-1086. These allegations are based on Hawaiian's contract with MedAire to perform day-of medical examinations for mask exemptions at a passengers' gate prior to boarding, which take place as part of the route and service of the air carrier. Plaintiffs' claims here against MedAire are analogous to the denial of transportation in the above authorities because Plaintiffs claim they cannot travel because of the MedAire's role in the airlines' enforcement of the mask mandate by conducting medical screens prior to boarding. Accordingly, Count XXXIX for medical malpractice is preempted under the ADA and should be dismissed.

**C.    This Court may not exercise personal jurisdiction over MedAire because MedAire has no connection to the lawsuit and is not domiciled in California.**

Even assuming, *arguendo*, that Plaintiffs pled or could plead a viable claim against MedAire, Plaintiffs' claims still should be dismissed because there is no

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

personal jurisdiction over MedAire. MedAire is not incorporated under the laws of, nor is its principal place of business in, California. Moreover, MedAire has no connection whatsoever to the events giving rise to this lawsuit as there is no allegation that MedAire interacted with, let alone were even aware of, any of Plaintiffs.

When evaluating whether specific personal jurisdiction is proper over a non-resident defendant, courts undertake a two-part analysis to determine (1) whether jurisdiction exists under California law, and (2) whether the exercise of jurisdiction would comport with federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California's long-arm statute authorizes jurisdiction to the full extent permitted by the Constitution. *See* Cal. Code Civ. P. §410.10. Therefore, the Court's inquiry centers on whether exercising jurisdiction comports with due process. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Due process requires that nonresident defendants have "minimum contact" with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Here, the Complaint is entirely devoid of any allegation that this Court has personal jurisdiction, general or specific, over MedAire for the claims asserted in the Complaint. This no doubt is because there is no such basis.

### i.  *MedAire is not subject to general jurisdiction in California.*

The Supreme Court held in *Daimler AG v. Bauman*, that all-purpose jurisdiction will exist only in narrow circumstances, and that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 571 U.S. 117, 137 (2014). The appropriate inquiry is "whether the corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Id.* at 127. The

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

"paradigm forums in which a corporate defendant is 'at home' … are the corporation's place of incorporation and its principal place of business." *BSNF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 137); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.").

Here, it is plain that MedAire is not subject to general jurisdiction in California. MedAire is not incorporated nor is its principal place of business in California. *See* ECF No. 1 at ¶42. Instead, MedAire is a corporation organized and existing under the laws of Nevada with its principal place of business in Arizona. *See* ECF No. 1 at ¶38. Accordingly, MedAire is not subject to general jurisdiction in California.

### ii.   MedAire is not subject to specific jurisdiction in California for Plaintiffs' claims.

Specific jurisdiction exists when a foreign defendant purposely directs activities at the forum state, and the plaintiff's "suit arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 127. For a court to exercise specific jurisdiction, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017). Additionally, the plaintiff also must show that the defendant "purposely availed" himself of the privilege of doing business in the forum state and could foresee being "haled into court" there. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Here, there is absolutely no connection between the allegations in the Complaint against MedAire and California. The only Plaintiffs that had the potential to have interacted with MedAire were the Marcus Plaintiffs, and even

they fail to allege any actual involvement of MedAire. The only tenuous connection to California would be the Marcus Plaintiffs "book[ing]" of roundtrip tickets on Co-Defendant Hawaiian from Los Angeles (LAX) to Honolulu (HNL). *See* ECF No. 1 at ¶102. Unlike the allegations against the other Co-Defendant airlines, however, there is no allegation that the Marcus Plaintiffs "purchased" or paid for these tickets on Co-Defendant Hawaiian, traveled on these tickets, canceled these tickets, nor sought a refund on these tickets.[3] *See* ECF No. 1. As such, there is no allegation that the Marcus Plaintiffs underwent any pre-flight medical screen with MedAire prior to any flight. *See* ECF No. 1. For the sake of clarity, <u>there is not a single allegation that MedAire entertained, let alone denied, a request for a mask exemption from the Marcus Plaintiffs.</u> *See* ECF No. 1.

As Plaintiffs do not make any allegation as to any interaction with MedAire, there is no connection between MedAire and California to support a finding of specific personal jurisdiction. Accordingly, this Court does not have specific personal jurisdiction over MedAire for the claims asserted by Plaintiffs and should dismiss all claims.

### D.    Plaintiffs should not be given leave to amend, as doing so would be futile.

The Court should deny any leave to amend that Plaintiffs may seek in this matter. While, Rule 15 permits a plaintiff to seek leave to amend "when justice so requires," there are no facts that Plaintiffs could plead to possibly "save" their claims against MedAire. *See, e.g., Lopez*, 203 F.3d at 1129 ("district courts are only required to grant leave to amend if a complaint can possibly be saved"). As outlined above, unlike the allegations against other Co-Defendant airlines, Plaintiffs only allege that they "booked" tickets on Hawaiian. *See* ECF No. 1 at

---

[3]    Again, Plaintiffs' expressly state in their correspondence with Hawaiian that they would not be able to purchase the tickets they booked without the ability to obtain a mask exemption in advance, which Hawaiian explained was not possible. <u>*See* ECF No. 1, Ex. 21 at pp. 17, 19, 21-22.</u>

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

¶102; *compare* ECF No. 1 at ¶75 (Uri and Yvonne Marcus "purchased" roundtrip tickets from United Airlines); ¶81 ("purchased" a one-way ticket from American Airlines); ¶88 ("purchased" roundtrip tickets from Delta Air Lines); ¶92 ("purchased" a one-way ticket from Alaska Airlines); ¶100 ("purchased" two one-way tickets and one roundtrip ticket from Southwest Airlines). There is no allegation that the Marcus Plaintiffs "purchased" or paid for these tickets on Hawaiian, traveled on these tickets, underwent a day-of medical screening related to these tickets, canceled these tickets, nor sought a refund on these tickets. *See* ECF No. 1. In fact, the Marcus Plaintiffs expressly advised Hawaiian that they would not be able to purchase the tickets to Hawaii if they were not provided a mask exemption in advance; which they of course were not. ECF No. 1, Ex. 21 at pp. 17, 19, 21-22. Therefore, even construing Plaintiffs' allegations liberally, Plaintiffs are unable to allege in this pleading or any subsequent amended pleadings that they traveled on these tickets with Hawaiian and that MedAire ever interacted with Plaintiffs, entertained a mask-exemption request, or, most importantly, <u>denied</u> any mask-exemption requests from Plaintiffs. *See* ECF No. 1.

Given that Plaintiffs' claims truly lack merit, any granting of leave to amend that Plaintiffs' may seek would be futile. Moreover, any amended complaint would still, as explained herein, fail to state a claim and lack personal jurisdiction, and the case would inevitably still be dismissed.

## V.    CONCLUSION

In light of the foregoing, MedAire respectfully requests that its motion to dismiss Plaintiffs' Complaint as to MedAire pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2) be granted in all respects.

/ /

/ /

/ /

Dated: June 14, 2022

Respectfully submitted,

By: *Barry S. Alexander*

Barry S. Alexander, *pro hac vice*
SCHNADER HARRISON SEGAL &
LEWIS LLP

-and-

Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849