1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants, | Case No.: 2:22-cv-02383-SB-AS<br><br>**[PROPOSED] ORDER GRANTING MEDAIRE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. RULES 12(B)(6) AND 12(B)(2)** |
|---|---|

AND NOW, this _____ day of _____, 2022, it is hereby ORDERED and DECREED that Plaintiffs' Complaint against MedAire, Inc. ("MedAire") is DISMISSED WITH PREJUDICE for the following reasons:

1. Count XX of Plaintiffs' Complaint against MedAire for conspiracy to violate civil rights under 42 U.S.C. §1985(3) is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted.

    a. Plaintiffs' allegations of conspiracy are entirely conclusory, Plaintiffs are not part of a protected class, and MedAire did not have any involvement with Plaintiffs that could have caused Plaintiffs' harm. *See Manistee Town Center v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000) (To prove a violation of 42 U.S.C. §1985(3), a plaintiff must show that such conspiracy resulted from racial or class-based discriminatory animus); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("mere allegation of conspiracy without factual specificity is insufficient" to state a §1985(3) conspiracy claim); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[b]ecause appellant failed to allege any facts showing . . . invidious" discrimination on the part of defendants, "the district court was . . . correct in dismissing the § 1985(3) claim"); *Gaspard v. DEA Task Force,* 2016 WL 2586182, *9 (C.D. Cal. Apr. 4, 2016) ("The Court is unaware of any cases holding that section 1985 protects against disability-based discrimination.").

2. Count XXXIX of Plaintiffs' Complaint against MedAire for medical malpractice is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted.

/ /

    a. As there is no allegation that MedAire interacted with any Plaintiff, it is axiomatic that MedAire never treated any Plaintiff and that no Plaintiff could have sustained any injury as a result of any specific treatment rendered by MedAire. *See Borrayo v. Avery*, 2 Cal. App. 5th 304, 310 (2016) (In order to assert a claim for medical malpractice under California law,[1] a plaintiff must establish: "(1) The duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.")

3. Additionally Count XXXIX of Plaintiffs' Complaint against MedAire for medical malpractice is DISMISSED as preempted by the Airline Deregulation Act.

    a. Plaintiffs' allegations against MedAire are based on MedAire's contract with Hawaiian Airlines to perform day-of medical examinations for mask exemptions at a passengers' gate prior to boarding, which takes please as part of the route and service of the air carrier. *See* 49 U.S.C. §41713(b)(1) ("Airline Deregulation Act") ("a State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier …").

/ /

/ /

---

[1] Plaintiffs do not specifically plead whether their state law claim for Medical Malpractice is pursuant to California law. MedAire assumes for the purpose of its Motion to Dismiss that Plaintiffs brings their medical malpractice claim under California law. However, MedAire does not concede that California law ultimately would apply to these claims.

- 3 -

4. Plaintiffs' Complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over MedAire for the claims asserted in the Complaint.

    a. MedAire is not subject to general jurisdiction in California because it is not incorporated under the laws of, nor is its principal place of business in, California. *See BSNF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (internal citations omitted) (The "paradigm forums in which a corporate defendant is 'at home' … are the corporation's place of incorporation and its principal place of business."); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.").

    b. MedAire is not subject to specific jurisdiction in California for Plaintiffs' claims because there is no connection between the allegations in the Complaint against MedAire and California. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017) (For a court to exercise specific jurisdiction, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (Specific jurisdiction exists when a foreign defendant purposely directs activities at the forum state, and the plaintiff's "suit arise[s] out of or relate[s] to the defendant's contacts with the forum.").

/ /

/ /

1  Dated: _____

                                    _____
                                            Stanley Blumenfeld, Jr.
                                         United States District Judge