1  Richard A. Lazenby (State Bar No. 202105)
   Email: rlazenby@victorrane.com
2  Michael Cutler (State Bar No. 298875)
   Email: mcutler@victorrane.com
3  VICTOR RANE
   9350 Wilshire Blvd., Suite 308
4  Beverly Hills, California 90212
   Telephone: (310) 388-4849
5  Facsimile: (310) 388-4869

6  -and-

   John C. Conti (State Bar No. 118824)
7  Email: jconti@dmclaw.com
   Jeffrey J. Wetzel (admitted *pro hac vice*)
8  Email: jwetzel@dmclaw.com
   Steven L. Ettinger (admitted *pro hac vice*)
9  Email: settinger@dmclaw.com
   DICKIE, McCAMEY & CHILCOTE, P.C.
10 2 PPG Place, Suite 400
   Pittsburgh, PA 15222
11 Telephone: (414) 392-5617

12 Attorneys for Defendant
   STAT-MD
13

14                UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16 URI MARCUS, YVONNE MARCUS,        ) Case No.: 2:22-cv-02383-SB-AS
   AVROHOM GORDON, DEVORAH           )
17 GORDON & CINDY RUSSO,             ) **BRIEF IN SUPPORT OF**
                                     ) **MOTION TO DISMISS**
18        Plaintiffs,                ) **PLAINTIFFS' COMPLAINT**
                                     ) **PURSUANT TO FEDERAL**
19    vs.                            ) **RULES 12(B)(2) AND 12(B)(6)**
                                     )
20 CENTERS FOR DISEASE CONTROL       ) Hearing Date: July 29, 2022
   & PREVENTION, DEPARTMENT OF       ) Hearing Time: 8:30 a.m.
21 HEALTH & HUMAN SERVICES,          ) Ct. Room: 6C
   TRANSPORTATION SECURITY           ) Judge: Hon. Stanley Blumenfeld Jr.
22 ADMINISTRATION, JULIE             )
   CARRIGAN, ALASKA AIRLINES,        )
23 ALLEGIANT AIR, AMERICAN           )
   AIRLINES, DELTA AIR LINES,        )
24 FRONTIER AIRLINES, HAWAIIAN       )
   AIRLINES, SOUTHWEST AIRLINES,     )
25 UNITED AIRLINES, YET-TO-BE-       )
   NAMED EMPLOYEES OF THE 8          )
26 AIRLINES, STAT-MD, & MEDAIRE,     )
                                     )
27        Defendants.                )
                                     )
28 _____ )

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii-iii

INTRODUCTION ....................................................................................................... 1

I.  STATEMENT OF FACTS ................................................................................. 2

II. STANDARD OF REVIEW ................................................................................ 3

III. ARGUMENT ....................................................................................................... 4

    A. Plaintiffs have failed to set forth facts establishing personal jurisdiction over STAT-MD ................................................................... 4

        1. STAT-MD is not subject to general jurisdiction in California ........ 4

        2. STAT-MD is not subject to specific jurisdiction in California ....... 5

    B. Plaintiffs' medical malpractice claim should be dismissed because the Complaint fails to allege a duty arising out of a physician-patient relationship ................................................................................................ 7

    C. Count 20 of Plaintiffs' Complaint should be dismissed because Plaintiffs fail to allege a conspiracy or an intent to violate their civil rights ........................................................................................................ 10

CONCLUSION ......................................................................................................... 11

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2)
AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

i

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................... 3

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) .................................................................... 5

*D'Amato v. Wis. Gas Co.*,
    760 F.2d 1474 (7th Cir. 1985) .................................................................. 10

*Griffin v. Breckenridge*,
    403 U.S. 88 (1971) .................................................................................... 10

*Karim-Panahi v. Los Angeles Police Dept.*,
    839 F.2d 621 (9th Cir. 1988) .................................................................... 11

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) .................................................................... 5

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) .................................................................... 6

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) .................................................................... 4

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ................................................................. 4, 6

*Serris v. Chastaine*,
    2022 WL 715115 (E.D. Cal. Mar. 10, 2022) ........................................... 10

*Sever v. Alaska Pulp Corp.*,
    978 F.2d 1529 (9th Cir. 1992) .................................................................. 10

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...................................................................... 4

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) .................................................................... 4

*Wilhelm v. Cont'l Title Co.*,
    720 F.2d 1173 (10th Cir. 1983) ................................................................ 10

*Wyler Summit Partn. v. Turner Broad. System, Inc.*,
    135 F.3d 658 (9th Cir. 1998) ...................................................................... 4

**Federal Statutes**

42 U.S.C. § 1985 ................................................................................... 9, 10, 11

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2)
AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

ii

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

**State Cases**

*Felton v. Schaeffer*,
  229 Cal. App. 3d 229 (1991) ................................................................................. 7, 8

*Johnson v. Superior Court*,
  143 Cal. App. 4th 297 (2006) ................................................................................... 7

*Keene v. Wiggins*,
  69 Cal. App. 3d 308 (1977) .................................................................................. 7, 8

*Mero v. Sadoff*,
  31 Cal. App. 4th 1466 (1995) ............................................................................... 7, 9

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

iii

## INTRODUCTION

In response to the COVID-19 pandemic, the Department of Health and Human Services (HHS) and Centers for Disease Control and Prevention (CDC) promulgated several rules and regulations to prevent the spread of the disease.

Among those rules are two temporary orders requiring (1) individuals to each wear a mask when traveling on public transportation; and (2) international air travelers to provide proof of a negative COVID-19 test. The masking order contains an exception for travelers with medical conditions that render them incapable of covering their faces. Plaintiffs contend that they have such medical conditions.

Among those rules are two temporary orders requiring (1) individuals to each wear a mask when traveling on public transportation; and (2) international air travelers to provide proof of a negative COVID-19 test. The masking order contains an exception for travelers with medical conditions that render them incapable of covering their faces. Plaintiffs contend that they have such medical conditions.

Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD, works with various airlines to consult on whether a traveler's medical condition warrants an exemption to the masking order. Plaintiffs allege that STAT-MD (and Defendant MedAire) denied their requests for a medical exemption to travel without a mask. That is the full extent of STAT-MD's involvement in the instant action. Although the Complaint spans over 1,100 paragraphs, hardly any allegations even mention STAT-MD. Nevertheless, based on these bare allegations, Plaintiffs assert a claim of medical malpractice and a claim of conspiracy to interfere with civil rights against STAT-MD. Plaintiffs' claims against STAT-MD are without personal jurisdiction, are inadequately

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2)
AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

- 1 -

pleaded, and are without merit. Therefore, STAT-MD should be dismissed from this litigation.

## I. STATEMENT OF FACTS

Plaintiffs' claims derive from a challenge to the Federal Transportation Mask Mandate (FTMM) and International Traveler Testing Requirement (ITTR) — two rules promulgated solely by the federal government. As set forth in the Complaint, the FTMM directs airlines operating within the United States to require its passengers to wear a mask while aboard an airplane to prevent the spread of the COVID-19 virus. The FTMM contains an exception for any "person with a disability who cannot wear a mask, or cannot safely wear a mask, because of the disability as defined by the Americans with Disabilities Act." ECF Doc. 1 at ¶ 219. In order to determine which passengers can and cannot safely wear a mask, certain airlines consulted with STAT-MD and/or MedAire to evaluate "mask-exemption demands." *Id.* at ¶ 7. According to the Complaint, STAT-MD provides "'Airline Consultation Services' including In-flight emergency consultation as well as fitness-to-fly ground screening." *Id.* at ¶ 37. As part of its services, STAT-MD reviews mask-exemption demands submitted by airline clients "without ever talking to the passenger and/or his/her physician." *Id.* at ¶ 1084.

Plaintiffs Uri and Yvonna Marcus are United States citizens residing in Israel. *Id.* at ¶ 20. Both Marcus Plaintiffs allege that they suffer from "hyperactive airways and respiratory illnesses" which make it harmful to wear a mask aboard an airplane. *Id.* at ¶ 64. Between November of 2020 and September 2021, the Marcus Plaintiffs wore a mask against their will on numerous flights operated by several of the Defendant Airlines. *Id.* at ¶¶ 46-63. On September 19, 2021, Plaintiffs obtained "mask-exemption letters from their physicians." *Id.* at ¶ 74. In February of 2022,

Plaintiffs purchased tickets to fly on an aircraft operated by Delta Airlines.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2)
AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

- 2 -

*Id.* at ¶ 89.  After allegedly consulting with STAT-MD, Delta denied their request to fly without a mask. *Id.* at 90.

Plaintiffs Avrohom and Devorah Gordon are Ohio residents. *Id.* at ¶ 22. Avrohom Gordon alleges that he has not been able to travel while the mask mandate was in effect due to certain "breathing issues." *Id.* at ¶ 145.  He purchased tickets to fly with Allegiant Airlines and Frontier Airlines, but each airline denied his request for a masking exemption. *Id.* at ¶¶ 146-150.  Devorah Gordon alleges that she has an unspecified "medical disability" that does not allow her to wear a mask. *Id.* at ¶ 152.  Devorah Gordon made several flights between 2021 and 2022, but she alleges general harassment for lack of mask compliance.

Plaintiff Cindy Russo is a California resident. *Id.* at ¶ 23.  Russo claims an inability to fly while wearing a mask due to claustrophobia and post-traumatic stress disorder. *Id.* at ¶ 190.  "Russo has flown eight times during the pandemic and been harassed about masking." *Id.* at ¶ 194.

The Complaint is essentially devoid of allegations against STAT-MD. According to the Complaint, STAT-MD consulted with Delta Airlines to deny the Marcus Plaintiffs' request for a masking exemption. Id. at ¶ 90.  Based on STAT-MD's alleged conclusion that one or more of the Plaintiffs' alleged medical conditions did not prevent them from wearing a mask, Plaintiffs assert a claim for medical malpractice (Count 39) and a claim for conspiracy to interfere with civil rights (Count 20).  Neither of these claims has merit.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the pleadings must contain sufficient factual information to state a claim that is "plausible on its face" and "raises a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit Partn. v. Turner Broad. System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  But the court is not obligated to accept a plaintiff's legal conclusions. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III.   ARGUMENT

**A.   Plaintiffs have failed to set forth facts establishing personal jurisdiction over STAT-MD.**

Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD is a non-profit corporation both incorporated and located in Pennsylvania. ECF Doc. 1 at ¶ 37.  In order to sue STAT-MD in this Court, Plaintiffs must show that this Defendant is subject to general or specific jurisdiction in California.  The plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Plaintiffs cannot meet their burden of showing personal jurisdiction over STAT-MD.  Accordingly, their claims against STAT-MD should be dismissed for lack of personal jurisdiction.

**1.   STAT-MD is not subject to general jurisdiction in California.**

General jurisdiction permits the court to hear any and all claims against a defendant, regardless of where the claims arose or the plaintiff's citizenship. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  "General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

state 'are so constant and pervasive as to render it essentially at home' in the state." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). Isolated items of corporate activities are insufficient to subject the corporation to general jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (citing to *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Only when the continuous corporate operation within a state is so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities may a court assert general jurisdiction over a corporate defendant. *Id.*

STAT-MD unquestionably is not subject to general jurisdiction in California. The Complaint alleges that "STAT-MD is a non-profit organization backed by the resources of the University of Pittsburgh Medical Center. Its headquarters is at 200 Lothrop St. #F 1301, Pittsburgh, PA 15213." ECF Doc. 1 at ¶ 37. Plaintiffs have not alleged any corporate activities by STAT-MD in California. Furthermore, STAT- MD lacks any ongoing business relationship with California. Accordingly, Plaintiffs have not claimed and cannot claim general jurisdiction over STAT-MD.

### 2. STAT-MD is not subject to specific jurisdiction in California.

If a defendant does not have sufficient contacts for general jurisdiction, the court may exercise specific jurisdiction where the case arises out of or relates to the defendant's contacts with the forum. *Martinez,* 764 F.3d at 1066. The Ninth Circuit has established a three-part test for determining whether a court may assert specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

- 5 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. For specific jurisdiction, "there must be actions by the defendant himself that create a 'substantial connection' with the forum State. Merely random, fortuitous, or attenuated contacts are not sufficient." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (internal quotation marks omitted).

Simply, Plaintiffs' Complaint fails to allege any activities by STAT-MD directed at or occurring in California. According to the Complaint, STAT-MD "reviews mask-exemption demands submitted by its airline clients without ever talking to the passenger and/or his/her physician." ECF Doc. 1 at ¶ 884. The arrangement described in the Complaint lacks any connection to California. Although STAT-MD may have reviewed "mask exemption demands" from a traveler from California, this activity is not directed at California and does not take place in California. Plaintiffs have not alleged that individuals from STAT-MD were located anywhere but Pennsylvania while performing reviews on behalf of the Airline Defendants. Plaintiffs' Complaint contains no further allegations regarding the activities of STAT-MD. Therefore, this Honorable Court lacks specific jurisdiction over STAT-MD.

Plaintiff's Complaint against STAT-MD should be dismissed for lack of personal jurisdiction.

/ /

/ /

/ /

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

- 6 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

### B. Plaintiffs' medical malpractice claim should be dismissed because the Complaint fails to allege a duty arising out of a physician-patient relationship.

Plaintiffs' medical malpractice claim fails as a matter of law because STAT-MD never provided medical treatment to Plaintiffs and never formed a patient relationship with any one Plaintiff. Under California law, to prevail on a medical malpractice claim, a plaintiff must establish that: (1) the defendant owed a duty to use "such skill, prudence, and diligence as other members of the profession commonly possess and exercise"; (2) defendant breached that duty; (3) the breach was a proximate cause of injury to the plaintiff; and (4) plaintiff suffered loss or damage as a result. *Johnson v. Superior Court*, 143 Cal. App. 4th 297, 305 (2006). But a medical provider's duty of care does not arise until a provider-patient relationship has been established. *Mero v. Sadoff*, 31 Cal. App. 4th 1466, 1471 (1995). And a provider-patient relationship exists in California only where the provider provides medical treatment to the patient. *See Keene v. Wiggins*, 69 Cal. App. 3d 308, 314 (1977) (noting that a provider-patient relationship is not formed where they neither offer nor intend to treat, care for or otherwise benefit the person examined).

Plaintiffs cannot establish the foundational aspects of a medical malpractice claim because no medical treatment was provided and no provider-patient relationship was formed. Plaintiffs do not allege that they were ever "patients" of STAT-MD. Plaintiffs do not allege that STAT-MD ever agreed to provide them with medical treatment or care intended to alleviate some medical condition. Rather, Plaintiffs allege only that STAT-MD consulted with certain Airline Defendants to review requests for masking exemptions. STAT-MD's duty, therefore, ran to the Airline Defendants, not to Plaintiffs.

Under well-established California law, the relationship described in

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

- 7 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Plaintiffs' Complaint cannot establish a claim for medical malpractice. For example, in *Felton v. Schaeffer*, 229 Cal. App. 3d 229 (1991), the plaintiff underwent a pre-employment physical examination as required by his prospective employer. The examination was performed by the defendant-physicians, who concluded that plaintiff's physical condition rendered him "unsuitable" for the employment position. *Id.* at 233-34. Plaintiff Felton filed a medical malpractice claim against the defendant-physicians for misdiagnosing his medical condition. Id. at 234. The court concluded that, without a physician/patient relationship, "any duty to use due care in evaluating Felton's medical condition was owed to the employer rather than Felton." *Id.* The plaintiff in Felton was evaluated solely for a pre-employment examination, which was conducted at the request of the employer. *Id.* "It is equally clear Felton did not visit appellants for medical treatment or advice, nor did Felton seek or decline to seek medical treatment in reliance on the evaluation." Id. Under such an arrangement, a plaintiff has no claim in medical malpractice based on an alleged misdiagnosis. *Id.* at 234-35.

The Felton court relied on its precedent from *Keene v. Wiggins*, 69 Cal. App. 3d 308 (1977), which held similarly. The *Keene* plaintiff sued a physician and others for medical malpractice based on the physician's performance of an examination at the request of a worker's compensation carrier. The physician examined Keene, reviewed his medical records, and provided his opinion to the workers' compensation carrier that no further medical treatment was necessary. Id. at 311. The *Keene* court recognized that the engagement of a physician to examine a person for a purpose other than medical treatment does not create a duty owed to the examinee. Id. at 313. As uniformly held by other authorities, without a physician-patient relationship, the only duty owed by the physician is "to conduct the examination in a manner not to cause harm to the person being examined." *Id.* "The physician acts as an agent of the person requesting the examination and

absent special circumstances, his duty to observe good standards of professional skill in reporting the results of the examination runs only to the person employing him." *Id.* (internal citation omitted). Therefore, the Keene plaintiff was unable to assert a claim for medical malpractice claim against the examining physician. *Id.*; *see also Mero v. Sadoff*, 31 Cal. App. 4th 1466, 1471 (1995) (providing that, where a medical provider is retained by a third party to examine an individual and provide professional opinions to the third party, the provider cannot be liable to the individual for negligence in conducting the examination and making the report).

      Plaintiffs fail to allege the most basic element of a medical malpractice claim — that they entered into a consensual provider-patient relationship with STAT-MD. And a provider-patient relationship cannot be inferred from Plaintiffs' scant allegations concerning this Defendant. According to the Complaint, Plaintiffs never interacted with STAT-MD. *See* ECF Doc. 1 at ¶ 1084 (alleging that STAT-MD denied masking exemptions "without ever talking to the passenger and/or his/her physician"). Plaintiffs do not allege that STAT-MD ever participated in the diagnosis or treatment of any one of them. Rather, Plaintiffs have alleged only that STAT-MD provided a service to airlines by analyzing requests for masking exemptions and recommending whether those exemptions be granted or denied. Such conduct cannot qualify as medical care and cannot be used to create a provider-patient relationship. Without the prerequisite provider-patient relationship, STAT-MD cannot owe Plaintiffs a professional duty of care.

      Because STAT-MD's actions were not undertaken in the course of medical treatment, and fall outside of any provider-patient relationship, STAT-MD cannot be liable for medical malpractice. Therefore, Count 39 of Plaintiff's Complaint should be dismissed.

/ /

/ /

**C.   Count 20 of Plaintiffs' Complaint should be dismissed because Plaintiffs fail to allege a conspiracy or an intent to violate their civil rights.**

The remaining claim against STAT-MD is Count 20 for conspiracy to infringe on civil rights pursuant to 42 U.S.C. § 1985. In order to bring a claim under 42 U.S.C. § 1985(3), a plaintiff must show:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). But Section 1985 is not intended to apply to "all tortious, conspiratorial interferences with the rights of others" and cannot be utilized as a "general federal tort law." *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). Instead, a Section 1985 conspiracy requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Id. at 102.

As an initial matter, Plaintiffs' claimed disabilities do not place them in a class subject to a Section 1985 claim. Under Ninth Circuit law, a Section 1985 plaintiff must show that the courts have designated the class in question as a suspect or quasi-suspect classification "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection. *Sever,* 978 F.2d at 1536. Section 1985 does not apply to claims of discrimination on the basis of medical disability. "Disabled individuals do not constitute a 'class' within the meaning of section 1985(3)." *Serris v. Chastaine*,

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

No. 2:22-cv-0434-JAM-CKD PS 2022 WL 715115 (E.D. Cal. Mar. 10, 2022); see also *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped."); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176 (10th Cir. 1983) (concluding that a class of handicapped persons does not come within the provisions of Section 1983).

Even if disability came within the ambit of Section 1985, Plaintiffs' allegations nevertheless fail to show a conspiracy, let alone one aimed at discriminating against their alleged handicaps. Instead, Plaintiffs have provided only a formulaic recitation of a Section 1985 cause of action along with bare assertions of wrongdoing. As stressed by the Ninth Circuit, a mere allegation of conspiracy without factual specificity is insufficient. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiffs' Complaint provides a single allegation against STAT-MD for its involvement in the alleged conspiracy: "STAT-MD and MedAire have participated in the conspiracy by denying mask-exemption demands for their airline clients submitted by disabled passengers without speaking to the passenger or his/her doctor." ECF Doc. 1 at ¶ 895. This allegation is insufficient to render STAT-MD liable for a Section 1985 conspiracy. Plaintiffs do not allege facts to support an allegation that the Defendants entered into a conspiracy. Therefore, Count 20 of the Complaint fails to state a claim for conspiracy for which relief can be granted under Section 1985.

## IV.   CONCLUSION

Defendant STAT-MD is not subject to personal jurisdiction in this Honorable Court. Even if it were, Plaintiffs have nevertheless failed to state a viable claim against STAT-MD. Plaintiffs cannot assert a medical malpractice claim because they were not patients of STAT-MD and never received health care

1  services from STAT-MD. Plaintiffs cannot assert a Section 1985 conspiracy claim
2  because they have failed to allege any conspiratorial intent to deprive Plaintiffs of
3  their civil rights. Accordingly, this Defendant requests that Plaintiff's Complaint
4  as to STAT-MD be dismissed with prejudice.

Dated: June 14, 2022           Respectfully submitted,


By: *John C. Conti*
   John C. Conti
   Jeffrey J. Wetzel
   *(*admitted *pro hac vice)*
   Steven L. Ettinger
   *(*admitted *pro hac vice)*
   DICKIE, McCAMEY & CHILCOTE, P.C.

   -and-

By: _____
   Richard A. Lazenby
   Michael Cutler
   VICTOR RANE

   *Attorneys for Defendant*
   STAT-MD

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2)
AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

- 12 -