1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE, <br><br> Defendants. | Case No.: 2:22-cv-02383-SB-AS <br><br> **[PROPOSED] ORDER OF COURT GRANTING STAT-MD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)** |
|---|---|

|   |   |
|---|---|
| 1 | AND NOW, to wit, this _____ day of _____, 2022, |
| 2 | upon consideration of the Motion to Dismiss Plaintiffs' Complaint Pursuant to |
| 3 | Federal Rules 12(B)(2) and 12(B)(6) filed on behalf of STAT-MD, the opposition |
| 4 | of Plaintiffs thereto, and all other pleadings and documents properly before the |
| 5 | Court in this matter, it is hereby ORDERED, ADJUDGED and DECREED that |
| 6 | said Motion is GRANTED, and that Plaintiffs' claims against STAT-MD are |
| 7 | DISMISSED WITH PREJUDICE. |
| 8 | 1.   STAT-MD is not subject to personal jurisdiction in the State of |
| 9 | California.  STAT-MD is not subject to general jurisdiction in California because it |
| 10 | lacks contacts that are so constant and pervasive as to render it essentially at home |
| 11 | in the state. See *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). |
| 12 | STAT-MD is not subject to specific jurisdiction in California because the claims at |
| 13 | issue do not arise out of any contacts with this forum. See id.  Therefore, Plaintiffs |
| 14 | have failed to meet their burden of demonstrating that this Honorable Court may |
| 15 | exercise personal jurisdiction over STAT-MD. |
| 16 | 2.   Count 39 of the Complaint (Medical Malpractice) fails to state a claim |
| 17 | against STAT-MD.  A medical malpractice claim requires the existence of a |
| 18 | patient-provider relationship. See *Mero v. Sadoff*, 31 Cal. App. 4th 1466, 1471 |
| 19 | (1995).  STAT-MD provided a service to various airlines by analyzing requests for |
| 20 | masking exemptions and recommending whether those exemptions be granted or |
| 21 | denied.  STAT-MD's role in the mask exemption process did not create a patient- |
| 22 | provider relationship. See *Felton v. Schaeffer*, 229 Cal. App. 3d 229 (1991).  In the |
| 23 | absence of a provider-patient relationship, Plaintiffs cannot state a claim for |
| 24 | medical malpractice against STAT-MD.  Count 39 is dismissed with prejudice. |
| 25 | 3.   Count 20 of the Complaint (conspiracy to infringe on civil rights |
| 26 | pursuant to 42 U.S.C. § 1985) fails to state a claim against STAT-MD.  The |
| 27 | Complaint lacks any factual support to establish any of the elements of a Section |
| 28 | 1985(3) claim.  The Complaint fails to allege facts to support the conclusory |

1  allegation regarding the existence of a conspiracy. See *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). Count 20 is dismissed with prejudice.

Dated:

                                    Stanley Blumenfeld, Jr.
                                  United States District Judge