1  Richard A. Lazenby (State Bar No. 202105)
   Email: rlazenby@victorrane.com
2  Michael Cutler (State Bar No. 298875)
   Email: mcutler@victorrane.com
3  VICTOR RANE
   9350 Wilshire Blvd., Suite 308
4  Beverly Hills, California 90212
   Telephone: (310) 388-4849
5  Facsimile: (310) 388-4869

6  Attorneys for All Non-Government Defendants

7  AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11 URI MARCUS, YVONNE MARCUS,        )  Case No.: 2:22-cv-02383-SSS-AS
   AVROHOM GORDON, DEVORAH           )
12 GORDON & CINDY RUSSO,             )  **DEFENDANTS' JOINT CASE**
                                     )  **MANAGEMENT STATEMENT**
13            Plaintiffs,            )
                                     )  Date:        TBD
14       vs.                         )  Time:        TBD
                                     )  Courtroom:   2
15 CENTERS FOR DISEASE CONTROL       )  Dist. Judge: Hon. Sunshine S.
   & PREVENTION, DEPARTMENT OF       )               Sykes
16 HEALTH & HUMAN SERVICES,          )
   TRANSPORTATION SECURITY           )
17 ADMINISTRATION, JULIE             )
   CARRIGAN, ALASKA AIRLINES,        )
18 ALLEGIANT AIR, AMERICAN           )
   AIRLINES, DELTA AIR LINES,        )
19 FRONTIER AIRLINES, HAWAIIAN       )
   AIRLINES, SOUTHWEST AIRLINES,     )
20 UNITED AIRLINES, YETTO-BE-        )
   NAMED EMPLOYEES OF THE 8          )
21 AIRLINES, STAT-MD, & MEDAIRE,     )
                                     )
22            Defendants.            )
                                     )
23 _____ )

24       Defendants Alaska Airlines, Inc., American Airlines, Inc., Delta Air Lines,

25 Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., United Airlines, Inc. and

26 Frontier Airlines, Inc., Allegiant Air, LLC (collectively, the "Airline Defendants"),

27 MedAire, Inc., STAT-MD, Centers for Disease Control and Prevention,

28 Department of Health and Human Services, Transportation Security

_____
DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 2:22-CV-02383-SSS-AS

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Administration, Julie Carrigan in her official capacity, and Julie Carrigan in her individual capacity (collectively, the "Defendants"), hereby submit their Joint Case Management Statement pursuant to the Court's order dated June 24, 2022, ECF Nos. 103-104, as follows:

**a.     The Date the Case was Filed.**

On April 8, 2022, Plaintiffs (pro se) filed their 156-page Complaint to commence this case.

**b.     A List and Description of Each Party.**

<u>Plaintiffs</u>:

Uri Marcus; Yvonne ("Adi") Marcus; Avrohom Gordon; Devorah Gordon; and Cindy Russo.

<u>Defendants</u>:

The U.S. Centers for Disease Control and Prevention; The U.S. Department of Health and Human Services; The U.S. Transportation Security Administration; Julie Carrigan (in both her individual and official capacities); Alaska Airlines, Inc.; Allegiant Air, LLC; American Airlines, Inc.; Delta Air Lines, Inc.; Frontier Airlines, Inc.; Hawaiian Airlines, Inc.; Southwest Airlines Co.; United Airlines, Inc.; Medaire, Inc.; and STAT-MD.

**c.     A Summary of All Claims, Counterclaims, Crossclaims, or Third Party Claims.**

This litigation relates to the public transportation mask order ("Mask Order") and the international traveler testing order ("Testing Order") issued by the Centers for Disease Control and Prevention ("CDC").  CDC issued the orders to address the COVID-19 global pandemic, which "pose[d] one of the greatest threats to the operational viability of the transportation system and the lives of those on it seen in decades." *Corbett v. TSA*, 19 F.4th 478, 480 (D.C. Cir. 2021).  Ten days after Plaintiffs filed this case, a federal district judge in Tampa, Florida issued a decision vacating the Mask Order.  *Health Freedom Def. Fund, Inc. v. Biden*, Case

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138 (M.D. Fla. April 18, 2022). The judge ruled that the CDC acted unlawfully in issuing the Mask Order.  That decision has been appealed by the federal government, and another judge in the same district eleven days later ruled that both the Mask Order and the Testing Order were lawful.  *Wall v. CDC*, Case No. 6:21-cv-00975-PGB-DCI, 2022 WL 1619516 (M.D. Fla. April 29, 2022) (also on appeal).  On June 10, 2022, CDC rescinded the Testing Order effective June 12, 2022.

Although Plaintiffs currently are able to fly into and throughout the United States without a mask and without testing, they are pursuing this litigation, presumably in part to obtain a damages award against certain of the Defendants because of their implementation of the Mask Order and, prior to February 2021, the airlines' own individual mask policies.  However, none of Plaintiffs' legal theories is viable.  To the extent Plaintiffs claim that they have been unlawfully discriminated against by the Airline Defendants because they were required to wear a mask on flights, their exclusive avenue of relief is to file a complaint under the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA") with the U.S. Department of Transportation ("DOT") pursuant to 14 C.F.R. Part 382.  "The ACAA is enforced" by a person filing "a complaint with [DOT] about an alleged regulatory violation."  *Gilstrap v United Air Lines, Inc.*, 709 F.3d 995, 1001 (9th Cir. 2013) (citing 49 U.S.C. § 46101(a)).  If Plaintiffs assert that the DOT has not properly responded to their administrative complaints, their sole option is to timely file a petition for review with the appropriate Circuit Court under 49 U.S.C. § 46110.  However, Plaintiffs may not pursue their claims in this forum.

Plaintiffs also assert medical malpractice claims against defendants MedAire and STAT-MD despite the lack of medical treatment provided to Plaintiffs.

For the reasons set forth in the pending motions to dismiss filed by the Airline Defendants (ECF No. 86), by MedAire (ECF No. 92), by STAT-MD (ECF No. 95), and by Julie Carrigan (in her official capacity), the CDC, the U.S.

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Department of Health and Human Services, and the Transportation Security Administration ("Federal Defendants") (ECF No. 97), the other claims asserted by Plaintiffs fail to properly state a claim for which relief may be granted.

Defendant Carrigan is not sued in connection with the implementation of the Mask and Testing Orders.  But in her individual capacity, Defendant Carrigan is sued for damages on one count in the Complaint by one plaintiff (Uri Marcus).  *See* Compl., ECF No. 1, at p. 120, ¶¶ 889-90, Part S (asserting, as Nineteenth Cause of Action, an individual-capacity claim for damages against Defendant Carrigan under the First Amendment pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).  Plaintiff Uri Marcus alleges that Defendant Carrigan revoked his TSA PreCheck status as retaliation for his filing an earlier lawsuit relating to the Mask Order. *See* Compl. at pp. 15-18, ¶¶ 108-27, 135-44.  As discussed below, Defendant Carrigan's deadline for responding to the Complaint, in her individual capacity, is August 2, 2022.

### d.   A Brief Description of the Events Underlying the Action.

Plaintiffs are part of a coalition called Americans Against Mask Mandates, and allege that they were improperly required to wear a mask onboard flights to, from, and within, the United States during 2020, 2021, and the first part of 2022, and that they were subject to the Testing Order.  On June 13, 2022, the Airline Defendants filed a motion to dismiss the Complaint and action.  ECF No. 86.  On June 14, 2022, defendants MedAire and STAT-MD filed their respective motions to dismiss.  ECF Nos. 92 and 95.  On June 17, 2022, the Federal Defendants filed a motion to dismiss.  ECF No. 97.  All of the motions to dismiss are pending; Plaintiffs have yet to file their opposition briefs; and the noticed hearing date of July 29, 2022 has been vacated.  Defendants have noticed a new hearing date of September 30, 2022 (ECF Nos. 107, 110, 113 and 114) and Plaintiffs have filed a request to move it to September 28 or 29, 2022, which is pending (ECF No. 115).

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

e.     **A Description of the Relief Sought and the Damages Claimed with an Explanation as to How Damages have been (or will be) Computed.**

The Complaint alleges that the Airline Defendants are liable for hundreds of thousands of dollars or more in damages to Plaintiffs (ECF No. 1, Prayer for Relief, ¶¶ 33-44), and seeks compensatory and punitive damages against the other non-government defendants and against Julie Carrigan in her individual capacity. *Id.* ¶¶ 32, 45-46.  Plaintiffs also seek declaratory and injunctive relief setting aside the Mask Order and the Testing Order as unlawful.  Defendants deny Plaintiffs are entitled to any of the relief requested against them.

f.     **The Status of Discovery, Including any Significant Discovery Management Issues, as well as any Limits or Cutoff Dates.**

To date, there has been no initial scheduling conference or discovery exchanged by the parties.  The position of the Airline Defendants, MedAire, STAT-MD, and the Federal Defendants is that discovery should be stayed until after a ruling on their pending motions to dismiss.  Courts have broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of Settle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citation and internal quotation marks omitted).  "[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility. It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.* (citation and internal quotation marks omitted); *United States v. Dynamic Medical Systems LLC*, 2020 WL 3035219, *6 (E.D. Cal. June 5, 2020) (due to the "fact that allowing discovery

to proceed could result in undue burden, expense, and discovery disputes, the Court finds good cause to continue the scheduling conference and stay discovery to allow the pending motion to dismiss to be decided").  "While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause." *Estate of Jackson v. Modesto*, 2021 WL 5989754, *2 (E.D. Cal. Dec. 17, 2021) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  "In evaluating a request to stay discovery, federal district courts in California . . . have applied a two-part test when evaluating such a request for a stay." *Id*. (citing *Mlejnecky v. Olympus Imaging Am., Inc.,* 2011 WL 489793, *6 (E.D. Cal. Feb. 7, 2011); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending a resolution of R. 12(b)(6) motion to dismiss).  "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending potentially dispositive motion can be decided absent additional discovery." *Modesto*, at *2.

In this case, discovery should be stayed given the serious issues raised in the Defendants' motions to dismiss.  None of Plaintiffs' legal theories are viable.   To the extent Plaintiffs claim that they have been unlawfully discriminated against by the Airline Defendants because they were required to wear a mask on flights, their exclusive avenue of relief is to file a complaint under the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA") with the DOT pursuant to 14 C.F.R. Part 382.   In addition, none of the specific claims raised by Plaintiffs has merit.  Moreover, neither of Plaintiffs' claims against MedAire is viable because MedAire did not have any involvement or interaction with Plaintiffs; nor are Plaintiffs' claims against STAT-MD viable because no medical treatment was provided to Plaintiffs. Further as to Plaintiffs' claims against MedAire and STAT-MD, Plaintiffs are not

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

1  part of a class entitled to 42 U.S.C. §1985(3) protections and have not articulated

2  any viable basis for the medical malpractice claim; and Plaintiffs' state law claim

3  is preempted by the Airline Deregulation Act.  Further, this Court does not have

4  personal jurisdiction over MedAire or STAT-MD for the claims asserted in the

5  Complaint.

6      The Federal Defendants also state that discovery as to them would be

7  inappropriate at any stage of these proceedings because Plaintiffs' claims against

8  them are to be decided on an administrative record.  *See* Fed. R. Civ. P.

9  26(a)(1)(B)(i) (exempting "an action for review on an administrative record" from

10  initial disclosure obligations); Fed. R. Civ. P. 26(f)(1)–(3) (exempting such actions

11  from the requirement to confer and develop a proposed discovery plan).  Most of

12  Plaintiffs' 18 claims against the federal government invoke the Administrative

13  Procedure Act ("APA") to challenge the Mask Order and Testing Order as

14  unlawful, arbitrary, and improperly promulgated without notice and comment

15  (Causes of Action 1–3, 9–13, 16–17).  Judicial review under the APA "is

16  ordinarily limited to evaluating the agency's contemporaneous explanation in light

17  of the existing administrative record."  *Dep't of Commerce v. New York*, 139 S. Ct.

18  2551, 2573 (2019); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–

19  44 (1985) ("[T]he task of the reviewing court is to apply the appropriate APA

20  standard of review to the agency decision based on the record the agency presents

21  to the reviewing court.") (internal citation omitted).  That record is compiled and

22  certified by the government, *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th

23  Cir. 2010), and discovery is generally unavailable to supplement it, *Common Sense

24  Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 1992) ("[B]ecause a

25  court's review of an agency's decision is confined to the administrative record . . .

26  courts uniformly have held that discovery typically is not permitted.").

27      Plaintiffs' claim invoking the Congressional Review Act ("CRA") and their

28  constitutional claims invoking the separation of powers (Causes of Action 5 and

14), the Tenth Amendment (6), the Fifth Amendment (7), the freedom to travel (8 and 15), and the First Amendment (18), do not provide them a means of circumventing the record-review limitation.  *See Harkness v. Sec'y of Navy*, 858 F.3d 437, 451 & n.9 (6th Cir. 2017) (holding that "there is no general bar to reviewing constitutional claims on an administrative record" and that an "Establishment Clause claim is properly reviewed on the administrative record"); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F.Supp.2d 1, 10 (D.R.I. 2004) ("The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on . . . constitutional deficiencies was entitled to broad-ranging discovery.").  In any event, the Federal Defendants have moved to dismiss with prejudice Plaintiffs' CRA and constitutional claims, except for the two separation of powers claims. ECF No. 97.  The granting of that motion would obviate any question about whether Plaintiffs are entitled to discovery on those claims.  And the remaining separation-of-powers claims present pure questions of law—*i.e.*, whether the scope of CDC's authority under the Public Health Service Act constitutes an unconstitutional delegation of legislative power—that discovery would not help to answer.  Indeed, discovery has not been authorized in any of the 17 other challenges to the Mask Order or Testing Order filed in other district courts.

As discussed below, Defendant Carrigan, in her individual capacity, was only served with the complaint on June 3, and thus has until August 2, 2022, to respond to the Complaint.  She should not be subjected to discovery during this preliminary stage of the case or during the pendency of her forthcoming motion to dismiss, which will seek dismissal based on, *inter alia*, qualified immunity, which is an immunity from suit.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 685-86

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

(2009).

> **g.      A Procedural History of the Case, including the Dates and Outcomes of any Previous Motions that were Decided or Submitted, any ADR Proceedings or Settlement Conferences that have been Scheduled or Concluded, any Appellate Proceedings that are Pending or Concluded, and any Previous Referral to a Magistrate Judge.**

The case was filed on April 8, 2022 and is in preliminary stages.  On June 13, 2022, the Airline Defendants filed a motion to dismiss the Complaint and action.  ECF No 86.  MedAire and STAT-MD similarly filed their own motions to dismiss the Complaint and action on June 14, 2022, and the Federal Defendants filed a motion to dismiss on June 17, 2022. ECF Nos. 92, 95, 97.  Each of these Defendants noticed their motions for a hearing on July 29, 2022.   That date has been vacated.  ECF Nos. 103-104.  A new hearing date of September 30, 2022 has been noticed by Defendants, and Plaintiffs ask that it be moved to September 28 or 29.  ECF No. 115.

> **h.      A Description of any Deadlines in Place before Reassignment that shall Remain in Effect Pursuant to this Order, including those for Dispositive Motions, Pretrial Conferences, and Trials, any Requested Modification of these Dates, and the Reasons for any such Request.**

Based on the original (now vacated) hearing date of July 29, 2022, on the motions to dismiss, Plaintiffs' deadline to file an opposition to the motions to dismiss filed by the Airline Defendants, Medaire and STAT-MD was July 8, 2022, and those Defendants' deadline to file a reply brief in support of their motion to dismiss was July 15, 2022.

As stated in a joint stipulation later approved by the Court, *see* ECF Nos. 96, 98, Defendant Carrigan, in her individual capacity, was served with process on June 3, and, thus, must respond to the complaint no later than August 2, 2022.

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

**i.   Proposed Dates for any Pretrial Conferences and Trial Dates that were Vacated Pursuant to this Order, and any Proposed Trial Dates shall be no sooner than October 3, 2022.**

The initial scheduling conference had been scheduled for July 29, 2022, but that date was vacated.  There were no proposed dates for a pretrial conference or trial.  The Federal Defendants state that sovereign immunity bars a trial by jury on the claims against them.  *See Lehman v. Nakshian*, 453 U.S. 156, 164–65 & n.13 (1981) ("[T]he plaintiff has a right to a trial by jury only where that right is one of the terms of the Government's consent to be sued."); *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009) (noting that the APA does not "provide a right to a trial by jury").

**j.   Whether the Parties will Consent to a Magistrate Judge for Trial.**

None of the Defendants consents to trial before a magistrate judge.

**k.   Whether there Exists an Immediate Need for a Case Management Conference to be Scheduled in the Action, and why the Parties Believe Such a Need Exists.**

The Airline Defendants, MedAire, and STAT-MD seek a timely ruling on their pending motions to dismiss but do not believe there exists an immediate need for a case management conference.  The Federal Defendants and Defendant Carrigan in her individual capacity agree that there is no need for a case management conference at this time.

**l.   A Plain and Specific Statement of any Immediate Relief Sought, if Applicable, Regarding the Case Schedule.**

The Defendants do not seek any immediate relief with regard to the case schedule.

**m.   Any Other Information Relevant to the Reassignment of the Case.**

The Defendants do not have any other information relevant to the reassignment of the case.

/ /

---

Dated: July 7, 2022                    Respectfully submitted,


By: */s/ Richard A. Lazenby*
    Richard A. Lazenby
    Michael Cutler
    VICTOR RANE

    *Attorneys for Defendants*
    Alaska Airlines, Inc.;
    American Airlines, Inc.;
    Delta Airlines, Inc.;
    Hawaiian Airlines, Inc.;
    Southwest Airlines Co.;
    United Airlines, Inc.;
    Frontier Airlines, Inc.;
    Allegiant Air, LLC;
    MedAire, Inc.; and
    STAT-MD


By: */s/ M. Roy Goldberg*
    M. Roy Goldberg
    (*Admitted Pro Hac Vice*)
    Email: roy.goldberg@stinson.com
    STINSON LLP
    1775 Pennsylvania Avenue, N.W., Suite 800
    Washington, D.C. 20006
    Telephone: (202) 728-3005

    *Attorneys for Defendants*
    Alaska Airlines, Inc.;
    American Airlines, Inc.;
    Delta Airlines, Inc.;
    Hawaiian Airlines, Inc.;
    Southwest Airlines Co.; and
    United Airlines, Inc.


By: */s/ Brian T. Maye*
    Brian T. Maye
    (*Admitted Pro Hac Vice*)
    Email: bmaye@amm-law.com
    ADLER MURPHY & MCQUILLEN LLP
    20 S. Clark Street, Suite 2500
    Chicago, IL 60603
    Telephone: (312) 422-5713

    *Attorneys for Defendants*
    Frontier Airlines, Inc.; and
    Allegiant Air, LLC

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

1

2    By: /s/ Barry S. Alexander

3        Barry S. Alexander
         (*Admitted Pro Hac Vice*)
4        Email: balexander@schnader.com
         Brittany Wakim
5        (*Admitted Pro Hac Vice*)
         Email: bwakim@schnader.com
6        SCHNADER HARRISON SEGAL &
         LEWIS LLP
7        140 Broadway, Suite 3100
         New York, NY 10005
8        Telephone: (212) 973-8099

9        *Attorneys for Defendant*
         MedAire, Inc.

10

11   By: /s/ John C. Conti

12       John C. Conti (State Bar No. 118824)
         Email: jconti@dmclaw.com
13       Jeffrey J. Wetzel
         (*Admitted Pro Hac Vice*)
14       Email: jwetzel@dmclaw.com
         Steven L. Ettinger
15       (*Admitted Pro Hac Vice*)
         Email: settinger@dmclaw.com
16       DICKIE, McCAMEY & CHILCOTE, P.C.
         2 PPG Place, Suite 400
17       Pittsburgh, PA 15222
         Telephone: (414) 392-5617

18       *Attorneys for Defendant*
         STAT-MD

19

20   By: /s/ Brian M. Boynton

21       BRIAN M. BOYNTON
         Principal Deputy Assistant Attorney General

22       TRACY WILKISON
23       United States Attorney

24       ERIC B. BECKENHAUER
         Assistant Branch Director

25

26

27

28

By: */s/ Johnny H. Walker*
STEPHEN M. PEZZI
ANDREW F. FREIDAH
JOHNNY H. WALKER
MICHAEL J. GERARDI
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 514-3183
Email: johnny.h.walker@usdoj.gov

*Attorneys for Defendants*
Centers for Disease Control and Prevention;
Department of Health and Human Services;
Transportation Security Administration; and
Julie Carrigan (official capacity)

By: */s/ Jeremy S. Brumbelow*
Jeremy S. Brumbelow
Email: jeremy.brumbelow@usdoj.gov
US Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-4330
*Attorneys for Defendant*
Julie Carrigan (individual capacity)

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849