| | |
|---|---|
| **URI MARCUS**<br>P.O. Box 126<br>Ojai, CA 93024<br>Telephone: 909-833-0065<br>email: uri@ntcf.org<br><br>*Pro Se* | |

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>                        Plaintiffs,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>                        Defendants, | Case No.: 2:22-cv-02383-SSS-ASx<br><br>**PRO SE PLAINTIFFS'**<br>**JOINT CASE MANAGEMENT**<br>**STATEMENT**<br><br><br><br>Hearing Date: **July 29, 2022**<br>Time: **8:30 a.m.**<br>**VACATED** *[ECF 104 at 7]*<br>New Hearing Date: **TBD**<br>Courtroom: **2**<br>**The Hon. Sunshine Suzanne Sykes** |

*Case # 2:22-cv-02383-SSS-ASx*       -1-       PRO SE PLAINTIFFS' JOINT CASE MANAGEMENT STATEMENT

# PRO SE PLAINTIFFS'
# JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Hon. Judge Sunshine Sykes' order set forth in ECFs 103-104 at 7, that "separate statements are only appropriate if any party is proceeding without counsel," Plaintiffs pro se hereby present the elements of their Case Management Statement, as follows:

**A. The date our case was filed:**

1. Plaintiffs' case was filed on April 8th, 2022.

**B. Description of each Plaintiff:**

2. Uri and Yvonne Marcus, husband and wife, are U.S. citizens who reside at Shmu'el Lupo 6/18, Jerusalem, Israel 9355006. They maintain both a residential and a business address in California. Yvonne is native American (Lipan-Apache) and also of Sephardic Jewish descent, and a native Californian. In Israel, Mrs. Marcus in also known as "Adi Marcus" — her legal Hebrew name on her Israeli passport — to her physicians, friends, family and Israel government authorities. Uri is Jewish and also a native Californian. Their business and mailing address in the United States is P.O. Box 126, Ojai, CA 92034. They are travelers who were subject to the FTMM, ITTR and the airlines' mask policies. Both are amongst the 61 million Americans who live with a disability and both hold medical exemptions from mask wearing, issued by their family physicians.

3. Plaintiffs Avrohom Gordon and Devorah Gordon, husband and wife, reside at 2251 State Route 222, New Richmond, OH 45157. They were travelers subject to the FTMM and the airlines' mask policies. As religious people, they know that it cannot be that the interpretation of the Constitution contradicts (a) the reasons the founding fathers came here to declare independence and (b) the

way they live their lives. The rights granted to all humanity by The Creator is within the very fabric upon which the Constitution is based. The FTMM and airlines' mask policies have taken us off the path that our laws intended to pave. It is the duty of the courts to place us back onto that path — enshrined by the Constitution, as intended by our founding fathers, as well as by the laws already enacted by Congress — which protects our freedoms.

4. Plaintiff Cindy Russo resides at 22485 Breakwater Way, Santa Clarita, CA 91350. She was a traveler subject to the FTMM and the airlines' mask policies, and was unable to travel because of the FTMM, owing to her long term physical, mental, intellectual and sensory impairments which hinder her full and effective participation in society, equally with others. When she did travel, Cindy was on numerous occasions a victim of Defendants' discriminatory mask policies when she was forced against her will to don masks, which was extremely harmful to her health, because she suffers from claustrophobia, Post-Traumatic Stress Disorder ("PTSD") and massive anxiety. She medically could NOT safely wear a face mask. She also missed important personal as well as work-related events as a result of Defendants' discrimination vis-à-vis her disability. Her doctor has provided her with an medical exemption from wearing a mask.

## C. A summary of all claims:

5. Your Honor, Defendants conspired and violated our civil rights forcing us to wear masks on airplanes when they knew we had disabilities that prevented us from compliance to their unlawful demands, in breach of their contracts and without any statutory authority. We can do no better than present the following concise condensed statement that summarizes our 156 page Complaint with THIRTY-NINE separate Causes of Action, for the purposes of this Case Management Statement: "Plaintiffs believe that no threat to the operational viability of the national transportation system can ever justify the

contravention of laws that have protected American freedoms for hundreds of years. Our lawmakers always work WITHIN existing laws to meet the challenges of any existential threat. Defendants, on the other hand, turned a blind eye to our laws in the wake of a threatening viral outbreak." See Complaint, ¶¶ 723-1087.

**D.  A brief description of the events underlying the action:**

6. Because of the FTMM, numerous state, local and regional transportation agencies were told to enforce a federal mandate that was in direct conflict with the laws and policies of all 50 states that prohibited mask mandates or did not require face coverings.

7. The FTMM and ITTR were improper, illegal and unconstitutional exercises of executive authority. The mask mandate and testing requirement were procedurally defective because the Federal Defendants adopted them without following the APA's notice-and-comment requirements or considering the impact on tens of thousands of disabled travelers such as ourselves. They also ignored countless scientific and medical studies and articles showing that face masks are ineffective in reducing corona virus spread but instead are harmful to human health in at least 68 ways.

8. They have illegally discriminated against flyers with disabilities by refusing to grant mask exemptions and/or requiring such an onerous exemption process that made it nearly impossible for those of us medically unable to safely cover our face to obtain a waiver.

9. Even when granted exemptions, the Airline Defendants created a new class of travelers relegated to travel only in seats located at the back of the aircraft, as if we were lepers with confirmed communicable diseases who must be segregated from all others. This despite the fact that they further illegally mandated us to submit multiple negative COVID-19 tests, which confirmed that mask-exempt passengers were virus-free. No one else had to be tested.

10. All Defendants have illegally failed to give passengers – whether disabled or not – our legally guaranteed option under the Food, Drug, & Cosmetic Act ("FDCA") to refuse to use a medical device (face mask) not approved by HHS' Food & Drug Administration ("FDA") or allowed only under an Emergency Use Authorization ("EUA").

11. In mandating masks for all passengers, the Airline Defendants have violated the Rehabilitation Act ("RA"), Air Carrier Access Act ("ACAA"), international law, California law and their contracts with passengers – especially when it comes to illegally discriminating against travelers with disabilities who can't safely or medically tolerate wearing a face covering, with first a complete ban and then arduous exemption requirements that were not supported by law.

12. Making this matter worse is that the airlines' regulatory agency, the Department of Transportation ("DOT"), gave them guidance that actually supported their illegal behavior, instead of regulating and enforcing the airlines' to comply with existing law.

13. The Airline Defendants illegally required face coverings for 20 months or so, not only on board their property (aircraft) but also in public areas of airports they do not own or control. They have all claimed that masking was a "federal law" when Congress has never enacted any such statute.

14. The Court must stop Airline Defendants from ever again discriminating against flyers with disabilities and force them to follow the RA, ACAA, the Unruh Act and other laws, in light of the fact that the DOT utterly failed and refused to do their job, even to this day.

15. For details, see Complaint, ¶¶ 1-19.

## E. **A description of the relief sought and the damages claimed with an explanation as to how damages have been computed:**

16. The taking away of a person's civil rights and denying them the ability to fly and the ability to live like normal persons free from discrimination against them, that Defendants justified on the basis of fear alone without any data or science to support or warrant their "in-your-face" discrimination, negates our priceless guaranteed rights, because our laws simply do not allow anyone to remove those civil rights. It is the worst thing in the world to happen to Citizens of these United States. The reason we wrote "$100,000 per incident" is because there has to be some kind of symbolic price attached to the mountainous wrongs Defendants perpetrated upon us as disabled Americans, that can be accepted today. Our rights are guaranteed by the Constitution itself and our enacted laws, and we are a nation that has always prided itself as a nation governed by the rule of law. Our rights therefore, are worth far more to us that the monetary value we declared in our Complaint. However, we do realize that this honorable Court is going to want to cap our figures for relief, and so we feel that $100,000 per incident will be enough to represent a minimum symbolic gesture to the Airline Defendants that they should not have engaged in the wholesale removal of civil rights from American Citizens, nor should they have been permitted to discard at will dozens of laws that protected our freedoms for decades and in some cases hundreds of years, and replace them with their own imaginary laws.

17. For a complete breakdown and explanation of our damages, see Complaint, Section VI, ¶¶ 1-49.

18. Under the Unruh Act, Defendants should be held liable "for each and every offense for the actual damages, and any amount . . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." CAL. CIV. CODE § 52(a)

**F. The status of Discovery:**

19. The parties have not satisfied our meet and confer obligations under Federal Rule of Civil Procedure 26(f) and L.R. 26-1. Consequently, there is no agreement with respect to any of the elements of a discovery plan, nor has there been any discussion or consideration of discovery to date. It should be noted that Plaintiffs have a strong desire to move forward into discovery immediately after filing our opposition briefs to Defendants' motions to dismiss.

## G. A procedural history of the case, including the dates and outcomes of any previous motions that were decided or submitted:

20. [Procedural History]

| Date | ECF # | Event | Outcome |
|---|---|---|---|
| Apr 08 | 1 | COMPLAINT filed | n/a |
| Apr 08 | 2-23 | Summons Issued | n/a |
| Apr 11 | 24 | NOTICE OF ASSIGNMENT to District Judge John W. Holcomb | n/a |
| Apr 19 | 26 | NOTICE OF ASSIGNMENT to Judge Stanley Blumenfeld, Jr and Magistrate Judge Alka Sagar | n/a |
| Apr 20 | 31 | APPLICATION for Pro Se Electronic Filing | **GRANTED** |
| May 6-9 | 33-42 | WAIVERS OF SERVICE filed by Plaintiffs | n/a |
| May 9 | 52-57 | PROOFS OF SERVICE Executed by Plaintiffs | n/a |
| Jun 13 | 86 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant Airlines. Motion set for hearing on 7/29/2022 at 08:30 AM | **VACATED** |
| Jun 14 | 88 | ORDER SETTING MANDITORY SCHEDULING CONFERENCE by Judge Stanley Blumenfeld, on July 29 at 8:30 AM | **VACATED** |
| Jun 14 | 92 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Medical Defendants. Motion set for hearing on 7/29/2022 at 08:30 AM | **VACATED** |
| Jun 17 | 97 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Federal Defendants. Motion set for hearing on 7/29/2022 at 08:30 AM | **VACATED** |

| | | | |
|---|---|---|---|
| Jun 21 | 99 | ORDER for the CREATION OF THE CALENDAR of Judge Sunshine Suzanne Sykes. Case transferred to Judge Sykes | **XFERED** |
| Jun 23 | 101 | NOTICE OF MOTION AND MOTION for **Extension of Time** to File OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS | **DENIED** as moot, ECF 109. |
| Jun 23 | 102 | REQUEST to Reschedule JULY 29 2022 SCHEDULING CONFERENCE by PRO SE PLAINTIFFS | **DENIED** as moot, ECF 109 |
| Jun 24 | 103-104 | REASSIGNMENT ORDER by Judge Sunshine Suzanne Sykes | n/a |
| Jun 25 | 105 | **REQUEST to Exceed Page Limitation** for OPPOSITION TO AIRLINE DEFENDANTS MOTIONS TO DISMISS | **DENIED** as moot, ECF 109. |
| Jun 27 | 106 | NOTICE TO FILER OF DEFICIENCIES on ECF 105: [Proposed] Order missing. | **Lodged in ECF 108** |
| Jun 14 | 107 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Medical Defendants. Motion set for hearing on 9/30/2022 at 2:00 PM | **PENDING** |
| Jun 29 | 108 | NOTICE OF LODGING filed by PRO SE PLAINTIFFS to remedy Deficiency in Electronically Filed Documents, ECF 105. | No ruling as of JUL 3 |
| Jun 29 | 109 | ORDER (IN CHAMBERS) RE: MOTION 101, 102 & 105 by Judge Sunshine Suzanne Sykes | **DENIED** as moot |
| Jun 30 | 110 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Federal Defendants. Motion set for hearing on 9/30/2022 at 2:00 PM | **PENDING** |
| Jun 30 | 113 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Airline Defendants. Motion set for hearing on 9/30/2022 at 2:00 PM | **PENDING** |
| Jun 30 | 114 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Medical Defendants. Motion set for hearing on 9/30/2022 at 2:00 PM | **PENDING** |
| Jul 4 | 115 | REQUEST to Reschedule HEARING DATE; RE: Defendants' Motions To Dismiss to 9/28 or 9/29 | **PENDING** |
| Jul 7 | 116 | Defendants file Case Management Statement | n/a |
| Jul 8 | 117 | Pro se Plaintiffs file Case Management Statement | n/a |

H. **A description of any other deadlines in place before reassignment that shall remain in effect pursuant to this Order, including pretrial conferences, any requested modification of these dates, and the reasons for any such request:**

21. In ECF 102, which was **DENIED** as moot, we requested that the Scheduling Conference set for July 29th 2022, be rescheduled to any day after August 8, 2022, but NOT on any Friday. Plaintiffs CANNOT DO FRIDAYS DUE TO RELIGIOUS REASONS, owing to Shabbat laws and restrictions. We are available on any other day of the week except Fridays.

22. Moreover, as we approach the Jewish High Holiday season this year, Plaintiffs would be unable to attend a scheduling conference or hearing on September 25-27 *[Rosh Ha'Shana]*, October 4-5 *[Yom Kippur]*, October 9-11 or October 16-18 *[Sukkot]*, in addition to any Friday.

I. **Any proposed dates for any pretrial conferences vacated pursuant to this Order:**

23. For the Scheduling Conference, we propose any date that pleases the Court from the 8th of August, 2022 going forward, that is NOT a Friday.

24. For the hearing on Defendants' motions to dismiss, we have proposed Wednesday, September 28, or Thursday, September 29 at 8:30 am PDT, and as late as 1:00 pm PDT on either day, if this honorable Court is willing to hold arguments on a day other than on a Friday. We have conferred with opposing counsel and they are not opposed to our proposition.

J. **Do the parties consent to a magistrate judge for trial:**

25. Plaintiffs are declining at this time to proceed before a Magistrate Judge for the trial.

**K. Whether there exists an immediate need for a case management conference to be scheduled in the action:**

26. There does NOT appear to exist at this time any immediate need for a case management conference to be scheduled in this action, other than the dates mentioned about in Paragraphs 23 and 24 above.

**L. Immediate relief sought:**

27. No immediate relief is sought in this case.

**M. Other information relevant to the reassignment of the case:**

28. Plaintiffs submitted corrections to DEFICIENCIES in ECF 108 which had earlier been **DENIED** as moot, in ECF 105. Plaintiffs still request an extension of pages for our opposition brief. We have conferred with opposing counsel and they do not oppose.

29. Defendant Attorneys' Joint Case Management Statement filed on July 7 [ECF 116], contained little to no case management planning at all. It turned out instead to be another Motion to Dismiss and a Motion to Stay Discovery, disguised as a JCMS, which should be stricken, as they have already filed such a motion — which remains pending — and anticipate filing the other Motion to Stay sometime down the road. Plaintiffs' Case Management Statement, being the only one filed, should be accepted by the Court, if it so pleases the Court.

30. One final bit of information that this honorable Court should consider as relevant to the reassignment of this case, since Defendant Attorneys opened the door, follows: THREE times Defendant Attorneys mentioned in their JCMS that "None of Plaintiffs' legal theories are viable." Your Honor, we are not obtuse. We are real flesh and blood human beings who were severely and irreparably damaged and harmed in unimaginable ways that cannot even be

articulated in words, by culpably careless unauthorized lawmakers — the Defendants — who used horrific, illegal, wild-wild-west and on-the-fly tactics to usurp, enforce and impose upon all disabled Americans, counterfeit dominance as they saw fit, without a scintilla of real statutory authority that might have otherwise empowered them to do so. Not only are our legal theories viable, but each and every one of them are enshrined and rooted in existing law.

31. If the DOT had come to our aid as they were commissioned by Congress to do, but did NOT, this lawsuit would not have been filed. If the DOT has issued AN ORDER to which we objected, WHICH THEY NEVER DID, we would have filed a timely petition for review with the appropriate Circuit Court under 49 U.S.C. § 46110.

32. However, 49 U.S.C. § 46110 (e) clarifies that "…if there exists reasonable grounds for [Plaintiffs] not making the objection" — namely that the DOT has failed to issue any order to object to, to this day some SIX months later — "in the proceeding [conducted by the DOT]," against which, an objection might have otherwise been made by Plaintiffs, then indeed "**the court may consider an objection**" to the fact that DOT entirely failed in its duty to provide a remedy. Accordingly, Plaintiffs believe that under those circumstances, we may pursue our claims in this forum, and pray this honorable Court grant us the same, because the alternative of having no remedy at all, is simply unthinkable.

33. Plaintiffs also wish to make it clear that at filing, and in moving forward, we have WAIVED and will WAIVE OUR RIGHTS TO A JURY TRIAL in this action.

/ /

/ /

/ /

/ /

/ /

Respectfully submitted this 8th day of July 2022.

By: /s/ *Uri Marcus*

Uri Marcus, lead plaintiff, *Pro-Se*
P.O. Box 126
Ojai, CA 93024
Telephone: 909-833-0065
E-Mail: uri@ntcf.org

By: /s/ *Yvonne Marcus*

Yvonne Marcus, plaintiff, *Pro-Se*
P.O. Box 126
Ojai, CA 93024
Telephone: 909-833-0065
E-Mail: adi@ntcf.org

By: /s/ *Avrohom Gordon*

Avrohom Gordon, plaintiff, *Pro-Se*
2251 State Route 222
New Richmond, OH  45157
Telephone: 513-734-1770
gordon.avrohom@gmail.com

By: /s/ *Devorah Gordon*

Devorah Gordon, plaintiff, *Pro-Se*
2251 State Route 222
New Richmond, OH  45157
Telephone: 513-734-1770
devorahlgordon@gmail.com

By: /s/ *Cindy Russo*

Cindy Russo, plaintiff, *Pro-Se*
22485 Breakwater Way
Santa Clarita, CA  91350
Telephone: 908-797-8066
cjrz123@gmail.com

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.