| | |
|---|---|
| 1 | Richard A. Lazenby (State Bar No. 202105)<br>Email: rlazenby@victorrane.com |
| 2 | Michael Cutler (State Bar No. 298875)<br>Email: mcutler@victorrane.com |
| 3 | VICTOR RANE<br>9350 Wilshire Blvd., Suite 308 |
| 4 | Beverly Hills, California 90212<br>Telephone: (310) 388-4849 |
| 5 | Facsimile: (310) 388-4869 |
| 6 | *Attorneys for All Airline Defendants* |
| 7 | M. Roy Goldberg (Admitted *pro hac vice*)<br>Email: roy.goldberg@stinson.com |
| 8 | STINSON LLP<br>1775 Pennsylvania Avenue, N.W., Suite 800 |
| 9 | Washington, D.C. 20006<br>Telephone: (202) 728-3005 |
| 10 | *Attorneys for Defendants* |
| 11 | *Alaska Airlines, Inc.,*<br>*American Airlines, Inc.,* |
| 12 | *Delta Airlines, Inc.,*<br>*Hawaiian Airlines, Inc.,* |
| 13 | *Southwest Airlines Co., and*<br>*United Airlines, Inc.* |
| 14 | -and- |
| 15 | |
| 16 | Brian T. Maye (Admitted *pro hac vice*)<br>Adler Murphy & McQuillen LLP |
| 17 | 20 S. Clark Street, Suite 2500<br>Chicago, IL 60603 |
| 18 | 312-422-5713<br>bmaye@amm-law.com |
| 19 | *Attorneys for Defendants* |
| 20 | *Frontier Airlines, Inc.*<br>*Allegiant Air, LLC* |

21     UNITED STATES DISTRICT COURT

22     CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 23 | URI MARCUS, YVONNE MARCUS, ) | Case No.: 2:22-cv-02383-SSS-AS |
| 24 | AVROHOM GORDON, DEVORAH )<br>GORDON & CINDY RUSSO,    ) | **AIRLINE DEFENDANTS'** |
| 25 | )<br>Plaintiffs,    ) | **SUBMISSION OF**<br>**SUPPLEMENTAL AUTHORITY** |
| 26 | )<br>vs.    ) | **IN SUPPORT OF THEIR**<br>**MOTION TO DISMISS THE** |
| 27 | )<br>CENTERS FOR DISEASE CONTROL )<br>& PREVENTION, DEPARTMENT OF ) | **COMPLAINT [DKT. 86]** |
| 28 | | |

|   |   |
|---|---|
| HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE, <br><br>Defendants. | Hearing Date: 9/30/2022 <br> Time: 2:00 p.m. <br> Courtroom: 2 <br> Dist. Judge: Hon. Sunshine S. Sykes |

Defendants Alaska Airlines, Inc., American Airlines, Inc. ("American"), Delta Air Lines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co. ("Southwest"), United Airlines, Inc. ("United") and Frontier Airlines, Inc., and Allegiant Air, LLC (collectively, the "Airline Defendants"), hereby provide the following supplemental authority, which was issued on July 11, 2022, and was not available at the time of the filing of the Airline Defendants' motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows[1]:

- *Kleanthis Andreadakis v. Ctr. for Disease Control & Prevention*, Case No. 3:22cv52 (DJN), 2022 U.S. Dist. LEXIS 122236, at *46 (E.D. Va. July 11, 2022)

- A copy of the above ruling is attached hereto.

Below is a summary of the relevant holding in *Andreadakis,* provided for the convenience of the Court and the parties:

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Judge Novak granted the motion to dismiss filed by the four airline defendants in that case - which includes American, Southwest and United - and dismissed with prejudice all of the claims against the airline defendants. The Court held that all of the claims against the airlines failed to state a claim for which relief may be granted. Judge Novak ruled:

---

[1] Plaintiffs' deadline to file opposition to the motion has not yet expired.

AIRLINE DEFENDANTS' SUBMISSION OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT [DKT. 86]
CASE NO.: 2:22-CV-02383-SSS-AS

- 2 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1. The claims for civil conspiracy under 42 U.S.C. § 1985(3) failed to state a claim because "Plaintiff has not alleged a conspiracy with the required concrete facts. Instead, he merely makes conclusory allegations regarding a conspiracy." Memorandum Decision, ECF No. 99, at 17. The Court stated that "Claims under § 1985(3) rarely prevail," and that "Conclusory allegations regarding a purported conspiracy "simply will not suffice to state a claim under § 1985(3)." *Id*. at 17-18.

2. Plaintiff lacks a private right of action to sue the airlines for unlawful discrimination under the Air Carrier Access Act, 49 U.S.C. § 41705. ECF No. 99, at 18-19 ("The ACAA does not provide a private right of action for Plaintiff to sue the Airline Defendants in this Court").

3. Plaintiff has no claim for unlawful discrimination under the Rehabilitation Act, 29 U.S.C. § § 794(a), because the "Supreme Court has held that the Rehabilitation Act generally does not apply to commercial airlines, because airlines did not receive federal financial assistance within the meaning of the statute." ECF No. 99, at 20 (citing *DOT v. Paralyzed Veterans of Am.*, 477 U.S. 587, 599 (1986)). In addition, the Court found that "Plaintiff has not demonstrated that Congress intended the CARES Act to undermine the ACAA. Nor has he rebutted the argument that the CARES Act responded to the economic crises created by COVID-19, compensating the airlines for their losses rather than providing a general subsidy." *Id*. at 21. The Court did "not find that the CARES Act provided an exception to the Supreme Court's general rule that the Rehabilitation Act does not apply to airlines." *Id.*

4. Plaintiff's claims under the Virginia Human Rights Act failed to state a claim because they "clearly relate to an airline service" and were therefore preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) ("ADA"). ECF No. 99, at 21-22.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

5. Plaintiff's state law breach of contract claim was also preempted by the ADA. ECF No. 99, at 22-23.

6. Plaintiff's other state law claims – for reckless endangerment, practicing medicine without a license, invasion of privacy and deceptive and misleading trade practices and fraudulent misrepresentation – failed to state a claim for relief. ECF No. 99, at 23-24.

7. Plaintiff's claims for infringement of the right to travel and for violation of international covenants also failed to state a claim for relief. ECF No. 99, at 24-25.

The Memorandum Decision from the Eastern District of Virginia dismissed with prejudice all of the plaintiff's claims relating to the mask mandate and airline mask policies. The Airline Defendants respectfully submit that Judge Novak's granting of the airline defendants' motion to dismiss in the *Andreadakis* case supports their pending motion to dismiss in this case.

Dated: July 12, 2022

Respectfully submitted,

By: /s/ Michael Cutler

Richard A. Lazenby
Michael Cutler
VICTOR RANE
-and-
M. Roy Goldberg
(Admitted *Pro Hac Vice*)
STINSON LLP

*Attorneys for Defendants
Alaska Airlines, Inc.,
American Airlines, Inc.,
Delta Airlines, Inc.,
Hawaiian Airlines, Inc.,
Southwest Airlines Co., and
United Airlines, Inc.*

AIRLINE DEFENDANTS' SUBMISSION OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT [DKT. 86]
CASE NO.: 2:22-CV-02383-SSS-AS

- 4 -

Brian T. Maye (Admitted *Pro Hac Vice*)
Adler Murphy & McQuillen LLP
20 S. Clark Street
Suite 2500
Chicago, IL 60603
312-422-5713
bmaye@amm-law.com

*Attorneys for Defendants*
*Frontier Airlines, Inc.*
*Allegiant Air, LLC*

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' SUBMISSION OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT [DKT. 86]
CASE NO.: 2:22-CV-02383-SSS-AS

- 5 -