IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, *et al.*,<br><br>Defendants | Case No. 2:22-cv-02383-SSS-AS<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS OF DEFENDANT JULIE CARRIGAN IN HER INDIVIDUAL CAPACITY** |

On August 23, 2022, Defendant Julie Carrigan filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b), as to the sole count asserted against her in the complaint in her individual capacity—*i.e.*, the Nineteenth Cause of Action, Compl. ¶¶ 889-90, in which Plaintiff Uri Marcus seeks damages from Carrigan, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for an alleged violation of the First Amendment to the U.S. Constitution.  Having considered the motion and the parties' briefing, the Court hereby GRANTS the motion and ORDERS as follows:

**1.** Plaintiff Marcus has failed to make a *prima facie* showing that Defendant Carrigan—who is not a resident of California and is sued for actions she allegedly undertook as a Transportation Security Administration ("TSA") official stationed in Virginia—has the necessary "minimum contacts" with this forum.  *See*, *e.g.*, *Walden v. Fiore*, 571 U.S. 277 (2014); *see also Mahmud v. Oberman*, 508 F. Supp.

2d 1294, 1296-97, 1300-02 & n.7 (N.D. Ga. 2007) (no personal jurisdiction in Georgia over nonresident TSA official who, while in DC or Virginia, found the plaintiff to be a security risk, revoked the Hazardous Material Endorsement to his driver's license, and signed and mailed the revocation notice to him in Georgia), *aff'd sub nom.*, *Mahmud v. DHS*, 262 F. App'x 935 (11th Cir. 2008).  This Court, therefore, lacks personal jurisdiction over Carrigan in her individual capacity and dismisses her pursuant to Rule 12(b)(2).

  **2.** Plaintiff also has failed to discharge his burden of proving that venue is proper in the Central District of California as to his *Bivens* claim against Carrigan. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  Under 28 U.S.C. § 1391(b)(2), "venue must be proper as to each claim and as to each party."  14D Chas. A. Wright, *et al.*, Fed. Prac. & Proc. Civ. § 3807 at 206-07 (4th ed. 2013) (footnote omitted); *accord Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009).  But inasmuch as Carrigan is sued in connection with TSA's revocation of Plaintiff's TSA PreCheck eligibility, all of "the events or omissions giving rise to the claim" against her necessarily occurred outside this District.  28 U.S.C. § 1391(b)(2).  Accordingly, Carrigan is dismissed pursuant to Rule 12(b)(3).

  **3.** Nor has Plaintiff discharged his burden of establishing subject-matter jurisdiction as to his *Bivens* claim against Carrigan. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As his claim is "inescapably intertwined" with a review of the TSA order revoking his TSA PreCheck eligibility, *Americopters, LLC v. FAA*, 441 F.3d 726, 736 (9th Cir. 2006), exclusive jurisdiction lies in a court of appeals, 49 U.S.C. § 46110, and so the Court dismisses Carrigan and Count 19 pursuant to Rule 12(b)(1).

  **4.** Lastly, even if Plaintiff has established jurisdiction and venue, the Court still dismisses his *Bivens* claim against Carrigan, with prejudice, for two reasons

under Rule 12(b)(6). First, the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), unequivocally precludes this Court from providing Plaintiff with a non-statutory *Bivens* remedy for his First Amendment retaliation claim. And even were *Egbert* not on the books, no *Bivens* remedy would be available for such a claim in this TSA context under *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), and its progeny, *e.g.*, *Vanderklok v. United States*, 868 F.3d 189, 193-94, 198-209 (3d Cir. 2017); *Lundquist v. United States*, 2021 WL 3744573, *1-2, *5-8 (C.D. Cal. July 27, 2021), *appeal dismissed*, 2022 WL 1639659 (9th Cir. May 24, 2022); and *Scruggs v. Nielsen*, 2019 WL 1382159, *1, *5 & n.9, *7 (N.D. Ill. Mar. 27, 2019). Second, even if a *Bivens* remedy is available, Plaintiff's claim is barred by the doctrine of qualified immunity. Discounting the complaint's "legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and its "bald allegation of impermissible motive on [Carrigan's] part," *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), the Court holds that Plaintiff has not alleged "facts," *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011), showing that Carrigan violated any clearly established First Amendment right "in the particular circumstances before [her]," *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018); *see Reichle v. Howards*, 566 U.S. 658, 668 (2012); *id.* at 671-72 (Ginsburg, J., concurring in the judgment); *George v. Rehiel*, 738 F.3d 562, 585-86 (3d Cir. 2013).

* * *

For these reasons, Defendant Carrigan, in her individual capacity, is hereby DISMISSED from this action pursuant to Federal Rule of Civil Procedure 12(b).

IT IS SO ORDERED.

Dated:

_____
Sunshine Suzanne Sykes
United States District Judge