1 | Richard A. Lazenby (State Bar No. 202105)
  | Email:  rlazenby@victorrane.com
2 | Michael Cutler (State Bar No. 298875)
  | Email:  mcutler@victorrane.com
3 | VICTOR RANE
  | 9350 Wilshire Blvd., Suite 308
4 | Beverly Hills, California 90212
  | Telephone:  (310) 388-4849
5 | Facsimile:  (310) 388-4869

6 | Attorneys for All Non-Government Defendants

7 | AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE, <br><br> Defendants. | Case No.: 2:22-cv-02383-SSS-AS <br><br> **AIRLINE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** <br><br> Hearing Date:  September 28, 2022 <br> Time: 9:00 am <br> Courtroom: 2 (Via Zoom) <br> Dist. Judge: Hon. Sunshine S. Sykes |

The Airline Defendants respectfully submit the following reply brief in support of their motion to dismiss, ECF No. 86, and supporting brief ("Opening Brief"), ECF No. 86-1. Nothing in Plaintiffs' opposition brief, ECF No. 129 (Aug. 8, 2022), refutes the showing by the Airline Defendants that none of the claims in the Complaint against the Airline Defendants states a claim for relief. The Airline Defendants strongly deny that they violated any laws or engaged in any type of conspiracy. For Rule 12(b)(6) purposes, the fact remains that Plaintiffs' legal theories are meritless. Passengers have the right to file an administrative complaint with the United States Department of Transportation ("DOT") if they believe that an air carrier has discriminated against them because of their disability. This is pursuant to the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, and its implementing regulations, 14 C.F.R. Part 382.

However, the Plaintiffs' apparent dissatisfaction with how DOT has responded to their administrative complaints does not create federal district court jurisdiction. There is no private right of action to enforce the ACAA. Instead, if a consumer believes that the DOT has failed to act timely on the consumer's complaint under the ACAA, the consumer can pursue judicial relief before the U.S. Circuit Court of Appeals under 49 U.S.C. § 46110. But there is no direct avenue of relief to this Court or any other federal district court.

## ARGUMENT

### I. THE COMPLAINT IS AN IMPROPER "SHOTGUN PLEADING."

As set forth in the Opening Brief, the prolix Complaint constitutes a "shotgun pleading" because it "is 156 pages long – with 19 separate Counts directed at the Airline Defendants – and replete with general assertions of factual allegations not directed at any specific airline." ECF No. 86-1, at 6-7. In response, Plaintiffs contend that their Complaint is not an improper shotgun pleading because "the Complaint is clear enough for Airline Defendants, who understand very well which

causes of action go to which Defendant." ECF No. 129, at 4. However, the Complaint does not differentiate between defendants for various claims and allegations throughout the Complaint, instead looping all of them into an alleged conspiracy to discriminate against Plaintiffs, without providing specifics as to the role played by each Airline Defendant in the alleged conspiracy. "Pleadings that seek to overwhelm defendants with an unclear mass of allegations and make it difficult to impossible for the defendants to make informed responses to the plaintiff's allegations are considered 'shotgun' pleadings." 61A Am. Jur. 2d Pleading § 159 (August 2022). "

Plaintiffs state that in a case cited by the Airline Defendants, *Weiland v. Palm Beach County*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit ruled that the complaint did not constitute an impermissible shotgun pleading. ECF No. 29, at 5. In *Weiland*, the court faulted the district court for dismissing claims "even though it was able to determine from the complaint that [the plaintiff] had stated a claim for relief . . . under the Fourteenth Amendment "and for conspiracy to violate" plaintiff's constitutional rights. *Id*. at 1324. By contrast, here all of the Complaint counts against the Airline Defendants should be dismissed under Rule 12(b)(6) because the Complaint does not provide any facts to specify which Defendants did what or when to further an actionable conspiracy.

Plaintiffs also cite *Rodriguez v. Just Brands USA, Inc.*, No. 2:20-cv-04829-0DW (PLAx), 2021 WL 1985031, *6 (C.D. Cal. May 18, 2021), which held that the amended complaint was not a "shotgun complaint" because it provided "defendants adequate notice of the claims against them and the grounds upon which each claim rests." By contrast, here the Complaint fails to offer any specifics as to how any of the Airline Defendants joined in or furthered the alleged conspiracy. In sum, the Complaint should be dismissed as an improper shotgun pleading.

/ /

/ /

## II. PLAINTIFFS FAIL TO STATE A CLAIM UNDER 42 U.S.C. §§ 1985(3) AND 1986.

### A. Section 1985(3) Does Not Apply to a Claim for Discrimination based on Disability.

Plaintiffs assert that "Congress identified disabled airline passengers as a class of people specifically in need of legal protection." ECF No. 129, at 7. However, this statement does not establish the existence of Congressional intent to include disability discrimination under 42 U.S.C. §§ 1985(3) and 1986. Plaintiffs also do not attempt to distinguish *Serris v. Chastaine*, No. 2:22-cv-0434-JAM-CKD, 2022 WL 715115, *3 (E.D. Cal. 2022), where the court stated:

> Disabled individuals do not constitute a "class" within the meaning of section 1985(3). *See, e.g., D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped."); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' ...was not included as a class in what is now § 1985(3)."); *see also Story v. Green*, 678 F.2d 60, 64 (2d Cir. 1992) ("We note in passing that most authorities have not considered disability to be a suspect or quasi-suspect classification.").

Plaintiffs instead cite to *Lake v. Arnold*, 112 F.3d 682 (3d Cir. 1997), which involved a claim relating to the forced sterilization of a woman, a fact pattern that has no bearing on this case. Furthermore, in the recently decided *Post v. Trinity Health-Michigan*, No. 21-2844, 2022 WL 3335659, *7 (6th Cir. Aug. 12, 2022), the court correctly observed that the result in *Lake v. Arnold* should not apply where it would conflict with an exclusive statutory regime that did not provide for a private right of action. The court stated that "the Supreme Court has cautioned against allowing a plaintiff to use § 1985(3) to enforce a right in another statute when the remedial limits in that statute would bar the plaintiff from suing directly under it." *Id.* (citing *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372-78 (1979)). Similarly here, Plaintiffs may not use 42 U.S.C. § 1985(3) to circumvent the lack of a private right of action to pursue a claim for discrimination under the ACAA, which is an "exclusive statutory regime that [does] not provide

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

for a private right of action."

Plaintiffs also assert that § 1985(3) applies here because the alleged "conspiracy here involves the constitutional right to travel." ECF No. 129, at 7. However, as set forth in the Opening Brief (ECF No. 86-1, at 24-25) and below, Plaintiffs do not have a constitutional right to travel within the United States by aircraft.

### B. The Complaint Fails to Allege the Existence of a Conspiracy.

Regardless of whether § 1985(3) could apply to a claim for discrimination on the basis of disability, the Complaint fails to allege specific facts regarding the existence of an agreement to discriminate entered into between any of the defendants. No facts are alleged to show either discriminatory animus or agreement to discriminate on the part of the Airline Defendants. Plaintiffs assert that it "will unquestionably require discovery for Plaintiffs to reveal the exact depth of the conspiracy . . . ." ECF No. 129, at 7. That is not sufficient. In order to survive a motion to dismiss, the Complaint needs to provide the factual predicate for the conspiracy claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[b]ecause appellant failed to allege any facts showing . . . invidious" discrimination on the part of defendants, "the district court was . . . correct in dismissing the § 1985(3) claim"); *Dunsmore v. Horn*, No. 2:21-cv-01938, 2022 WL 1271493, *2 (E.D. Cal. April 28, 2022) ("plaintiff's claims are insufficient to state a § 1985(3) claim as the complaint does not allege specific facts regarding the agreement between the two defendants"); *Andreadakis v. CDC, et al.*, 2022 WL 2674194, *9 (E.D. Va. July 11, 2022) (observing that "Claims under § 1985(3) rarely prevail," and dismissing § 1985(3) claim against airlines relating to mask wearing mandate and policies where plaintiff offered "no concrete facts to support" allegations that the airlines were "motivated by a class-based, invidiously discriminatory animus" against disabled persons). Accordingly, the claims under 42 U.S.C. §§ 1985(3) and 1986 should be dismissed.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

### III. PLAINTIFFS' CLAIMS UNDER THE AIR CARRIER ACCESS ACT FAIL BECAUSE OF THE LACK OF A PRIVATE RIGHT OF ACTION TO ENFORCE THE ACAA.

As demonstrated in the Opening Brief, there is no private right of action to sue the Airline Defendants for alleged violations of the ACAA. ECF No. 86-1, at 9-11; *see also Andreadakis v. CDC, supra*, 2022 WL 2674194, *10 ("The ACAA does not provide a private right of action for Plaintiffs to sue the Airline Defendants in this Court"). Plaintiffs contend that, despite the lack of judicial support, there *should be* a private right of action because "DOT has been taking over a year to respond to complaints and they have been encouraging the airlines to violate the ACAA . . . ." ECF No. 129, at 15-16. However, to the extent Plaintiffs believe that the DOT has not timely responded to their administrative complaints, their sole avenue of relief is to challenge the DOT inaction by filing a petition for review under the exclusive judicial review statute in 49 U.S.C. § 46110. In determining whether agency delay has been sufficiently egregious to warrant the remedy of mandamus, courts consider the six-factor standard—the so-called "*TRAC* factors"—established in *Telecomms. Research and Action Ctr. (TRAC) v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). If a legal challenge is to be made to the timeliness of DOT's responses to Plaintiffs' administrative complaints under the ACAA, it would need to be pursued in the U.S. Circuit Court of Appeals, pursuant to 49 U.S.C. § 46110. *See Paralyzed Veterans of America v. DOT*, 909 F.3d 438, 443-44 (D.C. Cir. 2018) (Circuit Court had exclusive jurisdiction to consider DOT rule).

Because the Circuit Court possesses exclusive jurisdiction to review challenges to DOT acts and omissions, only the Circuit Court has jurisdiction to issue a writ of mandamus to command the DOT to act on an administrative complaint under the ACAA. *TRAC, supra*, 750 F.2d at 75, 77-78.

### IV. THE AIRLINE DEFENDANTS ARE NOT SUBJECT TO LIABILITY UNDER THE REHABILITATION ACT.

In their opening brief, the Airline Defendants demonstrated that they are not

subject to the Rehabilitation Act ("RA") by reason of their receipt of the CARES Act money, because the money was designated for payroll. ECF No. 86-1, at 11-13. In response, Plaintiffs assert that, "there's no case law to confirm" the concept that if the money "was given specifically for payroll, it does not count as federal funding with respect to the Rehabilitation Act." ECF No. 129, at 21. This is not correct. Rather, as set forth in the Opening Brief, the court in *Lucius v. Fort Taco, LLC*, No. 21- 22397, 2022 WL 335491, at *5-6 (S.D. Fla. Jan. 5, 2022), ruled that RA was inapplicable to claims relating to the pandemic because the Paycheck Protection Program loans the defendant received were not federal financial assistance within meaning of the RA. *See* ECF No. 86-1, at 12. In addition, in *Andreadakis, supra*, 2022 WL 2674194, at *10, the court dismissed the plaintiff's claim that the airline defendants violated the RA in their treatment of him. The court stated that the plaintiff had "not demonstrated that Congress intended the CARES Act to undermine the ACAA. Nor has [plaintiff] rebutted the argument that the CARES Act responded to the economic crises created by COVID-19, by compensating airlines for their losses rather than providing a general subsidy." *Id*.

## V. THE CALIFORNIA UNRUH ACT CLAIMS FAILS TO STATE A CLAIM FOR RELIEF.

As set forth in the Opening Brief, Plaintiffs' California Unruh Act claims in Count 31 of the Complaint are preempted by the ACAA, which exclusively governs allegations of discriminatory or unfair treatment of passengers claiming a disability. ECF No. 86-1, at 14. Plaintiffs assert that the Ninth Circuit has "made [it] very clear . . . that UNRUH can be claimed on airline related cases in spite of additional ACAA liabilities." ECF No. 129, at 34. However, the Ninth Circuit case cited by Plaintiffs, *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995 (2013), does not support their position. Notably, *Gilstrap* did not involve a claim under the Unruh Act, or even a cause of action under the ACAA. In *Azocar v. Aerovias de Mexico, S.A. de C.V.*, 562 F. Supp. 3d 788 (C.D. Cal. 2021), the court rejected

an attempt to use *Gilstrap* to pursue a claim for discrimination under the Unruh Act. *See also Lagomarsino v. Delta Airlines, Inc.*, No. CV 19-3131-DMG (GJSx), 2020 WL 1955314, *3 (C.D. Cal. Feb. 7, 2020) ("The ACAA comprehensively addresses not only discrimination in the form of access to services and information, but also with respect to assisting disabled passengers in boarding, deplaning, and connecting to subsequent flights. . . . By implementing this comprehensive federal scheme, Congress has indicated its intent to occupy this field to the exclusion of state regulation. Thus, federal law preempts Lagomarsino's claims under Unruh").

Plaintiffs also fail to rebut the fact that: 1) the Unruh Act claims are preempted by the Federal Aviation Act, *see* ECF No. 86-1, at 15; and 2) the four non-California Plaintiffs do not have standing to pursue a claim under the Act, *see* ECF No. 86-1, at 16-17.

## VI.  PLAINTIFFS FAIL TO IDENTIFY A SELF-IMPOSED CONTRACTUAL OBLIGATION OF THE AIRLINE DEFENDANTS THAT WAS BREACHED.

As set forth in the Opening Brief, Count 32 of the Complaint – purporting to state a claim for breach of contract against the Airline Defendants – should be dismissed because the Airline Deregulation Act preempts Plaintiffs' state law claims, and the narrow exception to ADA preemption in *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-33 (1995), for breach of contract claims is limited to an air carrier breach of its self-imposed obligation. ECF No. 86-1, at 17-19. However, Plaintiffs fail to cite to any provision in the Airline Defendants' contracts of carriage whereby the air carrier promised passengers that they would not have to wear a mask, especially where it was required by a TSA security directive issued during a once in a lifetime global pandemic. *See Montgomery v. Delta Air Lines, Inc.*, Case 3:21-cv-02715-C, ECF No. 34, at 1 (N.D. Tex. June 13, 2022) ("Plaintiffs have failed to identify any self imposed undertaking by Defendant [Delta Air Lines] in its contract for carriage that would allow a *Wolens* exception

to the preemption to apply in this instance" involving a challenge to Delta's implementation of masking requirements); *Andreadakis, supra*, 2022 WL 2674194, at *11-12 (dismissing claim for breach of contract in connection with mask mandate as preempted by the ADA).

## VII. THERE IS NO CLAIM UNDER CALIFORNIA LAW FOR RECKLESS ENDANGERMENT.

Plaintiffs' claim for reckless endangerment (Count 33) should be dismissed because Plaintiffs did not rebut the Airline Defendants' showing that there is no civil claim under California law for a tort of reckless endangerment, ECF No. 86-1, at 20. Ignoring California entirely, Plaintiffs cite *Ayers v. Jackson Township*, 525 A.2d 287 (N.J. 1987), to try to avoid dismissal of this claim. ECF No. 129, at 28. However, not only is *Ayers* not based on California law, but it is clearly inapplicable to this case. In *Ayers*, the plaintiffs sought damages for the contamination of their well water by toxic pollutants leaching into an aquifer from a landfill established and operated by the defendant municipality. The case did not even involve a claim for reckless endangerment, much less one under California law.

## VIII. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE AIRLINE DEFENDANTS FOR PRACTICING MEDICINE WITHOUT A LICENSE.

In requiring that masks be worn on their aircraft, subject to limited exceptions, the Airline Defendants were following binding TSA security directives as of February 2021, and prior to that were seeking to protect passengers by having masks worn on the plane. Requiring customers to wear a mask is not "practicing medicine without a license." ECF No. 86-1, at 20-21. *Wall v. Southwest Airlines Co.*, No. 6:21-cv-1008-PGB-DCI (M.D. Fla. Dec. 8, 2021), ECF No. 153, at 6; *Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.*, No. 3:21-CV-1661-YY, 2021 WL 6063672, at *4 (D. Or. Dec. 22, 2021).

## IX. PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY.

Plaintiffs' claims for invasion of privacy (Count 35) should be dismissed because Plaintiffs fail to allege the requisite elements for a claim for invasion of privacy, and the claims are preempted. ECF No. 86-1, at 21-23. Nowhere do Plaintiffs, in their opposition brief, counter the fact that their Complaint fails to allege the occurrence of acts that rose to the level of an actionable invasion of their privacy interests. Neither the Complaint nor Plaintiffs' opposition brief describes any conduct on the part of the Airline Defendants that is "sufficiently serious" in its "nature, scope," or "actual or potential impact to constitute an egregious breach" of social norms.

## X. THERE IS NO PRIVATE RIGHT OF ACTION FOR PLAINTIFFS TO PURSUE A CLAIM UNDER 49 U.S.C. § 41712 FOR UNFAIR AND DECEPTIVE CONDUCT.

Although 49 U.S.C. § 41712 prohibits airlines from engaging in unfair and deceptive conduct, it is undisputed that this provision can only be enforced by the DOT; there is no private right of action to sue an airline for violation of section 41712. ECF No. 86-1, at 24-25. Accordingly, Count 36 of the Complaint should be dismissed.

## XI. STATE LAW CLAIMS FOR FRAUD AND MISREPRESENTATION AGAINST THE AIRLINE DEFENDANTS ARE PREEMPTED BY THE AIRLINE DEREGULATION ACT, 49 U.S.C. § 41713(b).

Plaintiffs fail to refute the fact that state law claims for fraud and misrepresentation are preempted by the Airline Deregulation Act where, as here, they relate to an air carrier price, route or service. In addition, they have clearly failed to allege fraud with the particularity required by Rule 9(b), Fed. R. Civ. P. Accordingly, Count 37 of the Complaint should be dismissed.

/ /

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS
-9-

## XII. THERE IS NO CONSTITUTIONAL RIGHT TO TRAVEL DOMESTICALLY BY AIRCRAFT.

Count 38 of the Complaint should be dismissed because, as set forth in the Opening Brief, there is no constitutional right to travel by aircraft in the United States. ECF No. 86-1, at 24-25. *See Andreadakis, supra*, 2022 WL 2674194, at *13 ("The Airline Defendants have not denied Plaintiff his fundamental right to travel. He may still travel by means other than aircraft. Further, he may travel by aircraft without a mask by obtaining an exemption.") Additionally, 49 U.S.C. 40103 creates no constitutional right or even a private right of action. *See, e.g., Bowling Green and Warren County Airport Bd. v. Martin Land Development Co.*, No. 1:07cv18-M, 2007 WL 4234136, *5 (W.D. Ky. Nov. 29, 2007).

Dated: August 25, 2022

Respectfully submitted,

By: /s/

Richard A. Lazenby
Michael Cutler
VICTOR RANE
 -and-
M. Roy Goldberg
(Admitted *Pro Hac Vice*)
STINSON LLP
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005

*Attorneys for Defendants Alaska Airlines, Inc., American Airlines, Inc., Delta Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., and United Airlines, Inc.*

Brian T. Maye
(Admitted *Pro Hac Vice*)
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, IL 60603
Telephone: (312) 422-5713

*Attorneys for Defendants Frontier Airlines, Inc., and Allegiant Air, LLC*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS
-10-