1  Richard A. Lazenby (State Bar No. 202105)
   Email: rlazenby@victorrane.com
2  Michael Cutler (State Bar No. 298875)
   Email: mcutler@victorrane.com
3  VICTOR RANE
   9350 Wilshire Blvd., Suite 308
4  Beverly Hills, California 90212
   Telephone: (310) 388-4849
5  Facsimile: (310) 388-4869

6  Attorneys for All Non-Government Defendants

7  AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

8

9

10 UNITED STATES DISTRICT COURT

11 CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**AIRLINE DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY**<br><br>Hearing Date: September 28, 2022<br>Time: 9:00 am<br>Courtroom: 2 (Via Zoom)<br>Dist. Judge: Hon. Sunshine S. Sykes |

24 TO ALL PARTIES AND THEIR COUNSEL (WHERE APPLICABLE):

25       PLEASE TAKE NOTICE that on September 28, 2022, at 9:00 a.m., or as

26 soon as thereafter this matter may be heard, pursuant to Rule 26(c), Fed. R. Civ. P.,

27 defendants Alaska Airlines, Inc. ("Alaska Air"), American Airlines, Inc.

28

1  ("American Air"), Delta Air Lines, Inc. ("Delta"), Hawaiian Airlines, Inc.
2  ("Hawaiian"), Southwest Airlines Co. ("Southwest"), United Airlines, Inc.
3  ("United") Frontier Airlines, Inc. ("Frontier"), and Allegiant Air, LLC
4  ("Allegiant") (collectively, the "Airline Defendants"), will and hereby do
5  respectfully move for a protective order which temporarily stays discovery in this
6  case pending a ruling in the Airline Defendants' motion to dismiss the Complaint
7  and action, ECF. No. 86, 86-1.  The Airline Defendants have noticed this Motion
8  to be heard during the same specially-set time for the Case Management
9  Conference and the hearing on the motions to dismiss that have been filed in this
10 case.  The Airline Defendants have not set this Motion for a hearing on a Friday
11 given the Plaintiffs prior request not to have any hearing set on a Friday.

12       Good cause exists for a temporary stay of discovery given that: (1) the
13 Airline Defendants' pending motion to dismiss is potentially – indeed likely –
14 dispositive of the entire case, and (2) the Court can decide the motion to dismiss
15 without the need for discovery to be conducted.  *See, e.g., Cellwitch Inc. v. Tile,*
16 *Inc.* No. 4:19-cv-01315, 2019 WL 5394848, *1 (N.D. Cal. Oct. 22, 2019).

17       This Motion is based on this Notice of Motion, the attached Memorandum of
18 Points and Authorities, the pleadings on file, and any other matters presented to the
19 Court at the time of the hearing.

20       This Motion is made following a conference of the parties pursuant to C.D.
21 Local Rule 7-3, which occurred on August 18, 2022.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR PROTECTIVE ORDER FOR STAY OF
DISCOVERY
CASE NO.: 2:22-CV-02383-SSS-AS

-2-

| | |
|---|---|
| 1    Dated: August 25, 2022 | Respectfully submitted, |

By: _____

Richard A. Lazenby
Michael Cutler
VICTOR RANE
-and-
M. Roy Goldberg
(Admitted Pro Hac Vice)
STINSON LLP
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005

*Attorneys for Defendants Alaska Airlines, Inc., American Airlines, Inc., Delta Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., and United Airlines, Inc.*

Brian T. Maye
(Admitted Pro Hac Vice)
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, IL 60603
Telephone: 312-422-5713
bmaye@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc. Allegiant Air, LLC*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY
CASE NO.: 2:22-CV-02383-SSS-AS

-3-

Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Non-Government Defendants

AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**AIRLINE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY**<br><br>Hearing Date: September 28, 2022<br>Time: 9:00 am<br>Courtroom: 2 (Via Zoom)<br>Dist. Judge: Hon. Sunshine S. Sykes |

/ /

/ /

/ /

/ /

/ /

Defendants Alaska Airlines, Inc., Allegiant Air, American Airlines, Inc., Delta Air Lines, Inc., Frontier Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., United Airlines, Inc. (collectively, the "Airline Defendants") respectfully move for a protective order under Rule 26(c), Fed. R. Civ. P., to temporarily stay discovery in this case until after the Court rules on the Airline Defendants' motion to dismiss, filed on June 13, 2022, ECF Nos. 86, 86-1.  Good cause exists for a temporary stay of discovery given that (1) the Airline Defendants' pending motion to dismiss is potentially – indeed likely –dispositive of the entire case, and (2) the Court can decide the motion to dismiss without the need for any discovery to be conducted.  *See, e.g., Cellwitch Inc. v. Tile, Inc.* No. 4:19-cv-01315, 2019 WL 5394848, *1 (N.D. Cal. Oct. 22, 2019).

## STATEMENT OF FACTS

Plaintiffs are members of a coalition called "Americans Against Mask Mandates."  They filed this case as *pro se* plaintiffs in April 2022, alleging, among other things, that the Airline Defendants violated various federal and state laws in connection with their imposition of face-masking policies for passengers traveling on their aircraft during the COVID-19 pandemic.  On June 13, 2022, the Airline Defendants filed a motion to dismiss, in which the Airline Defendants assert that none of the 19 claims alleged against the Airline Defendants (ECF No. 1, Counts 20-38) states a claim upon which relief may be granted.  ECF Nos. 86, 86-1.  On August 8, 2022, Plaintiffs filed a brief in opposition to the motion to dismiss.  ECF No. 129.  The Airline Defendants are concurrently filing a reply brief in support of their motion to dismiss, and the Court is scheduled to hold oral argument on the motion to dismiss on September 28, 2022 at 9 a.m.  The initial Case Management Conference has been set for the same date and time.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense," by, *inter alia*, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. P., 26(c)(1)(A)-(B). "[A] district court has broad discretion to stay discovery pending resolution of a potentially dispositive motion." *Amey v. Cinemark USA Inc.*, No. 2:13-cv-06248-MMM-CW, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013); *see also, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion," and "since the appellants' complaint did not raise factual issues that required discovery for their resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss").

A stay of discovery is a case management issue reserved for the District Judge, who controls the scheduling in this case. As such, any request to stay discovery must be filed with the District Judge in this matter rather than the Magistrate Judge. *See, e.g., Pom Wonderful LLC v. Coca-Cola Co.*, No. CV-08-6237 SJO (FMOx), 2009 WL 10655253, at *1 (C.D. Cal. Sept. 16, 2009); *Clark v. Time Warner Cable*, 2007 WL 1334965, at *2, n.1 (C.D. Cal. May 3, 2007) (a motion to stay discovery presents a case management issue that should be resolved by the presiding judicial officer in the case). In prior cases, the discovery dispute procedures set forth in Local Rule 37-2 have not applied to a motion for protective order for a *temporary stay of discovery. See, e.g., Quezambra v. United Domestic Workers of Am. AFSCME Loc.*, No. 8:19-cv-00927-JLS-JEM, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019); *Amey v. Cinemark, supra,* No. 2:13-cv-06248-MMM-CW*,* ECF No. 16 (Sept. 26, 2013).

"The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citation and internal quotation marks omitted); *id.* ("[I]f the allegations of the

complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility. It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id*. (citation and internal quotation marks omitted); *United States v. Dynamic Medical Systems LLC*, 2020 WL 3035219, *6 (E.D. Cal. June 5, 2020) (due to the "fact that allowing discovery to proceed could result in undue burden, expense, and discovery disputes, the Court finds good cause to continue the scheduling conference and stay discovery to allow the pending motion to dismiss to be decided").

"While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause." *Estate of Jackson v. Modesto*, 2021 WL 5989754, *2 (E.D. Cal. Dec. 17, 2021) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  California district courts employ "a two-part test providing that it is appropriate to stay discovery if (1) 'the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed,' and (2) 'the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra, supra,* 2019 WL 8108745, at *2 (citing *Mlejnecky v. Olympus Imaging Am., Inc.,* 2011 WL 489793, *6 (E.D. Cal. Feb. 7, 2011) (collecting California district court cases applying this two-part test); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending a resolution of R. 12(b)(6) motion to dismiss).  The nature of the two-factor test for a discovery stay requires the Court to take a "preliminary peek" at the merits of the pending, potentially dispositive motion to determine whether a stay is granted. *Cellwitch,* 2019 WL 5394848, *1.  Courts often consider whether, upon a preliminary analysis, there is a possibility that the

pending motion will be granted. *See GTE Wireless, Inc. v. Qualcom, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000). Finally, courts also consider whether harm or prejudice will result from the discovery. *Quezambra*, 2019 WL 8108745, at *1.

## ARGUMENT

### I. A TEMPORARY STAY OF DISCOVERY SHOULD BE ISSUED BECAUSE THE AIRLINE DEFENDANTS' PENDING MOTION TO DISMISS IS LIKELY DISPOSITIVE OF ALL OF THE CLAIMS AGAINST THE AIRLINE DEFENDANTS.

The first factor for a protective order to stay discovery pending the ruling on the motion to dismiss is satisfied here given that the pending motion to dismiss filed by the Airline Defendants presents a very solid case for the dismissal of each and every claim for relief that Plaintiffs assert against the Airline Defendants. None of Plaintiffs' legal theories are viable. Indeed, nearly identical claims against some of the same airlines in this case were dismissed for failure to state a claim by the U.S. District Court for the Eastern District of Virginia in *Kleanthis Andreadakis v. CDC et al*., Civil No. 3:22cv52 (DJN), 2022 WL 2674194 (E.D. Va. July 11, 2022) (supplied to this Court in ECF No. 118).

To the extent Plaintiffs claim that they have been unlawfully discriminated against by the Airline Defendants because they were required to wear a mask on flights, their exclusive avenue of relief is to file a complaint under the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA") with the DOT pursuant to 14 C.F.R. Part 382. If Plaintiffs believe that DOT failed to act timely on administrative complaints, their sole avenue of relief is pursuant to 49 U.S.C. § 46110, which requires the filing of a timely petition for review with the appropriate Circuit Court of Appeals. In addition, none of the specific claims raised by Plaintiffs has merit. Chart A below summarizes the claim and the arguments for dismissal.

/ /

/ /

# CHART A

| Count [ECF No. 1] | Claim | Airline Defendants' Argument [ECF No. 86-1] |
|---|---|---|
| 20 | Conspiracy to Violate Civil Rights – 42 U.S.C. § 1985(3) | Section 1985(3) does not apply to claims for discrimination on the basis of disability; and Plaintiffs have failed to allege the existence of a civil conspiracy. |
| 21 | Neglecting to Prevent Violation of Civil Rights – 42 U.S.C. § 1986 | Section 1986 does not apply where, as here, Section 1985 does not apply. |
| 22 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) | Plaintiffs lack a private right of action to enforce the Rehabilitation Act against the Airline Defendants. |
| 23 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) and the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 | Plaintiffs lack a private right of action to enforce the Rehabilitation Act and the ACAA against the Airline Defendants. |
| 24 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) | Plaintiffs lack a private right of action to enforce the Rehabilitation Act against the Airline Defendants. |
| 25 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) | Plaintiffs lack a private right of action to enforce the Rehabilitation Act against the Airline Defendants. |
| 26 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) and the Air Carrier Access Act ("ACAA"), 49 | Plaintiffs lack a private right of action to enforce the Rehabilitation Act and the ACAA against the Airline Defendants. |

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

| | | |
|---|---|---|
| | U.S.C. § 41705 | |
| 27 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) and the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 | Plaintiffs lack a private right of action to enforce the Rehabilitation Act and the ACAA against the Airline Defendants. |
| 28 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) and the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 | Plaintiffs lack a private right of action to enforce the Rehabilitation Act and the ACAA against the Airline Defendants. |
| 29 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) and the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 | Plaintiffs lack a private right of action to enforce the Rehabilitation Act and the ACAA against the Airline Defendants. |
| 30 | Violation of the Rehabilitation Act, 29 U.S.C. § 794(a) and the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 | Plaintiffs lack a private right of action to enforce the Rehabilitation Act and the ACAA against the Airline Defendants. |
| 31 | Violation of the California Unruh Civil Rights Act | The Unruh Act claims are preempted by federal law, and Plaintiffs other than Cindy Russo lack standing to pursue claims under the Unruh Act |
| 32 | Breach of Contract | The breach of contract claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b), and the narrow "*Wolens*" |

AIRLINE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY
CASE NO.: 2:22-CV-02383-SSS-AS

-6-

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

| | | exception to preemption does not apply because Plaintiffs fail to identify any language in the Airline Defendants' contracts of carriage by which they promised not to require masks onboard their aircraft. |
|---|---|---|
| 33 | Reckless Endangerment | Reckless endangerment is a criminal charge which has no application in this civil case. Nor can Plaintiffs proceed by alleging that their reckless endangerment claim sounds in tort because California does not recognize a cause of action for the tort of reckless endangerment. Even if this claim were valid, it is preempted by federal law, because it is intertwined with claims preempted under the FA Act, the ACAA, and/or the ADA. |
| 34 | Practicing Medicine without a License | This claim should be dismissed because the Airline Defendants are merely implementing the FTMM. |
| 35 | Invasion of Privacy | This claim should be dismissed because Plaintiffs fail to allege the requisite elements for a claim for invasion of privacy, and it is preempted. |
| 36 | Deceptive and Misleading Trade Practices | These federal claims fail because Plaintiffs lack a private right of action to enforce 49 U.S.C. § 41712. |
| 37 | Fraudulent Misrepresentation | These state law claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b). |
| 38 | Infringement of Constitutional Right to Travel | There is no Constitutional right to travel domestically in the United States onboard aircraft |

In *Cellwitch, supra*, the court granted the defendant's motion for a protective order to stay discovery pending a ruling on the motion to dismiss. The court

stated, "While the Court does not provide an opinion on the merits of the pending motion to dismiss, the Court concludes that the motion has the potential to be dispositive" because "every claim in its complaint would be subject to dismissal." 2019 WL 5394848, at *2. Similarly here, the Court's resolution of the pending Airline Defendants' motion to dismiss has the potential to result in the dismissal of all of the claims alleged against the Airline Defendants. The motion to dismiss is "sufficiently meritorious for a finding that the motion[] [is] potentially dispositive of the case." *Stavrianoudakis v. U.S. Dep't of Fish and Wildlife*, No. 1:18-cv-01505-LGO, 2019 WL 9667685, *3 (E.D. Cal. Dec. 20, 2019). Even if only some of the claims are dismissed at this stage, that could have a material impact on the scope of discovery. For example, if Counts 20 and 21 – alleging the existence of an unlawful conspiracy – are dismissed, that will affect the nature of the discovery to be pursued. The same is true for the various other federal and state law claims that are the subject of the pending motion to dismiss. Certainly, it makes sense to resolve the legal issues of the merits of Plaintiffs' various legal theories, before requiring the Airline Defendants to incur the considerable time and expense of engaging in the federal discovery process.

## II.  THE COURT CAN DECIDE THE MOTION TO DISMISS WITHOUT THE NEED FOR DISCOVERY TO BE CONDUCTED.

The second factor for a protective order to stay discovery pending a ruling on the motion to dismiss is met here because the motion to dismiss raises <u>legal issues</u> which can be resolved without conducting any discovery. *See Cellwitch, supra*, 2019 WL 5394848, at *2 (second factor met where the "Court conclude[d] no . . . discovery [was] needed for the resolution of" the motion, and plaintiff had failed to "demonstrate that it will suffer harm if the Court stays discovery briefly until after the Court rules on [defendant's] motion to dismiss.)" The Complaint raises a host of strictly legal issues, such as: (1) do the civil conspiracy statutes in

AIRLINE DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE
ORDER FOR STAY OF DISCOVERY
CASE NO.: 2:22-CV-02383-SSS-AS

-8-

42 U.S.C. §§ 1985(3) and 1986 apply to claims for discrimination on the basis of disability?; (2) whether the Complaint contains facts to support the conclusory allegation of the existence of concerted conduct on the part of the Airline Defendants; (3) does a private right of action exists under the ACAA?; (4) are the Airline Defendants subject to the federal Rehabilitation Act because of the CARES Act money received for payroll support?; (5) are the California Unruh Act claims preempted by federal law?; (6) are the breach of contract claims preempted by the federal Airline Deregulation Act?; (7) whether California recognizes a tort of reckless endangerment; (8) whether the requiring of masks onboard aircraft constitutes the unauthorized practice of medicine; (9) whether Plaintiffs have state a claim for invasion of privacy under California law; (10) do Plaintiffs have a private right of action to allege a claim for unfair and deceptive conduct in violation of 49 U.S.C. 41712?; (11) are Plaintiffs' state law claims for fraud and misrepresentation preempted by the Airline Deregulation Act?; and (12) is there a constitutional right to travel within the United States by aircraft?

## III.   THE BALANCE OF HARDSHIPS WEIGHS DECIDEDLY IN FAVOR OF A DISCOVERY STAY.

Consideration of the relative hardships and burdens on the parties strongly favors entry of the temporary stay requested by the Airline Defendants. The period of the stay may be relatively short. The only period of delay is when the Court will be considering and ruling on the motion to dismiss, which will be fully briefed on or before the September 14, 2022 deadline for the filing of the Airline Defendants' reply brief. Once the Court rules on the motion to dismiss, there may be no need for discovery. A ruling in favor of the Airline Defendants on the motion to dismiss could obviate the need for burdensome discovery and related motion practice. Thus, a stay of discovery could potentially save the Airline Defendants tens or hundreds of thousands of dollars in legal fees. *See Nguyen v. BMW of N. Am. LLC*, 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021) (issuing a stay of discovery and

1 ruling that "requiring Defendant to engage in discovery . . . would be prejudicial to
2 Defendant"); *Newman v. San Joaquin Delta Cmty. Coll. Dist.,* 2011 WL 1743686,
3 at *4 (E.D. Cal. May 6, 2011) (granting protective order staying discovery).  A
4 discovery stay also would avoid potentially unnecessary time and effort on the
5 Court's part in resolving discovery disputes and other pretrial motions.
6 *Wilmington Sav. Fund Soc. FSB v. El*, No. 219CV01852KJDDJA, 2019 WL
7 6310718, at *2 (D. Nev. Nov. 25, 2019) (staying discovery while motion to amend
8 was pending and stating that "a temporary stay of discovery will further the goal of
9 judicial economy").

10       In contrast to the financial harm to be experienced by the Airline Defendants
11 if no stay is granted, the Plaintiffs – who currently are free to fly on aircraft
12 throughout the United States without having to wear a mask – will not experience
13 any harm from the temporary stay.  The Airline Defendants respectfully maintain
14 that, because of the lack of merit to their claims, Plaintiffs are not entitled to
15 engage in discovery.  But if the Court allows one or more claims to proceed, then
16 Plaintiffs will be able to engage in the discovery process at that time.

## CONCLUSION

18       For the reasons set forth above, the Airline Defendants respectfully request
19 that the Court enter a protective order which stays discovery until after a ruling on
20 the Airline Defendants' motion to dismiss.

21 / /
22 / /
23 / /
24 / /
25 / /
26 / /
27 / /
28 / /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

| | |
|---|---|
| Dated: August 25, 2022 | Respectfully submitted, |
| | By: _____ |
| | Richard A. Lazenby |
| | Michael Cutler |
| | VICTOR RANE |
| | -and- |
| | M. Roy Goldberg |
| | (Admitted Pro Hac Vice) |
| | STINSON LLP |
| | 1775 Pennsylvania Avenue, N.W., Suite 800 |
| | Washington, D.C. 20006 |
| | Telephone: (202) 728-3005 |
| | |
| | *Attorneys for Defendants Alaska Airlines, Inc., American Airlines, Inc., Delta Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., and United Airlines, Inc.* |
| | |
| | Brian T. Maye |
| | (Admitted Pro Hac Vice) |
| | Adler Murphy & McQuillen LLP |
| | 20 S. Clark Street, Suite 2500 |
| | Chicago, IL 60603 |
| | Telephone: 312-422-5713 |
| | bmaye@amm-law.com |
| | |
| | *Attorneys for Defendants Frontier Airlines, Inc. Allegiant Air, LLC* |

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY
CASE NO.: 2:22-CV-02383-SSS-AS

-11-