1
2
3
4
5

**URI MARCUS**
P.O. Box 126
Ojai, CA  93024
Telephone:  909-833-0065
email: uri@ntcf.org

*Pro Se*

6

# UNITED STATES DISTRICT COURT

7

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11

URI MARCUS, YVONNE MARCUS,
AVROHOM GORDON, DEVORAH
GORDON & CINDY RUSSO,

12

*Plaintiffs,*

13

14

v.

15
16
17
18
19
20
21
22
23
24
25
26

CENTERS FOR DISEASE
CONTROL & PREVENTION,
DEPARTMENT OF HEALTH &
HUMAN SERVICES,
TRANSPORTATION SECURITY
ADMINISTRATION, JULIE
CARRIGAN, ALASKA AIRLINES,
ALLEGIANT AIR, AMERICAN
AIRLINES, DELTA AIR LINES,
FRONTIER AIRLINES, HAWAIIAN
AIRLINES, SOUTHWEST
AIRLINES, UNITED AIRLINES,
YET-TO-BE-NAMED EMPLOYEES
OF THE 8 AIRLINES, STAT-MD, &
MEDAIRE,

*Defendants,*

27
28

Case No.: 2:22-cv-02383-SSS-ASx

**— DISCOVERY MATTER —
PLAINTIFFS' MEMORANDUM
IN OPPOSITION TO AIRLINE
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER FOR
STAY OF DISCOVERY**

Hearing Date: **September 28, 2022**

Time: **9:00 a.m.**

Via Zoom Video Conference

**The Hon. Sunshine Suzanne Sykes**

## STATEMENT OF FACTS

DAs state "Plaintiffs are members of a coalition called 'Americans Against Mask Mandates.'" This claim is false. Plaintiffs are not members of any coalition by this name or as described.

## APPLICABLE STANDARD

Plaintiffs herein present their opposition to DEFENDANT AIRLINES' (hereinafter "DAs") Motion for Protective Order for Stay of Discovery. DKT. #136.

DAs' profess "A stay of discovery is a case management issue reserved for the District Judge, who controls the scheduling in this case."

However, Plaintiffs understand such a motion as a Discovery matter for which the Hon. Judge Sunshine S. Sykes has already ordered that, "All discovery matters are hereby referred to the assigned Magistrate Judge, who will hear all discovery disputes." DKT. 132 at 10, VI (B). Accordingly, as further instructed by Judge Sykes' Civil Standing Order, the words "DISCOVERY MATTER" have been added the caption of this Memorandum of Opposition to ensure proper routing. *id.* If this is incorrect, we ask the Court to excuse our misunderstanding.

## ARGUMENT

DAs stated that "The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." The purpose of the F.R. is NOT to avoid being subjected to Discovery, but to permit a motion to dismiss for failure of the

complaint to state a claim on which relief can be granted. DAs already did that.

DAs therefore have no need to impose further delay. Plaintiffs have established the requisite elements of our causes of action as far as we can without Discovery. DAs are putting forward tactical legal maneuvers in order to avoid producing that which Plaintiffs are legally entitled.

Plaintiffs understand that Discovery can be "costly and time consuming." But we are simply asking them now to produce initial Discovery that will support the factual issues we already raised in our constructed claims, all of which have a reasonable likelihood of success.

In *Carroll v. United States*, 116 F.3d 1485 (9th Cir. 1997), the court wrote, "We review a district court's discovery ruling for abuse of discretion. See *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir.1993). A stay of discovery pending the resolution of another issue is proper if discovery would not affect a decision on that issue." See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).

For Plaintiffs, a stay of discovery will affect a decision on the issue of DAs' Motion to Dismiss, in the absence of certain focused Requests for Admissions (RFAs) that should be submitted prior the hearing of oral arguments for their motion to dismiss on September 28, 2022.

DAs cite *Cellwitch Inc. v. Tile*, saying, "the Court can decide the motion to dismiss without the need for discovery to be conducted." However, they neglected to mention the most important part of *Cellwitch*, namely...

> "(good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429

(9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id. (citations omitted)*. *Cellwitch, Inc. v. Tile, Inc.*, Case No. 4:19-CV-01315, 2 (N.D. Cal. Oct. 22, 2019).

"To determine whether to grant a protective order to stay discovery pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the court can decide the pending dispositive motion absent additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); see also *In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). If these two questions are answered affirmatively, the court may issue a protective order. *Pacific Lumber*, 220 F.R.D. at 352. "However, if either prong of this test is not established, discovery proceeds." *Id.* The nature of this two-factor test requires the court to take a "preliminary peek" at the merits of the pending, potentially dispositive motion to determine whether a stay is granted." See *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). *Cellwitch, Inc. v. Tile, Inc.*, Case No. 4:19-CV-01315, 2 (N.D. Cal. Oct. 22, 2019).

DAs have not produced a 'strong showing' of why Discovery should be denied. Instead, they have presented tactical reasons, entirely void of good faith, to escape their legal obligations to begin the discovery process.

It should be noted that the second prong asks "whether the court can decide the pending dispositive motion absent additional discovery."

1     The significant words here are "additional discovery." Plaintiffs have
2   enjoyed NO DISCOVERY whatsoever, let alone being granted "additional"
3   Discovery. Plaintiffs submission of RFAs and the assembling of a witness list
4   is the first stage of discovery and is not burdensome or costly for DAs. It
5   addition, the RFAs will help us with the balance of our oppositions to motions
6   to dismiss, as well as in our oral arguments, and we will have a stronger case.
7   Thus, there is also no reason to delay.

8     Even if the Court would determine that one or more of our claims were
9   ultimately dispositive, it would not have a domino effect on the rest of our
10  claims. There will always be many more counts that remain and the same
11  Discovery will be required. DAs motion to dismiss has no potential to result in
12  the dismissal of all of Plaintiffs' claims alleged against them. There is therefore
13  no reason to halt the process.

14    DAs constructed a table that "summarizes the claim and the arguments
15  for dismissal" for which, according to them, "none of the specific claims raised
16  by Plaintiffs has merit."

17    The truth is however, that Counts 20, 21, 22, 23, 24, 25, 26, 27, 28, 29,
18  30, 33, 34, 35, 36, 37 and 38 all require minimum initial Discovery to support
19  our factual claims.

20    Further, in *Cellwitch* the court wrote, "If granted, Cellwitch's patent
21  would be found invalid …. As Cellwitch only claims alleged patent
22  infringement, every claim in its complaint would be subject to dismissal." *Id*.

23    Not so in our case. We have numerous claims, and all require
24  independent Discovery that DAs are desperately delaying or hiding from us.

25    Plaintiffs will suffer harm if this Court stays discovery, because we will
26  fundamentally lack the admissions and other bits of information that support
27  our factual claims. More evidence will come out with Discovery, in the
28  absence of which, harm to Plaintiffs cannot be avoided.

"[D]efendants should not be able to prevent plaintiffs from uncovering the evidence they need to support their … motion." *Amey v. Cinemark U.S. Inc.*, Case No. 13-cv-05669-WHO, 3 (N.D. Cal. Sep. 5, 2014).

"[I]nstead of stonewalling the discovery and filing their motion, defendants should have negotiated with plaintiffs over the scope of the … discovery and sought my intervention if they were not able to come to a reasonable agreement." *Amey v. Cinemark U.S. Inc.*, Case No. 13-cv-05669-WHO, 5 (N.D. Cal. Sep. 5, 2014).

"Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

Without question, our Complaint raises factual issues requiring Discovery for resolution. DAs are talking that ability away by delaying Discovery, and that harms us.

The path to resolving the legal issues and the merits of Plaintiffs' various legal theories travels through the valley of Discovery, which DAs are altogether attempting to deprive us of, under what appears on the surface to be nothing more than an innocent "delay."

But with this delay, Plaintiffs will suffer harm in the form of justice denied from companies and federal agencies that are skillful at concealing evidence and have the capacity to condemn Plaintiffs. Along these lines, this honorable Court is being asked to consider the following:

Plaintiffs were discriminated against because they were medically unable to safely don a facemask. We were not given the opportunity to ask why. We were not given opportunity to appeal decisions ADs made and delivered to us via email, or telephone or at the airport. We all knew something was wrong and we wanted answers. But no answers came. We couldn't even

ask. "Just go home," we were told. "You are not flying today." DAs then, caused Discovery to disappear into a puff of smoke, just as they are doing today by wielding their motion before this Court.

As ADs so eloquently wrote, our "exclusive avenue of relief was to file a complaint under the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA") with the DOT pursuant to 14 C.F.R. Part 382." This we all did. No answers came back — to this day your Honor.

DAs then gave us another "valuable" avenue for relief. "If Plaintiffs believe that DOT failed to act timely on administrative complaints, their sole avenue of relief is pursuant to 49 U.S.C. § 46110, which requires the filing of a timely petition for review with the appropriate Circuit Court of Appeals." Some, but not all of us did this. The Circuit Court of Appeals said, "That isn't within our jurisdiction. We are not hearing the case." DKT. 127 at EX. 04.

So we came before this honorable Court in order to ask our questions and get our answers and hold DAs accountable, to which they respond, "We don't want to give you answers or Discovery, because that would cost us time and money" and this, after they harmed us for two long years! Regardless of all the answers we gave them, and even asking this honorable Court TWICE for extensions to our page limitations in order to insure bringing all the answers we could muster to all the objections thrown up as roadblocks, they still want to prevent us from supporting our factual claims. All we want is what Federal Rule 26 requires — the right of Discovery. But the best ADs can do is say, "None of the specific claims raised by Plaintiffs has merit," without offering a scintilla of evidence or Discovery to support their wishful thinking.

With all the clever tactical arguments DAs bring, wouldn't it make more sense in the name of fairness to instruct DAs to produce the Discovery that we are entitled to by law, and deny this Motion to Stay? That seems to be the in the best interests of judicial economy, and in the best interests of both parties.

1      **Pro Se Plaintiff Cindy Russo** wishes to address the merits of DAs'
2    motion as follows: If Defendant Airlines had not done what they did for two
3    long years, creating a problem that required us to file our lawsuit for a remedy,
4    we wouldn't be here today.

5      I urge the Court to deny Defendant Airlines motion to stay discovery.
6    Defendants could have honored medical exemptions from those of us who
7    medically could not SAFELY wear a mask. But they didn't, and instead
8    saddled us with a burden so heavy that we had to bring this matter before the
9    Court. For them to now come with a motion to stay discovery, because the
10   burden would be "too heavy" for them, because they believe our claims will
11   not survive their motion to dismiss, represents to me the height of all
12   hypocrisy.

13     Throughout the last two years, we wanted to work with Defendant
14   Airlines, to discuss our disability and get a mask exemption. What we received
15   was a computer-generated response letter that offered no compassion or logic.
16   It only did one thing — it allowed them to fly above the law. This left many
17   others I personally know and me — all disabled persons — stranded. Those
18   like myself who made it to the gate did not receive the courtesy of a human
19   person-to-person, case-by-case dialogue. Instead, we got an airline agent with a
20   "one size fits all" order in her hand: "Put on the mask or find another means to
21   travel, or don't travel at all."

22     For a nation that prides itself as a nation under the rule of law, there
23   should have been something in place that protected the rights of the disabled.
24   And come to find out, there was! But Defendant Airlines decided that they
25   were going to ignore those laws and instead ban us from flying based on our
26   disability. Because of what they did, we want Discovery now, before they can
27   withhold or dispose of all the evidence that proves how they orchestrated such
28   an egregious scheme to deprive disabled passengers like me of our rights.

Our country and our constitution cry out, "You shall not discriminate!" So how did all of this happen? Only discovery — now — can answer that question. We've been delayed long enough. We should not have to wait until Airline Defendants find out if their motion to dismiss is accepted or rejected.

We need discovery to obtain more explicit information on why the airlines did what they did. What were the terms and conditions of the Cares Act money they received? Who made the decisions to ban disabled flyers? With whom were they made? What and where are the complaints from other passengers? Who gave whom the authority?

Your Honor, we plead with you; I plead with you. This motion to stay is a one-sided legal maneuver that serves the interests of Defendants only. This honorable Court however, has a sworn duty to look after the interests of both parties, not just those of the Defendants. Delay harms us as Plaintiffs. Justice can only come when we begin the process of Discovery, which will lead us to a fair trial.

**Pro Se Plaintiff Avrohom Gordon** would like to address the merits of this motion as follows: It sounds strange to me that Defendants are going to so much trouble to get an order to stay discovery. What do they have to hide?!? Also, I would expect better cooperation from them, given this is something the Judge has already instructed to go ahead with.

**Pro Se Plaintiff Devorah Gordon** would like to address the merits of this motion as follows: It is important for us to start Discovery now. We need to get things done in a timely fashion. Discovery will give us information that is relevant and important, and needed prior to the decision that will be made on the Motions to Dismiss our Complaint. These are simple pieces of information that we are looking for and it should not be such a big deal to ask Defendants to gather it for us under the circumstances.

**Pro Se Plaintiff Yvonne Marcus** wishes to address this merits of DAs'

motion, as follows: Defendants speculate that "the period of the stay **may be relatively** short," and that "a stay of discovery **could potentially** save the Airline Defendants tens or hundreds of thousands of dollars" **(emphasis mine)**. They maintain that Plaintiffs "will not experience any harm from the temporary stay." Why? "[B]ecause of the lack of merit to their claims." In other words, "Plaintiffs' case must be dismissed on short order to save us lots of money, and in any case, Plaintiffs have no claim". I find the Defendants' lack of consideration for the Court's resources in submitting this motion is what lacks real merit and wastes the Court's time. For these reasons Defendants' motion should be denied.

## CONCLUSION

Plaintiffs can do better than expand on Avrohom Gordon's comment regarding your instructions, which were quite clear:

> "The parties should begin to propound discovery before the Scheduling Conference. The parties must comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and produce discovery promptly." DKT. 132 at 10, VI(A).

We seek to do only that which this honorable Court has directed us to do. We therefore humbly ask the Court to deny DAs' motion, because it flies in the face of the instructions given by the Court and it harms Plaintiffs in the pursuit of their justice, already long overdue.

/ /

/ /

/ /

/ /

/ /

1    Respectfully submitted this 29th day of August 2022.

2

3    By: /s/ *Uri Marcus*

4          Uri Marcus, lead plaintiff, *Pro-Se*

5          P.O. Box 126
         Ojai, CA 93024

6          Telephone: 909-833-0065
         E-Mail: uri@ntcf.org

7

8    By: /s/ *Yvonne Marcus*

9          Yvonne Marcus, plaintiff, *Pro-Se*

10         P.O. Box 126
         Ojai, CA 93024

11         Telephone: 909-833-0065

12         E-Mail: adi@ntcf.org

13    By: /s/ *Avrohom Gordon*

14         Avrohom Gordon, plaintiff, *Pro-Se*

15         2251 State Route 222
         New Richmond, OH  45157

16         Telephone: 513-734-1770

17         gordon.avrohom@gmail.com

18

19    By: /s/ *Devorah Gordon*

20         Devorah Gordon, plaintiff, *Pro-Se*
         2251 State Route 222

21         New Richmond, OH  45157

22         Telephone: 513-734-1770
         devorahlgordon@gmail.com

23

24    By: /s/ *Cindy Russo*

25         Cindy Russo, plaintiff, *Pro-Se*

26         22485 Breakwater Way
         Santa Clarita, CA  91350

27         Telephone: 908-797-8066
         cjrz123@gmail.com

28

     PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO AIRLINE DEFENDANTS'
MOTION FOR STAY OF DISCOVERY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.