Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

-and-

Barry S. Alexander (*pro hac vice*)
Email: balexander@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005
Telephone: (212) 973-8099

Brittany C. Wakim (*pro hac vice*)
Email: bwakim@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2092

Attorneys for Defendant
MEDAIRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO, <br><br>Plaintiffs, <br><br>vs. <br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE, <br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS <br><br>**DEFENDANT MEDAIRE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT [ECF NOS. 92, 92-1]** <br><br>**Hearing Date via video conference:** Sept. 28, 2022 <br>Time: 9:00 a.m. <br>Courtroom: 2 <br>Dist. Judge: Hon. Sunshine S. Sykes |

# INTRODUCTION

Plaintiff's twenty-five page opposition is full of sound and fury, signifying nothing. Ultimately, Plaintiffs do not, and cannot, dispute that the Complaint is bereft of any allegation that: (1) any of them purchased a ticket on an airline that contracted with MedAire, Inc. ("MedAire") to evaluate mask exemption requests; (2) any of them interacted with anyone from MedAire; (3) any of them requested a mask-exemption from MedAire or an airline that forwarded the request to MedAire for handling; (4) MedAire entertained any mask-exemption or conducted any medical screenings with any of them; or (5) MedAire denied any mask-exemption request from any of them. The <u>only</u> difference between MedAire and Plaintiffs' positions is that Plaintiffs believe it is sufficient to rely on hypothetical assertions that MedAire <u>would have</u> rejected a mask exemption request <u>if</u> it was presented with one by any of the Plaintiffs.[1] They are wrong.

**A. Plaintiffs' allegations of conspiracy pursuant to 42 U.S.C. §1985(3) are entirely conclusory, Plaintiffs are not part of a protected class, and MedAire did not have any involvement with Plaintiffs that could have caused Plaintiffs harm.**

### 1. *Plaintiffs' claims of a conspiracy remain completely conclusory.*

Plaintiffs' Opposition fails to identify any actual conspiracy. Instead, Plaintiffs double down on their reliance on insufficient, conclusory allegations. In support of their claims, Plaintiffs state that "[Defendants] all orchestrated their activities like a professional symphony orchestra, carefully including the federal agencies that govern them. Colluding and conspiring to discriminate against Plaintiff and those similarly situated." ECF No. 130, at 10. These are conclusory allegations, not factual ones. Moreover, not one fact is alleged to show either

---

[1] While Plaintiffs' intimate that their entire action is against MedAire, Plaintiffs only assert two causes of action against MedAire in their Complaint, Count XX and Count XXXIX. *See* ECF No. 1.

MEDAIRE, INC.'S REPLY IN SUPPORT  - 2 -
OF ITS MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS

discriminatory animus or agreement to discriminate on the part of MedAire. Plaintiffs assert that it "will unquestionably require discovery for Plaintiffs to reveal the exact depth of the conspiracy …" ECF No. 130, at 11. That is not sufficient. In order to survive a motion to dismiss, the Complaint needs to provide the factual predicate for the conspiracy claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[b]ecause appellant failed to allege any facts showing [] invidious[]" discrimination on the part of defendants, "the district court was [] correct in dismissing the §1985(3) claim."); *Dunsmore v. Horn*, 2022 WL 1271493, *2 (E.D. Cal. April 28, 2022) ("plaintiff's claims are insufficient to state a §1985(3) claim as the complaint does not allege specific facts regarding the agreement between the two defendants.").

Notably, and as outlined in MedAire's Submission of Supplemental Authority (ECF No. 120), a District Court Judge in the Eastern District of Virginia recently dismissed a virtually identically pled claim for the failure to state a claim finding that "Plaintiff ha[d] not alleged a conspiracy with the required concrete facts. Instead, he merely makes conclusory allegations regarding a conspiracy." ECF No. 120, at 3.

Plaintiffs continued failure to plead any factual assertion to support their conclusory allegations of a conspiracy requires dismissal. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (affirming dismissal of §1985(3) claim for failing to allege evidence of a conspiracy and any specific acts in furtherance of the conspiracy, "which are required elements of a §1984(3) claim.").

### 2.  *Plaintiffs are not part of a protected class.*

Even assuming *arguendo* that Plaintiffs had set forth factual allegations sufficient to support a conspiracy claim, which they have not, Plaintiffs still cannot demonstrate that they are part of a protected class entitled to the protections of 42 U.S.C. §1985(3). Plaintiffs allege discrimination on the basis of disability;

1  specifically, medical conditions preventing the wearing of face masks while flying.
2  ECF No. 1, at ¶893. Plaintiffs further assert that "Congress identified disabled
3  airline passengers as a class of people specifically in need of legal protection."
4  ECF No. 130, at 8. This does not, however, establish Congressional intent to
5  include medical disability discrimination within the scope of 42 U.S.C. §1985(3).
6  Plaintiffs also do not attempt to distinguish *Serris v. Chastaine*, 2022 WL 715115,
7  *3 (E.D. Cal. Mar. 10 2022), where the court stated:

> Disabled individuals do not constitute a "class" within the meaning of section 1985(3). *See, e.g., D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped."); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' ...was not included as a class in what is now § 1985(3)."); *see also Story v. Green*, 678 F.2d 60, 64 (2d Cir. 1992) ("We note in passing that most authorities have not considered disability to be a suspect or quasi-suspect classification.").

*Id.* at *3.

Plaintiffs instead cite to *Lake v. Arnold*, 112 F.3d 682 (3d Cir. 1997), which involved a claim relating to the forced sterilization of a mentally retarded woman, and the issue of whether a classification based on mental retardation constituted a protected class. This fact pattern has no bearing on this case. Moreover, while there is discussion in *Lake* of the plight of disabled persons generally, the Third Circuit expressly declined to define the class broadly enough to include individuals who were not mentally retarded. *Lake,* 112 F.3d at 686, n.5 ("Because the facts of this case do not require us to do so, we decline to define the class protected more broadly to include a wider range of handicaps or the handicapped in general."); *see also Friends & Residents of St. Thomas Twp., Inc. v. St. Thomas Dev., Inc.*, 176 Fed. Appx. 219, 229 (3d Cir. 2006) ("The Third Circuit in *Lake* further limited §1985(3) claims to 'invidious discrimination' predicated on discrimination against individuals with 'immutable characteristics' such as race, gender or mental

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

handicap.").

In light of the foregoing, and in accordance with precedent in the Central District of California, Section 1985(3) does not apply to Plaintiffs' claims of discrimination on the basis of their claimed medical disability, and this claim should be dismissed. *See, e.g., Gaspard v. DEA Task Force,* 2016 WL 2586182, *9 (C.D. Cal. Apr. 4, 2016) ("The Court is unaware of any cases holding that section 1985 protects against disability-based discrimination.").

### 3. Plaintiffs acknowledge that MedAire was not involved in any of Plaintiffs' requests for a mask exemption.

As outlined above, Plaintiffs do not dispute that there is no allegation that MedAire interacted with any Plaintiff or entertained, let alone denied, a request for a mask exemption from any Plaintiff. As such, Plaintiffs fail to allege any act by MedAire in furtherance of the alleged conspiracy that caused Plaintiffs' harm, as required to state a claim for conspiracy. In an attempt to side-step this requirement, Plaintiffs attribute fabricated statements to MedAire to demonstrate the "acts that we[re] perpetrated" by MedAire. For example, Plaintiffs attribute the following made up statement to MedAire:

> Do not bother showing up at the departure gate of our client's departing flight if you have a disability which prevents you from donning a mask. We don't care about that ticket you purchased. If you do show up, we will not allow you to board or fly. We will instruct our client airline to deny you boarding.

ECF No. 130, at 17-18. No such statement was made by MedAire and Plaintiffs do not actually allege that it was. Rather, this is another example of the hypothetical fact pattern upon which Plaintiffs would like to decide this motion. MedAire's motion should be decided on the actual facts alleged, not hypothetical ones, and those allegations are insufficient to state a claim.

Accordingly, Plaintiffs' claim under 42 U.S.C. §1985(3) should be

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

dismissed.

**B.    Plaintiffs' medical malpractice claim must fail because MedAire never interacted with Plaintiffs and the claim is preempted by the Airline Deregulation Act.**

*1.    Plaintiffs agree that some level of treatment is required for a medical malpractice claim.*

While Plaintiffs' argument is not a model of clarity, they agree that a medical malpractice claim requires some level of treatment. ECF No. 130, at 19 ("[C]ompletes a medical assessment of a patient/passenger … and deviates from the standards of his profession…"). Here, however, MedAire is not alleged to have engaged in any actual conduct with respect to any Plaintiff, as Plaintiffs never purchased tickets that would have led to an interaction with MedAire in the form of a day-of "medical assessment." As such, Plaintiffs do not dispute that there is no allegation that MedAire ever <u>treated</u> any Plaintiff, or that any Plaintiff suffered an injury as a result of any specific treatment rendered by MedAire.

Thus, Plaintiffs fail to state a claim for medical malpractice under California law,[2] or even under the improper, relaxed legal standard they attempt to set forth. As such, this claim should be dismissed.

*2.    Plaintiffs' claim for medical malpractice relates to a route and service of an air carrier and is preempted by the Airline Deregulation Act.*

The Airline Deregulation Act ("ADA") provides that "a State … may not exact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier …" 49 U.S.C.

---

[2] While not clarified in the Opposition, MedAire continues to assume for the purpose of its Motion that Plaintiffs bring their medical malpractice claim under California law. MedAire does not concede that California law ultimately would apply to these claims, but nevertheless applies California law for the purposes of its Motion.

§41713(b)(1). Plaintiffs argue that the ADA does not preempt their claim for medical malpractice "because there is no conflict between it and the ACAA or any other federal law. Preempting is only an issue when there is a conflict." ECF No. 130, at 20. Plaintiffs appear to be referring to implied (conflict) preemption, not express preemption such as that provided by the ADA. As it relates to the ADA, the Supreme Court has held that the ADA's preemptive effect is generally broad "the ordinary meaning of these words ['relating to'] is a broad one … and the words thus express a broad preemptive purpose." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992).

Plaintiffs' allege in the Complaint, and reiterate in their Opposition, that MedAire is "guilty of medical malpractice" based on their review and arbitrary denial of requests for exemptions from mask requirements in relation to air travel. Plaintiffs essentially claim that they cannot travel because of MedAire's role in the airline defendants' enforcement of the mask mandate. Because MedAire's complained of conduct clearly relates to the rates, routes, or services of an air carrier, Plaintiffs' claims are preempted under the ADA. *See, e.g., Compass Airlines, LLC v. Montana Dep't of Lab. and Indus.,* 2013 WL 4401045, *12 (D. Mont. Aug. 12, 2013) (state law claims by passengers "alleging wrongful denial of air transportation services (whether by outright denial of boarding or by creation of a hostile environment)" are expressly preempted by the ADA, because they relate to an airline "rates, routes, and services.").

**C.     Plaintiffs have not, and cannot, demonstrate that MedAire is subject to personal jurisdiction.**

Plaintiffs admit that "California does not" have general jurisdiction over MedAire. ECF No. 130, at 20.

Plaintiffs fail to establish any basis upon which this Court can exercise specific personal jurisdiction over MedAire, as it remains undisputed that Plaintiffs never interacted with MedAire.

1  As Plaintiffs note, for specific jurisdiction, a <u>plaintiff's claims</u> "must arise out of or relate to the defendant's contacts" with the forum state. *Bristol-Myers Squibb, Co. v. Superior Court,* 137 S. Ct. 1773, 1780 (2017); *see also* ECF No. 130, at 23 ("an out-of-state defendant may be subject to specific personal jurisdiction if the litigation arises out of or is related to defendant's contact with the forum state.").

Here, it is true that MedAire has a contract with Hawaiian Airlines to provide certain services at Los Angeles International Airport. It also is true, however, that MedAire had no interaction with any Plaintiff arising out of this contract because no Plaintiff purchased a ticket on Hawaiian Airlines and underwent an assessment by MedAire. Plaintiffs' state in their Opposition that MedAire "stood and blocked th[eir] path to board their aircraft [without a face covering], and would have made no exceptions for [Plaintiffs]" and that their "imminent and unavoidable injuries would have come as a direct result of actions taken, advice given, and coordination provided by MedAire." ECF No. 130, at 4, 23. Once again, Plaintiffs are relying on hypothetical facts that never occurred.

Plaintiffs' hypothetical allegations are insufficient to create an actual "connection between [California] and the specific claims at issue." *See Bristol-Meyers,* 137 S. Ct. at 1781. Accordingly, there is no personal jurisdiction over MedAire, and Plaintiffs' claims against MedAire should be dismissed. *See id.* at 1780-81.

## CONCLUSION

Based upon the foregoing, as well as MedAire's Motion to Dismiss (ECF Nos. 92, 92-1) and Supplemental Authority (ECF No. 120), MedAire respectfully requests that its Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2) be granted in all respects.

/ /

/ /

1 | Dated: August 31, 2022      Respectfully submitted,

By: *Barry S. Alexander*
    Barry S. Alexander, *pro hac vice*
    Brittany C. Wakim, *pro hac vice*
    SCHNADER HARRISON SEGAL & LEWIS LLP

-and-

Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS

- 9 -