Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

-and-

Barry S. Alexander (*pro hac vice*)
Email: balexander@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005
Telephone: (212) 973-8099

Brittany C. Wakim (*pro hac vice*)
Email: bwakim@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2092

Attorneys for Defendant
MEDAIRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**DEFENDANT MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY (ECF No. 136)**<br><br>Hearing Date: September 28, 2022<br>Time: 9:00 am<br>Courtroom: 2 (Via Zoom)<br>Dist. Judge: Hon. Sunshine S. Sykes |

## INTRODUCTION

Defendant MedAire, Inc. ("MedAire"), through its respective counsel, submits this joinder to the motion for protective order under Fed. R. Civ. P. 26(a), to temporarily stay discovery in this case filed by Defendants Alaska Airlines, Inc., Allegiant Air, American Airlines, Inc., Delta Air Lines, Inc., Frontier Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., United Airlines, Inc. (collectively, the "Airline Defendants") on August 25, 2022 (ECF No. 136) and respectfully requests that this Court stay discovery in this case until after the Court also rules on MedAire's Motion to Dismiss, filed on June 14, 2022, ECF Nos. 92, 92-1 for all the reasons stated therein. Good cause exists for a temporary stay of discovery given that (1) MedAire's pending motion to dismiss is potentially – indeed likely – dispositive of the entire case against them, and (2) the Court can decide the motion to dismiss without the need for any discovery to be conducted. *See, e.g., Cellwitch Inc. v. Tile, Inc.*, 2019 WL 5394848, *1 (N.D. Cal. Oct. 22, 2019). In further support of the Airline Defendants' motion, MedAire sates the following.

## STATEMENT OF FACTS

On April 8, 2022, Plaintiffs filed their Complaint (ECF No. 1) alleging thirty-nine causes of action against various federal agencies, federal agents, airlines, and corporations based upon the Federal Transportation Mask Mandate and the airlines' compliance therewith. Of the thirty-nine causes of action, only two are asserted against MedAire. On June 14, 2022, MedAire filed a Motion to Dismiss (ECF Nos. 92, 92-1), in which MedAire asserts that neither of the claims alleged against MedAire (ECF No. 1, Count XX and Count XXXIX) states a claim upon which relief may be granted and, in any event, Plaintiffs claim for medical malpractice (ECF No. 1, Count XXXIX) is preempted by the Airline Deregulation Act ("ADA"). *See* ECF Nos. 92, 92-1. Additionally, MedAire seeks to dismiss the

DEFENDANT MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY (ECF NO. 136)
CASE NO.: 2:22-CV-02383-SSS-AS

- 2 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

complaint for the lack of personal jurisdiction over MedAire for the claims asserted in the Complaint. *Id.* On August 9, 2022, Plaintiffs filed a brief in opposition to the Motion to Dismiss (ECF No. 130). MedAire has until September 14, 2022, to file a reply brief, and the Court is scheduled to hold oral argument on MedAire's Motion to Dismiss on September 28, 2022 at 9:00 a.m. The Airline Defendants' Motion to Dismiss as well as co-defendants Stat-MD and the Federal Defendants' Motions to Dismiss are schedule for oral argument at the same time. The initial Case Management Conference is also set for the same date at time.

## APPLICABLE STANDARD

As demonstrated in the Airline Defendants' motion, Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by, *inter alia*, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A)-(B). "[A] district court has broad discretion to stay discovery pending resolution of a potentially dispositive motion." *Amey v. Cinemark USA Inc.*, 2013 WL 12143815, *2 (C.D. Cal. Oct. 18, 2013); *see also, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion," and "since the appellants' complaint did not raise factual issues that required discovery for their resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss").

A stay of discovery is a case management issue reserved for the District Judge, who controls the scheduling in this case. As such, any request to stay discovery must be filed with the District Judge in this matter rather than the Magistrate Judge. *See, e.g., Pom Wonderful LLC v. Coca-Cola Co.*, 2009 WL 10655253, *1 (C.D. Cal. Sept. 16, 2009); *Clark v. Time Warner Cable*, 2007 WL

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1334965, *2, n.1 (C.D. Cal. May 3, 2007) (a motion to stay discovery presents a case management issue that should be resolved by the presiding judicial officer in the case). In prior cases, the discovery dispute procedures set forth in Local Rule 37-2 have not applied to a motion for protective order for a <u>temporary stay of discovery</u>. *See, e.g., Quezambra v. United Domestic Workers of Am. AFSCME Loc.*, 2019 WL 8108745, *2 (C.D. Cal. Nov. 14, 2019).

The purpose of Rule 12(b)(6) "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *id.* ("[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility."). Accordingly, it is "sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.; see also United States v. Dynamic Medical Systems LLC*, 2020 WL 3035219, *6 (E.D. Cal. June 5, 2020) (due to the "fact that allowing discovery to proceed could result in undue burden, expense, and discovery disputes, the Court finds good cause to continue the scheduling conference and stay discovery to allow the pending motion to dismiss to be decided").

"While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause." *Estate of Jackson v. Modesto*, 2021 WL 5989754, *2 (E.D. Cal. Dec. 17, 2021) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). California district courts employ "a two-part test providing that it is appropriate to stay discovery if (1) 'the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed,' and (2) 'the pending, potentially

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

dispositive motion can be decided absent additional discovery.'" *Quezambra,* 2019 WL 8108745 at *2 (citing *Mlejnecky v. Olympus Imaging Am., Inc.,* 2011 WL 489743, *6 (E.D. Cal. Feb. 7, 2011) (collecting California district court cases applying this two-part test)); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending a resolution of R. 12(b)(6) motion to dismiss). The nature of the two-factor test for a discovery stay requires the Court to take a "preliminary peek" at the merits of the pending, potentially dispositive motion to determine whether a stay is granted. *Cellwitch,* 2019 WL 5394848 at *1. Courts often consider whether, upon a preliminary analysis, there is a possibility that the pending motion will be granted. *See GTE Wireless, Inc. v. Qualcom, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000). Finally, courts also consider whether harm or prejudice will result from the discovery. *See Quezambra*, 2019 WL 8108745 at *1.

## ARGUMENT

### I. A Stay of Discovery is Warranted Because the Motion to Dismiss is Potentially Dispositive of all of the Claims Against MedAire.

Similar to the Airline Defendants, the first factor for a protective order to stay discovery pending the ruling on the motion to dismiss is satisfied here given that the pending motion to dismiss filed by MedAire presents a strong showing for the dismissal of Plaintiffs' claims for relief against MedAire. Plaintiffs agree that no plaintiff ever interacted with anyone from MedAire and that there is no allegation that MedAire entertained, let alone denied, a request for a mask exemption from any Plaintiff. Both of Plaintiffs' two causes of action against MedAire, Count XX for civil conspiracy under 42 U.S.C. §1985(3) and Count XXXIX for medical malpractice,[1] fail to state a claim. Indeed, a nearly identical

---
[1] While not specifically pled, MedAire assumes for the purpose of its Motion to Dismiss that Plaintiffs bring their medical malpractice claim under California law. MedAire does not concede that California law ultimately would apply to Plaintiffs' claims.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

DEFENDANT MEDAIRE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE
DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR
STAY OF DISCOVERY (ECF NO. 136)
CASE NO.: 2:22-CV-02383-SSS-AS
- 5 -

claim for civil conspiracy under 42 U.S.C. §1985(3) against some of the same defendants in this case was dismissed for failure to state a claim by the U.S. District Court for the Eastern District of Virginia in *Kleanthis Andreadakis v. CDC et al.*, 2022 WL 2674194 (E.D. Va. July 11, 2022) (previously submitted to the Court by MedAire, ECF Nos. 120, 120-1). While the claims against the medical defendant STAT-MD (also a defendant in this case) in *Andreadakis* were ultimately dismissed for a lack of personal jurisdiction, the court noted the substantive arguments "have merit" and, "it would also dismiss Plaintiff's claims against STAT-MD," including a claim for civil conspiracy under 42 U.S.C. §1985(3), "for failure to state a claim for the reasons that it dismisses them against the Airline Defendants." ECF Nos. 120, 120-1. The aforementioned civil conspiracy claim against the medical provider (STAT-MD) in *Andreadakis* is nearly identical to the civil conspiracy claim asserted against MedAire (Count XX) and similarly should be dismissed for the failure to state a claim. Further, Plaintiff's cause of action for medical malpractice (Count XXXIX) separately should be dismissed as preempted by the ADA. Finally, the Court lacks personal jurisdiction over MedAire for the claims asserted in the Complaint. The following summarizes Plaintiffs' claims and MedAire's strong arguments for dismissal:

### A.  Count XX – Conspiracy to Violate Civil Rights – 42 U.S.C. §1985(3)

Plaintiffs' allegations of conspiracy are entirely conclusory and fail to allege the existence of a civil conspiracy; Plaintiffs are not part of a protected class because Section 1985(3) does not apply to claims for discrimination on the basis of disability; and Plaintiffs fail to allege any acts by MedAire in furtherance of the alleged conspiracy that caused Plaintiffs harm because even Plaintiffs agree MedAire did not have any involvement with them. *See* ECF No. 92-1, pp. 7-12.

### B.  Count XXXIX – Medical Malpractice

Plaintiffs admit that there is no allegation that MedAire ever treated any

Plaintiff or that any Plaintiff suffered an injury as a result of any specific treatment rendered by MedAire. *See* ECF No. 92-1, pp. 12-14. Separately Plaintiffs' claim is preempted pursuant to the ADA because it relates to the price, route, or service of an air carrier. *See* ECF No. 92-1, pp. 14-15.

### C. Lack of Personal Jurisdiction over MedAire

Plaintiffs agree that MedAire is not subject to general jurisdiction in California because it is not incorporated nor is its principal place of business in California. *See* ECF No. 92-1, pp. 16-17; ECF No. 130, p. 20. Similarly, MedAire is not subject to specific personal jurisdiction for the claims asserted in the Complaint. *See* ECF No. 92-1, pp. 17-18. There is absolutely no connection between the allegations in the Complaint against MedAire and California as Plaintiffs fail to allege any actual involvement or interaction with MedAire.

In *Cellwitch, supra*, the court granted the defendant's motion for a protective order to stay discovery pending a ruling on the motion to dismiss. The court stated, "While the Court does not provide an opinion on the merits of the pending motion to dismiss, the Court concludes that the motion has the potential to be dispositive" because "every claim in its complaint would be subject to dismissal." 2019 WL 5394848 at *2. Similarly here, as also demonstrated in the Airline Defendants' motion, the Court's resolution of MedAire's pending Motion to Dismiss has the potential to result in the dismissal of all of the claims alleged MedAire. The motion to dismiss plaintiff is "sufficiently meritorious for a finding that the motion[] [is] potentially dispositive of the case." *Stavrianoudakis v. U.S. Dep't of Fish and Wildlife*, 2019 WL 9667685, *3 (E.D. Cal. Dec. 20, 2019).

### II. The Court Can Decide the Motion to Dismiss without the Need for Discovery to be Conducted.

The second factor for a protective order to stay discovery pending a ruling on the motion to dismiss is met here because the motion to dismiss raises legal

issues, which can be resolved without conducting any discovery. *See Cellwitch,* 2019 WL 5394848 at *2 (second factor met where the "Court conclude[d] no . . . discovery [was] needed for the resolution of" the motion, and plaintiff had failed to "demonstrate that it will suffer harm if the Court stays discovery briefly until after the Court rules on [defendant's] motion to dismiss."). Plaintiffs – who are not currently subject to a mask mandate – will not suffer any harm if discovery is not commenced until after a ruling on MedAire's motion to dismiss.

### III. The Balance of Hardships Weights Decidedly in Favor of a Stay of Discovery.

As also demonstrated in the Airline Defendants' motion, a ruling in favor of MedAire on its Motion to Dismiss would obviate the need for burdensome discovery and related motion practice. Thus, a stay of discovery could potentially save MedAire tens or hundreds of thousands of dollars in legal fees. *See Nguyen v. BMW of N. Am. LLC*, 2021 WL 2284113, *4 (S.D. Cal. June 4, 2021) (issuing a stay of discovery and ruling that "requiring Defendant to engage in discovery . . . would be prejudicial to Defendant"); *Newman v. San Joaquin Delta Cmty. Coll. Dist.,* 2011 WL 1743686, *4 (E.D. Cal. May 6, 2011) (granting protective order staying discovery). A discovery stay also would avoid potentially unnecessary time and effort on the Court's part in resolving discovery disputes and other pretrial motions. *Wilmington Sav. Fund Soc. FSB v. El*, 2019 WL 6310718, *2 (D. Nev. Nov. 25, 2019) (staying discovery while motion to amend was pending and stating that "a temporary stay of discovery will further the goal of judicial economy").

In contrast to the financial harm to be experienced by MedAire if no stay is granted, the Plaintiffs – who currently are free to fly on aircraft throughout the United States without having to wear a mask – will not experience any harm from the temporary stay. Because of the lack of merit to their claims, Plaintiffs are not entitled to any discovery. By Plaintiff's own admission, Plaintiffs agree that no

DEFENDANT MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY (ECF NO. 136)
CASE NO.: 2:22-CV-02383-SSS-AS

- 8 -

Plaintiff ever interacted with anyone from MedAire and that there is no allegation that MedAire entertained, let alone denied, a request for a mask exemption from any Plaintiff. No amount of discovery will prove otherwise. Moreover, if the Court decides that one or more of the claims should be allowed to proceed, Plaintiffs will not suffer any harm from the reasonable delay before discovery commences.

## CONCLUSION

For all of the reasons set forth above and in the Airline Defendants' motion, MedAire respectfully requests that the Court enter a protective order staying discovery until after a ruling on MedAire's Motion to Dismiss (ECF Nos. 92, 92-1).

Dated: August 31, 2022                Respectfully submitted,

By: *Barry S. Alexander*
Barry S. Alexander, *pro hac vice*
Brittany C. Wakim, *pro hac vice*
SCHNADER HARRISON SEGAL & LEWIS LLP

-and-

Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

- 9 -

DEFENDANT MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY (ECF NO. 136)
CASE NO.: 2:22-CV-02383-SSS-AS

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849