1
2
3
4
5

**URI MARCUS**
P.O. Box 126
Ojai, CA  93024
Telephone:  909-833-0065
email: uri@ntcf.org

*Pro Se*

6
7
8

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,

*Plaintiffs,*

v.

CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,

*Defendants,*

Case No.: 2:22-cv-02383-SSS-ASx

**— DISCOVERY MATTER —
PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MEDICAL DEFENDANT MEDAIRE INC'S JOINDER MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY
(DKT. # 145)**

Hearing Date: **September 28, 2022**

Time: **9:00 a.m.**

Via Zoom Video Conference

**The Hon. Sunshine Suzanne Sykes**

1

2

## APPLICABLE STANDARD

3

4

Plaintiffs herein present their opposition to MEDICAL DEFENDANT
MEDAIRE (hereinafter, "MDMA") INC.'S JOINDER MOTION FOR
PROTECTIVE ORDER FOR STAY OF DISCOVERY; DKT. #145.

5

6

MDMA claims that Plaintiffs in this action, by asking for Discovery to
begin as per the requirements of F.R. 26, will become to them "an annoyance,
embarrassment, oppression, or undue burden..." (DKT. 145 at 3, line 12).
However, Plaintiffs only wish to obtain initial Discovery as it is their right by
law, since their Complaint raises factual issues that require discovery for their
resolution. Delayed or denied Discovery is tantamount to a delayed or denied
resolution.

7

8

9

10

11

12

MDMA announced that, "A stay of discovery is a case management
issue reserved for the District Judge, who controls the scheduling in this case."
(DKT. 145 at 3, line 23).

13

14

15

16

Plaintiffs disagree. A motion that involves Discovery is a matter for
which the Hon. Judge Sunshine S. Sykes ordered, "All discovery matters are
hereby referred to the assigned Magistrate Judge, who will hear all discovery
disputes." DKT. 132 at 10, VI (B). Accordingly, and as further instructed by
Judge Sykes' Civil Standing Order, the words "DISCOVERY MATTER" have
been added the caption of this Memorandum of Opposition to ensure proper
routing. *id.* If this is incorrect, we ask the Court to excuse our
misunderstanding.

17

18

19

20

21

22

23

24

Plaintiffs further add that the purpose of F.R. Rule 12(b)(6) "is to enable
defendants to challenge the legal sufficiency of complaints without subjecting
themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d
729, 738 (9th Cir. 1987).

25

26

27

28

What MDMA failed to mention is that under that same Rule, at

-2-                     PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO MED. DEF MEDAIRE'S
JOINDER MTN FOR STAY OF DISCOVERY

*subdivision (e)*, it states "With respect to preparations for trial, the party is properly relegated to the various methods of examination **and discovery** provided in the rules for that purpose" **(emphasis ours)**. Obviously, MDMA cannot duck behind F.R. Rule 12(b)(6), using it as a legal shield to avoid Discovery. MDMA, therefore, should not acquire permission to impose any further delay by means of their Motion to Stay.

Plaintiffs, in constructing their claims, have well established the requisite elements of our causes of action as far as we can without Discovery. MDMA is thwarting justice by putting forward tactical legal maneuvers in order to avoid producing that to which Plaintiffs are legally entitled, and a delay of Discovery would thus represent an abdication of judicial responsibility.

MDMA cited *Cellwitch Inc. v. Tile*, saying, "the Court can decide the motion to dismiss without the need for discovery to be conducted." However, they again neglected to mention the most important part of *Cellwitch*, namely…

> "(good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id. (citations omitted)*. *Cellwitch, Inc. v. Tile, Inc.*, Case No. 4:19-CV-01315, 2 (N.D. Cal. Oct. 22, 2019).

> "To determine whether to grant a protective order to stay discovery

pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the court can decide the pending dispositive motion absent additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); see also *In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). If these two questions are answered affirmatively, the court may issue a protective order. *Pacific Lumber*, 220 F.R.D. at 352. "However, if either prong of this test is not established, discovery proceeds." *Id.* The nature of this two-factor test requires the court to take a "preliminary peek" at the merits of the pending, potentially dispositive motion to determine whether a stay is granted." See *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). *Cellwitch, Inc. v. Tile, Inc.*, Case No. 4:19-CV-01315, 2 (N.D. Cal. Oct. 22, 2019).

MDMA has not produced a 'strong showing' of why Discovery should be denied. Instead, it has presented tactical reasons, entirely void of good faith, to escape their legal obligations to begin the Discovery process.

It should be noted that the second prong above asks "whether the court can decide the pending dispositive motion absent additional discovery."

The significant words here are "additional discovery." Plaintiffs have enjoyed NO DISCOVERY whatsoever, let alone being granted "additional" Discovery. Plaintiffs submission of RFAs and the assembling of a witness list is the first stage of Discovery and should not be deemed burdensome or costly by MDMA. It addition, the RFAs will assist Plaintiffs with the balance of our oppositions to Defendants' Motions to Dismiss, as well as in our oral

arguments on September 28 before the Court. Thus, there exists no reason to delay.

Even if the Court would determine that one or more of our claims were ultimately dispositive, it would not have a domino effect on the rest of our claims. There will always be many more counts that remain and the same Discovery will be required. MDMA's Motion to Dismiss has no potential to result in the dismissal of all of Plaintiffs' claims alleged against it. There is therefore no valid reason to halt the process.

## ARGUMENT

Plaintiffs have, with all vigor and limited skill as Pro Ses in this matter, stated claims for which relief can be granted, and their arguments certainly have merit. Nevertheless, in efforts to avoid Discovery, MDMA asserts that our claims have no merit. Plaintiffs have demonstrated that Specific Personal Jurisdiction exists for this Court, with regard to the claims asserted in the Complaint. Plaintiffs have constructed specific claims void of conclusory allegations, and have provided limited supporting evidence for the same. We say "limited support," because Plaintiffs do require additional support that can only be obtained through Discovery. With their arguments, MDMA seems create a double-jeopardy scenario by first delaying Plaintiffs' rights to Discovery, and then knowing that the very thing that produces sufficient facts to establish our claims, is exactly what they seek to delay and even permanently withhold. With Discovery granted by this honorable Court, those sufficient facts, if taken as true, would certainly indicate that violations of law have occurred and that Plaintiffs are entitled to a legal remedy.

Without immediate Discovery, Plaintiffs will suffer harm, because we will fundamentally lack the admissions and other bits of information that

support our factual claims. More evidence will come out with more Discovery, in the absence of which, harm to Plaintiffs cannot be avoided. This is a fundamental point.

> "[D]efendants should not be able to prevent plaintiffs from uncovering the evidence they need to support their … motion." *Amey v. Cinemark U.S. Inc.*, Case No. 13-cv-05669-WHO, 3 (N.D. Cal. Sep. 5, 2014).

> "[I]nstead of stonewalling the discovery and filing their motion, defendants should have negotiated with plaintiffs over the scope of the … discovery and sought my intervention if they were not able to come to a reasonable agreement." *Amey v. Cinemark U.S. Inc.*, Case No. 13-cv-05669-WHO, 5 (N.D. Cal. Sep. 5, 2014).

> "Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

Without question, our Complaint raises factual issues requiring Discovery for resolution. MDMA is taking that ability away by delaying Discovery, and that harms us.

The path to resolving the legal issues and the merits of Plaintiffs' various legal theories travels through the valley of Discovery, which MDMA is altogether attempting to deprive us of, under what appears on the surface to be nothing more than an innocent "delay."

But with this delay, Plaintiffs will suffer harm in the form of justice denied from companies that are skillful at concealing evidence. Along these lines, this honorable Court is being asked to consider the following:

Plaintiffs were discriminated against because we were medically unable to safely don a facemask. We were not given the opportunity to ask why. We were not given opportunity to appeal the decision that MDMA made and

delivered to their client Hawaiian Airlines via email, or telephone. We all knew something was wrong and we wanted answers. But no answers came. We couldn't even ask. Defendant Hawaiian Airlines communicated MDMA's position that we…

> "…will be required to complete an assessment with a medical professional via phone at the airport. … Please notify one of our Guest Services Agents as soon as you are ready to complete the medical assessment. If you are unable to meet this requirement, we recommend that you reconsider your travel." DKT. 91 at 3, line 8.

MDMA closed the door in our faces. When we asked how it was possible, we found the answer on MDMA's website and in an interview of their Medical Director that appeared in "The Points Guy" an American travel website and blog, on February 1, 2022. **EX. 01 at 2**.

Paulo M. Alves, MD, MSc, FAsMA, is MDMA's Global Medical Director of Aviation Health. MedAire claims their clients, their client's passengers and the aviation industry have greatly benefited from Dr. Alves' medical expertise for over 30 years. **EX. 02 at 1.** Not so much for Plaintiffs.

In an interview with Dr. Alves, he stated…

> "The primary aim for the mask is to protect the people around you from you, but it is also giving you a layer of protection. Nothing is 100%, in medicine or in life, but I would not go into a place where people weren't wearing masks if I don't know them. Not because masks offer 100% protection, but because I want to minimize my odds of getting it."

Plaintiffs have never met Dr. Alves. But now they understand why he directed MDMA's client, Hawaiian Air, to discriminate against Plaintiffs on the basis of their disability, by refusing to grant mask exemptions, and instead inform them to "reconsider their travel plans." This is only the tip of the

iceberg and why Plaintiffs require Discovery — to uncover the length and breach of this conspiracy to deprive travelers of their civil rights.

MDMA informs this Court, saying "a stay of discovery could potentially save MedAire tens or hundreds of thousands of dollars in legal fees." The one thing that MDMA fails to recognize is that Plaintiffs all have an understanding of basic mathematics. We are able to comprehend the difference between "tens of thousands" of dollars and "hundreds of thousands" of dollars. A few document requests, some interrogatories and some RFAs are not going to cost MDMA even ten thousand dollars. These are all statements of subterfuge given in attempts to persuade this Court not fulfill its role of protecting the fundamental and lawful legal rights of Plaintiffs.

Plaintiffs understand the relationship between MDMA and Airline Defendants, and in particular, Hawaiian Airlines, and we will be able to show how MDMA discriminated against us, and exactly how it took place, but only after Discovery has begun. MDMA has a morbid fear of this next step in our litigation and that is the only reason they boldly and falsely declare, "No amount of discovery will prove" our claims.

## CONCLUSION

Plaintiffs are simply asking MDMA to produce initial Discovery, which will support the factual issues we already raised in our constructed claims, all of which have a reasonable likelihood of success.

A stay of Discovery is likely to prejudice Plaintiffs and negatively impact the Court's decision on MDMA's Motion to Dismiss at the hearing of oral arguments for this Motion set for September 28, 2022.

Instead of producing clever tactical arguments, it would appear to make more sense in the name of fairness and justice to instruct MDMA to begin

1  producing Discovery immediately, which Plaintiffs are entitled to by law.
2  Accordingly, the Court is urged to deny MDMA's Joinder Motion to Stay, in
3  the best interests of judicial economy, and in the best interests of all parties.

4      Plaintiffs can do better than regard — not ignore, as MDMA wishes to
5  do — the clear instructions of this honorable Court with all seriousness:

6      "The parties should begin to propound discovery before the Scheduling
7  Conference. The parties must comply fully with the letter and spirit of Federal
8  Rule of Civil Procedure 26(a) and produce discovery promptly." DKT. 132 at
9  10, VI(A).

10      We seek to do only that which this honorable Court has directed us to
11  do. We therefore humbly ask the Court to deny MDMA's joinder motion,
12  because it flies in the face of the instructions given by the Court and it harms
13  Plaintiffs in the pursuit of their justice, already long overdue.

14  / /
15  / /
16  / /
17  / /
18  / /
19  / /
20  / /
21  / /
22  / /
23  / /
24  / /
25  / /
26  / /
27  / /
28  / /

1  Respectfully submitted this 6th day of September 2022.

2

3  By: /s/ *Uri Marcus*

4          Uri Marcus, lead plaintiff, *Pro-Se*
           P.O. Box 126
5          Ojai, CA 93024
           Telephone: 909-833-0065
6          E-Mail: uri@ntcf.org

7

8  By: /s/ *Yvonne Marcus*

9          Yvonne Marcus, plaintiff, *Pro-Se*
           P.O. Box 126
10         Ojai, CA 93024
11         Telephone: 909-833-0065
           E-Mail: adi@ntcf.org
12

13  By: /s/ *Avrohom Gordon*

14         Avrohom Gordon, plaintiff, *Pro-Se*
15         2251 State Route 222
           New Richmond, OH  45157
16         Telephone: 513-734-1770
17         gordon.avrohom@gmail.com

18

19  By: /s/ *Devorah Gordon*

20         Devorah Gordon, plaintiff, *Pro-Se*
21         2251 State Route 222
           New Richmond, OH  45157
22         Telephone: 513-734-1770
           devorahlgordon@gmail.com
23

24  By: /s/ *Cindy Russo*

25         Cindy Russo, plaintiff, *Pro-Se*
26         22485 Breakwater Way
           Santa Clarita, CA  91350
27         Telephone: 908-797-8066
           cjrz123@gmail.com
28

*Case # 2:22-cv-02383-SSS-ASx*          -10-          PLAINTIFFS' MEMORANDUM IN
                                                      OPPOSITION TO MED. DEF MEDAIRE'S
                                                      JOINDER MTN FOR STAY OF DISCOVERY

1         Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests

2  that all other signatories listed above, and on whose behalf the filing is

3  submitted, concur in the filing's content and have authorized this filing.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28