Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Non-Government Defendants

AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SB-AS<br><br>**AIRLINE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY**<br><br>Hearing Date: September 28, 2022<br>Time: 9:00 am<br>Courtroom: 2 (Via Zoom)<br>Dist. Judge: Hon. Sunshine S. Sykes |

/ /

/ /

/ /

/ /

**AIRLINE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY**

As set forth in the Airline Defendants' Memorandum of Points and authorities in Support of Motion for Protective Order for Stay of Discovery, ECF No. 136, a temporary stay of discovery should be issued in this case because (1) the Airline Defendants' pending motion to dismiss is likely to dispose of all of Plaintiffs' claims against the Airline Defendants, (2) the Court can decide the motion to dismiss without the need for any discovery to be conducted, and (3) the balance of hardships weighs decidedly in favor of a discovery stay. Nothing in Plaintiffs' Memorandum in Opposition to Airline Defendants' Motion for Stay of Discovery ("Pl. Mem."), ECF No. 139, refutes any of these arguments or provides any grounds on which to deny issuance of the stay.

## ARGUMENT

### I. ALL OF PLAINTIFFS' CLAIMS AGAINST THE AIRLINE DEFENDANTS FAIL TO STATE A CLAIM FOR RELIEF.

Plaintiffs oppose a stay of discovery pending a ruling on the motion to dismiss because of their contention that the Airline Defendants' "motion to dismiss has no potential to result in the dismissal of all of Plaintiff's claims alleged against them." *See* Pl. Mem., ECF No. 139, at 5. However, this is not the case. As demonstrated in the Airline Defendants' motion to dismiss and reply brief, each and every of the claims against the Airline Defendants should be dismissed as a matter of law. Once the Court takes a "preliminary peek" at the merits of the pending, potentially dispositive motion to dismiss, *Cellwitch Inc. v. Tile, Inc.* No. 4:19-cv-01315, 2019 WL 5394848, *1 (N.D. Cal. Oct. 22, 2019), the Court should conclude that a stay should be issued.

### II. DISCOVERY SOUGHT BY PLAINTIFFS CANNOT CURE THEIR FACIALLY DEFICIENT CLAIMS AGAINST THE AIRLINE DEFENDANTS.

Plaintiffs also assert that discovery is needed for Plaintiffs to overcome the motion to dismiss. *See* Pl. Mem., No. 139, at 5 ("We have numerous claims, and

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

all require independent discovery"); at 6 ("The path to resolving the legal issues and the merits of Plaintiffs' various legal theories travels through the valley of Discovery"); at 9 ("Discovery will give us information that is relevant and important, and needed prior to the decision that will be made on the Motions to Dismiss our Complaint.").[1] However, as the Ninth Circuit has ruled, discovery "cannot cure a facially insufficient pleading." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). In *Whitaker*, the plaintiff – who alleged he was unlawfully discriminated against because of his disability– argued that he was "entitled to rely on discovery to fill in the gaps left by his complaint's general allegations, and he urge[d] [the court] to rule that relying on discovery to flesh out the contours of a plaintiff's claims is preferable as a matter of policy." *Id*. at 1177. Plaintiff also "also predict[ed] that if [Americans with Disabilities Act] complaints [were] required to detail every barrier the plaintiff encountered, defendants [would] remedy only the specific infractions identified and their establishments [would] not be brought into overall compliance with the ADA." *Id*. In rejecting this argument, the Ninth Circuit stated:

> This argument fails because the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading. [*Ashcroft v.*] *Iqbal* specifically cautioned that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678–79, 129 S. Ct. 1937 [(2009)], and [*Bell Atlantic Corp. v.*] *Twombly* went further, observing "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management . . . ," 550 U.S. at 559, 127 S. Ct. 1955 [(2007)] (internal quotation marks and citation omitted). Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery. (*Id*.)

---

[1] Plaintiffs contend that the operative standard is whether or not "additional discovery" is needed to decide the motion to dismiss. ECF No. 139, at 5. But this is not correct. At this stage of this litigation, there has been no discovery and the pending motion to dismiss can be decided without any discovery. *See, e.g., In re Nexus 6P Products Liability Litig.*, Case No. 17-cv-02185-BLF, 2017 WL 3581188, *1 (N.D. Cal. Aug. 18, 2017) ("Second, the court must determine whether the pending motion can be decided **absent discovery**") (emphasis added).

*See Iqbal*, 556 U.S. at 678-79 (holding failure to meet pleading requirements "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Crosby v. Does 1 through 50*, Case No. 20-cv-08529-MMC, 2021 WL 4033019 (N.D. Cal. Sept. 3, 2021) (granting motion to dismiss despite plaintiff's request for discovery to support his claims).

### III. THE BALANCE OF HARMS SUPPORTS ISSUANCE OF A TEMPORARY STAY OF DISCOVERY.

Whereas the Airline Defendants would experience harm from having to incur the expense of discovery at this stage, Plaintiffs offer no genuine reason for why they would be prejudiced by the issuance of a temporary stay of discovery. Plaintiffs do not deny that they are now free to travel onboard all of the Airline Defendants' aircraft without wearing a mask, and have not identified any impending decision or harm that would be alleviated if discovery were to commence prior to a ruling on the Airline Defendants' motion to dismiss. Additionally, Plaintiffs' allegation that they "will suffer harm in the form of justice denied from companies and federal agencies that are skillful at concealing evidence," ECF No. 139, at 6, is entirely groundless and does not create a rationale for refusing to stay discovery while the Airline Defendants' motion to dismiss is pending. Finally, Plaintiffs' contention that without discovery, Plaintiffs "will fundamentally lack the admissions and other bits of information that support [Plaintiffs'] factual claims," ECF No. 139, at 5, fails to reflect the fact that, as stated above, all of Plaintiffs' claims should be dismissed as legally baseless.

### CONCLUSION

For the reasons set forth above and in the Airline Defendants' opening brief, the Airline Defendants respectfully request that the Court enter a protective order which stays discovery until after a ruling on the Airline Defendants' motion to dismiss.

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

| | |
|---|---|
| 1 | Dated: September 7, 2022 |

Respectfully submitted,

By: _/s/ Richard A. Lazenby_
Richard A. Lazenby
Michael Cutler
VICTOR RANE
Attorneys for All Non-Government Defendants

By: _M. Roy Goldberg_
M. Roy Goldberg
(Admitted Pro Hac Vice)
STINSON LLP
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005
Email: roy.goldberg@stinson.com

Attorneys for Defendants
*Alaska Airlines, Inc.,*
*American Airlines, Inc.,*
*Delta Airlines, Inc.,*
*Hawaiian Airlines, Inc.,*
*Southwest Airlines Co., and*
*United Airlines, Inc.*

By: _Brian T. Maye_
Brian T. Maye
(Admitted Pro Hac Vice)
ADLER MURPHY & MCQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, IL 60603
Telephone: 312-422-5713
bmaye@amm-law.com

Attorneys for Defendants
*Frontier Airlines, Inc.; and*
*Allegiant Air, LLC*

AIRLINE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY
CASE NO.: 2:22-CV-02383-SB-AS

- 5 -