Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

-and-

Barry S. Alexander (*pro hac vice*)
Email: balexander@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005
Telephone: (212) 973-8099

Brittany C. Wakim (*pro hac vice*)
Email: bwakim@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2092

Attorneys for Defendant
MEDAIRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**DEFENDANT MEDAIRE, INC.'S REPLY BRIEF IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY (ECF No. 145)**<br><br>Hearing Date:  September 28, 2022<br>Time: 9:00 am<br>Courtroom: 2 (Via Zoom)<br>Dist. Judge: Hon. Sunshine S. Sykes |

# MEDAIRE, INC.'S REPLY BRIEF IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY

As set forth in MedAire, Inc.'s ("MedAire") Memorandum of Points and Authorities in Support of its Joinder to the Airline Defendants' Motion for Protective Order for Stay of Discovery, ECF No. 145-1, a temporary stay of discovery should be issued in this case because (1) MedAire's pending motion to dismiss is likely to dispose of all of Plaintiffs' claims against them (ECF Nos. 92, 92-1), (2) the Court can decide the motion to dismiss without the need for any discovery to be conducted, and (3) the balance of hardships weighs decidedly in favor of a discovery stay. Nothing in Plaintiff's Memorandum in Opposition to MedAire's Motion, ECF No. 147, refutes any of these arguments or provides any grounds on which to deny the issuance of the stay.

## ARGUMENT

### I. EACH OF PLAINTIFFS' CLAIMS AGAINST MEDAIRE FAILS TO STATE A CLAIM FOR RELIEF.

Plaintiffs argue against a stay of discovery pending a ruling on the motion to dismiss based on their contention that MedAire's "motion to dismiss has no potential to result in the dismissal of all of Plaintiffs' claims alleged against it." ECF No. 147, at 5. While we appreciate Plaintiffs' confidence, this simply is not the case. As demonstrated by MedAire's motion to dismiss, submission of supplemental authority, and reply brief (ECF Nos. 92, 92-1, 120, 144), both of the claims against MedAire (Count XX and Count XXXIX) should be dismissed as a matter of law. We believe that even a "preliminary peek" at the merits of the pending, potentially dispositive motion to dismiss, *Cellwitch Inc. v. Tile, Inc.*, 2019 WL 5394848, *1 (N.D. Cal. Oct. 22, 2019), will satisfy the Court that a stay should be issued.

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

DEFENDANT MEDAIRE, INC. REPLY BRIEF IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY
CASE NO.: 2:22-cv-02383-SSS-AS

- 2 -

## II. DISCOVERY SOUGHT BY PLAINTIFFS CANNOT CURE THEIR FACIALLY DEFICIENT CLAIMS AGAINST MEDAIRE

Plaintiffs also assert that discovery is needed for Plaintiffs to overcome the motion to dismiss. *See* ECF No. 147, at 6 ("The path to resolving the legal issues and the merits of Plaintiffs' various legal theories travels through the valley of Discovery"); at 9 ("A stay of Discovery is likely to prejudice Plaintiffs and negatively impact the Court's decision on [MedAire's] Motion to Dismiss.").[1] As the Ninth Circuit has previously held, however, discovery "cannot cure a facially insufficient pleading." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). In *Whitaker*, the plaintiff – who alleged he was unlawfully discriminated against because of his disability – argued that he was "entitled to rely on discovery to fill in the gaps left by his complaint's general allegations, and he urge[d] [the court] to rule that relying on discovery to flesh out the contours of a plaintiff's claims is preferable as a matter of policy." *Id.* Plaintiff also "predict[ed] that if [Americans with Disabilities Act] complaints [were] required to detail every barrier the plaintiff encountered, defendants [would] remedy only the specific infractions identified and their establishments [would] not be brought into overall compliance with the ADA." *Id.* In rejecting this argument, the Ninth Circuit stated:

> This argument fails because the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading. [*Ashcroft v.*] *Iqbal* specifically cautioned that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions,"

---

[1] Plaintiffs contend that the operative standard is whether or not "additional discovery" is needed to decide the motion to dismiss. ECF No. 147, at 4. But this is not correct. At this stage of this litigation, there has been no discovery and the pending motion to dismiss can be decided without any discovery. *See, e.g., In re Nexus 6P Prods. Liab. Litig.,* 2017 WL 3581188, *1 (N.D. Cal. Aug. 18, 2017) ("Second, the court must determine whether the pending motion can be decided **absent discovery**.") (emphasis added).

DEFENDANT MEDAIRE, INC. REPLY BRIEF IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY
CASE NO.: 2:22-cv-02383-SSS-AS

- 3 -

> *Iqbal*, 556 U.S. [662], at 678–79 [(2009)], and [*Bell Atlantic Corp. v.*] *Twombly* went further, observing "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management . . .," [*Twombly*] 550 U.S. [544], at 559 [(2007)] (internal quotation marks and citation omitted). Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery. *Id*.

*Whitaker,* 985 F.3d at 1177; *see also Iqbal*, 556 U.S. at 678-79 (holding failure to meet pleading requirements "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Crosby v. Does 1-50*, 2021 WL 4033019 (N.D. Cal. Sept. 3, 2021) (granting motion to dismiss despite plaintiff's request for discovery to support his claims).

## III. THE BALANCE OF HARMS SUPPORT ISSUANCE OF A TEMPORARY STAY OF DISCOVERY

Whereas MedAire would experience harm from having to incur the expense of discovery at this stage, Plaintiffs offer no genuine reason for why they would be prejudiced by the issuance of a temporary stay of discovery other than it would "negatively impact" the Court's decision on MedAire's motion to dismiss. ECF No. 147, at 8. As discussed above, discovery by Plaintiffs cannot cure their facially deficient claims against MedAire. Plaintiffs do not refute that there is no allegation that MedAire interacted with any Plaintiff or entertained, let alone denied, a request for a mask exemption from any Plaintiff. Because of this lack of interaction, no Plaintiff suffered harm that can be attributed to MedAire. No amount of discovery will change that.

Moreover, Plaintiffs cannot deny that they now are free to travel onboard all

/ /

of the Airline Defendants' aircraft without wearing a mask. Accordingly, they are not at risk of having MedAire deny a mask exemption request in the future, and cannot identify any impending decision or harm that would be alleviated if discovery were to commence prior to a ruling on MedAire's motion to dismiss.

Plaintiffs' allegation that they "will suffer harm in the form of justice denied from companies and federal agencies that are skillful at concealing evidence," ECF No. 147, at 6, is entirely groundless and does not create a rationale for refusing to stay discovery while MedAire's motion to dismiss is pending. Similarly, Plaintiffs' contention that without discovery, they "will suffer harm, because [they] will fundamentally lack the admissions and other bits of information that support [their] factual claims," ECF No. 147, at 5, ignores the fact that their claims against MedAire should be dismissed as legally baseless.

## CONCLUSION

For the reasons set forth above and in MedAire's opening brief, MedAire respectfully requests that the Court enter a protective order staying discovery until after a ruling on MedAire's motion to dismiss (ECF Nos. 92, 92-1).

Dated: September 8, 2022

Respectfully submitted,

By: *Barry S. Alexander*
Barry S. Alexander, *pro hac vice*
Brittany C. Wakim, *pro hac vice*
SCHNADER HARRISON SEGAL & LEWIS LLP

-and-

Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

DEFENDANT MEDAIRE, INC. REPLY BRIEF IN SUPPORT OF ITS JOINDER MOTION TO AIRLINE DEFENDANTS' MOTION FOR PROTECTIVE ORDER FOR STAY OF DISCOVERY
CASE NO.: 2:22-cv-02383-SSS-AS

- 5 -