BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

STEPHEN M. PEZZI
MICHAEL J. GERARDI
ANDREW F. FREIDAH (D.C. Bar No. 1048857)
JOHNNY H. WALKER
  Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel.: (202) 305-0879
Email: andrew.f.freidah@usdoj.gov

*Counsel for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, *et al.*,<br><br>                    *Plaintiffs*,<br><br><br>        v.<br><br><br>CENTERS FOR DISEASE<br>CONTROL AND PREVENTION,<br>*et al.*,<br><br>                    *Defendants*. | CASE NO. 2:22-CV-2383-SSS-AS<br><br>**FEDERAL DEFENDANTS' REPLY**<br>**IN SUPPORT OF MOTION TO**<br>**DISMISS**<br><br>Hearing Date: September 28, 2022<br>Time: 9:00 am<br>Courtroom: 2 (via Zoom)<br>Dist. Judge: Hon. Sunshine S. Sykes |

**INTRODUCTION**

In their Memorandum in Support of their Motion to Dismiss ("Mot."), ECF No. 97-1, Federal Defendants explained why Plaintiffs' entire Complaint ("Compl."), ECF No. 1, is due to be dismissed as a shotgun pleading, and why, in any event, Causes of Action 4, 6, 7, 8, 9, 10, 15, 16, 17, and 18 are clearly meritless and should be dismissed.  Plaintiffs' Opposition ("Opp'n"), ECF No. 142, casts no doubt on those conclusions.

In arguing that their Complaint is not an impermissible shotgun pleading, Plaintiffs incorrectly assert that they have identified specific defendants for each of their causes of action and rely on case law that is entirely inapposite.

Furthermore, Plaintiffs provide no support for their argument that 49 U.S.C. § 46110 does not bar their claim against TSA and Julie Carrigan in her official capacity—and it clearly does.  Plaintiffs also cannot avoid the fact that binding Ninth Circuit and Supreme Court precedent bars their CRA and ICCPR claims.

Meanwhile, Plaintiffs have abandoned or failed to make any substantive argument regarding the crux of their Tenth Amendment and Fifth Amendment claims, which are meritless.  They have likewise abandoned their right-to-travel claim against the testing order, and their similar claims against the mask order rely on inaccurate assertions that it in fact banned them from traveling and that masks are "actually harmful." Opp'n at 26.  Plaintiffs also fail to address the fact that they cannot make out an ACAA claim against the CDC since it is not an "air carrier," and their contention that a private right of action may be implied under the ACAA is squarely foreclosed by binding Ninth Circuit precedent.  Finally, Plaintiffs make no meaningful argument regarding their FDCA claims, which are similarly meritless. *See* Mot. at 24-25.

## I.   Plaintiffs' complaint should be dismissed as a shotgun pleading.

Plaintiffs tellingly concede that their Complaint "may need some improved wording." Opp'n at 9. But they nevertheless resist its dismissal as a shotgun pleading, *see id.* at 9-12, primarily arguing that "[i]n every one of [their] 39 causes of action, we identify who the particular Defendant is, and what specifically that Defendant did wrong." *Id.* at 10. Not so. As Federal Defendants explained in their Motion, *see* Mot. at 14, Plaintiffs' Complaint includes multiple causes of action which are not specific as to which defendants they apply. *See, e.g.*, Causes of Action 2-6, 10.

Hardly disputing that their Complaint includes an "overwhelm[ing]" and "unclear mass of allegations" that constitutes a shotgun pleading, *see* Mot. at 13-14 (citation omitted), Plaintiffs instead invoke case law indicating that courts should show leniency to *pro se* litigants. *See* Opp'n at 10-11. But, as Federal Defendants have noted, "[t]here is a limit to the indulgence of the law, and even a pro se complaint is subject to dismissal" as a shotgun pleading. *Ho v. Nationstar Mortg., LLC*, No. 19-cv-10532, 2020 WL 7714700, at *6 (C.D. Cal. Dec. 29, 2020) (citation omitted).

Plaintiffs cite *Rodriguez v. Just Brands USA, Inc.*, No. 20-cv-4829, 2021 WL 1985031 (C.D. Cal. May 18, 2021), but that case bears no similarity to this one. Unlike Plaintiffs' 159-page, 1087-paragraph Complaint with over 1,600 pages of exhibits, the complaint in *Rodriguez* was merely 25 pages long with one three-page exhibit. *See* First Am. Compl., ECF No. 60, *Rodriguez v. Just Brands USA, Inc.*, No. 20-cv-4829 (C.D. Cal. Oct. 26, 2020). And while Plaintiffs' Complaint includes an almost 700-paragraph "Statement of Facts" with almost 300 citations to exhibits, the facts section of the *Rodriguez* complaint was 13 paragraphs long with no citations to any exhibits. *Id.* ¶¶ 14-26. Furthermore, while the *Rodriguez* complaint did not indicate that specific defendants were liable for specific claims, the complaint

"clearly allege[d] that Defendants [were] collectively involved in [all of the challenged conduct]." *Rodriguez*, 2021 WL 1985031, at *6.  In contrast, Plaintiffs here do not allege (and cannot allege) that they bring each of their claims against all Defendants collectively, so unlike in *Rodriguez*, their failure to identify which Defendants they bring certain claims against, *see, e.g.*, Causes of Action 2-6, 10, renders the Complaint an impermissible shotgun pleading.

## II.   The Court should dismiss TSA and Julie Carrigan in her official capacity because it lacks subject-matter jurisdiction over the claims against them.

Plaintiffs do not contest that, under 49 U.S.C. § 46110, only the courts of appeals may consider challenges to TSA orders.  *See* Mot. at 15-16.  Instead, they appear to argue that the alleged TSA PreCheck® revocation was not an agency order, *see* Opp'n at 12-15, despite describing it in precisely those words elsewhere in their Opposition, *see id.* at 6 (referring to the alleged TSA PreCheck revocation as an "agency order"), seemingly conceding the point.  In any event, as Federal Defendants have already noted, "Courts have given a broad construction to the term 'order' in Section 46110," and the alleged TSA PreCheck revocation clearly falls within section 46110's exclusive jurisdictional channel.  *See* Mot. at 17 (quoting *Gilmore v. Gonzalez*, 435 F.3d 1125, 1132 (9th Cir. 2006)); *see also Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016) (reviewing TSA's security threat determination under section 46110); Compl., Ex. 25 ("This letter constitutes TSA's final decision").  Plaintiffs cite no case to the contrary.  Rather, they largely rely on a series of entirely irrelevant cases involving different agencies and statutes.  *See* Opp'n at 14-15.

Plaintiffs' reliance on *Mohamed v. Holder*, 995 F. Supp. 2d 520, 535 (E.D. Va. 2014) (Opp'n at 12), is likewise misplaced.  To start, the quoted portion of that opinion relates to standing, not jurisdictional channeling.  Regardless, *Mohamed* related to claims challenging the plaintiff's alleged placement on the No Fly List, rather than claims challenging an alleged TSA PreCheck revocation, and, in any

event, to the extent Plaintiffs seek to draw a parallel with this case, the Ninth Circuit has since squarely held that section 46110 "grants the courts of appeals exclusive jurisdiction over substantive challenges to No Fly List determinations." *Kashem v. Barr*, 941 F.3d 358, 365 (9th Cir. 2019).[1]

Thus, as Federal Defendants have previously explained, Mot. at 15-18, TSA and Ms. Carrigan in her official capacity should be dismissed from the lawsuit with prejudice.

## III.   The Court lacks subject-matter jurisdiction over Plaintiffs' Congressional Review Act claim.

Plaintiffs' Opposition ignores that binding precedent provides that "federal courts do not have jurisdiction over statutory claims that arise under the CRA." *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 563 (9th Cir. 2019). This is fatal to Plaintiffs' CRA claim.

Plaintiffs attempt to avoid the obvious by asserting, without support, that their claim is different because they assert the CDC's mask order "never even existed" since the Federal Defendants "never did what was required [under the CRA] for the proposed rule to become law." *See* Opp'n at 16. But the bar to judicial review over claims that arise under the CRA applies to claims challenging any alleged "omission" under the statute. 5 U.S.C. § 805. Thus, courts lack jurisdiction over claims, like this one, challenging an alleged failure to satisfy the CRA's reporting requirements. *See Montanans for Multiple Use v. Barbouletos*, 568 F.3d 225, 229 (D.C. Cir. 2009) (holding that § 805 "denies courts the power to void rules on the basis of agency

---

[1] Plaintiffs also note that, in *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 187 (2d Cir. 2001), the court found that section 46110 did not deprive the district court of subject matter jurisdiction over that plaintiff's FTCA claim. *See* Opp'n at 13-14. But there, at issue was an FTCA claim "unrelated to a[n] [agency] order." *See Merritt*, 245 F.3d at 189-91 & n.13. Here, in contrast, Plaintiffs do not bring an FTCA claim and, as noted above, their claims are clearly premised upon an agency order.

noncompliance with the Act" in case where plaintiff challenged a "fail[ure] to satisfy the reporting requirement contained in the [CRA]").

## IV.   The Court lacks subject-matter jurisdiction over Plaintiffs' ICCPR claim.

Plaintiffs' Opposition entirely fails to grapple with the fact that, under binding Supreme Court precedent, the ICCPR does not "create obligations enforceable in the federal courts." *See* Mot. at 18 (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004)).   Nor do Plaintiffs point to a single case in which a court determined it had subject matter jurisdiction over an ICCPR claim.   Plaintiffs' ICCPR claim plainly fails on this basis.   In any event, Plaintiffs essentially concede that the testing order did not actually "deprive[]" Mr. and Mrs. Marcus "of the right to enter their own country of citizenship," Compl. ¶ 875, admitting that the testing order would only have prevented them from traveling to the United States "if Plaintiffs chose not to get [a COVID-19 test]," Opp'n at 17.

## V.   Plaintiffs fail to state a Tenth Amendment claim.

Plaintiffs appear to have abandoned their "commandeering" argument.   *See* Mot. at 20 (explaining why such a claim lacks merit).   And they do not contest that the federal government may preempt states' authority regarding masking.   *See id.* (noting that the Supremacy Clause allows exactly that).   Plaintiffs also fail to cite any case law or make any substantive argument that the CDC public transportation mask order does not constitute regulation of interstate commerce.   *See id.* at 19-20 (explaining why any such argument would fail).   This is fatal to Plaintiffs' Tenth Amendment claim, since the Constitution provides that the federal government may regulate interstate commerce, U.S. Const. art. I, § 8, cl. 3, and the Tenth Amendment merely provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X; *see also* Mot. at 19.

Plaintiffs' Opposition instead appears to argue that the CDC exceeded its statutory authority in issuing the public transportation mask order. *See* Opp'n at 17-18. Plaintiffs already raise such a claim elsewhere in their Complaint, *see* Compl., Cause of Action 1, ¶¶ 723-39, and while Federal Defendants disagree, they have not separately moved to dismiss that claim individually. But the relevant question under the Tenth Amendment concerns not statutory authority, but instead whether the federal government has "act[ed] within the powers granted it under the Constitution." *Gregory v. Ashcroft*, 501 U.S. 452, 460 (1991). Plaintiffs make no substantive argument that the mask order exceeded the federal government's Commerce Clause power, and therefore their Tenth Amendment claim fails.[2] *See also* Mot. at 19-20; *Dalton v. Specter*, 511 U.S. 462, 472 (1994) ("Our cases do not support the proposition that every action by the President, or by another executive official, in excess of his statutory authority is *ipso facto* in violation of the Constitution.").

## VI.  Plaintiffs fail to state a Fifth Amendment claim.

Plaintiffs make no substantive argument regarding the crux of their Due Process claim, which alleges that the CDC impermissibly left much of the implementation of medical exemptions to airlines in the first instance. *See* Compl. ¶¶ 786-92. Plaintiffs do not contest that allowing private companies to assist with implementation of a regulatory order is lawful. *See* Mot. at 21. To the extent they make any argument on this point, it is merely to point out that, in *Cospito v. Heckler*, 742 F.2d 72 (3d Cir. 1984), the court determined that there was not actually a delegation of authority to a private entity in that case—which is irrelevant here. Since their Due Process claim is premised on this issue, Plaintiffs' failure to make any substantive argument is fatal to their claim.

---

[2] Plaintiffs' citation to *NFIB v. OSHA*, 142 S. Ct. 661 (2022) is inapposite, as that case does not relate to the Tenth Amendment, and instead concerns an agency's statutory authority under a statute not at issue in this case (the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.*).

Regardless, Plaintiffs fail to cite any case law suggesting that the right to travel without a mask is a constitutionally protected liberty interest in the first place, or that mask requirements are in any way constitutionally problematic. *See* Mot. at 20-21. Nor could they, as courts have consistently concluded that mask requirements do not violate the Due Process Clause. *See, e.g.*, *Wall v. CDC*, No. 21-cv-975, 2022 WL 1619516, at *2 n.8 (M.D. Fla. Apr. 29, 2022) (rejecting due process challenge to CDC mask order);[3] *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) (requirement "to wear masks" is "not constitutionally problematic"); *Miranda ex rel. M.M. v. Alexander*, No. 21-cv-535, 2021 WL 4352328, at *4 (M.D. La. Sept. 24, 2021) ("there is no fundamental constitutional right to not wear a mask"); *Klaassen v. Trs. of Ind. Univ.*, 549 F. Supp. 3d 836, 889 (N.D. Ind. 2021) (collecting cases that conclude that "there is no fundamental constitutional right to not wear a mask"), *vacated and remanded as moot*, 24 F.4th 638 (7th Cir. 2022); *Whitfield v. Cuyahoga Cnty. Pub. Libr. Found.*, No. 21-cv-31, 2021 WL 1964360, at *2 (N.D. Ohio May 17, 2021) ("As an initial matter, there is no general constitutional right to wear, or to refuse to wear a face mask in public places."); *Forbes v. Cnty. of San Diego*, No. 20-cv-998, 2021 WL 843175, at *5 (S.D. Cal. Mar. 4, 2021) (state mask requirement did not implicate "a fundamental liberty interest protected by the substantive component of the Due Process Clause").

Furthermore, Plaintiffs' assertion that "masks simply don't work," Opp'n at 21, is contrary to the scientific consensus, *see* Mot. at 22 (citing case law recognizing the efficacy of mask wearing), and insufficient to state a Due Process claim. *See Forbes*, 2021 WL 843175, at *5 (plaintiff's "contentions disputing the scientific

---

[3] Plaintiffs assert that they "tried to join" the *Wall v. CDC* case "as plaintiffs," but were unable to do so and that it therefore "would be unfair" for them to have to address that case. Opp'n at 18. It is clearly not "unfair" to have to address case law in cases in which one was not a party, but in any event Plaintiffs are referring to events that occurred in the *Wall v. Southwest Airlines*, No. 21-cv-1008 (M.D. Fla.) case, not in the *Wall v. CDC* case (which Plaintiffs made no attempt to join).

basis for the Mask Rules are simply not enough to state a plausible cla[i]m"). Finally, Plaintiffs' attempt to distinguish *Abdi v. Wray*, 942 F.3d 1019 (10th Cir. 2019) and *Klaassen*, 7 F.4th at 593, does not move the needle in their favor. Plaintiffs point out that in *Abdi* the plaintiff "was not banned from flying," and that in *Klaassen* "the university actually had exemptions for those with medical reasons not to wear a mask." Opp'n at 19-20. But similarly, here, under the terms of the CDC mask order, Plaintiffs could fly with a mask or, if they were unable to safely wear a mask, fly with a medical exemption. *See* Mot. at 22-23 (citing *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025, 8027 (Feb. 3, 2021)).

## VII.  Plaintiffs fail to state a right-to-travel claim.

Plaintiffs do not (and cannot) contest that the right to travel is subject to reasonable government regulation and that minor burdens on travel are permissible. *See id.* at 21. Rather, they argue that the CDC mask order[4] was an unreasonable regulation because, according to them, it constituted a "full-fledged banning of passenger[s] with disabilities" and "prevent[ed] them from breathing." Opp'n at 22-23. But, as Federal Defendants have explained, the mask order did no such thing—rather, the order provided that individuals could fly with a mask or, if they were unable to safely wear a mask, fly with a medical exemption. *See* Mot. at 22-23 (citing 86 Fed. Reg. at 8027). Indeed, Plaintiffs' Complaint confirms that Mr. and Mrs. Marcus were able to receive mask exemptions on multiple occasions and merely chose not to travel due to certain airline policies they regard as discriminatory. *Id.*

---

[4] Plaintiffs appear to have abandoned their claim that the CDC testing order violated their right to travel, failing to address it in their Opposition. Therefore, Cause of Action 15 (Compl. ¶¶ 858-61) should be dismissed. *See also* Mot. at 21-23.

at 23 (citing Compl. ¶¶ 85-87, 98-99, 101).[5]   Plaintiffs further argue that the mask order was unreasonable because, according to them, masks are "actually harmful" and "neither protect the mask-wearer from infection, nor prevent a mask-wearer from infecting others." Opp'n at 24-26.  But, as Federal Defendants have pointed out, this is contrary to the scientific consensus regarding the efficacy of mask-wearing, which has been widely recognized by the courts.  *See* Mot. at 22 (citing cases).[6]

## VIII. Plaintiffs fail to state an Air Carrier Access Act claim.

Plaintiffs do not (and cannot) dispute that the ACAA prohibits an "air carrier" from "[d]iscriminat[ing] against handicapped individuals" and that the CDC is not an "air carrier." *See* Mot. at 23-24 (quoting 49 U.S.C. § 41705(a)).  Plaintiffs' ACAA claim against CDC and HHS fails on this basis alone.

In addition, while Plaintiffs contend that this Court should find that there is an implied private right of action to sue for alleged violations of the ACAA, *see* Opp'n at 29-37, as Federal Defendants have already explained, binding precedent squarely forecloses that argument.  *See Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1225 (9th Cir. 2018) ("Congress did not intend to create an implied private cause of action to remedy violations of the ACAA."); *see also* Mot. at 24.  Plaintiffs cite *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995 (9th Cir. 2013), for the proposition that the Ninth Circuit has "not squarely decided" whether there is a private right of action under the

---

[5] Plaintiffs argue that "[t]his is patently false," but then confirm that they were "granted mask exemptions in three instances" and "chose not to" travel due to what they regarded as "discrimination" by the airlines.  Opp'n at 26-27.

[6] In addressing their right-to-travel claim, Plaintiffs also repeatedly make assertions that relate to their other claims.  *See* Opp'n at 22-23 (arguing that the mask order was beyond the CDC's statutory authority, and was improperly issued without notice and comment); *id.* at 25-26 (arguing the mask order violated the FDCA).  These arguments are incorrect, but are also not relevant to their right-to-travel claim.

ACAA, Opp'n at 37, but that case predates *Segalman*, where the Ninth Circuit squarely decided that there is not.[7]

## IX. Plaintiffs fail to state a Food, Drug & Cosmetic Act claim.

In their motion to dismiss, Federal Defendants pointed out that Plaintiffs' FDCA claims are meritless because (1) the mask order and testing order said nothing about requiring the use of a mask or COVID-19 test authorized under an Emergency Use Authorization ("EUA"); and (2) the statutory provision Plaintiffs rely on does not place *substantive* limits on requiring use of a product subject to an EUA. *See* Mot. at 24-25. In their Opposition, Plaintiffs do not meaningfully engage with those arguments, merely accusing Federal Defendants of "gas lighting" and asserting that "nothing like this has ever happened in our generation or in our lifetimes." Opp'n at 37. These are not substantive arguments, and the Court should dismiss Plaintiffs' FDCA claims for the reasons set forth in Federal Defendants' motion to dismiss.

## CONCLUSION

The Court should dismiss Causes of Action 4, 6, 7, 8, 9, 10, 15, 16, 17, and 18 with prejudice pursuant to Rules 12(b)(1) and (6), and dismiss the remainder of the Complaint without prejudice pursuant to Rules 8(a) and 12(e).

---

[7] Plaintiffs claim that the Department of Transportation ("DOT") has "failed in its rol[e] of enforcement," and that they "will look into the viability of adding them as a defendant." Opp'n at 31, 35. Such arguments cannot overcome binding precedent stating that there is no private right of action under the ACAA. In any event, while Federal Defendants disagree with Plaintiffs' assertions about DOT, they note that any final agency action that DOT takes under the ACAA may only be challenged by filing a petition for review in the Courts of Appeals, *see* 49 U.S.C. § 46110, and the Courts of Appeals also have exclusive jurisdiction to consider a mandamus petition alleging the DOT has failed to take, or has unreasonably delayed in taking, a final action that it is required to take under the ACAA. *See Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 535 (1st Cir. 1997); *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 75-78 (D.C. Cir. 1984).

Dated: September 14, 2022              Respectfully submitted,


                                      BRIAN M. BOYNTON
                                      Principal Deputy Assistant Attorney General

                                      STEPHANIE S. CHRISTENSEN
                                      Acting United States Attorney

                                      ERIC B. BECKENHAUER
                                      Assistant Branch Director

                          By:    */s/ Andrew F. Freidah*
                                      STEPHEN M. PEZZI
                                      ANDREW F. FREIDAH
                                      JOHNNY H. WALKER
                                      MICHAEL J. GERARDI
                                        Trial Attorneys
                                      United States Department of Justice
                                      Civil Division
                                      Federal Programs Branch
                                      1100 L Street NW
                                      Washington, DC 20530
                                      Tel.: (202) 305-0879
                                      Email: andrew.f.freidah@usdoj.gov

                                      *Counsel for the Federal Defendants*

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, September 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Andrew F. Freidah*
ANDREW F. FREIDAH
Trial Attorney
United States Department of Justice
