Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Non-Government Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**STAT-MD'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:       9/28/2022<br>Time:       9:00 a.m.<br>Courtroom: 2<br>Dist. Judge: Hon. Sunshine S. Sykes |

## **INTRODUCTION**

Plaintiffs' Brief in Response to STAT-MD's Motion to Dismiss, just like their Complaint, is nothing more than a listing of grievances masquerading as a legal filing. Plaintiffs' Brief consumes many pages detailing their anger at being confronted with the choice of wearing a mask or refraining from air travel. But

1  consistent with their Complaint, the Brief fails to specify any conduct of STAT-MD
2  that would support a cognizable claim.  Plaintiffs' Brief fails to show how STAT-
3  MD — a Pennsylvania entity who has never interacted with the Plaintiffs — may be
4  subject to personal jurisdiction in California.  Apart from these clear personal
5  jurisdiction deficiencies, Plaintiffs' Brief fails to refute any of the defenses set forth
6  in STAT-MD's Motion to Dismiss.  Plaintiffs do not claim that they were provided
7  any medical treatment which could give rise to a medical malpractice cause of
8  action.  And Plaintiffs cannot point to any facts which could support their conclusory
9  statements underlying their Section 1985 conspiracy claim.

10  Faced with an utter lack of well-pleaded allegations that STAT-MD
11 committed any wrongdoing, Plaintiffs simply seek to hold this Defendant liable for
12 the actions of the Airline Defendants.  But the allegations asserted in Plaintiffs'
13 Complaint fail to support a claim against STAT-MD.  In addition to jurisdictional
14 defects, their causes of action defy both law and logic.  Nothing in Plaintiffs' Brief
15 can rescue Plaintiffs' fatally flawed Complaint.

## ARGUMENT

**A.   Plaintiffs' Brief miscomprehends the standard for specific personal jurisdiction.**

The parties agree that STAT-MD is not subject to general personal jurisdiction in California; the parties disagree as to whether STAT-MD is subject to specific personal jurisdiction.  Plaintiffs cannot set forth any basis for the exercise of specific jurisdiction over STAT-MD because this Defendant provided no services directed at or occurring in California.

Plaintiffs argue that STAT-MD performed "continuous and systematic general business contacts," with the State of California "as a result of contracting with Defendant Airlines to process all their flights to, from and within the State of California." ECF No. 131 at 9.  The Airlines undeniably are subject to personal jurisdiction in California.  But by contracting with various airlines, STAT-MD

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1 cannot as a matter of law be said to have incorporated all of those airlines' business
2 contacts. Plaintiffs mistakenly focus on the business activities of the Airline
3 Defendants rather than those of STAT-MD. In doing so, Plaintiffs fail to
4 comprehend the role of STAT-MD in the flying process — the process alleged in
5 their own Complaint.

6 According to Plaintiffs' Complaint, STAT-MD only "reviews mask-
7 exemption demands submitted by its airline clients without ever talking to the
8 passenger and/or his/her physician." ECF No. 1 at ¶ 884. The conduct of STAT-
9 MD is limited to a consultation between STAT-MD and the airline; its business
10 contacts go no further. There is no allegation that STAT-MD makes decisions on
11 who can and cannot fly without a mask. As Plaintiffs aver, the Airlines, of course,
12 retain all authority over who will be permitted to fly on their airplanes. STAT-MD
13 only advises as to whether a passenger's medical condition prevents them from
14 safely wearing a mask. This role has zero purposeful contact with California.
15 Although the effects of its consulting practices may have been felt by passengers in
16 California, this fails to satisfy the standard for specific jurisdiction. *See
17 Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)
18 ("[T]he "effects" test requires that the defendant allegedly have (1) committed an
19 intentional act, (2) expressly aimed at the forum state, (3) causing harm that the
20 defendant knows is likely to be suffered in the forum state.").

21 There is no personal jurisdiction over STAT-MD, and Plaintiffs' claims
22 against it should be dismissed.

23 **B.  Plaintiffs cannot assert a medical malpractice claim in the absence of
24 medical treatment or a patient-provider relationship.**

25 A medical malpractice claim is predicated on the relationship between
26 medical provider and patient. Plaintiffs' concede the elementary proposition that a
27 medical malpractice claim cannot lie in the absence of such a relationship, but
28 Plaintiffs still fail to assert any basis for a patient-provider relationship with STAT-

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MD. Without ever receiving medical treatment from STAT-MD or entering a patient-provider relationship with STAT-MD, Plaintiffs cannot state a claim for medical malpractice under California law.

Plaintiffs, nevertheless, insist that their medical malpractice claim is meritorious based on STAT-MD's consulting work for various Airline Defendants. Plaintiffs puzzlingly contend that a patient-provider relationship was somehow forced upon them — despite also contending that they were never examined or treated. ECF No. 131 at 17-18. Plaintiffs are mistaken that STAT-MD's mere consulting with Airline Defendants about a passenger's self-described medical diagnosis equates to compulsory medical treatment.

Plaintiffs cannot distinguish clear California precedent that the arrangement described in Plaintiffs' Complaint cannot establish a claim for medical malpractice. *See Felton v. Schaeffer*, 229 Cal. App. 3d 229 (1991) (finding that an individual examined solely for pre-employment purposes does not become a patient of the examining physician); *Keene v. Wiggins*, 69 Cal. App. 3d 308 (1977) (finding that a physician who reviews medical records on behalf of an employer does not form a patient-provider relationship with the employees considered). Plaintiffs do not allege that they received medical treatment from STAT-MD. Therefore, they cannot state a claim for medical malpractice under California law.

**C.   Plaintiffs' conspiracy claim pursuant to 42 U.S.C. § 1985(3) is entirely conclusory.**

Plaintiffs' Brief fails to point to any allegations of fact which would support a Section 1985 conspiracy claim. Instead, their Brief rests on the perceived animus of others towards those unwilling to wear a mask. And although Plaintiffs imagine themselves to be subject to the worst form of discrimination, such a subjective belief cannot replace the need for a litigant to plead facts in support of their claims.

Plaintiffs have only pleaded a recitation of the elements of a Section 1985 claim. They have failed to support that claim against STAT-MD with facts.

1  Although Plaintiffs' Brief states that they have received mistreatment from "[p]eople
2  yelling at us in the street, throwing us out of stores, malls, hospitals, buses and
3  airports," this conduct is not attributable to STAT-MD.  Plaintiffs' Complaint is
4  devoid of any allegations showing a discriminatory animus or an agreement to
5  discriminate on the part of STAT-MD.  Without specific facts showing actual
6  discrimination in furtherance of an agreement to discriminate, Plaintiffs' Section
7  1985 claim fails as a matter of law.

## CONCLUSION

Based on the foregoing and STAT-MD's Motion to Dismiss and Brief in Support, this Defendant respectfully requests that Plaintiff's Complaint as to STAT-MD be dismissed.

Dated: September 14, 2022

Respectfully submitted,

By: /s/ M Cutler
Richard A. Lazenby
Michael Cutler
VICTOR RANE
*Attorneys for Defendants*
STAT-MD

By: /s/ John C. Conti
John C. Conti (State Bar No. 118824)
Email: jconti@dmclaw.com
(*Admitted Pro Hac Vice*)
Jeffrey J. Wetzel
(*Admitted Pro Hac Vice*)
Email: jwetzel@dmclaw.com
Steven L. Ettinger
(*Admitted Pro Hac Vice*)
Email: settinger@dmclaw.com
DICKIE, McCAMEY & CHILCOTE, P.C.
2 PPG Place, Suite 400
Pittsburgh, PA 15222
Telephone: (414) 392-5617
*Attorneys for Defendant*
STAT-MD

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849