Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Non-Government Defendants

AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**JOINT RULE 26(F) REPORT**<br><br>Zoom Hearing: 10/27/2022<br>Time: 9:00 a.m.<br>Courtroom: 2<br>Dist. Judge: Hon. Sunshine S. Sykes |

## JOINT RULE 26(F) REPORT

*Pro se* plaintiffs Uri Marcus, Yvonne Marcus, Avrohom Gordon, Devorah Gordon, and Cindy Russo ("Plaintiffs"); defendants Alaska Airlines, Inc. ("Alaska Air"), American Airlines, Inc. ("American Air"), Delta Air Lines, Inc. ("Delta"), Hawaiian Airlines, Inc. ("Hawaiian"), Southwest Airlines Co. ("Southwest"),

United Airlines, Inc. ("United") Frontier Airlines, Inc. ("Frontier"), and Allegiant Air, LLC ("Allegiant"), (collectively, the "Airline Defendants"); MedAire, Inc. ("MedAire"), Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD ("STAT-MD"); and Federal Defendants Centers for Disease Control and Prevention, Department of Health and Human Services, Transportation Security Administration ("TSA"), and TSA employee Julie Carrigan (collectively "Defendants"), on September 6, 2022 participated in a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Central District of California Local Rule 26-1, and the Court's Order Setting Rule 26(f) Scheduling Conference to be held on October 27, 2022, and hereby submit their Joint Rule 26(f) Report as follows:

**a.**     **Statement of the Case:**

This litigation relates to the public transportation mask order ("Mask Order") and the international traveler testing order ("Testing Order") issued by the Centers for Disease Control and Prevention ("CDC").  Plaintiffs contend that these Orders are unlawful.  They also challenge the Airline Defendants' implementation of the Mask Order, and, prior to that, the Airline Defendants' policies for requiring masks on aircraft flown during the first year of the pandemic (before the Mask Order was issued in February 2021).  Additionally, on First Amendment grounds, Plaintiff Uri Marcus challenges the TSA's revocation of his TSA PreCheck eligibility and, for that, seeks damages from Defendant Carrigan in her individual capacity and equitable relief from TSA and Carrigan in her official capacity.

Ten days after Plaintiffs filed this case, a federal district judge in Tampa, Florida issued a decision vacating the Mask Order. *Health Freedom Def. Fund, Inc. v. Biden*, Case No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138 (M.D. Fla. April 18, 2022). The judge ruled that the CDC acted unlawfully in issuing the Mask Order. That decision has been appealed by the federal government, and another judge in the same district eleven days later ruled that both the Mask Order

and the Testing Order were lawful. *Wall v. CDC*, Case No. 6:21-cv-00975-PGB-DCI, 2022 WL 1619516 (M.D. Fla. April 29, 2022) (also on appeal). On June 10, 2022, CDC rescinded the Testing Order effective June 12, 2022.

The Defendants state that although Plaintiffs currently are able to fly into and throughout the United States without a mask and without testing, they are pursuing this litigation, in part to seek a damages award against the Defendants because of their implementation of the Mask Order and, prior to February 2021, the airlines' own individual mask policies. Plaintiffs also state their desire to do their part in preventing such polices from every again being implemented.

**b.** **Subject Matter Jurisdiction:**

Plaintiffs have included claims based on federal laws, as well as state laws. However, the Defendants contend that there is no subject matter jurisdiction for several of Plaintiffs' claims, including those subject to the exclusive jurisdiction of the Circuit Courts of Appeal pursuant to 49 U.S.C. § 46110. Plaintiffs contend that federal question jurisdiction exists because of the nature of their claims, and separately that diversity jurisdiction also exists because of diversity of the parties' citizenship and they assert that their claims exceed $75,000 in damages. They also contend that subject-matter jurisdiction is derived from federal statutes granting a cause of action to parties who have suffered a particular injury, which arose under federal law, and federal elements appear on the face of their Complaint, which are a substantial component of Plaintiffs claims.

**c.** **Legal Issues:**

Defendants maintain that there is no legal predicate for any of Plaintiffs' claims, including for the reasons set forth in the pending motions to dismiss. Plaintiffs counter that their briefs in opposition to the Defendants' motions to dismiss recite arguments that demonstrate the merit of their claims.

**d.** **Parties and Evidence:**

Plaintiffs state that they anticipate seeking to join as additional defendants

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

the U.S. Department of Transportation ("DOT"), TSA, various airline employees, officers and managers, and possibly certain officials at the CDC and DOT in their official capacities.  Defendants maintain that there is no legal basis for adding any of these entities or persons into the case.

**e.   Damages:**

The Complaint alleges that the Airline Defendants are liable for hundreds of thousands of dollars or more in damages to Plaintiffs (ECF No. 1, Prayer for Relief, ¶¶ 33-44), and seeks compensatory and punitive damages against the other non-government defendants and against Julie Carrigan in her individual capacity. Id. ¶¶ 32, 45-46. Plaintiffs also seek declaratory and injunctive relief setting aside the Mask Order and the Testing Order as unlawful. Defendants maintain that there is no basis for the damages sought by Plaintiffs.

**f.   Insurance:**

Depending on how the claims are litigated there may be insurance applicable to certain claims for liability being alleged against the Airline Defendants, MedAire, and STAT-MD.

**g.   Motions:**

The Airline Defendants and MedAire have filed motions for a protective order to seek a temporary stay of discovery pending a ruling on their motions to dismiss.  ECF Nos. 136, 145, 145-1.

Because the Federal Defendants contend that the claims against them must be reviewed on an administrative record, as set forth herein and in Defendants' joint case management statement, ECF No. 116 at 7-8, and because Plaintiffs have not to date attempted to serve any discovery requests on the Federal Defendants, the Federal Defendants have not moved for a protective order at this time. The Federal Defendants reserve their right to move for a protective order should Plaintiffs attempt to serve them with an improper discovery request.

As explained below and in the Defendants' Joint Case Management

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

1   statement, ECF No. 116 at 8-9, Defendant Carrigan, in her individual capacity,

2   contends that she cannot be subjected to discovery during the pendency of her

3   motion to dismiss that raises, *inter alia*, qualified immunity, which is an immunity

4   from suit.  ECF No. 133.  Like the Federal Defendants, Carrigan reserves the right

5   to seek a protective order or stay of discovery should any Plaintiff attempt to serve

6   her with an improper discovery request while her motion to dismiss is pending.

7      Plaintiffs have opposed this relief and seek to start discovery without waiting

8   for a ruling on the motions to dismiss.  *See* ECF No. 139. Plaintiff Uri Marcus

9   further maintains that when a government official has violated a "clearly

10  established" statutory or constitutional right, which Plaintiff will prove, qualified

11  immunity IS NOT an available defense that might otherwise protect that

12  government official from a lawsuit. Plaintiff will argue that any reasonable official,

13  including Ms. Carrigan, knew or should have known that her conduct in removing

14  Plaintiff's Pre-Check eligibility, violated Plaintiff's rights against government

15  retaliation for filing a lawsuit against it.

16  **h.   Dispositive Motions:**

17     On June 13, 2022, the Airline Defendants filed a motion to dismiss the

18  Complaint and action. ECF No 86.  MedAire and STAT-MD filed their own

19  motions to dismiss the Complaint and action on June 14, 2022, and the Federal

20  Defendants filed a motion to dismiss on June 17, 2022. ECF Nos. 92, 95, 97.  The

21  motions are scheduled to be heard on October 27, 2022.  Separately, defendant

22  Carrigan filed a motion to dismiss on August 23, 2022.  ECF No. 133.

23  **i.   Manual for Complex Litigation:**

24     The parties do not maintain that the Manual is applicable to this case.

25  **j.   Status of Discovery:**

26     To date, there has been no discovery exchanged by the parties.

27     *(i)     The Airline Defendants, MedAire and STAT-MD:*

28     The position of the Airline Defendants, MedAire, and STAT-MD is that

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

discovery should be stayed until after a ruling on their pending motions to dismiss. The grounds for a stay of discovery are discussed in Defendants' Joint Case Management Statement, ECF No. 116, at 5-9, and the motions for protective order filed by the Airline Defendants and MedAire.  ECF Nos. 136, 145, 145-1.

### (ii) The Federal Defendants:

As previously discussed in Defendants' Joint Case Management Statement, ECF No. 116, at 7-8, the Federal Defendants, support entry of a stay of discovery, but also state that discovery as to them would be inappropriate at any stage of these proceedings because Plaintiffs' claims against them are to be decided on an administrative record.  *See* Fed. R. Civ. P.26(a)(1)(B)(i) (exempting "an action for review on an administrative record" from initial disclosure obligations); Fed. R. Civ. P. 26(f)(1)–(3) (exempting such actions from the requirement to confer and develop a proposed discovery plan); Defs.' Joint Case Mgmt. Statement, ECF No. 116, at 7-8.  Most of Plaintiffs' 18 claims against the federal government invoke the Administrative Procedure Act ("APA") to challenge the Mask Order and Testing Order as unlawful, arbitrary, and improperly promulgated without notice and comment (Causes of Action 1–3, 9–13, 16–17).  Judicial review under the APA "is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("[T]he task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court.") (internal citation omitted). That record is compiled and certified by the government, *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010), and discovery is generally unavailable to supplement it, *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 1992) ("[B]ecause a court's review of an agency's decision is confined to the administrative record . . . courts uniformly have held that discovery typically is

not permitted."). Indeed, other federal cases challenging the Mask Order and Testing Order have properly been litigated on an administrative record without discovery, and there was no dispute in those cases as to the adequacy or completeness of the administrative record served by the government. *See, e.g., Bobay-Somers. v. CDC*, No. 21-cv-335 (N.D. Ind. filed Aug. 31, 2021); *Health Freedom Def. Fund v. Biden*, No. 21-cv-1693 (M.D. Fla. filed July 12, 2021); *Wall v. CDC*, No. 21-cv-975 (M.D. Fla. filed June 7, 2021).

The Federal Defendants further state that the Plaintiffs' claim invoking the Congressional Review Act ("CRA") and their constitutional claims invoking the separation of powers (Causes of Action 5 and 14), the Tenth Amendment (6), the Fifth Amendment (7), the freedom to travel (8 and 15), and the First Amendment (18), do not provide them a means of circumventing the record-review limitation. *See Harkness v. Sec'y of Navy*, 858 F.3d 437, 451 & n.9 (6th Cir. 2017) (holding that "there is no general bar to reviewing constitutional claims on an administrative record" and that an "Establishment Clause claim is properly reviewed on the administrative record"); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F.Supp.2d 1, 10 (D.R.I. 2004) ("The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on . . . constitutional deficiencies was entitled to broad-ranging discovery."). In any event, the Federal Defendants have moved to dismiss with prejudice Plaintiffs' CRA and constitutional claims, except for the two separation of powers claims. ECF No. 97. The granting of that motion would obviate any question about whether Plaintiffs are entitled to discovery on those claims. And the remaining separation-of-powers claims present pure questions of law—*i.e.*, whether the scope of CDC's authority under the Public Health Service Act constitutes an unconstitutional delegation of legislative power—that discovery would not help to answer. Indeed, discovery has not been authorized in any of the 17 other challenges to the Mask Order or Testing Order filed in other district

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

1  courts.

2  ### (iii) *Defendant Carrigan in Her Individual Capacity:*

3  In her individual capacity, Defendant Carrigan also supports the entry of a

4  stay of discovery while her motion to dismiss is pending.  *See* ECF No. 116 at 5-9

5  (Defendants' Joint Case Management Statement).  Her motion (ECF No. 133)

6  asserts several grounds for dismissal under Federal Rule of Civil Procedure

7  12(b)(6), whose very "purpose," the Ninth Circuit has explained, "is to enable

8  defendants to challenge the legal sufficiency of complaints *without* subjecting

9  themselves to discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d

10  729, 738 (9th Cir. 1987) (emphasis added).

11  Discovery would be particularly inappropriate as to Carrigan because her

12  Rule 12(b)(6) motion raises qualified immunity, which "is 'an immunity *from suit*

13  rather than a mere defense to liability,'" *Saucier v. Katz*, 533 U.S. 194, 200-01

14  (2001) (citation omitted; emphasis added).  Accordingly, the Supreme Court and

15  Ninth Circuit have repeatedly held that plaintiffs may not obtain discovery from

16  government officials asserting qualified immunity until such time, if any, as the

17  district court evaluates that defense and rejects it.  "Until this threshold immunity

18  question is resolved, *discovery should not be allowed*."  *Harlow v. Fitzgerald*, 457

19  U.S. 800, 818 (1982) (emphasis added); *see Behrens v. Pelletier*, 516 U.S. 299,

20  308 (1996) (qualified immunity "is meant to give government officials a right, not

21  merely to avoid standing trial, but also to avoid the burdens of such pretrial matters

22  as discovery . . ., as [i]nquiries of this kind can be peculiarly disruptive of effective

23  government") (citations and internal quotation marks omitted); *Mitchell v. Forsyth*,

24  472 U.S. 511, 526 (1985) (stating that *Harlow* "recognized an entitlement not to

25  stand trial or face the other burdens of litigation, conditioned on the resolution of

26  the essentially legal question whether the conduct of which the plaintiff complains

27  violated clearly established law," and that, "[u]nless the plaintiff's allegations state

28  a claim of violation of clearly established law, a defendant pleading qualified

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

immunity is entitled to dismissal before the commencement of discovery"); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *see also Butler v. San Diego Dist. Attorney's Off.*, 370 F.3d 956, 963-64 (9th Cir. 2004) ("[I]n the usual case where a defendant asserts an official immunity defense, the district court first decides whether the facts alleged in the complaint, assumed to be true, yield the conclusion that the defendant is entitled to immunity.  This is the analysis under Rule 12(b)(6) on a motion to dismiss.  If, taking the facts as stated in the complaint, the defendant is entitled to immunity, no discovery should be permitted and the case should be dismissed."); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989) (district court properly "stayed discovery until the issue of immunity was decided"); *accord Maraziti v. First Interstate Bank*, 953 F.2d 520, 526 (9th Cir. 1992); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended on other grounds*, 906 F.2d 465 (9th Cir. 1990); *F.E. Trotter, Inc. v. Watkins*, 869 5 F.2d 1312, 1318 (9th Cir. 1989); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).  The Supreme Court has indicated that, where one defendant raises qualified immunity, it may even be inappropriate for discovery to proceed as to "other defendants" because, in that scenario, the first defendant and her counsel would "likely" not "be free from the burdens of discovery" as they would have "to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [her] position."  *Iqbal*, 556 U.S. at 685-86.

Given this binding precedent, Carrigan should not be subjected to discovery during the pendency of her qualified-immunity motion.

### *(iv)   Plaintiffs:*

Plaintiffs do not agree to a stay of discovery or with the Federal Defendants' position regarding discovery. There are regulations provide that "The head of an Executive department … may prescribe regulations for the government of his department … the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

or limiting the availability of records to the public." 5 U.S. Code § 301.

This District Court has the latitude in cases such as ours to control any discovery process in order to balance Plaintiffs' needs for access to proof, against the agencies need for alleged inappropriate fact-finding by the Court.

The government's claim that "sovereign immunity" protects them from disclosure is nothing more than a thin blanket of denial of a citizen's right to the discovery process against the government, derived from long discredited royal prerogatives that are inconsistent with basic principles of the American legal system. Sovereign immunity is justified neither by history nor, more importantly, by functional considerations. Sovereign immunity is inconsistent with fundamental constitutional requirements such as the supremacy of the Constitution and due process of law.

There exist regulations that provide that "The head of an Executive department... may prescribe regulations for the government of his department... the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public." 5 U.S. Code § 301.

Plaintiffs brought suit to defend and enforce United States laws and OUR constitution. Plaintiffs therefore seek the Court's permission to conduct discovery beyond the administrative record because we believe the administrative record not inadequate or complete. Plaintiffs can demonstrate a basis for our request by producing reasonable evidence showing improper behavior and/or bad faith by the agencies so that the Court may determine whether the "whole" record has in fact been filed. Furthermore, we show that the administrative the record is deficient because the agencies ignored relevant factors it should have considered in making its decisions. Moreover, evidence came into existence after the agency acted which demonstrates their actions were wrong.

At this stage in our litigation, we also feel bound to consider the source that

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

gave rise to our lawsuit — The President of the United States of America:

"The executive action we have here originates in the individual will of the President and represents an exercise of authority without law. ... With all its defects, delays and inconveniences, men have discovered no technique for long preserving free government except that the Executive be under the law, and that the law be made by parliamentary deliberations. Such institutions may be destined to pass away. But it is the duty of the Court to be last, not first, to give them up." 343 U.S. at 654-55, 72 S.Ct. 863 (Jackson, J., concurring). *Sierra Club v. Trump*, 929 F.3d 670, 707 (C.A.9 (Cal.), 2019)

The public has an interest in assuring just and accurate adjudication of disputes. Widespread recognition of governmental privileges might weaken public confidence in the judicial system's ability to do justice. The public has an interest in preventing government malfeasance. Exposure of past wrongdoing might inhibit future abuses by government employees. *See Black v. Sheraton Corp. of America*, 371 F. Supp. 97, 101 (D.D.C. 1974): "In weighing the public interest factors in a claim of executive privilege, the Court is constantly aware that the public interest requires judicial support of executive and administrative officers in the faithful execution of their public trust. In the instant case, however, the grievance before the Court stems from the admitted misconduct and perversion of power by governmental officials, rather than a legitimate determination of policy. The public has a fundamental interest in preventing such illegal acts which strike at the foundation of democratic government."

The court concluded that any evidence that concerned the government's illegal acts could not be privileged. *See Kinoy v. Mitchell*, 67 F.R.D. 1, 12 (S.D.N.Y, 1975) ("|w|hen the case involves colorable claims of official misconduct the Courts are reluctant to permit officials to withhold relevant material by claiming privilege.").

Plaintiffs seek to discover the documents under the provisions of Rules 26

and 34 of the Federal Rules of Civil Procedure, and this Court must resolve the conflict between the respective interests of litigants and the public.

Finally, the illegal mask mandate was invented out of thin air by Federal Defendants, and was foisted upon us — members of the public — in such a manner that it deprived us of our sacred constitutional rights to say "NO, I cannot SAFELY wear this mask, and none of you shall discriminate against me by banning me from flying." Plaintiffs and the public deserve Discovery to uncover exactly who gave orders to Airline Defendants to break so many laws, together with how, why and when, in the absence of such malfeasance, this lawsuit would not have seen the light of day.

On Plaintiff Uri Marcus' position vis-à-vis Defendant Carrigan in her individual capacity, Plaintiff disagrees completely with Defendant Carrigan's depiction of law. He will fully respond to Defendant Carrigan's Motion to Dismiss at the appropriate time on or before October 10, 2022, which was agreed via their JOINT STIPULATION REGARDING BRIEFING SCHEDULE AND HEARING DATE FOR DEFENDANT CARRIGAN'S MOTION TO DISMISS (DKT. 134) and so ordered by this Court (DKT. 140).

**k.**  **Discovery Plan:**

> **i)**  **_Federal Defendants:_**

As discussed above, the Federal Defendants maintain that no discovery as to them would be appropriate given that the claims against them should be decided based on an administrative record.

> **ii)**  **_Defendant Carrigan in Her Individual Capacity:_**

As discussed above, Defendant Carrigan, in her individual capacity, maintains that no discovery as to her would be appropriate during the pendency of her motion to dismiss that raises qualified immunity and other defenses. And given the possibility of her taking an interlocutory appeal from any denial of qualified immunity, *see*, *e.g.*, *Iqbal*, 556 U.S. at 671-75, Carrigan does not join in

the other parties' proposals for discovery deadlines.

### iii)   *Airline Defendants, MedAire, and STAT-MD:*

The remaining Defendants request that discovery not commence until after the rulings on motions to dismiss.   Here is what the Airline Defendants propose:

1.   All fact discovery shall be completed by 180 days after a ruling on the motions to dismiss.

2.   Initial requests for production of documents shall be served or deemed served by 15 days after a ruling on the motions to dismiss.

3.   Initial interrogatories shall be served or be deemed served by 15 days after a ruling on the motions to dismiss.

4.   Non-expert depositions shall be completed by 180 days after a ruling on the motions to dismiss.

5.   Requests to admit shall be served by 90 days after a ruling on the motions to dismiss.

6.   Any of the interim deadlines in paragraphs (k)(2) through (k)(5) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph (k)(1).

### (iv)   *Plaintiffs:*

Countering Defendant Carrigan's position, Plaintiff Uri Marcus here maintains that Discovery would be particularly appropriate, lawful and necessary between now and the time that this honorable Court will rule on Defendant Carrigan's Motion to Dismiss, after Plaintiff's Memorandum in Opposition to that motion will be filed on or before October 10, 2022 that will challenge Defendant Carrigan's alleged "qualified immunity" and other defenses for all of same reasons stated in Plaintiffs' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS FOR STAY OF DISCOVERY (DKTs. 139 and 147).

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Moreover, Plaintiff Marcus believes that Interlocutory appeals are extremely rare. If Defendant Carrigan undertakes to obtain such an Interlocutory Order, it will not succeed to (1) conclusively determine the disputed question, (2) "resolve [the] issue[s] completely separate from the merits of the [Plaintiff's] action, and/or (3) be "effectively unreviewable on appeal from a final judgment." (Hallock v. Bonner, 387 F.3d 147 (2d Cir. 2004)). Defendant Carrigan's ability to meet the prongs of this three-part test would be entirely impossible. Plaintiff Marcus therefore holds that such an appeal, would be futile.

Plaintiffs further maintain that discovery should occur at this time UPON ALL DEFENDANTS, including Ms. Carrigan, pursuant to the order of the Court stating that "[t]he parties should begin to propound discovery before the Scheduling Conference.  The parties must comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and produce discovery promptly."  ECF No. 132 at 10, VI(B).  Plaintiffs maintain that full discovery is appropriate in this action and that no limitations or modifications would be proper at this time. Plaintiffs further oppose Defendants' request that discovery should be stayed pending resolution of Defendants' Motion to Dismiss. There exists no reason to delay the Discovery phase. Accordingly, Plaintiffs propose the following:

1. All fact discovery shall be completed by 180 days after the Joint Rule 26(f) teleconference has taken place on September 6, 2022.

2. Initial requests for production of documents shall be served or deemed served within 60 days beginning immediately after the Joint Rule 26(f) teleconference has taken place on September 6, 2022.

3. Initial interrogatories shall be served or be deemed served within 90 days after the Joint Rule 26(f) teleconference has taken place on September 6, 2022.

4. Non-expert depositions shall be completed by 180 days after the Joint Rule 26(f) teleconference has taken place on September 6, 2022.

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

5.      Requests for Admissions shall be served beginning immediately after the Joint Rule 26(f) teleconference set to take place on September 6, 2022 and shall extend for a period not to exceed 90 days thereafter.

6.      The Parties have not yet considered entering into a stipulated e-discovery order, but will consider doing so as the Court permits, anytime after the Joint Rule 26(f) teleconference has taken place on September 6, 2022.

7.      If the Court allows discovery to proceed, Plaintiffs reserve all rights to conduct the same. All discovery, including all hearings on discovery motions, should be completed by April 4, 2023. Electronically-stored information should be produced in a file format compatible with the computer operating systems and applications of the parties.

8.      Any of the interim deadlines in Plaintiffs' paragraphs (k)(1) through (k)(7) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph (k)(7).

**l.      Fact Discovery Cut-Off:**

The Airline Defendants, MedAire, and STAT-MD request that all fact discovery shall be completed by 180 days after a ruling on the motions to dismiss. Plaintiffs ask that fact discovery close on April 4, 2023, which is 211 days after the Joint Rule 26(f) teleconference, which occurred on September 6, 2022.

**m.      Expert Discovery:**

***The Airline Defendants, MedAire, STAT-MD and Plaintiffs:***

1.      All expert discovery, including expert depositions, shall be completed by 270 days after a ruling on the motions to dismiss.

2.      Initial expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by 180 days after a ruling on the motions to dismiss.

3.      Rebuttal expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall

be made by 220 days after a ruling on the motions to dismiss.

4.    The interim deadlines in paragraphs (m)(2) and (m)(3) may be extended by the written consent of all parties without application to the Court, provided that all expert discovery is completed by the date set forth in paragraph (m)(1).

**n.    Settlement Conference / Alternative Dispute Resolution ("ADR"):**

Defendants do not believe that a settlement conference or ADR would be constructive in this case.

Plaintiffs defer to the Court's Civil Standing Order "The Court will not hold a Final Pretrial Conference or convene a trial unless and until all parties, including the principals of all corporate parties, have completed ADR." DKT. 132 at 9, V(B).

**o.    Trial Estimate:**

Plaintiffs estimate that a trial to the Court – which is their preference rather than a jury trial[1] – would last approximately 4 days.[2] The Airline Defendants and MedAire and STAT-MD also agree that 4 days is a likely scenario.

**p.    Trial Counsel:**

Plaintiffs are proceeding *pro se*.  Defendants' trial counsel are the lawyers

---

[1]The Federal Defendants further note that sovereign immunity bars a trial by jury on the claims against them.  *See Lehman v. Nakshian*, 453 U.S. 156, 164-65 & n.13 (1981) ("[T]he plaintiff has a right to a trial by jury only where that right is one of the terms of the Government's consent to be sued."); *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009) (noting that the APA does not "provide a right to a trial by jury").  Further, there is no cause for a trial of any kind on Plaintiffs' APA claims against the Federal Defendants because district courts reviewing such claims "do not resolve factual issues, but operate instead as appellate courts resolving legal questions." *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996).

[2] Plaintiffs further note that if Federal Defendants in another world could claim sovereign immunity, it might have bared them from a trial of any kind. However, sovereign immunity is not justified in this world owing to functional considerations, because it deprives Plaintiffs of the right to bring suit in tort for redress against the state. Claiming the doctrine would send us all back to Feudal Era when the idea was first birthed. Today, it is inconsistent with the fundamental supremacy of the Constitution and the provision of due process of law.

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

1    on the signature blocks below.

2    **q.    Independent Expert or Master:**

3        The parties do not anticipate the involvement of an independent expert or

4    master.

5    **r.    Schedule Worksheet:**

6        Per the Court's Order, the parties hereby submit a joint Schedule Worksheet

7    which includes calculations of deadlines based on the Court's standard template.

8    However, Defendants respectfully request that the Court take into consideration the

9    comments and requests made in sections k, l, and m, above, and allow for a

10    deviation from the Court's pre-set deadlines.  Additionally, Defendants state as

11    follows:

12        It is the position of the Federal Defendants that the claims against them are

13    reviewed at the summary judgment stage on an administrative record with no

14    factfinding by the Court. As such, neither discovery against the Federal Defendants

15    nor a trial of any kind on the claims against them would be appropriate.

16        Defendant Carrigan asserts that she should not be subjected to discovery

17    during the pendency of her qualified-immunity motion, and, in the event of an

18    interlocutory appeal, the pretrial deadlines proposed herein would be unlikely to

19    hold.

20        In addition, the Airline Defendants and MedAire have filed motions for a

21    protective order to put in place a temporary stay of discovery until after a ruling on

22    the pending motions to dismiss.

23        Defendants also respectfully request that the time for expert discovery be at

24    least 75 days rather than 5 weeks following close of fact discovery.

25        Plaintiffs state as follows: As set forth in the Joint Rule 26(f) Report, ECF

26    No. 152, at  9-12, 13–15, 16 (n.2), it is the position of the Plaintiffs that their

27    claims against Defendants require fact finding by the Court. Consequently,

28    discovery against the Federal Defendants is entirely appropriate and necessary, as

is a bench-trial. Moreover, Defendant Carrigan should particularly be subject to discovery because her arguments of qualified-immunity fail. PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS DEFENDANT JULIE CARRIGAN IN HER INDIVIDUAL CAPACITY is due on or before October 10 will offer case law to challenge to Ms. Carrigan's alleged "qualified-immunity." Furthermore, Plaintiffs have filed thorough Memorandums in opposition to Airline and Medical Defendants' motions for a Stay of Discovery and protective orders and awaits the Court's decision on those motions. See DKTs. 139 and 147.

Plaintiffs have no objection, pending the Court's approval, that the time for expert discovery be at least 75 days rather than 35 days following the close of fact discovery, provided that Plaintiffs also have ample opportunity to conduct expert discovery and rebuttals.

**s.**  **Class Actions:**

This case was not filed as a class action.

**t.**  **Other Issues:**

Plaintiffs reiterate their desire to not have to appear for Court on any Friday for reasons of religious observance.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Dated: October 3, 2022

Respectfully submitted,

By: /s/ John C. Conti
    John C. Conti
    Email: jconti@dmclaw.com
    Jeffrey J. Wetzel
    (admitted *pro hac vice*)
    Email: jwetzel@dmclaw.com
    Steven L. Ettinger
    (admitted *pro hac vice*)
    Email: settinger@dmclaw.com
    DICKIE, McCAMEY &
    CHILCOTE, P.C.
    2 PPG Place, Suite 400
    Pittsburgh, PA 15222
    Telephone: (414) 392-5617

    *Attorneys for Defendant*
    STAT-MD

By: /s/ Jeremy S. Brumbelow
    Brian M. Boyton
    Principal Deputy Assistant Attorney
    General
    C. Salvatore D'Alessio, Jr.
    Acting Director, Torts Branch
    Mary Hampton Mason
    Senior Trial Counsel, Torts Branch
    Jeremy Scott Brumbelow
    Senior Trial Attorney, Torts Branch
    U.S. Department of Justice, Civil
    Division P.O. Box 7146,
    Ben Franklin Station
    Washington, D.C. 20044-7146
    Tel. (202) 616-4330;
    Fax. (202) 616-4314
    jeremy.brumbelow@usdoj.gov

    *Attorneys for Defendant*
    Julie Carrigan

By: /s/ John C. Conti
    Brian M. Boynton
    Principal Deputy
    Assistant Attorney General
    Tracy Wilkinson
    United States Attorney
    Eric B. Beckenhauer
    Assistant Branch Director

By: /s/ Richard A. Lazenby
    Richard A. Lazenby
    Michael Cutler
    VICTOR RANE
    *Attorneys for All Non-Government*
    *Defendants*

By: /s/ M. Roy Goldberg
    M. Roy Goldberg
    (Admitted Pro Hac Vice)
    STINSON LLP
    1775 Pennsylvania Avenue, N.W.,
    Suite 800
    Washington, D.C. 20006
    Telephone: (202) 728-3005
    Email: roy.goldberg@stinson.com

    *Attorneys for Defendants*
    Alaska Airlines, Inc.,
    American Airlines, Inc.,
    Delta Airlines, Inc.,
    Hawaiian Airlines, Inc.,
    Southwest Airlines Co., and
    United Airlines, Inc.

By: /s/ Brian T. Maye
    Brian T. Maye
    (Admitted Pro Hac Vice)
    ADLER MURPHY & MCQUILLEN
    LLP
    20 S. Clark Street, Suite 2500
    Chicago, IL 60603
    Telephone: 312-422-5713
    bmaye@amm-law.com

    *Attorneys for Defendants*
    Frontier Airlines, Inc.; and
    Allegiant Air, LLC

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

*/s/ Avrohom Gordon*
Avrohom Gordon, plaintiff, *Pro-Se*
2251 State Route 222
New Richmond, OH  45157
Telephone: 513-734-1770
gordon.avrohom@gmail.com

*/s/* Devorah Gordon
Devorah Gordon, plaintiff, *Pro Se*
2251 State Route 222
New Richmond, OH  45157
Telephone: 513-734-1770
devorahlgordon@gmail.com

/s/ Uri Marcus
Uri Marcus, lead plaintiff, Pro-Se
P.O. Box 126
Ojai, CA 93024
Telephone: 909-833-0065
E-Mail: uri@ntcf.org

/s/ Yvonne Marcus
Yvonne Marcus, plaintiff, Pro-Se
P.O. Box 126
Ojai, CA 93024
Telephone: 909-833-0065
E-Mail: adi@ntcf.org

/s/ Cindy Russo
Cindy Russo, plaintiff, Pro-Se
22485 Breakwater Way
Santa Clarita, CA  91350
Telephone: 908-797-8066
cjrz123@gmail.com

By: /s/ Barry S. Alexander
Barry S. Alexander
(Admitted *Pro Hac Vice*)
Email: balexander@schnader.com
SCHNADER HARRISON SEGAL &
LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005
Telephone: (212) 973-8099

Brittany C. Wakim
(Admitted *Pro Hac Vice*)
Email: bwakim@schnader.com
SCHNADER HARRISON SEGAL &
LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2092

Attorneys for Defendant
*MEDAIRE, INC.*

By: /s/ Andrew Freidah
Andrew Freidah
U.S. Department of Justice Civil
Division
1101 L Street, N.W.
Washington, D.C. 20005
202 305-0879
Email: Andrew.f.freidah@usdoj.gov

Johnny Hillary Walker
U.S. Department of Justice
Civil Division
1101 L Street, N.W.
Washington, D.C. 20005
202 514-3183
Fax: 202 616-8400
Email: johnny.h.walker@usdoj.gov

Michael J. Gerardi
U.S. Department of Justice
Civil Division, Federal Programs
Branch
1100 L Street, N.W.
Washington, D.C. 20530
202 616-0680Email:
michael.j.gerardi@usdoj.gov

Stephen M. Pezzi
U.S. Department of Justice
Civil Division Federal Programs Branch
1101 L Street, N.W.
Washington, D.C. 20530
202 305-8576
*Attorneys for Federal Defendants*

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.