Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Non-Government Defendants

AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**AIRLINE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Hearing Date: October 27, 2022<br>Time: 9:00 am<br>Courtroom: 2 (Via Zoom)<br>Dist. Judge: Hon. Sunshine S. Sykes |

/ /

/ /

/ /

/ /

1  **AIRLINE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Alaska Airlines, Inc., Allegiant Air, LLC, American Airlines, Inc., Delta Air Lines, Inc., Frontier Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co. and United Airlines, Inc. (the "Airline Defendants"), respectfully submit this Notice of Supplemental Authority to apprise the Court of the attached "Memorandum and Order" issued on October 12, 2022 by the United States District Court for the District of Massachusetts in the case styled Michael Seklecki v. Center for Disease Control & Prevention, et al., No. 22-10155-PBS, 2022 WL 6917049 (the "Seklecki Case"). The decision in the Seklecki Case – which dismissed all of the plaintiff's claims against the airline defendants relating to their implementation of the Federal Transportation Mask Mandate ("FTMM") – is relevant to the pending Airline Defendants': (1) motion to dismiss the Complaint and action (ECF Nos. 86, 86-1); and (2) motion for protective order for a temporary stay of discovery pending a ruling by this Court on the pending motion to dismiss (ECF No. 136) (both of which are to be heard by this Court on October 27, 2022).

In the Seklecki Case, the pro se plaintiff (Michael Seklecki) sought to allege various federal and state law claims against American Airlines and Southwest Airlines relating to their implementation of the FTMM, with many of the claims identical to or essentially the same as the claims raised by the pro se plaintiffs in this case. The airline defendants in that case moved to dismiss all of the claims against them under Rule 12(b)(6) for failure to state a claim for relief. Following briefing by both sides and an oral argument on June 1, 2022, the court ultimately granted the airlines' motion to dismiss all of the claims against them. 2022 WL 6917049.

1.  The District of Massachusetts dismissed the claims for civil conspiracy under 42 U.S.C. §§ 1985(3) and 1986, stating that "[b]ecause a statutory scheme and administrative remedies are in place for the ACAA [Air

Carrier Access Act, 49 U.S.C. § 41705], Seklecki cannot pursue claims for disability discrimination under section 1985(3)." 2022 WL 6917049, at *2-3. The court alternatively stated that it "agree[d] with the Airline Defendants that" the civil conspiracy claims "should be dismissed because Seklecki fails to plead specific allegations of the existence of a conspiracy." Id. * 4. The court noted that the "Complaint states that the Airline Defendants have conspired to interfere with the civil rights of disabled passengers, which Plaintiff expects to prove through discovery." Id. However, "[i]n light of [the] COVID-19 pandemic and evolving recommendations on masking in response to the pandemic, there is no plausible allegation that the Airline Defendants were conspiring to harm disabled passengers by imposing a mask requirement." Id.

2. The court dismissed the claim for breach of contract as preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b) ("ADA"), because the plaintiff failed to identify "any self-imposed undertaking" by the airline defendants to refrain from requiring masks." Id. at *5.

3. The court dismissed the claim for invasion of privacy, holding that it was preempted by the ADA because it related to an air carrier "service." Id. at *5.

4. The court dismissed the claims for deceptive and misleading trade practices and fraudulent misrepresentation claims as preempted by the ADA. Id. at *6.

5. The claim for recklessness was dismissed as preempted by the ADA. Id. at *6.

6. The District of Massachusetts judge held that the plaintiff lacked a private right of action to pursue his claims under the ACAA. Id. at *6 ("Circuit Courts have held that the ACAA does not create a private right of action").

7. The court also dismissed the plaintiff's claims for violation of the federal Rehabilitation Act, 29 U.S.C. § 794(a), stating that "[b]ecause the CARES Act was assistance designated for the particular purpose of covering payroll

1  expenses, and not for general assistance, at least one court has held that the airlines
2  did not receive federal financial assistance within the meaning of the Rehabilitation
3  Act," id. at *7 (citing Andreadakis v. CDC et al., 2022 WL 2674194, *10 (E.D.
4  Va. July 11, 2022) (appeal filed), and adding that: "Whether Cares Act funding
5  was a subsidy or compensation, the Court concludes that Congress did not intend
6  to circumvent the procedures for handling claims of disability discrimination
7  against the airlines under the ACAA." Id. at *8.

8.  The court dismissed the plaintiff's claim for practicing medicine without a license, stating that "[b]y enforcing the FTMM and requiring passengers to wear a mask, the Airline Defendants were not practicing medicine." Id. at *8-9.

9.  The claim for infringement of a constitutional right to travel was dismissed because "Plaintiff was not prohibited from getting on a plane; he was prohibited from getting on a plane without a mask or mask exemption," and "[r]equiring a mask in compliance with the FTMM is not an actionable interference with Seklecki's constitutional right to travel." Id. at *9.

10.  Finally, the court dismissed the claim for violation of the International Covenant on Civil and Political Rights and the Convention on International Civil Action because they are "not self-executing" or capable for enforcement "through a private right of action." Id. at *9.

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

Dated: October 13, 2022

Respectfully submitted,

By: _____
Richard A. Lazenby
Michael Cutler
VICTOR RANE
*Attorneys for All Non-Government Defendants*

By: *M. Roy Goldberg*
M. Roy Goldberg
(Admitted Pro Hac Vice)
STINSON LLP
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005
Email: roy.goldberg@stinson.com

*Attorneys for Defendants*
Alaska Airlines, Inc.,
American Airlines, Inc.,
Delta Airlines, Inc.,
Hawaiian Airlines, Inc.,
Southwest Airlines Co., and
United Airlines, Inc.

By: *Brian T. Maye*
Brian T. Maye
(Admitted Pro Hac Vice)
ADLER MURPHY & MCQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, IL 60603
Telephone: 312-422-5713
bmaye@amm-law.com

*Attorneys for Defendants*
Frontier Airlines, Inc.; and
Allegiant Air, LLC

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849