Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

-and-

Barry S. Alexander (*pro hac vice*)
Email: balexander@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005
Telephone: (212) 973-8099

Brittany C. Wakim (*pro hac vice*)
Email: bwakim@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2092

Attorneys for Defendant
MEDAIRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**DEFENDANT MEDAIRE, INC.'s SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT [DKT. 92]**<br><br>**Hearing Date via video conference:** Oct. 27, 2022<br>Time: 9:00 a.m.<br>Courtroom: 2 (Via Zoom)<br>Dist. Judge: Hon. Sunshine S. Sykes |

Defendant MedAire, Inc. ("MedAire") joins the Airline Defendants in providing the following supplemental authority, which was issued on October 12, 2022, and was not available at the time of the filing of MedAire's Motion to Dismiss: *Seklecki v. Center for Disease Control & Prevention, et al.*, Case No. 22-10155-PBS, 2022 U.S. Dist. LEXIS 186265 (D. Mass. Oct. 12, 2022). A copy of the ruling is attached hereto as Exhibit "A" (Memorandum and Order").

The decision in *Seklecki* is relevant to MedAire's pending Motion to Dismiss Plaintiffs' Complaint (ECF Nos. 92, 92-1, 144), and MedAire's Motion to Stay Discovery pending a ruling by this Court on the pending motion to dismiss (ECF Nos. 145, 145-1, 149), both of which are scheduled to be heard by this Court on October 27, 2022.

In *Seklecki*, Judge Saris granted a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by two airline defendants (one of which appears in this matter), and dismissed various claims against the airline defendants, including a claim for civil conspiracy under 42 U.S.C. §1985(3). The court dismissed Plaintiff's claim for civil conspiracy on multiple grounds, including the failure to state a claim because of the failure to plead specific allegations of the existence of a conspiracy. *See* 2022 U.S. Dist. LEXIS 186265, at *8.

The plaintiff in *Seklecki* asserted a claim for civil conspiracy under 42 U.S.C. §1985(3) against the airline defendants that is essentially identical to the claim pled by Plaintiffs in this matter against MedAire. Like Plaintiffs here the plaintiff in *Seklecki* claimed the defendants were liable under 42 U.S.C. §1985(3) because the airline defendants "conspired to deprive disabled Americans" of their "civil rights by adopting policies in Summer 2020 that banned anyone medically unable to wear a face mask from using the nation's air-transportation system." These allegations are identical to the ones asserted by Plaintiffs in this matter against MedAire. *See* Plaintiffs' Complaint, ECF No. 1, at ¶893. Indeed, ***all*** of the allegations in support of the conspiracy claim in *Seklecki* appear in Plaintiffs'

Complaint in this matter. *See* Plaintiffs' Complaint, ECF No. 1, Count XX. The only differences in this matter are additional conclusory allegations against various airline defendants, MedAire, and STAT-MD, none of which factually allege the existence of a conspiracy. *See* Plaintiffs' Complaint, ECF No. 1, at ¶¶ 891, 894-896, 899.

In dismissing the conspiracy count for failure to state a claim, the court in *Seklecki* noted that the "Complaint states that the Airline Defendants have conspired to interfere with the civil rights of disabled passengers, which Plaintiff expects to prove through discovery." 2022 U.S. Dist. LEXIS 186265, at *9. However, "[i]n light of [the] COVID-19 pandemic and evolving recommendations on masking in response to the pandemic, there is no plausible allegation that the Airline Defendants were conspiring to harm disabled passengers by imposing a mask requirement." *Id.* at *10.

MedAire respectfully submits that Judge Saris' granting of the airline defendants' motion to dismiss essentially identical allegations in *Seklecki* supports MedAire's pending Motion to Dismiss in this matter.

Dated: October 14, 2022          Respectfully submitted,

By: *Barry S. Alexander*
Barry S. Alexander, *pro hac vice*
Brittany C. Wakim, *pro hac vice*
SCHNADER HARRISON SEGAL & LEWIS LLP

-and-

Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS

- 3 -