**URI MARCUS**
P.O. Box 126
Ojai, CA  93024
Telephone:  909-833-0065
email: uri@ntcf.org

*Pro Se*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants, | Case No.: 2:22-cv-02383-SSS-ASx<br><br>**PLAINTIFFS' [PROPOSED] SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION OF MEDICAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS [DKT. NOS. 144, 155]**<br><br><br>Hearing Date: **VACATED** [DKT. 165]<br><br>**The Hon. Sunshine Suzanne Sykes** |

1  COME NOW Plaintiffs URI MARCUS and YVONNE MARCUS, *Pro Se*, to serve this [PROPOSED] SUR-REPLY MEMORANDUM OF LAW in further opposition of Medical Defendants MEDAIRE, INC. and STAT-MDs' replies in support of their Motions to Dismiss [DKT. NOS. 144, 155].

**This case law brings enormous clarity to Section C of Defendant MEDAIRE, INC.'s reply in support of its Motion to Dismiss, and to Section A of STAT-MD's reply brief in support of its Motion to Dismiss.**

The case hosts an Order from former United States District Court Judge Samuel B. Kent for the Southern District of Texas, though the Order is not binding upon this honorable Court. **Judge Kent DENIED MEDAIRE, INC.'s Motion to Dismiss** against strikingly similar arguments presented by the Medical Defendants in favor of dismissing Plaintiffs' causes of action, based upon flawed legal conclusions that "Plaintiffs have not, and cannot, demonstrate that MedAire is subject to personal jurisdiction (DKT. 144 at 7)," and "Plaintiffs' Brief miscomprehends the standard for specific personal jurisdiction (DKT 155 at 2)." But the court ruled, "**Incredibly, however, MedAire argues that it was not reasonably foreseeable that it would be "haled into a [CALIFORNIA] court for a tort claim asserted by a third party based on its contractual relationship with [HAWAIIAN]."** See Def.'s Reply at pg. 4 (emphasis in original). **This argument is, simply and bluntly, ludicrous."** *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 521 (S.D. Tex. 2001). **EX. 01 at 7.**

"MedAire provided medical advice to aid [HAWAIIAN AIRLINES — *in discriminating against passengers who could not safely wear a mask*] based upon a contract it had entered into with Defendant [HAWAIIAN]. This contract, by **\*521** its very nature, contemplated that MedAire would deliberately reach out of Arizona and provide medical advice to [HAWAIIAN] aircraft wherever they might be located *[e.g., at LAX in California]*. Obviously

these aircraft would often be in [CALIFORNIA]. Thus, MedAire had full knowledge that its medical advice would affect air travelers in Texas." *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 520-21 (S.D. Tex. 2001). ***Id. at 7.*** And if fact, it DID.

"It does not matter that the medical advice was transmitted from Arizona. Accordingly, this Court finds that MedAire has purposely availed itself of the privilege of conducting business activities in [CALIFORNIA], thereby **meeting the requirements for specific jurisdiction** *[emphasis mine]* under the first prong of *International Shoe* and its progeny." *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 521 (S.D. Tex. 2001). ***Id. at 7.***

"MedAire could 'reasonably anticipate' being haled into court in Texas, at least with regard to actions based upon its dispensation of medical advice. The Court rejects any notion that trial of this matter in [CALIFORNIA] is a burden on a corporation such as MedAire, which chose to enter into this type of service contract with [HAWAIIAN]." *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 522 (S.D. Tex. 2001). ***Id. at 8.***

## CONCLUSION

The citations from this case go on and on, but for brevity, Plaintiffs stop here. All of the above applies also to STAT-MD, who also entered into contracts together with Medaire, INC., to provide medical advice to Airline Defendants, which prevented — and we dare say, "deadbolted" — any traveler who could not safely wear a mask, such as Plaintiffs, from flying. This IS discrimination against a protected class of disabled Americans. It does not get any clearer than this.

/ /

/ /

Respectfully submitted this 27th day of December 2022.

By: /s/ *Uri Marcus*

    Uri Marcus, lead plaintiff, *Pro-Se*
    P.O. Box 126
    Ojai, CA 93024
    Telephone: 909-833-0065
    E-Mail: uri@ntcf.org

By: /s/ *Yvonne Marcus*

    Yvonne Marcus, plaintiff, *Pro-Se*
    P.O. Box 126
    Ojai, CA 93024
    Telephone: 909-833-0065
    E-Mail: adi@ntcf.org

By: /s/ *Avrohom Gordon*

    Avrohom Gordon, plaintiff, *Pro-Se*
    2251 State Route 222
    New Richmond, OH 45157
    Telephone: 513-734-1770
    gordon.avrohom@gmail.com

By: /s/ *Devorah Gordon*

    Devorah Gordon, plaintiff, *Pro-Se*
    2251 State Route 222
    New Richmond, OH 45157
    Telephone: 513-734-1770
    devorahlgordon@gmail.com

By: /s/ *Cindy Russo*

    Cindy Russo, plaintiff, *Pro-Se*
    22485 Breakwater Way
    Santa Clarita, CA 91350
    Telephone: 908-797-8066
    cjrz123@gmail.com

*Case # 2:22-cv-02383-SSS-ASx*      -4-      PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPP OF MEDICAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS

1  Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.