1
2
3
4
5

**URI MARCUS**
P.O. Box 126
Ojai, CA  93024
Telephone:  909-833-0065
email: uri@ntcf.org

*Pro Se*

6
7

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>*Plaintiffs,*<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>*Defendants,* | Case No.: 2:22-cv-02383-SSS-ASx<br><br><br><br>**PLAINTIFFS'**<br>**SUPPLEMENTAL BRIEF**<br>**ON MOOTNESS [DKT. 170]**<br><br><br><br><br><br>DUE: **February 16, 2023**<br>**The Hon. Sunshine Suzanne Sykes**<br>United States District Judge |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................................iv

    Cases.................................................................................................iv

    Statutes ............................................................................................vi

    Other Authorities............................................................................vii

ARGUMENT........................................................................................1

    I.    ARE PLAINTIFFS' CLAIMS NOW MOOT because the
        FTMM has been vacated and the International Traveler
        Testing Requirement (aka and hereinafter, "the ITTR")
        has been partially rescinded?...........................................................1

        A.   CAUSES OF ACTION #'s 1-17 against Federal
            Defendants with regard to the mootness doctrines. .................1

        B.   CAUSES OF ACTION #'s 18-19 against Defendant
            Julie Carrigan in her official as well as individual
            capacities, with regard to the mootness doctrines....................9

        C.   CAUSES OF ACTION #'s 20-39 against Airline and
            Medical Defendants, with regard to the mootness
            doctrines.................................................................................10

II.  ARE THERE POTENTIAL EXCEPTIONS TO THE
      MOOTNESS DOCTRINE? ....................................................... 12

      A.  If any of our arguments are determined to be moot, the
           doctrine of voluntary cessation applies as an exception
           to the mootness doctrine. ................................................... 12

      B.  If any of our arguments are determined to be moot, the
           doctrine of "capable of repetition, yet evading review"
           applies as an exception to the mootness doctrine. ................ 14

III. RELEVANT AUTHORITIES .................................................. 17

      A.  *Andreadakis v. Ctr. for Disease Control & Prevention*,
           CIVIL 3:22cv52 (DJN), 3 (E.D. Va. Apr. 22, 2022) ......... 17

      B.  *Brach v. Newsom*,
           (9th Cir. 2022) 38 F.4th 6, 9 .............................................. 20

CONCLUSION ........................................................................... 21

# TABLE OF AUTHORITIES

*Cases*                                                                     *Page*

*Andreadakis v. Ctr. for Disease Control & Prevention,*
    CIVIL 3:22cv52 (DJN), 3 (E.D. Va. Apr. 22, 2022)....................... 17, 19, 20

*Brach v. Newsom,*
    (9th Cir. 2022) 38 F.4th 6, 9 .......................................... 6, 7, 20, 21

*FEC v. Wisconsin Right to Life,*
    551 U.S. 449, 462 (2007) ............................................................ 17

*First Nat. Bank of Boston v. Bellotti,*
    435 U.S. 765, 774 (1978) ............................................................ 17

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
    528 U.S. at 189, 120 S.Ct. 693 ................................................. 6, 13

*Health Freedom Defense Fund v. Biden,*
    No. 8:21-cv-1693 (M.D. Fla. April 18, 2022) ....................... 3, 7, 8

*Kingdomware Tech. v. United States,*
    136 S. Ct. 1969, 1976 (2016) ..................................................... 17

*Marcus, et al v. TSA,*
    No. 21-1225 (D.C. Cir)............................................................. 3, 5

*South Bay United Pentecostal Church v. Newsom,*
    —— U.S. ——, 141 S. Ct. 716, 720, 209 L.Ed.2d 22 (2021) ......................... 7

*Southern Pac. Terminal Co. v. ICC,*
    219 U.S. 498, 515 (1911) ............................................................ 17

*Spencer v. Kemna,*
    523 U.S. 1, 17 (1998) .................................................................. 14

*Tandon v. Newsom,*
    —— U.S. ——, 141 S. Ct. 1294, 1297, 209 L.Ed.2d 355 (2021) ................. 6

*United States v. Concentrated Phosphate Export Assn., Inc.,*
　　393 U.S. 199, 203 (1968) ............................................................... 13

*United States v. W.T. Grant Co.,*
　　345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) .......................... 6, 13

*Uzuegbunam v. Preczewski,*
　　141 S. Ct. 792, 797-797 (2021) ..................................................... 11

*Statutes*                                                                                                    *Page*

*21 USC § 360bbb-3(e)(1)(A)(ii)(III),*

    Food, Drug, & Cosmetic Act ............................................................................ 8

*Other Authorities*                                                   *Page*

87 FR 36129 (Federal Register) .................................................. 14

United States Constitutation • Fifth Amendment .......................................... 16

United States Constitutation • First Amendment...................................... 9, 10

Federal Transportation Mask Mandate • FTMM........ 1, 2, 3, 7, 13, 14, 15, 19

International Traveler Testing

    Requirement • ITTR ......................................... 1, 2, 3, 7, 13, 14, 15, 16, 19

United States Constitutation • Tenth Amendment.......................................... 8

# ARGUMENT

By order of Your Honor, dated February 3, 2023 [DKT. 170], this Court requested the parties file supplemental briefs addressing whether any portion of Plaintiffs' Complaint is moot in light of the Hon. U.S. District Court Judge Kathryn Kimball Mizelle's April 18, 2022 order to vacate the CDC's "ORDER FOR PERSONS TO WEAR MASKS WHILE ON CONVEYANCES AND AT TRANSPORTATION HUBS" (aka and hereinafter, "the FTMM"). **EX. 01.**

## I.   ARE PLAINTIFFS' CLAIMS NOW MOOT because the FTMM has been vacated and the International Traveler Testing Requirement (aka and hereinafter, "the ITTR") has been partially rescinded?

### A.   CAUSES OF ACTION #'s 1-17 against Federal Defendants with regard to the mootness doctrines.

According to the CDC masking order itself, it states "Until further notice … a person must wear a mask while boarding, disembarking, and traveling on any conveyance into or within the United States … [and] at any transportation hub that provides transportation within the United States." *Id. at 9*. Lest there be any lingering doubts as to the status of the FTMM, the order further clarifies that "This Order shall enter into effect on February 1, 2021, at 11:59 p.m. and will remain in effect unless modified or rescinded … or until the Secretary of Health and Human Services rescinds the determination … that a public health emergency exists." *Id. at 11*.

Xavier Becerra, Secretary of Health and Human Services stated that "As a result of the continued consequences of the Coronavirus Disease 2019 (COVID-19) pandemic," [and] "…pursuant to the authority vested in me … [I] do hereby

renew, effective January 11, 2023, the January 31, 2020, determination … that a public health emergency exists … nationwide." **EX. 02**.

On Jan. 30, 2023, the Biden Administration announced its intent to end the national emergency and public health emergency declarations on May 11, 2023, related to the COVID-19 pandemic. **EX. 03 at 1.**

Without question then, and as these words are being typed onto this page, the FTMM is still on the books and remains very much alive. The U.S. District Court for the Middle District of Florida has enjoined its enforcement. Notably the government appealed this decision. To Plaintiffs' knowledge, the CDC has not published a notice in the Federal Register rescinding the Mandate, and the Public Health Emergency remains in effect.

Similarly, the ITTR did not expire; the CDC revoked it with a stern message that it could be re-imposed at any time the agency thinks it necessary. In fact, in an order updated by the CDC on December 30, 2022, and taking effect on January 5, 2023, and until further notice, "[T]here are new requirements for air passengers 2 years of age and older traveling to the United States from China, Hong Kong, or Macau, and those traveling from Seoul, Toronto, and Vancouver who have been in China, Hong Kong, or Macau in the past 10 days. These passengers, regardless of citizenship or vaccination status, are required to show a negative COVID-19 test result taken no more than 2 days before their flight departs." **EX. 04 at 1**.

But since the government is required by statute to enforce the terms of international agreements that the United States has ratified related to the aviation sector, any such ITTR requirements that restrains liberty of movement of the disabled by not permitting them to fly without a medical clearance, remains a violation of the International Covenant on Civil & Political Rights as well as a violation of guidelines from the International Civil Aviation Organization ("ICAO"). The ITTR issues are therefore not moot, and we deserve to have our

claims decided in District Court regardless of whether the Testing Requirement is currently only partially in force. Thus, Plaintiffs' Causes of Action #'s 1-17 are not moot.

In not a single case has the government argued that our proceedings are moot. CDC and HHS still want to maintain authority to mandate masks and virus testing in the transportation sector, and just like us they wait for a resolution of two appeals of conflicting decisions about the policies' legality that remain undecided before the 11th Circuit.

When the Hon. Judge Mizelle handed down her decision, the Justice Department announced it would appeal but not seek an emergency stay, meaning the mandate would not be enforced pending the 11th Circuit's review of the two cases from Florida (one where a district judge vacated the FTMM as *ultra vires* and another where another judge in the same district ruled both the FTMM and ITTR are within CDC and HHS' legal authority and issued a judgment in favor of the government).

The Federal Defendants want to reinstitute it; this is why they appealed the worldwide *vacatur* by the Hon. Judge Mizelle in *Health Freedom Defense Fund v. Biden*, No. 8:21-cv-1693 (M.D. Fla. April 18, 2022). If the 11th Circuit reverses, the mandate would immediately go back into effect.

In the meantime, if the Court is still unconvinced on the question of whether this case is moot or not, we present to you the argument from the other side; literally from Opposing Counsel.

This is a case where the same team of DOJ attorneys representing both the TSA and the CDC in their appeal before the 11th Circuit, are also representing Federal Defendants CDC and the HHS in our case.

Plaintiff Uri Marcus is lead petitioner in one of the six cases [*Marcus, et al v. TSA*, No. 21-1225 (D.C. Cir) — a petition filed in the 5th Circuit Court of Appeals but transferred to Washington for consolidation].

In that TSA case, the federal government filed a Supplemental Brief, responding to the Court's request to provide arguments as to if that case was moot, an/or why it should or should not be considered moot. The TSA response included the following position to the D.C. Circuit, even though TSA is not currently requiring face coverings:

"[T]here remains a live controversy regarding petitioners' various arguments that TSA's now-expired directives were *ultra vires* or were improperly issued without notice and comment." Respondent's Supplemental Brief (Sept. 12, 2022). **EX. 05 at 3**.

Continuing, TSA made it crystal clear to that court that, "The government has not forsworn its authority to impose mask directives or its desire to do so if circumstances warrant. Any future mask-related directives issued by TSA will invoke the same authorities that petitioners claim are insufficient, including the authority to proceed without notice and comment. As a result, there is a more-than-speculative chance that a ruling on whether petitioners' arguments that the now-expired directives were *ultra vires* or were improperly issued without notice and comment would affect the parties' rights in the future. Accordingly … these aspects of petitioners' arguments … are not moot." *Id. at 3-4*.

The TSA even doubles-down on this point by again emphasizing to the D.C. Circuit – as the CDC and the HHS likely will inform this Court[1] – that "there is a **more-than-speculative** *(emphasis mine)* chance that TSA will invoke the same authorities challenged here to issue new mask-related directives similarly unobstructed by substantial structural hurdles." *Id. at 7-8*. **"More-than-speculative"** here, are words that, like lightning bolts, should kill mootness.

---

[1] Plaintiffs again stress the point that in no case to date, including this one, have CDC's and HHS' lawyers argued that our claims against the FTMM and/or ITTR are moot.

1         Realizing that the D.C. Circuit's recent **Per Curiam** judgment to deny all

2 six Petitions, including *Marcus, et al v. TSA*, No. 21-1225 (D.C. Cir), issued on

3 Thursday, February 9, 2023 **[EX. 06]** will not escape the notice of this honorable

4 Court, or that of Defendants in the instant case, Plaintiffs point out that "it is not

5 'absolutely clear'" for the D.C. Circuit "that the TSA will not reinstitute its

6 masking directives." *Id. at 2*. In fact, the Court believes that "the TSA could

7 reinstate the masking directives with relative procedural ease." *Id. at 2*. Thus, for

8 the purposes of the voluntary cessation exception to mootness, "these cases **are**

9 **not moot"** *(emphasis mine)* for the D.C. Circuit "[b]ecause there is a more-than-

10 speculative chance that the challenged conduct will recur." *Id. at 3*.

11         Nevertheless, that Court, strongly desiring to find some hook upon which

12 to hang a moot determination, speculates in the end that, "[T]he administrative

13 record underlying the TSA's expired orders **is moot** *(emphasis mine)*. That is

14 because, even if the TSA reissues its masking directives, it will necessarily

15 create a new administrative record underlying those orders. So it is certain that

16 the administrative records before us now will not have any continuing legal

17 consequence." *Id. at 3*.

18         But "ay, there's the rub" [quoting Shakespeare's *Hamlet*]! Even if that so-

19 called certainty were true — though Plaintiffs don't believe it for a moment —

20 Federal Defendants', and in particular the CDC and the HHS, do not have to

21 create a new administrative record underlying the masking order, precisely

22 because the existing administrative record never expired, voluntarily or

23 otherwise. Irrefutably, that order was vacated — struck down as it were — via

24 litigation. Accordingly, it is equally certain, if not more so, that the CDC's

25 administrative record before us now should ABSOLUTELY HAVE continuing

26 legal consequence, especially in light of their own determination to reinstate

27 those orders and cause the challenged conduct to recur.

28         What seems so obvious to the average citizen is that Federal agencies —

i.e., the CDC, the HHS, the DOT, the DOJ, the TSA, the NIH and maybe some others — are working together towards these goals of mandating masks and travel entry restrictions/requirements. We should believe them when they file a brief and tell us in no uncertain terms that this issue is not moot, and that when given the go-ahead, they will reinstate the mandates, and enforce those mandates exactly as they have done in the past, deliberately discriminating against those who cannot safely don a face covering. We cannot imagine a scenario that would be less moot than this case.

Thus, there is clearly a reasonable expectation that Federal Defendants will impose future health directives giving rise to the legal challenges that we raise here, including disputes regarding the government's failure to conduct notice-and-comment procedures and its reliance on the CDC's factual findings in that agency's February 3, 2021 mask order.

Moreover, "[T]he defendants bear the "heavy" burden of demonstrating that "'there is no reasonable expectation that the wrong will be repeated.'" *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). *Brach v. Newsom*, 6 F.4th 904, 918 (9th Cir. 2021); see also *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. at 189, 120 S.Ct. 693 ("The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." (simplified)). California has failed to carry that heavy burden here. *Brach v. Newsom*, 6 F.4th 904, 918 (9th Cir. 2021).

"[T]he Supreme Court explained in rejecting California's most recent— and comparable—mootness argument, a challenge to state restrictions is not moot when "officials with a track record of 'moving the goalposts' retain authority to reinstate those heightened restrictions at any time." *Tandon v. Newsom*, —— U.S. ——, 141 S. Ct. 1294, 1297, 209 L.Ed.2d 355 (2021) (quoting *South Bay United Pentecostal Church v. Newsom*, —— U.S. ——, 141

S. Ct. 716, 720, 209 L.Ed.2d 22 (2021) (Gorsuch, J., statement)). So too, here, nearly the entire edifice of California's oft-changing COVID-related restrictions is the product of Defendants' own unilateral decrees, which have rested on a comparable retention of unbridled emergency authority to promulgate whatever detailed restrictions Defendants think will best serve the public health and the public interest at any given moment." *Brach v. Newsom*, 6 F.4th 904, 919 (9th Cir. 2021).

"One thing that has stayed the same is that federal courts may not rule on moot or hypothetical questions." *Brach v. Newsom*, 38 F.4th 6, 9 (9th Cir. 2022). Conversely, it would appear that the 9th Circuit Court of Appeals is saying that a Federal Court may rule on "more-than-speculative" questions like ours, especially since our claims are not moot and in particular because continued enforcement of the FTMM and/or ITTR are real possibilities based on the government's own statements.

On December 5, 2022, 74 days ago, CDC Director Dr. Rochelle Walensky reiterated to the American public that everyone should be wearing masks this winter, especially when traveling. "CDC continues to recommend masking for anyone traveling by plane, train, bus, or other forms of public transportation," Walensky said.[2]

This recommendation would be a legal mandate if not for the current *vacatur* order in *Health Freedom Defense Fund v. Biden*. The district court absolutely can redress the injuries that reimplementation of the FTMM and/or ITTR would cause us.

Concerning the constitutional guarantee of freedom to travel (Causes of Actions #'s 15 & 38), this argument is not moot. Any new Mask Mandate imposed by the CDC and HHS would again prohibit anyone who can't or won't

---

[2]   https://tinyurl.com/CNBCmasks120522

obstruct their breathing from using any mode of transportation other than private automobile from traveling interstate and internationally.

Finally, it is more than speculation that any new CDC Mask Order would require enforcement by state officials in violation of the Tenth Amendment's anti-commandeering doctrine and the prohibition on a Federal agency exercising powers regulating intrastate activities (public health and transportation) not specifically enumerated in the Constitution (Cause of Action #6).

Neither the CDC nor the HHS has made a pledge to this Court that any future Mask Mandate would apply only to interstate travel. Each and every one of CDC's Mask Mandate extension directives applied to wholly intrastate travel, even taking a bus or taxi a mile or two within the same city. All versions likewise applied to transportation hubs, buildings, and other physical structures that are incapable of crossing state borders.

This honorable Court thus has jurisdiction to review the CDC order because CDC lacks any officials itself to enforce masking in the transport sector. Since the government is attempting to reinstate the CDC Mask Mandate via the appeal in *Health Freedom Defense Fund*, it's obvious this issue is not moot.

It is not disputed that CDC's Mask Mandate required all passengers and transportation workers to wear face masks, the vast majority of which are unapproved by the Food & Drug Administration or authorized by FDA only for emergency use. Any future Mask Mandate issued by CDC is thus almost certain to again violate the *Food, Drug, & Cosmetic Act's* requirement that use of FDA Emergency Use Authorization medical devices is optional and may be refused by any person. 21 USC § 360bbb-3(e)(1)(A)(ii)(III). Thus, it is wholly reasonable, and nearly certain, that this alleged violation would recur.

**B.   CAUSES OF ACTION #'s 18-19 against Defendant Julie Carrigan in her official as well as individual capacities, with regard to the mootness doctrines.**

With reference to Defendant Carrigan and the mootness doctrine, she is also not off the hook. Her actions directed against Plaintiff Uri Marcus, though alleged to be predicated upon TSA's expired administrative order, and the non-expired administrative, but vacated order of the CDC, did not see voluntary cessation on the part of Ms. Carrrigan. But unquestionably, they do qualify for the exception to mootness under "capable of repetition, yet evading review," as it remains to this day.

If the government has its way, Defendant Carrigan's actions would forever evade review because, "The government will not discuss, in this public filing, the security considerations that gave rise to TSA's withdrawal of petitioner's PreCheck status" (TSA's Response to Petitioner's Motion to Compel Respondent to Restore his TSA Pre-Check Eligibility). **EX. 07 at 2-3**.

Only Discovery in this instant case, can expose Defendant Carrigan's secret reasons for evading review, in the absence of which, are most assuredly capable of repetition. Moreover, her actions are inherently hostile to the First Amendment, which never expires.

Lest Defendant Carrigan argue that the D.C. Court's recent ruling (**EX. 06**) necessarily upends my claims against her by rendering them moot on the basis of an expired administrative record, this honorable Court should consider the following:

Defendant Carrigan's revocation of my Pre-Check membership under the circumstances presented in our Complaint, represent (1) a violation of my First Amendment right (that never expires) to protest an

illegal mandate, and; (2) blatant retaliation against me for filing a Petition of Review against the TSA in the 5th Circuit's Court of Appeals, to stop that mandate.

Redressing a grievance against a government agent — in her individual as well as in her official capacity — for challenging enforcement of the FTMM by filing a Petition for Review in the Court of Appeals, or a lawsuit in Federal court, is inherently protected by the First Amendment, regardless of whether the administrative record that gave rise to that form of protest had expired or not. First Amendment violations are at all times actionable.

Causes of Action #'s 18-19 therefore should NOT be considered moot, precisely because there exists an expectation that Defendant Carrigan will carry out the same violation(s) against me if the mandate is reinstated, regardless of which administrative record will be in place at that time.

**C.    CAUSES OF ACTION #'s 20-39 against Airline and Medical Defendants, with regard to the mootness doctrines.**

Turning now to our claims against Airline Defendants, if this honorable Court deems mootness applicable, then both mootness doctrines of voluntary cessation and "capable of repetition, yet evading review" should be tested because the intervening event of the Hon. Judge Mizelle vacating the FTMM has not eliminated the threat of a recurring or future injury to the Plaintiffs' legal rights or interests.

First of all, SCOTUS has held that redress for even nominal damages should be enough to kill mootness. A plea to provide relief for damages, however small, should alone prevent a case from being deemed moot.

"And if in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot. This case asks whether an award of nominal damages by itself can redress a past injury. We hold that it can." "[A] request for nominal damages can save a case from mootness." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797-797 (2021). "In the Court's view, nominal damages can save a case from mootness because any amount of money — no matter how trivial — "can redress a past injury." *Ante*, at 796." *Id. at 803*.

Plaintiffs have not yet been granted an order to begin Discovery, necessary in order to prove an amount of compensatory damages.

Airline and Medical Defendants did not engage in **voluntarily cessation** of enforcing the masking order on and after the 18th of April, 2022. Rather, they **involuntarily ceased** enforcement of challenged directive after a United States District Court vacated the CDC's Mask Mandate.

Moreover, Airline and Medical Defendants will reacquire the power to enforce this directive, and Medical Defendants will rush in at the behest of Airline Defendants, to once again begin evaluating exemptions of the disabled Americans who cannot safely don masks, and rejecting them, denying them their constitutional rights, while creating new claims for medical malpractice arising out of such services. All this awaits the disabled, if the 11th Circuit reverses the Hon. Judge Mizelle's decision. In the meantime, the doctrine of "capable of repetition, yet evading review" should apply, creating an exception to any mootness claim.

If Airline and Medical Defendants had voluntarily terminated their unlawful conduct of enforcing the CDC's masking order, after our lawsuit had been filed on April 8, 2022, and had they then relinquished any future threats to resume enforcement in the same discriminatory manner as they

had been doing, informing the flying public instead that all passengers who could not safely don a mask, were free to board and fly by simply stating, "I have a medical disability that prevents me from masking. I am exempt," then a Federal Court could deem our case moot, under the doctrine of voluntary cessation. But this has never happened, and is NOT reasonably expected to occur, if the 11th Circuit reverses the Hon. Judge Mizelle's decision.

Had the masking order in its duration of fourteen months been too short to be fully litigated prior to its cessation on April 18, 2022 — but it was not — AND had there been a reasonable expectation that Plaintiffs would NOT be subject to the same masking order again — but there remains a reasonable expectation that we will be subject to the same masking order — then this honorable Court could deem our claims as moot under the doctrine of "capable of repetition, yet evading review."

The fact is, however, that these conditions are "forsworn" to recur if the 11th Circuit reverses the Hon. Judge Mizelle's decision. Therefore, the exception is triggered and our 20 Causes of Action against Airline and Medical Defendants should not be considered moot.

## II.   ARE THERE POTENTIAL EXCEPTIONS TO THE MOOTNESS DOCTRINE?

### A.   If any of our arguments are determined to be moot, the doctrine of voluntary cessation applies as an exception to the mootness doctrine.

To answer this question, this Court is asked to take notice that the CDC Masking Order was suspended because of litigation. It was not a

voluntary determination by anyone at the CDC that led to the challenged directive being vacated. It was an order of a U.S. District Court vacating CDC's Mask Mandate.

If Federal Defendants had voluntarily terminated their allegedly unlawful conduct after this lawsuit has been filed — they actually did this in the case of the ITTR on June 12, 2022, but did not do so in the case of the FTMM; the Court vacated the order for them — but WILL retain the power to resume the practice at any time — assuming that 11th Circuit reverses the Hon. Judge Mizelle's decision — a Federal Court may deem our case non-moot under the doctrine of voluntary cessation. See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

"The 'heavy burden' of persuading the court that a case has been mooted by the defendant's voluntary actions lies with the party asserting mootness, and the standard for such a determination is a 'stringent' one: 'if subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior [can] not reasonably be expected to recur.'" *Id.*, citing *United States v. Concentrated Phosphate Export Assn., Inc.*, 393 U.S. 199, 203 (1968).

This exception is supported by SCOTUS because in addition to ensuring that the defendant is not "free to return to his old ways," there is "a public interest in having the legality of the practices settled." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953) (citation omitted).

This is where our legal system has a chance to shine like a bright beacon of light, exposing government overreach as they constantly 'move the goalposts' and retain authority for themselves to reinstate and rescind heightened restrictions at any time they see fit. Their oft-changing COVID-related restrictions are the product of Federal Defendants' own

unilateral decrees, which have rested on a comparable retention of unbridled emergency authority to promulgate whatever detailed restrictions they think will best serve the public health and the public interest at any given moment. It is upon the rest of us to obey, and never question the wisdom of their decisions.

But this can change if the heavy burden of persuading this honorable Court will shift to Federal Defendants. Let them prove that their alleged wrongful behavior CANNOT reasonably be expected to recur.

So far, the Federal Defendants have done quite the opposite. They have made it clear that their masking order and testing requirements WILL NEVER VOLUNTARILY CEASE, unless the courts intervene.

Notwithstanding, Plaintiffs remain hopeful that this honorable Court will determine there exists no mootness in the first place because the FTMM is still in effect, and as of January 5, 2023, so is the ITTR.

**B.    If any of our arguments are determined to be moot, the doctrine of "capable of repetition, yet evading review" applies as an exception to the mootness doctrine.**

This honorable Court is asking the Plaintiffs if the doctrine of "capable of repetition, yet evading review" applies as an exception, if mootness is found amongst any of our Causes of Action. The answer is yes. Our reasoning follows:

The "capable of repetition, yet evading review" exception to mootness doctrine applies where the following two circumstances are simultaneously present: 1) A challenged action is too short in duration to be fully litigated prior to cessation or expiration, and 2) There is reasonable expectation that the same complaining party will be subject to the same action again. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Both factors are present here.

On June 12, 2022, the ITTR was rescinded via 87 FR 36129. **EX. 08 at 1**. And yet, several months later, on December 30, 2022, the CDC reinstated those same or similar restrictions for Hong Kong, China, and Macau. **EX. 04 at 1**. The CDC adds even further restrictions by stating, "This requirement also applies if you have been in China, Hong Kong, or Macau in the past 10 days and you are traveling to the United States from one of the following airports: Incheon International Airport (ICN) in Seoul, Republic of Korea; Toronto Pearson International Airport (YYZ) in Canada; and Vancouver International Airport (YVR) in Canada (referred to as Designated Airports)." **EX. 09 at 1**.

The CDC's explanation? "COVID-19 cases have increased rapidly resulting in the highest number of cases per day in China since the start of the pandemic. Hospitalizations are increasing. There are reports that the healthcare system is overwhelmed and access to health care and medicine is limited. As cases increase, chances of new variants of concern emerging increase as well." **EX. 10 at 1**.

So the CDC wants to closely monitor COVID cases in China, and apply their findings first to the citizens of the United States of America and then to any country that has significant increases in COVID to similar levels as in China, by making them subject to similar restrictions.

Herein lies the clear exception to the Mootness Doctrine, where the CDC is "capable of repetition, yet evading review." Usually, that exception is applied even though there's no evidence of repetition, but merely an understanding that it COULD be repeated.

Not so in our case, where our evidence is particularly strong. Here we have concrete evidence of "capable of repetition, yet evading review" because with regards to Hong Kong, China, Macau, Seoul, Toronto and Vancouver, the repetition actually occurred within less than half a year.

The CDC's FTMM and ITTR were enforced for fourteen-and-a-half

months and sixteen-and-a-half months respectively, and any complaint could not have been adjudicated in that time. But repetition within less than half a year? That period of time is too short a time for Plaintiffs to mount a fresh legal challenge. Here we are 10 months after filing our Complaint, oral-arguments have been cancelled, and we haven't even seen a single day to proceed to Discovery, let alone have a judgment rendered.

The handwriting is upon the wall. If the Court finds any of our THIRTY-NINE Causes of Action moot, and we assert the "capable of repetition, yet evading review" exception, but the Court then rejects our claim of exception, then the ITTR and the Masking Order will become permanent features for all domestic and international travelers, forever.

There's no doubt that there's a reasonable expectation that we will be subject to the same action again against the CDC continuing to assert it has the power to impose masks and tests at any time, if the 11th Circuit green-lights them. And it's clear by now that COVID-19, the reason for mandating face coverings is never going away. Vaccinations haven't stopped the spread, nor have masks. Another vaccine has just been released to the public and high-level government officials have said we should expect to receive a coronavirus shot every year just like the flu. The pandemic will continue indefinitely.

The government has never conceded any scientific or legal impropriety with the Federal Transportation Mask Mandate, and especially given the frequency those new variants and sub-variants of coronavirus appear, we have reasonable fear that the mandate's return is forthcoming, which would again prohibit or severely restrict us from traveling.

Notably any mootness was entirely out of control of the parties requesting *vacatur*. The CDC's conduct is likely to repeat and is therefore "capable of evading review" with short durations of a couple weeks or a few months.

Even if the Court deems our Fifth Amendment challenge (Cause of Action

#7) moot, the "capable of repetition, yet evading review" exception applies because "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *FEC v. Wisconsin Right to Life*, 551 U.S. 449, 462 (2007). This situation presents precisely the sort of case that was destined to be too short to be fully litigated. See *Kingdomware Tech. v. United States*, 136 S. Ct. 1969, 1976 (2016) (two years is too short); *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 774 (1978) (18 months is too short); *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911) (two years is too short).

## III.   RELEVANT AUTHORITIES

### A.   *Andreadakis v. Ctr. for Disease Control & Prevention, CIVIL 3:22cv52 (DJN), 3 (E.D. Va. Apr. 22, 2022).*

In *Andreadakis*, the court relied on its reasoning as follows: "Likewise, effective June 12, 2022, the CDC rescinded the Testing Order." "In rescinding the Testing Order, the CDC cited the 'widespread uptake of effective COVID-19 vaccines and accompanying vaccine and infection-induced immunity, as well as the availability of effective therapeutics.'" "The CDC determined that these tools available to travelers could replace the testing requirement." "Indeed, the CDC noted that the public did not have these tools available to it in January 2021 when it concluded that the Testing Order constituted a reasonable and necessary measure to help mitigate the spread of COVID-19." **EX. 11 at 28.**

The district court in that case and at that time was not aware of the

CDC's true intentions or plans. The court argued that the CDC was at that point content with alternative measures and would no longer need the Testing Order, to control the spread of COVID. However, in December of that same year, they reinstated restrictions and a Testing Order for specific countries and/or airports.

There is a reasonable assumption that if countries like Israel, France, or Italy had similar spikes in COVID as did Hong Kong in December, the CDC would treat them in the same way. While the Judge was unaware of this at the time, the truth has come out since then.

The same goes for the mask mandates. The Judge was convinced those mandates were over and done with. Regarding the Governor of his own State (Virginia), "…the court found it 'entirely speculative to assert that Governor Northam' would reinstate the restrictions" *(Id. at 31)*, since COVID is over now. **This was clearly not the case.** As we know now, the CDC in its Florida appeal said they would reinstate. The purpose of the appeal was and is to reinstate the mask mandates.

The TSA in many ways are the same people, as the lawyers are the same and the orders that the TSA mandate are verbatim from the CDC. In their Supplemental Brief they were perfectly clear. They said things like, "[T]hey [i.e., any future mask-related directives issued by TSA] **are not moot**" *(emphasis mine)* **(EX. 05 at 4)** and we "will invoke the same authorities that petitioners claim are insufficient, including the authority to proceed without notice and comment." *Id. at 3*. In other words, they plan to reinstate the mask mandates.

Additionally, the Hon. Judge Novak is simply wrong when he opined "Without continued enforcement of the complained-of Orders, neither of these harms can materialize. Thus, Plaintiff Andreadakis can no longer claim an injury-in-fact. Likewise, his claim to standing lacks

redressability, as the Court cannot redress Plaintiff's claimed injury. Neither Order remains subject to enforcement, so the Court enjoining their enforcement and setting them aside would provide no additional relief to Plaintiff. As such, his claims against the Federal Defendants are moot." **EX. 11 at 29**.

The challenges to many state pandemic restrictions expired and courts found there was no indication they were likely to be reinstituted. The scenario here, however, is much different. The FTMM did not expire; it was struck down [i.e., vacated] by a Federal Judge. The ITTR did not expire; it was revoked by CDC with a stern message that it could be re-imposed at any time the agency thinks it's necessary. And in fact, it already has been re-imposed, earlier noted. **EXs. 04 at 1**; **EX. 08 at 1** and **EX. 09 at 1**. The cases that the Hon. Judge Novak cites simply have no relevance to the counts Plaintiff Andreadakis raised against the FTMM and ITTR.

The Biden Administration's position on these issues has not changed. The government has never conceded any scientific or legal impropriety with the Mask Mandate, and especially given the frequency that new variants and sub variants of coronavirus appear, Plaintiff Andreadakis has a reasonable fear that the mandate's return is forthcoming if the government wins at the 11th Circuit, which would again prohibit or severely restrict him from traveling. CDC's language that it will re-impose the Testing Requirement at any time also has Plaintiff Andreadakis nervous because of his frequent international travel (he is a dual citizen of the United States and of Greece).

While *Andreadakis* is not settled law, nor is it binding precedent for this Court, it is somewhat interesting, because of the similarity of the claims and the facts. The Judge may have made the decision based on the

facts before him at that time. That case is currently at the Circuit Court level under appeal.

We don't have to wait for the decision on that appeal to know that the assumptions of that Judge making it moot were either in error, or possibly he just could not accept that the CDC's conduct is likely to "repeat and be capable of evading review" with short durations of a couple weeks or a few months. Either way, today, right here in California, in our case, in 2023, there exists no rational argument to suggest any mootness. It can only be moot because there's no serious likelihood of it reoccurring, and yet these very same Federal Defendants are yelling from the rooftops, "WE PLAN TO REINSTATE MASKS." Thus, our claims should and must defeat mootness and are not speculative or hypothetical. They are based on the government's own statements. Plaintiffs in the instant case think we should believe them.

**B.  *Brach v. Newsom, (9th Cir. 2022) 38 F.4th 6, 9.***

*Brach v. Newsom* is a very different case. But it also has meaningful similarities. As the Court is aware, this is a case regarding schools being shut, which halted in-school learning. There was major political backlash across the country — not just in California. The Governor eventually rescinded those restrictions, but not before a group of families of school-aged children sued the Governor and others to stop those restrictions and declare that they were unconstitutional.

The court decision explains this clearly. It writes, "Fortunately, the situation in California has changed dramatically with the introduction of vaccines and other measures. The State of California has rescinded its orders, students have been back in the classroom for a year, and the

parties agree there is 'currently no longer any state-imposed barrier to reopening for in-person instruction.'" *Brach v. Newsom* (9th Cir. 2022) 38 F.4th 6, 9.

The District Court was correct and the Circuit Court concurred, saying that the case was moot. There needs to be a reasonable indication that there may be repetition. But on the contrary, there was a very small chance that these events would reoccur, at least in California.

The Circuit Court's decision said, "We nonetheless conclude that this exception to mootness does not apply because there is no "reasonable expectation" that California will once again close the parents' schools … The challenged orders have long since been rescinded, the State is committed to keeping schools open, and the trajectory of the pandemic has been altered by … expanded treatment options." *Id.*

That is a classic case of mootness for which there exists slim to no reasons to support an exception doctrine. Ah, but not so in our case before Your Honor. As we have endeavored to show, the complete opposite is true. Again, the Federal Defendants are yelling from the rooftops, "WE PLAN TO REINSTATE THE MANDATE." Who are we to stop them?

## CONCLUSION

Plaintiffs join the TSA, a non-party in this case, in urging that "this Court should find that **petitioners' arguments** — that TSA lacks authority to issue security directives designed to mitigate the threat that COVID-19 or other deadly communicable diseases poses to transportation security, or that such directives cannot be issued without notice and comment — **are not moot**." **EX. 05 at 24**. We object however, to TSA's other contention that "[Plaintiffs'] remaining challenges should be dismissed as moot." *Id.*

1       None of our THIRTY-NINE Causes of Action are moot. But if any of

2  them are deemed to be, then clearly at the present time the exception doctrines

3  of voluntary cessation and/or "capable of repetition, yet evading review" are

4  triggered, defeating that mootness.

5       The Court should consider issuing an order scheduling Discovery so we

6  can prepare for Trial, placing on our horizons the hope of a long-awaited

7  judgment, before the CDC will once again decide to break the law and violate

8  the Constitution by re-imposing a Federal Transportation Mask Mandate and an

9  International Traveler Testing Requirement.

10      We have been damaged. We have been harmed. This should awaken a

11  need for justice; intervening events have not eliminated any or all threats of

12  recurring or future injury to the Plaintiffs' legal rights or interests.

13  / /

14  / /

15  / /

16  / /

17  / /

18  / /

19  / /

20  / /

21  / /

22  / /

23  / /

24  / /

25  / /

26  / /

27  / /

28  / /

1    Respectfully submitted this 14th day of February 2023.

2

3    By: /s/ *Uri Marcus*

4            Uri Marcus, lead plaintiff, *Pro-Se*
             P.O. Box 126
5            Ojai, CA 93024
             Telephone: 909-833-0065
6            E-Mail: uri@ntcf.org

7

8    By: /s/ *Yvonne Marcus*

9            Yvonne Marcus, plaintiff, *Pro-Se*
             P.O. Box 126
10           Ojai, CA 93024
             Telephone: 909-833-0065
11           E-Mail: adi@ntcf.org

12

13   By: /s/ *Avrohom Gordon*

14           Avrohom Gordon, plaintiff, *Pro-Se*
             2251 State Route 222
15           New Richmond, OH  45157
             Telephone: 513-734-1770
16           gordon.avrohom@gmail.com

17

18   By: /s/ *Devorah Gordon*

19           Devorah Gordon, plaintiff, *Pro-Se*
             2251 State Route 222
20           New Richmond, OH  45157
             Telephone: 513-734-1770
21           devorahlgordon@gmail.com

22

23   By: /s/ *Cindy Russo*

24           Cindy Russo, plaintiff, *Pro-Se*
             22485 Breakwater Way
25           Santa Clarita, CA  91350
             Telephone: 908-797-8066
26           cjrz123@gmail.com

27

28

1          Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests

2    that all other signatories listed above, and on whose behalf the filing is

3    submitted, concur in the filing's content and have authorized this filing.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28