Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Non-Government Defendants

AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SB-AS<br><br>**AIRLINE DEFENDANTS' RESPONSE TO COURT ORDER FOR SUPPLEMENTAL INFORMATION REGARDING MOOTNESS [DKT. 170]**<br><br>Dist. Judge: Hon. Sunshine S. Sykes |

/ /

/ /

/ /

/ /

/ /

# INTRODUCTION

Defendants Alaska Airlines, Inc., Allegiant Air, LLC, American Airlines, Inc., Delta Air Lines, Inc., Frontier Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co. and United Airlines, Inc. (the "Airline Defendants"), respectfully submit this Response to the "Court Order for Supplemental Briefing Regarding Mootness," ECF No. 170 (Feb. 3, 2023). The Court stated that in "light of the fact that neither the FTMM nor ITTR are currently in effect, the Court ORDERS the Parties to submit supplemental briefing regarding whether any claims are now moot, any potential exceptions to the mootness doctrine, and any relevant authority." *Id.* at 2.

The Airline Defendants assert that the Plaintiffs' claims are moot as a consequence of *Health Freedom Def. Fund, Inc. v. Biden*, case No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138 (on appeal to the 11th Cir.), and the resulting withdrawal by the Transportation Security Administration ("TSA") of the security directives which until April 18, 2022 mandated that the Airline Defendants impose the Federal Transportation Mask Mandate ("FTMM") on passengers traveling on their aircraft. Moreover, neither of the court-recognized exceptions to mootness applies to the Plaintiffs' claims against the Airline Defendants.

First, the "Voluntary Cessation" exception does not apply because the Airline Defendants did not voluntarily stop activity as a result of litigation filed against them by the Plaintiffs or any of their Americans Against Mask Mandates coalition members.

Second, the "Capable of Repetition but Evading Review" exception is inapplicable because the Airline Defendants have lobbied against continued application of the FTMM; therefore, on that basis alone, it is impermissibly speculative to assume that the Airline Defendants are looking to unilaterally impose a new masking requirement.

Hence, Plaintiffs' claims against the Airline Defendants are moot.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

# ARGUMENT

## I. PLAINTIFFS' CLAIMS AGAINST THE AIRLINE DEFENDANTS ARE MOOT AND NOT SUBJECT TO ANY EXCEPTION.

Plaintiffs' claims against the Airline Defendants –for declaratory and injunctive relief, and damages– are moot given that the Plaintiffs are no longer required to wear a mask on airplanes and lack standing to pursue penalties against the airlines on behalf of U.S. Department of Transportation ("DOT").

In their supplemental submission filed on February 14, 2023, Plaintiffs assert that their claims in this case are not moot because of the judgment of the D.C. Circuit in *Wall et al. v. TSA,* Nos. 21-1225 et al., Doc. #198522 (D.C. Cir. Feb. 9, 2023) (available on Pacer). ECF No. 173, at 4-5. However, although the D.C. Circuit observed that the TSA was "actively seeking to overturn the" decision of Judge Mizelle, it went on to state that the challenges filed by Mr. Marcus and others in that case against the TSA mask directives was moot because the claims were based on agency actions that were no longer relevant. *See id.* at 3 ("Wall's challenge to the administrative record underlying the TSA's expired orders is moot. That is because, even if the TSA reissues its masking directives, it will necessarily create a new administrative record underlying those orders. So it is certain that the administrative records before us now will not have any continuing legal consequence.")

Nor can Plaintiffs preclude a finding of mootness based on their request for damages. ECF No. 173, at 10. This is because, as set forth in the Airline Defendants' brief and reply brief in support of their pending motion to dismiss, the Plaintiffs have failed to allege any claim for relief (seeking damages or otherwise) against the Airline Defendants. *See* ECF No. 86, at 6-25, and ECF No. 135, at 1-10.

/ /

/ /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1  In addition, neither of the two court-recognized exceptions to mootness
2  applies here.

### A. The Voluntary Cessation Exception to Mootness Does Not Apply.

The Supreme Court has held that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013). However, this "Voluntary Cessation" exception to mootness –which "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior," *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n. 1 (2001)– does not apply here.

Significantly, the Airline Defendants did not voluntarily cease any activity as a result of the litigation filed by the Plaintiffs, or any other litigant. Rather, the Airline Defendants merely continued to abide by the relevant TSA security directives which prior to April 18, 2022 required them to impose the FTMM, and after April 18, no longer required the Airline Defendants to impose the FTMM. The fact that the TSA was influenced by the ruling of the court in *Health Freedom* demonstrates even further the lack of a connection between Plaintiffs' claims and the Airline Defendants' termination of their implementation of the FTMM.

Moreover, the decisions of airlines to follow regulatory directives and decisions do not constitute "voluntary cessation" of activity challenged by the Plaintiffs. To the contrary, it is merely regulatory compliance. *Cf. Pub. Utils. Comm'n of the State of Cal. v. FERC*, 100 F.3d 1451, 1460 (9th Cir.1996) (refusing to apply voluntary cessation doctrine because cessation was "motivated by economic/business considerations, not th[e] litigation.").

In fact, in circumstances where a challenged governmental regulation or legislation has expired, the inapplicability of the voluntary cessation exception has been established in several significant situations where mootness has been found. *See, e.g., Trump v. Hawaii*, \_\_ U.S. \_\_, 138 S. Ct. 377, 377 (2017) (Mem.)

(recognizing that, because the contested orders suspending entry of aliens and refugees had "expired by their own terms[,] the appeal no longer present[ed] a live case or controversy" (alteration and internal quotation marks omitted)); *Kremens v. Bartley*, 431 U.S. 119, 132 (1977) (ruling that repeal of statute allowing involuntary commitment of juveniles mooted litigation that challenged statute); *Burke v. Barnes*, 479 U.S. 361, 363 (1987) (concluding that expiration of challenged proposed legislation mooted litigation).

In *Kleanthis Andreadakis v. CDC, et al.,* Case No. 3:22-cv-52 (DJN), 2022 WL 2674194, ECF No. 99 (E.D. Va. July 11, 2022) (appeal to the Fourth Circuit pending), where the court granted the airline defendants' motion to dismiss the complaint challenging their implementation of the FTMM and masking policies, the court ruled that the Voluntary Cessation exception did not apply to the plaintiff's claims against the federal government regarding the expired mask mandate and COVID-19 testing requirements. The court stated:

> Here, the Court finds that the voluntary cessation exception does not apply. First, the Court questions whether the exception could even apply to the Mask Order, as Defendants did not voluntarily rescind the order. Rather, a federal district court vacated the order and then the government allowed it to expire. However, even if the exception could apply in this situation, the Court does not find it reasonable to expect that enforcement will recur. The return of enforcement of the Mask Order would require the Eleventh Circuit to vacate the district court's opinion in *Health Freedom Defense Fund*. Then, the TSA would need to renew the enforcement order, which expired on May 3, 2022. Especially in light of the changed circumstances that the CDC cited when lifting the Testing Order, the Court finds this too speculative to invoke the voluntary cessation doctrine. [2022 WL 2674194 *15].

The court in *Kleanthis Andreadakis* also stated that "the cessation of enforcement can in no way be attributed to any effort by the government to moot this litigation." *Id*. The court added:

> The lack of an evasive litigation tactic resembles the defendant's actions in *American Federation of Government Employees v. Office of Special Counsel*, 1 F. 4th 180 (4th Cir. 2021), where the plaintiffs challenged an advisory opinion of the Office of Special Counsel ("OSC") that related to the 2020 election. After the district court ruled, but before the Fourth Circuit ruled, the OSC withdrew its opinion, because the 2020 election was over. *Id.* at [184]. The Fourth Circuit rejected the application of the "voluntary cessation" doctrine, because "there [was] no whiff of any of the opportunism, on the part of the defendant, that typically supports invocations of mootness exceptions where voluntary cessation of the challenged conduct is at issue." *Id.* at 188. The OSC had not withdrawn its opinion "with the aim of avoiding judgment in court" and, therefore, the court dismissed the appeal as moot. Id. at 188. Likewise, here, Defendants did not rescind or stop enforcing the Orders with the aim of avoiding judgment in this Court, and the Court sees no traces of opportunism in their decisions. [2022 WL 2674194, at 15]

Similarly here, there is "no whiff of any of the opportunism, on the part of" the Airline Defendants, such that they ceased activity because of the claims made against them, in order to derail the litigation. *It bears repeating that the case is moot not because of anything done by the Airline Defendants*. Rather, that Airline Defendants were subject to TSA security directives on April 18, 2022, that later that day were withdrawn by TSA – not the Airline Defendants. In short, there is nothing that the Airline Defendants did in response to the filing or litigation of this case that falls within the category of "voluntary cessation." Thus, that exception to mootness does not apply here.

### B. The Capable of Repetition but Evading Review Exception to Mootness Does Not Apply.

In addition, the "Capable of Repetition but Evading Review" exception to mootness does not apply because there is no basis other than rank speculation to assume that the Airline Defendants would voluntarily re-impose masking requirements. The exception applies "only in exceptional situations," where (1) "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna,* 523 U.S. 1, 17 (1998) (cleaned up); *see also Thompson v. DeWine,* 7 F.4th 521, 525 (6th Cir. 2021) (citing *FEC v. Wisconsin Right to Life,* 551 U.S. 449, 462 (2007)).

Neither element has been met here. First, the challenged action –Airline Defendants' implementation of masking requirements– was not of such short duration that a litigation challenge could not be completed. Second, there is no basis for finding a "reasonable expectation" that Plaintiffs will be subject to mandatory masking requirements by the Airline Defendants. There is zero support for an assumption that the Airline Defendants intend to unilaterally mandate mask-wearing if the *Health Freedom* decision is reversed.

Moreover, the nature of the COVID-19 pandemic and the changes that have occurred thanks to a robust vaccination program support a finding that the possibility of the reemergence of masking requirements is at best speculative. *See Thompson v. DeWine, supra,* 7 F.4th at 526 (capable of repetition but evading review exception did not apply to claims "inextricably tied to the COVID-19 pandemic," a "once-in-a-lifetime global pandemic"); *Memphis A. Philip Randolph Institute v. Hargett,* 2 F.4th 548, 560-61 (6th Cir. 2021) ("Fortunately, because of advancements in COVID-19 vaccinations and treatment since this case began, the COVID-19 pandemic is unlikely to pose a serious threat during the next election

1  cycle. . . . There is not a reasonable expectation that Sweet, other members of the
2  plaintiff organizations, or the public will face the same burdens as voters did in the
3  fall of 2020. The unique factual situation of this case makes it one of the rare
4  election cases where the challenged action is not capable of repetition"); *Brach v.*
5  *Newsom*, 38 F.4th 6, 12 (9th Cir. 2022) ("The dramatic changes from the early
6  days of the pandemic, including the lifting of all restrictions on in-person learning,
7  have fundamentally altered the character of this dispute. We join the numerous
8  other circuit courts across the country that have recently dismissed as moot similar
9  challenges to early pandemic restrictions."); *see also Brach v. Newsom*, 38 F.4th 6,
10 9 (9th Cir. 2022) ("Joining the reasoning of the many other circuits that have
11 recently considered challenges to early COVID-19 related restrictions, we
12 conclude that the mere possibility that California might again suspend in-person
13 instruction is too remote to save this case").

## II. IN THE ALTERNATIVE, THE CASE SHOULD BE STAYED PENDING THE OUTCOME OF THE ELEVENTH CIRCUIT APPEALS IN HEALTH FREEDOM AND WALL.

17 Although the Airline Defendants maintain that the case is moot and should
18 also be dismissed for lack of jurisdiction, if the Court does not otherwise dismiss
19 the claims against the Airline Defendants, they respectfully ask that the claims be
20 stayed pending the outcome of the Eleventh Circuit appeals in *Health Freedom*,
21 Case No. 22-11287, and *Wall v. CDC*, Case No. 22-11532 (Appeal docketed May
22 4, 2022). Especially if the Eleventh Circuit affirms *Health Freedom*, there would
23 remain in place the court order which vacated the FTMM throughout the country.
24 / /
25 / /
26 / /
27 / /
28 / /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' RESPONSE TO COURT ORDER
FOR SUPPLEMENTAL INFORMATION REGARDING
MOOTNESS [DKT. 170]
CASE NO.: 2:22-CV-02383-SB-AS
- 8 -

| | |
|---|---|
| Dated: February 16, 2023 | Respectfully submitted, |
| | By: /s/ Richard A. Lazenby |
| | Richard A. Lazenby |
| | Michael Cutler |
| | VICTOR RANE |
| | *Attorneys for All Non-Government Defendants* |
| | |
| | By: /s/ M. Roy Goldberg |
| | M. Roy Goldberg |
| | (Admitted Pro Hac Vice) |
| | STINSON LLP |
| | 1775 Pennsylvania Avenue, N.W., Suite 800 |
| | Washington, D.C. 20006 |
| | Telephone: (202) 728-3005 |
| | Email: roy.goldberg@stinson.com |
| | |
| | *Attorneys for Defendants* Alaska Airlines, Inc., American Airlines, Inc., Delta Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., and United Airlines, Inc. |
| | |
| | By: /s/ Brian T. Maye |
| | Brian T. Maye |
| | (Admitted Pro Hac Vice) |
| | ADLER MURPHY & MCQUILLEN LLP |
| | 20 S. Clark Street, Suite 2500 |
| | Chicago, IL 60603 |
| | Telephone: 312-422-5713 |
| | bmaye@amm-law.com |
| | |
| | *Attorneys for Defendants* Frontier Airlines, Inc.; and Allegiant Air, LLC |

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' RESPONSE TO COURT ORDER FOR SUPPLEMENTAL INFORMATION REGARDING MOOTNESS [DKT. 170]
CASE NO.: 2:22-CV-02383-SB-AS

- 9 -