BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch
MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch
JEREMY SCOTT BRUMBELOW
Senior Trial Attorney, Torts Branch
United States Department of Justice, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel. (202) 616-4330; Fax. (202) 616-4314
Email: jeremy.brumbelow@usdoj.gov

*Counsel for Defendant Julie Carrigan
in her individual capacity*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

URI MARCUS, *et al.*,

  Plaintiffs,

    v.

CENTERS FOR DISEASE CONTROL & PREVENTION, *et al.*,

  Defendants

Case No. 2:22-cv-02383-SSS-AS

**SUPPLEMENTAL BRIEF OF DEFENDANT JULIE CARRIGAN, IN HER INDIVIDUAL CAPACITY, REGARDING MOOTNESS**

The Honorable Sunshine Suzanne Sykes
United States District Judge

Courtroom 2 (2d Fl.), 3470 Twelfth Street, Riverside, CA 92501-3801

Pursuant to the Court's order of February 3, 2023, Defendant Julie Carrigan, in her individual capacity, respectfully submits this supplemental brief "regarding whether any claims" against her "are now moot," Dkt. 170 at 2. As the Court observed, "Plaintiffs bring this lawsuit, in part, to vacate and permanently enjoin enforcement" of certain orders of the Centers for Disease Control and Prevention ("CDC"). *Id.* at 1. Defendant Carrigan is not sued in connection with the CDC mask or testing orders. "She is not alleged to have had—and, in fact, did not have—any involvement in those orders' issuance or enforcement. Instead, Carrigan is sued for something else entirely": the revocation by the Transportation Security Administration ("TSA"), allegedly in violation of the First Amendment, of Plaintiff Uri Marcus's eligibility to participate in the TSA PreCheck® Application Program ("TSA PreCheck"). Dkt. 133-1 at 9 (upper-margin page number of Carrigan's prior memorandum). In connection with that separate matter concerning TSA PreCheck, Plaintiff Marcus asserts a single count against Defendant Carrigan in her individual capacity, *i.e.*, the Nineteenth Cause of Action, for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Dkt. 1 (Compl. ¶¶ 889-90).

### 1. Count 19

Narrow in scope, Count 19 should be dismissed for any or all of the reasons set forth in Carrigan's previous briefing. *See* Dkts. 133, 133-1, & 166 (seeking dismissal under Federal Rule of Civil Procedure 12(b) based on the lack of personal jurisdiction, venue, and subject-matter jurisdiction; the unavailability of a *Bivens* remedy; and qualified immunity). Count 19 only challenges one plaintiff's TSA PreCheck revocation and *not*, more broadly, the CDC's mask or testing orders that underlie other claims against other defendants. Consequently, Defendant Carrigan does not assert that those orders' recission or non-enforcement moots Count 19 or otherwise affects its justiciability.

Moreover, even if Count 19 somehow could be construed as challenging the mask or testing orders, the count seeks relief under *Bivens* and, thus, "by definition" asserts only "a claim for money damages," *Polanco v. U.S. Drug Enf't Adm'n*, 158 F.3d 647, 652 (2d Cir. 1998); *see* Compl. ¶ 890 (contending that Carrigan is liable under *Bivens* "for monetary damages in her individual capacity"); *see also Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("money damages is the remedy under *Bivens*"); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."). And a damages claim is generally "not moot, no matter how clear it is that the claim arises from events that have completely concluded without any prospect of recurrence." 13C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3533.3 at 6 (3d ed. 2008); *see also O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995) (damages claim "saves this case from a complete mootness bar"). For this reason as well, Defendant Carrigan does not seek dismissal of Count 19 on mootness grounds.

### 2. Counts 20 and 21

As Carrigan previously explained, Dkt. 166 at 2, 10-11 (upper margin), she is not a named individual-capacity defendant to Counts 20 and 21, *see* Compl. ¶¶ 891-912, despite the contrary and cursory suggestion of Plaintiff Marcus in his opposition to Carrigan's motion to dismiss. Dkt. 161 at 8. Nor has any plaintiff moved to amend the complaint in this regard. But in an abundance of caution, Carrigan also addresses the mootness question with respect to Counts 20 and 21.

Counts 20 and 21 assert claims under 42 U.S.C. §§ 1985(3) and 1986 on the theory that, in enforcing the CDC's mask or testing orders, other defendants either engaged in or failed to prevent a "conspiracy." Under *O'Neal* and the other authorities cited immediately above, it appears unlikely that the recission or non-

enforcement of the challenged CDC orders would moot any unpleaded retrospective claim for *damages* against Carrigan based on §§ 1985(3) or 1986.

To the extent that Counts 20 and 21 seek prospective or equitable relief—*i.e.*, an injunction or declaratory judgment—Plaintiffs do not seek an injunction against Carrigan, and their response to the Court's mootness order does not suggest otherwise. Dkt. 173. Even if they did, Carrigan cannot be sued in her individual capacity for injunctive or declaratory relief. *See*, *e.g.*, *Solida*, 820 F.3d at 1093 ("relief under *Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action"); *Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004) ("declaratory and injunctive relief" could not be sought as to individual § 1983 defendants "sued in their personal capacities," as such relief "is only available in an official capacity suit").

For these reasons, any § 1985(3) or § 1986 equitable-relief claim that may be lurking in the complaint as to Defendant Carrigan, in her individual capacity, fails whether or not it is moot. But with respect to the potential mootness of any unpleaded and otherwise impermissible equitable-relief claim against her personally, Carrigan concurs in the supplemental brief of the Federal Defendants, who explain why certain equitable-relief claims challenging the CDC orders may become moot upon "the anticipated expiration of the COVID-19 public health emergency declaration on May 11, 2023," Doc. 174 at 3 (upper margin).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch
MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch
JEREMY SCOTT BRUMBELOW
/s/ Jeremy Scott Brumbelow
Senior Trial Attorney, Torts Branch

| | |
|---|---|
| DATED: February 16, 2023 | U.S. Department of Justice, Civil Division<br>P.O. Box 7146, Ben Franklin Station<br>Washington, D.C.  20044-7146<br>Tel. (202) 616-4330; Fax. (202) 616-4314<br>Email:  jeremy.brumbelow@usdoj.gov<br><br>*Counsel for Defendant Julie Carrigan in her individual capacity* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, February 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

JEREMY SCOTT BRUMBELOW
/s/ Jeremy Scott Brumbelow
Senior Trial Attorney, Torts Branch
U.S. Department of Justice, Civil Division
