1  URI MARCUS
   YVONNE MARCUS
2  P.O. Box 126
3  Ojai, California
   Tel.: (909) 833-0065
4  Emails: uri@ntcf.org
5           adi@ntcf.org
   AVROHOM GORDON
6  DEVORAH GORDON
7  2251 State Route 222
   New Richmond, Ohio 45157
8  Tel. (513) 734-1770
9  Emails: gordon.avrohom@gmail.com
           devorahlgordon@gmail.com
10 CINDY RUSSO
11 22485 Breakwater Way
   Santa Clarita, California
12 Tel.: (908) 797-8066
13 Email: cjrz123@gmail.com

14 *Plaintiffs Pro Se*

15 BRIAN M. BOYNTON
16 Principal Deputy Assistant Attorney General
   E. MARTIN ESTRADA
17 United States Attorney
18 ERIC B. BECKENHAUER
   Assistant Branch Director
19 STEPHEN M. PEZZI
20 MICHAEL J. GERARDI
   ANDREW F. FREIDAH
21 JOHNNY H. WALKER (D.C. Bar #991325)
22 Trial Attorneys
   United States Department of Justice
23 Civil Division, Federal Programs Branch
24 1100 L Street, NW
   Washington, District of Columbia 20005
25 Tel.: (202) 514-3183
26 Email: johnny.h.walker@usdoj.gov

27 *Counsel for Federal Defendants*

28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| URI MARCUS, *et al.*,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>   *Defendants*. | No. 2:22-cv-2383-SSS-AS<br><br>**STIPULATION TO STAY PROCEEDINGS AS TO THE FEDERAL DEFENDANTS**<br><br>Hon. Sunshine S. Sykes<br>United States District Judge |

IT IS HEREBY STIPULATED and AGREED by and between Plaintiffs, Uri Marcus, Yvonne Marcus, Avorham Gordon, Devorah Gordon, and Cindy Russo ("Plaintiffs"), and Defendants, the Centers for Disease Control and Prevention ("CDC"), the U.S. Department of Health and Human Services, the Transportation Security Administration ("TSA"), and Julie Carrigan in her official capacity ("Federal Defendants"), subject to the Court's approval, that this action shall be stayed with respect to the Federal Defendants until a mandate is issued by the Eleventh Circuit Court of Appeals in *Health Freedom Defense Fund, Inc. v. Biden*, No. 22-11287 (11th Cir. argued Jan. 17, 2023). In support of this stipulation, the parties hereto state as follows:

   1.   Plaintiffs filed this lawsuit on April 8, 2022, against the Federal Defendants, as well as TSA employee Julie Carrigan in her individual capacity, eight airlines and unidentified airline employees, and two medical vendors called STAT-MD and MedAire. The complaint lists eighteen causes of action against the Federal Defendants. The first set of those claims deals with the CDC's public transportation mask order, which generally required persons to wear masks on public conveyances and at transportation hubs. Plaintiffs allege that the order violates

1  (1) statutory limitations on the agency's authority, *id.* ¶¶ 723-39; (2) the procedural requirements of the Administrative Procedure Act ("APA"), *id.* ¶¶ 740-48; (3) the substantive requirements of the APA, *id.* ¶¶ 749-59; (4) the Congressional Review Act, *id.* ¶¶ 760-68; (5) the non-delegation doctrine, *id.* ¶¶ 769-78; (6) the Tenth Amendment, *id.* ¶¶ 779-84; (7) the Fifth Amendment, *id.* ¶¶ 786-92; (8) the right to travel, *id.* ¶¶ 793-99; (9) the Air Carrier Access Act, *id.* ¶¶ 800-12; and (10) the Federal Food, Drug, and Cosmetic Act, *id.* ¶¶ 813-32. The next set of claims targets the CDC's international traveler testing order, which generally required passengers traveling into the United States from abroad to take a COVID-19 test and present a negative result before their departure. Plaintiffs allege that order violates (11) statutory limitations on the agency's authority, *id.* ¶¶ 833-37; (12) the procedural requirements of the APA, *id.* ¶¶ 838-44; (13) the substantive requirements of the APA, *id.* ¶¶ 845-50; (14) the non-delegation doctrine, *id.* ¶¶ 851-57; (15) the right to travel, *id.* ¶¶ 858-61; (16) the Federal Food, Drug, and Cosmetic Act, *id.* ¶¶ 862-70; and (17) the International Covenant on Civil & Political Rights, *id.* ¶¶ 871-76. Finally, Plaintiffs allege that (18) TSA and Ms. Carrigan (in her official capacity) revoked Plaintiff Uri Marcus's TSA PreCheck status in violation of the First Amendment. *Id.* ¶¶ 877-88.

      2.    All Defendants filed motions to dismiss. The Federal Defendants' motion sought dismissal of all the claims against them as a shotgun pleading and presented additional grounds for dismissal of the claims against them except those numbered (1), (2), (3), (5), (11), (12), (13), and (14) in the previous paragraph. These eight claims generally allege that the CDC's mask and testing orders exceeded the agency's statutory authority, violated the nondelegation doctrine, failed to follow notice-and-comment procedures, and were arbitrary and capricious.

      3.    On February 21, 2023, the Court granted Defendants' motions to dismiss. Dkt. No. 177. The Court granted the Federal Defendants' motion except

insofar as it argued that the complaint should be dismissed as a shotgun pleading. As a result, the claims numbered (1), (2), (3), (5), (11), (12), (13), and (14) above remain pending, and the Federal Defendants are currently due to respond to the complaint on or before March 8, 2023. *See* Fed. R. Civ. P. 12(a)(4)(A). The Court's order of dismissal afforded Plaintiffs until March 16, 2023, to file an amended complaint. Dkt. No. 177. Plaintiffs have indicated that they will file an amended complaint and have moved to extend their time to do so until April 14, 2023. Dkt. 178.

4.     The parties to this stipulation agree that it would serve the interest of efficiency to stay further proceedings as to the Federal Defendants—including the Federal Defendants' deadline to respond to the extant complaint and to any amended complaint—until a mandate is issued in *Health Freedom Defense Fund, Inc. v. Biden*, No. 22-11287 (11th Cir. argued Jan. 17, 2023). The issues in *Health Freedom* overlap with Plaintiffs' claims against the Federal Defendants in this case. The district court in *Health Freedom* concluded that the CDC's mask order violated statutory limitations on the CDC's authority and violated the substantive and procedural requirements of the APA. *Id.* The government appealed that decision to the Eleventh Circuit, where the case is fully briefed and was argued on January 17, 2023. On February 16, 2023, the government filed a notice informing the Eleventh Circuit that the Administration had recently announced that the public health emergency declaration is expected to expire on May 11, 2023, and that the mask order will expire by its terms when the public health emergency declaration expires. The government's notice requested the opportunity to brief mootness at that time.

5.     A trial court has broad discretion to stay a case pending the outcome of proceedings in another court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

counsel, and for litigants." *Id.* at 254. Thus, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Although the Eleventh Circuit's decision would not control here, that court is reviewing a judgment that vacated the mask order on a nationwide basis, meaning that any relief this Court might award could be superfluous. Moreover, given the similarity of the cases, the Eleventh Circuit's decision could at a minimum inform this Court's resolution of the issues.

6. A stay as to the Federal Defendants is further warranted because the mask order and testing order are not currently being enforced. The mask order was vacated on a nationwide basis by *Health Freedom Defense Fund, Inc. v. Biden*, No. 21-cv-1693, --- F. Supp. 3d ---, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022), *appeal docketed*, No. 22-11287 (11th Cir. Apr. 21, 2022). As a result of that decision, since the afternoon of April 18, 2022, the federal government has not required anyone to wear masks on public transportation conveyances or at transportation hubs. And on June 10, 2022, the CDC rescinded the January 26, 2021 international traveler testing order effective June 12, 2022*Rescinding Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country* (June 10, 2022), https://perma.cc/9X2M-KJJM.[1] As explained, ECF No. 174, the Federal Defendants do not contend that the case is moot at this time.

7. Other courts have stayed similar claims against the federal government

---

[1] Plaintiffs wish to note that the CDC reinstated similar restrictions in certain limited geographical regions, effective January 5, 2023.

pending the outcome of *Health Freedom*. *See* Text Order, *Bigtree v. CDC*, No. 1:22-cv-224 (W.D. Tex. Nov. 29, 2022); Min. Order, *Carlin v. CDC*, No. 1:22-cv-800 (D.D.C. June 24, 2022), *mot. to vacate denied*, Order, ECF No. 21 (Aug. 4, 2022), *appeal dismissed*, No. 22-5233 (D.C. Cir. Nov. 29, 2022); Order, *Florida v. Walensky*, No. 8:22-cv-718, ECF No. 14 (M.D. Fla. June 2, 2022); Order, *Van Duyne v. CDC*, No. 22-cv-122-O, ECF No. 41 (N.D. Tex. May 24, 2022); Order, *Family Research Council Action, Inc. v. Biden*, No. 22-cv-209-O, ECF No. 46 (N.D. Tex. May 24, 2022).

8. Plaintiffs stipulate to this stay with the caveat that they would prefer a stay of the entire case.

9. Counsel for the Federal Defendants has conferred with counsel for the other defendants, and the other defendants do not oppose the stay sought in this stipulation. The Federal Defendants understand that the airline Defendants, MedAire, STAT-MD, and Julie Carrigan in her individual capacity would oppose a stay of the entire case.

10. Accordingly, the parties to this stipulation respectfully request that the Court approve the stipulation and enter the proposed order submitted herewith.

| | | |
|---|---|---|
| Dated: March 6, 2023 | | Respectfully submitted, |

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

E. MARTIN ESTRADA
United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By:   */s/ Johnny Walker*
STEPHEN M. PEZZI
ANDREW F. FREIDAH
JOHNNY H. WALKER
MICHAEL J. GERARDI
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 514-3183
Email: johnny.h.walker@usdoj.gov

*Counsel for the Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

           */s/ Johnny Walker*
           JOHNNY H WALKER
           Trial Attorney
           United States Department of Justice