```
1   Richard A. Lazenby (State Bar No. 202105)
    Email: rlazenby@victorrane.com
2   Michael Cutler (State Bar No. 298875)
    Email: mcutler@victorrane.com
3   VICTOR RANE
    9350 Wilshire Blvd., Suite 308
4   Beverly Hills, California 90212
    Telephone: (310) 388-4849
5   Facsimile: (310) 388-4869
6
    Attorneys for All Non-Government Defendants
7
    AND ALL THE PARTIES LISTED ON SIGNATURE PAGE
8
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO, | Case No.: 2:22-cv-02383-SSS-AS |
| Plaintiffs, | **JOINT STATUS REPORT** |
| vs. | |
| CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE, | |
| Defendants. | |

## **JOINT STATUS REPORT**

Pursuant to the Court's order dated August 21, 2023, ECF No. 185, the parties to this case hereby provide this Joint Status Report.

1. **The Eleventh Circuit Decision in *Health Freedom Defense Fund.***

On June 22, 2023, the United States Court of Appeals for the Eleventh Circuit issued its decision in the appeal of the U.S. District Court for the Middle District of Florida's April 18, 2022 decision in *Health Freedom Defense Fund, Inc. v. Biden*, 71 F. 4th 888 (11th Cir. 2023), and the mandate issued on August 14, 2023. The district court's decision had vacated the CDC's Federal Transportation Mask Mandate (FTMM), which was also at issue in this case. In holding that the case was moot, the Eleventh Circuit stated:

> On April 10, 2023, President Biden signed a joint resolution of Congress that terminated the national emergency. Act of Apr. 10, 2023, Pub. L. No. 118-3, 137 Stat. 6 (2023). More relevant to this case, on May 11, 2023, the HHS Secretary's declaration of a public health emergency expired. *See* End of the Federal COVID-19 Public Health Emergency (PHE) Declaration, Centers for Disease Control and Prevention (May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html. Therefore, even had the district court sided with the government, the Mandate would have expired by its own terms on May 11, 2023. *See* 86 Fed Reg. 8025-01 at 8030 ("This Order will remain in effect . . . until the Secretary of Health and Human Services rescinds the determination . . . that a public health emergency exists.").

*Id*. at 891. The Eleventh Circuit added that "there is no longer any Mandate for us to set aside or uphold. Indeed, even if we were to decide against Appellees and reverse the district court – as the government desires – there would be no Mandate to reinstate." *Id*. at 892. The court further stated:

> [T]here is no reasonable basis to expect the Mandate will be reinstated if this case is rendered moot. By its own terms, the Mandate expired after the HHS Secretary declared that the public health emergency has ended, and there is no hint that this decision was an effort to avoid further litigation. Further, nothing in the text of the Mandate suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate. And

while we recognize that the government continues to defend the legality of the Mandate, that fact "has little, if anything to do . . . with the voluntary-cessation analysis." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1269 (11th Cir. 2020). The question is simply whether there is a reasonable basis to expect the challenged conduct to "start up again" if this case is declared moot. *Friends of the Earth*, 528 U.S. at 189, 120 S. Ct. 693. We conclude there is not. (*Id.*)

*See also id.* ("We find Appellees' contention that there is a reasonable expectation that the CDC will issue another nationwide mask mandate for all conveyances and transportation hubs to be speculative at best."). The court ruled that the "order and judgment of the district court are VACATED, and the district court is instructed to DISMISS the case as MOOT." *Id.* at 893-94.

## 2. Position of the Airline Defendants

The position of the Airline Defendants in this case is that any attempt by the Plaintiffs to amend their Complaint with regard to the Airline Defendants would be futile. The Court's February 21, 2023 decision dismissing all of Plaintiffs' claims against the Airline Defendants (ECF No. 177) was correctly decided and Plaintiffs have not identified any additional factual or legal arguments which would form the basis for an Amended Complaint that would support any of the claims that were dismissed. Additionally, the above-quoted language from the decision of the Eleventh Circuit in *Health Freedom* reinforces the fact that the Plaintiffs' claims against the Airline Defendants are now moot. *See* 71 F.4th at 892 ("nothing in the text of the Mandate suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate"). The Airline Defendants recognize that Plaintiffs may be seeking monetary damages in addition to the declaratory and injunctive relief rendered moot, however for the reasons set forth in ECF No. 177, there is no legitimate legal predicate for any of the damages causes of action identified by the Plaintiffs.

### 3. Position of Defendants Medaire and STAT-MD

Similar to the Airline Defendants, MedAire's and STAT-MD's position is that any attempt by the Plaintiffs to amend their Complaint with regard to MedAire and STAT-MD would be futile. The Court's February 21, 2023, decision dismissing the claims against MedAire and STAT-MD for lack of personal jurisdiction (ECF No. 177) was correct and there is no additional factual or legal basis for personal jurisdiction upon which Plaintiffs could base an Amended Complaint.

Even assuming, *arguendo*, that Plaintiffs were able to plead a basis for jurisdiction, and notwithstanding the fact that Plaintiffs are seeking monetary damages in addition to the declaratory and injunctive relief, there is no legitimate legal predicate for any of the damages causes of action identified by the Plaintiffs for the reasons set forth in the Court's Order Granting Defendants' Motions to Dismiss (ECF No. 177).

### 4. Position of the Federal Defendants

Many of the claims against the Federal Defendants have already (and correctly) been dismissed by this Court.  *See* ECF No. 177, at 23-27 (dismissing claims 4, 6, 7, 8, 10, 15, 16, 17, and 18).  As for the remaining claims against the Federal Defendants (which were not included in the government's prior motion to dismiss), all of those claims are now moot, for essentially the reasons set forth by the Eleventh Circuit in *Health Freedom*.  *See, e.g.*, 71 F.4th at 892 (because "the Mandate has expired on its own terms . . . there is no longer any Mandate for us to set aside or uphold"); *see also* ECF No. 174, Federal Defs.' Supplemental Br. Regarding Mootness (explaining that Plaintiffs' claims were not moot at that time, but that they would be moot upon the expiration of the public-health emergency); *Faris v. CDC*, No. 22-cv-23-BJB, 2023 WL 5616070, at *1-3 (W.D. Ky. Aug. 30, 2023) (dismissing challenge to the CDC's transportation mask order as moot).[1]

---

[1] The D.C. Circuit's unpublished ruling in *Wall v. TSA*, No. 21-1221, 2023 WL

The reasoning of *Health Freedom* applies not just to Plaintiffs' remaining claims challenging the CDC's transportation mask order (the subject of the decision in *Health Freedom* itself), *see Health Freedom*, 71 F.4th at 890; Compl., Claims 1-3, 5, 9, but also to those claims challenging the (long-ago-rescinded) international traveler testing order, *see* Compl., Claims 11-14. That is because the testing order—had it not previously been rescinded[2]—would also have expired when the public-health emergency ended.[3]

For similar reasons, any amendment would be futile, at least to the extent that Plaintiffs seek to continue to challenge government mask or testing requirements that are no longer in effect. Accordingly, this Court should dismiss all remaining claims against the Federal Defendants for lack of subject-matter jurisdiction, and (if necessary) deny leave to amend as futile.

**5.     Position of Defendant Julie Carrigan in her Individual Capacity**

In her individual capacity, Defendant Julie Carrigan, who has been dismissed from this litigation, was sued in this case only by Plaintiff Uri Marcus and only with respect to the revocation by the Transportation Security

---

1830810 (D.C. Cir. Feb. 9, 2023), is of no help to Plaintiffs in this case. That decision concerned TSA security directives not challenged here, which relied on different statutory authority. Most importantly, *Wall* was both briefed and decided while the COVID-19 public-health emergency declaration remained in full effect, and therefore the Federal Defendants' (and the Eleventh Circuit's) theory of mootness was not at all implicated by the D.C. Circuit's opinion in *Wall*—it is only since the public-health emergency expired, in May of 2023, that Plaintiffs' claims have become moot.

[2] *See generally Rescinding Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country* (June 10, 2022), https://perma.cc/9X2M-KJJM.

[3] *See* CDC, *Requirements for Negative Pre-Departure Covid-19 Test Result or Documentation of Recovery From Covid-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 86 Fed. Reg. 69256, 69262 (Dec. 7, 2021) ("This Amended Order . . . will remain in effect unless modified or rescinded based on specific public health or other considerations, or until the Secretary of Health and Human Services rescinds the determination under section 319 of the Public Health Service Act (42 U.S.C. 247d) that a public health emergency exists with respect to COVID-19.").

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Administration ("TSA") of his eligibility to participate in the TSA PreCheck® Application Program ("TSA PreCheck"). For this, Plaintiff Uri Marcus asserted a single count against Defendant Carrigan personally, seeking damages from her under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), on the theory that the TSA PreCheck revocation was "retaliatory" in violation of the First Amendment. ECF No. 1, Compl. ¶¶ 889-90 (Nineteenth Cause of Action). In its order of February 21, 2023, this Court dismissed Defendant Carrigan, in her individual capacity, without prejudice for lack of personal jurisdiction. ECF No. 177 at 14-15, 28. Although that order generally granted Plaintiffs leave to amend, *id*. at 27-28, it is unclear if the Court or Plaintiff Uri Marcus contemplated an amendment with respect to Carrigan in her individual capacity. Plaintiff Uri Marcus never sought leave to amend—specifically as to Carrigan in her individual capacity—either in a motion filed under Federal Rule of Civil Procedure 15, or as part of his opposition (ECF No. 161) to Carrigan's motion to dismiss.

Even if Plaintiff Uri Marcus was granted leave to amend as to Carrigan personally, any individual-capacity claim asserted against her, in a new complaint filed in this case, would be futile and subject to dismissal under Federal Rule of Civil Procedure 12(b) for the same reasons Carrigan explained in her prior briefing. Dkts. 133, 133-1, & 166 (seeking dismissal based on the lack of personal jurisdiction, venue, and subject-matter jurisdiction; the unavailability of a non-statutory damages remedy under *Bivens*; and qualified immunity).

Moreover, as Plaintiff Yvonne Marcus has advised, her husband, Plaintiff Uri Marcus, died on August 6, 2023. ECF No. 183 at 2. Thus, any continued litigation against Carrigan in her individual capacity would have to contend, as well, with such issues as whether Plaintiff Uri Marcus's claim against Carrigan survives his death or abates, what law governs that determination (state or federal), whether and where Mr. Marcus's "estate" is created and who its personal

representative is, and whether substitution of the estate as a plaintiff to Mr. Marcus's claim is appropriate under Federal Rule of Civil Procedure 25(a)(1) and other law.

Presently, there is no deadline for the filing of an amended complaint. And the personal-jurisdiction ruling remains law of the case. Therefore, to the extent that the Court contemplated amendment as to Defendant Carrigan, she respectfully requests that the Court set such a deadline as soon as practicable

### 6. Position of Plaintiffs

First, we would like to formally notify the Court of the passing of Mr. Uriel Marcus, Plaintiff. His wife, Yvonne Marcus, is ill and probably still hospitalized. As far as we can ascertain, they will not be continuing their cases. We have not heard from the Estate of Mr. Marcus at all. We have heard from Mrs. Yvonne Marcus, one of the original Plaintiffs, and she has expressed to us that she cannot continue, due to her failing health. We leave the decision regarding those two Plaintiffs in the hands of this Court.

With regards to the remaining three Plaintiffs, Avrohom Gordon, Devorah Gordon, and Cindy Russo, we are eager and committed to move forward with this case. Cindy Russo has agreed to be our lead Plaintiff, when and if there is such a necessity.

The Defendants have each presented their arguments again here in continuation of their Motions to Dismiss, saying it is moot, and/or arguing against the various claims. The Court addressed these issues already and dismissed most or all of the claims. Many of them were dismissed WITHOUT PREJUDICE, and this Court gave us leave to file an Amended Complaint. Plaintiffs would like the opportunity to amend the complaint and move forward. In most pro se cases, the courts usually allow for several amended complaints. This would be our first, and hopefully our only one.

First, Mootness does not apply to a case where there are damages. With

1  respect to Mootness, the Court should allow us to address that in the Amended
2  Complaint. While the Eleventh Circuit decided that particular case was moot, there
3  are many cases at many Circuits that were determined not to be moot. The
4  Eleventh Circuit decision is not binding on this Court. The Supreme Court decided
5  in two Covid restrictions cases that they are not moot. The TSA themselves say
6  that they plan to continue their mask mandate, and their case is not moot, and the
7  DC Circuit agreed with them in Wall v. TSA. The TSA's mask mandate was built
8  on the CDC recommendations. It is all intertwined.
9  　　　The DC Circuit writes the following: "Because there is a more-than-
10 speculative chance that the challenged conduct will recur, these cases are not
11 moot." Wall v. Transportation Sec. Admin., No. 21-1220, 2023 WL 1830810, at *2
12 (D.C. Cir. Feb. 9, 2023).
13 　　　The Court gave us leave to amend in the Order Dated February 21, 2023
14 (Doc. 177). The Defendants then asked to delay the amended complaint until there
15 was a decision in the Eleventh Circuit. That decision happened. We would now
16 like to move forward with our amended complaint, as the Court already gave us
17 leave. If the court can allow us 60 days, we will do our best to clean it up and make
18 it less complicated. If there are any merits to some of the Defendants arguments
19 herein, we will review that, and act accordingly.
20 　　　We ask this Court to allow us to continue pursuing this case. There are
21 damages requested, and injunctions that should be provided. If the Court is seeing
22 the recent news stories, everyone is discussing the probability and/or possibility of
23 new mask mandates coming out shortly. This case is very important to us, and we
24 need this Court to allow us to litigate it thoroughly. If the new mask mandates do
25 come out as so many are predicting, it will be devastating to us. We are ready to
26 finalize an Amended Complaint and to file it with the Court.
27 / /
28 / /

Victor Rane
9350 Wilshire Blvd., Suite 308
everly Hills, CA 90212
Telephone: (310) 388-4849

| | |
|---|---|
| Dated: September 8, 2023 | Respectfully submitted, |
| By: /s/ John C. Conti<br>    John C. Conti<br>    Email: jconti@dmclaw.com<br>    Jeffrey J. Wetzel<br>    (admitted *pro hac vice*)<br>    Email: jwetzel@dmclaw.com<br>    Steven L. Ettinger<br>    (admitted *pro hac vice*)<br>    Email: settinger@dmclaw.com<br>    DICKIE, McCAMEY &<br>    CHILCOTE, P.C.<br>    2 PPG Place, Suite 400<br>    Pittsburgh, PA 15222<br>    Telephone: (414) 392-5617<br><br>    *Attorneys for Defendant*<br>    STAT-MD | By: /s/ Richard A. Lazenby<br>    Richard A. Lazenby<br>    Michael Cutler<br>    VICTOR RANE<br>    *Attorneys for All Non-Government Defendants*<br><br>By: /s/ M. Roy Goldberg<br>    M. Roy Goldberg<br>    (Admitted Pro Hac Vice)<br>    STINSON LLP<br>    1775 Pennsylvania Avenue, N.W., Suite 800<br>    Washington, D.C. 20006<br>    Telephone: (202) 728-3005<br>    Email: roy.goldberg@stinson.com<br><br>    *Attorneys for Defendants*<br>    Alaska Airlines, Inc.,<br>    American Airlines, Inc.,<br>    Delta Airlines, Inc.,<br>    Hawaiian Airlines, Inc.,<br>    Southwest Airlines Co., and<br>    United Airlines, Inc. |
| By: /s/ Jeremy S. Brumbelow<br>    Brian M. Boyton<br>    Principal Deputy Assistant Attorney General<br>    C. Salvatore D'Alessio, Jr.<br>    Director, Torts Branch<br>    Mary Hampton Mason<br>    Senior Trial Counsel, Torts Branch<br>    Jeremy Scott Brumbelow<br>    Senior Trial Attorney, Torts Branch<br>    U.S. Department of Justice, Civil Division P.O. Box 7146,<br>    Ben Franklin Station<br>    Washington, D.C. 20044-7146<br>    Tel. (202) 616-4330;<br>    Fax. (202) 616-4314<br>    jeremy.brumbelow@usdoj.gov<br><br>    *Attorneys for Defendant*<br>    Julie Carrigan | By: /s/ Brian T. Maye<br>    Brian T. Maye<br>    (Admitted Pro Hac Vice)<br>    HINSHAW & CULBERTSON LLP<br>    151 N. Franklin Street<br>    Suite 2500<br>    Chicago, IL 60606<br>    Telephone: 312-422-5713<br>    bmaye@hinshawlaw.com<br><br>    *Attorneys for Defendants*<br>    Frontier Airlines, Inc.; and<br>    Allegiant Air, LLC |

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

JOINT STATUS REPORT
CASE NO.: 2:22-CV-02383-SSS-AS

- 9 -

| | |
|---|---|
| */s/* <u>Avrohom Gordon</u><br>Avrohom Gordon, plaintiff, *Pro-Se*<br>2251 State Route 222<br>New Richmond, OH 45157<br>Telephone: 513-734-1770<br>gordon.avrohom@gmail.com<br><br>*/s/* <u>Devorah Gordon</u><br>Devorah Gordon, plaintiff, *Pro Se*<br>2251 State Route 222<br>New Richmond, OH 45157<br>Telephone: 513-734-1770<br>devorahlgordon@gmail.com<br><br>/s/ <u>Cindy Russo</u><br>Cindy Russo, plaintiff, Pro-Se<br>22485 Breakwater Way<br>Santa Clarita, CA 91350<br>Telephone: 908-797-8066<br>cjrz123@gmail.com | By: /s/ <u>Barry S. Alexander</u><br>Barry S. Alexander<br>(Admitted *Pro Hac Vice*)<br>Email: balexander@victorrane.com<br>VICTOR RANE<br>1650 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel. (267) 297-3332<br><br>Brittany C. Wakim<br>(Admitted *Pro Hac Vice*)<br>Email: bwakim@victorrane.com<br>VICTOR RANE<br>1650 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel. (267) 297-3332<br><br>Attorneys for Defendant<br>*MEDAIRE, INC.*<br><br>By: /s/ <u>Andrew Freidah</u><br>Andrew Freidah<br>U.S. Department of Justice Civil Division<br>1101 L Street, N.W.<br>Washington, D.C. 20005<br>202 305-0879<br>Email: Andrew.f.freidah@usdoj.gov<br><br>Michael J. Gerardi<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20530<br>202 616-0680Email:<br>michael.j.gerardi@usdoj.gov<br><br>Stephen M. Pezzi<br>U.S. Department of Justice<br>Civil Division Federal Programs Branch<br>1101 L Street, N.W.<br>Washington, D.C. 20530<br>202 305-8576<br>Email: stephen.pezzi@usdoj.gov<br><br>*Attorneys for Federal Defendants* |

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849