Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Non-Government Defendants

AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P RULE 12(b)(6)**<br><br>Hearing Date: December 1, 2023<br>Judge: Hon. Sunshine S. Sykes<br>Ct. Room: 2 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

STATEMENT OF FACTS ...................................................................................... 2

The Federal Transportation Mask Mandate ................................................ 2

The TSA Security Directives ...................................................................... 3

The DOT Enforcement Notice .................................................................... 3

Plaintiffs Marcuses, Gordons and Cindy Russo ......................................... 3

The Air Carrier Access Act of 1986 ........................................................... 3

This Court's Dismissal of the Complaint Allegations against the Airline Defendants ............................................................................... 4

LEGAL STANDARD ............................................................................................ 4

ARGUMENT .......................................................................................................... 5

I.      PLAINTIFF'S SECTION 1983 CLAIM AGAINST THE AIRLINE DEFENDANTS (COUNT 11) SHOULD BE DISMISSED. ..................... 5

II.     COUNTS 12 AND 13 FOR CIVIL CONSPIRACY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 42 U.S.C. §§ 1985(3) AND 1986. ................................................................. 8

III.    THE AIRLINE DEFENDANTS ARE NOT SUBJECT TO PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT ............ 9

IV.     PLAINTIFFS LACK A PRIVATE RIGHT OF ACTION TO ALLEGE VIOLATIONS OF THE AIR CARRIER ACCESS ACT ........... 12

V.      THE CLAIMS FOR VIOLATION OF THE CALIFORNIA UNRUH CIVIL RIGHTS ACT SHOULD BE DISMISSED. ..................... 13

        A.      The Deregulation Act Preempts Count 18. ................................ 14

        B.      The ACAA Preempts Plaintiffs' Unruh Act Claims ................. 14

        C.      The Federal Aviation Act Preempts Plaintiffs' Unruh Act Claims. ....................................................................................... 15

        D.      Plaintiffs Lack Standing under the Unruh Act. ....................... 16

VI.     PLAINTIFFS' CLAIMS FOR BREACH OF CONTRACT SHOULD BE DISMISSED. ....................................................................... 17

VII.    PLAINTIFFS' ALLEGATION OF RECKLESS AND DESPICABLE CONDUCT FAILS TO STATE A CLAIM FOR RELIEF. ...................... 19

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT
CASE NO.: 2:22-CV-02383-SB-AS

ii

VIII.  THERE IS NO VIABLE CLAIM FOR PRACTICING MEDICINE
       WITHOUT A LICENSE. ..................................................................20

IX.    PLAINTIFFS FAILS TO STATE A CLAIM FOR INVASION OF
       PRIVACY. ......................................................................................20

X.     THE CLAIMS OF FRAUDULENT MISREPRESENTATION ARE
       PREEMPTED BY THE AIRLINE DEREGULATION ACT. .....................23

XI.    THERE IS NO CONSTITUTIONAL RIGHT TO TRAVEL BY
       AIRCRAFT. .....................................................................................24

XII.   PLAINTIFFS' CLAIMS ARE MOOT. ..................................................25

XIII.  PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES IS
       PREEMPTED. ...................................................................................25

CONCLUSION.......................................................................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT
CASE NO.: 2:22-CV-02383-SB-AS

1

**Victor Rane**
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Abdullah v. Am. Airlines, Inc.*,
   181 F.3d 363 (3d Cir. 1999) ................................................................16

*Afkhami v. Carnival Corp.*,
   305 F. Supp. 2d 1308 (S.D. Fla. 2004) .................................................8

*Ahmadi v. United Cont'l Holdings, Inc.*,
   Case No. 1:14-CV-00264 LJO, 2015 WL 4730116 (E.D. Cal. Aug. 10, 2015) ............................................................................................16

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) ...............................................................8

*In re Am. Airlines, Inc., Privacy Litig.*,
   370 F. Supp. 2d 552 (N.D. Tex. 2005) .................................................21

*American Airlines v. Wolens*,
   513 U.S. 219 (1995) .......................................................................18, 23

*Angel v. Pan Am. World Airways*,
   519 F. Supp. 1173 (D.D.C. 1981) .......................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................5

*Banga v. Gundumolgula*,
   Case No. 2:13-CV-00667-MCE, 2013 WL 3804046 (E.D. Cal. July 19, 2013) .....................................................................................23

*Bartell v. Lohiser*,
   215 F.3d 550 (6th Cir. 2000) .................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................4

*Brookins v. Rafferety*,
   59 F. App'x 983 (9th Cir. 2003) ..........................................................19

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN       iv
SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT
CASE NO.: 2:22-CV-02383-SB-AS

*Burcham v. City of Los Angeles*,
  562 F. Supp. 3d 694 (C.D. Cal. 2022)........................................................ 21, 22

*Chasse v. Humphreys*,
  No. CV–07–189–HU, 2008 WL 4846208 (D. Or. Nov. 3, 2008)........................ 9

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*,
  710 F.3d 946 (9th Cir. 2013) ................................................................... 5

*City of Burbank v. Lockheed Air Terminal Inc.*,
  411 U.S. 624, 93 S. Ct. 1854, 36 L. Ed. 2d 547 (1973) ..................................... 15

*Collins v. Giving Back Fund*,
  No. 18-cv-8812 (CM), 2019 WL 3564578 (S.D.N.Y. Aug. 6, 2019)............... 10

*Corbett v. TSA*,
  19 F.4th 478 (D.C. Cir. 2021) ................................................................ 1

*Covino v. Spirit Airlines, Inc.*,
  No. 220CV01039GMNNJK, 2021 WL 4248079 (D. Nev. Sept. 17,
  2021)..................................................................................................... 19

*D'Amato v. Wis. Gas Co.*,
  760 F.2d 1474 (7th Cir. 1985) ................................................................. 8

*Wright ex rel. D.W. v. Am. Airlines, Inc.*,
  249 F.R.D. 572 (E.D. Mo. 2008) .............................................................. 24

*Dennis v. Sparks*,
  449 U.S. 24 (1980) ................................................................................ 6

*Dounce Al Dey v. Eye Express Optical*,
  No. 22-CVcv-3861 (LTS), 2022 WL 2342625, *2 (S.D.N.Y. June
  28, 2022)................................................................................................. 7

*Edmonds-Radford v. Sw. Airlines Co.*,
  17 F.4th 975 (10th Cir. 2021)................................................................... 12

*Elnajjar v. Nw. Airlines, Inc.*,
  Nos. H-04-680, H-04-681, 2005 U.S. Dist. LEXIS 36792 (S.D.
  Tex. Aug. 15, 2005)................................................................................. 21

*Flaster/Greenberg P.C. v. Brendan Airways, LLC*,
  No. 08–4333, 2009 WL 1652156 (D.N.J. June 10, 2009) ............................... 25

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT
CASE NO.: 2:22-CV-02383-SB-AS

v

*Gilstrap v United Air Lines, Inc.*,
    709 F.3d 995 (9th Cir. 2013) ............................................................... 2

*Guilfoyle v. Beutner*,
    Case No. 221CV05009VAPMRWX, 2021 WL 4594780 (C.D. Cal.
    Sept. 14, 2021) .................................................................................. 22

*Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.*,
    Case No. 3:21-CV-1661-YY, 2021 WL 6063672 (D. Or. Dec. 22,
    2021) .................................................................................................. 20

*Haines v. Kerner*,
    404 U.S. 519 (1972) ............................................................................ 5

*Health Freedom Def. Fund, Inc. v. Biden*,
    No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138 (M.D. Fla.
    April 18, 2022) ............................................................................. 1, 25

*Hingson v. Pacific Sw. Airlines*,
    743 F.2d 1408 (9th Cir. 1984) ........................................................... 12

*Holgate v. Baldwin*,
    425 F.3d 671 (9th Cir. 2005) ............................................................... 9

*Hughes v. Sw. Airlines Co.*,
    No. 18 C 5315, 2019 WL 1375927 (N.D. Ill. Mar. 26, 2019) ......... 18, 19

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ............................................ 21

*Johnson v. United States*,
    642 F. Supp. 2d 1 (D.D.C. 2009) ........................................................ 6

*Karim–Panahi v. Los Angeles Police Dep't*,
    839 F.2d 621 (9th Cir.1988) ............................................................... 9

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ............................................................. 5

*Kropp v. United Airlines, Inc.*,
    Case No. CV 19-8344-GW-SSX, 2021 WL 4048737 (C.D. Cal.
    Aug. 19, 2021) .................................................................................. 16

*Lockary v. Kayfetz*,
    587 F. Supp. 631 (N.D. Cal. 1984) ...................................................... 8

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT
CASE NO.: 2:22-CV-02383-SB-AS

vi

*Loving v. Princess Cruise Lines, Ltd.*,
  No. CV 08-2898-JFW-AJWX, 2009 WL 7236419 (C.D. Cal. Mar. 5, 2009) ............................................................................... 17

*Low v. LinkedIn Corp.*,
  900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........................................ 21

*Lucius v. Fort Taco, LLC*,
  No. 21-22397, 2022 WL 335491 (S.D. Fla. Jan. 5, 2022) .............. 10

*McGarry v. Delta Air Lines, Inc.*,
  No. CV 18-9827-MWF (EX), 2019 WL 2558199 (C.D. Cal. June 18, 2019), *aff'd*, 812 F. App'x 625 (9th Cir. 2020) ...................... 19

*Miller v. Reed*,
  176 F.3d 1202 (9th Cir. 1999) ...................................................... 24

*Montalvo v. Spirit Airlines*,
  508 F.3d 464 (9th Cir. 2007) .................................................. 15, 16

*Montgomery v. Delta Air Lines, Inc.*,
  No. 22-10692, 2023 WL 2400743 (5th Cir. March 8, 2023) .......... 14

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992) ...................................................... 14, 18, 23

*In re Nat. Res. Def. Council, Inc.*,
  956 F.3d 1134 (9th Cir. 2020) ...................................................... 13

*Nat'l Fed'n of the Blind v. United Airlines Inc.*,
  813 F.3d 718 (9th Cir. 2016) ........................................................ 15

*Norman v. Trans World Airlines, Inc.*,
  No. 98-CV-7419 (BSJ), 2000 WL 1480367 (S.D.N.Y. Oct. 6, 2000) .......................................................................................... 25

*Parver v. JetBlue Airlines Corp.*,
  649 Fed. Appx. 539 (9th Cir. 2016) ............................................... 6

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013) ...................................................... 20

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT
CASE NO.: 2:22-CV-02383-SB-AS

vii

*Pica v. Delta Air Lines, Inc.*,
   Case No. CV 18-2876-MWF (EX), 2018 WL 5861362 (C.D. Cal.
   Sept. 18, 2018)...................................................................................................23

*Rojas v. Delta Airlines, Inc.*,
   425 F. Supp. 3d 524 (D. Md. 2019) .................................................................24

*Schmitt v. SN Servicing Corp.*,
   No. 21-cv-03355-WHO, 2021 WL 5279822 (N.D. Cal. Nov. 12,
   2021).................................................................................................................21

*Shotz v. Am. Airlines, Inc.*,
   420 F.3d 1332 (11th Cir. 2005) ........................................................................11

*Smith v. Comair, Inc.*,
   134 F.3d 254 (4th Cir. 1998) ............................................................................18

*Sousanis v. Northwest Airlines, Inc.*,
   No. C-99-2994, 2000 WL 34015861 (N.D. Cal. March 3, 2000) .....................17

*Starker v. Spirit Airlines*,
   No. 17-CV-6812 (HBP), 2019 WL 4194572 (S.D.N.Y. Sept. 3,
   2019).................................................................................................................25

*T.P. v. Walt Disney Parks and Resorts U.S., Inc.*,
   No. CV 15-05346-CJC (EX), 2021 WL 3598574 (C.D. Cal. Apr.
   20, 2021)...........................................................................................................17

*Telecommunications Rsch. & Action Ctr. v. F.C.C.*,
   750 F.2d 70 (D.C. Cir. 1984) ...........................................................................13

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
   73 F.3d 1423 (7th Cir. 1996) ............................................................................25

*Wagner v. Metro. Nashville Airport Auth.*,
   772 F.2d 227 (6th Cir. 1985) ..............................................................................7

*Walck v. Am. Stock Ex., Inc.*,
   687 F.2d 778 (3d Cir. 1982) .............................................................................13

*Wall v. CDC*,
   543 F. Supp. 3d 1290 (M.D. Fla. 2021) ...........................................................24

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT
CASE NO.: 2:22-CV-02383-SB-AS

viii

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

*Wall v. Southwest Airlines Co., et al.*,
No. 6:21-cv-1008-PGB-DCI (M.D. Fla. Dec. 8, 2021), Dkt. 153 .................... 21

*Weber v. U.S. Airways, Inc.*,
11 F. App'x 56 (4th Cir. 2001).........................................................................24

*West v. Atkins*,
487 U.S. 42 (1988) .............................................................................................6

*Wilhelm v. Cont'l Title Co.*,
720 F.2d 1173 (10th Cir. 1983) ..........................................................................9

*Wilson v. Frito-Lay N. Am., Inc.*,
961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...........................................................17

*Wright ex rel. D.W. v. Am. Airlines, Inc.*, 249 F.R.D. 572, 575 (E.D.
Mo. 2008) ........................................................................................................24

**California Cases**

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994).....................................................................................22, 23

*Serris v. Chastaine*, No. 2:22-cv-0434-JAM-CKD PS, 2022 WL
715115, *3 (E.D. Cal. Mar. 10, 2022) .............................................................10

**Federal Statutes**

42 U.S.C.
§ 1983 ........................................................................................6, 7, 8, 9
§§ 1985(3) AND 1986...................................................................................9

49 U.S.C.
§ 41705(a)..........................................................................................................5
§ 41705(c)(1) .....................................................................................................5
§46110 .....................................................................................................2, 12, 13

Air Carrier Access Act, 49 U.S.C.
§ 41705 ..........................................................................................................3, 8

Airline Deregulation Act, 49 U.S.C.
§ 41713(b)..................................................................................................15, 24

Americans with Disabilities Act of 1990, 42 U.S.C.
§ 12101 ..............................................................................................................5

AIRLINE DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT
CASE NO.: 2:22-CV-02383-SB-AS

ix

Federal Aviation Act, 49 U.S.C.
§ 40101, *et seq.* ............................................................................ 16

**Other Authorities**

14 C.F.R. pt. 382 ...........................................................................*passim*

14 C.F.R. § 382.1 ................................................................................ 5

86 Fed. Reg. 8025 (Feb. 3, 2021) ....................................................... 4

6 Am. Jur. 2d Assault and Battery § 20 ............................................ 20

Exec. Order No. 13998, *Promoting COVID-19 Safety in Domestic and
Int'l Travel*, 86 Fed. Reg. 7205 (Jan. 26, 2021) ............................ 3

Rule 12(b)(6) ................................................................................. 5, 6

S. Rep. No. 100-64 (1987) ........................................................... 11, 12

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

<b><u>INTRODUCTION</u></b>

Defendants Alaska Airlines, Inc., American Airlines, Inc., Delta Air Lines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., United Airlines, Inc., Frontier Airlines, Inc., and Allegiant Air, LLC (collectively, the "Airline Defendants"), respectfully seek dismissal of the First Amended Complaint ("FAC"), Dkt. 190, for failure to state a claim for which relief can be granted.

This litigation relates to the now defunct Federal Transportation Mask Mandate ("FTMM") which was imposed by the federal government to deal with the COVID-19 global pandemic which "pose[d] one of the greatest threats to the operational viability of the transportation system and the lives of those on it seen in decades." *Corbett v. Transp. Sec. Admin*, 19 F.4th 478, 480 (D.C. Cir. 2021), *cert denied*, 143 S.Ct. 395 (2022). Shortly after Plaintiffs filed this case, a federal district judge in Tampa, Florida issued a decision which resulted in the termination of the FTMM as to airlines. *Health Freedom Def. Fund, Inc. v. Biden*, 599 F.Supp. 3d 1144 (M.D. Fla. 2022). The judge ruled that the Centers for Disease Control and Prevention ("CDC") acted unlawfully in issuing the FTMM. On June 23, 2023, the Eleventh Circuit dismissed the appeal of the lower court decision as moot. *Health Freedom Def. Fund v. President of United States*, 71 F. 4th 888 (11th Cir. 2023).

On February 21, 2023, this Court granted the Airline Defendants' motion to dismiss Plaintiff's initial Complaint, and permitted Plaintiffs to file an amended complaint. Dkt. 177. The Court's dismissal order was correct and Plaintiffs have not identified any additional factual or legal arguments in their FAC which resuscitate any of their claims. Additionally, the appellate ruling in *Health Freedom* reinforces the fact that the Plaintiffs' claims against the Airline Defendants are now moot. *See* 71 F.4th at 892 ("nothing in the text of the Mandate suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate"). The

- 1 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  Airline Defendants recognize that Plaintiffs claim seeking monetary damages in

2  addition to the declaratory and injunctive relief rendered moot, however, for the

3  reasons set forth in Dkt. 177, there is no legitimate legal predicate for any of their

4  causes of action identified by the Plaintiffs.

5         As this Court already found, to the extent Plaintiffs claim that they have

6  been unlawfully discriminated against by the Airline Defendants because they

7  were required to wear a mask on flights during the pandemic, their exclusive

8  avenue of relief was to file a complaint under the Air Carrier Access Act, 49

9  U.S.C. § 41705 ("ACAA") with the U.S. Department of Transportation ("DOT")

10 pursuant to 14 C.F.R. Part 382.   Dkt. 177, at 18-19.  "The ACAA is enforced" by a

11 person filing "a complaint with [DOT] about an alleged regulatory violation."

12 *Gilstrap v United Air Lines, Inc.*, 709 F.3d 995, 1001 (9th Cir. 2013) (citing 49

13 U.S.C. § 46101(a)(1)).  If Plaintiffs assert that the DOT has not properly responded

14 to their administrative complaints, their sole option is to timely file a petition for

15 review with the appropriate Circuit Court under 49 U.S.C. § 46110.  However,

16 Plaintiffs may not pursue their claims in this forum.

17                        **STATEMENT OF FACTS**
18              **The Federal Transportation Mask Mandate**

19        On January 21, 2021, President Biden issued an Executive Order explaining

20 that public-health experts "have concluded that mask-wearing, physical distancing,

21 appropriate ventilation, and timely testing can mitigate the risk of travelers

22 spreading COVID-19."  Exec. Order No. 13998, *Promoting COVID-19 Safety in*

23 *Domestic and Int'l Travel*, 86 Fed. Reg. 7205 (Jan. 26, 2021).  The Executive

24 Order recognized the threats of the continuing COVID-19 pandemic and stated that

25 mask-wearing "can mitigate the risk of travelers spreading COVID-19." *Id*.

26 Accordingly, the Executive Order directed executive officials to require masks on

27 various forms of transportation and while in transit hubs. *See Id.*  Thereafter, the

28 CDC issued the FTMM.  86 Fed. Reg. 8025 (Feb. 3, 2021); Dkt. 1, at 3, n. 1.

- 2 -

Generally, the FTMM requires persons to "wear masks over the mouth and nose when traveling on any conveyance (*e.g.*, airplanes, trains, subways, buses, taxis, ride-shares, ferries, ships, trolleys, and cable cars) into or within the United States" and "at any transportation hub." *Id.* at 8026.

### The TSA Security Directives

On January 27, 2021, the Acting Secretary of Homeland Security exercised his emergency powers and issued a Determination of a National Emergency that directed the Transportation Security Administration ("TSA") to support "the CDC in the enforcement of any orders or other requirements necessary to . . . mitigate the spread of COVID-19 through the transportation system."  Dkt. 190, Pl. Ex. 2 at 229. The TSA then issued directives – which airlines are required by law to follow – to "vigorously enforce the mask mandate."  Dkt. 190, ¶ 253.

### The DOT Enforcement Notice

In implementing the FTMM, the Airline Defendants were guided by a DOT document titled "Notice of Enforcement Policy: Accommodation By Carriers of Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on Commercial Aircraft" (Feb. 5, 2021) ("DOT Enforcement Notice"), Dkt. 1-1, Pl. Ex. 7 at 14. That document provided specific instructions on how airlines had to implement the FTMM in a manner that complied with DOT requirements.

### Plaintiffs Marcuses, Gordons and Cindy Russo

Plaintiffs allege that the Airline Defendants "since Summer 2020 have illegally discriminated against flyers with disabilities by refusing to grant mask exemptions and/or requiring such an onerous exemption process that makes it nearly impossible for those . . . medically unable to cover [their] faces to obtain a waiver." Dkt. 190, ¶ 11.

### The Air Carrier Access Act of 1986

Airlines are distinct from other industries in the United States in that they are not subject to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Rather, access to aircraft by disabled persons is governed by the Air Carrier Access Act.  The ACAA states that, in "providing air transportation, an air carrier . . . may not discriminate against an otherwise qualified individual on the following grounds: (1) the individual has a physical or mental impairment that substantially limits one or more major life activities"; (2) "the individual has a record of such an impairment"; (3) and "the individual is regarded as having such an impairment." 49 U.S.C. § 41705(a).  The statute provides that the DOT "shall investigate each complaint of a violation of subsection (a)."  49 U.S.C. § 41705(c)(1).

To implement and enforce the ACAA, the DOT issued a robust set of regulations, in 14 C.F.R. Part 382, titled "Nondiscrimination on the Basis of Disability in Air Travel."  The regulations "prohibit[] both U.S. and foreign carriers from discriminating against passengers on the basis of disability; requires carriers to make aircraft, other facilities, and services accessible; and requires carriers to take steps to accommodate passengers with a disability."  14 C.F.R. § 382.1.  However, as stated below, there is no private right of action to pursue a claim for discrimination in violation of the ACAA.

### This Court's Dismissal of the Complaint Allegations against the Airline Defendants

On February 21, 2023, this Court dismissed all of Plaintiff's claims against the Airline Defendants for failure to state a claim for relief.  Dkt. 177.  The Court also granted Plaintiffs leave to file an amended complaint, which the Plaintiffs filed on October 10, 2023, although it was not provided to the Airline Defendants via Pacer until October 16, 2023.  Dkt. 190.  The Court's Order dated September 12, 2023, provided the Airline Defendants 21 days in which to respond to the Amended Complaint.  Dkt. 189.

### LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim meets the plausibility standard

1   "when the plaintiff pleads factual content that allows the court to draw the

2   reasonable inference that the defendant is liable for the misconduct alleged."

3   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 556).   Dismissal

4   under Rule 12(b)(6) may be based on (1) lack of a cognizable legal theory, or (2)

5   insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co. v. Space*

6   *Sys./Loral, Inc.,* 710 F.3d 946, 956 (9th Cir. 2013).  When evaluating such a

7   motion, courts "accept all factual allegations in the complaint as true and construe

8   the pleadings in the light most favorable to the nonmoving party." *Knievel v.*

9   *ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (citation omitted).  Although pro se

10  pleadings are liberally construed and held to a less stringent standard than those

11  drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court

12  should dismiss a pro se complaint if it fails to state a claim upon which relief can

13  be granted.

14                                          **ARGUMENT**

15  **I.   PLAINTIFFS' SECTION 1983 CLAIM AGAINST THE AIRLINE**

16  **      DEFENDANTS (COUNT 11) SHOULD BE DISMISSED.**

17          Count 11 of the Amended Complaint purports to hold the Airline Defendants

18  liable for violation of 42 U.S.C. § 1983.  Section 1983 provides in relevant part

19  that "Every person who, under color of any statute, ordinance, regulation, custom,

20  or usage, **of any State or Territory…**, subjects, or causes to be subjected, any

21  citizen of the United States . . . to the deprivation of any rights, privileges, or

22  immunities secured by the Constitution and laws, shall be liable to the party

23  injured in an action . . . for redress . . . ."  (Emphasis added.)  This new claim

24  should be dismissed because there is no allegation that the Airline Defendants

25  acted "under color of state law" in connection with the "deprivation of any rights,

26  privileges or immunities."

27          First, Section 1983 does not apply because Plaintiffs challenge the conduct

28  of private entities and persons to enforce **federal** law, not state law. Specifically,

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Plaintiffs contend that the Airline Defendants' flight attendants helped to ensure that passengers abide by federal laws, including the FTMM (when it was in existence) and the laws requiring that seats be upright during takeoff and landing and against smoking onboard an aircraft. Dkt. 190 ¶ ¶ 836-839.  For a private entity such as the Airline Defendants to be subject to liability under Section 1983, they must be "jointly engaged with **state officials** in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (emphasis added).  Federal officials at FAA and TSA are not "state officials."  This is fatal to Count 11 because "Section 1983, by its terms, is not available in suits against parties who act under color of federal law."  1 Section 1983 Litigation in State and Federal Courts § 2:8; *see also Johnson v. United States*, 642 F. Supp. 2d 1, 4 (D.D.C. 2009) ("§ 1983 only applies to state actors; it does not apply to federal officials acting purely under the color of federal law").

Second, even if a state government rather than the federal government had imposed the FTMM, it still could not be said Airline Defendants did not act "under color of state law."  Liability for deprivation of civil rights pursuant to 42 U.S.C. § 1983 does not typically apply to impose liability on private entities acting in a non-governmental capacity.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Generally, a private entity is not considered a "state actor," nor does it proceed "under color of state law." Rather, "[i]n considering whether there is joint state action, the court considers whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity."  *Parver v. JetBlue Airlines Corp.*, 649 Fed. Appx. 539, 543 (9th Cir.  2016) (citing *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 926 (9th Cir. 2011)) (cleaned up).

In *Parver*, in response to an alert from JetBlue that a passenger on an arriving flight was interfering with flight safety, local police boarded the arriving plane at the gate and removed the plaintiff.  *Id.* at 541.  The Ninth Circuit affirmed

1    the lower court's refusal to apply Section 1983.  The Court of Appeals held that the

2    fact that the airline alerted the police and the "flight crew pointed [plaintiff] out

3    when the officers boarded the plane" was insufficient to create a triable question on

4    joint state action.  *Id*. at 543.

5        Similarly here, the fact that an airline complied with the FTMM does not

6    establish that the airline was acting under color of state law.  *See also Dounce Al*

7    *Dey v. Eye Express Optical*, No. 22-CV-3861 (LTS), 2022 WL 2342625, *2

8    (S.D.N.Y. June 28, 2022) (dismissing Section 1983 claim based on defendant's

9    enforcement of  COVID-19 mask mandate because "[d]efendant Eye Express

10   Optical is a private party and does not appear to work for any state or other

11   government body"); *Wagner v. Metro. Nashville Airport Auth.,* 772 F.2d 227 (6th

12   Cir. 1985) (an air carrier, which leases airport space from state entity and was

13   required to obtain approval of its security plan from the FAA, did not act under

14   color of state law); *Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308 (S.D. Fla.

15   2004) (regulations of cruise shipping industry did not transform a cruise ship

16   company into a state actor even if it used government-owned ports).

17       Third, requiring a passenger to wear a mask onboard aircraft during a

18   pandemic does not deprive the passenger of any rights, privileges, or immunities

19   secured by the Constitution or laws of the United States and Plaintiffs' allegations

20   do not contradict that conclusion.

21       Fourth, to allow passengers to use Section 1983 to pursue claims for

22   disability discrimination by an air carrier would improperly circumvent the

23   exclusive regime under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705,

24   and its implementing regulations in 14 C.F.R. Part 382. The procedure set forth in

25   the ACAA and the implementing regulations it provide the exclusive remedy to

26   passengers seeking to pursue a disability discrimination claim. Such remedies do

27   not include seeking relief from this Court.

28

Victor Rane
9550 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## II. COUNTS 12 AND 13 FOR CIVIL CONSPIRACY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 42 U.S.C. §§ 1985(3) AND 1986.

As in Plaintiffs' original Complaint, they once again allege that the Airline Defendants engaged in an unlawful conspiracy under 42 U.S.C. §§ 1985(3) and 1986 (Counts 12 and 13).  The Court properly dismissed these claims because the Plaintiffs had "only pled conclusory allegations that a conspiracy exists," and "fail[ed] to identify any non-conclusory allegations in the complaint to support their claim."   Dkt. 177, at 17.

In their FAC, Plaintiffs have not provided any additional support for these claims, which should again be dismissed again.  As before, there is nothing more than conclusory allegations of the existence of a conspiracy without any actual facts to demonstrate that a conspiracy was formed.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[b]ecause appellant failed to allege any facts showing . . . invidious[ ]" discrimination on the part of defendants, "the district court was . . . correct in dismissing the § 1985(3) claim"); *Lockary v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) (holding that "[a]llegations of conspiracies must be supported by material facts, not merely conclusory statements").

Second, as with Section 1983, to allow a plaintiff to use Section 1985(3) to challenge air carrier treatment of disabled passengers would improperly circumvent the detailed administrative procedures which exist for the pursuit of airline disability discrimination claims under the ACAA and 14 C.F.R. Part 382. *See D'Amato v. Wis. Gas Co., 760 F.2d 1474, 1487 (7ᵗʰ Cir. 1985)* ("Allowing [plaintiff] to pursue his claim through the mechanism of § 1985(3) would impermissibly intrude on the statutory scheme of both" the ACAA and § 1985(3)). *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1487 (7th Cir. 1985).

Third, Section 1985(3) does not apply to persons claiming discrimination on the basis of disability.  "The original purpose of § 1985(3), which was passed as

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

- 8 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1   the Ku Klux Klan Act of 1871, was to enforce the rights of African Americans and

2   their supporters." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Stated

3   simply, "[d]isabled individuals do not constitute a 'class' within the meaning of

4   section 1985(3)." *Serris v. Chastaine*, No. 2:22-cv-0434-JAM-CKD PS, 2022 WL

5   715115, *3 (E.D. Cal. Mar. 10, 2022), *rep. and rec. adopted*, No. 2:22-cv-0434-

6   JAM-CKD PS, 2022 WL 801427 (E.D. Cal. Mar. 6, 2022) (citing *D'Amato, supra*,

7   at 1486) ("The legislative history of Section 1985(3) does not suggest a concern for

8   the handicapped"); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir.

9   1983) ("We must conclude that a class of 'handicapped persons' . . . was not

10   included as a class in what is now § 1985(3)"); *see also Bartell v. Lohiser*, 215

11   F.3d 550, 559 (6th Cir. 2000) (plaintiff had no actionable Section 1985 claim

12   because statute does not cover claims based on disability-based discrimination or

13   animus); *Chasse v. Humphreys*, No. CV-07-189-HU, 2008 WL 4846208, *4 (D.

14   Or. Nov. 3, 2008) ("nothing in the statute or the findings and purposes suggests

15   that the disabled as a group generally, were to be viewed as a suspect or quasi-

16   suspect class for equal protection or section 1985(3) purposes").

17       Because Plaintiffs lack a cause of action under Section 1985(3), their claims

18   under Section 1986 also fail. *See Karim–Panahi v. Los Angeles Police Dep't*, 839

19   F.2d 621, 626 (9th Cir.1988) (holding that "[a] claim can be stated under section

20   1986 only if the complaint contains a valid claim under section 1985").

21       For the above stated reasons, Counts 12 and 13 should be dismissed.

22   **III.   THE AIRLINE DEFENDANTS ARE NOT SUBJECT TO**
23   **PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT.**

24       Counts 14, 16, 17, 18 and 29 of the FAC purport to once again allege

25   violations of the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a), based on Plaintiffs

26   claim that the Airline Defendants implemented "discriminatory seating policies

27   against disabled passengers who could not safely don a facemask" while onboard

28   their flights. Dkt. 190, ¶ 1373. The Court properly ruled before that Plaintiffs lack

- 9 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

a private right of action under the RA because "the funds the Airline Defendants received from the government under the CARES Act were compensation in response to the economic crises created by COVID-19 and do not constitute a subsidy or federal financial assistance under the RA."  Dkt. 177, at 18.

This Court's prior ruling is fully supported by the undisputed facts and Plaintiffs have provided no reason that the Court should reverse itself.  As set forth in the document "CARES Act Payroll Support to Air Carriers and Contractors" (Cong. Res. Serv. Oct. 22, 2020), Dkt. 1-1, Pl's Ex. 142 at 242), "the amount received by each air carrier . . . was to be based on its payroll expenses for the six-month period from April through September 2019, and . . . **the payroll support funds must be used exclusively for continuing the payment of employee wages, salaries, and benefits**."  (Emphasis added).  Because the CARES Act funds were provided for the purpose of paying wages, salaries and benefits, rather than the air carriers' discretionary use, receipt of the funds does not constitute federal financial assistance within the meaning of the RA.  *See* S. Rep. No. 100-64, at 17–18 (1987) ("Federal financial assistance extended to a corporation or other entity 'as a whole' refers to situations where the corporation receives general assistance that is not designated for a particular purpose.").  Accordingly, Section 504 of the RA is inapplicable to the Airline Defendants. *See Lucius v. Fort Taco, LLC*, No. 21-22397, 2022 WL 335491, at *5-6 (S.D. Fla. Jan. 5, 2022) (the RA was inapplicable because Paycheck Protection Program loans the defendant received were not federal financial assistance within meaning of the RA); *Collins v. Giving Back Fund*, No. 18-civ-8812 (CM), 2019 WL 3564578, at *11 (S.D.N.Y. Aug. 6, 2019) ("federal funding to a private entity not primarily engaged in education, health care, housing or parks and recreation, when that funding is earmarked for a particular project or site within the entity's operation, is not 'as a whole' federal funding for purposes of the Rehabilitation Act").

Moreover, Plaintiffs cannot use the RA to circumvent the absence of a

private right of action under the ACAA.  *See Shotz v. Am. Airlines, Inc.*, 420 F.3d

1332, 1337 (11th Cir. 2005) (holding that the RA does not apply to airlines

because of their receipt of governmental assistance following the September 11

attacks).   In *Shotz*, the Court of Appeals held:

> To accept plaintiffs' contention here, one would have to believe that
> Congress intended, in the wake of the September 11 terrorist acts, to
> undermine the ACAA by providing a separate and distinct method for
> addressing an airline carrier's discrimination on the basis of disability,
> one that allows for an individual to bring a private lawsuit in a district
> court—something not available under the ACAA. . . . We decline to
> accept plaintiffs' arguments.  (*Id.*) (internal citations omitted).

As with the September 11 relief cited above, in enacting the CARES Act,

Congress could not have intended for private parties to avoid all of the DOT

regulations under the ACAA in 14 C.F.R. Part 382 merely because an air carrier

received emergency federal governmental assistance under the CARES Act in

connection with the COVID-19 pandemic.

The legislative history of the amendment to define "program or activity"

under the RA also demonstrates the purposefully intended limited scope of Section

504's coverage as it relates to corporations or private entities, such as airlines.  The

U.S. Senate Report provides the following explanation of "federal financial

assistance" within the meaning of Section 504: "Federal financial assistance

extended to a corporation or other entity "as a whole" refers to situations where the

corporation receives general assistance that is not designated for a particular

purpose." S. Rep. No. 100-64, at 17–18 (1987).

Notwithstanding the foregoing, Plaintiffs insist that the Airline Defendants

are subject to the RA because they signed a paper stating that they would be

subject to applicable laws, including the Rehabilitation Act.  Dkt. 190 ¶ 912.  But

for the reasons set forth above, the RA is not applicable to Airline Defendants

simply because they received CARES Act money.

Finally, even if the RA applied because of the Airlines Defendants' receipt

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

- 11 -

of CARES Act money (which it does not), that money is no longer being paid to the Airline Defendants and thus cannot be tied to Plaintiffs' planned flights in 2022 and the injunctive relief they seek on a prospective basis.  *See, e.g., Hingson v. Pac.c Sw. Airlines*, 743 F.2d 1408 (9th Cir. 1984) (airline not liable for discrimination under the Rehabilitation Act since the record indicated that the airline was not receiving a federal subsidy for airmail carriage at the time the alleged discrimination occurred); *Angel v. Pan Am. World Airways*, 519 F. Supp. 1173 (D.D.C. 1981) (airline not potentially liable under the RA where the airline received no direct federal subsidies during the time period in question) ; s*ee also Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975 (10th Cir. 2021) (RA did not apply to airline despite monetary benefit from federal funding for airport).

## IV.  PLAINTIFFS LACK A PRIVATE RIGHT OF ACTION TO ALLEGE VIOLATIONS OF THE AIR CARRIER ACCESS ACT.

Plaintiffs' assertion that the Airline Defendants are liable for discriminating against them in violation of the ACAA (FAC Counts 23- 30) should be rejected once again because, as this Court previously found, there is no private right of action to pursue a claim for violation of the ACAA.  Dkt. 177, at 18-19.

A passenger alleging discrimination by an airline on the basis of disability allegedly in violation of the ACAA must file an administrative complaint with the DOT, and if the passenger disputes the DOT's final decision in its administrative proceeding – or claims that the DOT failed to timely act on an administrative complaint –  the passenger can file a petition for review of the DOT action in the U.S. Circuit Court of Appeals, pursuant to 49 U.S.C. § 46110.

To circumvent this well-settled law, Plaintiffs once again assert that they *should* have a private right of action to enforce the ACAA against the Airline Defendants because, in their view, the DOT has failed to enforce the ACAA.  Dkt. 190, ¶ 954.  Not only is this untrue, but it is also irrelevant: a statute that lacks a private right of action, such as the ACAA, cannot grant one to an individual based

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  on an allegation that the federal agency charged with implementing that statute did

2  not enforce the law in the manner, or to the extent, that the individual prefers. *See,*

3  *e.g., Walck v. Am. Stock Ex., Inc.*, 687 F.2d 778, 786 (3d Cir. 1982) ("We cannot

4  infer . . . that Congress nonetheless authorized by implication authority in the

5  federal courts to intervene in the self-regulatory system" because of a stock

6  exchange's "failure to enforce its own rules"). Because there is no private right of

7  action to enforce the ACAA in this Court, Plaintiffs' allegations that the Airline

8  Defendants have violated the ACAA in connection with the requirement to wear

9  masks on aircrafts should therefore be dismissed.

10      Similarly, Plaintiffs assertion that "there is no robust enforcement scheme"

11  by DOT and that "[i]f there was . . . a clear mandate from Congress, the Circuit

12  Courts would be required to review the agency to determine if they were doing

13  what Congress required of them." (ECF No. Dkt.190, ¶ 968). This argument

14  ignores the fact that to the extent that Plaintiffs claim that DOT has failed to timely

15  act on any administrative complaints they filed with DOT under the ACAA, any

16  such legal challenge was required to be brought in the Courts of Appeals under 49

17  U.S.C. § 46110. In that instance, a Circuit Court can order DOT to take action on

18  a an ACAA complaint, but that does not change the facts that the Circuit Courts

19  possess the exclusive right to do so. *See In re Nat. Res. Def. Council, Inc.*, 956

20  F.3d 1134, 1138 (9th Cir. 2020) (where Circuit Court has jurisdiction to review

21  agency decision it also has power to issue mandamus for agency to act);

22  *Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir.

23  1984) (factors to determine if agency delay should be subject to mandamus order

24  by Circuit Court).

25  **V.    THE CLAIMS FOR VIOLATION OF THE CALIFORNIA UNRUH**
26  **CIVIL RIGHTS ACT SHOULD BE DISMISSED.**

27      Count 18 of the FAC purports to allege a violation of the California Unruh

28  Civil Rights Act against the Airline Defendants. However, as before, these claims

are preempted by federal law; and Plaintiffs who reside outside of California – such as the Gordons – lack standing to pursue a claim under the California Unruh Act, in the first place.

## A.    The Deregulation Act Preempts Count 18.

The Airline Deregulation Act, 49 U.S.C. § 41713(b) ("Deregulation Act"), preempts Count 18 because it seeks to enforce a state law that relates to an air carrier "service."  The Deregulation Act states that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, *or service of an air carrier* . . . ."  *Id.* (emphasis added). Congress enacted the Deregulation Act in 1978 "determining that 'maximum reliance on competitive market forces' would best further 'efficiency, innovation, and low prices'" in the airline-services market.  *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992) (quoting 49 U.S.C. §§ 1302(a)(4), 1302(a)(9)).  The preemption clause "ensure[s] that the States [do] not undo federal deregulation with regulation of their own."  *Id.*  (emphasis added).  The Supreme Court has interpreted the preemptive effect of the Deregulation Act broadly.  Any state law, including state common law, "having a connection with or reference to" airline prices, routes, or services is preempted unless the connection or reference is "too tenuous, remote, or peripheral."  504 U.S. at 384.  *See Montgomery v. Delta Air Lines, Inc.*, No. 22-10692, 2023 WL 2400743, *5 (5th Cir. March 8, 2023) (refusal to wear a mask preempted because boarding and transportation are "services" under the Deregulation Act).

## B.    The ACAA Preempts Plaintiffs' Unruh Act Claims.

Plaintiffs' Unruh Act claims also are preempted by the ACAA, which exclusively governs allegations of discriminatory or unfair treatment of passengers claiming a disability.  As this Court previously found:

The ACAA comprehensively addresses not only discrimination in the form of access to services and information, but also with respect to assisting disabled passengers in boarding, deplaning, and connecting to

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

subsequent flights." *Lagomarsino v. Delta Airlines, Inc*., No.
CV193131, 2020 WL 1955314, at *3 (C.D. Cal. Feb. 7, 2020). The
ACAA thus impliedly preempts Plaintiffs' Unruh Act claim. *See
Azocar v. Delta Air Lines, Inc.*, 562 F. Supp. 3d 788, 794 (C.D. Cal.
2021) (dismissing plaintiff's Unruh Act claims as preempted by the
ACAA); *Lagomarsino*, 2020 WL 1955314, at *3 (C.D. Cal. Feb. 7,
2020) (same).

Dkt. 177 at 19-20. This result was correct. *See Nat'l Fed'n of the Blind v. United
Airlines Inc.*, 813 F.3d 718, 736-37, 740 (9th Cir. 2016) (the court held that claims
for discrimination under the Unruh Act were "field preempted" by the ACAA).

### C.  The Federal Aviation Act Preempts Plaintiffs' Unruh Act Claims.

Plaintiffs' Unruh Act claims are also preempted by the Federal Aviation Act
("FA Act"), 49 U.S.C. § 40101, *et seq.,* because they relate to air carrier decisions
made for the purpose of enforcing Federal Aviation Administration ("FAA")
requirements relating to aircraft passenger safety.  *See, e.g., Montalvo v. Spirit
Airlines*, 508 F.3d 464, 468 (9th Cir. 2007) (the "FA [Act] preempts the entire field
of aviation safety through implied field preemption").

Congress enacted the FA Act to create "a single, uniform system for
regulating aviation safety." *Montalvo,* 508 F.3d at 471; *City of Burbank v.
Lockheed Air Terminal Inc.,* 411 U.S. 624, 638-39, 93 S. Ct. 1854, 36 L. Ed. 2d
547 (1973) (The FA Act provides "a uniform and exclusive system of federal
regulation.").  Congress vested within the Federal Aviation Administration "full
responsibility and authority for the … promulgation and enforcement of safety
regulations," and intended that the FAA serve as "the sole arbiter of air safety."
*Montalvo,* 508 F.3d at 472 (citations omitted); *Abdullah v. Am. Airlines, Inc.,* 181
F.3d 363, 368-69 (3d Cir. 1999) ("By enacting the FAA, Congress intended to rest
sole responsibility for supervising the aviation industry with the federal
government … aviation … operations are conducted almost wholly within federal
jurisdiction, and are subject to little or no regulation by States or local authorities."

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

- 15 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  (citations omitted)).

2        Courts dismiss state law claims against airlines when the plaintiff cannot

3  allege or show a violation of any federal regulations that control the airline's

4  conduct.  *See e.g., Montalvo*, 508 F.3d at 474 ("[B]ecause there is no federal

5  requirement that airlines warn passengers about the risk of developing DVT,

6  Plaintiffs' negligence claim fails as a matter of law."); *Ahmadi v. United Cont'l*

7  *Holdings, Inc.,* Case No. 1:14-CV-00264 LJO, 2015 WL 4730116, at *6-7 (E.D.

8  Cal. Aug. 10, 2015) (failure to warn and failure to train claims were preempted and

9  dismissed because the plaintiff was unable to show any violation of federal

10  regulations); *Kropp v. United Airlines, Inc.,* Case No. CV 19-8344-GW-SSx, 2021

11  WL 4048737, at *3 (C.D. Cal. Aug. 19, 2021)  (the plaintiff has failed to allege or

12  prove that the airline violated any federal aviation regulations in connection with

13  the alleged turbulence and hard landing), *aff'd* No. 21-55960, 2022 WL 2156109

14  (9th Cir. June 15, 2022).

15        Here, Plaintiffs cannot show a violation of any federal regulations because

16  they claim the exact opposite, *i.e.,* that the Airline Defendants were wrong to

17  comply with the federal regulations.  Given that the FTMM and the related TSA

18  security directives directly relate to aircraft safety and security, any attempt to use

19  state law to interfere with this federally mandated safety requirement is preempted

20  by the FA Act.

21              **D.    Plaintiffs Lack Standing under the Unruh Act.**

22        Although Plaintiff Cindy Russo claims to be a resident of California, Dkt.

23  190, ¶ 24, the Gordons do not assert that they live in California, Dkt. 190, ¶ 23.

24  Ms. Marcus claims to have a California mailing address (Dkt. 190, ¶ 21), but does

25  not claim to own a home in California.  These Plaintiffs thus all lack standing.

26        Moreover, although the FAC references multiple flights that involved

27  California airports, it does not assert that the Airline Defendants undertook any

28  challenged acts within the State of California.  To the contrary, the FAC

acknowledges that none of the Airline Defendants are based in California.  Dkt.
190, ¶¶ 29-36.  This is fatal because the Unruh Act only applies to discrimination
that takes place within California's jurisdiction.  *Sousanis v. Northwest Airlines,
Inc.*, No. C-99-2994MHP, 2000 WL 34015861, *7 (N.D. Cal. March 3, 2000)
("Simply because plaintiff resides in California, purchased her ticket here, and her
flight originated here does not mean that the California statutes [including §
17200] she has sued under apply outside the state. The Legislature did not
contemplate these statutes reaching outside of the jurisdiction, and they do
not. Were it otherwise, airlines would be subject to a variety of statutes in many
different jurisdictions, even on the basis of one interstate flight."); *Wilson v. Frito-
Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013) (dismissing §
17200 and § 17500 claims based on activity occurring outside of California); *T.P.
v. Walt Disney Parks and Resorts U.S., Inc.*, No. CV 15-05346-CJC (EX), 2021
WL 3598574, at *2 (C.D. Cal. Apr. 20, 2021) (plaintiff's "Unruh Act claim fails
because the Unruh Act is 'expressly limited to discrimination that takes place
within California's borders'"); *Loving v. Princess Cruise Lines, Ltd.*, No. CV 08-
2898-JFW-AJWX, 2009 WL 7236419, at *8 (C.D. Cal. Mar. 5, 2009) ("the Unruh
Act . . . [does] not apply to claims of nonresidents of California injured by conduct
occurring beyond California's borders").

　　Yet even her claim still must fail because, as set forth above, the Unruh Act
claims are preempted by the ACAA and the FA Act.

## VI.   PLAINTIFFS' CLAIMS FOR BREACH OF CONTRACT SHOULD BE DISMISSED.

　　Count 21 of the FAC purports to allege a claim for breach of contract against
the Airline Defendants.  This Court properly dismissed the breach of contract claim
in the initial Complaint (Dkt. 177, at 20-21) and should do so again now.
Plaintiffs' breaches of contract claim continue to fail to identify a specific
contractual undertaking of any of the Airline Defendants that was breached.  This

omission alone is fatal to Plaintiffs' breach of contract claim because no Plaintiff can pursue a claim for breach of contract without identifying specific contractual language which they contend the Airline Defendants violated.

Congress' goal in enacting the Deregulation Act was to ensure that commercial air transportation rates, routes, and services maximally rely on competitive market forces in an effort to stimulate efficiency, quality, innovation, variety, and low prices. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992).  Allowing a breach of contract claim based on the Airline Defendants' refusal to permit Plaintiff to board flights in furtherance of their obligations under federal law would improperly interfere with the federal regulation of air service. *See e.g., Smith v. Comair, Inc.*, 134 F.3d 254, 258 (4th Cir. 1998) (rejecting a breach of contract claim arising from an alleged denied boarding of a passenger who had lacked identification because "it directly implicates the airline's discretion and/or duty under federal law").

The narrow exception to Deregulation Act preemption for routine breach of contract claims is inapplicable here.  That exception is solely for claims where the airline breached its own contract of carriage ("COC"), i.e. obligations it has voluntarily assumed. *See American Airlines v. Wolens*, 513 U.S. 219, 228, 230 (1995).   But it does not apply where, as here, Plaintiffs have failed to identify the specific COC provisions that were allegedly breached.

For instance, in *Hughes v. Sw. Airlines Co.*, No. 18 C 5315, 2019 WL 1375927 (N.D. Ill. Mar. 26, 2019), the plaintiff alleged that the airline breached its COC by failing to have sufficient deicing fluid at the airport.  However, the plaintiff failed to point to language in the COC that required the airline to have sufficient deicing fluid available for a flight, and this in dismissing the plaintiff's breach of contract claim, the court held that the plaintiff's "**failure to sufficiently identify the contractual obligation that Southwest breached** not only fails to state a claim for breach of contract but also precludes the Court from finding that

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

[plaintiff] identified a self-imposed undertaking that would bring this breach of
contract claim within the *Wolens* exception to ADA preemption." *Id.* at *4
(emphasis added); *see also McGarry v. Delta Air Lines, Inc.*, No. CV 18-9827-
MWF (EX), 2019 WL 2558199, at *5 (C.D. Cal. June 18, 2019), *aff'd*, 812 F.
App'x 625 (9th Cir. 2020) ("But the Contract of Carriage itself contains no self-
imposed promise from Delta as to how it will handle customer data. Neither does it
promise specific procedures of third-parties . . . that have access to such data.").
Here too, Plaintiffs have not identified any language in the Airline Defendants'
respective COCs that was breached, so Plaintiffs claims must be dismissed

## VII.   PLAINTIFFS' ALLEGATION OF RECKLESS AND DESPICABLE CONDUCT FAILS TO STATE A CLAIM FOR RELIEF.

Count 22 of the FAC purports to allege a claim for reckless endangerment
because of the Airline Defendants enforcement of the FTMM.  However, this
Court correctly dismissed their nearly identical prior claim for "reckless
endangerment" because such a claim is not recognized under California law.  Dkt.
177, at 21.

Reckless endangerment is a criminal charge which has no application in this
civil case.  *See* 6 Am. Jur. 2d Assault and Battery § 20 ("The crime of reckless
endangerment is committed when a defendant commits an act that places another
in imminent danger of death or serious bodily injury").  *See Brookins v. Rafferety*,
59 F. App'x 983, 983–84 (9th Cir. 2003) ("there is no tort claim of reckless
endangerment under California law").  The FAC refers to California Code § 3294,
but this provision does not create a cause of action for reckless endangerment.

Finally, even if this claim were valid, it is preempted by federal law, because
it is intertwined with claims preempted under the FA Act, the ACAA, and/or the
ADA.  *See e.g., Covino v. Spirit Airlines, Inc.,* No. 220CV01039GMNNJK, 2021
WL 4248079, at *3 (D. Nev. Sept. 17, 2021) (dismissing a state law claim because
"[it] is inextricably intertwined with the alleged ACAA violation").

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## VIII. THERE IS NO VIABLE CLAIM FOR PRACTICING MEDICINE WITHOUT A LICENSE.

In Count 23, Plaintiffs alleges that the Airline Defendants are liable for practicing medicine without a license.  This claim should be dismissed once again because the Airline Defendants were merely implementing the FTMM.  *See* Dkt. 177, at 21 ("There is no private right of action under the FDCA.") *See Perez v. Nidek Co*., 711 F.3d 1109, 1119 (9th Cir. 2013).

Additionally, the FAC lacks sufficient factual allegations to state a plausible claim of practicing medicine without a license. Moreover, to the extent Plaintiffs rely on the California constitution for their claims, state law claims regarding an airline's decision to refuse to transport passengers based on safety concerns and the FTMM are preempted by the ADA. *Wall v. Southwest Airlines Co., et al.*, No. 6:21-cv-1008-PGB-DCI, 2021 WL 8201967 (M.D. Fla. Dec. 8, 2021), Dkt. 153, at 6 ("the Court is unpersuaded that Alaska Airlines is illegally practicing medicine without a license by requiring passengers to wear a mask on the flight. The Alaska Airlines flight attendants were simply enforcing a federal mandate requiring all passengers to wear a mask while on the flight. As a matter of common sense, it is antithetical to reason that asking someone to wear a mask is in any way analogous to practicing medicine"); *Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.,* 577 F. Supp. 3d 1141,1151 (D. Or. Dec. 22, 2021) (holding that requiring the correct placement of medical grade masks or face coverings in school did not amount to practicing medicine).

## IX. PLAINTIFFS FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY.

Count 24 of the FAC purports to allege a claim for invasion of privacy allegedly forcing a disabled passengers to disclose his/her medical conditions as a condition of transportation.  This claim should be dismissed again their claim is preempted by the ADA.   *See* Dkt. 177, at 22 (dismissing invasion of privacy claim

- 20 -

as preempted by the ADA); *Pica v. Delta Air Lines, Inc.,* 812 F. App'x 591, 593
(9th Cir. 2020) (affirming dismissal of state law claims for alleged failure to
protect personal information and timely notify of a data breach because they were
preempted under the ADA); *In re Am. Airlines, Inc., Privacy Litig.,* 370 F. Supp.
2d 552, 564 (N.D. Tex. 2005) (state law claims for invasion of privacy in
connection with ticket reservation preempted under the Deregulation Act); *Elnajjar
v. Nw. Airlines, Inc.,* Nos. Civ. A. H-04-680, Civ. AH-04-681, 2005 WL 1949545,
at *17-18 (S.D. Tex. Aug. 15, 2005) (invasion of privacy claims for questioning by
an agent during check in preempted under the Deregulation Act).

Further, Plaintiffs have failed to allege the requisite elements of their privacy
claim anyway.  Under California law, a plaintiff must show three elements to
adequately state a claim for invasion of privacy: "(1) a legally protected privacy
interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a
serious invasion of the privacy interest."  *Schmitt v. SN Servicing Corp.*, No. 21-
cv-03355-WHO, 2021 WL 5279822, *3 (N.D. Cal. Nov. 12, 2021).  There is a
"high bar" for pleading an invasion of privacy claim.  *Low v. LinkedIn Corp.,* 900
F. Supp. 2d 1010, 1025 (N.D. Cal. 2012).  "Actionable invasions of privacy must
be sufficiently serious in their nature, scope, and actual or potential impact to
constitute an egregious breach of the social norms underlying the privacy right."
*Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994).  "Even negligent
conduct that leads to theft of highly personal information . . . does not approach the
standard of actionable conduct under the California Constitution and thus does not
constitute a violation of Plaintiffs' right to privacy."  *In re iPhone Application
Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (internal citation and quotation
marks omitted).

Indeed, the privacy protection afforded to California residents "is far from
absolute, and must be balanced against 'other important interests.'"  *Burcham v.
City of Los Angeles*, 562 F. Supp. 3d 694, 705 (C.D. Cal. 2022) (citing *Hill, supra*,

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

at 37).  Thus, a defendant may defeat a state constitutional privacy claim, as here, by showing "that the invasion of privacy is justified because it substantially furthers one or more countervailing interests."  *Burcham,* 562 F. Supp. 3d at 705 (plaintiffs challenging COVID-19 vaccine mandate failed to allege violation of privacy interest) (citing *Hill, supra,* at 40).

Plaintiffs' allegations that the Airline Defendants unlawfully invaded their privacy interests by seeking information relating to their claimed medical disability are meritless because it is evident that the Airline Defendants sought such information solely to implement the FTMM.  As set forth in the DOT Guidance, Dkt, 1-1, Pl. Ex. 7, the Airline Defendants were fully authorized to seek information from passengers seeking to be exempt from the requirement to wear a mask on the aircraft, and, therefore, any alleged privacy incursion was per se justified by the Airlines' need to implement the FTMM.  *See, e.g., Guilfoyle v. Beutner*, Case No. 221CV05009VAPMRWX, 2021 WL 4594780, at *21 (C.D. Cal. Sept. 14, 2021) (holding that there is "a legitimate and important interest in implementing COVID-19 mitigation measures, which justifies any invasion of Plaintiffs' privacy.").

Surely, Plaintiffs would complain if the Airline Defendants refused to consider a mask exemption request and instead required all passengers to wear a mask.  Instead, the Airline Defendants sought to apply the limited mask exemptions where a passenger qualified based on the DOT Guidance. To do so, the Airline Defendants necessarily required the information upon which they could determine whether an exemption should be granted.  Plaintiffs' FAC made no allegation that the Airline Defendants ever shared Plaintiffs' medical information with anyone other than the airlines and their medical consultants (*e.g*., STAT-MD or Medaire), and they did so solely to determine if a mask exemption was warranted, which was clearly contemplated by DOT Guidance.

Moreover, Plaintiffs have voluntarily placed their medical information into

- 22 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1   the public record of this case by filing exhibits not subject to any protective order.

2   If disclosure of their medical information truly constituted an invasion of privacy,

3   it would not have been publicly filed. Plaintiffs' allegations are contradicted by

4   their own actions.

5   **X.    THE CLAIMS OF FRAUDULENT MISREPRESENTATION ARE
       PREEMPTED BY THE AIRLINE DEREGULATION ACT.**

6

7        Count 25 of the FAC purports to allege a claim for Fraudulent

8   Misrepresentation against the Airline Defendants.  As this Court previously found,

9   these claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b).

10  Dkt. 177, at 22 (fraudulent misrepresentation claim preempted by the ADA).

11        The Supreme Court has twice held that the ADA preempts state law claims

12  rooted in fraud.  In *Morales, supra*, 504 U.S. at 389-391, the Supreme Court held

13  that state guidelines which regulated purportedly false advertising by airlines were

14  preempted by the ADA. *See* 504 U.S. at 389-391. This outcome reflected that the

15  ADA was designed to promote "maximum reliance on competitive market forces."

16  *Id.* at 378 (citation omitted).  The Court emphasized that its decision did "not give

17  the airlines *carte blanche* to lie and deceive consumers; the DOT retains the power

18  to prohibit" unfair and deceptive airline practices.  *Id.* at 390–91; *see Wolens*, 513

19  U.S. at 228 (ADA preempted claims based on the Illinois's Consumer Fraud and

20  Deceptive Business Practices Act).

21        But courts throughout the U.S. have properly followed the Supreme Court

22  precedent and held that Plaintiffs' type of state law fraud claim is preempted by the

23  ADA.  *See, e.g., Pica v. Delta Air Lines, Inc.*, No. CV 18-2876-MWF (EX), 2018

24  WL 5861362, at *7 (C.D. Cal. Sept. 18, 2018) (holding that claims for unlawful,

25  unfair or fraudulent business or practice under California law preempted by the

26  ADA); *Banga v. Gundumolgula,* No. 2:13-CV-00667-MCE, 2013 WL 3804046, at

27  *3 (E.D. Cal. July 19, 2013), *rep. and rec. adopted*, Case No.

28  213CV0667MCDCKDPS, 2013 WL 11332786 (E.D. Cal. Sept. 12, 2013) ("Unfair

business practice laws, such as the UCL, have consistently been found preempted
by the ADA."); *Weber v. U.S.Airways, Inc.*, 11 F. App'x 56, 57 (4th Cir. 2001)
(fraud claim relating to prices and services preempted by the ADA because "it
seeks to enforce a legal duty on the defendant that is independent of the parties'
contract") (citing cases across circuits); *Rojas v. Delta Airlines, Inc.*, 425 F. Supp.
3d 524, 545 (D. Md. 2019) ("Plaintiffs' claims of fraud and fraudulent
concealment . . . are based on state-imposed obligations, so they are preempted by
the ADA and must be dismissed with prejudice").  Finally, Plaintiffs' fraud and
misrepresentation claims also are preempted by the ACAA and should be
dismissed for that additional reason.  *Wright ex rel. D.W. v. Am. Airlines, Inc.,*
249 F.R.D. 572, 575 (E.D. Mo. 2008) (state law misrepresentation claims dismissed
due to ACAA preemption).

## XI.   THERE IS NO CONSTITUTIONAL RIGHT TO TRAVEL BY AIRCRAFT.

Count 26 of the FAC purports to allege a claim for infringement on the
constitutional right to travel against the Airline Defendants.  However, as this
Court correctly ruled, Plaintiffs "do not possess a fundamental right to travel by
airplane even though it is the most convenient mode of travel for [them]."  Dkt.
177, at 23 (citing *Gilmore v. Gonzales,* 435 F.3d 1125, 1137 (9th Cir. 2006)).
Additionally, "Plaintiffs have not been deprived of their right to travel" because
they may "still travel by means other than aircraft," or "may travel by aircraft
without a mask by obtaining an exemption," or "may travel by airplane with a
mask."  *Id.* (citing *Andreadakis v. CDC*, No. 3:22CV52(DJN), 2022 WL 2674194
(E.D. Va.), at *13 (2022) (on appeal)).  *See also Miller v. Reed*, 176 F.3d 1202,
1204 (9th Cir. 1999) ("by denying Miller a single mode of transportation," the
government "did not unconstitutionally impede Miller's right to interstate travel");
*Wall v. CDC*, 543 F. Supp. 3d 1290 (M.D. Fla. 2021) (mask mandate did not
infringe passenger's Constitutional right to travel).  The Court should dismiss this

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

claim again.

## XII.  PLAINTIFFS' CLAIMS ARE MOOT.

On June 22, 2023, the Eleventh Circuit issued its decision in *Health Freedom Defense Fund, Inc. v. Biden*, 71 F. 4th 888 (11th Cir. 2023).  The court stated: "there is no longer any Mandate for us to set aside or uphold.  Indeed, even if we were to decide *against* Appellees and *reverse* the district court – as the government desires – there would be no Mandate to reinstate."  *Id*. at 892 The court further held that: "there is no reasonable basis to expect the Mandate will be reinstated if this case is rendered moot. . . . Further, nothing in the text of the Mandate suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate."  *Id*.

## XIII.  PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED.

The FAC seeks an award of "punitive damages" against the Airline Defendants.  Dkt. 190, p. 216, ¶ 30; p 217, ¶¶ 42-44.  However, not only is there zero factual basis for any damages, much less punitive damages, the punitive damages request is also preempted by the ADA.  *See, e.g., Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 n.8 (7th Cir. 1996) (holding that a punitive damage claim was preempted because it related to air carrier rates, routes and services and expanded the rights of the plaintiff beyond the terms of the contract); *Starker v. Spirit Airlines*, No. 17-CV-6812 (HBP), 2019 WL 4194572, at *8 (S.D.N.Y. Sept. 3, 2019); *Norman v. Trans World Airlines, Inc.*, No. 98-CIV-7419 (BSJ), 2000 WL 1480367, at *6 (S.D.N.Y. Oct. 6, 2000); *Flaster/Greenberg P.C. v. Brendan Airways, LLC*, No. 08–4333, 2009 WL 1652156, at *6 (D.N.J. June 10, 2009).

## <u>CONCLUSION</u>

Due to the foregoing, the First Amended Complaint and this action should be dismissed with prejudice.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Dated: October 31, 2023

Respectfully submitted,

By:_____

Richard A. Lazenby
Michael Cutler
VICTOR RANE
-and-
M. Roy Goldberg (Admitted *Pro Hac Vice*)
STINSON LLP

*Attorneys for Defendants*
*Alaska Airlines, Inc.,*
*American Airlines, Inc.,*
*Delta Airlines, Inc.,*
*Hawaiian Airlines, Inc.,*
*Southwest Airlines Co., and*
*United Airlines, Inc.*

Brian T. Maye (Admitted *Pro Hac Vice*)
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: (312) 422-5713

*Attorneys for Defendants*
*Frontier Airlines, Inc.*
*Allegiant Air, LLC*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

**CERTIFICATE OF COMPLIANCE**

On October 24, 2023, the defendants and all four of the remaining plaintiffs held a Zoom conference call for the purpose of conducting a meet and confer with regard to the arguments raised in the above brief (and in connection with arguments to be raised in separate briefs to be filed by the other defendants).

Dated: October 31, 2023                    Respectfully submitted,

By: _____

Richard A. Lazenby
Michael Cutler
VICTOR RANE
-and-
M. Roy Goldberg (Admitted *Pro Hac Vice*)
STINSON LLP

*Attorneys for Defendants*
*Alaska Airlines, Inc.,*
*American Airlines, Inc.,*
*Delta Airlines, Inc.,*
*Hawaiian Airlines, Inc.,*
*Southwest Airlines Co., and*
*United Airlines, Inc.*

Brian T. Maye (Admitted *Pro Hac Vice*)
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: (312) 422-5713

*Attorneys for Defendants*
*Frontier Airlines, Inc.*
*Allegiant Air, LLC*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849