Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Barry S. Alexander (*pro hac vice*)
Email: balexander@victorrane.com
14 Wall Street, 20th Floor
New York, NY 10005
Telephone: (646) 585-4322

Brittany C. Wakim (*pro hac vice*)
Email: bwakim@victorrane.com
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 297-3356

Attorneys for Defendant
MEDAIRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**DEFENDANT MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (Doc. 190) PURSUANT TO F.R.C.P. 12(b)(6) AND 12(b)(2)**<br><br>Hearing Date: December 8, 2023<br>Time: 2:00 PM<br>Courtroom: 2<br>Judge: Hon. Sunshine S. Skyes |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

STATEMENT OF FACTS ....................................................................................... 2

LEGAL STANDARD .............................................................................................. 3

    A.    Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ........................................................................................ 3

    B.    Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). ........................................................................................ 4

ARGUMENT ............................................................................................................ 4

    I.    PLAINTIFFS' SECTION 1983 CLAIM SHOULD BE DISMISSED ........................................................................................ 4

    II.    PLAINTIFFS' CLAIMS FOR CIVIL CONSPIRACY SHOULD BE DISMISSED .......................................................... 6

    III.    MEDAIRE IS NOT SUBJECT TO PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT ........................................... 7

    IV.    PLAINTIFFS' CLAIMS AGAINST MEDAIRE FOR VIOLATION OF THE AIR CARRIER ACCESS ACT SHOULD BE DISMISSED .......................................................... 9

    V.    PLAINTIFFS' CLAIMS FOR VIOLATION OF THE UNRUH ACT SHOULD BE DISMISSED ................................................... 10

        A.    Plaintiffs not residing in California lack standing to assert these claims. ............................................................................ 10

        B.    Plaintiffs have alleged no interaction with MedAire that would implicate the Unruh Act. ............................................... 11

        C.    Plaintiffs' Unruh Act claims are preempted by the Airline Deregulation Act ..................................................................... 11

        D.    Plaintiffs' Unruh Act claims are preempted by the Federal Aviation Act. .................................................................... 13

        E.    If deemed applicable to MedAire, the ACAA preempts Plaintiffs' Unruh Act claims. ......................................................... 15

    VI.    PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY .................................................................................... 15

    VII.    PLAINTIFFS FAIL TO STATE A CLAIM FOR MEDICAL MALPRACTICE ....................................................................... 18

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

i

VIII.   THIS COURT LACKS PERSONAL JURISDICTION OVER MEDAIRE FOR PLAINTIFFS' CLAIMS ........................................20

    A.   MedAire is not subject to general personal jurisdiction in California. ..............................................................20

    B.   MedAire is not subject to specific personal jurisdiction in California for Plaintiffs' claim. ................................20

IX.   PLAINTIFFS' CLAIMS ARE MOOT ...............................................21

X.   THE REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED .........................................................................22

CONCLUSION ....................................................................................22

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

ii

1

# **TABLE OF AUTHORITIES**

2

**Federal Cases**

3

*Abdullah v. Am. Airlines, Inc.*,
    181 F.3d 363 (3d Cir. 1999) ............................................................. 14

4

*Adams v. Johnson*,
    355 F.3d 1179 (9th Cir. 2004) ........................................... 3, 10, 19

5

*Afkhami v. Carnival Corp.*,
    305 F. Supp. 2d 1308 (S.D. Fla. 2004) ......................................... 5

6

7

*Ahmadi v. United Cont'l Holdings, Inc.*,
    2015 U.S. Dist. LEXIS 104748 (E.D. Cal. Aug. 10, 2015) ............... 14

8

*Al Dey v. Eye Express Optical*,
    2022 U.S. Dist. LEXIS 144566 (S.D.N.Y. June 28, 2022) ............... 5

9

10

*Aldabe v. Aldabe*,
    616 F.2d 1089 (9th Cir. 1980) ......................................................... 6

11

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........................................ 17

12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................... 3

13

14

*Azocar v. Delta Air Lines, Inc.*,
    562 F. Supp. 3d 788 (C.D. Cal. 2021) ......................................... 15

15

*Bartell v. Lohiser*,
    215 F.3d 550 (6th Cir. 2000) ........................................................ 7

16

17

*Breitling U.S.A., Inc. v. Federal Exp. Corp.*,
    45 F. Supp. 2d 179 (D. Conn. 1999) ............................................ 22

18

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
    137 S. Ct. 1773 (2017) ............................................................ 20-21

19

20

*BSNF Ry. Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017) .................................................................. 20

21

*Burcham v. City of Los Angeles*,
    562 F. Supp. 3d 694 (C.D. Cal. 2022) ......................................... 17

22

23

*City of Burbank v. Lockheed Air Terminal Inc.*,
    411 U.S. 624, 93 S. Ct. 1854, 36 L. Ed. 2d 547 (1973) ................... 14

24

*City of Cleburne, Tex. v. Cleburne Living Ctr.*,
    473 U.S. 432 (1985) ....................................................................... 7

25

*Compass Airlines, LLC v. Montana Dep't of Lab. and Indus.*,
    2013 U.S. Dist. LEXIS 113479 (D. Mont. Aug. 12, 2013) ............... 12

26

27

*Continental Airlines, Inc. v. Am. Airlines, Inc.*,
    824 F. Supp. 689 (S.D. Tex. 1993) ............................................... 13

28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................................. 20

*Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*,
    972 F. Supp. 665 (N.D. Ga. 1997) ................................................ 22-23

*Dennis v. Sparks*,
    449 U.S. 24 (1980) ................................................................. 4-5

*D'Amato v. Wis. Gas Co.*,
    760 F.2d 1474 (7th Cir. 1985) ...................................................... 7

*Elnajjar v. Nw. Airlines, Inc.*,
    2005 U.S. Dist. LEXIS 36792 (S.D. Tex. Aug. 15, 2005) ........................ 16

*Flaster/Greenberg P.C. v. Brendan Airways, LLC*,
    2009 U.S. Dist. LEXIS 48653 (D.N.J. June 10, 2009) ........................... 22

*Glass v. Northwest Airlines, Inc.*,
    761 F. Supp. 2d 734 (W.D. Tenn. 2011) ........................................... 10

*Guilfoyle v. Beutner*,
    2021 U.S. Dist. LEXIS 195396 (C.D. Cal. Sept. 14, 2021) ....................... 18

*Health Freedom Defense Fund, Inc. v. Biden*,
    71 F. 4th 888 (11th Cir. 2023) ................................................. 21, 22

*Huntleigh Corp. v. La. State Bd. of Private Sec. Examiners*,
    906 F. Supp. 357 (M.D.La.1995) ................................................... 13

*In re Am. Airlines, Inc., Privacy Litig.*,
    370 F. Supp. 2d 552 (N.D. Tex. 2005) ............................................ 16

*Jagannatharao v. Etihad Airways*,
    2016 U.S. Dist. LEXIS 188767 (N.D. Cal. Dec. 13, 2016) ......................... 13

*Johnson v. United States*,
    642 F. Supp. 2d 1 (D.D.C. 2009) .................................................. 5

*Karim–Panahi v. Los Angeles Police Dep't*,
    839 F.2d 621 (9th Cir. 1988) ...................................................... 7

*Lagomarsino v. Delta Airlines, Inc.*,
    2020 WL 1955314 (C.D. Cal. Feb. 7, 2020) ....................................... 15

*Lockary v. Kayfetz*,
    587 F. Supp. 631 (N.D. Cal. 1984) ................................................. 6

*Loving v. Princess Cruise Lines, Ltd.*,
    2009 U.S. Dist. LEXIS 130477 (C.D. Cal. Mar. 5, 2009) .......................... 11

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........................................... 17

*Lyn-Lea Travel Corp. v. Am. Airlines*,
    283 F.3d 282 (5th Cir. 2002) ..................................................... 13

*McCaskey v. Continental Airlines, Inc.*,
    133 F. Supp. 2d 514 (S.D. Tx. 2001) ............................................. 21

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

*Montalvo v. Spirit Airlines*,
    508 F.3d 464 (9th Cir. 2007) ................................................................ 14

*Montgomery v. Delta Air Lines, Inc.*,
    2023 U.S. App. LEXIS 5548 (5th Cir. March 8, 2023) ................................ 12

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ......................................................................... 12

*Nat'l Fed'n of the Blind v. United Airlines Inc.*,
    813 F.3d 718 (9th Cir. 2016) ................................................................ 16

*Nelson v. Home Depot, U.S.A., Inc.*,
    2008 U.S. Dist. LEXIS 127281 (C.D. Cal. Jan. 14, 2008) ......................... 14

*Norman v. Trans World Airlines, Inc.*,
    2000 U.S. Dist. LEXIS 14618 (S.D.N.Y. Oct. 6, 2000) ............................. 22

*Onoh v. Nw. Airlines, Inc.*,
    613 F.3d 596 (5th Cir. 2010) .......................................................... 12-13

*Parver v. JetBlue Airlines Corp.*,
    649 Fed. Appx. 539 (9th Cir. 2016) ........................................................ 5

*Pica v. Delta Air Lines, Inc.*,
    2019 U.S. Dist. LEXIS 65985 (C.D. Cal. Feb. 14, 2019) ...................... 13, 16

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ............................................................. 20

*Resnick v. Hayes*,
    213 F.3d 443 (9th Cir. 2000) ................................................................. 3

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ........................................................ 4, 21

*Schmitt v. SN Servicing Corp.*,
    2021 U.S. Dist. LEXIS 219292 (N.D. Cal. Nov. 12, 2021) ......................... 17

*Serris v. Chastaine*,
    2022 U.S. Dist. LEXIS 43261 (E.D. Cal. Mar. 10, 2022) ............................. 7

*Silva v. DiVittorio*,
    658 F.3d 1090 (9th Cir. 2011) ............................................................... 3

*Starker v. Spirit Airlines*,
    2019 U.S. Dist. LEXIS 149702 (S.D.N.Y. Sept. 3, 2019) .......................... 22

*Syed v. Frontier Airlines*,
    2021 U.S. Dist. LEXIS 35406, (E.D. Mo. Feb. 25, 2021) .......................... 13

*T.P. v. Walt Disney Parks and Resorts U.S., Inc.*,
    2021 U.S. Dist. LEXIS 166540 (C.D. Cal. Apr. 20, 2021) ......................... 11

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
    73 F.3d 1423 (7th Cir. 1996) .............................................................. 22

*Ventress v. Japan Airlines*,
    747 F.3d 716 (9th Cir. 2014) .............................................................. 14

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

v

*Wagner v. Metro. Nashville Airport Auth.*,
     772 F.2d 227 (6th Cir. 1985) ............................................................... 5

*Walck v. Am. Stock Ex., Inc.*,
     687 F.2d 778 (3d Cir. 1982) ............................................................... 10

*Warner v. Tinder*,
     105 F. Supp. 3d 1083 (C.D. Cal. 2015) ............................................. 11

*West v. Atkins*,
     487 U.S. 42 (1988) ............................................................................... 5

*Wilhelm v. Cont'l Title Co.*,
     720 F.2d 1173 (10th Cir. 1983) ........................................................... 7

*Williams v. Midwest Airlines, Inc.*,
     321 F. Supp.2d 993 (E.D. Wis. 2004) ................................................ 22

*Wilson v. United*,
     1995 U.S. Dist. LEXIS 12962 (N.D. Ill. Sept. 6, 1995) .................... 10

*World-Wide Volkswagen Corp. v. Woodson*,
     444 U.S. 286 (1980) ........................................................................... 21

**Federal Statutes**

29 U.S.C. §794 .......................................................................................... 7, 8

42 U.S.C. §1983 ......................................................................................... 4, 5

42 U.S.C. §1985 ............................................................................................. 6

49 U.S.C. §40101 ......................................................................................... 14

49 U.S.C. §41713 .................................................................................... 11, 12

**State Cases**

*Alexander v. Scripps Meml. Hosp. La Jolla*,
     232 Cal. Rptr. 3d 733 (Cal. App. 4th Dist. 2018) ............................. 19

*Borrayo v. Avery*,
     2 Cal. App. 5th 304 (2016) ................................................................ 19

*Hill v. Nat'l Collegiate Athletic Ass'n*,
     7 Cal. 4th 1 (1994) ............................................................................. 17

*Mero v. Sadoff*,
     37 Cal. Rptr. 2d 769 (Cal. App. 2d Dist. 1995) ................................ 19

**State Statutes**

CCP §51 ....................................................................................................... 15

CCP §1983 .............................................................................................. 4, 5, 7

CCP §1986 ..................................................................................................... 7

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

vi

**Other**

14 C.F.R. §382.3 ................................................................ 10

14 C.F.R. §382.5 ................................................................ 10

FRCP Rule 12 ............................................................. *passim*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

vii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

# INTRODUCTION

Defendant MedAire, Inc. ("MedAire"), respectfully seeks dismissal of the First Amended Complaint ("Amended Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2) for failure to state a claim for which relief can be granted and lack of personal jurisdiction.

On February 21, 2023, this Court granted MedAire's motion to dismiss the Complaint but permitted Plaintiffs to file an amended complaint. Doc. 177. The Court correctly noted that none of the Plaintiffs specifically alleged they interacted with MedAire, let alone that MedAire denied any requests for a mask-exemption. *Id*. The Court explained there was no allegation that any Plaintiffs presented to the gate on the day of travel or underwent any pre-flight telephone screen with MedAire, that MedAire entertained, let alone denied, a request for a mask exemption from any Plaintiffs, that Plaintiffs even interacted with anyone from MedAire, or that MedAire was ever contacted by any of the alleged airlines in relation to any of Plaintiffs' bookings. *Id.*

Plaintiffs[1] filed this Amended Complaint. Doc. 190. While Plaintiffs added three-hundred and four (304) additional paragraphs, and asserted a number of new claims against MedAire, nothing has changed. The Court's previous dismissal order was correct, and Plaintiffs have not identified any additional factual or legal arguments in their Amended Complaint sufficient to state a claim against, or support personal jurisdiction over, MedAire.

Accordingly, the Amended Complaint should be dismissed as against MedAire.

---

[1]      Plaintiffs Uri Marcus, Yvonne Marcus, Avrohom Gordon, Devorah Gordon, and Cindy Russo filed the Amended Complaint. Plaintiffs allege "[s]adly, Uri passed away recently. His estate is represented here by his wife [Yvonne Marcus] as Administrator." Doc. 190, ¶21. It is unclear from the Amended Complaint whether Yvonne Marcus can rightfully assert claims on behalf of Uri Marcus' estate, which is not listed as a plaintiff.

Victor Rane
9550 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## STATEMENT OF FACTS

On April 8, 2022, Plaintiffs *pro se* filed a Complaint, and on October 10, 2023, filed an Amended Complaint against MedAire and numerous other defendants. Identical to the Complaint, the only allegations in the Amended Complaint that implicate MedAire with any level of factual specificity assert that the Marcus Plaintiffs "booked" roundtrip tickets on Hawaiian Airlines on February 25, 2022, for round-trip tickets from Los Angeles to Honolulu on July 7 through July 14, 2022. Doc. 190, ¶108. Upon learning that they would need to complete a medical assessment via phone with MedLink (a service provided by MedAire) at the airport on the day of their flight in order to be granted an exemption from the mask mandate, the Marcus Plaintiffs chose not to travel. Doc. 190, ¶110; Ex. 47 at pp. 17, 21. Of import, a review of the entire 218-page Amended Complaint reveals no allegation of involvement by MedAire, nor does it even include an allegation that the Marcus Plaintiffs purchased these tickets. Doc. 190, ¶108 ("booked" tickets). Further evidencing the lack of contact with MedAire, Plaintiffs allege "there was no reasonable expectation that MedAire, Inc. was going to approve mask exemptions for any Plaintiff in this action, **had** we presented to the gate on the day of travel to undergo a telephone screening." Doc. 190, ¶1329 (emphasis added).

Unable to allege a specific interaction with MedAire, Plaintiffs instead set forth conclusory allegations that American Airlines, Allegiant Air, and Frontier Airlines all contracted with MedAire for medical consultation services, and that MedAire was "contacted" by Allegiant Air and Frontier Airlines "in relation to Plaintiffs' mask exemption requests for flights arriving and departing from California airports, which were denied by MedAire, Inc." Doc. 190, ¶1317, 1328. No specifics such as the Plaintiffs involved, or dates and itineraries of their travel are provided.

Moreover, Plaintiffs cite Exhibit 8 as evidence of their mask-exemption

denials from Allegiant Air and Frontier Airlines, but this exhibit makes no reference to any interaction between any Plaintiff and MedAire. Instead, Exhibit 8 supports the allegations in paragraphs 153 ("Allegiant denied Mr. Gordon's mask exemption"), 156 ("Frontier denied Mr. Gordon's mask exemption"), and 171 ("All [Mrs. Gordon's mask exemption] requests were denied by Allegiant and Frontier") that the **airlines** denied the mask-exemption requests without MedAire's involvement.

This Court dismissed Plaintiffs' claims against MedAire for lack of personal jurisdiction on February 21, 2023, with leave to file an amended complaint.[2] Doc. 177. Plaintiffs filed this Amended Complaint on October 10, 2023, and it was made available on the public docket on October 16, 2023. Doc. 190.

## LEGAL STANDARD

### A.    Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A court considering a Rule 12(b)(6) motion must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). However, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678; *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Although courts "construe *pro se* complaints liberally, a district court should dismiss a pro se complaint if it fails to state a claim upon which relief can be granted. *Silva v. DiVittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011).

---

[2]      The Court did not address MedAire's other arguments.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

**B.      Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).**

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "[T]he plaintiff bears the burden of establishing that [personal] jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

**ARGUMENT**

**I.      PLAINTIFFS' SECTION 1983 CLAIM SHOULD BE DISMISSED**

Count 11 of the Amended Complaint alleges MedAire violated 42 U.S.C. §1983, which provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, **of any State or Territory**, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action . . . for redress . . . ." (Emphasis added). This claim should be dismissed because Plaintiffs fail to allege MedAire acted "under color of state law" in connection with the "deprivation of any rights, privileges or immunities." *See* Doc. 190.

First, there is no allegation that factually implicates MedAire. The factual allegations in this count all are directed toward the Airline Defendants. *See* Doc. 190, ¶¶828-841. In fact, the only reference to MedAire in this cause of action is a reference to "the medical defendants" in a conclusory allegation that the defendants acted in violation of 42 U.S. Code §1983. Doc. 190, ¶829.

Second, even if Plaintiffs had included factual allegations implicating MedAire, Section 1983 would not apply because Plaintiffs challenge the conduct of private entities and persons to enforce **federal** law (e.g., the Federal Transportation Mask Mandate ("FTMM")), not state law. Doc. 190, ¶¶836-839. For a private person to be subject to liability under Section 1983, that person must be "jointly engaged with **state officials** in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (emphasis added). Federal officials at FAA and TSA are

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  not "state officials." This is fatal to Count 11 because "Section 1983, by its terms,

2  is not available in suits against parties who act under color of federal law." 1

3  Section 1983 Litigation in State and Federal Courts §2:8; *see Johnson v. United*

4  *States*, 642 F. Supp. 2d 1, 4 (D.D.C. 2009).

5      In fact, even if a state government had imposed the FTMM, dismissal still

6  would be proper because liability for deprivation of civil rights pursuant to 42

7  U.S.C. §1983 typically does not apply to impose liability on private entities acting

8  in a non-governmental capacity. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parver v.*

9  *JetBlue Airlines Corp.*, 649 Fed. Appx. 539, 543 (9th Cir. 2016) (citations

10 omitted) (rejecting applicability of Section 1983 to airline where it alerted the

11 police to a passenger interfering with flight safety and the "flight crew pointed

12 [plaintiff] out when the officers boarded the plane").

13     Here, the fact that MedAire might have assisted its airline clients in

14 complying with the FTMM does not establish that it was acting under color of state

15 law. *See Al Dey v. Eye Express Optical*, 2022 U.S. Dist. LEXIS 144566, *2

16 (S.D.N.Y. June 28, 2022) (dismissing Section 1983 claim based on defendant's

17 enforcement of COVID-19 mask mandate because "[d]efendant Eye Express

18 Optical is a private party and does not appear to work for any state or other

19 government body"); *Wagner v. Metro. Nashville Airport Auth.,* 772 F.2d 227 (6th

20 Cir. 1985) (an air carrier, which leases airport space from state entity and was

21 required to obtain approval of its security plan from the FAA, did not act under

22 color of state law); *Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308 (S.D. Fla.

23 2004) (regulations of cruise shipping industry did not transform a cruise ship

24 company into a state actor even if it used government-owned ports).

25     Third, requiring a passenger to wear a mask onboard aircraft during a

26 pandemic does not deprive the passenger of any rights, privileges, or immunities

27 secured by the Constitution or laws of the United States.

28     Finally, to the extent the Air Carrier Access Act ("ACAA") applies to

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MedAire, *see infra* at 10, Plaintiffs cannot circumvent its exclusive regime to pursue these claims.

## II.    PLAINTIFFS' CLAIMS FOR CIVIL CONSPIRACY SHOULD BE DISMISSED

Plaintiffs claim MedAire, along with all co-defendants, are liable under 42 U.S.C. § 1985(3) because all defendants "conspired to interfere with Plaintiff's civil rights by conspiring to deprive him of his right to fly and by conspiring to deny him rights in all the counts listed herein" and "the Airline Defendants as an industry conspired with each other, with federal agencies, and the Medical Defendants involved, and with the individual employees therein to discriminate against them due to their disabilities." Doc. 190, ¶¶843, 877.

Not only are Plaintiffs' claims under 42 U.S.C. §1985(3) predicated on bare conclusions of conspiracy, **there is no allegation** that MedAire interacted with Plaintiffs, entertained a mask request, or, most importantly, **denied** any mask-exemption requests from Plaintiffs.

The Court previously dismissed this cause of action as against the Airline Defendants because Plaintiffs had "only pled conclusory allegations that a conspiracy exists," and "fail[ed] to identify any non-conclusory allegations in the complaint to support their claim." Doc. 177, at 17. Plaintiffs fail to provide any additional support for these claims in the Amended Complaint, leaving only the same conclusory allegations of the existence of a conspiracy the Court previously held were inadequate. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[b]ecause appellant failed to allege any facts showing . . . invidious" discrimination on the part of defendants, "the district court was . . . correct in dismissing the § 1985(3) claim"); *Lockary v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) (holding "[a]llegations of conspiracies must be supported by material facts, not merely conclusory statements").

Second, as with Section 1983, to the extent the ACAA applies to MedAire,

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

6

"[a]llowing [plaintiff] to pursue his claim through the mechanism of § 1985(3) would impermissibly intrude on the statutory scheme of both" the ACAA and § 1985(3). *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1487 (7th Cir. 1985).

Third, Section 1985(3) does not apply to persons claiming discrimination on the basis of disability. *Serris v. Chastaine*, 2022 U.S. Dist. LEXIS 43261, *6-7 (E.D. Cal. Mar. 10, 2022) (quoting *D'Amato*, 760 F.2d at 1486 ("'The legislative history of Section 1985(3) does not suggest a concern for the handicapped.'")); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' . . . was not included as a class in what is now § 1985(3)"); *see also Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (plaintiff had no actionable section 1985 claim because statute does not cover claims based on disability-based discrimination or animus); *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985) (the mentally disabled are not a suspect or quasi-suspect class for purposes of equal protection claims).

Finally, because Plaintiffs lack a cause of action under section 1985(3), their claims under section 1986 also fail. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (holding "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985").

For the above stated reasons, Counts 12 and 13 should be dismissed.

## III.   MEDAIRE IS NOT SUBJECT TO PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT

Counts 14, 16, 17, 18, and 30 of the Amended Complaint add MedAire to the entities against whom Plaintiffs allege violations of the Rehabilitation Act, 29 U.S.C. §794(a) ("RA"). Plaintiffs specifically allege MedAire violated the RA "by requiring disabled passengers who cannot safely don a facemask and who are seeking mask exemptions, to do so in advance." Doc. 190, ¶991. The Court previously dismissed the RA claims against the Airline Defendants on the basis

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1   that "the funds the Airline Defendants received from the government under the
2   CARES Act were compensation in response to the economic crises created by
3   COVID-19 and do not constitute a subsidy or federal financial assistance under the
4   RA." Doc. 177, at 18.

5   The inapplicability of the RA to MedAire is even clearer. Plaintiffs allege
6   MedAire "also receive[s] federal funding, and are thus subject to the RA, and in
7   violation thereof." Doc. 190, ¶928. In support, Plaintiffs refer to a 2005 MedAire
8   Form 10-K United States Security  and Exchange Commission online filing at
9   "https://www.sec.gov/Archives/edgar/data/1337301/000095015306000862/p72053
10  e10vk.htm." Doc. 190, ¶928. Plaintiffs allege "[i]t lists income of $572,000 in a
11  previous year, and Med[A]ire indicates that the federal government is a major
12  customer in their market and that Med[A]ire has the largest market share in their
13  industry. Discovery will provide more information and specifics." *Id*.

14  Even ignoring the fact that Plaintiffs cite to a Form 10-K from almost twenty
15  years ago, that document on its face demonstrates that the $572,000 in question
16  was not a subsidy or federal financial assistance within the purview of the RA. As
17  it relates to the "federal government" the Form 10-K reports:

18      We have been providing services to individual government agencies
19      for a number of years because those agencies often utilize business
20      aircraft in carrying out their missions. In 2003, we were awarded a
21      Congressional appropriation to partner with the United States Air
22      Force in support of the MedLink Global Response Initiative (MGRI),
23      which is an Air Force research and development effort investigating
24      the effectiveness of supplementing various forms of military medical
25      capability with that available from the civilian sector. Funding for that
26      program became available in July of 2004. We have completed the
27      work under this program, and all deliverables related to the program
28      were concluded when the contract expired on December 31, 2005.

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

8

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Our revenue from this market in 2005 was approximately $572,000. https://www.sec.gov/Archives/edgar/data/1337301/000095015306000862/p72053e10vk.htm; Doc. 190, ¶928. Thus, the $572,000 in revenue upon which Plaintiffs rely resulted from government contract work, not from government assistance.

In sum, Plaintiffs' allegations that the federal government is a customer of MedAire are insufficient to support a viable claim under the RA, and Counts 14, 16, 17, 18, and 30 should be dismissed.

## IV.   PLAINTIFFS' CLAIMS AGAINST MEDAIRE FOR VIOLATION OF THE AIR CARRIER ACCESS ACT SHOULD BE DISMISSED

Counts 15, 16, 17, 18, 19, and 30 of the Amended Complaint purport to allege a violation of the ACAA against MedAire. For myriad reasons, Plaintiffs fail to set forth a viable claim.

First, a review of these counts reveal no allegation of actual action by MedAire regarding Plaintiffs. Rather, Plaintiffs allege only in conclusory form that MedAire violated the ACAA. For example, in Count 17, Plaintiffs allege "Defendants violated Plaintiffs' rights by requiring these medical certificates and/or medical screenings in violation of the ACAA and the RA, and other relevant discrimination laws herein. The actions and inactions of all these Defendants directly caused the injuries to Plaintiffs." Doc. 190, ¶1015. Quite clearly, it was the Airline Defendants, not MedAire, that required medical certificates and medical screenings. All referenced actions in Counts 18 and 19 of the Amended Complaint similarly refer to acts of the Airline Defendants. Doc. 190, ¶¶1019-1020 ("All the Airline Defendants violated this statute…."); ¶¶1026-1027 (same). Plaintiffs' conclusory allegations are insufficient to set forth a cause of action upon which relief may be granted. *See Adams*, 355 F.3d at 1183 (Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

Second, Plaintiffs' claims fail because MedAire is not subject to the ACAA.

The ACAA, by its terms, applies to air carriers, which are defined as any citizen of the United States who undertakes, whether directly or indirectly or by a lease or other arrangement, to engage in air transportation. 14 C.F.R. §382.3. MedAire is not a person that "engage[s] in air transportation." *See id.* Thus, MedAire is not a "carrier" within the meaning of 14 C.F.R. §382.5, and the ACAA does not apply to it. *See, e.g, Glass v. Northwest Airlines, Inc.*, 761 F. Supp. 2d 734, 747 (W.D. Tenn. 2011) (holding ACAA did not apply to contracted airport wheelchair service provider); *Wilson v. United*, 94-C-5411, 1995 U.S. Dist. LEXIS 12962, *9 (N.D. Ill. Sept. 6, 1995) (holding contracted airline contracted wheelchair service provider was not an "air carrier" within the meaning of the ACAA).

Finally, even if the ACAA does apply to MedAire, it does not provide a private right of action. *See, e.g., Walck v. Am. Stock Ex., Inc.*, 687 F.2d 778, 786 (3d Cir. 1982) ("We cannot infer . . . that Congress nonetheless authorized by implication authority in the federal courts to intervene in the self-regulatory system" because of a stock exchange's "failure to enforce its own rules").

Based on the foregoing, Counts 15, 16, 17, 18, 19, and 30 should be dismissed.

## V.   PLAINTIFFS' CLAIMS FOR VIOLATION OF THE UNRUH ACT SHOULD BE DISMISSED

Count 20 of the Amended Complaint purports to allege a violation of the California Unruh Civil Rights Act against MedAire. These claims fail for several reasons.

### A.   Plaintiffs not residing in California lack standing to assert these claims.

Although Plaintiff Cindy Russo claims to be a resident of California (Doc. 190, ¶24), the Gordons do not assert that they live in California (Doc. 190, ¶23). Ms. Marcus claims to have a California mailing address (Doc. 190, ¶21), but does not claim to own a home in California.  Moreover, although the Amended

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

10

Complaint references multiple flights that involved California airports, it does not assert that MedAire undertook any challenged acts within the State of California. Thus, at most, only Plaintiff Russo has standing to pursue a claim under the Unruh Act. *See Warner v. Tinder*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015) (dismissing Unruh Act claim by a resident of Florida); *see T.P. v. Walt Disney Parks and Resorts U.S., Inc.*, No. CV 15-05346, 2021 U.S. Dist. LEXIS 166540, *2 (C.D. Cal. Apr. 20, 2021) (the Unruh Act is 'expressly limited to discrimination that takes place within California's borders"); *Loving v. Princess Cruise Lines, Ltd.*, No. CV 08-2898, 2009 U.S. Dist. LEXIS 130477, *8 (C.D. Cal. Mar. 5, 2009) ("the Unruh Act . . . [does] not apply to claims of nonresidents of California injured by conduct occurring beyond California's borders").

**B.      Plaintiffs have alleged no interaction with MedAire that would implicate the Unruh Act.**

Plaintiffs, and specifically Ms. Russo, have not alleged any interaction between MedAire and Ms. Russo that would implicate this statute.

**C.      Plaintiffs' Unruh Act claims are preempted by the Airline Deregulation Act.**

To the extent MedAire was involved in Plaintiffs' mask-exemption request denials, the Airline Deregulation Act, 49 U.S.C. § 41713(b) ("ADA"), preempts Plaintiffs' claims because they seek to enforce a state law relating to the service of an air carrier. The ADA provides that "a State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier …" 49 U.S.C. §41713(b)(1).

Congress enacted the ADA in 1978 "determining that 'maximum reliance on competitive market forces' would best further 'efficiency, innovation, and low prices'" in the airline-services market. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992) (quoting Pub. L. No. 95-504, § 102(a)(4) & (9)). The preemption clause "ensure[s] that the States [do] not undo federal deregulation

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

with regulation of their own." *Id.* (emphasis added). The Supreme Court has held that the ADA's preemption provision should be construed broadly. *See Morales*, 504 U.S. at 384 ("state enforcement actions having a connection with, or reference to, airline 'rate, routes, or services' are preempted"); *see also id.* (Any state law, including state common law, "having a connection with or reference to" airline prices, routes, or services is preempted unless the connection or reference is "too tenuous, remote, or peripheral."); *Montgomery v. Delta Air Lines, Inc.*, No. 22-10692, 2023 U.S. App. LEXIS 5548, *5 (5th Cir. March 8, 2023) ("Delta's decision not to provide transportation to Appellants" who refused to wear a mask "is enough for us to hold that the Deregulation Act preempts their claims. Our precedent makes clear that boarding and transportation are undeniably 'services' under the Deregulation Act").

"The key phrase 'relating to' expresses 'a broad pre-emptive purpose[,]' and deliberately so. Even general state laws that have only an indirect effect on rates, routes, and services are preempted by the ADA. Common-law tort and contract suits are preempted by the 'relating to' language of the preemption text." *Compass Airlines, LLC v. Montana Dep't of Lab. and Indus.*, CV-12-105, 2013 U.S. Dist. LEXIS 113479, *14 (D. Mont. Aug. 12, 2013) (citing *Morales*, 504 U.S. at 383-84, 386). Consequently, state law claims by passengers "alleging wrongful denial of air transportation services (whether by outright denial of boarding or by creation of hostile environment)" are expressly preempted by the ADA, because they relate to airline "rates, routes, and services." *Id.* at *12; *see also Onoh v. Nw. Airlines, Inc.*, 613 F.3d 596, 600 (5th Cir. 2010) (applying *Morales* to find ADA preemption of passenger's state law IIED claim for repeated denials on separate days of right to board aircraft); *Jagannatharao v. Etihad Airways*, No. 16-cv-00510, 2016 U.S. Dist. LEXIS 188767, *6 (N.D. Cal. Dec. 13, 2016) (holding that ADA preemption applied when the plaintiff was denied check in for lack of a travel document to enter India).

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

12

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Of import, courts routinely extend ADA preemption to defendants that are not "air carrier," such as MedAire, where the enforcement of the laws at issue "relates to" air carrier rates, routes, or services. *See, e.g.*, *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 824 F. Supp. 689, 696-97 (S.D. Tex. 1993) ("Nothing in the ADA suggests that [Section 41713(b)] applies only to suits against an air carrier. Rather, [it] preempts the enforcement of any state laws that have a 'connection with or reference to' airline rates, routes, or services.") (quoting *Morales*, 504 U.S. at 384). Therefore, entities that participate in the airline's business in some way, also are protected by ADA preemption. *See, e.g., Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 287 n.8 (5th Cir. 2002) (applying ADA to Sabre Group, Inc., a provider of the computerized reservation system used by American Airlines); *Syed v. Frontier Airlines*, No. 4:20-cv-00407, 2021 U.S. Dist. LEXIS 35406, (E.D. Mo. Feb. 25, 2021) (contractor providing check-in services protected to same extent as air carrier); *Pica v. Delta Air Lines, Inc.*, No. CV 18-2876, 2019 U.S. Dist. LEXIS 65985, *6 (C.D. Cal. Feb. 14, 2019) (provider of voice and chat services related to sales and support for Delta protected by ADA for data hack that resulted in loss of personal identifying information), *aff'd*, 812 Fed. Appx. 591 (9th Cir. July 16, 2020); *Huntleigh Corp. v. La. State Bd. of Private Sec. Examiners*, 906 F. Supp. 357, 362 (M.D.La.1995) (entity that provided airport passenger security screening to air carriers protected).

Because Plaintiffs' claims relate to the very essence of the services provided by airlines – *i.e.,* travel onboard an aircraft – they relate to "services" and are preempted by the ADA.

### D.   Plaintiffs' Unruh Act claims are preempted by the Federal Aviation Act.

To the extent MedAire was involved with Plaintiffs' mask-exemption request denials, Plaintiffs' Unruh Act claims are also preempted by the Federal Aviation Act ("FA Act"), 49 U.S.C. § 40101, et seq., because they relate to air

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT CASE NO.: 2:22-CV-02383-SSS-AS

13

1   carrier decisions made for the purpose of enforcing FAA requirements relating to

2   aircraft passenger safety. *See, e.g., Montalvo v. Spirit Airlines*, 508 F.3d 464, 468

3   (9th Cir. 2007) (the "FA [Act] preempts the entire field of aviation safety through

4   implied field preemption").

5        Congress enacted the FA Act to create "a single, uniform system for

6   regulating aviation safety." *Montalvo*, 508 F.3d at 471-472; *City of Burbank v.*

7   *Lockheed Air Terminal Inc*., 411 U.S. 624, 638-39, 93 S. Ct. 1854, 36 L. Ed. 2d

8   547 (1973). Congress gave the FAA "full responsibility and authority for the …

9   promulgation and enforcement of safety regulations," and intended that the FAA

10  serve as "the sole arbiter of air safety." *Montalvo*, 508 F.3d at 472 (citations

11  omitted); *Abdullah v. Am. Airlines, Inc.,* 181 F.3d 363, 368-69 (3d Cir. 1999). The

12  need for exclusive and comprehensive federal regulations and oversight is vital to

13  avoid a "patchwork of state laws" that "would create a crazy-quilt effect" in the

14  field of aviation. *Montalvo*, 508 F.3d at 473-474.

15       Courts dismiss state law claims against airlines when the plaintiff cannot

16  allege or show a violation of any federal regulations that control the airline's

17  conduct. *See e.g., Montalvo*, 508 F.3d at 474; *Ventress v. Japan Airlines*, 747 F.3d

18  716, 723 n. 7 (9th Cir. 2014); *Nelson v. Home Depot, U.S.A., Inc.,* Case No. CV

19  06-02903, 2008 U.S. Dist. LEXIS 127281, *3 (C.D. Cal. Jan. 14, 2008); *Ahmadi v.*

20  *United Cont'l Holdings, Inc*., Case No. 1:14-CV-00264, 2015 U.S. Dist. LEXIS

21  104748, *7 (E.D. Cal. Aug. 10, 2015); *Kropp v. United Airlines, Inc.*, Case No. CV

22  21-55960, 2022 U.S. App. LECIS 16583, *3-4 (9th Cir. June 15, 2022).

23       Here, Plaintiffs cannot show a violation of the pertinent federal regulations

24  because they claim the exact opposite, *i.e.*, the Airline Defendants and medical

25  defendants, which includes MedAire, complied with the federal regulations. Given

26  that the FTMM and the related TSA security directives directly relate to aircraft

27  safety and security, any attempt to use state law to interfere with this federally

28  mandated safety requirement is preempted by the FA Act.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

**E.      If deemed applicable to MedAire, the ACAA preempts Plaintiffs' Unruh Act claims.**

To the extent the ACAA applies to MedAire, *see supra* at 10, it would preempt Plaintiffs' Unruh Act claims. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). As previously discussed, where applicable, the ACAA exclusively governs allegations of discriminatory or unfair treatment of passengers claiming a disability. As this Court previously found in its Order dismissing Plaintiffs' Complaint:

> The ACAA comprehensively addresses not only discrimination in the form of access to services and information, but also with respect to assisting disabled passengers in boarding, deplaning, and connecting to subsequent flights." *Lagomarsino v. Delta Airlines, Inc*., No. CV193131, 2020 WL 1955314, at *3 (C.D. Cal. Feb. 7, 2020). The ACAA thus impliedly preempts Plaintiffs' Unruh Act claim. *See Azocar v. Delta Air Lines, Inc.*, 562 F. Supp. 3d 788, 794 (C.D. Cal. 2021) (dismissing plaintiff's Unruh Act claims as preempted by the ACAA); *Lagomarsino*, 2020 WL 1955314, at *3 (C.D. Cal. Feb. 7, 2020) (same). The Court thus **DISMISSES** Plaintiffs' Claim 31 under the Unruh Act.

Doc. 177, at 19-20; *see also Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 736-37, 740 (9th Cir. 2016) (holding that claims for discrimination under the Unruh Act were preempted by the ACAA).

## VI.    PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY

Count 24 of the Amended Complaint purports to allege a claim for invasion

of privacy based on forcing Plaintiffs to disclose "the nature or severity of Plaintiffs' disabilities to airline defendants and their hired guns the medical defendants, as a condition of carriage [and] being subject to public shaming if a disabled American was unable to safely don a mask." Doc. 190, Count 24 Heading. While MedAire is referenced in the heading, however, there is no factual allegation against MedAire in Count 24 of the Amended Complaint. *See* Doc. 190, ¶¶1163-1199. Because there is no factual allegation implicating MedAire, this Count should be dismissed.

Even if the factual allegations were somehow deemed to be against MedAire, this claim is preempted by the ADA. *See Pica,* 812 F. App'x at 593 (affirming dismissal of state law claims for alleged failure to protect personal information and timely notify of a data breach because they were preempted under the ADA); *In re Am. Airlines, Inc., Privacy Litig.,* 370 F. Supp. 2d 552, 564 (N.D. Tex. 2005) (state law claims for invasion of privacy in connection with ticket reservation preempted under the Deregulation Act); *Elnajjar v. Nw. Airlines, Inc.,* 2005 U.S. Dist. LEXIS 36792, *17-18 (S.D. Tex. Aug. 15, 2005) (holding that the passenger's invasion of privacy claims for purportedly improper questioning by an agent during check in were preempted under the Deregulation Act). Indeed, this Court previously dismissed this claim from the Complaint as preempted by the ADA. *See* Doc. 177 (claim was asserted only against the airline defendants in the initial Complaint).

Finally, Plaintiffs fail to allege the requisite elements of their privacy claim. Under California law, a plaintiff must show three elements to adequately state a claim for invasion of privacy: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a serious invasion of the privacy interest. *Schmitt v. SN Servicing Corp.*, No. 21-cv-03355, 2021 U.S. Dist. LEXIS 219292, *3 (N.D. Cal. Nov. 12, 2021). There is a "high bar" for pleading an invasion of privacy claim. *Low v. LinkedIn Corp.,* 900 F.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Supp. 2d 1010, 1025 (N.D. Cal. 2012). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994). "Even negligent conduct that leads to theft of highly personal information . . . does not approach the standard of actionable conduct under the California Constitution and thus does not constitute a violation of plaintiffs' right to privacy." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (internal citation and quotation marks omitted).

The privacy protection afforded to California residents "is far from absolute, and must be balanced against 'other important interests.'" *Burcham v. City of Los Angeles*, 562 F. Supp. 3d 694, 705 (C.D. Cal. 2022) (citing *Hill, supra*, at 37). Thus, a defendant may defeat a state constitutional privacy claim by showing "that the invasion of privacy is justified because it substantially furthers one or more countervailing interests." *Burcham*, 562 F. Supp. 3d at 705 (plaintiffs challenging COVID-19 vaccine mandate failed to allege violation of privacy interest).

It is evident that the Airline Defendants sought the information about which Plaintiffs complain solely to implement the FTMM. As set forth in the DOT Guidance (Doc. 190, Ex. 7), the Airline Defendants were fully authorized to seek information from passengers seeking to be exempt from the requirement to wear a mask on the aircraft, and, therefore, any alleged privacy incursion was per se justified by the need to implement the FTMM. *See, e.g., Guilfoyle v. Beutner*, Case No. 2:21-cv-05009, 2021 U.S. Dist. LEXIS 195396, *21 (C.D. Cal. Sept. 14, 2021) (holding that there is "a legitimate and important interest in implementing COVID-19 mitigation measures, which justifies any invasion of Plaintiffs' privacy.").

Moreover, Plaintiffs have voluntarily placed their medical information into the public record of this case by filing exhibits not subject to any protective order.

Based on the foregoing, Count 24 should be dismissed.

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT CASE NO.: 2:22-CV-02383-SSS-AS

## VII.   PLAINTIFFS FAIL TO STATE A CLAIM FOR MEDICAL MALPRACTICE

Plaintiffs allege "Medical malpractice occurred when MedAire Inc. through a negligent act or omission allegedly completed medical assessment of Plaintiffs, no less by telephone, while we were standing at the departure gate of an airport." Doc. 190, ¶1335. Plaintiffs make grossly general allegations that are devoid of any specifics as to which Plaintiff(s) they are referring to, information about the flights, the location of the airport, and the interaction with MedAire sufficient to allow MedAire to investigate these (otherwise new from the Complaint) claims. The use of the word "allegedly" implies, in line with Plaintiffs' position prior to the Amended Complaint, that there was no actual interaction, nor treatment rendered, between Plaintiffs and MedAire. Moreover, Plaintiffs allege "there was no reasonable expectation that MedAire, Inc. was going to approve mask exemptions for any Plaintiff in this action, **had** we presented to the gate on the day of travel to undergo a telephone screening." Doc. 190, ¶1329 (emphasis added). This also demonstrates that Plaintiffs did not actually undergo any screening or **treatment** by MedAire. Because Plaintiffs fail to allege any actual interaction with MedAire, their claim for medical malpractice must be dismissed.

Even if Plaintiffs had alleged that MedAire actually denied a mask exemption, this would not support a claim for medical malpractice. Under California law, a plaintiff must establish: "(1) The duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Borrayo v. Avery*, 2 Cal. App. 5th 304, 310 (2016). Moreover, "it long has been held that an essential element of a cause of action for medical malpractice is a physician-patient relationship giving rise to a duty of care." *Mero v. Sadoff,* 37 Cal. Rptr. 2d 769,

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT CASE NO.: 2:22-CV-02383-SSS-AS

18

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

772 (Cal. App. 2d Dist. 1995); *see also Alexander v. Scripps Meml. Hosp. La Jolla,* 232 Cal. Rptr. 3d 733, 755 (Cal. App. 4th Dist. 2018) ("a physician's duty of care to a patient does not arise until a physician-patient relationship is established.").

As outlined above, there are no specific factual allegations that MedAire ever interacted with any Plaintiffs. *See* Doc. 190. Moreover, to the extent Plaintiffs allege in broad and vague terms that MedAire consulted on nondescript mask exemption requests for the Airline Defendants, consulting on masking exemptions is not medical treatment and cannot be the basis of medical malpractice claim. *See Alexander*, 232 Cal. Rptr. 3d at 755 ("a physician's duty of care to a patient does not arise until a physician-patient relationship is established.")

Given the lack of an allegation of any specific relationship, treatment, causation, or damages to any Plaintiff caused by an act of MedAire, Count 27 for medical malpractice should be dismissed for the failure to state a claim. *See Adams*, 355 F.3d at 1183 (Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

Finally, any claim for medical malpractice would be preempted by the ADA. Plaintiffs allege that the ADA does not preempt their claim for medical malpractice "because the claim is not related to 'safety' or the price, route or service of the airlines" and "there is also no conflict between medical malpractice and other federal law." Doc. 190, ¶1341. As noted above, Plaintiffs' claims relate to the very essence of the services provided by airlines – *i.e.,* travel onboard an aircraft – they relate to "services," and thus implicate ADA preemption. As to the alleged lack of any conflict between California medical malpractice law and federal law, this is irrelevant to ADA preemption. Rather, it appears Plaintiffs might be referring to implied (conflict) preemption, which is separate and distinct from the express preemption of the ADA.

Based on the foregoing, Count 27 should be dismissed.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## VIII.  THIS COURT LACKS PERSONAL JURISDICTION OVER MEDAIRE FOR PLAINTIFFS' CLAIMS

Even assuming, *arguendo*, Plaintiffs pled or could plead a viable claim against MedAire, Plaintiffs' claims still should be dismissed because there is no personal jurisdiction over MedAire.

### A.    MedAire is not subject to general personal jurisdiction in California.

MedAire is a corporation organized and existing under the laws of Nevada with its principal place of business in Arizona. Doc. 190, ¶39. Accordingly, MedAire is not subject to general jurisdiction in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 127, 137 (2014); *BSNF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.").

### B.    MedAire is not subject to specific personal jurisdiction in California for Plaintiffs' claim.

Specific jurisdiction exists when a foreign defendant purposely directs activities at the forum state, and the plaintiff's "suit arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 127; *see also Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiffs fail to tie their specific claims between MedAire and California. Stating that Plaintiffs generally interacted with MedAire, of which there is no specific factual support, is insufficient to establish personal jurisdiction. *See Rio Props., Inc.*, 284 F.3d at 1019 ("the plaintiff bears the burden of establishing that [personal] jurisdiction exists."). Plaintiffs make general allegations that MedAire dealt with their mask-exemption requests but fail to provide any specific factual

1  information as to the dates, the identity of the plaintiffs involved, flight

2  information, screening information, etc. Plaintiffs' conclusory allegations aside,

3  the Amended Complaint is devoid of any allegation sufficient to establish the

4  personal jurisdiction this Court found lacking based on the initial complaint. *See*

5  Doc. 177 (finding no specific jurisdiction over MedAire).

6        Finally, Plaintiffs reliance upon *McCaskey v. Continental Airlines, Inc.*, 133

7  F. Supp. 2d 514 (S.D. Tx. 2001) is in error. Doc. 190, ¶47. In *McCaskey*, MedAire

8  actually provided medical advice with regard to the passenger whose death

9  provided the basis for the lawsuit, and the flight upon which he was traveling

10  departed from Texas. *McCaskey*, 133 F. Supp. 2d at 517.

11        Here, unlike *McCaskey*, there are no specific factual allegations that medical

12  advice or treatment was provided by MedAire to any Plaintiffs anywhere, let alone

13  in California. In sum, notwithstanding Plaintiffs' conclusory allegations, nothing

14  has substantively changed from Plaintiffs' Complaint. Accordingly, Plaintiffs

15  claims against MedAire should be dismissed for lack of personal jurisdiction.

16  **IX.   PLAINTIFFS' CLAIMS ARE MOOT**

17        On June 22, 2023, the Eleventh Circuit issued its decision in *Health*

18  *Freedom Defense Fund, Inc. v. Biden*, 71 F. 4th 888 (11th Cir. 2023). After the

19  lower court vacated the FTMM, the Eleventh Circuit held that the case was moot

20  stating: "there is no longer any Mandate for us to set aside or uphold.  Indeed, even

21  if we were to decide against Appellees and reverse the district court – as the

22  government desires – there would be no Mandate to reinstate." *Id*. at 892.  The

23  court further stated: "there is no reasonable basis to expect the Mandate will be

24  reinstated if this case is rendered moot. By its own terms, the Mandate expired

25  after the HHS Secretary declared that the public health emergency has ended, and

26  there is no hint that this decision was an effort to avoid further litigation.  Further,

27  nothing in the text of the Mandate suggests it can be revived after its expiration,

28  and there is not a grain of evidence that the CDC has any plans to promulgate an

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: 2:22-CV-02383-SSS-AS

identical mandate." *Id.* The court ruled the "order and judgment of the district court are VACATED, and the district court is instructed to DISMISS the case as MOOT." *Id.* at 893-94.

Because the FTMM no longer exists and the Airline Defendants are not requiring passengers to wear masks, this case should be dismissed as moot.

## X.    THE REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED

The Amended Complaint seeks an award of "punitive damages." Doc. 190, ¶¶46, 50; p. 217, ¶43. However, not only is there zero factual basis for any damages, much less punitive damages, the punitive damages request is also preempted by the ADA.  *See, e.g., Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 n.8 (7th Cir. 1996); *Starker v. Spirit Airlines*, No. 17-CV-6812, 2019 U.S. Dist. LEXIS 149702, *8 (S.D.N.Y. Sept. 3, 2019); *Norman v. Trans World Airlines, Inc.*, No. 98-CV-7419, 2000 U.S. Dist. LEXIS 14618, *6 (S.D.N.Y. Oct. 6, 2000); *Flaster/Greenberg P.C. v. Brendan Airways, LLC*, No. 08–4333, 2009 U.S. Dist. LEXIS 48653,*6 (D.N.J. June 10, 2009); *Williams v. Midwest Airlines, Inc.*, 321 F. Supp.2d 993, 996 n. 4 (E.D. Wis. 2004); *Breitling U.S.A., Inc. v. Federal Exp. Corp.*, 45 F. Supp. 2d 179, 185 (D. Conn. 1999); *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F. Supp. 665, 673 (N.D. Ga.1997).

## CONCLUSION

In light of the foregoing, MedAire respectfully requests that its motion to dismiss Plaintiffs' Amended Complaint as to MedAire pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2) be granted in all respects.

Victor Rane
9550 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Dated: November 6, 2023

Respectfully submitted,

By: *[signature]*

Barry S. Alexander, *pro hac vice*
Brittany C. Wakim, *pro hac vice*
VICTOR RANE
-and-

/s/ Richard A. Lazenby

Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

## **Certificate of Compliance**

The undersigned, counsel of record for MedAire, Inc., certifies that this brief contains 6995 words, which complies with the word limit of Local Rule 11-6.1.

This motion is made following the conference of counsel and Plaintiffs (who are *pro se*) pursuant to L.R. 7-3, which took place on Tuesday October 24, 2023, via Zoom. Devorah Gordon, Avroham Gordon, Adi Marcus, Cindy Russo, Roy Goldberg, Brian Maye, Steve Ettinger, Jeremy Brumbelow, Andrew Freidah, Stephen Pezzi, and Barry S. Alexander were present at the conference. The conference lasted approximately one hour. At the conference, MedAire discussed the issues with Plaintiffs' First Amended Complaint and the grounds for dismissal of the claims as to MedAire for the reasons listed in MedAire's attached Memorandum of Points and Authorities filed concurrently herewith. The parties were unable to come to an agreement on the reasons for dismissal of MedAire from this lawsuit.

Date: November 6, 2023

Barry S. Alexander