1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>            Plaintiffs<br><br>    v.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>            Defendant/s. | CASE NO.: 2:22-CV-02383-SSS-AS<br><br>**(PROPOSED) ORDER GRANTING DEFENDANT MEDAIRE, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (Doc. 190) PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12(b)(2)** |

1

On November 6, 2023, Defendant MedAire, Inc. ("MedAire") filed its Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 190).

MedAire respectfully seeks dismissal of the First Amended Complaint (Doc. 190) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2) for failure to state a claim for which relief can be granted and for lack of personal jurisdiction. This litigation relates to the now defunct Federal Transportation Mask Mandate ("FTMM") which was which was imposed by the federal government to deal with the COVID-19 global pandemic which "pose[d] one of the greatest threats to the operational viability of the transportation system and the lives of those on it seen in decades." *Corbett v. TSA*, 19 F.4th 478, 480 (D.C. Cir. 2021). Shortly after Plaintiffs filed this case, a federal district judge in Tampa, Florida issued a decision which resulted in the termination of the FTMM as to airlines. H*ealth Freedom Def. Fund, Inc. v. Biden*, No. 8:21-CV-1693, 2022 WL 1134138 (M.D. Fla. April 18, 2022). The judge ruled that the Centers for Disease Control and Prevention ("CDC") acted unlawfully in issuing the FTMM. On June 23, 2023, the Eleventh Circuit dismissed the appeal of the lower court decision as moot. 71 F. 4th 888 (11th Cir. 2023).

On February 21, 2023, this Court granted MedAire's Motion to Dismiss the initial Complaint but permitted Plaintiffs to file an amended complaint. (Doc. 177). The Court correctly noted that none of the Plaintiffs specifically alleged that they interacted with MedAire, let alone received a denial from MedAire of any request for a mask-exemption. (Doc. 177). The Court explained there was no allegation that any Plaintiffs presented to the gate on the day of travel or underwent any pre-flight telephone screen with MedAire, that MedAire entertained, let alone denied, a request for a mask exemption from any Plaintiffs, that Plaintiffs even interacted with anyone from MedAire, or that MedAire was ever contacted by any of the alleged airlines in relation to any of Plaintiffs' bookings. (Doc. 177).

Plaintiffs filed the First Amended Complaint. While Plaintiffs added hundreds of additional paragraphs, and asserted a number of new claims against MedAire,

nothing has changed. (Doc. 190). The Court's previous dismissal order was correct (Doc. 177), and Plaintiffs have not identified any additional factual or legal arguments in their First Amended Complaint sufficient to state a claim against, or support personal jurisdiction over, MedAire.

The Court, having considered MedAire's Motion to Dismiss, and finding good cause, hereby GRANTS the Motion to Dismiss and ORDERS as follows:

1. Count 11 for violations of 42 U.S.C. §1983 is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted;
2. Counts 12, and 13 for violations of 42 U.S.C. §§1985(3) and 1986 are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted;
3. Counts 14, 16, 17, 18, and 30 for violations of the Rehabilitation Act (29 U.S.C. §794(a)) are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted;
4. Counts 15, 16, 17, 18, 19, and 30 for violations of the Air Carrier Access Act are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted;
5. Count 20 for violations of the California Unruh Civil Rights Act is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted;
6. Count 24 for invasion of privacy is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted;

7. Count 27 for medical malpractice is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted;

8. Plaintiffs' Complaint is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over MedAire for the claims asserted in the First Amended Complaint;

9. Plaintiffs' claims are MOOT in light of the Eleventh Circuit decision in *Health Freedom Defense Fund, Inc. v. Biden*, 71 F. 4th 888 (11th Cir. 2023) vacating the Federal Transportation Mask Mandate; and

10. Plaintiffs' request for punitive damages is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted as they are preempted and there is no factual basis to support a claim for punitive damages.

IT IS SO ORDERED.

Dated:

_____
SUNSHINE S. SYKES
United States District Judge