1  Richard A. Lazenby (State Bar No. 202105)
   Email: rlazenby@victorrane.com
2  Michael Cutler (State Bar No. 298875)
   Email: mcutler@victorrane.com
3  VICTOR RANE
   9350 Wilshire Blvd., Suite 308
4  Beverly Hills, California 90212
   Telephone: (310) 388-4849
5  Facsimile: (310) 388-4869

6  -and-

7  John C. Conti (State Bar No. 118824)
   Email: jconti@dmclaw.com
   Jeffrey J. Wetzel (admitted *pro hac vice*)
8  Email: jwetzel@dmclaw.com
   Steven L. Ettinger (admitted *pro hac vice*)
9  Email: settinger@dmclaw.com
   DICKIE, McCAMEY & CHILCOTE, P.C.
10 2 PPG Place, Suite 400
   Pittsburgh, PA 15222
11 Telephone: (414) 392-5617

12 Attorneys for Defendant
   STAT-MD
13

14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16 | URI MARCUS, YVONNE MARCUS,            ) | Case No.: 2:22-cv-02383-SSS-AS
17 | AVROHOM GORDON, DEVORAH               )
   | GORDON & CINDY RUSSO,                 ) | **STAT-MD'S MEMORANDUM OF**
18 |                                        ) | **LAW IN SUPPORT OF MOTION**
   |              Plaintiffs,              ) | **TO DISMISS PLAINTIFFS'**
19 |                                        ) | **FIRST AMENDED COMPLAINT**
   |     vs.                                ) | **PURSUANT TO FEDERAL**
20 |                                        ) | **RULES 12(B)(2) AND 12(B)(6)**
   | CENTERS FOR DISEASE CONTROL           ) |
21 | & PREVENTION, DEPARTMENT OF           ) | Hearing Date: December 8, 2023
   | HEALTH & HUMAN SERVICES,              ) | Hearing Time: 2:00 PM
22 | TRANSPORTATION SECURITY               ) | Ct. Room: 2
   | ADMINISTRATION, JULIE                 ) | Judge: Hon. Sunshine S. Sykes
23 | CARRIGAN, ALASKA AIRLINES,            ) |
   | ALLEGIANT AIR, AMERICAN               ) |
24 | AIRLINES, DELTA AIR LINES,            ) |
   | FRONTIER AIRLINES, HAWAIIAN           ) |
25 | AIRLINES, SOUTHWEST AIRLINES,         ) |
   | UNITED AIRLINES, YET-TO-BE-           ) |
26 | NAMED EMPLOYEES OF THE 8              ) |
   | AIRLINES, STAT-MD, & MEDAIRE,         ) |
27 |                                        ) |
   |              Defendants.              ) |
28 |                                        ) |

# TABLE OF CONTENTS

I. STATEMENT OF FACTS ................................................................................ 3

II. STANDARD OF REVIEW ............................................................................. 4

III. ARGUMENT .................................................................................................... 5

    A. Plaintiffs have failed to set forth facts establishing personal jurisdiction over STAT-MD. ................................................................. 5

    B. Plaintiffs' medical malpractice claim should be dismissed because the First Amended Complaint fails to allege a duty arising out of a physician-patient relationship. ..................................... 7

    C. Count 12 of the First Amended Complaint should be dismissed because Plaintiffs cannot allege a conspiracy or intent to violate their civil rights. ....................................................... 11

    D. Count 13 of the First Amended Complaint should be dismissed for failure to state a claim under 42 U.S.C. § 1986 ........................................................................................................ 14

    E. Plaintiffs' Section 1983 claim should be dismissed because STAT-MD is not a state actor. ............................................................. 14

    F. Plaintiffs' Rehabilitation Act claims should be dismissed against STAT-MD for failure to state a claim. ................................... 15

    G. Plaintiffs' ACAA claims should be dismissed because STAT-MD is not subject to this statute. ............................................. 17

    H. Plaintiffs' remaining state law claims should be dismissed for failure to state a claim. ................................................................. 17

IV. CONCLUSION .............................................................................................. 18

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

ii

# TABLE OF AUTHORITIES

**Cases**

*American Mfrs. Mut. Ins. Co. v. Sullivan,*
    526 U.S. 40 (1999) ................................................................................... 14

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................... 5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................... 4

*D'Amato v. Wis. Gas Co.,*
    760 F.2d 1474 (7th Cir. 1985) ................................................................. 13

*Dounce Al Dey v. Eye Express Optical,*
    2022 U.S. Dist. LEXIS 114713, *5 (S.D.N.Y. June 28, 2022) ................. 15

*Felton v. Schaeffer,*
    229 Cal. App. 3d 229 (1991) ..................................................................... 9

*Gilstrap v. United Air Lines, Inc.,*
    709 F.3d 995 (9th Cir. 2013) ................................................................... 17

*Griffin v. Breckenridge,*
    403 U.S. 88 (1971) ................................................................................... 12

*Health Freedom Def. Fund, Inc. v. Biden,*
    599 F. Supp. 3d 1144 (M.D. Fla. 2022) .................................................... 3

*Johnson v. Superior Court,*
    143 Cal. App. 4th 297 (2006) .................................................................... 8

*Karim-Panahi v. Los Angeles Police Dept.,*
    839 F.2d 621 (9th Cir. 1988) ............................................................. 13, 14

*Keene v. Wiggins,*
    69 Cal. App. 3d 308 (1977) .............................................................. 8, 9, 10

*Ledford v. California,*
    2018 U.S. Dist. LEXIS 154913, *12 (E.D. Cal. 2018) ............................. 16

*Mark H. v. Lemahieu,*
    513 F.3d 922 (9th Cir. 2008) ................................................................... 16

*Mero v. Sadoff,*
    31 Cal. App. 4th 1466 (1995) .............................................................. 8, 10

*Ochoa v. Pub. Consulting Grp., Inc.,*
    48 F.4th 1102 (9th Cir. 2022) .................................................................. 14

*O'Guinn v. Nev. Dep't of Corr.,*
    468 Fed. Appx. 651 (9th Cir. 2012) ......................................................... 16

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

iii

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

*Parver v. JetBlue Airlines Corp.*,
    649 Fed. Appx. 539 (9th Cir. 2016) .................................................................. 15

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ........................................................................... 6

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797, 802 (9th Cir. 2004) ..................................................................... 6

*Serris v. Chastaine*,
    2022 WL 715115 (E.D. Cal. Mar. 10, 2022) ................................................... 13

*Sever v. Alaska Pulp Corp.*,
    978 F.2d 1529 (9th Cir. 1992) ......................................................................... 12

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ............................................................................. 5

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) ........................................................................... 5

*Wilhelm v. Cont'l Title Co.*,
    720 F.2d 1173 (10th Cir. 1983) ....................................................................... 13

*Wyler Summit Partn. v. Turner Broad. System, Inc.*,
    135 F.3d 658 (9th Cir. 1998) ............................................................................. 5

**Other Authorities**

29 U.S.C. § 794(a) ..................................................................................................... 16

42 U.S.C. § 1985 ..................................................................................... 11, 12, 13, 14

42 U.S.C. § 1986 ....................................................................................................... 14

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 4

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

iv

# INTRODUCTION

On February 21, 2023, this Honorable Court granted STAT MD's Motion to Dismiss based on the lack of personal jurisdiction over this Defendant. Although Plaintiffs have filed a tome in the form of a First Amended Complaint, Plaintiffs' new pleading does little to address the deficiencies which caused its initial dismissal. Plaintiffs have failed to allege any purposeful contacts with this forum state which could subject STAT MD to personal jurisdiction. Plaintiffs have failed to provide any facts which could convert STAT MD's consultation services into a claim for medical malpractice. And Plaintiffs have failed to justify the expansion of Section 1985 conspiracy claims in this case. Instead, Plaintiffs have asserted a heap of new, inapplicable claims against STAT MD. Nothing in Plaintiffs' First Amended Complaint should disturb this Court's prior decision dismissing this Defendant.

Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT MD, works with various airlines to consult on whether a traveler's medical condition warrants an exemption to the now-defunct airline masking order. But Plaintiffs' First Amended Complaint fails to allege facts showing actual interactions between STAT MD (and Defendant MedAire) and the Plaintiffs. Although the First Amended Complaint spans over 900 pages with exhibits, STAT MD is hardly mentioned. In addition to failing to establish personal jurisdiction, Plaintiffs have failed to allege an actionable claim against STAT MD. Therefore, STAT MD should be dismissed from this litigation. Plaintiffs have had one opportunity to amend their Complaint; it should be their last.

## I. STATEMENT OF FACTS

Plaintiffs' claims derive from a challenge to the now-defunct Federal Transportation Mask Mandate (FTMM) and International Traveler Testing Requirement (ITTR) — two rules promulgated solely by the federal government.

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

1

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

As set forth in the First Amended Complaint, the FTMM directed airlines operating within the United States to require its passengers to wear a mask while aboard an airplane to prevent the spread of the COVID-19 virus. Last year, a federal judge ruled the Centers for Disease Control and Prevention (CDC) acted unlawfully in issuing the FTMM. Health Freedom Def. Fund, Inc. v. Biden, 599 F. Supp. 3d 1144 (M.D. Fla. 2022). On June 23, 2023, the Eleventh Circuit dismissed the appeal of the lower court decision as moot. Health Freedom Def. Fund v. President of United States, 71 F. 4th 888 (11th Cir. 2023). The Eleventh Circuit recognized that the mask mandate was no longer in effect and the HHS Secretary's declaration of a public health emergency expired. Nevertheless, Plaintiffs have pushed forward with their challenges to these defunct mask-mandate rules.

The FTMM contains an exception for any "person with a disability who cannot wear a mask, or cannot safely wear a mask, because of the disability as defined by the Americans with Disabilities Act." ECF Doc. 190 at ¶ 244. In order to determine which passengers can and cannot safely wear a mask, certain airlines consulted with STAT MD and/or MedAire to evaluate "mask-exemption demands." Id. at ¶ 7. According to the First Amended Complaint, STAT MD provides "'Airline Consultation Services' including In-flight emergency consultation as well as fitness-to-fly ground screening." Id. at ¶ 38. As part of its services, STAT MD reviews mask-exemption demands submitted by airline clients without performing a medical screening of each Plaintiff. Id. at ¶ 1342.

Plaintiffs each allege that the Defendants conspired to discriminate against them on the basis of their disabilities by "refusing to grant mask exemptions and/or requiring such an onerous exemption process that makes it nearly impossible for those . . . medically unable to cover [their] faces to obtain a waiver." Id. at ¶ 11

The First Amended Complaint is essentially devoid of individualized allegations against STAT MD. According to the First Amended Complaint, STAT

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

2

MD consulted with Delta Airlines as part of its "Clearance to Fly" process. Id. at ¶¶ 96, 529. But the Complaint does not actually identify a Plaintiff who was denied an exemption by STAT MD.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the pleadings must contain sufficient factual information to state a claim that is "plausible on its face" and "raises a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partn. v. Turner Broad. System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). But the court is not obligated to accept a plaintiff's legal conclusions. Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021). Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. ARGUMENT

### A. Plaintiffs have failed to set forth facts establishing personal jurisdiction over STAT MD.

Nothing in Plaintiffs' First Amended Complaint should affect this Court's prior ruling that it lacks personal jurisdiction over STAT MD. See ECF Doc. 177. It is uncontested that STAT MD is not subject to general jurisdiction in California. Plaintiffs' arguments contained in Count 27 their Complaint fail to add new additional facts to establish specific jurisdiction.

The Ninth Circuit has established a three-part test for determining whether a court may assert specific personal jurisdiction:

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

3

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). For specific jurisdiction, "there must be actions by the defendant himself that create a 'substantial connection' with the forum State. Merely random, fortuitous, or attenuated contacts are not sufficient." Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015) (internal quotation marks omitted).

Simply, Plaintiffs' First Amended Complaint fails to allege any activities by STAT MD directed at or occurring in California. In fact, Plaintiffs do not allege any specific activities by STAT MD at all. The Complaint contains no allegations that STAT MD interacted with Plaintiffs or denied their requests for mask exemptions. There is no allegation that STAT MD ever medically treated a Plaintiff. The only allegations involving STAT MD are that it would have "reviewed the itinerary, all details of the flight" when it reviewed a mask exemption request. ECF Doc. 190 at ¶ 1316. As a result, it should have known that the requests were coming from California passengers. Id. Plaintiffs allege that Medical Defendants provided consultations for the Airline Defendants, which may have involved passengers from California. But there is no allegation that any Plaintiffs were specifically denied mask-exemptions by STAT MD in California.

Additionally, STAT MD's general conduct may not give rise to purposeful contacts with the forum of California. As initially described by Plaintiffs, STAT

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

4

MD "reviews mask-exemption demands submitted by its airline clients without ever talking to the passenger and/or his/her physician." ECF Doc. 1 at ¶ 884. While this Paragraph has since been removed, the arrangement described in the First Amended Complaint lacks any connection to California. Although STAT MD may have reviewed "mask exemption demands" from a traveler from California, this activity is not directed at California and does not take place in California. Plaintiffs have not alleged that individuals from STAT MD were located anywhere but Pennsylvania while performing consultation services on behalf of the Airline Defendants. And the Complaint does not allege interactions with California passengers. Plaintiffs' First Amended Complaint contains no further allegations regarding the activities of STAT MD. Therefore, this Honorable Court lacks specific jurisdiction over STAT MD.

**B.   Plaintiffs' medical malpractice claim should be dismissed because the First Amended Complaint fails to allege a duty arising out of a physician-patient relationship.**

Plaintiffs' medical malpractice claim fails as a matter of law because STAT MD never provided medical treatment to Plaintiffs and never formed a patient relationship with any one Plaintiff. Under California law, to prevail on a medical malpractice claim, a plaintiff must establish that: (1) the defendant owed a duty to use "such skill, prudence, and diligence as other members of the profession commonly possess and exercise"; (2) defendant breached that duty; (3) the breach was a proximate cause of injury to the plaintiff; and (4) plaintiff suffered loss or damage as a result. Johnson v. Superior Court, 143 Cal. App. 4th 297, 305 (2006). But a medical provider's duty of care does not arise until a provider-patient relationship has been established. Mero v. Sadoff, 31 Cal. App. 4th 1466, 1471 (1995). And a provider-patient relationship exists in California only where the provider provides medical treatment to the patient. See Keene v. Wiggins, 69 Cal. App. 3d 308, 314 (1977) (noting that a provider-patient relationship is not formed

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

5

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

where they neither offer nor intend to treat, care for or otherwise benefit the person examined).

Plaintiffs cannot establish the foundational aspects of a medical malpractice claim because no medical treatment was provided and no provider-patient relationship was formed. Plaintiffs do not allege that they were ever "patients" of STAT MD. Plaintiffs do not allege that STAT MD ever agreed to provide them with medical treatment or care intended to alleviate some medical condition. Rather, Plaintiffs allege only that STAT MD consulted with certain Airline Defendants to review requests for masking exemptions. STAT MD's duty, therefore, ran to the Airline Defendants, not to Plaintiffs.

Under well-established California law, the relationship described in Plaintiffs' First Amended Complaint cannot establish a claim for medical malpractice. For example, in Felton v. Schaeffer, 229 Cal. App. 3d 229 (1991), the plaintiff underwent a pre-employment physical examination as required by his prospective employer. The examination was performed by the defendant-physicians, who concluded that plaintiff's physical condition rendered him "unsuitable" for the employment position. Id. at 233-34. Plaintiff Felton filed a medical malpractice claim against the defendant-physicians for misdiagnosing his medical condition. Id. at 234. The court concluded that, without a physician/patient relationship, "any duty to use due care in evaluating Felton's medical condition was owed to the employer rather than Felton." Id. The plaintiff in Felton was evaluated solely for a pre-employment examination, which was conducted at the request of the employer. Id. Under such an arrangement, a plaintiff has no claim in medical malpractice based on an alleged misdiagnosis. Id. at 234-35.

The Felton court relied on its precedent from Keene v. Wiggins, 69 Cal. App. 3d 308 (1977), which held similarly. The Keene plaintiff sued a physician

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

6

and others for medical malpractice based on the physician's performance of an examination at the request of a worker's compensation carrier. The physician examined Keene, reviewed his medical records, and provided his opinion to the workers' compensation carrier that no further medical treatment was necessary. Id. at 311. The Keene court recognized that the engagement of a physician to examine a person for a purpose other than medical treatment does not create a duty owed to the examinee. Id. at 313. "The physician acts as an agent of the person requesting the examination and absent special circumstances, his duty to observe good standards of professional skill in reporting the results of the examination runs only to the person employing him." Id. (internal citation omitted). Therefore, the Keene plaintiff was unable to assert a claim for medical malpractice claim against the examining physician. Id.; see also Mero v. Sadoff, 31 Cal. App. 4th 1466, 1471 (1995) (providing that, where a medical provider is retained by a third party to examine an individual and provide professional opinions to the third party, the provider cannot be liable to the individual for negligence in conducting the examination and making the report).

Plaintiffs fail to allege the most basic element of a medical malpractice claim — that they entered into a consensual provider-patient relationship with STAT MD. And a provider-patient relationship cannot be inferred from Plaintiffs' scant allegations concerning this Defendant. According to the First Amended Complaint, Plaintiffs never interacted with STAT MD. See ECF Doc. 1 at ¶ 1084 (alleging that STAT MD denied masking exemptions "without ever talking to the passenger and/or his/her physician"). Plaintiffs do not allege that STAT MD ever participated in the diagnosis or treatment of any one of them. Rather, Plaintiffs have alleged only that STAT MD provided a service to airlines by analyzing requests for masking exemptions and recommending whether those exemptions be granted or denied. Such conduct cannot qualify as medical care and cannot be

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

7

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

used to create a provider-patient relationship. Without the prerequisite provider-patient relationship, STAT MD cannot owe Plaintiffs a professional duty of care.

Because STAT MD's actions were not undertaken in the course of medical treatment, and fall outside of any provider-patient relationship, STAT MD cannot be liable for medical malpractice. Therefore, Count 27 of Plaintiff's First Amended Complaint should be dismissed.

### C. Count 12 of the First Amended Complaint should be dismissed because Plaintiffs cannot allege a conspiracy or intent to violate their civil rights.

This Honorable Court has already dismissed Plaintiffs' claim for conspiracy to infringe on civil rights pursuant to 42 U.S.C. § 1985. Plaintiffs' Amended Complaint contains no allegations that would warrant revisiting this decision. As before, "Plaintiffs' claim for conspiracy fails because Plaintiffs have only pled conclusory allegations that a conspiracy exists and that the conspiracy was for the purpose of depriving Plaintiffs equal protection of the laws or equal privileges and immunities under the laws." ECF Doc. 177 at p. 17.

In order to bring a claim under 42 U.S.C. § 1985(3), a plaintiff must show:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). But Section 1985 is not intended to apply to "all tortious, conspiratorial interferences with the rights of others" and cannot be utilized as a "general federal tort law." Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971). Instead, a Section 1985 conspiracy requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

8

at a deprivation of the equal enjoyment of rights secured by the law to all." Id. at 102.

As an initial matter, Plaintiffs' claimed disabilities do not place them in a class subject to a Section 1985 claim. Under Ninth Circuit law, a Section 1985 plaintiff must show that the courts have designated the class in question as a suspect or quasi-suspect classification "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection. Sever, 978 F.2d at 1536. Section 1985 does not apply to claims of discrimination on the basis of medical disability. "Disabled individuals do not constitute a 'class' within the meaning of section 1985(3)." Serris v. Chastaine, No. 2:22-cv-0434-JAM-CKD PS 2022 WL 715115 (E.D. Cal. Mar. 10, 2022); see also D'Amato v. Wis. Gas Co., 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped."); Wilhelm v. Cont'l Title Co., 720 F.2d 1173, 1176 (10th Cir. 1983) (concluding that a class of handicapped persons does not come within the provisions of Section 1983).

Even if disability came within the ambit of Section 1985, Plaintiffs' allegations nevertheless fail to show a conspiracy, let alone one aimed at discriminating against their alleged handicaps. Instead, Plaintiffs have provided only a formulaic recitation of a Section 1985 cause of action along with bare assertions of wrongdoing. As stressed by the Ninth Circuit, a mere allegation of conspiracy without factual specificity is insufficient. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiffs' Amended Complaint sets forth conduct by the Airline Defendants but not STAT MD. Plaintiffs merely state that the "Medical Defendants" conspired with the Airline Defendants and all Defendants had "'a tacit understanding to carry out the prohibited conduct,' and upon proper discovery,

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

9

Plaintiff shall provide further evidence." ECF Doc. 190 at ¶¶ 877, 881. These allegations are insufficient to render STAT MD liable for a Section 1985 conspiracy. Plaintiffs do not allege facts that the Defendants entered into a conspiracy. Therefore, Count 12 of the First Amended Complaint fails to state a claim for conspiracy for which relief can be granted under Section 1985.

**D. Count 13 of the First Amended Complaint should be dismissed for failure to state a claim under 42 U.S.C. § 1986.**

Because Plaintiffs lack a cause of action under Section 1985, their claims under Section 1986 must be dismissed as well. See Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985").

**E. Plaintiffs' Section 1983 claim should be dismissed because STAT MD is not a state actor.**

To establish a claim under Section 1983, a plaintiff must show that the defendants were "state actors" or acting under color of state law. Ochoa v. Pub. Consulting Grp., Inc., 48 F.4th 1102, 1107 (9th Cir. 2022). Purely private conduct, no matter how discriminatory or wrongful, does not violate Section 1983. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "In considering whether there is joint state action, the court considers whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." Parver v. JetBlue Airlines Corp., 649 Fed. Appx. 539, 543 (9th Cir. 2016).

There is no dispute that STAT MD is a private, non-profit corporation. STAT MD was at no time acting under color of state law. The First Amended Complaint lacks any allegation of joint activity by STAT MD with a government entity. Rather, the Complaint simply asserts that each of the Defendants complied with laws which Plaintiffs consider to be illegal. This is insufficient to bring

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

10

STAT MD under the ambit of Section 1983. See Dounce Al Dey v. Eye Express Optical, 2022 U.S. Dist. LEXIS 114713, *5 (S.D.N.Y. June 28, 2022) (dismissing Section 1983 claim in a mask mandate case because "[d]efendant Eye Express Optical is a private party and does not appear to work for any state or other government body"). Plaintiffs' Section 1983 claim against this Defendant should be dismissed.

**F.  Plaintiffs' Rehabilitation Act claims should be dismissed against STAT MD for failure to state a claim.**

Plaintiffs assert a series of flawed claims arising under the Rehabilitation Act. Based on the facts alleged in the First Amended Complaint, Plaintiffs cannot state a claim against STAT MD for violations of the Rehabilitation Act. As an initial matter, fundamental pleading deficiencies doom Plaintiffs' Rehabilitation Act claims like they doom their other causes of action. Because Plaintiffs do not allege specific conduct or interactions between Plaintiffs and STAT MD, this Defendant cannot be liable pursuant to this statute.

Beyond pleading deficiencies, Plaintiffs' core grievance against STAT MD is inconsistent with a Rehabilitation Act claim. Plaintiffs' suit against STAT MD is based on the theoretical denial of a mask exemption. Such an exercise of medical decision-making cannot serve as the basis of a Rehabilitation Act claim. See O'Guinn v. Nev. Dep't of Corr., 468 Fed. Appx. 651, 653 (9th Cir. 2012) (noting that a Rehabilitation Act claim "cannot be reconciled with medical treatment decisions for the underlying disability"); Ledford v. California, 2018 U.S. Dist. LEXIS 154913, *12 (E.D. Cal. 2018) (providing that disability statutes do not apply to inadequate treatment of a disability). Therefore, Plaintiffs' Rehabilitation Act claim should be dismissed.

Furthermore, Plaintiffs' claims cannot articulate a benefit offered by STAT MD, denied on the basis of disability. Under the Rehabilitation Act, those

receiving federal funds must provide the opportunity for handicapped individuals to participate in and benefit from programs receiving federal assistance. *Mark H. v. Lemahieu*, 513 F.3d 922, 929 (9th Cir. 2008) (citing 29 U.S.C. § 794(a)). In this case, the benefit claimed is the supposed right to fly on an airplane. But such a benefit is not offered to the public by STAT MD; any benefit would be provided by the Airline Defendants alone. Therefore, Plaintiffs' Rehabilitation Act against STAT MD cannot stand.

### G. Plaintiffs' ACAA claims should be dismissed because STAT MD is not subject to this statute.

The Air Carriers Access Act and its associated regulations do not apply to STAT MD. As its name suggests, the ACAA applies only to "air carriers." See generally *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 999-1001 (9th Cir. 2013). STAT MD is not an air carrier, nor is there any allegation that STAT MD is an air carrier. As a result, each of Plaintiffs' claims arising out of the ACAA against STAT MD must be dismissed.

### H. Plaintiffs' remaining state law claims should be dismissed for failure to state a claim.

Finally, Plaintiffs assert certain California state law claims against all Defendants. As set forth above, STAT MD is not subject to personal jurisdiction in California. Therefore, Plaintiffs' alleged statutory violations do not apply to this Defendant.

Additionally, Plaintiffs have failed to specify facts in support of their state law claims. For example, it is difficult to understand how STAT MD can be charged with invasion of privacy based on its limited role in the facts alleged. STAT MD acted as a medical consultant to certain Airline Defendants. Surely, a medical entity cannot be charged with invasion of privacy for seeking or obtaining the medical information STAT MD was retained to review. None of Plaintiffs'

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

12

causes of action against STAT MD have merit.

## IV.  CONCLUSION

Defendant STAT MD is not subject to personal jurisdiction in this Honorable Court.  Even if it were, Plaintiffs have nevertheless failed to state a viable claim against STAT MD.  Accordingly, this Defendant requests that Plaintiff's First Amended Complaint as to STAT MD be dismissed with prejudice. Plaintiffs' should not be given another opportunity to amend their unsalvageable pleading.

Dated: November 6, 2023    Respectfully submitted,

By: *John C. Conti*
John C. Conti
Jeffrey J. Wetzel
(admitted *pro hac vice*)
Steven L. Ettinger
(admitted *pro hac vice*)
DICKIE, McCAMEY & CHILCOTE, P.C.

-and-

By: [signature]
Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
STAT-MD

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

13

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for STAT-MD, certifies that is brief contains 3,795 words, which complies with the word limit of L.R. 11-6.1.

This motion is made following the conference of counsel and Plaintiffs (who are *pro se*) pursuant to L.R. 7-3, which took place on Tuesday October 24, 2023 via Zoom. Devorah Gordon, Avroham Gordon, Adi Marcus, Cindy Russo, Roy Goldberg, Brian Maye, Steve Ettinger, Jeremy Brumbelow, Andrew Freidah, Stephen Pezzi, and Barry S. Alexander were present at the conference. The conference lasted approximately one hour.

At the conference, STAT-MD discussed the issues with Plaintiffs' First Amended Complaint and the grounds for dismissal of the claims as to STAT-MD for the reasons listed in STAT-MD's attached Memorandum of Points and Authorities filed concurrently herewith. The parties were unable to come to an agreement on the reasons for dismissal of STAT-MD from this lawsuit.

Dated: November 6, 2023         Respectfully submitted,

By: *John C. Conti*
John C. Conti
Jeffrey J. Wetzel
*(*admitted *pro hac vice)*
Steven L. Ettinger
*(*admitted *pro hac vice)*
DICKIE, McCAMEY & CHILCOTE, P.C.

-and

By: [signature]
Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
STAT-MD

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

STAT-MD'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SSS-AS

14