BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

E. MARTIN ESTRADA
United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

STEPHEN M. PEZZI
MICHAEL J. GERARDI
ANDREW F. FREIDAH
CLAYTON L. BAILEY (D.C. Bar No. 1644867)
    Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.: (202) 598-1226
Email:  clayton.l.bailey@usdoj.gov

*Counsel for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, *et al.*,<br><br>                    *Plaintiffs*,<br><br><br>        v.<br><br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al*.,<br><br>                    *Defendants*. | CASE NO. 2:22-CV-2383-SSS-AS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Honorable Sunshine S. Sykes<br>**United States District Judge** |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................1

STANDARD OF REVIEW ................................................................................4

ARGUMENT .....................................................................................................6

I.    Plaintiffs' claims seeking only prospective relief should be dismissed
as moot. ...................................................................................................6

      A.    Plaintiffs' APA and constitutional claims are limited to
prospective relief and therefore moot (Causes of Action 1–10,
26)................................................................................................6

      B.    Plaintiffs' Rehabilitation Act claim against Federal
Defendants is limited to prospective relief and therefore moot
(Cause of Action 14). ..................................................................9

II.    Plaintiffs' Section 1983 and related claims are barred by sovereign
immunity (Causes of Action 11–13). ...................................................10

III.    Federal Defendants' public health policy is not "practicing medicine
without a license" (Cause of Action 23)...............................................12

IV.    Plaintiffs' Tenth Amendment and constitutional right to travel claims
should also be dismissed under the reasoning in the Court's prior
order (Causes of Action 6, 26) .............................................................13

CONCLUSION................................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013).............................................................................10

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006)...........................................................................4

*Arizona v. Mayorkas*,
  143 S. Ct. 1312 (2023).......................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................5, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................5

*Benoit v. U.S. Dep't of Agric.*,
  577 F. Supp. 2d 12 (D.D.C. 2008), *aff'd*, 608 F.3d 17 (D.C. Cir. 2010) ...........6

*Brach v. Newsom*,
  38 F.4th 6 (9th Cir. 2022), *cert. denied,* 143 S. Ct. 854 (2023) .....................7, 9

*Cabrera v. Martin*,
  973 F.2d 735 (9th Cir. 1992) ............................................................12

*California v. Trump*,
  613 F. Supp. 3d 231 (D.D.C. 2020)...................................................9

*County of Los Angeles v. Davis*,
  440 U.S. 625 (1979)...........................................................................7

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) .............................................................5

*Delta Sav. Bank v. United States*,
  265 F.3d 1017 (9th Cir. 2001) .........................................................11

*Dep't of the Army v. Fed. Lab. Rels. Auth.*,
  56 F.3d 273 (D.C. Cir. 1995)..............................................................6

*Falchenberg v. N.Y. State Dep't of Educ.*,
  642 F. Supp. 2d 156 (S.D.N.Y. 2008),
  *aff'd*, 338 F. App'x 11 (2d Cir. 2009) ................................................................10

*Faris v. CDC*,
  No. 3:22-CV-23-BJB, 2023 WL 5616070 (W.D. Ky. Aug. 30, 2023) ..........7, 8

*Firearms Pol'y Coal., Inc. v. Barr*,
  419 F. Supp. 3d 118 (D.D.C. 2019) .......................................................................8

*Gilmore v. Gonzales*,
  435 F.3d 1125 (9th Cir. 2006) .............................................................................13

*Griffin v. Breckenridge*,
  403 U.S. 88 (1971) ...............................................................................................12

*Hall v. Mueller*,
  84 F. App'x 814 (9th Cir. 2003) ..........................................................................11

*Harger v. Dep't of Lab.*,
  569 F.3d 898 (9th Cir. 2009) .................................................................................5

*Health Freedom Def. Fund, Inc. v. Biden*,
  599 F. Supp. 3d 1144 (M.D. Fla. 2022), *vacated as moot sub nom. Health
  Freedom Def. Fund v. President of the U.S.*, 71 F.4th 888 (11th Cir. 2023) ......2

*Health Freedom Def. Fund v. President of the U.S.*,
  71 F.4th 888 (11th Cir. 2023) ...................................................................... *passim*

*Hodges v. CGI Fed. Def. & Intel.*,
  727 F. App'x 236 (9th Cir. 2018) ........................................................................11

*Jachetta v. United States*,
  653 F.3d 898 (9th Cir. 2011) ...............................................................................11

*Joseph v. Becerra*,
  No. 22-cv-40-wmc, 2022 WL 17262231 (W.D. Wisc. Nov. 29, 2022) ............13

*Karim-Panahi v. L.A. Police Dep't*,
  839 F.2d 621 (9th Cir. 1988) ...............................................................................12

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ...............................................................................................5

iii

*Lane v. Pena*,
  518 U.S. 187 (1996)..................................................................10

*Larsen v. U.S. Navy*,
  525 F.3d 1 (D.C. Cir. 2008) ........................................................9

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)....................................................................9

*Morse v. N. Coast Opportunities, Inc.*,
  118 F.3d 1338 (9th Cir. 1997) ...................................................11

*Mueller v. U.S-Corp.*,
  No. EDCV 08-00918-DSF (MAN),
  2009 WL 273283 (C.D. Cal. Feb. 2, 2009) ...............................11

*Powell v. McCormack*,
  395 U.S. 486 (1969)....................................................................7

*Preiser v. Newkirk*,
  422 U.S. 395 (1975)....................................................................5

*Robinson v. United States*,
  586 F.3d 683 (9th Cir. 2009) ......................................................5

*Smith v. U.S. Ct. of Appeals*,
  No. C-0, 8-1860 EMC, 2008 WL 2079189 (N.D. Cal. May 15, 2008)............12

*Trump v. Int'l Refugee Assistance*,
  583 U.S. 912 (2017)....................................................................7

*United States v. Mitchell*,
  463 U.S. 206 (1983)....................................................................6

*Wall v. Sw. Airlines*,
  No. 6:21-cv-1008-PGB-DCI, 2021 WL 8201967 (M.D. Fla. Dec. 8, 2021) ....13

*Wall v. TSA*,
  No. 21-1220, 2023 WL 1830810 (D.C. Cir. Feb. 9, 2023), *cert. denied sub nom. Abadi v. TSA*, No. 23-5202, 2023 WL 6379048 (U.S. Oct. 2, 2023) .........8

*Ziglar v. Abbasi*,
  582 U.S. 120 (2017)...................................................................11

iv

*Zinman v. Nova Se. Univ.*, *Inc.*,
 No. 21-cv-60723-RUIZ/STRAUSS,
 2021 WL 4025722 (S.D. Fla. Aug. 30, 2021), *report and recommendation
 adopted,* 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021) ....................................13

**Statutes**

5 U.S.C. § 706 .......................................................................................................7

42 U.S.C. § 1983 .............................................................................................. 10, 11

42 U.S.C. § 1985 ................................................................................................11

42 U.S.C. § 1986 ................................................................................................11

**Federal Rules**

Fed. R. Civ. P. 12 .............................................................................................4, 5

**Administrative & Executive Materials**

CDC, *Order Under Section 361 of the Public Health Service Act, Requirement for
 Persons to Wear Masks While on Conveyances and at Transportation Hubs,*
 86 Fed. Reg. 8025 (Feb. 3, 2021) ............................................................. 2, 3, 7

Exec. Order No. 13,998, *Promoting COVID-19 Safety in Domestic and
 International Travel,*
 86 Fed. Reg. 7205 (Jan. 21, 2021) .........................................................................2

*Requirement for Negative Pre-Departure COVID-19 Test Result for All Airline
 Passengers Arriving Into the United States from the United Kingdom (UK),*
 85 Fed. Reg. 86,933 (Dec. 31, 2020) .....................................................................2

*Requirement for Negative Pre-Departure COVID-19 Test Result or
 Documentation of Recovery From COVID-19 for All Airline or Other Aircraft
 Passengers Arriving Into the United States From Any Foreign Country,*
 86 Fed. Reg. 6331 (Jan. 21, 2021) .........................................................................2

*Requirements for Negative Pre-Departure Covid-19 Test Result or
 Documentation of Recovery From Covid-19 for All Airline or Other Aircraft
 Passengers Arriving Into the United States From Any Foreign Country,*
 86 Fed. Reg. 69,256 (Dec. 7, 2021) ...................................................................3, 8

v

**Other Authorities**

CDC, *End of the Federal COVID-19 Public Health Emergency (PHE)
    Declaration* (updated Sept. 12, 2023),
    https://perma.cc/7DY4-BGQQ ..................................................................3

CDC, *Rescinding Requirement for Negative Pre-Departure COVID-19 Test
    Result or Documentation of Recovery From COVID-19 for All Airline or
    Other Aircraft Passengers Arriving Into the United States From Any
    Foreign Country* (June 10, 2022),
    https://perma.cc/9X2M-KJJM .............................................................3, 8

HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020),
    https://perma.cc/VZ5X-CT5R ..............................................................3

## INTRODUCTION

The Court previously dismissed the bulk of Plaintiffs' claims against Federal Defendants but granted leave to amend.  Plaintiffs now attempt to resurrect their challenge to two orders that have not been in effect for over a year and show no prospect of being revived.  The COVID-19 public health emergency expired six months ago, and with it, both the CDC's transportation mask order and international traveler testing order.  As a result, the Eleventh Circuit held that a similarly situated plaintiff's challenge to the CDC's transportation mask order no longer presented a live controversy for the court, and it accordingly instructed the district court to "dismiss the case as moot." *Health Freedom Def. Fund v. President of the U.S.*, 71 F.4th 888, 894 (11th Cir. 2023).  The same reasoning applies with force to the international traveler testing order.

Nearly all of Plaintiffs' claims here are limited to prospective injunctive or declaratory relief and are moot.  Dismissing those claims ensures that the Court is deciding only cases or controversies under Article III of the Constitution, preserving judicial resources, and avoiding the issuance of impermissible advisory opinions. Plaintiffs' few remaining monetary claims should be dismissed on sovereign immunity grounds, or for failure to state a claim.  Accordingly, the Court should grant Federal Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

Plaintiffs filed this case in April 2022, seeking to challenge—as to Federal Defendants—the Centers for Disease Control and Prevention (CDC) transportation mask order (Mask Order) and international traveler testing order (Testing Order). Compl., ECF No. 1.

Mask Order.  On January 21, 2021, President Biden issued an Executive Order explaining that public-health experts "have concluded that mask-wearing, physical

distancing, appropriate ventilation, and timely testing can mitigate the risk of travelers spreading COVID-19."  Exec. Order No. 13,998, *Promoting COVID-19 Safety in Domestic and International Travel*, 86 Fed. Reg. 7205, 7205 (Jan. 21, 2021).  A few weeks later, the CDC issued the Mask Order.  *See* CDC*, Order Under Section 361 of the Public Health Service Act, Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021).  On April 18, 2022, a district judge on the U.S. District Court for the Middle District of Florida issued an order vacating the Mask Order nationwide.  *Health Freedom Def. Fund, Inc. v. Biden*, 599 F. Supp. 3d 1144 (M.D. Fla. 2022), *vacated as moot sub nom. Health Freedom Def. Fund v. President of the U.S.*, 71 F.4th 888 (11th Cir. 2023).  The Mask Order was not enforced after the district court's April 2022 ruling.

Testing Order.  On December 25, 2020, in response to reports of a particularly transmissible strain of COVID-19, the CDC issued an order generally requiring air travelers seeking to depart the United Kingdom with a final destination in the United States to provide documentation of a negative COVID-19 test result to the airline before departure.  *Requirement for Negative Pre-Departure COVID-19 Test Result for All Airline Passengers Arriving Into the United States from the United Kingdom (UK)*, 85 Fed. Reg. 86,933 (Dec. 31, 2020).  On January 13, 2021, "[b]ased on increased transmissibility and spread of these new variants of SARS-CoV-2, and to reduce introduction and spread of these and future SARS-CoV-2 variants into the United States," the CDC determined that "expanding current UK pre-departure testing requirements to all foreign countries and U.S.-bound passengers is warranted."  *Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 86 Fed. Reg. 6331, 6334 (Jan. 21, 2021).  On June 10, 2022, CDC rescinded the international

traveler testing order effective June 12, 2022. CDC, *Rescinding Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country* (June 10, 2022), https://perma.cc/9X2M-KJJM. The Testing Order was not enforced again after June 2022.

Expiration of Public Health Emergency. Both the Mask Order and the Testing Order were tied to the public health emergency declared by the Secretary of Health and Human Services (HHS) in January 2020. HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://perma.cc/VZ5X-CT5R. On May 11, 2023, the public health emergency with respect to COVID-19 expired. *See* CDC, *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration* (updated Sept. 12, 2023), https://perma.cc/7DY4-BGQQ. The Mask Order expired, by its terms, at the end of the public health emergency. *See* 86 Fed. Reg. at 8026 ("This Order will remain in effect . . . until the Secretary of Health and Human Services rescinds the determination . . . that a public health emergency exists."). Had the Testing Order not already been rescinded, it too would have expired by its own terms when the public health emergency expired. *See Requirements for Negative Pre-Departure Covid-19 Test Result or Documentation of Recovery From Covid-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 86 Fed. Reg. 69,256, 69,262 (Dec. 7, 2021) ("This Amended Order . . . will remain in effect . . . until the Secretary of Health and Human Services rescinds the determination . . . that a public health emergency exists with respect to COVID-19.").

Eleventh Circuit Opinion on Mask Order. On June 22, 2023, the Eleventh Circuit issued its opinion in *Health Freedom*, which vacated the district court's order enjoining the Mask Order and instructed the district court to dismiss the case as moot. 71 F.4th at 894. The Eleventh Circuit concluded that the plaintiffs' challenge to the

Order became moot when the Order "expired by its own terms on May 11, 2023." *Id.* at 891. It further explained that, in light of that development, there was "no longer any [order] . . . to set aside or uphold." *Id.* at 892. The court rejected the plaintiffs' reliance on mootness exceptions because the Order "expired after the HHS Secretary declared that the public health emergency has ended," and there was no evidence "that this decision was an effort to avoid further litigation" or "that the CDC has any plans to promulgate an identical mandate." *Id.* The court also noted that the Supreme Court had recently vacated a lower court decision as moot in similar circumstances involving expired "emergency immigration decrees designed to prevent the spread of COVID-19." *Id.* at 894 (citing *Arizona v. Mayorkas*, 143 S. Ct. 1312 (2023)).

<u>Litigation Background</u>. Defendants in this case previously filed motions to dismiss, and the Court granted those motions except as to Federal Defendants' argument that the complaint should be dismissed as a shotgun pleading. Order re Motions-to-Dismiss, ECF No. 177 ("MTD Order"). The Court afforded Plaintiffs the opportunity to file an amended complaint. *Id.* The Parties stipulated, and the Court ordered, that the case be stayed pending the Eleventh Circuit's resolution of *Health Freedom*. Order re Stipulation, ECF No. 181. On October 10, 2023, Plaintiffs filed their First Amended Complaint. First Am. Compl., ECF No. 190 ("Am. Compl."). Although following the Court's first motion-to-dismiss ruling Plaintiffs represented that they would "clean it up and make it less complicated," Joint Status Report at 8, ECF No. 186, the First Amended Complaint continues for 218 pages and 30 causes of action. Am. Compl. As to Federal Defendants, Plaintiffs allege sixteen causes of action: Causes of Action 1–14, 23, and 26.

## STANDARD OF REVIEW

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety" under Federal Rule of Civil Procedure 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). When a complaint is challenged under Rule 12(b)(1), "[n]o presumptive truthfulness attaches to plaintiff's allegations" and the court may "hear evidence regarding jurisdiction and resolv[e] factual disputes where necessary." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted).  Federal courts lack subject matter jurisdiction to decide moot questions because they may decide only "case[s] or controvers[ies]" within the meaning of Article III of the United States Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  Federal courts also lack subject matter jurisdiction where the United States has retained sovereign immunity. *Harger v. Dep't of Lab.*, 569 F.3d 898, 903 (9th Cir. 2009).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court must accept as true all well-pleaded facts, but disregards legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

# ARGUMENT

## I.   Plaintiffs' claims seeking only prospective relief should be dismissed as moot.

For many of Plaintiffs' claims, the only available remedy is prospective injunctive or declaratory relief.  Where that is the case, given the expiration of the public health emergency, there is nothing more for the Court to do.  Specifically, Plaintiffs' APA, constitutional, and Rehabilitation Act claims allow only for prospective relief.  These claims are therefore moot and should be dismissed for lack of subject matter jurisdiction.

### A.   Plaintiffs' APA and constitutional claims are limited to prospective relief and therefore moot (Causes of Action 1–10, 26).

Plaintiffs continue to raise APA and constitutional challenges the Mask Order (Causes of Action 1–6, 26) and the Testing Order (Causes of Action 7–10, 26).  *See* Am. Compl. ¶¶ 691–827, 1291–1310.  Sovereign immunity shields the United States from monetary damages for these claims, leaving prospective injunctive or declaratory relief as the only possible remedy.  Because these orders are no longer in effect, and either terminated or would have terminated on their own terms, Plaintiffs' claims are moot and should be dismissed.

Under sovereign immunity, "the United States may not be sued without its consent."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  That extends to the availability of monetary damages.  *Dep't of the Army v. Fed. Lab. Rels. Auth.*, 56 F.3d 273, 277 (D.C. Cir. 1995) ("[T]he statutory waiver provision must unambiguously establish that it extends to the award of money damages.").  Aside from the Civil Rights Act claims discussed below, Plaintiffs do not allege any statutory waiver of sovereign immunity for their APA or constitutional claims other than the APA itself.  And the United States has "not waived its sovereign immunity to damages claims under the Constitution . . . or the APA."  *Benoit v. U.S. Dep't of*

6

*Agric.*, 577 F. Supp. 2d 12, 26 (D.D.C. 2008) (internal citations omitted), *aff'd*, 608 F.3d 17 (D.C. Cir. 2010).   The only available remedy is therefore prospective injunctive or declaratory relief.  *See* 5 U.S.C. § 706.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  Where an order has "expired by its own terms," the claims seeking to prevent its enforcement "no longer presents a live case or controversy."  *Trump v. Int'l Refugee Assistance*, 583 U.S. 912, 912 (2017) (citation omitted); *see also Brach v. Newsom*, 38 F.4th 6, 12 (9th Cir. 2022) (en banc) (holding that the voluntary cessation exception to mootness did not apply where the challenged COVID-19-related orders "expired by their own terms") (citation omitted), *cert. denied,* 143 S. Ct. 854 (2023).

Applying this well-settled law, the Court should follow recent decisions dismissing challenges to the Mask Order as moot.  As discussed, when the public health emergency with respect to COVID-19 expired on May 11, 2023, the Mask Order expired by its own terms.  *See* 86 Fed. Reg. at 8030.  As a result, the Eleventh Circuit in *Health Freedom* vacated the district court's judgment and instructed it to dismiss the case as moot.  71 F.4th at 894.  The court held that there was "no longer any [CDC Order] . . . to set aside or uphold," *id.* at 892, and rejected the plaintiffs' reliance on mootness exceptions because the Order "expired after the HHS Secretary declared that the public health emergency has ended."  *Id.*  The court further found no evidence "that this decision was an effort to avoid further litigation" or "that the CDC has any plans to promulgate an identical mandate."  *Id.*  At least one other district court has followed suit.  *Faris v. CDC*, No. 3:22-CV-23-BJB, 2023 WL 5616070, at *3 (W.D. Ky. Aug. 30, 2023) ("[W]hether on mootness or standing grounds, Faris's claims against the Federal Defendants fail, and the Court dismisses them from the case.").

Challenges to the Testing Order deserve the same treatment. Because it was rescinded in June 2022,[1] the Testing Order has not been effective for nearly a year and a half. And if the Testing Order had not been rescinded, it too would have expired on its own terms on May 11, 2023, when the public health emergency ended. *See* 86 Fed. Reg. at 69,262. Because the Testing Order would have expired on its own terms in May, there is similarly "no longer any [order] . . . to set aside or uphold." *Health Freedom*, 71 F.4th at 892.

Plaintiffs speculate that one or both orders could be renewed in the future, *see, e.g.*, Am. Compl. ¶ 795, but they cite no evidence of that. As the Eleventh Circuit held, responding to arguments that CDC might issue a new mask order to combat "the common cold and influenza," "conjectures of future harms like these do not establish a reasonable expectation that a mask mandate from the CDC will reissue." *Health Freedom*, 71 F.4th at 893. For any such hypothetical argument, Plaintiffs' "theory of injury rests on a tenuous chain of impermissible speculation and assumption."[2] *Faris*, 2023 WL 5616070, at *3 (quoting *Firearms Pol'y Coal., Inc. v. Barr*, 419 F. Supp. 3d 118, 123 (D.D.C. 2019)).

---

[1] *See* CDC, *Rescinding Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country* (June 10, 2022), https://perma.cc/9X2M-KJJM.

[2] Plaintiffs' repeated invocation of *Wall v. TSA* does them no help. *See Wall v. TSA*, No. 21-1220, 2023 WL 1830810 (D.C. Cir. Feb. 9, 2023), *cert. denied sub nom. Abadi v. TSA*, No. 23-5202, 2023 WL 6379048 (U.S. Oct. 2, 2023). That decision concerned TSA security directives not challenged here, which relied on different statutory authority. Most importantly, *Wall* was both briefed and decided while the COVID-19 public health emergency declaration remained in full effect and *Health Freedom* was still pending on appeal, *id.* at *1, and therefore the Federal Defendants' (and the Eleventh Circuit's) theory of mootness was not at all implicated by the D.C. Circuit's opinion in *Wall*—it is only since the public-health emergency expired, in May of 2023, that Plaintiffs' claims have become moot.

Similarly, Plaintiffs' observation that Executive Order No. 13998 remains in effect has no bearing on the mootness of challenges to the CDC's now-expired orders.[3]  "[T]he mere power to reenact a challenged [policy] is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists. Rather, there must be evidence indicating that the challenged [policy] likely will be reenacted." *Brach*, 38 F.4th at 14 (quoting *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008)).

**B.    Plaintiffs' Rehabilitation Act claim against Federal Defendants is limited to prospective relief and therefore moot (Cause of Action 14).**

To the degree Plaintiffs assert a Rehabilitation Act claim against Federal Defendants, it is also moot.  Plaintiffs appear to bring only an "aiding and abetting" claim against Federal Defendants.   Because the Court earlier dismissed the substantive Rehabilitation Act claims against the other defendants, there can be no aiding and abetting claim against Federal Defendants.    And because the Rehabilitation Act only allows for prospective relief against the federal government, Plaintiffs' claim is moot for the same reasons as their APA and constitutional claims.

Plaintiffs' fourteenth cause of action asserts a "[v]iolation of the Rehabilitation Act ('RA') against airline defendants, and medical Defendants, and with the other

---

[3] Causes of Action 1, 5, and 6 purport to challenge the President's Executive Order together with the CDC's Mask Order.  In addition to mootness, Plaintiffs lack standing to challenge the Executive Order because it does not directly impose any obligation on Plaintiffs or anyone outside of the Executive Branch, and because their alleged injury would not be redressed by a successful challenge to the Executive Order.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also California v. Trump*, 613 F. Supp. 3d 231, 249 (D.D.C. 2020) (finding plaintiffs lacked standing where "Executive Order merely induced the FHWA to take a hard look at its existing regulations").

defendants aiding and abetting and facilitating the discrimination." Am. Compl. at 129. But aiding and abetting is "a viable theory only where an underlying violation has been shown." *Falchenberg v. N.Y. State Dep't of Educ.*, 642 F. Supp. 2d 156, 165 (S.D.N.Y. 2008), *aff'd*, 338 F. App'x 11 (2d Cir. 2009). In the Court's first order on motions to dismiss, it dismissed all Rehabilitation Act claims against Airline Defendants. MTD Order at 18. Should the Court make a similar ruling in response to this Amended Complaint for Airline Defendants and Medical Defendants, there can be no separate, viable claim against Federal Defendants.

Regardless of the theory of liability, any Rehabilitation Act claim against Federal Defendants is moot. The Supreme Court long ago decided that Congress "did not in fact intend to waive the Federal Government's sovereign immunity against monetary damages awards for Executive agencies' violations of § 504(a)." *Lane v. Pena*, 518 U.S. 187, 197 (1996). The only available remedy against Federal Defendants, if any, is prospective. And because the Rehabilitation Act claim appears to be based on the application of mask requirements, *see* Am. Compl. ¶ 926, and the Mask Order has expired, the parties "lack a legally cognizable interest in the outcome." *Health Freedom*, 71 F.4th at 891 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

## II. Plaintiffs' Section 1983 and related claims are barred by sovereign immunity (Causes of Action 11–13).

Plaintiffs bring claims under 42 U.S.C. § 1983 (Am. Compl. ¶¶ 828–41), 42 U.S.C. § 1985 (Am. Compl. ¶¶ 842–91), and 42 U.S.C. § 1986 (Am. Compl. ¶¶ 892–908). These provisions do not include a waiver of sovereign immunity and cannot be applied against Federal Defendants. Plaintiffs' claims should therefore be dismissed for lack of subject matter jurisdiction.

Section 1983 creates a private right of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or

Territory or the District of Columbia," violates the civil rights of another person. 42 U.S.C. § 1983. Section 1985(3) creates a corresponding private right of action against persons conspiring to violate civil rights. *Id.* § 1985(3). Finally, Section 1986 creates a private cause of action against persons with knowledge of a conspiracy to violate civil rights who nevertheless refuse to prevent the "wrongs conspired to be done." *Id.* § 1986.

It is well-established in the Ninth Circuit that none of these causes of action can be brought against the federal government or their agencies.[4] That is true for Section 1983. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("Lest there be any continuing confusion, we take this opportunity to remind the Bar that by its very terms, § 1983 precludes liability in federal government actors."); *see also Hodges v. CGI Fed. Def. & Intel.*, 727 F. App'x 236, 239 (9th Cir. 2018); *Hall v. Mueller*, 84 F. App'x 814, 815 (9th Cir. 2003). And Section 1985. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions."). And Section 1986. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024–25 (9th Cir. 2001) (holding that the FTCA does not waive the government's sovereign immunity for claims alleging violations of 42 U.S.C. § 1986); *Mueller v. U.S-Corp.*, No. EDCV 08-00918-DSF (MAN), 2009 WL 273283, at *9 (C.D. Cal. Feb. 2, 2009) ("[E]ven if the Complaint actually stated facts to support Section 1985 and Section 1986 claims,

---

[4] Plaintiffs have not pleaded an analogous *Bivens* claim against the Federal Defendants, and any amendment to do so would be futile. This is not a law enforcement case, and "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675).

these claims would be barred against all defendants by sovereign immunity."); *Smith v. U.S. Ct. of Appeals*, No. C-08-1860 EMC, 2008 WL 2079189, at *3 (N.D. Cal. May 15, 2008) ("Congress has not explicitly waived the immunity of the United States . . . with respect to §§ 1985 and 1986 claims."). Plaintiffs' claims should therefore be dismissed on this basis alone.

Moreover, even construing the Amended Complaint liberally, Plaintiffs allege insufficient facts to support an allegation of a conspiracy to discriminate under § 1985. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."). Because a § 1986 claim requires a valid § 1985 claim, *see id.*, it too fails. Even if Plaintiffs could string together the substantial leaps necessary to show that (1) the private Airline or Medical Defendants were somehow acting under "color of state law" and (2) that Federal Defendants actually conspired with these defendants with "invidiously discriminatory animus behind the conspirators' action"[5] such that they took on the color of state law, the only possible relief against Federal Defendants would be prospective. *See Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992). Under those circumstances, which have not even been approached here, the claims would be moot for the same reasons stated above. *See supra* Part I.

### III. Federal Defendants' public health policy is not "practicing medicine without a license" (Cause of Action 23).

Plaintiffs allege that guidance provided by federal agencies amounted to the unlicensed practice of medicine. Am. Compl. ¶¶ 1129–62. The source of this cause of action is unclear, and to the extent it is predicated on a state law claim, it is barred by sovereign immunity and, as the Court earlier held, preempted by the ADA. MTD Order at 21. Setting aside the source of law, this Court should follow the swell of

---

[5] *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

district courts that have summarily dismissed the characterization of public health guidance as the "practice of medicine."  *See, e.g.*, *Wall v. Sw. Airlines*, No. 6:21-cv-1008-PGB-DCI, 2021 WL 8201967, at *3 (M.D. Fla. Dec. 8, 2021) ("[I]t is antithetical to reason that asking someone to wear a mask is in any way analogous to practicing medicine."); *Joseph v. Becerra*, No. 22-cv-40-wmc, 2022 WL 17262231, at *7 (W.D. Wis. Nov. 29, 2022) (while "[a] mask is a preventative health measure," plaintiff "cannot plausibly allege that [the Postal Service] is practicing medicine by following CDC guidelines in requiring individuals to wear face masks"); *Zinman v. Nova Se. Univ., Inc.*, No. 21-cv-60723-RUIZ/STRAUSS, 2021 WL 4025722, at *17 (S.D. Fla. Aug. 30, 2021) ("Nor can one plausibly allege that the government is requiring medical treatment by requiring individuals to wear a face mask."), *report and recommendation adopted,* 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021).  As the Court held for Airline Defendants, the Amended Complaint similarly lacks sufficient factual allegations to state a plausible claim that Federal Defendants practicing medicine without a license.  MTD Order at 21.

## IV.  Plaintiffs' Tenth Amendment and constitutional right to travel claims should also be dismissed under the reasoning in the Court's prior order (Causes of Action 6, 26)

Plaintiffs simply rehash their earlier Tenth Amendment and constitutional right to travel arguments.  Am. Compl. ¶¶ 758–83, 1291–1310.  If they are not dismissed as moot, the Court should dismiss these claims for the same reasons it did the first time.  Plaintiffs' Tenth Amendment claim continues to fail because "the United States Constitution grants the federal government [the power] to regulate interstate commerce."  MTD Order at 24.  And Plaintiffs' right to travel claim continues to fail because "[Plaintiffs] do[] not possess a fundamental right to travel by airplane."  *Id.* at 25 (quoting *Gilmore v. Gonzales*, 435 F.3d 1125, 1137 (9th Cir. 2006)).  Plaintiffs

have not and cannot amend these problems away.  The Court should once again dismiss Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, Causes of Action 1–14, 23, and 26 of the First Amended Complaint should be dismissed with prejudice pursuant to Rules 12(b)(1) and (6), and this case should be closed as to Federal Defendants.

Dated: November 6, 2023    Respectfully submitted,


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

E. MARTIN ESTRADA
United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By: */s/ Clayton L. Bailey*
CLAYTON L. BAILEY (D.C. Bar No.
1644867)
STEPHEN M. PEZZI
ANDREW F. FREIDAH
MICHAEL J. GERARDI
 Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 598-1226
Email: clayton.l.bailey@usdoj.gov

*Counsel for the Federal Defendants*