Cindy Russo (Pro Se)
cjrz123@gmail.com
22485 Breakwater Way
Santa Clarita, CA 91350
Telephone: 908-797-8066
Lead Plaintiff



FILED
CLERK, U.S. DISTRICT COURT
11/16/23
CENTRAL DISTRICT OF CALIFORNIA
BY: _____CS_____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **URI MARCUS** et al,<br>　　　　　　　Plaintiffs<br><br>v.<br><br>**CENTERS FOR DISEASE CONTROL & PREVENTION**, et al<br>　　　　　　　Defendants. | Case No.: 22-cv-02383-SSS-AS<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing Date: December 8, 2023<br>Judge: Hon. Sunshine S. Sykes<br>Ct. Room: 2 |

The Estate of Uri Marcus, plaintiff
E-Mail: adi@ntcf.org
P.O. Box 126
Ojai, CA 93024
Telephone: 909-833-0065

Yvonne Marcus, plaintiff
E-Mail: adi@ntcf.org
P.O. Box 126
Ojai, CA 93024
Telephone: 909-833-0065

Avrohom Gordon, plaintiff
E-Mail - gordon.avrohom@gmail.com
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770

Devorah Gordon, plaintiff
Email: devorahlgordon@gmail.com
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770

1. Plaintiffs hereby respond in opposition to the Federal Defendants' ("FEDS") Motion to Dismiss (Doc. 199). An overwhelming majority of the issues presented by the Defendants were addressed exhaustively in the Amended Complaint itself. Plaintiffs understand that the arguments, explanations, clarifications, and caselaw provided in the Amended Complaint, does not need to be repeated here. Plaintiffs will use this opportunity to respond exclusively to the specific arguments within the Motion that may not have been addressed fully.

**MOTION IS UNTIMELY, AS PER COURT ORDER**

On September 12, 2023, this Court ordered (Doc. # 189) that Plaintiffs should file their Amended Complaint by October 13, 2023, and that "Defendants must either file any motions to dismiss or responsive pleadings within 21 days after the amended pleading is filed."

On October 10, 2023, Plaintiffs filed their Amended Complaint, as instructed by the Court. (as seen below).  Plaintiffs worked very hard to get the Amended Complaint ready in time or earlier.

Document 190   Filed 10/10/23   Page 1 of 492   Page ID #:3770



Based on that filing, Defendants were required by the Court Order to file any responses or dispositive motions by October 31, 2023. Defendants asked for an extension from Plaintiffs, and Plaintiffs denied that request. Defendants did not file any motion for leave from the Court, and did not get any such leave from the Court. The Defendants have unlimited resources, and should have been able to file their motions on time. If there was a problem, they know how to file a motion for an extension. They chose not to. <u>These Defendants filed their Motion to Dismiss on November 6th, which was about a week too late.</u>

Therefore, this Court should DENY this Motion to Dismiss in its entirety as untimely, and allow for the Rule 26(f) Conference to begin immediately. Defendants should be barred from filing any further dispositive motions for at least six months, until Plaintiffs can receive the bulk of the discovery that they will request.

The legal system has very specific rules. Attorneys are trained to adhere to those rules. Plaintiffs, who are filing pro se, are constantly struggling to learn the rules, to understand them, and to comply with them. It is understood that if Plaintiffs were to file their Amended Complaint a day late, the Court would have barred its filing and dismissed the case. The Defendants should not be treated any differently. Plaintiffs ask this Court to DENY the Defendants' Motion to Dismiss in its entirety.

## LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." Triad Assocs., Inc. v. Chicago Hous. Authority, 892 F.2d 583, 586 (7th Cir.1989). In reviewing a motion to dismiss under Rule 12(b)(6), "we must 1521*1521 accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them. We shall affirm the dismissal only if the plaintiff has failed to allege any set of facts upon which relief may be granted." Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir.1990)." Gibson v. City of Chicago, 910 F. 2d 1510 - Court of Appeals, 7th Circuit 1990.

## 42 USC 1983: CIVIL RIGHTS UNDER THE COLOR OF LAW

Federal Defendants want to excuse themselves from a 1983 claim, stating that they are federal government, and therefore not subject to 1983 claim, which is for State actors. That is not true. The Ninth Circuit was very clear that Federal actors can be included in a 1983 action, if they worked in conjunction with state actors. As was described in the Amended Complaint, federal agents worked in cahoots with state agents and with the airlines and their advisors to discriminate against these Plaintiffs.

The Ninth Circuit explains the following:

"Plaintiffs pleaded section 1983 as an alternative basis for obtaining relief from the unnamed federal defendants. However, section 1983 requires that the actionable conduct be under color of state law. Federal officers acting under federal authority are immune from suit under section <u>1983 unless the state or its agents significantly participated in the challenged activity</u>."

Gibson v. United States, 781 F. 2d 1334 - Ct of Appeals, 9th Circuit 1986.

The reason why in that case the Court rejected the 1983 cause of action was because the state did not participate in the challenged activity. Here, we allege and we show that the state was participating, and took a lead role in the enforcement and encouraging the challenged behaviors. The Federal Defendants have no excuse to be removed from the 1983 cause of action in our case.

**THE CLAIMS OF 1985 AND 1986**

These conspiracy statutes were argued thoroughly in our Amended Complaint. Plaintiffs would like to add a Supreme Court case from 2017. In that case, the Court excluded the federal Defendants for two reasons. Those reasons do not apply here. Therefore, we can conclude that the Supreme Court would hold in this case that Federal Defendants can be liable.

The Supreme Court wrote the following:

"Here, reasonable officials in petitioners' positions would not have known with sufficient certainty that § 1985(3) prohibited their joint consultations

4

and the resulting policies. There are two reasons. First, the conspiracy is alleged to have been among officers in the same Department of the Federal Government. And there is no clearly established law on the issue whether agents of the same executive department are distinct enough to "conspire" with one another within the meaning of 42 U.S.C. § 1985(3). Second, open discussion among federal officers should be encouraged to help those officials reach consensus on department policies, so there is a reasonable argument that § 1985(3) liability should not extend to cases like this one."

Ziglar v. Abbasi, 137 S. Ct. 1843 - Supreme Court 2017.

In that case, the federal defendants would have had to conspire only amongst themselves. The Court questioned if that can be a conspiracy if they are all from the same Department. That would possibly be similar to an intra-corporate conspiracy doctrine. The Intracorporate Conspiracy Doctrine is a common-law doctrine in American law that states that members of a corporation, such as employees, cannot be held to have conspired among themselves because the corporation and its agents constitute a single actor for purposes of the law.

In our case, this would not apply. First, because there were more than one department or agency involved in this widespread conspiracy. Second, there were airlines, medical advisories, and others clearly part of this conspiracy. That first reasoning by the Court in Ziglar would not work here for the Federal Defendants.

The second reason of the Court why it did not want to include their Federal Defendants in that case, was that "open discussion among federal officers should be encouraged to help those officials reach consensus on department policies." That makes a lot of sense in that case, but has no relevance here.

In this case, there is much evidence that all the Defendants and many others joined into this vast conspiracy to deprive disabled people of their rights, specifically by not allowing those with mask-related disabilities to fly on an airplane, and/or to add multiple restrictions and requirements in violation of disability laws.

## THE REHABILITATION ACT ("RA")

The RA was also argued thoroughly, and here in their Motion, federal Defendants write that it is moot. For this reason exactly, the Supreme Court holds that it is not moot. Federal agencies can do what they want for months or years and by the time the case gets to trial, they get to say "pandemic is over, case is moot." Is that justice or is it tyranny?!

In order to be considered moot it has to pass the following test:

""<u>A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.</u>" United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968).

It does not pass that test as described below. Even if there are not damages available from federal defendants, Plaintiffs still can get redress from a lawsuit against the federal defendants, because if and when Plaintiffs win, the declaration that federal defendants were wrong in their unlawful actions can then reflect on the damages in the same case against private actors. The only time we say a case can be moot if there is no redress. That is not the case here.

**PRACTICING MEDICINE WITHOUT A LICENSE** is argued thoroughly in the Amended Complaint.

**MOOTNESS**

This was also addressed thoroughly in the Amended Complaint. Even till this day there are constant new Covid rules, restrictions, and actions taken by the CDC, private companies, and various government agencies. The CDC just put a new expansive testing project for multiple diseases at airports.[1] It was in the news just a few days ago. Mootness does not apply for multiple reasons. Now, suddenly there are companies, organizations, hospitals, schools and the like that are reinstating mask policies.[2]

In order to be considered moot it has to pass the following test:

---

[1] https://www.cdc.gov/media/releases/2023/s1107-testing-respiratory-viruses.html
[2] https://www.newsweek.com/mask-mandates-return-list-places-restrictions-1823069

""<u>A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.</u>" United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968).

If tomorrow morning, there is an increase in the Covid deaths and hospitalizations, it is likely that they will try to reinstate mask mandates. If a new pandemic showed up, it is likely that they will try to reinstate mask mandates. The CDC, NIH, Anthony Fauci, and even Bill Gates have been predicting another pandemic in the very near future. I would listen to them, because they predicted the last pandemic.[3]

The DC Circuit writes the following in a challenge to the TSA mask mandate: "Because there is a more-than-speculative chance that the challenged conduct will recur, <u>these cases are not moot</u>." Wall v. Transportation Sec. Admin., No. 21-1220, 2023 WL 1830810, at *2 (D.C. Cir. Feb. 9, 2023).

This Court reviewed the arguments with respect to mootness from all the parties, and rightfully found that mootness did not apply here. We shouldn't be relitigating that issue again. The Court Order (Doc. 177) stated the following:

---

[3] https://centerforhealthsecurity.org/our-work/tabletop-exercises/event-201-pandemic-tabletop-exercise

8

1  "The Court ordered the Parties to submit supplemental briefing regarding
2  potential mootness of Plaintiffs' claims.  After reviewing the Parties'
3  submissions, <u>the Court finds none of Plaintiffs' claims are moot at this time</u>."
4  Besides all that, the fact that there are injuries alleged and damages claimed,
5  it is important to litigate all the discrimination claims in order to determine if there
6  was discrimination, and only then damages can be applied to that.  It is still
7  extremely relevant. Even with respect to Federal Defendants it is thus relevant. The
8  point of mootness stopping a lawsuit, is the idea that there is nothing the court can
9  do to bring redress or rectify the wrong. The bar isn't very high.  The Supreme
10 Court recently held that even just nominal damages are sufficient redress to
11 warrant a litigation.
12 "For purposes of this appeal, it is undisputed that Uzuegbunam experienced
13 a completed violation of his constitutional rights when respondents enforced their
14 speech policies against him. Because "every violation [of a right] imports damage,"
15 Webb, 29 F. Cas., at 509, nominal damages can redress Uzuegbunam's injury even
16 if he cannot or chooses not to quantify that harm in economic terms."
17 UZUEGBUNAM et al v. PRECZEWSKI  et al - U.S. Supreme Court March 8,
18 2021.
19 Let us put the MOOTNESS claims behind us and move forward on this
20 litigation.

**TENTH AMENDMENT AND CONSTITUTIONAL RIGHT TO TRAVEL**

Defendants argue that these claims "should also be dismissed under the reasoning in the Court's prior order (Causes of Action 6, 26)." These arguments were thoroughly addressed in the Amended Complaint.

**CONCLUSION**

A Motion to Dismiss should not be used to take away a person's right to due process; the right to discovery and a jury trial. Many of these issues may need to be litigated, but that is what this litigation is for. Let's move forward.

This is a complicated case in many ways. There are no clear facts or laws that should be sufficient to dismiss any of these counts. Let us stop the games and start discovery. Plaintiffs should be entitled to that.

WHEREFORE Plaintiffs ask this Court to DENY Defendants' Motion to Dismiss in its entirety and to schedule a Conference to begin discovery.

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed below, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Respectfully submitted this 16th day of November, 2023.

*s/ Cindy Russo*

Cindy Russo, lead plaintiff
22485 Breakwater Way
Santa Clarita, CA 91350
Telephone: 908-797-8066 Email: cjrz123@gmail.com

*s/Yvonne Marcus*

(Signed by his wife, Yvonne Marcus as Administrator)
The Estate of Uri Marcus, plaintiff
P.O. Box 126
Ojai, CA 93024
Telephone: 909-833-0065
E-Mail: adi@ntcf.org

*s/Yvonne Marcus*

Yvonne Marcus, plaintiff
P.O. Box 126
Ojai, CA 93024
Telephone: 909-833-0065
E-Mail: adi@ntcf.org

*s/Avrohom Gordon*

Avrohom Gordon, plaintiff
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770
E-Mail gordon.avrohom@gmail.com

*s/Devorah Gordon*

Devorah Gordon, plaintiff
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770
Email: devorahlgordon@gmail.com

## CERTIFICATE OF COMPLIANCE

The undersigned, Cindy Russo, lead Plaintiff, hereby certifies that this brief contains 2,106 words, which complies with the word limit of L.R. 11-6.1.

Date: November 16, 2023

*s/ Cindy Russo*
Cindy Russo, lead plaintiff