BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch
MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch
JEREMY SCOTT BRUMBELOW
Senior Trial Attorney, Torts Branch
United States Department of Justice, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel. (202) 616-4330; Fax. (202) 616-4314
Email: jeremy.brumbelow@usdoj.gov

*Counsel for Defendant Julie Carrigan
in Her Individual Capacity*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, *et al.*,<br><br>  Defendants | Case No. 2:22-cv-02383-SSS-AS<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT JULIE CARRIGAN IN HER INDIVIDUAL CAPACITY TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>The Honorable Sunshine Suzanne Sykes<br>United States District Judge<br><br>Hearing Date:  January 5, 2024<br>Hearing Time:  2:00 p.m.<br><br>Courtroom:  Courtroom 2 (2d Fl.), 3470 Twelfth St., Riverside, CA  92501-3801 |

PLEASE TAKE NOTICE that, on Friday, January 5, 2024, at 2:00 p.m., in the United States District Court, 3470 Twelfth Street, Riverside, California 92501-3801, Courtroom 2 (2nd Floor), and before the Honorable Sunshine Suzanne Sykes, United States District Judge, Defendant Julie Carrigan, in her individual capacity, will, and hereby does, move the Court to dismiss all claims asserted against her in the Plaintiffs' First Amended Complaint.  Dkt. 190 ("FAC"). Carrigan seeks dismissal under Federal Rule of Civil Procedure 12(b) on the grounds set forth below.

**1.**  In Count 28, the FAC purports to assert on behalf of Plaintiff Uri Marcus an individual-capacity damages claim against Carrigan under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). FAC ¶¶ 1349-62.  But Count 28 presently lacks a proper plaintiff because Mr. Marcus died on August 6, 2023, and no plaintiff has yet been substituted for him under Federal Rule of Civil Procedure 25(a).  Even were that deficiency cured or overlooked, Count 28 should be dismissed under:

**(A)** Rule 12(b)(2), because this Court lacks personal jurisdiction over Carrigan in her individual capacity (as the Court previously ruled with respect to the original complaint, Dkt. 177 at 14-15, 28);

**(B)** Rule 12(b)(3) and 28 U.S.C. § 1391(b)(2), because the Central District of California is an improper venue for the *Bivens* claim against Carrigan;

**(C)** Rule 12(b)(1), because this Court lacks subject-matter jurisdiction over the *Bivens* claim by virtue of 49 U.S.C. § 46110;

**(D)** Rule 12(b)(6), because no *Bivens* remedy is available for the First Amendment retaliation claim asserted against Carrigan; and

**(E)** Rule 12(b)(6), because the *Bivens* claim is barred by the doctrine of qualified immunity.

**2.** In Counts 11-14, which are pleaded against "All Defendants," Plaintiffs also appear to sue Carrigan, in her individual capacity, under four federal statutes. *See* FAC ¶¶ 828-41 (Count 11, 42 U.S.C. § 1983); *id.* ¶¶ 842-91 (Count 12, 42 U.S.C. § 1985); *id.* ¶¶ 892-908 (Count 13, 42 U.S.C. § 1986); *id.* ¶¶ 909-35 (Count 14, § 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("RA")).  Like Count 28, Counts 11-14 should be dismissed as to Carrigan on these grounds:

    **(A)** for lack of personal jurisdiction, Rule 12(b)(2);

    **(B)** for lack of venue, Rule 12(b)(3);

    **(C)** for lack of subject-matter jurisdiction, Rule 12(b)(1); and

    **(D)** on the basis of qualified immunity, Rule 12(b)(6).

Additionally, Counts 11 and 14 should be dismissed under Rule 12(b)(6) because neither § 1983 nor § 504 of the RA authorizes an individual-capacity damages remedy against Carrigan.

\* \* \*

In support of her motion, Carrigan has attached a Memorandum of Points and Authorities.  And as required by Local Rule 7-3, Carrigan submits this motion following an October 24, 2023 conference in which her undersigned counsel and the remaining *pro se* Plaintiffs thoroughly discussed the substance of the motion and any potential resolution but were unable to resolve it.  That conference was held via Zoom and was also attended by counsel for all other Defendants.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    C. SALVATORE D'ALESSIO, JR.
    Director, Torts Branch

    MARY HAMPTON MASON
    Senior Trial Counsel, Torts Branch

/s/ Jeremy Scott Brumbelow
JEREMY SCOTT BRUMBELOW
Senior Trial Attorney, Torts Branch

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel. (202) 616-4330; Fax. (202) 616-4314
Email: jeremy.brumbelow@usdoj.gov

*Counsel for Defendant Julie Carrigan in her Individual Capacity*

DATED: November 20, 2023

# CERTIFICATE OF SERVICE

I hereby certify that on this day, November 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

    /s/ Jeremy Scott Brumbelow
JEREMY SCOTT BRUMBELOW
Senior Trial Attorney, Torts Branch
U.S. Department of Justice, Civil Division