IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

URI MARCUS, *et al.*,

Plaintiffs,

v.

CENTERS FOR DISEASE CONTROL & PREVENTION, *et al.*,

Defendants

Case No. 2:22-cv-02383-SSS-AS

**[PROPOSED] ORDER GRANTING MOTION OF DEFENDANT JULIE CARRIGAN IN HER INDIVIDUAL CAPACITY TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

On November 20, 2023, Defendant Julie Carrigan filed a motion under Federal Rule of Civil Procedure 12(b), seeking dismissal of all individual-capacity claims asserted against her in the Plaintiffs' First Amended Complaint. Dkt. 190 ("FAC"). Having considered the motion and the parties' briefing, the Court hereby GRANTS the motion and ORDERS as follows:

**1.** First, in Count 28, the FAC purports to assert on behalf of Plaintiff Uri Marcus an individual-capacity damages claim against Carrigan for First Amendment "retaliation" under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). FAC ¶¶ 1349-62. But Count 28 presently lacks a proper plaintiff because Mr. Marcus died on August 6, 2023, and no plaintiff has yet been substituted for him under Federal Rule of Civil Procedure 25(a). The Court need not dwell on those procedural issues, however, because, even assuming that a proper plaintiff has brought Count 28, it must be (and hereby is) dismissed for the following reasons:

1

    **a.** As the Court previously ruled with respect to the original complaint, Dkt. 177 at 14-15, 28, the FAC fails to make a *prima facie* showing that Defendant Carrigan—who is not a resident of California and is sued for actions she allegedly undertook as a Transportation Security Administration ("TSA") official stationed in Virginia—has the necessary "minimum contacts" with this forum. *See*, *e.g.*, *Walden v. Fiore*, 571 U.S. 277 (2014); *see also Mahmud v. Oberman*, 508 F. Supp. 2d 1294, 1296-97, 1300-02 & n.7 (N.D. Ga. 2007) (no personal jurisdiction in Georgia over nonresident TSA official who, while in DC or Virginia, found the plaintiff to be a security risk, revoked the Hazardous Material Endorsement to his driver's license, and signed and mailed the revocation notice to him in Georgia), *aff'd sub nom.*, *Mahmud v. DHS*, 262 F. App'x 935 (11th Cir. 2008). This Court, therefore, lacks personal jurisdiction over Carrigan in her individual capacity and dismisses her pursuant to Rule 12(b)(2).

    **b.** The FAC also fails to establish that venue is proper in the Central District of California as to the *Bivens* claim against Carrigan. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Under 28 U.S.C. § 1391(b)(2), "venue must be proper as to each claim and as to each party." 14D Chas. A. Wright, *et al.*, Fed. Prac. & Proc. Civ. § 3807 at 206-07 (4th ed. 2013) (footnote omitted); *accord Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009). But inasmuch as Carrigan is sued in connection with TSA's revocation of Mr. Marcus's TSA PreCheck eligibility, all of "the events or omissions giving rise to the claim" against her necessarily occurred outside this District. 28 U.S.C. § 1391(b)(2). Accordingly, Carrigan is dismissed pursuant to Rule 12(b)(3).

    **c.** Nor has the FAC established subject-matter jurisdiction as to the *Bivens* claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As that claim is "inescapably intertwined" with a review of the TSA order revoking Mr. Marcus's TSA PreCheck eligibility, *Americopters, LLC v. FAA*, 441 F.3d 726,

736 (9th Cir. 2006), exclusive jurisdiction lies in a court of appeals, 49 U.S.C. § 46110, and so this Court dismisses Count 28 pursuant to Rule 12(b)(1).

    **d.** Even if there were jurisdiction and venue, the Court still dismisses Count 28, with prejudice, for two reasons under Rule 12(b)(6). First, the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), unequivocally precludes this Court from providing Mr. Marcus (or any plaintiff in any case generally) with a non-statutory *Bivens* remedy for First Amendment retaliation. *See Chambers v. Herrera*, 78 F.4th 1100, 1105 (9th Cir. 2023) (agreeing with plaintiff that "*Egbert* 'explicitly disavows any *Bivens* claims based on First Amendment retaliation, including his own'"); *Myles v. United States*, 2022 WL 4011172, *3 n.1 (9th Cir. Sept. 2, 2022) (resolving case on other grounds but noting that *Egbert* "recently established that 'there is no *Bivens* action for First Amendment retaliation'") (citations omitted); *Libman v. United States*, 2022 WL 18284664, *16 (C.D. Cal. Dec. 1, 2022) (Sykes, J.) (dismissing *Bivens* claim "with prejudice" given "the *Bivens* remedy's strict constraints" and the "dissimilarities" between plaintiff's proposed claim and "the contexts in which *Bivens* applies").

    Second, even were a *Bivens* remedy available, Count 28 is barred by the doctrine of qualified immunity. Discounting the FAC's "legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and its "bald allegation of impermissible motive on [Carrigan's] part," *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), the Court holds that the FAC has not alleged "facts," *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011), showing that Carrigan violated any clearly established First Amendment right "in the particular circumstances before [her]," *D.C. v. Wesby*, 583 U.S. 48, 63 (2018); *see Reichle v. Howards*, 566 U.S. 658, 668 (2012); *id.* at 671-72 (Ginsburg, J., concurring in the judgment); *George v. Rehiel*, 738 F.3d 562, 585-86 (3d Cir. 2013).

    **2.** Lastly, in Counts 11-14, which are pleaded against "All Defendants," Plaintiffs also appear to sue Carrigan, in her individual capacity, under four federal

3

statutes. *See* FAC ¶¶ 828-41 (Count 11, 42 U.S.C. § 1983); *id.* ¶¶ 842-91 (Count 12, 42 U.S.C. § 1985); *id.* ¶¶ 892-908 (Count 13, 42 U.S.C. § 1986); *id.* ¶¶ 909-35 (Count 14, § 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("RA")). Like Count 28, Counts 11-14 are dismissed as to Carrigan **(a)** for lack of personal jurisdiction under Rule 12(b)(2); **(b)** for lack of venue under Rule 12(b)(3); **(c)** for lack of subject-matter jurisdiction under Rule 12(b)(1); and **(d)** on the basis of qualified immunity under Rule 12(b)(6). Additionally, Counts 11 and 14 are dismissed under Rule 12(b)(6) because neither § 1983 nor § 504 of the RA authorizes an individual-capacity damages remedy against Carrigan. *See*, *e.g.*, *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("There is no valid basis for a claim under section 1983, in that Daly–Murphy's allegations are against federal officials acting under color of federal law."); *accord Kenny v. Easley*, 166 F. App'x 898, 899 (9th Cir. 2006) ("Federal officials who act under color of federal law are not subject to liability under 42 U.S.C. § 1983.") (citing *D.C. v. Carter*, 409 U.S. 418, 424-25 (1973)).

\* \* \*

For these reasons, Defendant Carrigan, in her individual capacity, is hereby DISMISSED from this action pursuant to Federal Rule of Civil Procedure 12(b).

IT IS SO ORDERED.

Dated:

_____
Sunshine Suzanne Sykes
United States District Judge