Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Airline Defendants

AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,

Plaintiffs,

vs.

CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,

Defendants.

Case No.: 2:22-cv-02383-SSS-AS

**AIRLINE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P RULE 12(b)(6)**

Hearing Date: December 8, 2023
Judge: Hon. Sunshine S. Sykes
Ct. Room: 2

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................... 1

ARGUMENT ............................................................................................. 1

I.    THE FAC FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 .......... 1

II.   THE FAC FAILS TO STATE A CLAIM FOR VIOLATION OF 42
      U.S.C. §§ 1985(3) AND 1986 ............................................................. 3

III.  THE AIRLINE DEFENDANTS ARE NOT SUBJECT TO
      PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT ............. 4

IV.   PLAINTIFFS' LACK A PRIVATE RIGHT OF ACTION TO
      ALLEGE VIOLATIONS OF THE AIR CARRIER ACCESS ACT ............ 4

V.    PLAINTIFFS' CLAIMS FOR VIOLATION OF THE CALIFORNIA
      UNRUH CIVIL RIGHTS ACT SHOULD BE DISMISSED ...................... 5

VI.   PLAINTIFFS HAVE NO CLAIM FOR BREACH OF CONTRACT .......... 6

VII.  PLAINTIFFS' ALLEGATION OF RECKLESS AND DESPICABLE
      CONDUCT FAILS TO STATE A CLAIM FOR RELIEF. ....................... 6

VIII. PLAINTIFFS HAVE NO CLAIM FOR PRACTICING MEDICINE
      WITHOUT A LICENSE. ...................................................................... 7

IX.   PLAINTIFFS FAILS TO STATE A CLAIM FOR INVASION OF
      PRIVACY. ......................................................................................... 7

X.    THE CLAIMS OF FRAUDULENT MISREPRESENTATION ARE
      PREEMPTED BY THE DEREGULATION ACT. ................................. 7

XI.   THERE IS NO CONSTITUTIONAL RIGHT TO TRAVEL BY
      AIRCRAFT. ....................................................................................... 8

XII.  PLAINTIFFS' CLAIMS ARE MOOT. ................................................. 8

XIII. PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES IS
      PREEMPTED BY THE DEREGULATION ACT. ................................. 8

CONCLUSION ........................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................... 3

*Berlin v. JetBlue Airways Corp.*,
   36 F. Supp. 3d 550 (E.D.N.Y. 2020) ..................................................... 2

*Collins v. Giving Back Fund*,
   2019 WL 3564578, *10 (S.D.N.Y. Aug. 6, 2019) ................................. 4

*Fournier v. Cuddeford*,
   573 Fed. Appx. 641 (9th Cir. 2014) ....................................................... 2

*Gilmore v. Gonzales*,
   435 F.3d 1125 (9th Cir. 2006) ............................................................... 8

*Kendall v. VIA U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008) ............................................................... 3

*Loving v. Princess Cruise Lines, Ltd.*,
   2009 WL 7236419 (C.D. Cal. Mar. 5, 2009) ......................................... 6

*Myers v. Redwood City*,
   400 F.3d 765 (9th Cir. 2005) ................................................................. 2

*Perez v. Nidek Co.*,
   711 F.3d 1109 (9th Cir. 2013) ............................................................... 7

*Sandidge v. Washington*,
   813 F.2d 1025 (9th Cir. 1987) ............................................................... 8

*Sousanis v. Northwest Airlines, Inc.*,
   2000 WL 34015861 (N.D. Cal. March 3, 2000) .................................... 5

*United States v. Oregon*,
   718 F.2d 299 (9th Cir. 1983) ................................................................. 8

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

**Federal Statutes**

42 U.S.C.
  § 1983 ................................................................................................... 1, 2
  §§ 1985(3) AND 1986 ................................................................................ 3

Air Carrier Access Act, 49 U.S.C.
  § 47105 .......................................................................................................... 4

Airline Deregulation Act, 49 U.S.C.
  § 41713(b) ............................................................................................. 4, 6, 7, 8

Food Drug and Cosmetics Act ........................................................................ 6

Federal Aviation Administration Act ............................................................. 4

Rehabilitation Act, 29 U.S.C.
  § 794(a) ......................................................................................................... 4

**California Statutes**

C.C.C.
  § 51 (The Unruh Civil Rights Act) ............................................................. 4, 5

C.C.C.
  § 3294 ............................................................................................................. 6

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## INTRODUCTION

Nothing in Plaintiffs' response to the motion to dismiss the First Amended Complaint ("FAC") (Dkt. 203) refutes the showing by Defendants Alaska Airlines, Inc., American Airlines, Inc., Delta Air Lines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., United Airlines, Inc., Frontier Airlines, Inc., and Allegiant Air, LLC (collectively, the "Airline Defendants"), that the FAC should be dismissed for failure to state a claim.  The Court's initial ruling which granted the Airline Defendants' motion to dismiss the original complaint (Dkt. 177) was correct in every respect and Plaintiffs fail to offer any new claims or arguments that could resuscitate their legal theories.  In addition, the one new legal theory that is proffered – that the Airline Defendants violated 42 U.S.C. § 1983 – is legally meritless.  Now that the Court has offered Plaintiffs a second chance to make their case, it is obvious that Plaintiffs have no claim, and their First Amended Complaint and this action should be dismissed with prejudice.

## ARGUMENT

## I.   THE FAC FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.

Plaintiffs have provided no argument to refute the showing by the Airline Defendants that Count 11 of the FAC should be dismissed because of the lack of an actionable claim under ports 42 U.S.C. § 1983.   Plaintiffs do not overcome the fact that they have no allegation that the Airline Defendants acted "under color of state law" in connection with the "deprivation of any rights, privileges or immunities."  Dkt. 193-1, at 5-7.  This is because: (1) Section 1983 does not apply because Plaintiffs challenge the conduct of private entities and persons to enforce **federal** law, not state law; and (2) even if a state government rather than the federal government had imposed the FTMM, it still could not be said Airline Defendants did not act "under color of state law." *Id*.  In addition, the FAC fails to allege facts to support an allegation of conspiracy.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Significantly, Plaintiffs do not dispute the fact that the law being imposed was federal rather than state.  Plaintiffs assert that Section 1983 applies because "the airlines, the federal agencies, and the local and State agencies all worked in unison **to enforce this mandate**."  Dkt. 203, at 6 (emphasis added).  The "mandate" in question was the *federal* transportation mask mandate.

Even ignoring the fact that the law in question was federal rather than state, Plaintiffs' Section 1983 argument still fails to identify a situation in which the Airline Defendants were acting under color of state law.  Plaintiff Devorah Gordon alleges that police officers met her at the aircraft gate and "asked for her ID and warned that if she did not surrender it, the FBI could be called, and could receive a big fine."  Thereafter, the "officers gave her ID to Allegiant and then returned it to her."  Dkt. 190, ¶¶ 184-187.  *See also id.* ¶¶ 197-199 ("Upon arrival at LAX, two armed police officers met her at the gate, and escorted her to within the terminal, just beyond the entrance to the jet way," and a "third large-framed and menacing officer then joined the party," and Ms. "Gordon was warned that if she did not surrender her ID to the three police officers, the FBI could be called, she could go to jail, and she could receive a very large fine," but after providing the ID, Ms. Gordon was allowed to proceed to exit the terminal); ¶1125.  Such a *de minimis* role played by local police officers does not rise to the level of state action, particularly when those state officers noted that further action would be done by *federal* officials.  *See Fournier v. Cuddeford*, 573 Fed. Appx. 641, 642 (Mem) (9th Cir. 2014) (no state action where sheriff's deputy responded to a 911 call reporting that the plaintiffs were being unlawfully evicted because the deputy "was summoned to a scene not of his making after the confrontation had already occurred"); *Myers v. Redwood City*, 400 F.3d 765, 771 (9th Cir. 2005) (police officers who were summoned to a scene not of their making, where the confrontation was not conducted under their purview, "were not so enmeshed in effectuating the repossession that the deprivation and seizure . . . is attributable to

the state"); *see also Blythe v. Southwest Airlines Co.*, 383 Fed. Appx. 766, 769 (10th Cir. 2010) (Section 1983 claim rejected because of a lack of allegation that the defendants were "acting under color of state law" given that it was "clear that Southwest Airlines and its stewardesses are private, not state, actors"); *Berlin v. JetBlue Airways Corp.*, 36 F. Supp. 3d 550, 563 (E.D.N.Y. 2020) (airline and its employees were not "state actors," thus barring passenger's proposed § 1983 claim arising from his altercation with flight attendants during flight from Mexico to Florida that resulted in his detention and prosecution, where air carrier and its employees were private actors).

## II.   THE FAC FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. §§ 1985(3) AND 1986.

Plaintiffs have not provided any additional support for their Section 1985(3) and 1986 claims, which should be dismissed again.  As before, Plaintiffs offer nothing more than conclusory allegations of the existence of a conspiracy without any actual facts to demonstrate that a conspiracy was formed.  Plaintiffs assert that they have alleged the existence of a conspiracy merely by asserting that "multiple airlines, federal agencies, medical advisory companies, and their employees all happen to be doing the exact same discrimination . . . ."  Dkt. 203, at 9.  However, allegations of parallel conduct are not sufficient to demonstrate the existence of a conspiracy.  *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality," and "allegations of parallel conduct . . . must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action"); Dkt. 177, at 17 ("Plaintiffs' claim for conspiracy fails because Plaintiffs have only pled conclusory allegations that a conspiracy exists…."); *Kendall v. VIA U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) ("Appellants failed to plead any evidentiary facts

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

beyond parallel conduct to prove their allegation of a conspiracy.  Accordingly, the district court correctly dismissed the complaint….").

## III.   THE AIRLINE DEFENDANTS ARE NOT SUBJECT TO PLAINTIFFS' CLAIMS UNDER THE REHABILITATION ACT.

Plaintiffs have failed to rebut the Airline Defendants' showing that their receipt of CARES Act funds does not subject them to the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a).  Rather, as the Court already ruled, Plaintiffs lack a private right of action under the RA because "the funds the Airline Defendants received from the government under the CARES Act were compensation in response to the economic crises created by COVID-19 and do not constitute a subsidy or federal financial assistance under the RA."  Dkt. 177, at 18.  Nothing in Plaintiffs' response brief (Dkt. 203, at 10-11) refutes these arguments.

In addition, Plaintiffs do not assert that the Airline Defendants are "principally engaged" in providing education, health care, housing, social services, or parks and recreation to the public.  This is crucial because a subsidy only subjects an entire corporate entity – rather than a specific program – to the RA if the entity is "principally engaged in the business of providing education, health care, housing, social services, or parks and recreation," or if the subsidy is provided to the corporation "as a whole."  *See* 29 U.S.C. § 794(b)(3); *Collins v. Giving Back Fund*, No. 18 CIV. 8812 (CM), 2019 WL 3564578, *10 (S.D.N.Y. Aug. 6, 2019) (finding the "principally engaged in" clause "clearly shows that Congress intended the RA to apply only to organizations that act as surrogates by providing what are traditional conceived of as 'public services'").

## IV.   PLAINTIFFS LACK A PRIVATE RIGHT OF ACTION TO ALLEGE VIOLATIONS OF THE AIR CARRIER ACCESS ACT.

Plaintiffs' assertion that the Airline Defendants are liable for discriminating against them in violation of the ACAA should be rejected once again because, as this Court previously found, there is no private right of action to pursue a claim for

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

violation of the Air Carrier Access Act, 49 U.S.C. § 47105 ("ACAA").  Dkt. 177, at 18-19.  Plaintiffs' opposition does nothing to refute the Airline Defendants' showing of that Plaintiffs lack of private right of action under the ACAA.

## V.   PLAINTIFFS' CLAIMS FOR VIOLATION OF THE CALIFORNIA UNRUH CIVIL RIGHTS ACT SHOULD BE DISMISSED.

Count 18 of the FAC purports to allege a violation of the California Unruh Civil Rights Act against the Airline Defendants.  However, as before, the Unruh Act claims should be dismissed because (1) the state law claims are preempted by federal law; and (2) Plaintiffs who reside outside of California – such as the Gordons – lack standing to pursue a claim under the Act where, as here, there is no allegation that the Airline Defendants engaged in discriminatory acts or omissions from the State of California.

Plaintiffs do not refute the fact that their claim involves air carrier "services" and therefore the Deregulation Act, 49 U.S.C. § 41713(b).  This is fatal to their contention that their state law claims are not preempted by the Deregulation Action.  Plaintiffs also do not refute the fact that their Unruh Act claims also are preempted by the ACAA, which exclusively governs allegations of discriminatory or unfair treatment of passengers claiming a disability, and that the claims are separately preempted by the Federal Aviation Administration Act ("FAA Act").

In addition, there is no basis for allowing Ms. Marcus or the two Gordons to pursue an Unruh Act claim given that none of them are California citizens.  In their brief, Plaintiffs assert that the Unruh Act applies because "all Plaintiffs flew in and out of California, and had incidents and serious violations in California."  Dkt. 203, at 11.  However, the Unruh Act only applies to discrimination that takes place within California's jurisdiction.  *Sousanis v. Northwest Airlines, Inc.*, No. C-99-2994MHP, 2000 WL 34015861, *7 (N.D. Cal. March 3, 2000).  There is no allegation in the FAC that any of the Airline Defendants made decisions which constituted unlawful discrimination while the Airline Defendant's operative

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

personnel were situated within the State of California.  It is undisputed that none of the Airline Defendants is headquartered in the State of California.  *Loving v. Princess Cruise Lines, Ltd.*, No. CV 08-2898-JFW-AJWX, 2009 WL 7236419, at *8 (C.D. Cal. Mar. 5, 2009) ("the Unruh Act . . . [does] not apply to claims of nonresidents of California injured by conduct occurring beyond California's borders").

## VI.   PLAINTIFFS HAVE NO CLAIM FOR BREACH OF CONTRACT.

The Court properly dismissed the breach of contract claim in the initial Complaint (Dkt. 177, at 20-21) and should do so again.  Plaintiffs continue to fail to identify any specific contractual undertaking by any of the Airline Defendants that they allegedly breached.  This omission alone is fatal to Plaintiffs' breach of contract claim.  Plaintiffs cannot pursue a claim for breach of contract without identifying specific contractual language which Plaintiffs contend the Airline Defendants violated.

In their response, Plaintiffs assert that the Airline Defendants breached their promise to "agree to follow the law," because "[b]anning and or discriminating against the disabled is a violation of those laws."  Dkt. 203, at 13.  This unsubstantiated allegation is not sufficient to identify a specific self-imposed contractual obligation that the Airline Defendants breached when they applied the FTMM to Plaintiffs, or otherwise required the Plaintiffs to wear a mask unless the Plaintiffs qualified for a mask exemption.  Moreover, it is predicated on Plaintiffs' wrongful assumption that it was unlawful for air carriers to abide by the FTMM.

## VII.   PLAINTIFFS' ALLEGATION OF RECKLESS AND DESPICABLE CONDUCT FAILS TO STATE A CLAIM FOR RELIEF.

Count 22 of the FAC purports to allege a claim for reckless endangerment because of the Airline Defendants enforcement of the FTMM.  However, this Court correctly dismissed the similar claim for "reckless endangerment" because such a claim is not recognized under California law.  Dkt. 177, at 21.  In their

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

response, Plaintiffs assert that a civil cause of action exists for violation of CA Civ. Code § 3294.  Dkt 203, at 14.  However, Section 3294 is titled "Exemplary damages; when allowable; definitions."  As set forth in the opening brief and reiterated below, Plaintiffs' request for punitive damages is preempted by the Deregulation Act.

## VIII.  PLAINTIFFS HAVE NO CLAIM FOR PRACTICING MEDICINE WITHOUT A LICENSE.

In Count 23, Plaintiffs alleges that the Airline Defendants are liable for practicing medicine without a license.  This claim should be dismissed once again because the Airline Defendants were merely implementing the FTMM.  *See* Dkt. 177, at 21 ("There is no private right of action under the" Food Drug and Cosmetics Act); *Perez v. Nidek Co.*, 711 F.3d 1109, 1119 (9th Cir. 2013).

## IX.  PLAINTIFFS FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY.

Count 24 of the FAC purports to allege a claim for invasion of privacy: Forcing a disabled passenger to disclose his/her medical conditions as a condition of transportation.  This claim should be dismissed again because Plaintiffs fail to allege the requisite elements for a claim for invasion of privacy, and it is preempted by the Deregulation Act.   *See* Dkt. 177, at 22 (dismissing invasion of privacy claim as preempted by the Deregulation Act).  Plaintiffs' brief does not provide any contrary authority.  Dkt. 203, at 14-15.

## X.  THE CLAIMS OF FRAUDULENT MISREPRESENTATION ARE PREEMPTED BY THE DEREGULATION ACT.

Count 25 of the FAC purports to allege a claim for Fraudulent Misrepresentation against the Airline Defendants.  As this Court previously found, these claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b). Dkt. 177, at 22 ("Plaintiffs' claim regarding fraudulent misrepresentation are

preempted by the ADA"); *see also* Dkt. 193-1, at 23-24.  Plaintiffs' brief does not provide any contrary authority.  Dkt. 203, at 17.

## XI.   THERE IS NO CONSTITUTIONAL RIGHT TO TRAVEL BY AIRCRAFT.

Count 26 of the FAC purports to allege a claim for infringement on the constitutional right to travel against the Airline Defendants.  However, as this Court correctly ruled, Plaintiffs "do[] not possess a fundamental right to travel by airplane even though it is the most convenient mode of travel for [them]."  Dkt. 177, at 23 (citing *Gilmore v. Gonzales,* 435 F.3d 1125, 1137 (9th Cir. 2006)).  Plaintiffs' brief does not provide any contrary authority.  Dkt. 203, at 17.

## XII.   PLAINTIFFS' CLAIMS ARE MOOT.

In response to the Airline Defendants' showing that Plaintiffs' claims are moot, Plaintiffs assert that the mask mandate could someday return.  Dkt. 203, at 15-16.  However, this is based on nothing more than pure speculation as to what might someday happen.  "A case is moot if the reviewing court can no longer grant effective relief," *United States v. Oregon*, 718 F.2d 299, 302 (9th Cir. 1983), and "speculative claims" of potential future hardship "do not convince" a court "that an opportunity to provide meaningful relief still exists." *Sandidge v. Washington*, 813 F.2d 1025, 1026 (9th Cir. 1987).

## XIII.  PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED BY THE DEREGULATION ACT.

The Airline Defendants demonstrated that Plaintiffs' demand for punitive damages is preempted by the Deregulation Act.  Dkt. 193-1, at 25.  Plaintiffs' brief does not provide any contrary authority.  Dkt. 203, at 17.

## CONCLUSION

For the reasons set forth above and in the Airline Defendants' opening brief, the Airline Defendants respectfully ask that the Court grant their motion to dismiss the First Amended Complaint, and dismiss the FAC and this action with prejudice.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Dated: November 22, 2023                    Respectfully submitted,


By:_____
        Richard A. Lazenby
        Michael Cutler
        VICTOR RANE
        -and-
        M. Roy Goldberg (Admitted *Pro Hac Vice*)
        STINSON LLP

        *Attorneys for Defendants*
        *Alaska Airlines, Inc.,*
        *American Airlines, Inc.,*
        *Delta Airlines, Inc.,*
        *Hawaiian Airlines, Inc.,*
        *Southwest Airlines Co., and*
        *United Airlines, Inc.*

        Brian T. Maye (Admitted *Pro Hac Vice*)
        Hinshaw & Culbertson LLP
        151 North Franklin Street, Suite 2500
        Chicago, IL 60606
        Telephone: (312) 422-5713

        *Attorneys for Defendants*
        *Frontier Airlines, Inc.*
        *Allegiant Air, LLC*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Airline Defendants, certifies that is brief contains 2,588 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 22, 2023

Respectfully submitted,

By: _____

Richard A. Lazenby
Michael Cutler
VICTOR RANE
-and-
M. Roy Goldberg (Admitted *Pro Hac Vice*)
STINSON LLP

*Attorneys for Defendants*
*Alaska Airlines, Inc.,*
*American Airlines, Inc.,*
*Delta Airlines, Inc.,*
*Hawaiian Airlines, Inc.,*
*Southwest Airlines Co., and*
*United Airlines, Inc.*

Brian T. Maye (Admitted *Pro Hac Vice*)
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: (312) 422-5713

*Attorneys for Defendants*
*Frontier Airlines, Inc.*
*Allegiant Air, LLC*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849