Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Barry S. Alexander (*pro hac vice*)
Email: balexander@victorrane.com
14 Wall Street, 20th Floor
New York, NY 10005
Telephone: (646) 585-4322

Brittany C. Wakim (*pro hac vice*)
Email: bwakim@victorrane.com
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 297-3356

Attorneys for Defendant
MEDAIRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YETTO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**DEFENDANT MEDAIRE, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [DOCKET ITEM NO. 196]**<br><br>Hearing Date: December 8, 2023<br>Time: 2:00 PM<br>Courtroom: 2<br>Judge: Hon. Sunshine S. Skyes |

# INTRODUCTION

Plaintiffs' twenty-five (25) page opposition is yet again full of sound and fury, signifying nothing. Plaintiffs' opposition is most notable **not for what it says but what it does not say**. Plaintiffs' opposition, like the Amended Complaint, fails to allege that MedAire had any involvement with Plaintiffs or their claims.

The Amended Complaint specifically is bereft of any allegation that: (1) any Plaintiff interacted with MedAire, Inc. ("MedAire"); (2) any Plaintiff requested a mask-exemption from MedAire or an airline that forwarded the request to MedAire for handling; (3) MedAire entertained any mask-exemption or conducted any medical screening for any Plaintiff; or (4) MedAire denied any mask-exemption requests from any Plaintiff. Because Plaintiffs have not identified any factual or legal basis to support a finding of personal jurisdiction over MedAire or a viable cause of action against MedAire, the Amended Complaint should be dismissed as against MedAire pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

**A.  MedAire's Motion to Dismiss (Docket Item No. 196) was timely from receipt of the Amended Complaint.**

MedAire filed its Motion to Dismiss within 21 days from the date the Amended Complaint was docketed and served – October 16, 2023 – which is the first day MedAire was made aware of the filing. Given the three-hundred and four (304) additional paragraphs and eleven (11) new claims against MedAire, MedAire understandably required the twenty-one (21) days contemplated by the Court for opposition, and timely filed its motion on November 6, 2023.

**B.  MedAire is not subject to personal jurisdiction.**

Plaintiffs do not appear to argue that California has general jurisdiction over MedAire. Plaintiffs' Response to MedAire's Motion to Dismiss ("Opposition"), Docket Item No. 206, p. 23-24. In any event, for the reasons set forth in MedAire' Motion to Dismiss, MedAire is not subject to general personal jurisdiction in California. *See* MedAire Memorandum of Law, Docket Item No. 196, p. 20.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS

1

In its February 21, 2023, Order dismissing Plaintiffs' Complaint, the Court held that "Plaintiffs' allegations regarding MedAire do not constitute the type of purposeful direct toward California or purposeful availment of its laws to satisfy the first prong of the Ninth Circuit's test for specific personal jurisdiction." Court's February 21, 2023 Order ("Order"), Docket Item No. 177, p. 13. Nothing has changed. While Plaintiffs generally allege that they "had been planning specific trips to California, including some that they successfully took [and] [t]his gives this Court specific jurisdiction over this lawsuit," (Opposition, Docket Item No. 206, p. 24), Plaintiffs' fail to allege any involvement of MedAire with their specific travel.

As Plaintiffs note, for specific jurisdiction, a **plaintiff's claims** "must arise out of or relate to the defendant's contacts" with the forum state. *Bristol-Myers Squibb, Co. v. Superior Court,* 137 S. Ct. 1773, 1780 (2017); *see also* Opposition, Docket Item No. 206, p. 23 ("'specific jurisdiction,' applies only in cases of disputes that 'arise out of or are connected with the activities within the state.'"). Here, it is true that MedAire has contracts with various airlines to provide certain services for passengers traveling out of Los Angeles International Airport ("LAX"); these services are provided remotely. It is also true, however, that Plaintiffs fail to allege that they purchased tickets on any such airline for travel out of LAX, or that they requested an exemption from the mask requirement that was reviewed by MedAire.

Plaintiffs' hypothetical allegations do not create an actual "connection between [California] and the specific claims at issue." *See Bristol-Meyers,* 137 S. Ct. at 1781. Accordingly, there is no personal jurisdiction over MedAire, and Plaintiffs' claims against MedAire should be dismissed. *See id.* at 1780-81.

**C.  Plaintiffs' 42 U.S.C. §1983 claim fails to allege involvement by MedAire, that MedAire was acting under the color of state law, and is preempted by the Air Carrier Access Act ("ACAA").**

While Plaintiffs allege in conclusory fashion that "Medaire most certainly violated 1983, and should be held accountable," (Opposition, Docket Item No. 206,

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS

2

p. 9), and "Medaire is the active control center behind all the mask enforcements [] [t]hey work hand in hand with the airline staff," (Opposition, Docket Item No. 206, p. 9) there **still is no allegation that factually implicates MedAire,** as all of Plaintiffs' allegations are directed toward the airline defendants. *See* Opposition, Docket Item No. 206, p. 8 ("airline personnel are charged with enforcing this [mask] mandate, which is illegal and discriminatory when enforcing it against people with disabilities, such as these Plaintiffs.").

Moreover, Section 1983 still does not apply because Plaintiffs challenge MedAire conduct in enforcing federal law (the Federal Transportation Mask Mandate ("FTMM")), not state law as is required for a Section 1983 claim. *See* MedAire Memorandum of Law, Docket Item No. 196, pp. 4-5. Indeed, Plaintiffs even acknowledge that Section 1983 requires that the private actor – in this case MedAire – act under the color of state law. *See* Opposition, Docket Item No. 206, pp. 8-9. Here, MedAire's role in assisting airlines to comply with the FTMM does not establish that it was acting under color of state law. *See* MedAire Memorandum of Law, Doc. 196, pp. 4-5.

**D.   Plaintiffs' claim for civil conspiracy under 42 U.S.C. §§1985(3) and 1986 should be dismissed.**

Plaintiffs' do not make any argument in further support of these claims. Opposition, Docket Item No. 206, p. 11. Accordingly, MedAire relies on its Motion to Dismiss (Docket Item No. 196, pp. 6-7).

**E.   Plaintiffs do not set forth a viable claim under the ACAA against MedAire.**

Plaintiffs rely on *DeGirolamo v. Alitalia-Linee Aeree Italiane*, 159 F. Supp. 2d 764 (D. N.J. 2001) to argue that the ACAA applies to MedAire. The decision in that case, however, held that an airline cannot circumvent the ACAA by hiring a contractor to perform functions it otherwise would have to perform; there was no claim against the contractor. *Id.* at 768-69. The cases cited in MedAire's motion to

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

dismiss address claims against a contractor. *See* MedAire Memorandum of Law, Docket Item No. 196, pp. 9-10. Ultimately, however, MedAire is entitled to dismissal whether the ACAA applies to it or not because United States courts have held repeatedly that the ACAA does not provide a private right of action. Plaintiffs repeatedly refer to alleged shortcomings in the regulatory process. That is an issue for legislators, not the courts.

Finally, even if the ACAA did provide a private cause of action, Plaintiffs still fail to allege any actual action by MedAire regarding Plaintiffs and instead allege only in conclusory form that MedAire violated the ACAA. *See* MedAire Memorandum of Law, Docket Item No. 196, p. 9; Amended Complaint, Docket Item No. 190, ¶¶1015, 1019-1020, 1026-1027. Mere conclusory allegations are insufficient to state a cause of action.

**F.  Plaintiffs do not set forth a viable claim under the Rehabilitation Act ("RA").**

Plaintiffs' Fourteenth Cause of Action asserts an action under Section 504 of the RA, and the Amended Complaint expressly refers to 45 CFR Part 84. Amended Complaint, Docket Item No. 190, p. 129-130. Section 504 of the RA provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. §794(a). 45 C.F.R. §84.4, to which the Amended Complaint cites, in turn provides that "[n]o qualified handicapped person shall, on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

to discrimination under any program or activity which received Federal financial assistance." 45 C.F.R. §84.4(a).

Plaintiffs continue to argue that their reference to a 2005 MedAire Form 10-K United States Security and Exchange Commission online filing from MedAire "is a classic case for the RA." Opposition, Docket Item No. 206, p. 14. Plaintiffs now also point to a "currently active" contract between MedAire and the federal government. Opposition, Docket Item No. 206, p. 14-15, fn. 2.

Of import, Plaintiffs do not allege that MedAire has at any relevant time received federal financial assistance, and the Ninth Circuit has held that "the term 'Federal financial assistance' [does] not [] include government procurement contracts – i.e., contracts in which goods or services are sold or purchased by the government at fair market value." *Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202 (9th Cir. 1984); *see also, e.g., Gomez v. OMV Med., Inc.*, No. 21-cv-1283, 2023 U.S. Dist. LEXIS 32565, *17 (S.D. Cal. Feb. 27, 2023); *Kimiko P. v. Alta Cal. Reg'l Ctr.*, No. 2:19-cv-0068, 2020 U.S. Dist. LEXIS 194628, *8 (E.D. Cal. Oct. 19, 2020).[1] Plaintiffs also do not, and cannot, allege that any contract MedAire has with the United States government are in any way related to this action, which alleges liability against MedAire based on its contracts with certain airline defendants.

Plaintiffs' allegations that the federal government is a customer of MedAire are insufficient to support a viable claim under the RA. And, once again, Plaintiffs have made no allegation that MedAire actually interacted with any Plaintiff, let alone discriminated against one.

**G. Plaintiffs do not set forth a viable Unruh Act claim, which, in any event, would be preempted by the Airline Deregulation Act ("ADA").**

Plaintiffs argue that their Unruh Act claims should survive because "all Plaintiffs flew in and out of California, and had incidents and serious violations in

---

[1] 45 C.F.R. §84.3(h) specifically excludes procurement contracts from the definition of "federal financial assistance."

MEDAIRE, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS

5

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

California," (Opposition, Docket Item No. 206, p. 15), and "Medaire was directly involved and was directing the discrimination." Opposition, Docket Item No. 206, p. 18. Once again, Plaintiffs cite to no interaction between any of them and MedAire anywhere, let alone in California. Plaintiffs suggest the Court look at paragraph 1125 of the Amended Complaint as a good example. *See* Opposition, Docket Item No. 206, p. 16. MedAire agrees, as this paragraph – as well as paragraphs 1126 and 1127 – refer to airline conduct and police conduct, but no conduct by MedAire. *See* Amended Complaint, Docket Item No. 190, ¶¶1125-1127. Unsupported conclusory allegations are insufficient to support this cause of action. *See* MedAire Memorandum of Law, Docket Item No. 196, pp. 10-11.

While Plaintiffs then discuss preemption of the Unruh claims, they do not say much, with the exception that MedAire would agree that if the Court finds that the ACAA does not apply to it, then the ACAA would not preempt Plaintiffs' claims. This does not impact MedAire's FAA preemption argument, nor do Plaintiffs make a cogent argument that the ACAA would not preempt this claim if the Court finds that it **does** apply to MedAire. *See, e.g.,* Order, Docket Item No. 177, pp. 19-20 (Plaintiffs' Unruh Act claim dismissed as preempted by ACAA); *see also Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 736-37, 740 (9th Cir. 2016) (holding that claims for discrimination under the Unruh Act were preempted by the ACAA); *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007) (the "FA [Act] preempts the entire field of aviation safety through implied field preemption").

Finally, Plaintiffs fail to respond to MedAire's arguments that to the extent MedAire was involved in Plaintiffs' mask-exemption request denials, of which Plaintiffs have failed to set forth any factual evidence, the ADA preempts Plaintiffs' claims because they seek to enforce a state law relating to the service of an air carrier. *See* 49 U.S.C. §41714(b)(1) (The ADA provides that "a State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier …"); *see also* MedAire

1  Memorandum of Law, Docket Item No. 196, at pp. 11-13.

### H. Plaintiffs continue to fail to state a claim for invasion of privacy.

Plaintiffs fail to identify any occasion on which MedAire asked them questions or otherwise took any action that could constitute an invasion of privacy. In their opposition, Plaintiffs generally allege without support "Medaire was in charge of the policies of their airline customers." Opposition, Docket Item No. 206, p. 18. Once again, Plaintiffs do not reference any actual interaction with a Plaintiff, let alone that MedAire committed a "serious invasion of the privacy interest," and thus do not assert a viable cause of action for invasion of privacy. *See Schmitt v. SN Servicing Corp.*, No. 21-cv-03355, 2021 U.S. Dist. LEXIS 219292, *3 (N.D. Cal. Nov. 12, 2021); MedAire Memorandum of Law, Docket Item No. 196, pp. 16-17. Moreover, Plaintiffs fail even to respond to MedAire's argument that their claim for invasion of privacy is preempted by the ADA. *See* MedAire Memorandum of Law, Docket Item No. 196, at 16.

### I. Plaintiffs fail to state a viable claim for medical malpractice.

While Plaintiffs' argument is not a model of clarity, they apparently agree that a medical malpractice claim requires some level of treatment. *See* Opposition, Docket Item No. 206, p. 19 ("… Plaintiffs did not choose this treatment); *id.* at p. 20 ("our case would be more similar to a child who goes to the camp doctor and gets pills, and then has some injuries based on that."). Plaintiffs did not interact with MedAire, and even if they did, an evaluation for a mask exemption would not constitute medical treatment. Plaintiffs' opposition fails to even raise a question about this. Given the lack of an allegation of any specific relationship, treatment, causation, or damages to any Plaintiff caused by an act of MedAire, the medical malpractice should be dismissed for the failure to state a claim.

Moreover, Plaintiffs fail to respond to MedAire's argument that any such claim, in any event, would be preempted by the ADA, which clearly applies because Plaintiffs' complaints that they cannot travel because of MedAire's role in the airline

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

defendants' enforcement of the mask mandate clearly relates to the rates, routes, or services of an air carrier. *See* MedAire Memorandum of Law, Docket Item No. 196, at p. 19.

**J.  Plaintiffs' claims are moot.**

Plaintiffs rely on rulings of this and other courts as to mootness that were issued **prior** to the Eleventh Circuit's decision in *Health Freedom Defense Fund, Inc. v. Biden*, 71 F. 4th 888 (11th Cir. 2023) on June 22, 2023; *see also* Opposition, Docket Item No. 196 at pp. 21-22. Because the FTMM no longer exists, and the airline defendants are not requiring passengers to wear masks, Plaintiffs' claims are moot. The hypothetical possibility of some sort of an undefined mask-mandate at some point in the future cannot serve as the basis for Plaintiffs' claims. "Nothing in the text of the Mandate suggests that it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate." *Health Freedom Defense Fund*, 71 F.4th at 892.

## CONCLUSION

Based upon the foregoing, as well as MedAire's Motion to Dismiss (Docket Item No. 196), MedAire respectfully requests that its Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2) be granted in all respects.

Dated: November 22, 2023

Respectfully submitted,

By: _____
Barry S. Alexander, *pro hac vice*
Brittany C. Wakim, *pro hac vice*
VICTOR RANE
-and-
Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for MEDAIRE, INC., certifies that is brief contains 2,528 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 22, 2023

Respectfully submitted,

By: _____
Barry S. Alexander, *pro hac vice*
Brittany C. Wakim, *pro hac vice*
VICTOR RANE
-and-
Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS
CASE NO.: 2:22-CV-02383-SSS-AS

9