1 | Richard A. Lazenby (State Bar No. 202105)
  | Email: rlazenby@victorrane.com
2 | Michael Cutler (State Bar No. 298875)
  | Email: mcutler@victorrane.com
3 | VICTOR RANE
  | 9350 Wilshire Blvd., Suite 308
4 | Beverly Hills, California 90212
  | Telephone: (310) 388-4849
5 | Facsimile: (310) 388-4869

6 | -and-

  | John C. Conti (State Bar No. 118824)
7 | Email: jconti@dmclaw.com
  | Jeffrey J. Wetzel (admitted *pro hac vice*)
8 | Email: jwetzel@dmclaw.com
  | Steven L. Ettinger (admitted *pro hac vice*)
9 | Email: settinger@dmclaw.com
  | DICKIE, McCAMEY & CHILCOTE, P.C.
10 | 2 PPG Place, Suite 400
  | Pittsburgh, PA 15222
11 | Telephone: (414) 392-5617

12 | Attorneys for Defendant
  | STAT-MD
13 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE, <br><br> Defendants. | Case No.: 2:22-cv-02383-SB-AS <br><br> **STAT-MD'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [DOCKET ITEM NO. 198]** <br><br> Hearing Date: July 29, 2022 <br> Hearing Time: 8:30 a.m. <br> Ct. Room: 6C <br> Judge: Hon. Stanley Blumenfeld Jr. |

## STAT-MD'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Once again, Plaintiffs' Brief seeks to avoid dismissal of this matter without addressing the deficiencies raised in STAT-MD's Motion to Dismiss. Although Plaintiffs arguably contrive new arguments, they fundamentally fail to point to facts in support of their claims. Most notably, Plaintiffs' Brief fails to point to actual interactions between the Plaintiffs and STAT-MD within their Amended Complaint. All the bluster of Plaintiffs' Brief cannot distract from the lack of involvement by STAT-MD.

As an initial matter, Plaintiffs cannot identify any factual or legal basis to support a finding of personal jurisdiction over STAT-MD. Even if Plaintiffs could somehow overcome this threshold issue, the Amended Complaint still fails to show that any Plaintiff sought a mask exemption from or otherwise interacted with STAT-MD. In fact, Plaintiffs specifically requested to bypass review and avoid any involvement by STAT-MD. (ECF Doc. 190-1, Page ID 4382). Because STAT-MD never examined Plaintiffs or evaluated their mask-exemption requests, STAT-MD never denied such requests from any Plaintiff. The Amended Complaint should be dismissed as against STAT-MD pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

### A.   STAT-MD is not subject to personal jurisdiction.

In response to STAT-MD's original Motion to Dismiss, this Honorable Court held that Plaintiffs conceded that STAT-MD is not subject to general jurisdiction in California. (ECF Doc. 177 at p. 11). This Honorable Court also previously held that Plaintiffs' allegations regarding STAT-MD did not constitute purposeful direction or purposeful availment of California's laws to establish the first prong of the Ninth Circuit's test for specific personal jurisdiction. (ECF Doc. 177 at p. 12). Plaintiffs' Amended Complaint adds no allegations to disturb those prior determinations.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1     While Plaintiffs generally allege that they had planned trips to California, which were supposedly known to STAT-MD, Plaintiffs do not allege any involvement of STAT-MD affecting their specific travel. Specific jurisdiction requires that a plaintiff's lawsuit "arise out of or relate to the defendant's contacts" with the forum state. Bristol-Myers Squibb, Co. v. Superior Court, 582 U.S. 255, 262 (2017). Regardless of whether STAT-MD contracted with airlines that happened to service flights to California, this is insufficient for purposeful availment. Plaintiffs' claims cannot possibly arise out of a contractual relationship between STAT-MD and a particular airline. And because there were no interactions between STAT-MD and Plaintiffs, this suit cannot arise out of any STAT-MD contacts with the forum. Accordingly, there is no personal jurisdiction over STAT-MD, and Plaintiffs' claims against STAT-MD should be dismissed.

**B.     Plaintiffs' Section 1983 claim fails to allege that STAT-MD was acting under the color of state law.**

Plaintiffs' Brief does not address the arguments raised in STAT-MD's Motion to Dismiss. Without support, Plaintiffs assert in conclusory fashion that "STAT-MD most certainly violated 1983 and should be held accountable." (ECF Doc. 207 at p. 9). But Plaintiffs' Brief fails to highlight any allegations showing how STAT-MD could be a state actor which would render it subject to a Section 1983 claim. Rather, Plaintiffs' arguments emphasize that their dispute lies with the airlines: "The airline personnel are charged with enforcing this mandate, which is illegal and discriminatory when enforcing it against people with disabilities, such as these Plaintiffs." (Id. at p. 8). Plaintiffs at no point in their Brief seek to show how their claims would satisfy the joint participation test for state action.

Plaintiffs instead note that "'Institutional physicians assume an obligation to the mission that the State, through the institution, attempts to achieve.' Polk County, 454 U.S. at 454 U.S. 320." (ECF Doc. 207 at p. 7). The Polk County

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS
- 2 -

quotation included in Plaintiffs' Brief refers to "state-employed physicians" — a psychiatrist who served as the superintendent at a state mental hospital and a physician who was the medical director of the Texas Department of Corrections. Polk County v. Dodson, 454 U.S. 312, 320 (1981). These physicians were sued in their capacity as state custodians. Id. Obviously, STAT-MD is not a state-controlled entity like those referenced in Plaintiffs' Brief.

STAT-MD's role in assisting airlines to comply with the FTMM does not establish that it was acting under color of state law. There is no basis to extend Section 1983 to this Defendant.

**C.  Plaintiffs do not set forth a viable claim under the ACAA against STAT-MD.**

The ACAA does not apply to STAT-MD. Plaintiffs claim otherwise based on DeGirolamo v. Alitalia-Linee Aeree Italiane, 159 F. Supp. 2d 764 (D. N.J. 2001). DeGirolamo, however, simply held that an airline cannot avoid the ACAA's mandates by delegating responsibilities to a contractor. Id. at 768-69. The case does not stand for the proposition that the contractor comes within the ambit of the ACAA.

Regardless, STAT-MD is entitled to dismissal because the ACAA does not provide a private right of action.

**D.  Plaintiffs do not set forth a viable claim under the Rehabilitation Act.**

Plaintiffs' Brief fails to actually address STAT-MD's arguments against Plaintiffs' Rehabilitation Act claims. Instead, Plaintiffs simply characterize STAT-MD's arguments as "strange." Any strangeness, however, is surely a reflection of Plaintiffs' claims. Plaintiffs claim relief pursuant to the Rehabilitation Act because they believe they are entitled to mask exemptions. STAT-MD was never provided mask-exemption requests for any of Plaintiffs. And even if they had, any determination of whether or not Plaintiffs satisfied the criteria for a mask

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

exemption would not be the basis for a Rehabilitation Act violation. Their Rehabilitation Act claims should be dismissed.

### E. Plaintiffs cannot state a viable claim for medical malpractice.

Plaintiffs' Brief does not contest that a medical malpractice claim requires some degree of medical treatment. Ye, Plaintiffs' Amended Complaint is devoid of this fundamental requirement. Plaintiffs never interacted with STAT-MD. Even if there was an interaction, the hypothetical interaction — an evaluation for a mask exemption — would not constitute medical treatment. This is not disputed. Without an allegation of a provider-patient relationship or medical treatment, STAT-MD cannot be liable for medical malpractice. This count should be dismissed for failure to state a claim.

### F. Plaintiffs' claims are moot.

Plaintiffs' Brief attempts to rebut a mootness finding by relying on a ruling issued prior to the Eleventh Circuit's decision in <u>Health Freedom Defense Fund, Inc. v. Biden</u>, 71 F. 4th 888 (11th Cir. 2023) on June 22, 2023. (ECF Doc. 207 at p. 15). Because the FTMM is no longer in effect, and the airline defendants are not requiring passengers to wear masks, Plaintiffs' claims are moot. The hypothetical possibility of some sort of virus-mediation measure at some point in the future cannot serve as the basis for Plaintiffs' claims. "Nothing in the text of the Mandate suggests that it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate." <u>Health Freedom Defense Fund</u>, 71 F.4th at 892. The bulk of Plaintiffs' claims are now moot.

/ /
/ /
/ /
/ /

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

- 4 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

# CONCLUSION

Based upon the foregoing, as well as STAT-MD's Motion to Dismiss (Docket Item No. 198), STAT-MD respectfully requests that its Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2) be granted in all respects.

Dated: November 22, 2023             Respectfully submitted,

By: *John C. Conti*
John C. Conti
Jeffrey J. Wetzel
*(*admitted *pro hac vice)*
Steven L. Ettinger
*(*admitted *pro hac vice)*
DICKIE, McCAMEY & CHILCOTE, P.C.

-and-

By: _____
Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
STAT-MD

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'   - 5 -
COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2)
AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for STAT-MD, certifies that is brief contains 1,197 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 22, 2023          Respectfully submitted,

By: *John C. Conti*
    John C. Conti
    Jeffrey J. Wetzel
    *(*admitted *pro hac vice)*
    Steven L. Ettinger
    *(*admitted *pro hac vice)*
    DICKIE, McCAMEY & CHILCOTE, P.C.

-and-

By: _____
    Richard A. Lazenby
    Michael Cutler
    VICTOR RANE

    *Attorneys for Defendant*
    STAT-MD

BRIFF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(2) AND 12(B)(6)
CASE NO.: 2:22-CV-02383-SB-AS

- 6 -

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849