BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

E. MARTIN ESTRADA
United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

STEPHEN M. PEZZI
MICHAEL J. GERARDI
ANDREW F. FREIDAH
CLAYTON L. BAILEY (D.C. Bar No. 1644867)
   Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.: (202) 598-1226
Email: clayton.l.bailey@usdoj.gov

*Counsel for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>    Defendants. | CASE NO. 2:22-CV-2383-SSS-AS<br><br>**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Honorable Sunshine S. Sykes<br>**United States District Judge** |

# INTRODUCTION

In response to Plaintiffs' Amended Complaint, Federal Defendants moved to dismiss the sixteen causes of action brought against them. Most of Plaintiffs' claims—those seeking prospective relief—are moot, because the Mask Order and Testing Order have expired on their own terms. The remaining claims—for monetary relief—should be dismissed either as barred by sovereign immunity or for failure to state a claim.

Plaintiffs' response barely disputes mootness, merely speculating about possible future pandemics and pointing to opinions that pre-date the expiration of the relevant orders—arguments that fail for reasons Federal Defendants have already explained. *See* Fed. Defs.' Mem. Supp. Mot. Dismiss at 8 & n.2, ECF No. 199-1 ("Mot."). Other sections of Plaintiffs' brief do not respond to Federal Defendants' arguments at all, simply referring back to the Amended Complaint. *See* Pls.' Resp. Opp'n at 7, 10, ECF No. 209 ("Pls.' Resp.") (Tenth Amendment, right-to-travel, and unlicensed-medical-practice claims "were thoroughly addressed in the Amended Complaint").[1] Federal Defendants therefore address only three discrete points in this reply, and otherwise rest on their opening brief. *First*, Federal Defendants' motion was timely. *Second*, Plaintiffs fail to identify a waiver of sovereign immunity for their monetary Civil Rights Act claims against Federal Defendants, even if such claims may proceed against federal officers in their individual capacities in some circumstances. *Third*, even if those claims were not plainly barred by sovereign immunity, Plaintiffs' conclusory allegations fall well short of adequately pleading the sort of conspiracy necessary to state a claim under Sections 1983, 1985, or 1986. The Court should therefore dismiss all claims against Federal Defendants.

---

[1] These claims should be dismissed as conceded. *See Kroeger v. Vertex Aerospace LLC*, No. CV 20-3030-JFW, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020).

# ARGUMENT

## I. Federal Defendants' motion was timely.

Plaintiffs first argue that Federal Defendants' motion was untimely because it was filed on November 6, 2023, rather than six days earlier on October 31, 2023. Pls.' Resp. at 2. The Court's order reopening this action directed Defendants to file "any motions to dismiss or responsive pleadings within 21 days after [Plaintiffs'] amended pleading is filed." Order Lifting Stay, ECF No. 189. The deadline discrepancy arises between running the clock from when Plaintiffs' First Amended Complaint was deemed filed—October 10, 2023—versus when it was entered on the docket and served on Defendants—October 16, 2023. *See* ECF No. 192 (ECF Notification on October 16). Given the practicalities involved in evaluating and responding to Plaintiffs' 220-page Amended Complaint spanning 30 causes of action, the best reading of the Court's order was that it intended a deadline 21 days from when Defendants were served with and could begin reviewing Plaintiffs' new pleading. Contrary to Plaintiffs' assertion, Defendants did not "ask for an extension from Plaintiffs," Pls.' Resp. at 2—Defendants merely asked whether the parties had the same understanding of the deadline. When it became clear that Plaintiffs had a different understanding, and given the unusual circumstances, all Defendants jointly filed a notice of their interpretation of the deadline with the Court, explaining that they intended to respond to the Amended Complaint by November 6, 2023, absent further direction or clarification. Notice at 2, ECF No. 191. Plaintiffs did not respond to that notice.

Setting aside which interpretation of the deadline was correct, there is no cause for Plaintiffs' demand that Federal Defendants' motion be denied on that basis. Plaintiffs do not attempt to articulate prejudice from the alleged six-day delay, nor could they. The date of filing did not impact the time available for Plaintiffs to respond to Federal Defendants' motion. And Plaintiffs faced no ongoing harm in the

interim for the same reasons the claims against Federal Defendants are moot: The federal actions at the center of Plaintiff's lawsuit are no longer in effect. *See* Mot. at 1–3. Without a showing of prejudice, the Court should reject Plaintiffs' timeliness argument. *See, e.g.*, *Ins. Co. of Penn. v. City of Long Beach*, No. CV 04-8650 ER, 2007 WL 9700621, at *1 (C.D. Cal. Mar. 27, 2007) ("It is unnecessary to decide whether the response was timely filed, because Plaintiffs have suffered no prejudice as a result of the timing of the filing.").

## II.  Plaintiffs' Section 1983, 1985, and 1986 claims fail.

### A.  Plaintiffs identify no waiver of sovereign immunity for monetary claims against Defendant federal agencies and officials sued in their official capacities.

Plaintiffs appear to contend that their Civil Rights Act claims for monetary relief against federal agencies and a federal officer sued in her official capacity may proceed because, in their view, it is not clear that a federal officer may never be subject to such claims. That is mistaken. Even if federal officers may in some circumstances be subject to such claims in their *individual* capacities—a question the Court need not reach to resolve this motion—Plaintiffs identify no waiver of sovereign immunity for such claims against federal agencies or officers in their *official* capacities.

Federal Defendants filed their motion to dismiss on behalf of the Centers for Disease Control and Prevention, the United States Department of Health and Human Services, the Transportation Security Administration, and Julie Carrigan, Acting Division Director of TSA's National Transportation Vetting Center, in her official capacity. Fed. Defs.' Notice Mot. Dismiss at 1, ECF No. 199; *see also* 1st Am. Compl. ¶¶ 25–28, ECF No. 190 ("Am. Compl."). In other words, Federal Defendants consist entirely of federal agencies and an officer sued in her official capacity. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against

the entity." *Ky. v. Graham*, 473 U.S. 159, 166 (1985). As such, Plaintiffs' suit against Ms. Carrigan in her official capacity is "essentially an action against the federal government." *Cuevas v. Dep't of Homeland Sec.*, 233 F. App'x 642, 643 (9th Cir. 2007); *see also, e.g.*, *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("[A]ny action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."). The defenses and immunities available to Ms. Carrigan in her official capacity are thus the same "forms of sovereign immunity that the entity . . . may possess." *Graham*, 473 U.S. at 167; *see also Cuevas*, 233 F. App'x at 643 ("Federal Officials' immunity turns on [Department of Homeland Security's] immunity.").

The distinction between official capacity and individual capacity is key to evaluating Federal Defendants' immunity to suit under Sections 1983, 1985, and 1986. Because Federal Defendants consist only of federal agencies and an official standing in for a federal agency, they have sovereign immunity under settled Ninth Circuit law.[2] Mot. at 11–12; *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions."); *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("Lest there be any continuing confusion, we take this opportunity to remind the Bar that by its very terms, § 1983 precludes liability in federal government actors.").

---

[2] As noted by the Ninth Circuit, "the Supreme Court has consistently affirmed that 'a waiver of sovereign immunity must be "unequivocally expressed" in statutory text.'" *Plaskett v. Wormuth*, 18 F.4th 1072, 1088 (9th Cir. 2021) (quoting *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012)). Sections 1983, 1985, and 1986 contain no such unequivocal waiver.

The cases cited by Plaintiffs in their opposition, while perhaps not closing the door to Section 1983 or 1985 suits against some federal actors, dealt with monetary claims against individual-capacity defendants acting under color of federal law. *See Ziglar v. Abbasi*, 582 U.S. 120, 150 (2017); *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986). Those cases are inapplicable to suits against federal agencies and officers acting in an official capacity. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."). While individual-capacity federal defendants may have other available defenses, such as qualified immunity, the Court need not reach those questions to dismiss claims against Federal Defendants.

### B. Plaintiffs fail to allege facts supporting a "vast conspiracy" that could support claims under Sections 1983, 1985, or 1986.

Plaintiffs also argue that their Civil Rights Act claims are saved by allegations that Federal Defendants conspired with state actors. These claims are independently barred by sovereign immunity, for the reasons stated above. But Plaintiffs' argument also fails because their Amended Complaint does not include sufficient factual allegations of conspiracy, and where Plaintiffs attempt to do so the allegations are entirely conclusory. Plaintiffs' claims should thus independently be dismissed for failure to state a claim.

Defending their Section 1983 claim, Plaintiffs point to *Gibson v. United States* for the idea that "[f]ederal officers acting under federal authority are immune from suit under section 1983 unless the state or its agents significantly participated in the challenged activity." 781 F.2d at 1343. But Plaintiffs did not adequately allege that Federal Defendants "conspire[d] with or participate[d] in concert with state officials" as they must under such a theory. *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir.

1992).  The closest Plaintiffs come is their allegation in Paragraph 833: "The Government created laws unlawfully, and recruited the flight crew to enforce them together.  The police come and will remove a person who violates these fake laws.  This is certainly included as 'under the color of the law.'"  Am. Compl.  Plaintiffs do not provide additional detail about the ostensibly conspiratorial agreement with state officials, and it is incumbent on them to do so.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 556 (a "bare assertion of conspiracy will not suffice").  Notably, no state officials—from any state—are named as defendants in this case, and in describing the parties to their alleged Section 1985 conspiracy, state actors are conspicuously absent.  *See* Am. Compl. ¶¶ 866, 877.

Moreover, even if there were some meaningful allegation of state-federal interaction—and there is not—that would not suffice to imbue the alleged conspiracy with the color of state law.  Rather, there must be a "share[d] . . . general conspiratorial objective"—a meeting of the minds—between the non-state actors and the state officials.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) (finding "conclusory allegations" that a state official "conspired with the [non-state defendants] are insufficient to support" a Section 1983 claim).  Here, there is no allegation of agreement or reason to believe standard execution of the laws required agreement.  Plaintiffs do not specify whether they are referring to state police or, if they are, for which state.  Indeed, it is not clear what state law police would be enforcing, or how that relates to Federal Defendants.  In *Gibson*, the plaintiffs' claims against the federal defendants were dismissed because "plaintiffs' vague and conclusory conspiracy allegations" were insufficient to "allege a single collusive act."  781 F.2d at 1343; *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").  That

is also the case here, and Plaintiffs' Section 1983 claim should therefore be dismissed.

Plaintiffs' Section 1985(3) claim suffers from the same lack of clarity on the conspiracy alleged. Plaintiffs assert a "vast conspiracy," Pls.' Resp. at 6, but their pleadings contain no specific allegations of agreement. Plaintiffs' Amended Complaint includes only the bare assertion, a handful of times, that Defendants "conspired . . . to ban disabled flyers because of a discriminatory motive." *See, e.g.*, Am. Compl. ¶ 866. Plaintiffs thus fail to "state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929–30 (9th Cir. 2004) (citation omitted); *see also Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."). Without a valid conspiracy under Section 1985, there can be no valid Section 1986 claim. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("This Circuit has recently adopted the broadly accepted principle that a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985.").

For these and the reasons explained in Federal Defendants' motion, Plaintiffs' Section 1983, 1985, and 1986 claims should be dismissed.

## CONCLUSION

Defendants rest on their opening brief and prior briefing in this matter for the remaining issues addressed in Plaintiff's opposition brief. The Court should dismiss Causes of Action 1–14, 23, and 26 of the First Amended Complaint with prejudice pursuant to Rules 12(b)(1) and (6), and this case should be closed as to Federal Defendants.

| | | |
|---|---|---|
| Dated: November 24, 2023 | | Respectfully submitted, |
| | | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | | E. MARTIN ESTRADA<br>United States Attorney |
| | | ERIC B. BECKENHAUER<br>Assistant Branch Director |
| | By: | */s/ Clayton L. Bailey*<br>CLAYTON L. BAILEY (D.C. Bar No. 1644867)<br>STEPHEN M. PEZZI<br>ANDREW F. FREIDAH<br>MICHAEL J. GERARDI<br>  Trial Attorneys<br>United States Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20530<br>Tel.: (202) 598-1226<br>Email: clayton.l.bailey@usdoj.gov<br><br>*Counsel for the Federal Defendants* |