# Exhibit 1

(ORDER LIST: 601 U.S.)

MONDAY, DECEMBER 11, 2023

CERTIORARI -- SUMMARY DISPOSITIONS

22-1225     PAYNE, JASON V. BIDEN, PRESIDENT OF U.S., ET AL.

            The petition for a writ of certiorari is granted.  The
            judgment is vacated, and the case is remanded to the United
            States Court of Appeals for the District of Columbia Circuit
            with instructions to dismiss the case as moot.  See *United
            States* v. *Munsingwear, Inc.*, 340 U. S. 36 (1950).  Justice
            Jackson, concurring: Although I would require that the party
            seeking vacatur establish equitable entitlement to that remedy,
            I accede to vacatur here based on the Court's established
            practice when the mootness occurs through the unilateral action
            of the party that prevailed in the lower court.  See *Acheson
            Hotels, LLC* v. *Laufer*, 601 U. S. ___ (2023) (Jackson, J.,
            concurring in the judgment).

23-60       BIDEN, PRESIDENT OF U.S., ET AL. V. FEDS FOR MEDICAL FREEDOM, ET AL.

            The petition for a writ of certiorari is granted.  The
            judgment is vacated, and the case is remanded to the United
            States Court of Appeals for the Fifth Circuit with instructions
            to direct the District Court to vacate as moot its order
            granting a preliminary injunction.  See *United States* v.
            *Munsingwear, Inc.*, 340 U. S. 36 (1950).  Justice Jackson,
            dissenting: In my view, the party seeking vacatur has not
            established equitable entitlement to that remedy.  See *Acheson
            Hotels, LLC* v. *Laufer*, 601 U. S. ___ (2023) (Jackson, J.,

1

concurring in the judgment).

23-154      KENDALL, SEC. AIR FORCE, ET AL. V. DOSTER, HUNTER, ET AL.

The petition for a writ of certiorari is granted.  The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Sixth Circuit with instructions to direct the District Court to vacate as moot its preliminary injunctions.  See *United States* v. *Munsingwear, Inc.*, 340 U. S. 36 (1950).  Justice Jackson, dissenting: In my view, the party seeking vacatur has not established equitable entitlement to that remedy.  See *Acheson Hotels, LLC* v. *Laufer*, 601 U. S. ___ (2023) (Jackson, J., concurring in the judgment).

### ORDERS IN PENDING CASES

23M36      DARDAGAN, SUVAD V. TRUITT, WARDEN

The motion to direct the Clerk to file a petition for a writ of certiorari out of time is denied.

23M37      SEALED V. SEALED

The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.

23M38      DOWNEY, MARK V. JOHN H. LANGE PLUMBING

The motion to direct the Clerk to file a petition for a writ of certiorari out of time is denied.

23M39      D. E. V. RUSSELL CTY. DEPT. OF HR

The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.

23M40      I. M. V. JORGENSEN, JUSTICE

The motion for leave to file a petition for a writ of certiorari under seal is denied.

23M41        ELLINGTON, AZARIAH M., ET AL. V. STRATTON, MARIA J., ET AL.

             The motion to direct the Clerk to file a petition for a writ
of certiorari out of time under Rule 14.5 is denied.

23M42        HALL, DANIEL E. V. BROCHU-REYNOLDS, DEVON

             The motion for leave to file a petition for a writ of
certiorari with the supplemental appendix under seal is granted.

23M43        LAZA, JERRY V. PALESTINE, TX

             The motion to direct the Clerk to file a petition for a writ
of certiorari out of time is denied.

23M44        AKERMAN, MARTIN V. NEVADA NATIONAL GUARD

             The motion for leave to proceed as a veteran is granted.

22-899       SMITH, JASON V. ARIZONA

             The motion of the Solicitor General for leave to participate
in oral argument as *amicus curiae* and for divided argument is
granted.

22-915       UNITED STATES V. RAHIMI, ZACKEY

             The motion of Professor Lorianne Updike Toler for leave to
file out of time a brief as *amicus curiae* is denied.

22-7488      ADAMS, ALEX V. DAVIS, LORIE, ET AL.

             The motion of petitioner for reconsideration of order
denying leave to proceed *in forma pauperis* is denied.

23-217       E.M.D. SALES, INC., ET AL. V. CARRERA, FAUSTINO S., ET AL.

             The Solicitor General is invited to file a brief in this
case expressing the views of the United States.

23-467       GARCIA, BENANCIO V. HOBBS, SEC. OF STATE OF WA

             The motion of Susan Soto Palmer, et al. for leave to
intervene is denied.

23-5438      SALERNO, FOX J. V. THORNELL, DIR., AZ DOC, ET AL.

The motion of petitioner for reconsideration of order denying leave to proceed *in forma pauperis* is denied.

23-5681     WEIBLE, JUSTIN V. PROVOST, KEVIN, ET AL.

23-5957     BRONSON, KHADIJAH V. D.C. DEPT. OF BUILDINGS

23-5990     SIMMONS, KIRK A. V. SCARANTINO, THOMAS

The motions of petitioners for leave to proceed *in forma pauperis* are denied.  Petitioners are allowed until January 2, 2024, within which to pay the docketing fees required by Rule 38(a) and to submit petitions in compliance with Rule 33.1 of the Rules of this Court.

**CERTIORARI DENIED**

22-601      LAKE, PETER, ET AL. V. NEXTERA ENERGY, ET AL.

22-1107     GREGORY, MATTHEW, ET AL. V. BROWN, ELISE

22-1202     SPIRIT OF THE EAST, LLC V. YALE PRODUCTS INC., ET AL.

22-7769     MORANT, TYRONE D. V. STANGE, WARDEN

23-6        BRICKMAN, COLIN R. V. UNITED STATES, ET AL.

23-7        HAMLET, LYNN V. HOXIE, OFFICER

23-61       O'BOYLE, MARTIN E., ET AL. V. GULF STREAM, FL

23-74       VITAGLIANO, DEBRA A. V. COUNTY OF WESTCHESTER, NY

23-95       ESFORMES, PHILIP V. UNITED STATES

23-98       LEMELSON, GREGORY, ET AL. V. SEC

23-107      CLEMENTS, LOUIS M. V. FLORIDA, ET AL.

23-115      ELLDAKLI, FATHI E. S. ET AL. V. GARLAND, ATT'Y GEN., ET AL.

23-166      HILTON HOTELS RETIREMENT PLAN V. WHITE, VALERIE, ET AL.

23-183      E. PAC. SHIPPING PTE, LTD. V. GANPAT, KHOLKAR VISHVESHWAR

23-195      HASHIM, AARON, ET AL. V. COHEN, MALIA M., ET AL.

23-198      LEWIS, JAMAR M. V. UNITED STATES

23-255      JOHNSON, COOPER D. V. COHEN, MALIA M., ET AL.

4

23-271        LYNCH, RYAN V. CONDOMINIUMS OF BUENA VISTA, INC

23-272    )   WINTERVILLE POLICE DEPT., ET AL. V. SHARPE, DIJON
          )
23-276    )   SHARPE, DIJON V. WINTERVILLE POLICE DEPT., ET AL.

23-277        KARRI, USHA S. V. GARLAND, ATT'Y GEN., ET AL.

23-281        FUSTOLO, STEVEN C. V. PATRIOT GROUP, ET AL.

23-284        H. C. V. NYC DEPT. OF EDUCATION

23-296        KISER, MICHAEL L., ET AL. V. DUKE ENERGY CAROLINAS, LLC, ET AL.

23-299        KHALID, ATM SHAFIQUL V. CITRIX SYSTEMS, INC.

23-305        RICE, LARRY V. INTERFOOD, INC., ET AL.

23-311        CONNOLE, KEITH M. V. GARBARINO, JUDGE, ET AL.

23-313        DeBOSE, ANGELA V. UNIV. OF S. FL, ET AL.

23-316        DAVIS, CURTISS V. BONILLA, PEDRO, ET AL.

23-338        BUSH, BYRON V., ET UX. V. RELIANT BANK, ET AL.

23-340        PEREZ, ALEJANDRO E. V. WALT DISNEY CO.

23-346        WALPOOL, TORRIANO V. TEXAS

23-347        MARTIN, ROWLAND J. V. BRAVENEC, EDWARD, ET AL.

23-349        ESSLINGER, DONALD, ET UX. V. BASS, SHAWN, ET UX.

23-352        ROGALSKI, CHRISTOPHER A. V. LAUREATE ED., INC.

23-355        KERN, DONNIE T. V. BD. OF SUPERVISORS ALLEGHANY CTY

23-356        KERN, DONNIE T. V. VIRGINIA

23-358        ANDREWS, KEITH V. KINNETT, JARRED B., ET AL.

23-359        WRIGHT, KELVIN L. V. USDC WD TX

23-360        SHARIF, RICHARD, ET AL. V. FOX, HORACE

23-372        JARRETT, TOREY V. SEIU LOCAL 503, ET AL.

23-379        BARTH, JOHN S. V. DEPT. OF JUSTICE, ET AL.

23-385        HULBERT, CLAYTON, ET AL. V. POPE, BRIAN T.

23-398        HOWE, HENRY H. V. GILPIN, STEVEN, ET AL.

23-408        ASTRAZENECA PHARMACEUTICALS LP V. IVIE, SUZANNE

```
23-412      ENGEL, SENECA L. V. ENGEL, DEREK, ET AL.

23-418      CONCERNED HOUSE. ELEC., ET AL. V. EPA

23-422      SHERROD, SHIRLEY T., ET AL. V. SU, ACTING SEC. OF LABOR

23-435      McNEIL, MINOR L. V. SANDERS, GOV. OF AR, ET AL.

23-438      CLARK, AUSTIN R. V. BENDAPUDI, NEELI, ET AL.

23-439      BOYDSTON, JIM, ET AL. V. WEBER, CA SEC. OF STATE, ET AL.

23-453      SPEC. RISK INS. SERVICES, INC. V. GLAXOSMITHKLINE, LLC

23-458      DE COLA, THOMAS V. STARKE CTY. COUNCIL, ET AL.

23-459      IBRAHIM, MARK S. V. UNITED STATES

23-464      BOERMEESTER, MATTHEW V. CARRY, AINSLEY, ET AL.

23-469      WITT, ANDREW P. V. UNITED STATES

23-483      GONZALEZ, MAURICIO V. UNITED STATES

23-487      VASHISHT-ROTA, APARNA V. HOWELL MANAGEMENT SERVICES, LLC

23-490      JEVONS, ENRIQUE, ET AL. V. INSLEE, GOV. OF WA, ET AL.

23-494      MACNEIL IP LLC V. YITA LLC

23-499      ESQUIVEL-CARRIZALES, JESUS L. V. UNITED STATES

23-502      EZUKANMA, NOBLE U. V. UNITED STATES

23-511      BELL, TERRENCE R. V. SUN WEST MORTGAGE CO., INC.

23-513      SMITH, SHERIFF, ET AL. V. ROGERS, JERRY

23-5090     BROWN, TRAVIS J. V. CALIFORNIA

23-5209     POLING, KELLY V. KIJAKAZI, COMM'R, SOCIAL SEC.

23-5275     NOLASCO-ARIZA, AMBROSIO V. UNITED STATES

23-5310     FAVORITE, JOSEPH T. V. UNITED STATES

23-5367     WU, REBECCA V. TWIN RIVERS UNIFIED SCH. DIST.

23-5381     HARPER, DAVID L. V. ADAMS, WILLIAM P., ET AL.

23-5383     DUPRIEST, RAMHAM V. NEW JERSEY

23-5502     HERNANDEZ-LOPEZ, JUAN A. V. UNITED STATES

23-5513     HAMILTON, RICKEENA V. TENNESSEE
```

```
23-5630    SLINEY, JACK R. V. FLORIDA

23-5646    JAH EL, ABRAHAM K. V. PALM BEACH, FL, ET AL.

23-5650    PANGHAT, LIJO P. V. DEPT. OF VA, ET AL.

23-5652    DORSEY, BRIAN J. V. VANDERGRIFF, WARDEN

23-5657    DEERE, ARTHUR R. V. GRAY, CLERK, USDC CD CA

23-5660    HONIE, TABERON D. V. POWELL, WARDEN

23-5661    MARTINEZ, ARNALDO V. FLORIDA

23-5664    SINDACO, ROBERT E. V. FLORIDA

23-5670    DARRIES, WILLIE V. CORNELIUS, R. P.

23-5679    STEPHENSON, JOSHUA V. MAY, WARDEN, ET AL.

23-5684    DAHL, WILLIAM J. V. WISCONSIN

23-5690    LAL, AZHAR V. UNITED STATES, ET AL.

23-5693    THOMPSON, LAWRENCE E. V. TEXAS

23-5697    FAROOQ, ASEM V. MANHEIM REMARKETING, ET AL.

23-5702    MILASKI, IAN A. V. FLORIDA

23-5703    OHAN, FESTUS O. V. ABN AMRO, ET AL.

23-5712    GWEN, GERALD V. V. MAYES, ATT'Y GEN. OF AZ, ET AL.

23-5723    WEST, JAMES D. V. DIXON, SEC., FL DOC, ET AL.

23-5729    HENDERSON, TITUS V. BOUGHTON, WARDEN, ET AL.

23-5731    PANZLAU, REBEKAH V. ADAMS CTY. HOUSING AUTH.

23-5737    WILSON, ROGER V. DEPT. OF JUSTICE, ET AL.

23-5741    GRANT, HEWITT A. V. DIXON, SEC. FL DOC

23-5745    HAMMOND, ZEPHRYN V. UNIV. OF VT MEDICAL CENTER

23-5753    LATHAM, BEN J. V. ALASKA

23-5757    RAMIREZ-FORT, MARIGDALIA K. V. MEDICAL UNIV. OF SC, ET AL.

23-5760    LOMAX, MATTIE T. V. UNITED STATES

23-5761    MORSE, TIMOTHY V. CLERK, CLINTON DIST. CT.

23-5769    JEFFERSON, BRANDON M. V. FORD, ATT'Y GEN. OF NV, ET AL.
```

```
23-5792    CHANDLER, KEVIN V. NEAL, WARDEN

23-5801    DUCOTE, JEFFERY V. HOOPER, WARDEN

23-5808    JENNINGS, RODNEY V. PHILLIPS, WARDEN

23-5814    LAMOUREUX, JUSTIN A. V. FLORIDA

23-5822    RUSSOMANNO, GINA V. SUNOVION PHARMACEUTICALS, ET AL.

23-5833    ROULO, SEAN W. V. MINNESOTA

23-5843    BELGRAVE, CLEON V. PUBLIX SUPER MARKET, INC.

23-5847    NGUYEN, MAI-TRANG T. V. UNITED STATES

23-5849    BROWN, BRYAN H. V. NEW HAMPSHIRE

23-5861    PIERRE, JOSEPH V. DIXON, SEC., FL DOC

23-5867    BRYANT, ANITA V. DELAWARE CTY. TREASURER, ET AL.

23-5868    KEO, NICKY S. V. MASSACHUSETTS

23-5872    EL, AUBREY J. V. DEPT. OF COMMERCE

23-5873    ROSS, BENJAMIN R. V. UNITED STATES

23-5876    PORTER, CHRISTIAN L. V. UNITED STATES

23-5878    JOHNSTON, ANDREW J. V. UNITED STATES

23-5879    JOHNSON, RICHARD W. V. UNITED STATES

23-5880    MARTINEZ-HERNANDEZ, JOSE F. V. UNITED STATES

23-5882    MERRITTE, WALTER L. V. CIRCUIT COURT OF IL

23-5886    GIBBS, PHILLIP C. V. CARL, WARDEN

23-5889    WILLIAMS, CHRISTOPHER M. V. SHOOP, WARDEN

23-5891    HIDALGO, LUIS A. V. GARRETT, WARDEN, ET AL.

23-5893    ZMRUKHTYAN, TIGRAN V. UNITED STATES

23-5894    BRANDON, MYRON L. V. UNITED STATES

23-5896    RICHARDSON, FRANK V. UNITED STATES

23-5898    HAYWARD, CHRISTIAN V. UNITED STATES

23-5899    ISABELLA, RANDE B. V. UNITED STATES

23-5902    COLE, KALEB J. V. UNITED STATES
```

```
23-5906      ACKIES, CAREY V. UNITED STATES

23-5907      JONES, BRIAN V. UNITED STATES

23-5909      ZEVELY, ERIC A. V. UNITED STATES

23-5910      DAMERI, STUART A. V. UNITED STATES

23-5912      CATHEY, DARRELL V. UNITED STATES

23-5913      ROLON, JULIO V. UNITED STATES

23-5917      DIAZ-DIAZ, SALVADOR V. UNITED STATES

23-5919   )  THOMAS, WILKINSON O. V. UNITED STATES
          )
23-5975   )  CAPISTRANO, CAESAR M. V. UNITED STATES

23-5920      RAMIREZ-MORENO, LEOPOLDO V. UNITED STATES

23-5921      SARKISS, VAHE V. UNITED STATES

23-5922      EZENWA, MAXWELL C. V. UNITED STATES

23-5925      JOHNSON, ISAAC V. UNITED STATES

23-5926      SPRINGFIELD, JAHVARIS L. V. UNITED STATES

23-5927      MARTINEZ-ALBERTO, KATERIN V. UNITED STATES

23-5928      BEITER, MICHAEL D. V. UNITED STATES

23-5933      LYNCH, SAMUEL L. V. UNITED STATES

23-5934      JENKINS, WALTER L. V. UNITED STATES

23-5936      SANTOS-FLORES, HECTOR F. V. UNITED STATES

23-5939      NORTHINGTON, BRETT V. UNITED STATES

23-5940      LOPEZ, JOHN P. V. UNITED STATES

23-5941      RANDLE, GREGORY L. V. UNITED STATES

23-5942      SINGLETARY, CHRISTOPHER R. V. UNITED STATES

23-5944      JOHNSON, KAYLIN E. V. UNITED STATES

23-5947      TROTTER, KRAIG M. V. UNITED STATES

23-5949      WRIGHT, RAMONE L. V. UNITED STATES

23-5952      WILLIAMS, SEMAJ L. V. UNITED STATES

23-5955      PARKS, KYLE M. V. UNITED STATES
```

```
23-5956      McCORKLE, ERIQ R. V. ROBINSON, NORM

23-5959      EDWARDS, JASON C. V. LEMON, WARDEN

23-5960      WRIGHT, BRANDON K. V. UNITED STATES

23-5962      ECKFORD, LEON C. V. UNITED STATES

23-5966      ERICKSEN, JONATHAN V. UNITED STATES

23-5969      MAKDISSI, SEMAAN V. FLORIDA

23-5971      FEZIA, KEVONDRIC V. UNITED STATES

23-5973      DUERSON, RICHARD C. V. UNITED STATES

23-5978      PERSON, BRIAN K. V. UNITED STATES

23-5979      VARGAS-HERNANDEZ, DANIEL V. UNITED STATES

23-5980      ARELLANO, EDGAR V. CALIFORNIA

23-5981      LEON, NESTOR V. UNITED STATES

23-5982      SMALL, GARNET V. UNITED STATES

23-5986      RUIZ, FRANCISCO R. V. WIERENGA, JORDAN

23-5995      MESSER, JAKE V. UNITED STATES

23-5997      BAXTON, JAMES V. UNITED STATES

23-5998      CHAVEZ, GILBERTO A. V. UNITED STATES

23-5999      CHI, ANSON V. UNITED STATES

23-6018      CURRICA, CALVIN F. V. MILLER, WARDEN

23-6022      LIU, KEVIN V. POLLARD, WARDEN

23-6026      REHWALD, PHILLIP V. PENNSYLVANIA, ET AL.
```

    The petitions for writs of certiorari are denied.

```
22-7652      JONES, MARK A. V. DIXON, SEC., FL DOC
```

    The motion of petitioner for reconsideration of order
denying leave to proceed *in forma pauperis* is granted.  The
order entered October 2, 2023, is vacated.  The petition for a
writ of certiorari is denied.

```
23-186       NV DOC, ET AL. V. GALANTI, PHILIP R.
```

The motion of respondent for leave to proceed *in forma pauperis* is granted.  The petition for a writ of certiorari is denied.

23-457      CATES, TERRANCE N. V. ZELTIQ AESTHETICS, INC.

The petition for a writ of certiorari is denied.  Justice Alito took no part in the consideration or decision of this petition.

23-5651     WILLIBY, HARRY J. V. BRIN, SERGEY, ET AL.

The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8.

23-5683     SMITH, MARY L., ET AL. V. SANDERS, GOV. OF AR, ET AL

The motion of petitioner Tiffany Smith for leave to proceed *in forma pauperis* is denied.  Petitioner Tiffany Smith is allowed until January 2, 2024, within which to pay the docketing fee required by Rule 38(a) and to submit a petition in compliance with Rule 33.1 of the Rules of this Court.  The petition for a writ of certiorari as to petitioner Mary Smith is denied.

23-5705     SAMPSON, MICHAEL V. UNITED STATES, ET AL.

The petition for a writ of certiorari before judgment is denied.

23-5715     GULLETT-EL, TAQUAN R. V. IRS, ET AL.

23-5888     THOMPSON, HOWARD L. V. FLORIDA, ET AL.

23-5929     ANDREWS, ANTHONY V. UNITED STATES

23-5961     ROBINSON, MARTIN V. OH CIVIL RIGHTS COMM'N, ET AL.

The motions of petitioners for leave to proceed *in forma pauperis* are denied, and the petitions for writs of certiorari

are dismissed.  See Rule 39.8.

## HABEAS CORPUS DENIED

23-5937       IN RE JOHN L. TAYLOR

23-5989       IN RE KEVIN McKENNA

23-5992       IN RE JOHN BAILEY

23-6054       IN RE CHRISTOPHER THIEME

The petitions for writs of habeas corpus are denied.

## MANDAMUS DENIED

23-345        IN RE JEFFRY THUL

23-5674       IN RE DONNELLY J. LeBLANC

23-5881       IN RE DAVID JAH

The petitions for writs of mandamus are denied.

## REHEARINGS DENIED

22-977        BRUNS, JENNY, ET VIR V. USAA, ET AL.

22-1245       RISTOW, BRENT A. V. PETERSON, DOUGLAS R., ET AL.

22-1252       LI, DONGMEI V. CONNECTICUT, ET AL.

22-7031       DIEHL, DAVID A. V. UNITED STATES

22-7392       CLARK, MOSES V. PRATT, GLEN E.

22-7642       TORREZ, JULIO A. V. CALIFORNIA

22-7705       KWONG, MATTHEW J. V. CHESWOLD, LLC, ET AL.

22-7782       MORGAN, STEPHANIE V. PRIME WIMBLEDON LLC, ET AL.

22-7786       YIN, LEI V. BIOGEN INC.

23-8          HUNT, CHRISTOPHER M. V. NATIONSTAR MORTGAGE, ET AL.

23-16         RIETSCHIN, AXEL V. RIETSCHIN, DOMINIKA

23-54         SCOTT, ROBERT M. V. FORCHT BANK, N.A.

23-112        McELROY, IAN A. V. CORVALLIS, OR

23-126        BLESSETT, JOE V. ABBOTT, GOV. OF TX, ET AL.

23-159        PEREZ, ANTONIO V. CITY OF MIAMI, CODE ENFORCEMENT

23-190      BONDYOPADHYAY, PROBIR K. V. UNITED STATES

23-268      KEENAN, CAROLYN F. V. RIVER OAKS PROPERTY OWNERS, INC.

23-5013     JURY, BRIAN V. OHIO

23-5037     MARTINEZ, PATRICK L. V. LUMPKIN, DIR., TX DCJ

23-5050     KNIGHT, NICKHOLAS V. BIDEN, PRESIDENT OF U.S., ET AL.

23-5082     RICHTER, WILLIAM V. TRUITT, WARDEN

23-5109     LINDSEY, CARL V. JENKINS, WARDEN

23-5117     IN RE JEFFREY A. SIMMS

23-5142     COUNTS, JOSEPH V. MAINE

23-5215     WRIGHT, AISHA V. UNION PACIFIC R. CO.

23-5333     RAMZIDIN, ABUSSAMAA R. V. ONOFRI, ANGELO J., ET AL.

23-5385     KNOLL, ADAM V. FLORIDA

23-5406     PORTER, KECIA V. USAA CASUALTY INSURANCE CO.

23-5442     JOHNSON, WAYNE J. V. CALIFORNIA

23-5485     POUPART, PAUL M. V. LOUISIANA

23-5680     VILLA, DANIEL V. CIR

        The petitions for rehearing are denied.

22-5518     LUCAS, SANDRA Y. V. KIJAKAZI, COMM'R, SOCIAL SEC.

        The motion for leave to file a petition for rehearing is

denied.

Cite as:  601 U. S. ____ (2023)          1

THOMAS, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## BRIAN TINGLEY *v.* ROBERT W. FERGUSON, ATTORNEY GENERAL OF WASHINGTON, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 22–942.   Decided December 11, 2023

The petition for a writ of certiorari is denied.  JUSTICE KAVANAUGH would grant the petition for a writ of certiorari.

JUSTICE THOMAS, dissenting from the denial of certiorari.

This petition asks us to consider whether Washington can censor counselors who help minors accept their biological sex.  Because this question has divided the Courts of Appeals and strikes at the heart of the First Amendment, I would grant review.

I

There is a fierce public debate over how best to help minors with gender dysphoria.  The petitioner, Brian Tingley, stands on one side of the divide.  He believes that a person's sex is "a gift from God, integral to our very being."  Pet. for Cert. 7.  As a licensed marriage and family counselor, Tingley seeks to assist minors who suffer from gender dysphoria but "want to become comfortable with their biological sex." *Ibid.*  Tingley does so through "talk therapy"—*i.e.*, therapy conducted solely through speech.  The State of Washington is on the other side of the divide.  Its view is that the State should "protec[t] its minors against exposure to serious harms caused by" counseling to change a minor's gender identity, Note, Wash. Rev. Code §18.130.180 (2018), and, as a result, that counselors should only affirm a minor's chosen gender identity.

Washington silenced one side of this debate by enacting S.B. 5722, 65th Leg., Reg. Sess. (2018) (SB 5722).  SB 5722

prohibits licensed healthcare providers from "[p]erforming conversion therapy on a patient under age eighteen." §18.130.180(26). According to Washington, "[c]onversion therapy" is "a regime that seeks to change an individual's sexual orientation or gender identity." §18.130.020(4)(a). Washington excludes from the definition of "[c]onversion therapy" counseling "that provide[s] acceptance, support, and understanding of clients or the facilitation of clients' coping, social support, and identity exploration and development that do[es] not seek to change sexual orientation or gender identity." §18.130.020(4)(b). In other words, helping a minor become comfortable with his biological sex is prohibited "conversion therapy," while encouraging a minor to change his "outward, physical traits" to "alig[n] . . . with [his] gender identity" is not. Dept. of Health and Human Services, Office of Population Affairs, Gender-Affirming Care and Young People 1 (Aug. 2023). Violations of SB 5722 are punishable by fines up to $5,000, "remedial education," suspension from practice, and license revocation. Wash. Rev. Code §18.130.160.

After Washington enacted SB 5722, Tingley filed suit, arguing that SB 5722 violates the First Amendment by restricting his speech based on its viewpoint and content. The Ninth Circuit, however, held that SB 5722 does not regulate speech at all. It reasoned that counseling is a type of medical treatment and qualifies as only professional conduct. 47 F. 4th 1055, 1080 (2022). In the alternative, the Ninth Circuit held that counseling is unprotected by the First Amendment because there is a "tradition of regulation governing the practice of those who provide health care within state borders." *Ibid.* The Ninth Circuit denied rehearing en banc over the statement of Judge O'Scannlain, joined by three others, and Judge Bumatay's dissent. See 57 F. 4th 1072 (2023).

The Ninth Circuit's opinion created a Circuit split. Two years earlier, the Eleventh Circuit concluded that near-

Cite as: 601 U. S. ____ (2023)   3

THOMAS, J., dissenting

identical Florida municipal ordinances *did* regulate speech. *Otto* v. *Boca Raton*, 981 F. 3d 854, 859, 865 (2020). The Eleventh Circuit held the ordinances unconstitutional because they prohibited speech based on content and viewpoint, and could not satisfy strict scrutiny. *Id.*, at 864–870. The Third Circuit has also held that laws restricting talk therapy designed to change a client's sexual orientation regulate speech, not conduct. *King* v. *Governor of New Jersey*, 767 F. 3d 216, 224 (2014), abrogated on other grounds by *National Institute of Family and Life Advocates* v. *Becerra*, 585 U. S. 755 (2018). Tingley asks us to resolve this Circuit split and review whether SB 5722 violates the First Amendment. We should have.

## II

There is little question that SB 5722 regulates speech and therefore implicates the First Amendment. True, counseling is a form of therapy, but it is conducted solely through speech. "If speaking to clients is not speech, the world is truly upside down. [SB 5722] sanction[s] speech directly, not incidentally—the only 'conduct' at issue is speech." *Otto*, 981 F. 3d, at 866; see *King*, 767 F. 3d, at 228 (noting that "it would be strange indeed to conclude" talk therapy is conduct when "the same words, spoken with the same intent" by a student is speech).

It is a "fundamental principle that governments have 'no power to restrict expression because of its message, its ideas, its subject matter, or its content.'" *National Institute of Family and Life Advocates*, 585 U. S., at 766 (quoting *Reed* v. *Town of Gilbert*, 576 U. S. 155, 163 (2015); some internal quotation marks omitted)). A law that restricts speech based on its content or viewpoint is presumptively unconstitutional and may be upheld only if the state can prove that the law is narrowly tailored to serve compelling state interests. *Ibid.*

Under SB 5722, licensed counselors can speak with mi-
nors about gender dysphoria, but only if they convey the
state-approved message of encouraging minors to explore
their gender identities.  Expressing any other message is
forbidden—even if the counselor's clients ask for help to ac-
cept their biological sex.  That is viewpoint-based and con-
tent-based discrimination in its purest form.  As a result,
SB 5722 is presumptively unconstitutional, and the state
must show that it can survive strict scrutiny before enforc-
ing it.

The Ninth Circuit attempted to sidestep this framework
by concluding that counseling is unprotected by the First
Amendment because States have traditionally regulated
the practice of medicine.  See 47 F. 4th, at 1080.  The Court
has already made clear its "reluctan[ce] to 'exemp[t] a cate-
gory of speech from the normal prohibition on content-
based restrictions.'"  *National Institute of Family and Life
Advocates*, 585 U. S., at 767 (quoting *United States* v. *Alva-
rez*, 567 U. S. 709, 722 (2012) (plurality opinion)).  Accord-
ingly, the Court has instructed that states may not "impose
content-based restrictions on speech without 'persuasive
evidence . . . of a long (if heretofore unrecognized) tradition'
to that effect."  585 U. S., at 767 (quoting *Brown* v. *Enter-
tainment Merchants Assn.*, 564 U. S. 786, 792 (2011); some
internal quotation marks omitted).  Despite this instruc-
tion, the Ninth Circuit did not offer a single example of a
historical regulation analogous to SB 5722, which targets
treatments conducted solely through speech.  See 57 F. 4th,
at 1082 (O'Scannlain, J., statement respecting denial of re-
hearing en banc) (explaining the panel's "citations are not
merely insufficient evidence—they are not even relevant
evidence").

This case is not the first instance of the Ninth Circuit re-
stricting medical professionals' First Amendment rights,
and without the Court's review, I doubt it will be the last.
This Court recently reversed the Ninth Circuit's decision to

THOMAS, J., dissenting

uphold a law compelling crisis pregnancy centers to disseminate government-drafted notices. *National Institute of Family and Life Advocates*, 585 U. S., at 765–66. The Ninth Circuit declined to apply strict scrutiny because it concluded that the law regulated only "professional speech." *Id.*, at 767. As we explained, however, "[s]peech is not unprotected merely because it is uttered by 'professionals.'" *Ibid*. And, we warned that "regulating the content of professionals' speech 'pose[s] the inherent risk that the Government seeks not to advance a legitimate regulatory goal, but to suppress unpopular ideas or information.'" *Id.*, at 771 (quoting *Turner Broadcasting System, Inc.* v. *FCC*, 512 U. S. 622, 641 (1994)). That warning has proved prescient.

\*     \*     \*

"If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." *West Virginia Bd. of Ed.* v. *Barnette*, 319 U. S. 624, 642 (1943). Yet, under SB 5722, licensed counselors cannot voice anything other than the state-approved opinion on minors with gender dysphoria without facing punishment. The Ninth Circuit set a troubling precedent by condoning this regime. Although the Court declines to take this particular case, I have no doubt that the issue it presents will come before the Court again. When it does, the Court should do what it should have done here: grant certiorari to consider what the First Amendment requires.

Cite as:  601 U. S. \_\_\_\_ (2023)          1

ALITO, J., dissenting

# SUPREME COURT OF THE UNITED STATES

### BRIAN TINGLEY *v.* ROBERT W. FERGUSON, ATTORNEY GENERAL OF WASHINGTON, ET AL.

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 22–942.  Decided December 11, 2023

JUSTICE ALITO, dissenting from the denial of certiorari.

Like JUSTICE THOMAS, I would grant the petition for a writ of certiorari.  This case presents a question of national importance.  In recent years, 20 States and the District of Columbia have adopted laws prohibiting or restricting the practice of conversion therapy.  It is beyond dispute that these laws restrict speech, and all restrictions on speech merit careful scrutiny.

There is a conflict in the Circuits about the constitutionality of such laws.  Compare, 47 F. 4th 1055 (CA9 2022), with *Otto* v. *Boca Raton*, 981 F. 3d 854 (CA11 2020).  And the Ninth Circuit's holding is based on the highly debatable view that its prior decision in *Pickup* v. *Brown*, 740 F. 3d 1208 (2014), survived at least in part our decision in *National Institute of Family and Life Advocates* v. *Becerra*, 585 U. S. \_\_\_, \_\_\_ (2018) (slip op., at \_\_\_) which singled out *Pickup* for disapproval.

For these reasons, this case easily satisfies our established criteria for granting certiorari, see this Court's Rule 10(a), and I would grant review.

ALITO, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## VIVEK H. MURTHY, SURGEON GENERAL, ET AL. *v.* MISSOURI, ET AL.

### ON MOTION FOR LEAVE TO INTERVENE

No. 23–411.  Decided December 11, 2023

The motion of the Kennedy Plaintiffs for leave to intervene is denied.

JUSTICE ALITO, dissenting from the denial of the motion to intervene.

Although intervention in this Court is reserved for unusual circumstances, see S. Shapiro, K. Geller, T. Bishop, E. Hartnett, D. Himmelfarb, Supreme Court Practice § 6.16(c), p. 6–62 (11th ed. 2019), I would grant the motion now before us.  Allowing intervention would not unduly prejudice the parties, but the denial of intervention may cause irreparable harm to the movant.

This case concerns what two lower courts found to be a "coordinated campaign" by high-level federal officials to suppress the expression of disfavored views on social media platforms that now serve as the primary source of news about important public issues for many Americans.  *Missouri* v. *Biden*, 83 F. 4th 350, 392 (CA5 2023).  One of the alleged victims of this campaign is Robert F. Kennedy, Jr., who is a candidate for President of the United States.  The District Court found that Government officials have asked social media platforms to block Mr. Kennedy's efforts to communicate with the public and that the platforms have complied.  See *Missouri* v. *Biden*, ___ F. Supp. 3d ___, ___, 2023 WL 4335270, *5, *9, *40 (WD La., July 4, 2023).  Mr. Kennedy brought a suit similar to the one now before us, but his case is stuck in the District Court, which will not rule on his motion for a preliminary injunction until we decide this case.  See *Missouri* v. *Biden*, 2023 WL 4721172, *2

(WD La., July 24, 2023). Mr. Kennedy has therefore moved to intervene here to protect his rights.

Because Mr. Kennedy's arguments on the merits are essentially the same as respondents', allowing intervention would not significantly affect petitioners' burden with regard to that issue. But the denial of intervention is likely to prevent Mr. Kennedy from vindicating the rights he claims until the spring of 2024 and perhaps as late as June of that year. And by that time, several months of the Presidential campaign will have passed.

In fact, denying intervention may prevent Mr. Kennedy from obtaining redress for an even longer period. In successfully arguing that we should stay the preliminary injunction entered below, the Government contended strenuously that respondents lack standing. If the Court ultimately agrees with that argument and orders that this case be dismissed, our decision will provide little guidance for deciding Mr. Kennedy's case, and Mr. Kennedy will be required to wait until the District Court separately assesses his claims.

In addition, allowing Mr. Kennedy to intervene would ensure that we can reach the First Amendment issues, notwithstanding the Government's contention that respondents lack standing. Indeed, because Mr. Kennedy has been mentioned explicitly in communications between the Government and social media platforms, he has a strong claim to standing, and the Government has not argued otherwise.

Our democratic form of government is undermined if Government officials prevent a candidate for high office from communicating with voters, and such efforts are especially dangerous when the officials engaging in such conduct are answerable to a rival candidate. I would allow him to intervene to ensure that we can reach the merits of respondents' claims and to prevent the irreparable loss of his First Amendment rights.