Cindy Russo (Pro Se)
cjrz123@gmail.com
22485 Breakwater Way
Santa Clarita, CA  91350
Telephone: 908-797-8066
Lead Plaintiff



FILED
CLERK, U.S. DISTRICT COURT
12/17/23
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CS___ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **URI MARCUS** et al,<br>            Plaintiffs<br><br>v.<br><br>**CENTERS FOR DISEASE CONTROL & PREVENTION**, et al<br>            Defendants. | Case No.: 22-cv-02383-SSS-AS<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Avrohom Gordon, plaintiff
E-Mail -gordon.avrohom@gmail.com
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770


Devorah Gordon, plaintiff
Email: devorahlgordon@gmail.com
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770

Federal Defendants filed a Notice of Supplemental Authority (Doc. 223) seemingly purporting that in general Covid related disputes are completely moot and should all be thrown out. That is not at all what the Supreme Court said.

In Payne v. Biden, the DC Circuit Court decided that the avenue that the Plaintiff/Appellant used to challenge the vaccine requirement was incorrect.

"Thus, in finding that Mr. Payne may proceed through the CSRA's scheme, we necessarily find that should Mr. Payne choose to continue challenging the vaccine mandate, he must do so through the CSRA's scheme. Such is the nature of an "exclusive avenue to judicial review." Elgin, 567 U.S. at 5." Payne v. Biden, 62 F. 4th 598 - Court of Appeals, Dist. of Columbia Circuit 2023.

In Feds for Medical Freedom v. Biden, the 5th Circuit Court of Appeals disagreed with the DC Circuit's decision above, and decided that the Court does have the right to review (Feds for Medical Freedom v. Biden, 63 F. 4th 366 - Court of Appeals, 5th Circuit 2023). This was the reason why they all came before the Supreme Court.

In Doster v. Kendall, Court of Appeals, 6th Circuit 2023, it was very similar. There is very little comparison to our case. The issues were complex issues of injunctions to stop the firing of federal employees and/or the members of the military. In two out of three cases, the Circuit Courts affirmed these injunctions. The questions were complex as to where the jurisdiction was. By the time these

cases reached the Supreme Court, these issues were no longer an issue and they therefore dismissed all the issues, based on United States v. Munsingwear.

In Munsingware the Supreme Court's decision was as follows:

"The case is therefore one where the United States, having slept on its rights, now asks us to do what by orderly procedure it could have done for itself. The case illustrates not the hardship of res judicata, but the need for it in providing terminal points for litigation." United States v. Munsingwear, Inc., 340 U.S. 36 (1950).

These three cases that the Federal Defendants present to the Court are cases where the only issue at hand was resolved when it was relevant, with an injunction, and now, a long time after these vaccine mandates were dropped, the parties still want to debate the legalities of what route should such cases be adjudicated and who has jurisdiction.

The Supreme Court did NOT accept these cases. They technically denied all three writs of certiorari.  If they took the case, they would ask for briefs, and it would take months before they would file a detailed order.  Instead, they sort of reprimanded the lower courts, and asked them to stop addressing legal issues, when the complainants already got their redress, and the issue is no longer live, and no further redress would exist.

In our case here, it is so different. We are also looking for declaratory relief, and then damages. Additionally, mask issues are still very much alive. So many businesses, hospitals, schools, and other establishments are reinitiating their mask mandates. The CDC, the WHO, and HHS have been hinting to repeating mask mandates due to a resurgence of the Covid Pandemic itself, and some other expected diseases on the horizon. It is only a matter of time and it may be back.

**CONCLUSION**

Plaintiffs ask this Court to discard the Federal Defendants' supplemental authority filing, and allow this case to properly move forward in order to redress Plaintiffs' Claims.

Respectfully submitted this 17th day of December, 2023.

*s/Cindy Russo*

Cindy Russo, lead plaintiff
22485 Breakwater Way
Santa Clarita, CA 91350
Telephone: 908-797-8066 Email: cjrz123@gmail.com

*s/Avrohom Gordon*

Avrohom Gordon, plaintiff
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770
E-Mail gordon.avrohom@gmail.com

*s/Devorah Gordon*

Devorah Gordon, plaintiff
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770
Email: devorahlgordon@gmail.com