Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for All Non-Government Defendants

AND ALL THE PARTIES LISTED ON SIGNATURE PAGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, YVONNE MARCUS, AVROHOM GORDON, DEVORAH GORDON & CINDY RUSSO,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, JULIE CARRIGAN, ALASKA AIRLINES, ALLEGIANT AIR, AMERICAN AIRLINES, DELTA AIR LINES, FRONTIER AIRLINES, HAWAIIAN AIRLINES, SOUTHWEST AIRLINES, UNITED AIRLINES, YET-TO-BE-NAMED EMPLOYEES OF THE 8 AIRLINES, STAT-MD, & MEDAIRE,<br><br>          Defendants. | Case No.: 2:22-cv-02383-SSS-AS<br><br>**AIRLINE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## AIRLINE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Alaska Airlines, Inc., Allegiant Airlines, Inc., American Airlines, Inc., Delta Air Lines, Inc., Frontier Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., and United Air Lines, Inc. (the "Airline Defendants"), by counsel, respectfully offer this Submission of Supplemental Authority to apprise the Court of a relevant new court ruling in the case Aaron Abadi v. American Airlines, Inc., et al., Case No. 23-cv-4033 (LJL) (the "Abadi Case").   As with the present case, the Abadi Case involves various claims by a pro se plaintiff who strongly opposed airline implementation of aircraft masking requirements during the COVID-19 pandemic, including the Federal Transportation Mask Mandate ("FTMM") issued in early 2021 and which remained in effect until April 18, 2022.

On March 29, 2024, the U.S. District Court for the Southern District of New York issued a lengthy opinion which granted the motion to dismiss filed by several of the defendants in that case, including some of the Airline Defendants in this litigation (the "Abadi Decision").  A copy of the Abadi Decision is available at 2024 WL 1346437, and is attached as Exhibit 1 hereto.

Several aspects of the Abadi Decision are relevant to questions currently before this Court in connection with the pending Airline Defendants' Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. ECF Nos. 193-1 and 215.  Below is a summary of the relevant rulings in the Abadi Decision:

## 1.    No Allegation of a "State Actor" for Purposes of 42 U.S.C. 1983.

The Airline Defendants contend that Count 11 of the Amended Complaint – for violation of 42 U.S.C. 1983 –  should be dismissed because there is no allegation that the Airline Defendants acted "under color of state law" in connection with the "deprivation of any rights, privileges or immunities."  ECF No. 193-1, at 5-7.  In the Abadi Decision, the court dismissed the plaintiff's claim for

AIRLINE DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY
CASE NO.: 2:22-CV-02383-SSS-AS

violation of Section 1983 based on the failure of the plaintiff to allege facts which would support a finding that the airline defendants' conduct in requiring the plaintiff to wear a mask or otherwise comply with their masking policies was "fairly attributable to the state."   ."   2024 WL 1346437, at *19.   The court explained that the plaintiff failed to allege: (1) "that the state had any involvement in the decision of any of the Moving Defendants to apply their mask policies to him"; (2) "the type of 'pervasive entanglement' necessary to satisfy the joint action or close nexus test" for finding state action; and (3) that "the government must have traditionally and exclusively performed the function," because the plaintiff did "not allege, nor could he, that the operation of airlines in the United States has been traditionally and exclusively reserved to the government." Id. at *19-21.  See also id. at *22 ("In conclusion, the Court finds that Plaintiff has failed to plausibly allege that Moving Defendants are state actors, and thus his 1983 claim fails as a matter of law").

**2.   Dismissal of Counts 12 and 13 (Civil Conspiracy Under 42 U.S.C. 1985(3) and 1986.**

In the present case, the Airline Defendants assert that Plaintiffs' claims for violation of 42 U.S.C. §§ 1985(3) and 1986 should be dismissed for failure to state a claim.  ECF No. 193-1, at 8-9.  In the Abadi Decision, the court dismissed the claims for violation of these two civil rights statutes.  The court held that the plaintiff's claim for violation of Section 1985(3) failed because the plaintiff failed to allege "the existence of a conspiracy . . . or that Defendants engaged in the conspiracy for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities of the laws."  2024 WL 1346437, at *24.  The court added that the complaint failed to contain "well-pleaded allegations to support the conclusion of conspiracy, or an agreement to violate a federal right, or invidious discrimination." Id. *25.  The court stated that "claims of conspiracy containing only conclusory,

AIRLINE DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY
CASE NO.: 2:22-CV-02383-SSS-AS

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss," and that the plaintiff's assertions "lack[ed] any factual foundation," and were "merely conclusory allegations masquerading as factual conclusions." Id. at *25-26 (cleaned up). The court further stated:

> Construing the complaint liberally, as the Court must do for a pro se litigant, the most that Plaintiff is able to plead is that all, or virtually all, of the Airline Defendants applied their Mask Mandate policies to him at approximately the same time. But the Supreme Court has instructed that parallel conduct alone, "without some further factual enhancement," is insufficient to establish a meeting of the minds or to state a claim for conspiracy. Id. at *26.

The court added that "even if Plaintiff sufficiently pleaded the existence of a conspiracy, he has failed to allege that the conspiracy was 'motivated by some . . . invidious discriminatory motive." Id. at *27. The court explained:

> [T]he natural inference from the facts that Plaintiff alleges are that each airline adopted its policies as a reasoned response to government regulations during a deadly global pandemic. The airlines were not motivated by animus to those who for medical reasons could not wear a mask. Id.

The court also ruled that "Because Plaintiff has failed to allege a valid Section 1985 claim, Plaintiff also has failed to allege a claim under Section 1986." Id. at *28.

### 3. **Lack of a Claim for Violation of the Rehabilitation Act**.

The Airline Defendants assert that Plaintiffs' claims for violation of the federal Rehabilitation Act ("RA"), 49 U.S.C. § 794(a), should be dismissed for lack of a private right of action. ECF No. 193-1, at 9-12. In the Abadi Decision, the court ruled that the plaintiff could not pursue a claim for violation of the RA. The court expressly rejected the plaintiff's claim that the airline defendants were subject to the RA because the airlines signed a "Payroll Support Program 3

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

1  Agreement and Extension" in connection with their receipt of CARES Act funds.

2  2024 WL 1346437, at *33.  The court stated:

3          The PSP agreements that the U.S.-based Airline Defendants signed do

4          not give rise to a claim by Plaintiff under Section 504.  The

           agreements do not suggest that funding is being extended to each of

5          the U.S.-based Airline Defendants as whole entities.  Rather, the

6          agreements extend funding for a limited purpose and, at most, obligate

           the airlines to comply with Section 504 in connection with that limited

7          purpose or activity.   They do not and cannot expand the scope of

8          Section 504. . . . The PSP agreements are made in connection with the

           provision of financial assistance for the payment of employees.  To

9          the extent that the federal government extended funding in connection

10         with a program or activity, it may follow then that the airlines are

           obliged to comply with Section 504 with respect to that program or

11         activity.  It does not follow that the airlines are required to comply

12         with Section 504 in connection with all of their activities.  Id.

13  The court further ruled that the "PSP agreements do not clearly manifest an intent

14  to benefit or permit enforcement by any private party, nor does Plaintiff so allege."

15  Id. at *34.

16  **4.      Lack of a Private Right of Action under the Air Carrier Access Act**.

17          In this litigation, the Airline Defendants contend that Counts 23 through 30

18  of the Amended Complaint should be dismissed because, among other things,

19  Plaintiffs lack a private right of action to enforce the federal Air Carrier Access

20  Act ("ACAA"), 49 U.S.C. § 47105.  ECF No. 193-1 at 12-15.  In the Abadi

21  Decision, the court ruled that the plaintiff lacked a private right of action to pursue

22  his claims for violation of the ACAA in federal district court.  The court stated:

23          Plaintiff acknowledges that the Second Circuit has held that there is

24          no private right of action under the ACAA.  But he argues that the

           Court should not follow [this precedent] and should imply a private

25          cause of action because "DOT is not enforcing the ACAA, but rather

26          ignoring everything," and in fact is itself "participating directly in the

27          violations of the laws."

                              *       *       *

28

Plaintiff's discontent with the DOT's enforcement decisions following his complaints to the agency does not mean that this Court must or can create an alternative remedy for him any more than it did for the plaintiff in prior cases. . . . To the extent Plaintiff had a complaint with DOT's administration of the ACAA, his remedy lay with a petition to review to the United States Court of Appeals pursuant to 49 U.S.C. § 46110(a), and not within an independent action under the ACAA in this Court.

2024 WL 1346437, at *31.

### 5.   Plaintiffs' Claims for Violation of the California Unruh Civil Rights Act.

The Airline Defendants seek dismissal of Plaintiffs' claims under the California Unruh Civil Rights Act.  ECF No. 193-1, at 13-17.  In the Abadi Decision, the court stated that this claim was "either preempted by the Airline Deregulation Act ('ADA') or the ACAA, or fail to state a claim for relief, or both."  2024 WL 1346437, at *35.

### 6.   Plaintiffs' Breach of Contract Claims Fail to Allege a Cause of Action.

In this case, the Airline Defendants assert that Plaintiffs' breach of contract claims should be dismissed.  ECF No. 193-1, at 17-19.  In the Abadi Decision, the court stated the breach of contract claims must be dismissed because the plaintiff either did not buy a ticket from an airline defendant, or, even if he did so purchase a ticket, the plaintiff did "not allege any contract terms he had with any airline that required the airline to permit him to fly without wearing a mask."  2024 WL 1346437, at *45.

### 7.   Plaintiffs' Claims for Invasion of Privacy Should be Dismissed.

The Airline Defendants seek dismissal of Plaintiffs' claims for invasion of privacy in Count 24 of the Amended Complaint.  ECF No. 193-1, at 20-23.  In the Abadi Decision, the court stated that the plaintiff's privacy claims arising under state law were preempted by the Airline Deregulation Act, and that the plaintiff's "federal privacy claims fail as a matter of law because Plaintiff cannot establish

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

that any of the Moving Defendants violated the First, Third, Fourth, Fifth, Ninth or Fourteenth Amendments . . . because those amendments apply only to state actors," which the airlines are not.  2024 WL 1346437, at *49-50.  Furthermore, the plaintiff's privacy claims failed because the plaintiff did "not allege that any of the defendants improperly delved into his privacy," especially given that the plaintiff's medical information relating to his request to be exempt from the masking requirements was voluntary and "Courts in each state have found that the plaintiff had no reasonable expectation of privacy where the plaintiff voluntarily disclosed the information at issue."  Id. at *51.

## 8.    <u>Plaintiff's Claims for Deceptive and Misleading Trade Practices and Fraudulent Misrepresentation Fail to State a Claim</u>.

The Airline Defendants contend that Plaintiffs' claims for deceptive and misleading trade practices and fraudulent misrepresentation are preempted by the Airline Deregulation Act.  ECF No. 193-1, at 23-24.  In the Abadi Decision, the court stated that "Whether understood as a fraud claim or a fraudulent concealment claim, the claim" for "fraudulent misrepresentation" "is both preempted and fails on the merits."  2024 WL 1346437, at *52.    The fraud claim was "squarely preempted by the ADA," and the plaintiff failed "to state a claim for relief" because, among other things, there was no allegation that "Defendants made any of the challenged statements knowing it was false or with reckless disregard as to its truth."  Id.  The court added:

> Plaintiff's Complaint is most naturally read to allege that each of the Moving Defendants had a basis for the challenged statements: the findings and orders issued by the federal government.  Plaintiff also never alleges that he relied upon the Defendants' alleged misrepresentations.  In fact, the correspondence with many Airline Defendants appended to his Complaint reveals that he did not rely on the airlines' representations that mask-wearing would protect him from the virus, that COVID-19 was dangerous, or that the airlines were not required by law to accommodate individuals with disabilities

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

who could not wear masks.  Id.

## 9.    Plaintiff's Claim of Violation of a Constitutional Right to Travel Domestically.

In this litigation, the Airline Defendants argue that Plaintiffs did not possess a constitutional right to travel domestically by aircraft.  ECF No. 193-1, at 24-25. In the Abadi Decision, the court rejected the Plaintiff's argument that the airline defendants had violated his constitutional right to travel.  2024 WL 1346437, at *54.  The court first ruled that the plaintiff had no claim because the "right to freedom of travel . . . is primarily a right against the State and against governmental action," and the Plaintiff failed to "allege that any of the Moving Defendants is a state actor or the existence of a private conspiracy intended to deprive him of the right to travel."  Id.  The court went on to add that "Plaintiff's claim would fail even if the Moving Defendants were state actors" because the "mask mandates of each of the Moving Defendants do not actually deter travel from one State to another or within a State.  The mask mandate of each airline did not prevent the plaintiff from traveling on another airline.  Even the mask policies of all the airlines did not prevent the plaintiff from other modes of transport."  Id. *55.  Further, the plaintiff made "no plausible allegation that the Moving Defendants – commercial airlines that profit from the business of transporting passengers – adopted their policies to deter travel.  The 'purpose' of the mask mandates 'was not to impede travel but to protect the welfare' of all the passengers on Moving Defendants' flights."  Id.

/ /

/ /

/ /

/ /

/ /

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone:  (310) 388-4849

Dated: April 12, 2024

Respectfully submitted,

By: _____

Richard A. Lazenby
Michael Cutler
VICTOR RANE
-and-
M. Roy Goldberg
(Admitted *Pro Hac Vice*)
STINSON LLP

*Attorneys for Defendants*
*Alaska Airlines, Inc.,*
*American Airlines, Inc.,*
*Delta Airlines, Inc.,*
*Hawaiian Airlines, Inc.,*
*Southwest Airlines Co., and*
*United Airlines, Inc.*

Brian T. Maye
(Admitted *Pro Hac Vice*)
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: (312) 422-5713

*Attorneys for Defendants*
*Frontier Airlines, Inc.*
*Allegiant Air, LLC*

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

AIRLINE DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY
CASE NO.: 2:22-CV-02383-SSS-AS

-9-