# Exhibit 1

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 24-5037**                                                     **September Term, 2023**

                                                                    **1:22-cv-00800-CRC**

                                             **Filed On:** May 20, 2024

Janviere Carlin, et al.,

       Appellants

    v.

Centers for Disease Control and Prevention
and Department of Health and Human
Services,

       Appellees

    **BEFORE:**    Wilkins, Childs, and Pan, Circuit Judges

**O R D E R**

    Upon consideration of the motion for summary affirmance, the supplement thereto, the opposition to the motion, the Rule 28(j) letter, and the response thereto, it is

    **ORDERED** that the motion for summary affirmance be granted and that the district court's order filed on December 22, 2023 be affirmed as modified to reflect a dismissal without prejudice. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly held that this case is moot because the relevant Covid-19 public health emergency declaration and the challenged mask mandate have ended, and it is therefore impossible to grant appellants effective relief. See Health Freedom Defense Fund v. President of the United States, 71 F.4th 888, 891-92 (11th Cir. 2023) (holding that challenge to the same mandate was moot); Creaghan v. Austin, 2023 WL 8115975 at *1 (D.C. Cir. 2023) (holding that "[a]ppellant's challenge to the Department of the Air Force's Covid-19 vaccination requirement was rendered moot by the Air Force's rescission of that mandate ...").

    Furthermore, there is no reasonable expectation that the mask mandate will be reinstated or that appellants will be subjected to the same mandate in the future. See Health Freedom, 71 F.4th at 892-94. Thus, the case does not satisfy the requirements of the voluntary cessation doctrine or the rule allowing review of otherwise-moot cases

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-5037**                                              **September Term, 2023**

that are capable of repetition yet evade review.  The case is distinguishable from Wall v. TSA, 2023 WL 1830810 (D.C. Cir. 2023) (per curiam), in which the court held that a challenge to certain masking directives fell squarely within the voluntary cessation exception.  Unlike in this case, the public health emergency had not ended when Wall was decided, and the government had "told this court directly that 'there [was] a more-than-speculative chance that TSA [would] invoke the same authorities' to readopt another masking directive in the future." Id. at *2.

Finally, as the parties agree, a dismissal on mootness grounds is not an adjudication on the merits, and a dismissal without prejudice is therefore appropriate. See Flynt v. Weinberger, 762 F.2d 134, 135-36 (D.C. Cir. 1985) (per curiam).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                           **FOR THE COURT:**
                                           Mark J. Langer, Clerk

                        BY:    /s/
                                           Selena R. Gancasz
                                           Deputy Clerk