Cindy Russo (Pro Se)
cjrz123@gmail.com
22485 Breakwater Way
Santa Clarita, CA 91350
Telephone: 908-797-8066
Lead Plaintiff




**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**URI MARCUS** et al,
Plaintiffs

v.

**CENTERS FOR DISEASE CONTROL & PREVENTION**, et al
Defendants.

**Case No.: 22-cv-02383-SSS-AS**

**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY & PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Avrohom Gordon, plaintiff
E-Mail -gordon.avrohom@gmail.com
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770

Devorah Gordon, plaintiff
Email: devorahlgordon@gmail.com
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770

On May 24, 2024, the Federal Defendants submitted a Notice of Supplemental Authority (Doc. 233), presenting a D.C. Circuit Court decision in Carlin v. Centers for Disease Control & Prevention, No. 24-5037, 2024 WL 2280991 (D.C. Cir. May 20, 2024). This decision affirmed the lower court's dismissal of the case on grounds of mootness.

The plaintiffs contend that this case should not serve as a precedent since a Petition for Rehearing En Banc has been filed in that case, and the appeal's outcome remains uncertain. Notably, the D.C. Circuit Court altered the lower court's dismissal from "with prejudice" to "without prejudice." Furthermore, plaintiffs emphasize that rulings from other circuits do not bind this court.

For the court's consideration, plaintiffs attach the Motion for Rehearing En Banc from that case, as Exhibit A. This exhibit provides crucial context and includes a Supplemental Authority from the United States House of Representatives, the U.S. Senate, and the President. On May 16, 2024, these bodies enacted the "FAA Reauthorization Act of 2024," also known as HR3935 Securing Growth and Robust Leadership in American Aviation Act ("HR3935"). A specific provision on page 393 of the 410-page Act states:

> "(b) PROHIBITION ON IMPLEMENTATION.—The Administrator may not implement or enforce any requirement that—…(3) passengers of air carriers

be vaccinated against COVID–19 or wear a mask as a result of a COVID–19 related public health measure."

HR3935[1], a comprehensive reauthorization of the Federal Aviation Administration (FAA), was signed into law following thorough analysis and negotiation by the legislative and executive branches.[2] The explicit prohibition against mask mandates in transportation within this Act underscores their recognition of the possibility of reinstating such mandates, which contradicts the Federal Defendants claims of mootness. Thus, it reinforces this Court's prior conclusion that these claims are NOT MOOT.

Respectfully submitted this 9th day of June, 2024.

s/Cindy Russo
Cindy Russo, lead plaintiff
22485 Breakwater Way
Santa Clarita, CA 91350
Telephone: 908-797-8066
Email: cjrz123@gmail.com

s/Devorah Gordon
Devorah Gordon, plaintiff
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770
Email: devorahlgordon@gmail.com

s/Avrohom Gordon
Avrohom Gordon, plaintiff
2251 State Route 222
New Richmond, OH 45157
Telephone: 513-734-1770
E-Mail gordon.avrohom@gmail.com

---

[1] https://www.congress.gov/118/bills/hr3935/BILLS-118hr3935enr.pdf
[2] https://www.congress.gov/bill/118th-congress/house-bill/3935/all-actions

**EXHIBIT A**

**UNITED STATES COURT OF APPEALS**
**FOR DISTRICT OF COLUMBIA CIRCUIT**

---

| | | |
|---|---|---|
| **JANVIERE CARLIN, ET AL.,** | : | |
| Appelants, | : | |
| **v.** | : | **Case No. 24-5037** |
| | : | |
| **CENTERS FOR DISEASE CONTROL** | : | |
| **AND PREVENTION AND DEPARTMENT** | : | |
| **OF HEALTH AND HUMAN SERVICES,** | : | |
| Appellees. | | |

---

## APPELLANTS' PETITION FOR REHEARING AND/OR EN BANC REVIEW

Plaintiffs/Appellants ("the Pilots"), who are ten pilots appearing pro se, respectfully petition this Court for a rehearing and/or an en banc review. The Pilots contend that the previous decision rendered by this Court was in error and did not serve justice appropriately. This Court's decision stated:

"…there is no reasonable expectation that the mask mandate will be reinstated or that appellants will be subjected to the same mandate in the future… Thus, the case does not satisfy the requirements of the voluntary cessation doctrine or the rule allowing review of otherwise-moot cases that are capable of repetition yet evade review…"

The Pilots appreciate this Court's decision to reverse the lower court's dismissal with prejudice, recognizing it as incorrect. However, the remaining issue of mootness remains unresolved. This Court affirmed the lower court's determination that the case is moot because "there is no reasonable expectation that the mask mandate will be reinstated…" The Pilots request this Court to reconsider that assessment and/or grant an en banc review of this decision.

On May 16, 2024, the United States House of Representatives, the United States Senate, and the President of the United States enacted the "FAA Reauthorization Act of 2024," also known as HR3935 Securing Growth and Robust Leadership in American Aviation Act ("HR3935").[1] This Act includes a specific provision (page 393 of 410) addressing mandates:

[1] https://www.congress.gov/118/bills/hr3935/BILLS-118hr3935enr.pdf

**SEC. 1106. PROHIBITION ON MANDATES.**

(a) PROHIBITION ON MANDATES.—The Administrator may not require any contractor to mandate that employees of such contractor obtain a COVID–19 vaccine or enforce any condition regarding the COVID–19 vaccination status of employees of a contractor.

(b) PROHIBITION ON IMPLEMENTATION.—The Administrator may not implement or enforce any requirement that—

(1) employees of air carriers be vaccinated against COVID–19;

(2) employees of the FAA be vaccinated against COVID–19; or

(3) passengers of air carriers be vaccinated against COVID–19 or <u>wear a mask as a result of a COVID–19 related public health measure</u>.

H. R. 3935—393

**SEC. 1106. PROHIBITION ON MANDATES.**

(a) PROHIBITION ON MANDATES.—The Administrator may not require any contractor to mandate that employees of such contractor obtain a COVID–19 vaccine or enforce any condition regarding the COVID–19 vaccination status of employees of a contractor.
(b) PROHIBITION ON IMPLEMENTATION.—The Administrator may not implement or enforce any requirement that—
(1) employees of air carriers be vaccinated against COVID–19;
(2) employees of the FAA be vaccinated against COVID–19; or
(3) passengers of air carriers be vaccinated against COVID–19 or wear a mask as a result of a COVID–19 related public health measure.

HR3935 represents a comprehensive reauthorization of the Federal Aviation Administration ("FAA") and was signed into law after extensive analysis and negotiation by members of the House, the Senate, and the President (see the activity on the bill[2]). The inclusion of strong language prohibiting mask mandates in transportation underscores the legislative and executive branches' understanding and agreement that the reinstatement of such mandates is a real possibility, contrary to this Court's assessment of mootness.

The Pilots request this Court to reverse the lower court's determination of mootness based on the belief that there is no reasonable expectation of the mask mandate being reinstated. Instead, the Pilots ask this Court to declare the issue of mask mandates for COVID-19 moot, given Congress's explicit prohibition and the President's approval thereof.

Furthermore, the Pilots request that this Court remand the case to the lower court to continue litigation on the CDC's authority to implement any mask or similar mandates related to other diseases or illnesses without the appropriate legislative process by the legislative branch.

[2] https://www.congress.gov/bill/118th-congress/house-bill/3935/all-actions

## CONCLUSION

In light of the recent legislative developments and the clear intent of Congress and the President to prohibit COVID-19 mask mandates, the Pilots respectfully urge this Court to grant a rehearing and/or an en banc review. The Pilots believe that the lower court's determination of mootness was based on an outdated premise that has since been definitively addressed by HR3935. Therefore, the Pilots request that this Court reverse the lower court's mootness determination and remand the case for further proceedings regarding the CDC's authority.

Respectfully submitted this 22nd day of May, 2024.

By:/s/ *Janviere Carlin*
Janviere Carlin, lead plaintiff/Appellant
93 Londonderry Way
Uxbridge, MA 01569
Telephone: 757-274-3406
E-Mail: jshellie@charter.net

By: /s/ *Jeffery Chandler*
Jeffery Chandler, Appellant
8263 Minton Ct.
Millersville, MD 21108
Telephone: 443-370-7428
E-Mail: chan_man7@yahoo.com

By:/s/ *Beth Ellis*
Beth Ellis, Appellant
128 Milk St.
Blackstone, MA 01504
Telephone: 860-912-1284
E-Mail: bricher1@gmail.com

By: /s/ *Cristina Field*
Cristina Field, Appellant
1155 Dewees St.
Sumter, SC 29150
Telephone: 334-669-9452
E-Mail: flying.cristina@gmail.com

*By:/s/ Gregory Ramola*
Gregory Ramola, Appellant
5828 Stafford Springs Trail
Orlando, FL 32829
Telephone: 407-694-2767
E-Mail: noniogtitog@aol.com

*By: /s/ Kurt Schuster*
Kurt Schuster, Appellant
83 White Tail Run
Hopkinton, NH 03229
Telephone: 517-404-8581
E-Mail: schu_fly@comcast.net

*By:/s/ Hal Sims*
Hal Christopher Sims, Appellant
604 Green Meadow St. N.
Colleyville, TX 76034
Telephone: 817-875-4259
E-Mail: hcsims@yahoo.com

*By: /s/ Nathan Town*
Nathan Alexander Town, Appellant
6119 Whimbrelwood Dr.
Lithia, FL 33547
Telephone: 253-389-3217
E-Mail: townn85@gmail.com

*By:/s/ Jean-Michael Trousse*
Jean-Michael Trousse, Appellant
1913 NE 21st St.
Fort Lauderdale, FL 33305
Telephone: 678-778-3777
E-Mail: jmtrousse@gmail.com

*By: /s/ Collier Yarish*
Collier Yarish, Appellant
2185 3rd Pl. SW
Vero Beach, FL 32962
Telephone: 772-480-8348
E-Mail: cryarish@yahoo.com

**CERTIFICATE OF COMPLIANCE**

The foregoing Petition complies with the limit of 3,900 words established by FRAP Rule 40 (b) 1, because it contains 600 words as measured by Microsoft Word.

*By:/s/ Janviere Carlin* May 22, 2024
Janviere Carlin, lead plaintiff/Appellant

**CERTIFICATE OF SERVICE**

I, Janviere Carlin, hereby certify that the foregoing response to the motion was served on the attorneys for all the Appellees listed below through CM/ECF electronic filing on May 22, 2024, to the following:

U.S. Dept. of Justice
Civil Division, Appellate Staff
civil.appellate@usdoj.gov

Brian Springer, Attorney
brian.j.springer@usdoj.gov

Alisa B. Klein, Attorney
alisa.klein@usdoj.gov

*By:/s/* Janviere Carlin May 22, 2024
Janviere Carlin, lead plaintiff/Appellant

# CERTIFICATE OF PARTIES AND AMICI

Pursuant to Circuit Rule 28(a)(1), Plaintiffs-Appellants certify as follows:

The parties that appeared before the district court and that are before this Court are:

**Plaintiffs-Appellants**

Janviere Carlin, lead plaintiff/Appellant
93 Londonderry Way
Uxbridge, MA 01569
Telephone: 757-274-3406
E-Mail: jshellie@charter.net

Jeffery Chandler, Appellant
8263 Minton Ct.
Millersville, MD 21108
Telephone: 443-370-7428
E-Mail: chan_man7@yahoo.com

Beth Ellis, Appellant
128 Milk St.
Blackstone, MA 01504
Telephone: 860-912-1284
E-Mail: bricher1@gmail.com

Cristina Field, Appellant
1155 Dewees St.
Sumter, SC 29150
Telephone: 334-669-9452
E-Mail: flying.cristina@gmail.com

Gregory Ramola, Appellant
5828 Stafford Springs Trail
Orlando, FL 32829
Telephone: 407-694-2767
E-Mail: noniogtitog@aol.com

Kurt Schuster, Appellant
83 White Tail Run
Hopkinton, NH 03229
Telephone: 517-404-8581
E-Mail: schu_fly@comcast.net

Hal Christopher Sims, Appellant
604 Green Meadow St. N.
Colleyville, TX 76034
Telephone: 817-875-4259
E-Mail: hcsims@yahoo.com

Nathan Alexander Town, Appellant
6119 Whimbrelwood Dr.
Lithia, FL 33547
Telephone: 253-389-3217
E-Mail: townn85@gmail.com

Jean-Michael Trousse, Appellant
1913 NE 21st St.
Fort Lauderdale, FL 33305
Telephone: 678-778-3777
E-Mail: jmtrousse@gmail.com

Collier Yarish, Appellant
2185 3rd Pl. SW
Vero Beach, FL 32962
Telephone: 772-480-8348
E-Mail: cryarish@yahoo.com

**Defendants-Appellees**

Centers for Disease Control and Prevention

Department of Health and Human Services

Represented by the following:

U.S. Dept. of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, NW
Washington, DC 20530
civil.appellate@usdoj.gov

Brian Springer, Attorney
brian.j.springer@usdoj.gov

Alisa B. Klein, Attorney
alisa.klein@usdoj.gov

**Amici**

The district court and this circuit court did not grant any motions to intervene by any third parties, nor did it accept any proposed amicus briefs, as far as we are aware.

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 24-5037** **September Term, 2023**

**1:22-cv-00800-CRC**

**Filed On:** May 20, 2024

Janviere Carlin, et al.,

Appellants

v.

Centers for Disease Control and Prevention and Department of Health and Human Services,

Appellees

**BEFORE:** Wilkins, Childs, and Pan, Circuit Judges

**O R D E R**

Upon consideration of the motion for summary affirmance, the supplement thereto, the opposition to the motion, the Rule 28(j) letter, and the response thereto, it is

**ORDERED** that the motion for summary affirmance be granted and that the district court's order filed on December 22, 2023 be affirmed as modified to reflect a dismissal without prejudice. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly held that this case is moot because the relevant Covid-19 public health emergency declaration and the challenged mask mandate have ended, and it is therefore impossible to grant appellants effective relief. See Health Freedom Defense Fund v. President of the United States, 71 F.4th 888, 891-92 (11th Cir. 2023) (holding that challenge to the same mandate was moot); Creaghan v. Austin, 2023 WL 8115975 at *1 (D.C. Cir. 2023) (holding that "[a]ppellant's challenge to the Department of the Air Force's Covid-19 vaccination requirement was rendered moot by the Air Force's rescission of that mandate ...").

Furthermore, there is no reasonable expectation that the mask mandate will be reinstated or that appellants will be subjected to the same mandate in the future. See Health Freedom, 71 F.4th at 892-94. Thus, the case does not satisfy the requirements of the voluntary cessation doctrine or the rule allowing review of otherwise-moot cases

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 24-5037** **September Term, 2023**

that are capable of repetition yet evade review. The case is distinguishable from Wall v. TSA, 2023 WL 1830810 (D.C. Cir. 2023) (per curiam), in which the court held that a challenge to certain masking directives fell squarely within the voluntary cessation exception. Unlike in this case, the public health emergency had not ended when Wall was decided, and the government had "told this court directly that 'there [was] a more-than-speculative chance that TSA [would] invoke the same authorities' to readopt another masking directive in the future." Id. at *2.

Finally, as the parties agree, a dismissal on mootness grounds is not an adjudication on the merits, and a dismissal without prejudice is therefore appropriate. See Flynt v. Weinberger, 762 F.2d 134, 135-36 (D.C. Cir. 1985) (per curiam).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Selena R. Gancasz
Deputy Clerk