# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, et al., | Case No. 2:22-cv-02383-SSS-ASx |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. 198]** |
| v. | |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, et al. | |
| Defendant. | |

Before the Court is Defendant STAT MD's motion to dismiss (the "Motion") the Plaintiffs' first amended complaint (the "FAC") for lack of personal jurisdiction and under Federal Rule of Civil Procedure 12(b)(6). [Dkt. 198]. This matter is fully briefed and ripe for review. [Dkt. 207; 217]. Having read and reviewed the relevant filings, the Court **GRANTS** STAT MD's Motion.

## I. BACKGROUND

Plaintiffs bring this action challenging the enforcement of the Federal Transportation Mask Mandate (the "FTMM") and the International Traveler Testing Requirement (the "ITTR"). [Dkt. 190 at 2]. The Court discusses the relevant background below.

### A. The Covid-19 Pandemic

In December 2019, the novel coronavirus, later named SARS-CoV-2, was detected in Wuhan, Hubei Province, in the People's Republic of China. *See Declaring a Nat'l Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, 85 Fed. Reg. 15,337 (Mar. 13, 2020). The virus causes a respiratory disease known as COVID-19, *id.*, which is highly contagious and poses a risk of "severe" respiratory illness, meaning that infected persons may require hospitalization, intensive care, or the use of a ventilator. CDC, *Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for all Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 86 Fed. Reg. 69,256, 69,259 (Dec. 7, 2021). Severe cases may be fatal. *Id*. Additionally, asymptomatic persons can transmit the virus. 86 Fed. Reg. at 69,258.

On January 31, 2020, the Secretary of HHS declared a public health emergency.[1] On March 11, 2020, the World Health Organization (WHO) classified COVID-19 as a pandemic. 85 Fed. Reg. at 15,337. On March 13, 2020, then-President Trump declared the outbreak a national emergency. *Id*.

### B. The FTMM

On January 21, 2021, in light of experts determining mask-wearing could mitigate the spread of Covid-19 by travelers, President Biden issued an Executive Order directing executive officials to require masks on various forms of transportation and while in transit hubs. Exec. Order No. 13998, *Promoting COVID-19 Safety in Domestic and Int'l Travel*, 86 Fed. Reg. 7205 (Jan. 26,

---

[1] HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://www.phe.gov/emergency/news/healthactions/phe/Pages/2019-nCoV.aspx.

2021). On February 3, 2021, the Center for Disease Control, (the "CDC"), issued the FTMM which requires people to "wear masks over the mouth and nose when traveling on any conveyance e (e.g., airplanes, trains, subways, buses, taxis, ride-shares, ferries, ships, trolleys, and cable cars) into or within the United States" and "at any transportation hub." 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021).

The TSA then issued directives to implement and support enforcement of the FTMM. On February 5, 2021, the Department of Transportation ("DOT") issued a Notice of Enforcement Policy: Accommodation By Carriers of Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on Commercial Aircraft, [Dkt. 1-1 at 14], which provides specific instructions on how airline may implement the FTMM in a manner that complies with DOT requirements. The airlines then began implementing the FTMM accordingly.

### C.  The ITTR

On December 25, 2020, the CDC issued an order generally requiring air travelers seeking to depart the United Kingdom with a final destination in the United States to provide documentation of a negative COVID-19 test result to the airline before departure. *Requirement for Negative Pre-Departure COVID19 Test Result for All Airline Passengers Arriving Into the United States from the United Kingdom (UK)*, 85 Fed. Reg. 86,933 (Dec. 31, 2020). After many changes to this policy, on December 7, 2021, the CDC issued the most recent version of the ITTR which requires passengers two or older traveling to the United States from abroad to take a Covid-19 test one day before their flight and present a negative test result to board. *Id*.

Effective June 12, 2022, CDC rescinded the international traveler testing order. *Rescinding Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other*

*Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 87 FR 36129-01.

### D. STAT MD's Involvement

In brief, Plaintiffs allege STAT MD contracted with various airlines for medical consultation services regarding mask-exemption requests. [Dkt. 190 at 198]. Plaintiffs allege further that such requests were denied. *Id*. at 15. Plaintiffs also state STAT MD conspired with other Defendants to interfere with Plaintiffs' civil rights. *Id*. at 212. The Court will discuss in greater factual detail below.

## II. LEGAL STANDARD

"Where … no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits. […] California's long-arm statute 'is coextensive with federal due process requirements, [so] the jurisdictional analysis under state law and federal due process are the same." *CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1073 (9th Cir. 2011) (citations omitted).

Under FRCP 12(b)(2), defendants may move to dismiss a complaint for lack of personal jurisdiction. "When a defendant moves to dismiss for lack of personal jurisdiction., the plaintiff 'bears the burden of demonstrating that the court may properly exercise jurisdiction over the defendant.'" *PHD Mktg, Inc. v. Vital Pharms*., *Inc*., 20-cv-RSWL-JCx, 2020 WL 13336773, at *2 (C.D. Cal. Oct. 1, 2020) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). Where no formal discovery or evidentiary hearing is conducted, plaintiffs need only make a "prima facie showing" of personal jurisdiction to survive dismissal. *Id*. "The Court may consider evidence presented in affidavits and declarations in determining personal jurisdiction." *Bondit LLC v. Hallows Movie, Inc.*, No. 2:19-cv-09832-SB-RAO, 2020 WL 7775619, at *1 (C.D. Cal. Nov. 23, 2020) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557

F.2d 1280, 1285 (9th Cir. 1977)). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Marin Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Personal jurisdiction may be either "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). General jurisdiction exists only in the state or states in which a defendant can fairly be considered at home, for example, its place of incorporation or principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 239 (2014). For specific jurisdiction to exist, the plaintiff must show the defendant's specific contacts with the forum state gave rise to the suit in question. *See PHD Mktg.*, 2020 WL 13336773, at *2 ("specific jurisdiction … arises when a defendant's specific contacts with the forum give rise to the claim in question); *see also Bristol-Myers Squibb*, 582 U.S. at 262.

To determine if specific jurisdiction exists, courts apply a three-prong test. *Schwarzenegger*, 374. F.3d at 802. The test is as follows:

> (1) "The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id*.

Under this test, plaintiffs bear the burden of establishing the first two prongs. *Id*. If a plaintiff establishes the first two prongs, the burden shifts to defendants to show the exercise of jurisdiction is unreasonable. *Id*.

### III. DISCUSSION[2]

#### A. General Jurisdiction

The Parties agree STAT MD is not subject to general jurisdiction in California. [Dkt. 198 at 3; Dkt. 207 at 19–21 (arguing California's long-arm statute applies to STAT MD)]. As such, the Court only addresses specific jurisdiction.

#### B. Specific Jurisdiction

STAT MD argues the Court lacks specific jurisdiction over it because Plaintiffs "fail to allege any activities by STAT MD directed at or occurring in California." [Dkt. 198 at 12]. In response, Plaintiffs contend specific jurisdiction exists because STAT MD operates significantly in California and, under the *Calder* effects test, STAT MD committed an intentional act expressly aimed at California. [Dkt. 207 at 19–21]. For the reasons stated below, the Court disagrees with Plaintiffs and finds it lacks personal jurisdiction over STAT MD.

To determine if a court has specific jurisdiction over a defendant, a court must find (1) the defendant purposefully directed its activities toward the forum state, or (2) the defendant purposefully availed itself of the benefits of conducting business within the forum state. *Schwarzenegger*, 374 F.3d at 802; *see also Expensify. Inc. v. Swappoint AG*, No. 22-cv-05720-LB, 2023 WL

---

[2] To begin, the Court addresses the timeliness of the Motion. Plaintiffs argue the Motion is untimely because it was filed on November 6, 2023, which is more than 21 days after the filing of the FAC. [Dkt. 207 at 4]. While Plaintiffs did file the FAC on October 10, 2023, the FAC was not served on STAT MD, or posted to the docket, until October 16, 2023. [Dkt. 190]. Given that delay, the Court finds the Motion timely as it was filed on November 6, 2023, which is 21 days after the date of the service and posting of the FAC to the docket. [Dkt. 198].

6323103, at *5 (N.D. Cal. Sept. 28, 2023). "'A purposeful availment analysis is most often used in suits sounding in contract,' while a 'purposeful direction analysis … is most often used in suits sounding in tort.'" *Kellytoy Worldwide, Inc. v. Jay at Play Int'l Hong Kong Ltd.*, No. 19-cv-07831-AB (MRW), 2019 WL 8064196, at *3 (C.D. Cal. Dec. 5, 2019) (quoting *Schwarzenegger*, 374 F.3d at 802). Here, Plaintiffs' claims against STAT MD sound in tort, and, as such, the Court applies the purposeful direction analysis below.

To determine if a defendant purposefully directed its conduct toward a forum state, the Court applies the *Calder* effects test. *See Arkon Resources, Inc. v. Nat'l Prods, Inc.*, No. 17-cv-2968 PSG (PLAx), 2018 WL 1143816, at *3 (C.D. Cal. Jan. 3, 2018). "The test includes three elements: (1) [the] defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm that the defendant knew would likely be suffered in the forum state." *Id*. "Failing to sufficiently plead any one of these three elements is fatal to Plaintiff's attempt to show personal jurisdiction." *Kellytoy Worldwide*, 2019 WL 8064196, at *3 (citations omitted).

### 1. Intentional Act

In the Ninth Circuit, an intentional act is an act done with the "'intent to perform an actual, physical act in the real world.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 806). Here, Plaintiffs' FAC is unclear as to what STAT MD allegedly did that constitutes an intentional act. [Dkt. 1]. In their Opposition, Plaintiffs summarily state "STAT MD committed an intentional act of discrimination[.]" [Dkt. 207 at 21]. However, this statement is conclusory, and thus cannot assist the Court in its analysis. *See NuCal Foods, Inc. v. Quality Egg, LLC.*, 887 F. Supp.2d 977, 988 (E.D. Cal. 2012). Turning to the FAC, Plaintiffs allege STAT MD consulted with certain Airline Defendants, Delta and United, regarding mask exemption requests that were eventually denied. [Dkt. 190 at 3, 15, 71, 198]. The

consultations regarding mask-exemption requests are intentional acts. As such, the first prong is satisfied.

### 2. Express Aiming

"The second prong of our test, … asks whether the defendant's allegedly tortious action was 'expressly aimed at the forum.'" *Picot*, 780 F.3d at 1214. In analyzing the express aiming requirement, courts "must look to the defendant's 'own contacts' with the forum, not to defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1063, 1070 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 288 (2014)). Indeed, a defendant's knowledge that the plaintiff is a forum resident is insufficient alone to establish specific personal jurisdiction in the forum. *See Walden*, 571 U.S. at 284. "'[R]andom, fortuitous, or attenuated contacts[]' are [also] insufficient to create the requisite connection to the forum." *Kellytoy Worldwide*, 2019 WL 8064196, at *4 (citations omitted). Moreover, "[m]ere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 278.

Here, Plaintiffs' Opposition fails to explain how express aiming is established, but, construing Plaintiffs' pleadings liberally, the Court construes Plaintiffs to argue express aiming is established because STAT MD "knew" Plaintiffs' exemption requests came from California. [Dkt. 190 at 198]. This is insufficient to satisfy the express aiming prong. *See Walden*, 571 U.S. at 284 (stating specific jurisdiction can only be established out of the contacts that the "defendant himself" creates with the forum state); *see also Michael v. New Century Fin. Servs.*, No. 13-cv-03892-BLF, 2015 WL 1404939, at *5–6 (N.D. Cal. Mar. 30, 2015).

In this Court's prior order granting STAT MD's motion to dismiss for lack of personal jurisdiction, the Court favorably cited *Andreadakis v. Cntrs. for Disease Control & Prevention*, No. 3:22-cv-52(DJN), 2022 WL 2674194, at *6

-8-

(E.D. Va. July 11, 2022), and specifically referenced Judge Novak's analysis that the complaint was deficient because the plaintiff failed to allege any act occurred in the forum state or that STAT MD knew the requests came from the forum state. Here, despite Plaintiffs now alleging STAT MD knew of the location from which the requests came, Plaintiffs still fail to adequately establish the express aiming prong because such allegations show STAT MD intentionally interacted with the Airline Defendants, rather than with the Plaintiffs directly in California. *See Andreadakis*, 2022 WL 2674194, at *6 (noting the Court lacks personal jurisdiction because the allegations of "wrongdoing stem from the claim that STAT MD only interacted with the airlines"); [Dkt. 190 at 15; 71]; *Axiom Foods*, 874 F.3d at 1070.

Because Plaintiffs fail to establish purposeful direction, Plaintiffs fail to establish the Court possesses specific jurisdiction over STAT MD. *Schwarzenegger*, 374. F.3d at 802. As such, the Court **GRANTS** STAT MD's Motion.

## IV. CONCLUSION

In accordance with the opinion above, the Court lacks personal jurisdiction over STAT MD. As such, the Court **GRANTS** STAT MD's Motion. [Dkt. 198]. Moreover, as this is Plaintiffs' second failed attempt at alleging facts sufficient to establish personal jurisdiction, the Court finds further amendment would be futile. Thus, the Court **DISMISSES** the FAC **WITH PREJUDICE** as to STAT MD.

**IT IS SO ORDERED.**

DATED: June 12, 2024

SUNSHINE S. SYKES
United States District Judge