1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  URI MARCUS, et al.,                    Case No. 2:22-cv-02383-SSS-ASx

12                 Plaintiff,

13                                         **ORDER GRANTING**
                                           **DEFENDANTS' MOTION TO**
14         v.                              **DISMISS [DKT. 199]**

15  CENTERS FOR DISEASE CONTROL
    AND PREVENTION, et al.
16

17                 Defendant.

18        Before the Court is Defendants the Centers for Disease Control and

19  Prevention ("CDC"), the United States Department of Health and Human

20  Services ("HHS"), the Transportation Security Administration ("TSA"); and

21  Julie Carrigan's, in her official capacity as acting Division Director of TSA's

22  National Transportation Vetting Center, (collectively the "Federal Defendants"),

23  motion to dismiss Plaintiffs' first amended complaint (the "FAC").  [Dkt. 199].

24  This matter is fully briefed and ripe for review.  [Dkt. 209; Dkt. 218].  Having

25  read and reviewed the relevant filings, in accordance with the opinion below,

26  the Court **GRANTS** the Federal Defendants' Motion in full.

27
28

## I. BACKGROUND

Plaintiffs bring this action challenging the enforcement of the Federal Transportation Mask Mandate (the "FTMM") and the International Traveler Testing Requirement (the "ITTR"). [Dkt. 190 at 2].

### A. The Covid-19 Pandemic

In December 2019, the novel coronavirus, later named SARS-CoV-2, was detected in Wuhan, Hubei Province, in the People's Republic of China. *See Declaring a Nat'l Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, 85 Fed. Reg. 15,337 (Mar. 13, 2020). The virus causes a respiratory disease known as COVID-19, *id.*, which is highly contagious and poses a risk of "severe" respiratory illness, meaning that infected persons may require hospitalization, intensive care, or the use of a ventilator. CDC, *Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for all Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 86 Fed. Reg. 69,256, 69,259 (Dec. 7, 2021). Severe cases may be fatal. *Id*. Additionally, asymptomatic persons can transmit the virus. 86 Fed. Reg. at 69,258.

On January 31, 2020, the Secretary of HHS declared a public health emergency.[1] On March 11, 2020, the World Health Organization (WHO) classified COVID-19 as a pandemic. 85 Fed. Reg. at 15,337. On March 13, 2020, then-President Trump declared the outbreak a national emergency. *Id*.

---

[1] HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://www.phe.gov/emergency/news/healthactions/phe/Pages/2019-nCoV.aspx.

### B. The FTMM

On January 21, 2021, in light of experts determining mask-wearing could mitigate the spread of Covid-19 by travelers, President Biden issued an Executive Order directing executive officials to require masks on various forms of transportation and while in transit hubs. Exec. Order No. 13998, *Promoting COVID-19 Safety in Domestic and Int'l Travel*, 86 Fed. Reg. 7205 (Jan. 26, 2021). On February 3, 2021, the CDC, issued the FTMM which requires person to "wear masks over the mouth and nose when traveling on any conveyance e (e.g., airplanes, trains, subways, buses, taxis, ride-shares, ferries, ships, trolleys, and cable cars) into or within the United States" and "at any transportation hub." 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021).

The TSA then issued directives to implement and support enforcement of the FTMM. On February 5, 2021, the Department of Transportation ("DOT") issued a Notice of Enforcement Policy: Accommodation By Carriers of Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on Commercial Aircraft, [Dkt. 1-1 at 14], which provides specific instructions on how airlines may implement the FTMM in a manner that complies with DOT requirements. The airlines, including the Airline Defendants, then began implementing the FTMM accordingly.

### C. The ITTR

On December 25, 2020, the CDC issued an order generally requiring air travelers seeking to depart the United Kingdom with a final destination in the United States to provide documentation of a negative COVID-19 test result to the airline before departure. *Requirement for Negative Pre-Departure COVID19 Test Result for All Airline Passengers Arriving Into the United States from the United Kingdom (UK)*, 85 Fed. Reg. 86,933 (Dec. 31, 2020). After many changes to this policy, on December 7, 2021, the CDC issued the most recent version of the ITTR which requires passengers two or older traveling to the

United States from abroad to take a Covid-19 test one day before their flight and present a negative test result to board. *Id*.

Effective June 12, 2022, CDC rescinded the international traveler testing order. *Rescinding Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 87 FR 36129-01.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, a court must accept as true all material factual allegations and draw all reasonable inferences in the non-moving party's favor. *Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005). A court need not accept, however, "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If a complaint fails to state a plausible claim, a court should freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) even if

such a request was not made, unless amendment would be futile. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

Given Plaintiffs here are *pro se,* the Court will "construe the pleadings liberally. . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### III.   DISCUSSION

#### A.   Timeliness

To begin, the Court addresses the timeliness of the Motion. Plaintiffs argue the Motion is untimely because it was filed on November 6, 2023, which is more than 21 days after the filing of the FAC. [Dkt. 209 at 3]. While Plaintiffs did file the FAC on October 10, 2023, the FAC was not served on the Federal Defendants, or posted to the docket, until October 16, 2023. [Dkt. 190]. Given that delay, the Court finds the Motion timely as it was filed on November 6, 2023, which is 21 days after the date of the service and posting of the FAC to the docket.

#### B.   Claims 1–10, and 26: Mootness

The Federal Defendants first argue claims 1–10 and 26 of Plaintiffs' FAC should be dismissed as moot. [Dkt. 199-1 at 14]. The Court agrees.

Under Article III of the Constitution, federal courts may only adjudicate actual cases and controversies. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013); *DeFunis v. Odengaard*, 416 U.S. 312, 316 (1974). Put more simply, "[f]ederal courts do not have jurisdiction to review 'moot questions … or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *In re Heartwise, Inc.*, 648 B.R. 715, 732 (C.D. Cal. 2022) (citing *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)). A claim becomes moot when, because of events that occur after a case is initiated, "a court cannot give any effectual relief in favor of the petitioner[.]" *Mendoza v. Barr*, No. 20-cv-00085-JVS (DFM), 2020 WL 135463420, at *1 (C.D. Cal.

Mar. 11, 2020) (citing *Calderon v. Moore*, 58 U.S. 149, 150 (1996)).  The party asserting mootness bears the "heavy burden" of establishing the challenged conduct cannot be reasonably expected to start up again.  *Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1037 (9th Cir. 2018) (citations omitted).

      Plaintiffs' claims are moot for the following reasons.  First, because Plaintiffs are suing federal agencies and an officer in her official capacity, Plaintiffs are limited to only prospective injunctive relief for claims 1–10 and 26 of the FAC.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (noting "sovereign immunity shields the Federal Government and its agencies from suit").[2]  Second, being so limited, Plaintiffs' claims are moot because both the FTMM and the ITTR are no longer in effect.[3]  As such, the Court cannot grant Plaintiffs prospective relief on their claims.  *See Health Freedom Defense Fund v. President of United States*, 71 F.4th 888, 8891–92 (11th Cir. 2023) (finding near identical claims against the FTMM moot); *see also Wall v. Cntrs. for Disease Control and Prevention*, No. 22-cv-11532, 2023 WL 8667778, at *1 (11th Cir. 2023) (finding a similar challenge to the ITTR moot).  Thus, because

---

[2] The APA waives sovereign immunity for claims "other than [those] for monetary damages[.]"  5 U.S.C. § 702.

[3] The FTMM was set to expire with the January 2020 public health emergency. *See* 86 Fed. Reg. at 8026 ("This Order will remain in effect . . . until the Secretary of Health and Human Services rescinds the determination . . . that a public health emergency exists.").  The public health emergency expired on May 11, 2023.  *See End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, Centers for Disease Control and Prevention (May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html.  As such, the FTMM is no longer in effect.  As for the ITTR, the order was rescinded on June 10, 2023, and has not been reinstated.  CDC, *Rescinding Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country* (June 10, 2022), https://perma.cc/9X2M-KJJM.

-6-

the Court cannot grant Plaintiffs prospective relief on claims 1–10 and 26, and Plaintiffs are limited to such relief, Plaintiffs' claims are moot. As such, the Court **DISMISSES WITH PREJUDICE** claims 1-10 and 26.

Plaintiffs makes a variety of arguments as to why the claims are not moot. None are availing, and the Court will discuss them below.

First, Plaintiffs argue the claims are not moot because the Court can redress Plaintiffs' claims. However, as discussed above, and in accordance with clear precedent from the Eleventh Circuit on this issue, both programs are no longer in effect such that the Court cannot grant Plaintiffs the only form of relief available to them. Second, Plaintiffs assert the claims are not moot because it is likely the Federal Defendants' will try to reinstate mask mandates if Covid-19 deaths increase or if another pandemic begins. [Dkt. 209 at 9]. This argument also misses the mark because such a speculative argument is insufficient to "skirt mootness." *See Brach v. Newsom*, 38 F.4th 6, 14 (9th Cir. 2022) (finding parents' argument that an "unexpected reversal" of public health during the Covid-19 Pandemic could result in a reinstitution of challenged Covid-19 policies insufficient to find the claim not moot).

To the extent that Plaintiffs' Opposition could be read to invoke the voluntary cessation exception to mootness, the Court notes that too is unavailing as the Federal Defendants did not stop enforcing their policies as a result of the present suit. *See Branch*, 38 F.4th at 12.

**C. Claim 14: Violation of the Rehabilitation Act**

The Federal Defendants next argue the Court lacks subject matter jurisdiction over Plaintiffs' Rehabilitation Act (the "RA") claim. The Court agrees.

Here, Plaintiffs' RA claim is moot. Plaintiffs ask this Court to "provide redress … by providing an injunction" against the FTMM and the ITTR. [Dkt. 190 at 134]. However, as discussed at length above, neither the FTMM nor the

ITTR are in effect today. *See* Section III(A). As such, the Court cannot grant Plaintiffs effective relief, and thus Plaintiffs' RA claim is moot. *See Health Freedom*, 71 F.4th at 8891–92; *Shamburger v. Ayes*, 161 F.3d 14, 14 (9th Cir. 1998).[4] Thus, the Court **DISMISSES** this claim **WITH PREJUDICE**.

### D. Claims 11–13: Violation of 42 U.S.C. §§ 1983, 1985(3), and 1986

Federal Defendants argue Plaintiffs' claims under 42 U.S.C. §§ 1983, 1985(3), and 1986 are barred by sovereign immunity. For the reasons stated below, the Court **GRANTS** Defendants' Motion.

The United States and its agencies are protected from suit under the doctrine of sovereign immunity unless immunity has been expressly waived. *G.B. v. United States*, No. 21-cv-8071-GW-ASx, 2022 WL 2903135, at *1 (C.D. Cal. Mar. 29, 2022) (citing *Fed. Deposit Ins. Corp. V. Meyer*, 510 U.S. 471, 475 (1994)). It is well settled that neither Section 1983 nor Section 1985 waive the United States' sovereign immunity. *Gottschalk v. City and Cnty of San Francisco*, 964 F. Supp. 2d 1147, 1162 (N.D. Cal. 2013) (citing *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011)). While the Ninth Circuit has not yet reached the issue of whether Section 1986 waives sovereign immunity, the Court joins other federal courts in California in finding that it does not. *See Mitchell v. United States Dep't of Veterans Affairs*, No. 13-cv-6030-ODW(CW), 2014 WL 12967554, at *3 n.2 (Nov. 18, 2014); *Ardalan v. McHugh*, No. 13-cv-01138-LHK, 2013 WL 6212710, at *13 (N.D. Cal. Nov. 27, 2013).

Here, Plaintiffs' Section 1983, 1985, and 1986 claims are against the CDC, HHS, TSA, and Julie Carrigan, in her official capacity. As noted above,

---

[4] The Court also notes Plaintiffs' RA claim is limited to prospective relief due to sovereign immunity. *Plater v. U.S.*, 359 F. Supp. 3d 930, 937–38 (C.D. Cal. Feb 16, 2018) (citing *Lane v. Pena*, 518 U.S. 187, 197 (1996)).

sovereign immunity protects the United States and its agencies. *G.B.*, 2022 WL 2903135, at *1. As for Defendant Carrigan, the sovereign immunity afforded to the United States' agencies extends to officers of the agencies when the officers are acting in their official capacities. *See Ardalan*, 2013 WL 6212710, at *11 (citing *Gerritsen v. Consulado Gen. De. Mexico*, 989 F.2d 340, 343 (9th Cir. 1993)). Thus, sovereign immunity protects the CDC, HHS, the TSA, and Carrigan in her official capacity from Plaintiffs' claims.

As sovereign immunity bars Plaintiffs' civil rights claims against the Federal Defendants, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' claims. *See Trinidad v. United States*, No. 2:22-cv-229 TWR (BLM), 2022 WL 4872457, at*4 (S.D. Cal. Oct. 3, 2022).

### E. Claim 23: Practicing Medicine Without a License

Plaintiffs also bring a claim for practicing medicine without a license. The Court **DISMISSES** this claim **WITH PREJUDICE** because creating and administering public health guidance is not practicing medicine within the meaning of Cal. Bus. Profession Code § 2052(a-c). *See Wall v. S.w. Airlines*, No. 6:21-cv-1008-PGB-DCI, 2021 8201967, at *3 (M.D. Fla. Dec. 8, 2021).

### F. Claim and 26: Infringement of the Right to Travel

The Federal Defendants also move to dismiss Plaintiffs' twenty-sixth claim. [Dkt. 199-1 at 13]. As this Court already held, individuals do not possess a constitutional right to travel by plane even if it is the most convenient means of travel. *See Gilmore v. Gonzales*, 435 F.3d 1125, 1137 (9th Cir. 2006). Moreover, Plaintiffs have not been deprived of their right to travel because they may travel by means other than airplane. *See Andreadakis*, 2022 WL 2674194, at *13. Accordingly, claim 26 is **DISMISSED**. As amendment cannot save this claim, the Court **DISMISSES WITH PREJUDICE** this claim.

### IV. CONCLUSION

In accordance with the opinion above, the Court rules as follows:

- claims 1-10, and 26 are **DISMISSES WITH PREJUDICE** as moot;
- claims 11-13 are **DISMISSED WITH PREJUDICE**;
- claim 14 is **DISMISSED WITH PREJUDICE**;
- claim 23 is **DISMISSED WITH PREJUDICE.**

In light of the above, the Court hereby **DIRECTS** the Federal Defendants to submit a proposed order of judgment within five days of the date of this order.

**IT IS SO ORDERED.**

DATED: June 12, 2024

SUNSHINE S. SYKES
United States District Judge