UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI MARCUS, et al.,<br><br>                   Plaintiff,<br><br>    v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, et al.<br><br>                   Defendant. | Case No. 2:22-cv-02383-SSS-ASx<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. 193; DKT. 194]** |

    Before the Court is Defendants Alaska Airlines, Inc., American Airlines, Inc., Delta Airlines, Inc., Hawaiian Airlines, Inc., Southwest Airlines Co., United Airlines, Inc., Frontier Airlines, Inc., and Allegiant Air, LLC's (the "Airline Defendants") motion to dismiss (the "Motion") the Plaintiffs' first amended complaint (the "FAC"). [Dkt. 193;194]. This matter is fully briefed and ripe for review. [Dkt. 203; 205]. Having read and reviewed the relevant filings, the Court **GRANTS** the Airline Defendants' Motion in full.

**I.    BACKGROUND**

    Plaintiffs bring this action challenging the enforcement of the Federal Transportation Mask Mandate (the "FTMM") and the International Traveler

Testing Requirement (the "ITTR"). [Dkt. 190 at 2]. The Court will discuss the relevant background below.

### A. The Covid-19 Pandemic

In December 2019, the novel coronavirus, later named SARS-CoV-2, was detected in Wuhan, Hubei Province, in the People's Republic of China. *See Declaring a Nat'l Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, 85 Fed. Reg. 15,337 (Mar. 13, 2020). The virus causes a respiratory disease known as COVID-19, *id.*, which is highly contagious and poses a risk of "severe" respiratory illness, meaning that infected persons may require hospitalization, intensive care, or the use of a ventilator. CDC, *Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for all Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 86 Fed. Reg. 69,256, 69,259 (Dec. 7, 2021). Severe cases may be fatal. *Id*. Additionally, asymptomatic persons can transmit the virus. 86 Fed. Reg. at 69,258.

On January 31, 2020, the Secretary of the Department of Health and Human Services declared a public health emergency.[1] On March 11, 2020, the World Health Organization (WHO) classified COVID-19 as a pandemic. 85 Fed. Reg. at 15,337. On March 13, 2020, then-President Trump declared the outbreak a national emergency. *Id*.

### B. The FTMM

On January 21, 2021, in light of experts determining mask-wearing could mitigate the spread of Covid-19 by travelers, President Biden issued an

---

[1] HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://www.phe.gov/emergency/news/healthactions/phe/Pages/2019-nCoV.aspx.

Executive Order directing executive officials to require masks on various forms of transportation and while in transit hubs. Exec. Order No. 13998, *Promoting COVID-19 Safety in Domestic and Int'l Travel*, 86 Fed. Reg. 7205 (Jan. 26, 2021). On February 3, 2021, the Center for Disease Control, (the "CDC"), issued the FTMM which requires people to "wear masks over the mouth and nose when traveling on any conveyance e (e.g., airplanes, trains, subways, buses, taxis, ride-shares, ferries, ships, trolleys, and cable cars) into or within the United States" and "at any transportation hub." 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021).

The TSA then issued directives, applicable to the Airline Defendants, to implement and support enforcement of the FTMM. On February 5, 2021, the Department of Transportation ("DOT") issued a Notice of Enforcement Policy: Accommodation By Carriers of Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on Commercial Aircraft, [Dkt. 1-1 at 14], which provides specific instructions on how airlines may implement the FTMM in a manner that complies with DOT requirements. The airlines, including the Airline Defendants, then began implementing the FTMM accordingly.

### C.     The ITTR

On December 25, 2020, the CDC issued an order generally requiring air travelers seeking to depart the United Kingdom with a final destination in the United States to provide documentation of a negative COVID-19 test result to the airline before departure. *Requirement for Negative Pre-Departure COVID19 Test Result for All Airline Passengers Arriving Into the United States from the United Kingdom (UK)*, 85 Fed. Reg. 86,933 (Dec. 31, 2020). After many changes to this policy, on December 7, 2021, the CDC issued the most recent version of the ITTR which requires passengers two or older traveling to the United States from abroad to take a Covid-19 test one day before their flight and present a negative test result to board. *Id*.

Effective June 12, 2022, CDC rescinded the international traveler testing order. *Rescinding Requirement for Negative Pre-Departure COVID-19 Test Result or Documentation of Recovery From COVID-19 for All Airline or Other Aircraft Passengers Arriving Into the United States From Any Foreign Country*, 87 FR 36129-01.

### D. Plaintiffs' Claims Against the Airline Defendants

In brief, Plaintiffs allege the Airline Defendants illegally discriminated against them on the basis of their medical conditions, which cause their inability to wear masks, by denying them the ability to fly without wearing a mask and forcing them to wear masks against their will. [Dkt. 190 at 9]. As Plaintiffs' FAC is quite long and difficult to follow at times, the Court outlines Plaintiffs' claims against the Airline Defendants below:

- Claim 11: Violation of 42 U.S.C. § 1983;
- Claim 12: Violation of 42 U.S.C. §1985(3);
- Claim 13: Violation of 42 U.S.C. § 1986;
- Claims 14, 16, 17, 18, 19, 29, and 30: Violations of the Rehabilitation Act (the "RA"):
- Claims 15, 16, 17, 18, 19, 29, and 30: Violations of the Air Carrier Access Act (the "ACAA");
- Claim 20: Violation of the Unruh Civil Rights Act
- Claim 21: Breach of Contract;
- Claim 22: Reckless and Despicable Conduct;
- Claim 23: Practicing Medicine without a License:
- Claim 24: Invasion of Privacy;
- Claim 25: Fraudulent Misrepresentation;
- Claim 26: Infringement on the Constitutional Right to Travel. [Dkt. 1].

The Court will discuss each in turn.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, a court must accept as true all material factual allegations and draw all reasonable inferences in the non-moving party's favor. *Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005). A court need not accept, however, "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If a complaint fails to state a plausible claim, a court should freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) even if such a request was not made, unless amendment would be futile. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

Given Plaintiffs here are *pro se,* the Court will "construe the pleadings liberally. . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## III. DISCUSSION

### A. Claim Eleven: Violation of 42 U.S.C. § 1983 ("Section 1983")

The Airline Defendants argue Plaintiffs' Section 1983 claim fails because Plaintiffs challenge private entities' enforcement of federal, rather than state law. [Dkt. 194 at 13]. For the reasons set forth below, the Court agrees.

To bring a Section 1983 claim, a plaintiff must allege facts sufficient to establish two elements: (1) "that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *McCartney v. Richardson*, No. 09-cv-0548 MMC (PR), 2009 WL 921632, at *1 (N.D. Cal. Apr. 3, 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). While Section 1983 seems all encompassing, there are limitations to its breadth. For example, claims under Section 1983 are limited to claims arising out of persons acting under the color of state, not federal law. *See Lockett v. San Bernardino Cnty Jail*, No. 07-cv-1589-DSF (AGRx), 2008 WL 1944228, at *2–3) (C.D. Cal. Apr. 30, 2008). (citing *Kreines v. United States*, 959 F.2d 843, 837 (9th Cir. 1992) (stating "[a] Bivens suit differs from a Section 1983 suit only in that a federal, rather than a state defendant is sued.")); *see also Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257–58 (9th Cir. 2008).

Here, Plaintiffs' Section 1983 claim fails because Defendants acted under the color of federal, rather than state law. While not a model of clarity, Plaintiffs' FAC alleges the Airline Defendants violated Section 1983 by enforcing the FTMM on flights. [Dkt. 190 at 116–117 (citing 49 U.S.C.A. § 46504)].[2] However, because the FTMM and 29 U.S.C. § 46504 are federal

---

[2] While private parties are generally presumed to not act under the color of state law, Plaintiffs correctly assert "joint action" of private parties and state actors is sufficient to cause private parties to incur Section 1983 liability. *See Rabieh v. Paragon Sys.*, 316 F. Supp. 3d 1103, 1119 (N.D. Cal. June 11, 2018).

regulations, any conduct the Airline Defendants took in accordance with those regulations was done under the color of federal, rather than state law.[3]

Thus, because as currently plead the Airline Defendants acted under the color of federal rather than state law, Plaintiffs' Section 1983 claim fails as a matter of law. *See Jacobson v. Tahoe Reg'l Plan. Agency*, 566 F.3d 1253, 1364 (9th Cir. 1977). *Rev'd in part on other grounds sub nom. Lake County Estates, Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391, (1979); *see also Ibrahim*, 538 F.3d at 1257–58 (finding plaintiff's Section 1983 claim fails because none of the defendants acted under the color of state law); *Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1224 (N.D. Cal. 2001).

Because the Court cannot say amendment is futile as to this claim, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Section 1983 claim.

### B. Claim 12: Violation of 42 U.S.C. § 1985(3) ("Section 1985(3)")

The Airline Defendants next argue the Court should dismiss Plaintiffs' Section 1985(3) claim. The Court agrees.

To state a claim under Section 1985(3), a "plaintiff must show '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) an act in furtherance of the conspiracy; whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Yousefi v. Delta Electric Motors, Inc.*, No. 13-cv-1632RSL, 2014 WL 4384068, at *1 (C.D. Cal. Sept. 4, 2014) (citation omitted). However, Section 1985(3) does not create its own independent cause of action. *See e.g.*, *Barlow v. Town of Colorado City*, No. 23-cv-08506-PCT-SMB, 2024 WL 1639142, at *7 (Apr. 16, 2024, D. Ariz. 2024) (citing *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442

---

[3] The Court also notes the FAC fails to implicate any state actors.

U.S. 366, 372 (1979)); *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2016 WL 1639372, at *15–16 (N.D. Cal. Apr. 26, 2016)). Rather, to plead a Section 1985(3) claim, a plaintiff must first successfully plead a violation of a substantive civil rights statute. *Id*.

Here, as discussed above, Plaintiffs' Section 1983 claim fails. As such, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Section 1985(3) claim. *Id*.; *see also California Republican Party v. Mercier*, 652 F. Supp. 928, 935 (C.D. Cal. 1986).

### C. Claim 14: Violation of 42 U.S.C. § 1986

Plaintiffs also allege the Airline Defendants violated 42 U.S.C. 1986 ("Section 1986"). This claim fails as well.

Under Section 1986, a person is liable if they know of an impending Section 1985 violation, but they neglect or refuse to prevent the violation. *White v. Davenport*, No: 23-cv-02300-HDV-MAA, 2024 WL 1329780, at *11 (C.D. Cal. Mar. 26, 2024) (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)). Importantly, a Section 1986 claim can only be stated if a complaint states a valid Section 1985 claim. *Id*. Here, as discussed above, Plaintiffs' Section 1985 claim fails, and thus so does their Section 1986 claim. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** this claim.

### D. Claims 14, 16, 17, 18, 19, 29, and 30: RA Claims

Defendants argue Plaintiffs' RA claims fail because Defendants are not subject to the RA. [Dkt. 193-1 at 19–20]. In response, Plaintiffs advance two arguments as to why the Airline Defendants are subject to the RA: (1) the Airline Defendants received Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") funding, and (2) the airlines signed an agreement allegedly stating the airlines shall comply with Section 504 of the RA. [Dkt. 190 at 133–134]. For the reasons stated below, both arguments fail.

The RA prohibits discrimination against disabled individuals with respect to any program or activity that received federal financial assistance. 29 U.S.C. § 794(a). However, the RA generally does not apply to commercial airlines that did not receive federal aid within the meaning of the statute. *U.S. Dep't of Transp. V. Paralyzed Veterans of Am.*, 477 U.S. 597, 606 (1986). An entity is subject to the RA if the federal government gave the entity funds with the intent that the funds be a "subsidy." *Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1335 (11th Cir. 2005) (citations omitted). An entity is not subject to the RA merely because it received compensation from the federal government. *Id.*

Here, as this Court already held, the CARES Act funding was meant to compensate airlines for their economic losses, rather than to subsize the airlines within the meaning of the RA. [Dkt. 177 at 18 (citing *Andreadakis v. Ctr for Disease Control & Prevention*, No. 3:22-cv-52 (DJN), 2022 WL 2674194, at *10 (E.D. Va. July 11, 2022); *Shotz*, 420 F.3d at 1337 (11th Cir. 2005))]. As such, the CARES Act funding is not a subsidy within the meaning of the RA, and thus the receipt of the funding does not subject the Airline Defendants to the RA.

As to Plaintiffs' alternative argument regarding the PSP3 Agreement[4] (the "Agreement"), that argument fails as well. The Agreement states in relevant part:

> "The Recipient shall comply with, and hereby assures that it will comply with, all applicable Federal statutes and regulations relating to nondiscrimination including [… the Rehabilitation Act.]"[5]

While Plaintiffs contend the above language subjects the Airline Defendants to the RA, Plaintiffs' reading of the Agreement is incorrect. [Dkt.

---

[4] The PSP3 Agreement is the agreement by which airlines received CARES Act funding.
[5] Form-of-PSP-Agreement.pdf (treasury.gov)

-9-

190 at 133–134]. By its very terms, the Agreement does not render a recipient of the funds subject to the RA. Rather, the Agreement provides that a recipient of the funds is subject to only the "*applicable* Federal statutes[.]" *Id*. (emphasis added). As such, rather than imposing RA liability, the Agreement's text merely affirms that a recipient will abide by those federal nondiscrimination laws that it would otherwise already be subjected to.

As discussed above, because the RA is not applicable to the Airline Defendants, the Court **DISMISSES** Plaintiffs' RA Claims. As this is Plaintiffs' second time alleging these claims, and the claims are still deficient, the Court finds amendment would be futile. Therefore, the Court **DENIES WITH PREJUDICE** Plaintiffs' RA claims against the Airline Defendants.

**E.   Claims 14, 15, 16, 17, 18, 19, 29, and 30: Air Carriers Access Act ("ACAA")**

The Airline Defendants next move to dismiss Plaintiffs' ACAA claims. [Dkt. 194 at 12]. As this Court previously noted, there is no private right of action under the ACAA. *See Segalman v. Sw. Airlines, Co.*, 895 F.3d 1219, 122 (9th Cir. 2018). Because there is no private right of action, Plaintiffs cannot maintain claims under the ACAA. Thus, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' ACAA claims.

**F.   Claim 20: The Unruh Civil Rights Act ("Unruh Claim")**

The Airline Defendants next argue Plaintiffs' Unruh Claim fails because the ACAA preempts Plaintiffs' Unruh Claim. [Dkt. 193 at 24–25]. As discussed below, Plaintiffs' Unruh Claim is preempted by the ACAA.

"Federal law impliedly preempts state law when the state law 'regulates conduct in a field that Congress intended the Government to occupy exclusively.'" *Azocar v. Delta Air Lines, Inc.*, 562 F. Supp. 3d 788, 792 (C.D. Cal. 2021) (citation omitted). "Field preemption occurs 'where the scheme of federal regulation is so pervasive as to make reasonable the inference that

Congress left no room for the States to supplement it.'" *Hendricks v. StarKist, Co.*, 30 F. Supp. 3d 917, 926–26 (N.D. Cal. 2014) (quoting *Valentine v. NebuAd, Inc.*, 804 F. Supp. 2d 1022 (N.D. Cal. 2011)). "Courts should 'more readily' infer preemption 'in the field of aviation' than in other fields because aviation 'is an area of law where the federal interest is dominant.'" *Azocar*, 562 F. Supp. 3d at 792.

Here, the Unruh Act prohibits business establishments in California from discriminating against individuals with disabilities. Cal. Civ. Code § 51.1(a). In turn, "[t]he ACAA comprehensively addresses not only discrimination in the form of access to services and information, but also with respect to assisting disabled passengers in boarding, deplaning, and connecting to subsequent flights." *Lagomarsino v. Delta Airlines, Inc.*, No. CV193131, 2020 WL 1955314, at *3 (C.D. Cal. Feb. 7, 2020). Given the pervasive nature of the ACAA in the field of disability discrimination in air travel, the Court finds the ACAA preempts Plaintiffs' Unruh Claim.[6] *See Azocar*, 562 F. Supp. 3d at 794; *Lagomarsino*, 2020 WL 1955314, at *3. As no amendment can alter the deficiency regarding preemption, the Court **DISMISSES** the claim **WITH PREJUDICE**.

### G. Claim 21: Breach of Contract

The Airline Defendants argue Plaintiffs' breach of contract claim fails for two reasons: (1) Plaintiffs fail to identify a specific contractual undertaking that

---

[6] Plaintiffs' arguments to the contrary are unavailing. [Dkt. 203 at 12–13]. Plaintiffs argue "preemption only applies when there is a conflict" between the federal law or regulation and a state law. *Id*. This is an incorrect statement of law because preemption can occur in three ways: (1) expressly, (2) impliedly by conflict, and (3) impliedly by occupying the field. *Azocar*, 562 F. Supp.2d at 792 (citing *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 996, 1003 (9th Cir. 2013)). The above analysis is an example of field preemption.

was breached, and (2) the claim is preempted by the Airline Deregulation Act (the "ADA"). [Dkt. 193-1 at 27–28]. The Court agrees with the latter.

As this Court already held, Plaintiffs' breach of contract is preempted by the ADA. [Dkt. 177 at 21]. The ADA allows air carriers to "refuse to transport a passenger . . . the carrier decides is, or might be, inimical to safety." 49 U.S.C.A. § 44902(a)(2) (West). Additionally, the ADA contains a preemption clause that states as follows:

> "Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1).

The Supreme Court recognized an exception to the ADA for contract claims "alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 220 (1995). The *Wolens* exception is confined to "breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Id*. at 233.

Plaintiffs claim Defendants breached their relevant contracts by, among other things, forcing them to wear masks or not fly with the Defendants. [Dkt. 190 at 154; Dkt. 155]. However, an airline's refusal to transport a passenger based on safety concerns and the implementation of federal executive orders regarding such concerns are preempted by the ADA. *See* 49 U.S.C.A. §§ 41713(b)(1), 44902(a)(2) (West). The *Wolens* exception does not apply because the decision to implement the FTMM—a federally-imposed obligation— "cannot be adjudicated without resort to outside sources of law." *Smith v. Comair*, Inc., 134 F.3d 254, 257 (4th Cir. 1998) ("Because a court adjudicating

1  Smith's contract claim could not confine itself to the terms of the parties'
2  bargain, *Wolens* is not controlling."). Plaintiffs' breach of contract claim is thus
3  preempted and **DISMISSED WITH PREJUDICE**. *See Reinbold v. Alaska*
4  *Airlines*, No. 3:23;0cv000087-JMK, 2024 WL 553552, at *12-13 (D. Alaska
5  Feb. 12, 2024); *Andreadakis*, 2022 WL 2674194, at *11–12.

        H.     **Claim 22: Reckless and Despicable Conduct**

The Airline Defendants next move to dismiss Plaintiffs' claim under Cal. Civ. Code. § 3294. [Dkt. 190 at 164]. For the reasons stated below, the Court **DISMISSES** the Claim.

Cal. Civ. Code § 3294(a) allows a plaintiff to recover punitive damages for a breach of an obligation not arising from a contract if the defendant is guilty of oppression, fraud, or malice. *Cisneros v. Freedom Mortg. Corp.*, No. 23-cv-1019 JGB (KKx), 2024 WL 1600633, at *7 (Feb. 21, 2024). However, a claim for punitive damages under Cal. Civ. Code § 3294(a) cannot be brought alone. *Id*. Rather, it must be attached to an underlying tort. *Id*. Because the Court dismisses all of Plaintiffs' causes of actions, and Plaintiffs' punitive damage claim cannot stand alone, the Court **DISMISSES** the claim **WITHOUT PREJUDICE**.

        I.     **Claim 23: Practicing Medicine Without a License**

The Airline Defendants next move to dismiss Plaintiffs' claim for practicing medicine without a license. [Dkt. 194 at 17]. Defendants argue dismissal is proper because they were "merely implementing the FTMM." *Id*. In their Opposition, Plaintiffs fail to oppose Defendants' argument and state their claim "is argued thoroughly in the Amended Complaint." [Dkt. 203 at 115]. However, the FAC is devoid of any discussion of Defendant's argument. [Dkt. 177 at 167–173]. As such, Plaintiffs fail to oppose Defendants' Motion as to this claim, and the Court **GRANTS** the Motion **WITH PREJUDICE**. *See Sohmer v. Internal Revenue Serv.*, No. 18-01172-AB (RAO), 2018 WL

6133724, at *5–6 (C.D. Cal. Oct. 5, 2019) (citing *Hakakha v. Citimortgage, Inc.*, No. 15-cv-1320 JGB (SPx), 2015 WL 4873561, at *8 (C.D. Cal. Aug. 13, 2015)).[7]

### J. Claim 24: Invasion of Privacy

Plaintiffs bring their invasion of privacy claim under the California Constitution and California's Consumer Privacy Act. [Dkt. 190 at 178–180]. For the reasons set forth in the order granting Defendants' first motion to dismiss, the Court finds the ADA preempts this claim. [Dkt. 177 at 22]. As preemption cannot be remedied via subsequent amendment, the Court **DENIES WITH PREJUDICE** this claim.

### K. Claims 25 & 26: Fraudulent Misrepresentation and Infringement on Constitutional Right to Travel

The Airline Defendants make a series of arguments as to why claims 25 and 26 fail. [Dkt. 194 at 27–28]. As was the case with Plaintiffs' practicing medicine without a license claim, Plaintiffs fail to substantively oppose Defendants' arguments. [Dkt. 203]. As such, the Court **GRANTS** Defendants' Motion as to this claim **WITH PREJUDICE**.

### L. Mootness

The Airline Defendants also argue Plaintiffs' claims are moot. [Dkt. 194-2 at 29]. Plaintiffs' arguments in response boil down to Plaintiffs' assertion that the challenged regulation could be reinstated if Covid-19 deaths increase or if another pandemic occurs. [Dkt. 203 at 15–16]. For the reasons stated below,

---

[7] To the extent Plaintiffs can be understood to argue the Airline Defendants practiced medicine by enforcing the FTMM, this argument is also unavailing. *Sekleci v. Cntr. for Disease Control & Prevention*, 635 F. Supp. 3d 15, 27 (D. Mass. 2022) ("[b]y enforcing the FTMM and requiring passengers to wear a mask, the Airline Defendants were not practicing medicine").

1 the Court finds the Airline Defendants' fail to establish Plaintiffs' claims are
2 moot.
3    Under Article III of the Constitution, federal courts may only adjudicate
4 actual cases and controversies. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90
5 (2013); *DeFunis v. Odengaard*, 416 U.S. 312, 316 (1974). Put more simply,
6 "[f]ederal courts do not have jurisdiction to review 'moot questions … or to
7 declare principles or rules of law which cannot affect the matter in issue in the
8 case before it.'" *In re Heartwise, Inc.*, 648 B.R. 715, 732 (C.D. Cal. 2022)
9 (citing *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)). A
10 claim becomes moot when, because of events that occur after a case is initiated,
11 "a court cannot give any effectual relief in favor of the petitioner[.]" *Mendoza*
12 *v. Barr*, No. 20-cv-00085-JVS (DFM), 2020 WL 135463420, at *1 (C.D. Cal.
13 Mar. 11, 2020) (citing *Calderon v. Moore*, 58 U.S. 149, 150 (1996)). The party
14 asserting mootness bears the "heavy burden" of establishing the challenged
15 conduct cannot be reasonably expected to start up again. *Fikre v. Fed. Bureau*
16 *of Investigation*, 904 F.3d 1033, 1037 (9th Cir. 2018) (citations omitted).
17    Here, the Airline Defendants fail to meet their burden in establishing
18 Plaintiffs' claims are moot. In the Motion, the Airline Defendants provide the
19 Court long quotations from the Eleventh Circuit's decision in *Health Freedom*
20 *Defends Fund, Inc. v. Biden*, 71 F.4th 888 (11th Cir. 2023). While this is a
21 useful decision, the Motion is devoid of any argument as to what specific claims
22 are moot and why that is so. Indeed, the Motion does not have an "analysis"
23 section if one were to follow the IRAC model of legal writing. [Dkt. 194-2].[8]

---

[8] The Airline Defendants' Reply suffers from a similar deficiency in that it fails to identify which claims are moot and what mooted them. [Dkt. 215].

Thus, because the Airline Defendants failed to sufficiently argue mootness, the Court declines to find Plaintiffs' claims moot at this time.

## IV. CONCLUSION

In accordance with the opinion above, the Court rules as follows:

- Plaintiffs' Section 1983 claim is **DISMISSED WITH LEAVE TO AMEND**;
- Plaintiffs' Section 1985(3) claim is **DISMISSED WITH LEAVE TO AMEND**;
- Plaintiffs' Section 1986 claim is **DISMISSED WITH LEAVE TO AMEND**;
- Plaintiffs' Rehabilitation Act claims, claims 14, 16, 17, 18, 19, 29, and 30, are **DISMISSED WITH PREJUDICE**;
- Plaintiffs' Air Carriers Access Act claims, claims 14, 15, 16, 17, 18, 19, 29, and 30, are **DISMISSED WITH PREJUDICE;**
- Plaintiffs' Unruh Act claim is **DISMISSED WITH PREJUDICE;**
- Plaintiffs' Breach of Contract Claim is **DISMISSED WITH PREJUDICE**
- Plaintiffs' claim for punitive damages is **DISMISSED WITH LEAVE TO AMEND**;
- Plaintiffs' Reckless and Despicable Conduct claim is **DISMISSED WITH PREJUDICE;**
- Plaintiffs' Practicing Medicine Without a License is **DISMISSED WITH PREJUDICE**
- Plaintiffs claim for Fraudulent Misrepresentation is **DISMISSED WITH PREJUDICE**
- Plaintiffs' Infringement of the Constitutional Right to Travel claim is **DISMISSED WITH PREJUDICE.**

Should any amended complaint be necessary, Plaintiffs are hereby **ORDERED** to file their amended complaint **no later than June 29, 2024**. Any amended complaint **SHALL ONLY** address the deficiencies identified herein. Plaintiffs are further instructed to include as an exhibit a redlined version of the amended complaint reflecting all changes made.

**IT IS SO ORDERED.**

DATED: June 12, 2024

_____
SUNSHINE S. SYKES
United States District Judge