UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:22-cv-02383-SSS-ASx | Date | June 14, 2024 |
|---|---|---|---|
| Title | Uri Marcus, et al. v. Centers for Disease Control and Prevention, et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMINDING MEDAIRE'S COUNSEL OF THE REQUIREMENTS FOR EX PARTE COMMUNICATIONS WITH THE COURT**

On June 13, 2024, the Court ruled on MedAire's motion to dismiss. [Dkt. 240]. In response to the Court's ruling, the Court received the following email from Michael Cutler, MedAire's counsel:

"Dear Madam Clerk,

We are the counsel for MedAire (as well as Stat-MD, and the Airlines Defendants) in the above-referenced matter. We are in receipt of the Court's ruling as to MedAire of today, granting MedAire's motion to dismiss Plaintiffs' FAC for lack of personal jurisdiction, *with leave to amend.* (ECF 240). We write to alert the Court to what appears to be an error in connection with that ruling. By way of background, this is the second time the Court grants MedAire's motion to dismiss the complaint for lack of personal jurisdiction. (see Order granting MTD re original complaint, ECF 177, at pp. 12-13). We note that Stat-MD is a similarly situated defendant that filed almost identical motions as MedAire, however, today's ruling in Stat-MD's favor is *with prejudice/without leave to amend*, on the grounds that an amendment would be futile as this is the second time the Court

rules against Plaintiffs on the issue of personal jurisdiction. (ECF 241). We believe that the same rationale should apply to MedAire, resulting in a dismissal with prejudice, as this is the second time the Court rules in MedAire's favor on the same issue and there is no indication that Plaintiffs can amend their complaint further to establish personal jurisdiction. We are hoping that the Court may correct this oversight sue sponte, so that we can avoid filing a motion for reconsideration that would waste the Court's and the parties' resources. We would appreciate any guidance that you can provide on this issue. Thank you in advance.

Respectfully,

Michael Cutler, Esq. | Senior Counsel"

MedAire's counsel did not include Plaintiffs in the email chain, nor did MedAire's counsel indicate the Parties stipulated to this communication. As such, the above email is an improper *ex parte* communication. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 490 (C.D. Cal. 1995). MedAire's counsel is reminded that *ex parte* communications are "rarely justified" and pose immense dangers to the fairness of the adjudicative process because they deprive opposing parties of an opportunity to respond. *Id*. at 490. MedAire's counsel is further admonished that to bring a proper *ex parte* request, MedAire must demonstrate its case would be (1) "irreparably prejudiced" if the motion is heard in accordance with the regular briefing schedule, and (2) that MedAire was not at fault in creating the crisis that necessitated the *ex parte* relief. *Id*. at 492. The above communication meets neither requirement.

In sum, MedAire's counsel improperly contacted the Court. Any subsequent communication between the Court and the Parties should be done via the regularly noticed motion process or properly explain the *ex parte* basis for the communication.

**IT IS SO ORDERED.**