1  Richard A. Lazenby (State Bar No. 202105)
   Email: rlazenby@victorrane.com
2  Michael Cutler (State Bar No. 298875)
   Email: mcutler@victorrane.com
3  VICTOR RANE
   9350 Wilshire Blvd., Suite 308
4  Beverly Hills, California 90212
   Telephone: (310) 388-4849
5  Facsimile: (310) 388-4869

6  Barry S. Alexander (*pro hac vice*)
   Email: balexander@victorrane.com
7  14 Wall Street, 20th Floor
   New York, NY 10005
8  Telephone: (646) 585-4322

9  Brittany C. Wakim (*pro hac vice*)
   Email: bwakim@victorrane.com
10 1650 Market Street, Suite 3600
   Philadelphia, PA 19103
11 Telephone: (267) 297-3356

12 Attorneys for Defendant
   MEDAIRE, INC.

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15

16 URI MARCUS, YVONNE MARCUS,        ) Case No.: 2:22-cv-02383-SSS-AS
   AVROHOM GORDON, DEVORAH           )
17 GORDON & CINDY RUSSO,             ) **DEFENDANT MEDAIRE, INC.'S**
                                     ) **MEMORANDUM OF LAW IN**
18               Plaintiffs,         ) **SUPPORT OF MOTION FOR**
                                     ) **RECONSIDERATION**
19         vs.                       )
                                     ) Hearing Date:  July 26, 2024
20 CENTERS FOR DISEASE CONTROL       ) Time:          2:00 PM
   & PREVENTION, DEPARTMENT OF       ) Courtroom:     2
21 HEALTH & HUMAN SERVICES,          ) Judge:         The Hon.
   TRANSPORTATION SECURITY           )                Sunshine S. Sykes
22 ADMINISTRATION, JULIE             )
   CARRIGAN, ALASKA AIRLINES,        )
23 ALLEGIANT AIR, AMERICAN           )
   AIRLINES, DELTA AIR LINES,        )
24 FRONTIER AIRLINES, HAWAIIAN       )
   AIRLINES, SOUTHWEST AIRLINES,     )
25 UNITED AIRLINES, YETTO-BE-        )
   NAMED EMPLOYEES OF THE 8          )
26 AIRLINES, STAT-MD, & MEDAIRE,     )
                                     )
27               Defendants.         )
                                     )
28

# INTRODUCTION

MedAire, Inc. ("MedAire") respectfully seeks reconsideration pursuant to Federal Rule of Civil Procedure 60 of the Court's June 12, 2024, Order Granting its Motion to Dismiss Plaintiffs' First Amended Complaint **without prejudice** for lack of personal jurisdiction (Dkt. 240). The Court issued several Orders on June 12, 2024, with one of the others dismissing Plaintiffs' claims against Co-Defendant STAT-MD **with prejudice** also on personal jurisdiction grounds. *See* Dkt. 241. In Ordering that the dismissal of STAT-MD was with prejudice, the Court noted: "as this is Plaintiffs' second failed attempt at alleging facts sufficient to establish personal jurisdiction, the Court finds further amendment would be futile." *Id.* at p. 9.

As with STAT-MD, the Court previously dismissed the claims against MedAire in the original Complaint for lack of personal jurisdiction, and now has dismissed the claims against MedAire in the Amended Complaint on that same basis. *See* Dkt. 177; 240. Unlike STAT-MD, however, the Court did not dismiss the claims against MedAire with prejudice despite the lack of any substantive difference in the underlying facts and procedural posture. As the Court found with regard to STAT-MD, further amendment by Plaintiffs would be futile as "this is Plaintiffs' second failed attempt at alleging facts sufficient to establish personal jurisdiction" over MedAire.

MedAire believes that the Court's dismissal of MedAire **without prejudice** was an oversight in light of the decision to dismiss the claims against STAT-MD with prejudice under the same circumstances. Accordingly, MedAire respectfully requests that the Court reconsider its decision as to MedAire and grant MedAire's motion to dismiss **with prejudice** in line with its decision as to STAT-MD.

/ /

/ /

/ /

# BACKGROUND

On April 8, 2022, the Plaintiffs *pro se* filed a Complaint challenging the enforcement of the Federal Transportation Mask Mandate and the International Traveler Testing Requirement against various federal agencies, federal agents, airlines, and corporations based upon their compliance with the mandates. *See* Dkt. 1. The Complaint asserted virtually identical claims against MedAire and STAT-MD based on their contracts with various airlines to perform services. *See id.*

On June 14, 2022, MedAire filed a Motion to Dismiss Plaintiffs' claims for lack of personal jurisdiction and pursuant to Federal Rules of Civil Procedure 12(b)(6) for the failure to state a claim. *See* Dkt. 92. MedAire argued Plaintiffs' claims should be dismissed for a lack of general personal jurisdiction and specific jurisdiction as MedAire did not have any connection to the events giving rise to the lawsuit and there were no allegations that MedAire interacted with any of the Plaintiffs. *See id.* Co-Defendant STAT-MD filed a virtually identical Motion to Dismiss. *See* Dkt. 95. The Court dismissed Plaintiffs' claims against MedAire for lack of personal jurisdiction on February 21, 2023, with leave to file an amended complaint.[1] Dkt. 177, p. 12-13 (expressly noting that "Like STAT-MD, MedAire's role in Plaintiffs' complaint is limited."). In the same Order, the Court also dismissed Plaintiffs' claims against STAT-MD for lack of personal jurisdiction. *See id*, p. 10-12.

On October 10, 2023, Plaintiffs filed their First Amended Complaint. *See* Dkt. 190. Plaintiffs added hundreds of additional paragraphs and additional claims but still failed to cure the jurisdictional issues with regard to MedAire (and STAT-MD). *See id.* In response, MedAire for the second time filed a Motion to Dismiss the operative complaint for lack of personal jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim. *See* Dkt. 196. STAT-MD filed a motion to dismiss with virtually identical arguments. *See* Dkt. 198.

---

[1] The Court did not address MedAire's other arguments.

On June 12, 2024, the Court issued its Orders granting MedAire and STAT-MD's motions to dismiss. *See* Dkt. 240. The Court held that Plaintiffs' First Amended Complaint "fails to provide a short and plain statement as to why the Court possesses personal jurisdiction over MedAire" and "Plaintiffs fail to direct this Court to any specific facts in the FAC that would give rise to personal jurisdiction over MedAire." *See* Dkt. 240, p. 19. The Court then dismissed **without prejudice** Plaintiffs' First Amended Complaint for failure to establish personal jurisdiction and noted that "any subsequent amended complaint shall provide a clear statement as to why the Court possesses personal jurisdiction over MedAire." *Id.* The Court similarly held Plaintiffs' First Amended Complaint failed to establish personal jurisdiction over co-defendant STAT-MD. *See* Dkt. 241. With regard to STAT-MD, however, the Court added, "[m]oreover, as this is Plaintiffs' second failed attempt at alleging facts sufficient to establish personal jurisdiction, the Court finds further amendment would be futile. Thus, the Court **DISMISSES** the FAC **WITH PREJUDICE** as to STAT MD." *id.* at p. 9.

MedAire respectfully asserts that because the Amended Complaint represented Plaintiffs' second failed attempt at alleging facts sufficient to establish personal jurisdiction as to MedAire, the Court similarly should have granted MedAire's motion to dismiss with prejudice. *Compare* Dkt. 240 (with leave to amend as to MedAire), and Dkt. 241 (with prejudice as to STAT-MD). MedAire should not have to incur the expense of another round of motion practice when there is absolutely no allegation in either the original Complaint or Amended Complaint that MedAire actually interacted with any Plaintiff, let alone an action sufficient to establish personal jurisdiction.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 – Relief from a Judgment or Order – provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of

the record. The court may do so on its own, with or without notice." Fed. R. Civ. P. 60(a). Federal Rule 60 "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Tattersalls, Ltd. v. Dehaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (citations omitted). "In deciding motions under Rule 60(a), the court's original intent is the controlling factor." *Williams v. Yamaha Motor. Corp.*, 2014 U.S. Dist. LEXIS 129769, *4 (C.D. Cal. Nov. 26, 2014) (citations omitted). "Where correction is necessary for enforcement of an order, 'Rule 60(a) allows for clarification and explanation . . . even in the absence of ambiguity.'" *Id.* (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)). "Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Garamendi*, 683 F.3d at 1079 (citations omitted).

## ARGUMENT

**A.  Plaintiffs' claims against MedAire should be dismissed with prejudice as any amendment would be as futile as those recognized by the Court regarding co-defendant STAT-MD.**

As previously explained, the Court correctly dismissed Plaintiffs' claims against STAT-MD with prejudice because Plaintiffs failed to set forth allegations sufficient to establish personal jurisdiction over it in either the original Complaint or Amended Complaint. The facts and procedural posture are substantively identical with regard to MedAire. As there is nothing in either opinion that would explain the disparate treatment of MedAire and STAT-MD, MedAire respectfully avers that the dismissal without prejudice was an oversight and this motion for reconsideration should be granted.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RECONSIDERATION
CASE NO.: 2:22-CV-02383-SSS-AS

4

## CONCLUSION

In light of the foregoing, MedAire respectfully requests that its Motion for Reconsideration be granted in all respects and Plaintiffs' First Amended Complaint be dismissed as to MedAire with prejudice.

Dated: June 24, 2024                    Respectfully submitted,

By: /s/ Barry S. Alexander
Barry S. Alexander, *pro hac vice*
Brittany C. Wakim, *pro hac vice*
VICTOR RANE
-and-

/s/ Michael Cutler
Richard A. Lazenby
Michael Cutler
VICTOR RANE

*Attorneys for Defendant*
MEDAIRE, INC.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION
CASE NO.: 2:22-CV-02383-SSS-AS

5

## Certificate of Compliance

The undersigned, counsel of record for MedAire, Inc., certifies that this brief contains 1244 words, which complies with the word limit of Local Rule 11-6.1.

This motion is made following email correspondence from MedAire to all parties on June 18, 2024, and June 20, 2024, setting forth MedAire's intention to file this motion and the basis for it, and requesting that Plaintiffs advise when they would be available to meet and confer regarding the motion. Plaintiffs did not respond to the email correspondence and, as such, the parties were unable to come to an agreement on dismissal of MedAire from this lawsuit with prejudice.

Date: June 24, 2024

_____
Barry S. Alexander

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

MEDAIRE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION
CASE NO.: 2:22-CV-02383-SSS-AS

6